# AGNIFILO
# INTRATER

October 15, 2024

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write on behalf of our client, Mr. Sean Combs, pursuant to Federal Rule of Criminal Procedure 7(f), to request that the Court direct the government to identify its alleged victims so that Mr. Combs can prepare for trial and to allow defense counsel to ensure compliance with Local Rule 23.1.[1]

I.    **Background**

This case is unique, in part because of the number of individuals levying allegations against Mr. Combs due to his celebrity status, wealth, and the publicity of his previously settled lawsuit and the grand jury leaks and false inflammatory statements by the DHS agents, as outlined in our previous motion. *See* ECF Nos. 30-32. This has had a pervasive ripple effect, resulting in a torrent of allegations by unidentified complainants, spanning from the false to outright absurd. Yesterday alone, anonymous accusers filed an additional six lawsuits.[2] Counsel for these accusers recently convened a press conference (prior to filing) at which he claimed to represent 120 accusers making outrageous and deeply prejudicial allegations, including violent sexual assault and sexual abuse of minors.[3] This publicity stunt, broadcast on Instagram, included a "1-800" number that reportedly received 12,000 calls in the first 24 hours.[4] These accusations came on the heels of more than a

---

[1] We respectfully move for a bill of particulars under Rule 7(f) without prejudice to our ability to make additional motions for a bill of particulars with respect to other deficiencies in the Indictment.

[2] *Jane Doe v. Combs, et al.*, 24-cv-7769 (S.D.N.Y.) (filed October 14, 2024); *John Doe v. Combs*, 24-cv-7772 (S.D.N.Y.) (filed October 14, 2024); *John Doe v. Combs, et al.*, 24-cv-7774 (S.D.N.Y.) (filed October 14, 2024); *John Doe v. Combs, et al.*, 24-cv-7776 (S.D.N.Y.) (filed October 14, 2024); *Jane Doe v. Combs, et al.*, 24-cv-7777 (S.D.N.Y.) (filed October 14, 2024). These allegations were all brought on behalf of unidentified plaintiffs, whose allegations date back to the mid-90s.

[3] *See, e.g.*, Chloe Melas & Antonio Planas, *Sean 'Diddy' Combs hit with a wave of 120 new sexual assault allegations*, NBC News (Oct. 1, 2024), https://www.nbcnews.com/news/crime-courts/sean-diddy-combs-hit-wave-120-new-sexual-assault-allegations-rcna173474.

[4] Emily Crane, *Sean 'Diddy' Combs hotline gets staggering 12K calls in just 24 hours, lawyer claims*, N.Y. Post (Oct. 4, 2024), https://nypost.com/2024/10/04/entertainment/diddy-combs-hotline-gets-12k-calls-in-one-day-lawyer-claims/.

dozen lawsuits previously filed and currently pending, several of which have already been discredited but only after irreparably damaging Mr. Combs' character and reputation.[5] These swirling allegations have created a hysterical media circus that, if left unchecked, will irreparably deprive Mr. Combs of a fair trial, if they haven't already.

In light of the number and anonymity of accusers, on October 7, 2024, Mr. Combs asked the government to identify its alleged victims. *See* Exh. 1. Counsel has conferred with the government, who opposes disclosure of alleged victims' names at this stage.

### II.   The Court Should Require the Government to Identify its Alleged Victims

Bills of particulars are appropriate to permit a defendant "to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (quoting *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987)). These principles are applied with particular care when the government charges RICO, as it has here. *See id*. As the Second Circuit explained: "With the wide latitude accorded the prosecution to frame a charge that a defendant has 'conspired' to promote the affairs of an 'enterprise' through a 'pattern of racketeering activity' comes an obligation to particularize the nature of the charge to a degree that might not be necessary in the prosecution of crimes of more limited scope." *Id.* With these principles in mind, the Circuit held in *Davidoff* that, where the government failed to identify the victims of uncharged schemes that it intended to include at trial, the district court committed reversible error by failing to grant a bill of particulars. *See id.*

Here, the Indictment broadly alleges that, "[f]or decades," Mr. Combs "abused, threatened, and coerced" undisclosed and unidentified "women and others around him to fulfill his sexual desires," ECF No. 2 ¶ 1, and that he engaged in a "persistent and pervasive pattern of abuse toward women and other individuals," including "verbal, emotional, physical, and sexual" abuse, and "manipulat[ing] women" to participate in sexual activity. *Id.* ¶ 3. This could be interpreted as

