# EXHIBIT 1

# AGNIFILO
# INTRATER

October 7, 2024

<u>VIA EMAIL</u>
AUSAs Johnson, Slavik, Smyser, Steiner, and Foster
United States Attorney's Office
Southern District of New York
26 Federal Plaza
New York, New York 10278

     Re:    <u>United States v. Combs</u>, 24-cr-542 (AS)

Dear AUSAs Johnson, Slavik, Smyser, Steiner, and Foster:

We write on behalf of our client, Mr. Sean Combs, regarding serious threats to his rights to due process and a fair trial.

### 1. The Government Must Identify Who – Out of the Many Pretend Victims – It Considers An Alleged Victim for Purposes of the Indictment

The Indictment treats Mr. Combs' sexual history over the past sixteen years, from 2008 through 2024, as part of an alleged vast criminal conspiracy. The government has claimed that there are "multiple" victims, yet has not identified any. *See* ECF No. 15 at 3. Other than Victim-1, there is no way for Mr. Combs to determine who these other unidentified alleged victims are. Nor do we anticipate being able to ascertain the identity of the alleged victims from the discovery, which we understand will reflect videos of unambiguously consensual sex. As a result, Mr. Combs will be unable to tell which of his prior sexual partners now claim, years later, that they felt coerced. The government is thus forcing him, unfairly, to play a guessing a game—one made all the more challenging by the slew of baseless allegations that desperate plaintiffs are lodging at him (for the most part anonymously) in opportunistic civil suits.

To enable Mr. Combs to prepare for trial consistent with due process, the government must provide greater particularity on the charges against him—specifically, the identity of the alleged victims. *See* Fed. R. Crim. P. 7(f). In order for Mr. Combs to defend against the charges against him effectively, it is imperative that he know the identity of the alleged victims. *See United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (explaining that, even in a RICO case, "the trial judge exceeded his discretion . . . by denying a bill of particulars identifying at least the victims of discrete . . . schemes that the prosecution intended to prove"). Accordingly, we demand that the government provide the names of all individuals it considers to be victims of Mr. Combs' alleged criminal conduct.

# AGNIFILO
# INTRATER

---

2. **The Government Must Immediately Produce the Substantial Amount of Exculpatory Material in its Possession**

We also demand materials and information pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 105 (1972), and its progeny, the Fifth and Sixth Amendments to the United States Constitution, U.S. Attorney Manual § 9-5.001, and the rules and orders promulgated by the Court pursuant to Federal Rule of Criminal Procedure 5(f), ECF No. 14.

We demand that you immediately turn over all exculpatory material in your possession, including but not limited to the following:

a. All information indicating that participation in the "Freak Offs" was consensual, including evidence and statements from alleged victims and other participants that (1) all participants were adults capable of deciding whether or not to participate; (2) to the extent any participants consumed drugs or alcohol, they did so voluntarily; (3) at no point did any participant express any unwillingness to participate; (4) to the extent any participant expressed unwillingness, they were not forced to participate.

b. All information showing that the alleged victims and witnesses are lying, exaggerating, or are otherwise unreliable, including all information relating to the alleged victims' financial, reputational, personal, or professional motivations to claim abuse.

c. All information showing that, prior to the alleged victims' motivation to lie, they were not afraid of Mr. Combs, and never reported, whether formally or informally, any instances of coercion, force, or abuse.

d. All information showing that, to the extent there were any disputes between Mr. Combs and any alleged victims, those were disputes related to infidelity or other interpersonal matters, and not related to alleged force or coercion to participate in a sexual activity.

e. All information relating to the government's unsuccessful attempts to find corroborating information from local law enforcement, 911 records, hospital records, or any other contemporaneous reporting.

f. All information relating to the government's failure to fully investigate alleged victims, including failures to obtain the alleged victims' phone records, email records, travel records, arrest records, medical records, drug abuse and rehabilitation records, draft memoirs, financial records, and attempts to commit extortion.

g. All information relating to the government's failure to fully investigate the alleged victims' agency and freedom during the alleged periods of coercion and abuse, including failures to investigate the alleged victims' financial records, transportation records, employment records, and housing records.

