# AGNIFILO INTRATER

---

October 20, 2024

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We write on behalf of our client, Sean Combs, pursuant to Local Rule 23.1 and the Fifth and Sixth Amendments, to request an order prohibiting further extrajudicial statements from prospective witnesses and their lawyers that substantially interfere with Mr. Combs's right to a fair trial.

      Mr. Combs has a constitutional right to a fair trial, free from the influence of prejudicial statements in the press. *See Sheppard v. Maxwell*, 384 U.S. 333 (1966) (holding that court's failure to alleviate issues of trial publicity "by imposing control over the statements made to the news media by counsel, witnesses, and especially the . . . police officers" denied defendant his Sixth Amendment right to a fair trial); *see also Bridges v. California*, 314 U.S. 252, 271 (1941) ("Legal trials are not like elections, to be won through the use of the meeting-hall, the radio, and the newspaper."); *Patterson v. Colorado*, 205 U.S. 454, 462 (1907) ("The theory of our system is that the conclusions to be reached in a case will be induced only by evidence and argument in open court, and not by any outside influence, whether of private talk or public print."); *United States v. Brown*, 218 F.3d 415, 424 (5th Cir. 2000) ("There can be no question that a criminal defendant's right to a fair trial may not be compromised by commentary, from any lawyer or party, offered up for media consumption on the courthouse steps.").

      To protect a defendant's constitutional rights, courts have an "independent obligation to 'avoid the creation of a 'carnival atmosphere' in high-profile cases.'" *United States v. Smith*, 985 F. Supp. 2d 506, 540 (S.D.N.Y. 2013) (quoting *Brown*, 218 F.3d at 429). In *In re Dow Jones & Company*, the Second Circuit held that a gag order on trial participants is justified if a district court finds that "pretrial publicity . . . posed such a threat to defendants' Sixth Amendment rights as to justify the . . . restraining order," and that no "other available remedies would effectively mitigate [any] prejudicial publicity." 842 F.2d 603, 610-11 (2d Cir. 1988). In high-profile cases, there is a particularly high risk of prejudice. *See Smith*, 985 F. Supp. 2d at 541 ("[T]he risk of prejudice to the fair administration of justice from a public-relations battle is heightened in high-profile cases."); *United States v. Bulger*, No. 99–CR–10371, 2013 WL 3338749, at *6 (D. Mass. July 1, 2013) ("Courts have found that heightened media scrutiny supports the conclusion that attorneys and parties should not make extrajudicial statements."). And in cases that received far less press attention than this one, courts exercised their discretion to impose gag orders on participants. *See, e.g.*, *In re Dow Jones*, 842 F.2d at 603 (upholding gag order retraining extrajudicial speech by trial

participants in public corruption case); *Brown*, 218 F.3d at 431 (affirming gag order on parties, lawyers, and potential witnesses, preventing them from making "any extrajudicial statement or interview" and otherwise interfering with the trial in prosecution of state politician).

In addition, Local Rule 23.1 independently applies to lawyers for witnesses in the government's investigation. *See* Local Rule 23.1(b) ("With respect to a grand jury or other pending investigation of any criminal matter, a lawyer participating in or associated with the investigation (including government lawyers and lawyers for targets, subjects, *and witnesses in the investigation*) shall refrain from making any extrajudicial statement . . ." (emphasis added)).[1] Presumptively prejudicial statements include statements relating to "the character or reputation of the accused," the "credibility of prospective witnesses," "[i]nformation the lawyer or law firm knows is likely to be inadmissible at trial and would if disclosed create a substantial likelihood of prejudicing an impartial trial," and "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case." *Id.* at 23.1(e). Local Rule 23.1 also empowers this Court to "issue a special order governing such matters as extrajudicial statements by parties *and witnesses* likely to interfere with the rights of the accused to a fair trial by an impartial jury," if there are no other remedies available. *Id.* at 23.1(h) (emphasis added).

