# AGNIFILO
# INTRATER

October 23, 2024

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

Defendant Sean Combs respectfully submits this letter in response to Your Honor's invitation to propose language for the gag order we requested as partial relief for the government's leaks of confidential, damaging and false information to the press. *See* ECF 30-32; 10/10/24 Tr.22. For the reasons set forth below, the Court should enter the proposed order, which is attached as Exhibit A.

The defense believes that Exhibit A accomplishes the intended purposes of the requested relief—to ensure that leaks, as well as damaging and false information which are undermining Mr. Combs' right to a fair trial stop, while including reciprocal restraints on the defense. The proposal also reinforces the parties' existing obligations under the Protective Order and Local Criminal Rule 23.1.

Unfortunately, however, we are unable to submit Exhibit A as a joint proposal, because after extensive back and forth since the October 10 conference, the parties were unable to reach agreement on the order. We did narrow the disputes, however, and understand that most, but not all, of the language in Exhibit A is acceptable to the government. At this juncture, the Court's intervention is critical because agents involved in the investigation have continued their leaks, and their damaging and false information to the press in the wake of the October 10 status conference, only heightening the need for the gag order to be issued as soon as possible.

For example, Deadline.com reported in an October 15, 2024 article that "a law enforcement source with knowledge of the case" stated—referencing the defense's October 15, 2024 motion (ECF 36)—"This is all about shaming the alleged victims, it's part of the defense' offense course of action," and "They'll try anything."[1] An October 16, 2024 CNN article mentioned multiple additional comments shared by sources involved in the investigation. It reported that "[a] source familiar with parts of the federal investigation said that new accusers and witnesses have met with federal agents since Combs' arrest," and that "[m]ore accusers feel emboldened to come forward

---

[1] https://deadline.com/2024/10/sean-combs-victims-names-motion-1236117051/. The article is also cited in an October 16, 2024 article published by The Sun, available at https://www.the-sun.com/entertainment/12689367/sean-diddy-combs-lawyer-anonymous/.

AGNIFILO
INTRATER

---

with Combs behind bars, according to two sources familiar with the investigation who spoke with CNN." It further reported specifically on information related to the grand jury: "Months before Combs' arrest, sources told CNN that the majority of the plaintiffs who had filed civil suits against Combs at that point had been interviewed by federal investigators, as they were prepping witnesses to testify in front of the grand jury."[2]

The principal disagreement between the parties stems from the fact that the government continues to resist language that will ensure that the order covers all the agents who may be exposed to grand jury materials and other confidential information related to the investigation and prosecution of this case. The government wanted the order only to cover agents "assigned to" the investigation, rather than any agents who acquire confidential information about the investigation and objected to the specific reference to the Department of Homeland Security. These objections would defeat the purpose of the order. Whether an agent is officially "assigned" to the investigation or not should not matter. Indeed, which agents are responsible for the leaks is unknown, and it is possible that those responsible are not officially "assigned" to the case, but instead have obtained access to sensitive investigative information including grand jury material either by lesser involvement (such as assisting with the execution of one of the search warrants, or doing other occasional tasks that touch the investigation) or through rumors and gossip within the agency. There is no good reason the order should not reach any such agents—indeed, the point of the order is to reach whoever may be in a position to leak and provide damaging and false information so that Mr. Combs' right to a fair trial is protected.

The other disagreement stems from the government's proposed language regarding the parties' Local Criminal Rule 23.1 obligations. The government proposed additional language it represented more closely tracked the obligations of Rule 23.1(a) and 23.1(b). We believe the government's proposed language was overinclusive and did not accurately capture the text of the rule, and submit that our proposal is sufficient.

We recognize that it would have been preferable to come to the Court with joint language. However, as the Court conference was thirteen days ago and in that time the parties could not agree on the scope of the order or on the proposed language concerning Rule 23, the defense thought it best to move forward with a proposed order and the instant letter. The government advises that they intend to submit their own filing.

---

[2] https://www.cnn.com/2024/05/29/entertainment/sean-diddy-combs-federal-investigation/index.html. This is the same news outlet to which the InterContinental video was leaked.

2

# AGNIFILO
# INTRATER

---

We appreciate the Court's consideration.

Dated: October 23, 2024               Respectfully submitted,

                                      _____
                                      Marc Agnifilo
                                      Teny Geragos
                                      Agnifilo Intrater LLP
                                      445 Park Ave., 77th Fl.
                                      New York, NY 10022
                                      646-205-4350
                                      marc@agilawgroup.com
                                      teny@agilawgroup.com

                                      Anthony Ricco
                                      Law Office of Anthony L. Ricco
                                      20 Vesey Street
                                      New York, NY 10007
                                      (212) 791-3919
                                      (212) 791-3940
                                      tonyricco@aol.com

                                      Alexandra Shapiro
                                      Shapiro Arato Bach LLP
                                      1140 Avenue of the Americas, 17th Fl.
                                      New York, NY 10036
                                      (212) 257-4881
                                      ashapiro@shapiroarato.com

                                      Anna Estevao
                                      SHER TREMONTE LLP
                                      90 Broad St., 23rd Fl.
                                      New York, NY 10004
                                      (212) 202-2600
                                      aestevao@shertremonte.com

cc:     All counsel (by ECF)