---

[5] Several of these claims have already been discredited. For example, the attorneys for one plaintiff recently filed a Motion to Withdraw as Counsel of Record, citing, among other things, the plaintiff's "questionable antics" and "a fundamental disagreement" with plaintiff "regarding almost every aspect of the litigation." Mem. of Law in Support of Mot. to Withdraw as Counsel of Record at 6-7, *English v. Combs et al.*, No. 24-cv-05090-AT (S.D.N.Y. Oct. 2, 2024). Shortly after the filing of a different civil action, *Graves v. Combs et al.*, No. 24-cv-07201 (S.D.N.Y. Sept. 24, 2024), the accuser's ex-boyfriend came forward with reports that the accuser had tried bribe him $3 million to corroborate her allegations and had told him she was suing Mr. Combs "Because he's the one that has the money." Marc Griffin, *Diddy Accuser's Ex-Boyfriend Claims He was Bribed to Corroborate Her Story* (Oct. 9, 2024), https://www.vibe.com/news/entertainment/diddy-accuser-ex-boyfriend-bribed-thalia-graves-1234930949/.
Additionally, the attorney representing plaintiffs in four separate suits against Mr. Combs was recently referred to this Court's Grievance Committee for engaging in a "pattern" of "improperly fil[ing] cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly." *Zunzurovski v. Fisher*, No. 23 Civ. 10881, 2024 WL 1434076, at *5 (S.D.N.Y. Apr. 3, 2024).

treating Mr. Combs' entire sexual history over the past sixteen years as part of the alleged criminal conspiracy.

The government should be required to identify its alleged victims for several reasons.

*First*, without clarity from the government, Mr. Combs has no way of knowing which allegations the government is relying on for purposes of the Indictment. Other than Victim-1, there is no way for Mr. Combs to determine who the other unidentified alleged victims are. The number of potential alleged victims and the length of time alleged in the Indictment both weigh in favor of a bill of particulars. *See United States v. Nachamie*, 91 F. Supp. 2d 565, 572 (S.D.N.Y. 2000) (ordering bill of particulars for names of unindicted co-conspirators where there was "a large number of co-conspirators (eight defendants and an unknown number of unindicted co-conspirators) and the alleged conspiracy has operated for a significant period of time (more than three years)."). Moreover, to the extent Mr. Combs is forced to mount a defense against criminal allegations that the government does *not* seek to prove at trial, he is entitled to know that. *See Bortnovsky*, 820 F.2d at 574 (explaining that, where government failed to identify which alleged claims were deemed fake, defendants were "hindered in preparing their defense" and forced to defend all claims, even those that the government were "uncertain were fake"). Absent a bill of particulars, the government is forcing him, unfairly, to play a guessing a game—one made all the more challenging by the onslaught of baseless allegations that desperate plaintiffs are lodging at him (for the most part anonymously) in civil suits designed to exact a payoff from Mr. Combs and others.

*Second*, given the anticipated amount of discovery and the expected time required for its production, Mr. Combs will be unable to adduce the identities of the purported victims from the discovery without the assistance of the government. Mr. Combs also anticipates that the discovery will contain voluminous evidence of *consensual* sexual activity – making it all the more difficult for Mr. Combs to ascertain which of his prior sexual partners now claim, years later, that they felt coerced. Even if it were possible to ascertain the victims' identity from the discovery, and especially given the volume of anticipated discovery, it is unfair to require Mr. Combs to spend significant time trying to unearth the alleged victims' identities. *See Bortnovsky*, 820 F.2d at 575 ("The Government d[oes] not fulfill its obligation merely by providing mountains of documents to defense counsel[,] who [a]re left unguided as to which documents [the Government will use at trial].").

*Third*, the publicity of these allegations in civil suits seriously undermine Mr. Combs' right to a fair trial. The attorneys and plaintiffs making these allegations are not bound by Local Rule 23.1 and can therefore make (and have made) limitless and unchallenged statements to the press. Mr. Combs' denials, on the other hand, are constrained by Rule 23.1 because he does not know which allegations are credited by the government and thus come within the ambit of the Local Rule. Under the circumstances, the Court should require disclosure of the government's alleged victims and allow Mr. Combs to respond to allegations of other, uncredited and unrelated accusers. *See United States v. Ming He*, 94 F.3d 782, 792 (2d Cir. 1996) (court can use its supervisory authority to assure that "fair standards of procedure are maintained").

# AGNIFILO
# INTRATER

---

We appreciate the Court's consideration.

Dated: October 15, 2024

Respectfully submitted,

_____
Marc Agnifilo
Teny Geragos
Agnifilo Intrater LLP
445 Park Ave., 77th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
(212) 791-3940
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

cc: All counsel (by ECF)