# AGNIFILO
# INTRATER

---

h. All information regarding individuals who have claimed to be victims, but who have *not* been credited or corroborated by the government. Indeed, many of Mr. Combs' accusers have already been discredited.[1]

i. All information relating to the leak of the hotel footage by law enforcement, including communications by and among government agents about the leak, internal investigations relating to the leak, and the identity of the HSI agent or agents who were responsible for the leak.

j. All information suggesting that the decision to prosecute Mr. Combs was racially motivated, including information relating to the government's previous, unsuccessful attempts to investigate and prosecute Mr. Combs, and information relating to the government's decision to charge Mr. Combs with a racially-motivated and -discriminatory statute.

k. Any information inconsistent with the facts asserted in the affidavits filed in connection with search warrants in this case, including, ████████████████████ ████████████████████████████████████████████

We expect that your witness statements contain such material. If any such statements contain any *Brady* material, they must be immediately produced notwithstanding the fact that they may be otherwise governed by 18 U.S.C. § 3500. *See United States v. Vilar*, No. 05 VR.621(RJS), 2008 WL 2531195, at *1 (S.D.N.Y. June 22, 2008) ("[I]t is well settled that Section 3500's bar on early disclosure of witness statements must give way to the constitutional disclosure obligations set forth in *Brady* and its progeny."). This request also specifically includes notes of conversations and meetings with counsel for alleged victims and witnesses.

We further request that you direct others acting on your behalf – including your agents, witnesses, and alleged victims – to turn over this information that is in their possession. The government cannot avoid its *Brady* obligations by sticking its head in the sand. *See Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995) (government has a duty to learn of any favorable evidence "known to others acting in the government's behalf").

---

[1] For example, the attorneys for one plaintiff recently filed a Motion to Withdraw as Counsel of Record, citing, among other things, "a fundamental disagreement" with plaintiff "regarding almost every aspect of the litigation." Mem. of Law in Support of Mot. to Withdraw as Counsel of Record at 6-7, *English v. Combs et al.*, No. 24-cv-05090-AT (S.D.N.Y. Oct. 2, 2024). Additionally, counsel for plaintiffs in four separate suits against Mr. Combs, Tyrone Blackburn, was recently referred to this Court's Grievance Committee for engaging in a "pattern" of "improperly fil[ing] cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly." *Zunzurovski v. Fisher*, No. 23 Civ. 10881, 2024 WL 1434076, at *5 (S.D.N.Y. Apr. 3, 2024).

# AGNIFILO
# INTRATER

---

The government cannot meet its ethical obligations by simply producing massive amounts of electronic evidence without specifically pointing out exculpatory material. Given the volume of discovery produced in this case – which apparently amounts to four terabytes of data – and the breadth of the investigation, the government is obligated to specifically identify *Brady* material among the discovery it plans to produce. *See, e.g.*, *United States v. Thomas*, 981 F. Supp. 2d 229, 239 (S.D.N.Y. 2013) ("[T]he Government cannot hide *Brady* material as an exculpatory needle in a haystack of discovery materials.").

3.  **The Government Should Direct Its Alleged Victims, Witnesses, and Prospective Victims and Witnesses to Refrain from Speaking to the Press**

As you are aware, Mr. Combs' right to a fair and impartial jury is becoming increasingly jeopardized every day. His case is being litigated in the press, largely by nameless accusers with uncorroborated stories, who seek to capitalize on the government's allegations and are looking for a quick payday. Because Mr. Combs has no idea who the government is crediting as an alleged victim for purposes of the criminal case, Local Rule 23.1 prevents him from defending himself against *any* of these allegations, no matter how untrue.

The government has an obligation to ensure that Mr. Combs receives a fair trial. This obligation should, at a minimum, require the government to direct its agents, alleged victims, and witnesses to refrain from speaking with the press. *See* Local Rule 23.1. This is particularly warranted given the number of government leaks to date. It is also warranted in light of the alleged victims' deeply prejudicial allegations, to which Mr. Combs cannot respond, and which taint the jury pool. The most recent allegations concerning abuse of minors is particularly troubling and have the potential to irreversibly poison the jury pool. Under the circumstances, the government cannot sit by and let such public disseminations interfere with Mr. Combs' right to a fair trial.

Thank you for your cooperation. If the government declines to specifically identify and provide any of the information requested, or refuses to so advise its alleged victims and witnesses, please advise us of the government's objection so that we may promptly bring any such dispute to the Court's attention.

Sincerely,

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 77th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com