As the Court is aware, Mr. Combs has been the target of an unending stream of allegations by prospective witnesses and their counsel in the press. *See* ECF No. 36 (moving for an order directing the government to identify its alleged victims to the defense).[2] These prospective witnesses and their lawyers have made numerous inflammatory extrajudicial statements aimed at assassinating Mr. Combs's character in the press. *See, e.g.*, Gil Kaufman, *Diddy's Accusers Speak Out for First Time in Wake of Sexual Misconduct Allegations: 'This Guy Got No Soul'*, Billboard (May 29, 2024), https://www.billboard.com/music/music-news/diddy-accusers-speak-out-after-sex-abuse-lawsuits-1235694956/ (reporting on accusers calling Mr. Combs "sick" and a "monster" with "no soul," and his behavior "disgusting"); *Diddy Indictment Imminent, Alleged Sex Trafficking Victim's Attorney Claims*, TMZ (July 10, 2024), https://www.tmz.com/watch/2024-07-10-071024-ariel-mitchell-kidd-1860892-540/ (lawyer for accuser stating Mr. Combs is "not remorseful for any of his actions" and "thinks he's invincible"); Bruce Haring, *Sean 'Diddy' Combs Apologizes for Hotel Attack On Girlfriend*, Deadline (May 19, 2024), https://deadline.com/2024/05/sean-diddy-combs-apologizes-hotel-attack-1235923316/ (lawyer for Victim 1 commenting on the "disturbing and predatory behavior of Mr. Combs"); Mark Elibert, *[Victim 1's] Lawyer Releases Statement On Diddy's 'Pathetic' Apology: 'No One Will Be Swayed by His Disingenuous Words'*, Complex (May 19, 2024)

---

[1] In this regard, the Local Rule resembles the New York Rule of Professional Conduct 3.6, which prohibits prejudicial extrajudicial statements by "[a] lawyer who is participating in or has participated in a criminal . . . matter." N.Y. R. of Prof. Conduct 3.6. The Rules of Professional Conduct, however, have a provision that allows a lawyer to make a statement reasonably required to "protect a client from the substantial prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client." *Id*. at 3.6(d). The Local Rules do not have such an exception.

[2] Unless and until the government identifies its prospective witnesses and victims, Mr. Combs has no choice but to assume that each accuser – no matter how frivolous or outlandish their allegations – is a prospective witness. *See* Gov't Letter (Oct. 18, 2024), ECF 37 (refusing to identify victims and explaining that it should not even be required to respond to the request until after the close of discovery – months from now).

https://www.complex.com/music/a/markelibert/cassie-lawyer-releases-statement-diddy-apology (lawyer for Victim 1 commenting on his "pathetic desperation," and "disingenuous words").

Witnesses' lawyers have also vouched for the credibility and character of their clients and opined on the potential evidence. *See, e.g.*, *[Victim 1's] Attorney Outraged at River Rafting, Jet Photos; Lawyer sends Ominous Message!!!*, TMZ (July 9, 2024), https://www.tmz.com/2024/07/09/diddy-ex-cassie-ventura-river-rafting-private-jet-photos-lawyer/ (lawyer describing accusers as "individuals with limited resources fighting for justice after being marginalized, abused and exploited by a billionaire"; commenting on "all the atrocities he has caused and has been accused of by countless individuals over decades"); Taijuan Moorman, *Adult Survivors Act: Why so many sexual assault lawsuits have been filed under New York law*, USA Today (Nov. 24, 2023), https://www.usatoday.com/story/entertainment/celebrities/2023/11/24/adult-survivors-act-diddy-jamie-foxx-sexual-assault-new-york/71693294007/ (lawyer for Victim 1 asserting that she "has evidence and support and a story that resonates as being truthful, that the public is very receptive to holding people accountable for these heinous acts"); Michelle Homer, *Tony Buzbee says 25 of the 120 men and women he's representing in 'Diddy' lawsuits were minors when they were allegedly assaulted*, KHOU (Oct. 1, 2024), https://www.khou.com/article/news/local/tony-buzbee-sean-diddy-combs-sexual-assault-120-men-women-lawsuits/285-6faa9a76-276b-4d3a-aa17-5400e8dc0263 (lawyers claiming to have vetted each claim with former law enforcement officers and possess corroborating evidence); Nancy Dillon, *Sean Combs Accused of Sexually Abusing 120 People, Including 25 Minors*, Rolling Stone (Oct. 1, 2024), https://www.rollingstone.com/music/music-news/sean-diddy-combs-sexual-abuse-minors-buzbee-1235120511/ (lawyer for accusers stating "[e]ach individual story is gut-wrenching and heartbreaking," and "can only be described as debauchery and depravity, exacted by powerful people against minors and the weak"); *Diddy accuser's lawyer: Combs used oil, knife*, NewsNation (Oct. 7, 2024), https://www.newsnationnow.com/banfield/diddy-accusers-lawyer-combs-used-oil-knife/ (accuser's lawyer describing "deplorable way [her] client was victimized" and her "harrowing escape" from "gruesome attack"); Michelle Fisher, *Exclusive: Attorney Gloria Allred shares new details on Diddy lawsuits, impact on alleged victims*, ABC7 (Oct. 10, 2024), https://abc7.com/post/abc7-exclusive-attorney-gloria-allred-shares-new-details-case-sean-diddy-combs-impact-alleged-victims/15410751/ (accuser's lawyer opining that "[i]t's really all about power and abuse of power," and accuser stating, "[t]he trauma of the assault has taken a toll on my mental health").

Several of these lawyers have made shockingly prejudicial and false allegations of sexual assault and abuse of minors, the details of which need not be repeated. *See, e.g.*, *Sean "Diddy" Combs will face 120 accusers for alleged sexual misconduct, attorney says*, CBS News (Oct. 1, 2024) (reporting on accusers' lawyers' press conference, including lawyers' descriptions of violent sexual assaults and sexual assaults of minors); Diana Dasrath, et al., *Sean 'Diddy' Combs accused of gang rape and sex trafficking in new lawsuit*, NBC News (Dec. 6, 2023) https://www.nbcnews.com/news/us-news/sean-diddy-combs-accused-gang-rape-sex-trafficking-new-lawsuit-rcna128361 (quoting accuser's lawyer on details of alleged sexual assault that involved "prey[ing] on a vulnerable high school teenager"; "The depravity of these abhorrent acts

has, not surprisingly, scarred our client for life."). Some have even peddled in outlandish conspiracy theories. *See, e.g.*, Tom Sykes, *Diddy Spiked Baby Oil With Date Rape Drug: Accuser's Lawyer*, Daily Beast (Oct. 16, 2024), https://www.thedailybeast.com/diddy-spiked-baby-oil-with-date-rape-drug-ashley-parhams-lawyer-says/ (accuser's lawyer claiming that, based on her "research," "baby oil could be used as 'a conduit' for date rape drugs such as GHB or Rohypnol").

What's more, these lawyers have done the government's work for them, repeatedly vouching for the government and commenting on the strength of the government's case. *See, e.g.*, *Diddy Indictment Imminent, Alleged Sex Trafficking Victim's Attorney Claims*, https://www.tmz.com/watch/2024-07-10-071024-ariel-mitchell-kidd-1860892-540/ (accusers' lawyer opining that "[Mr. Combs] knows what's coming down. He knows it's only a matter of time, the clock is ticking, the walls are closing in and sooner or later he will be behind bars."); Chloe Melas, et al., *Sean 'Diddy' Combs arrested by federal agents in New York*, NBC News (Sept. 17, 2024), https://www.nbcnews.com/news/us-news/sean-diddy-combs-arrested-rcna145503 (lawyer for accusers commenting on Mr. Combs's arrest, stating, "We knew this was coming. The evidence is very clear and it was only a matter of time."); Kara Scannell, et al., *Sean 'Diddy' Combs to remain in custody after judge denies bail appeal in racketeering conspiracy and sex trafficking case*, CNN (Sept. 18, 2024), https://www.cnn.com/2024/09/18/entertainment/sean-diddy-combs-appeal-bail-denial-wednesday/index.html (accuser's lawyer commenting on strength of government's evidence in support of motion for detention).

These lawyers are – by their own admission – in communication with the government about their clients acting as potential witnesses. *See, e.g.*, Frank G. Runyeon, *Record Labels Seek Sanctions For Claim They Aided Combs*, Law360 (Oct. 16, 2024), https://www.law360.com/media/articles/1890836/record-labels-seek-sanctions-for-claim-they-aided-combs?ref=completemusicupdate.com (lawyer stating that he is "going to be at the AUSA's for a 10th time" and that his client "supplied key evidence to the assistant U.S. attorneys for the Southern District of New York"); *Diddy Indictment Imminent, Alleged Sex Trafficking Victim's Attorney Claims*, TMZ (July 10, 2024), https://www.tmz.com/watch/2024-07-10-071024-ariel-mitchell-kidd-1860892-540/ (accuser's lawyer claiming intimate knowledge of federal investigation, suggesting that her client was not "the first, the second, the seventh, or the ninth" person meeting with the government, and that "[t]here is a finish line [to the government's investigation], that we kind of came in at the end of"); Damali Keith, et al., *Diddy lawsuit: Buzbee Law Firm says cases go back to 1991, youngest victim was 9*, Fox26 (Oct. 1, 2024), https://www.fox26houston.com/news/diddy-lawsuit-upcoming-press-conference-from-buzbee-law-firm-allegations-against-diddy (lawyer for accusers stating that some of his clients have already spoken to the government and that others would be made available to the government shortly).

As counsel for witnesses in this case, these lawyers are prohibited from making statements under Local Rule 23.1. *See* Local Rule 23.1(b). Moreover, because these statements undoubtedly threaten Mr. Combs's right to a fair trial and no other remedies exist, this Court should exercise its discretion in issuing an order requiring all potential witnesses and their counsel to refrain from making extrajudicial statements that have a substantial likelihood to interfere with Mr. Combs's

trial or otherwise prejudice the due administration of justice. We further request that the Court direct these potential witnesses and their counsel to remove all online postings under their control that would offend the Local Rule. *See United States v. Perryman*, No. 12-CR-0123 (ADS), 2013 WL 4039374, at *13 (E.D.N.Y. Aug. 7, 2013) (granting request to direct police department to remove certain comments posted to its website).

In addition, to the extent the government has directed or authorized such extrajudicial statements, contrary to its own obligations to ensure a fair trial, we request that the Court direct the government to disclose such communications.[3] *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("Society wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly.").

Finally, this request is time sensitive. Each day that passes brings a fresh wave of publicity, often at the direction of accusers and their counsel, further prejudicing Mr. Combs' right to a fair trial.[4] Therefore, we respectfully request that any response be filed on October 30, 2024.

The Government's response is due on **October 30, 2024**. In addition, at the October 10, 2024 conference, the parties were directed to confer on a proposed reciprocal order relating to defendant's motion for an evidentiary hearing and submit it for the Court's review. Dkt. 39. No proposed order was ever filed. If relief is still requested, any proposed order should be filed on or before **October 30, 2024** as well.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 21, 2024

---

[3] For instance, one lawyer for accusers publicly suggested that she had received instructions from the government with respect to when and what information she was permitted to disclose. *See Diddy Indictment Imminent, Alleged Sex Trafficking Victim's Attorney Claims*, TMZ (July 10, 2024), https://www.tmz.com/watch/2024-07-10-071024-ariel-mitchell-kidd-1860892-540/ ("At this time I can't go into details about [the federal investigation]. There will be a time when we can talk about that very shortly. I do not want to impede the federal government or anything that they're doing or to halt or prevent anything they're doing by preliminarily saying anything or doing anything.").

[4] Indeed, in the last week alone, counsel for one accuser has appeared for interviews vouching for her client's credibility in connection with patently false and grossly prejudicial allegations. *See Diddy accuser claims she was drugged, raped by multiple men*, NewsNation (Oct. 15, 2024), https://www.newsnationnow.com/video/diddy-accuser-claims-she-was-drugged-raped-by-multiple-men-banfield/10134429/; *see also* Nicholas McEntyre & Emily Crane, *Sean 'Diddy' Combs 'gang-raped' woman as payback after she claimed he was involved in Tupac Shakur's murder, new lawsuit claims*, N.Y. Post (Oct. 16, 2024) https://nypost.com/2024/10/16/us-news/sean-diddy-combs-gang-raped-ashley-parham-as-payback-after-she-claimed-he-was-involved-in-tupac-shakurs-murder-new-lawsuit-claims/ (describing allegations of violent sexual assault allegedly committed by Mr. Combs on March 23, 2018 in Orinda, California). Although the government is in possession of documentary evidence demonstrating that Mr. Combs was not present anywhere near Orinda on the date in question, the government has done nothing to quell the proliferation of these inflammatory false reports. Nor has it even responded to Mr. Combs's request that the government direct its witnesses to refrain from making inflammatory statements to the press. *See* ECF 37-1.

# AGNIFILO
# INTRATER

---

We appreciate the Court's consideration.

Dated: October 20, 2024                    Respectfully submitted,

 

_____
Marc Agnifilo
Teny Geragos
Agnifilo Intrater LLP
445 Park Ave., 7th Fl.
New York, NY 10022
(646) 205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com

Anna Estevao
Sher Tremonte LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

cc:     All counsel (by ECF)