# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br>                Defendant. | No. 24-CR-542 (AS)<br><br>Proposed Order |

WHEREAS on September 17, 2024, the above-referenced Indictment charging Sean Combs was unsealed in this District.

WHEREAS the case has generated significant media attention and the Court anticipates it may continue to do so.

IT IS HEREBY ORDERED, with the consent of both parties:

1. All Assistant United States Attorneys and staff members working under their supervision or at their direction, and all local and federal law enforcement agents assisting any aspect of the investigation or prosecution of the above-referenced case and any related grand jury proceedings, including but not limited to employees of the Department of Homeland Security (collectively, the "Government"), shall not directly or indirectly disclose any grand jury material in violation of Fed. R. Crim. P. 6(e), including to any person associated with the press or any public communications media. Nor shall the Government disclose or authorize the disclosure of any non-public information, including information produced pursuant to the Protective Order entered in this case (Dkt. 26), or opinion that a reasonable person would expect to be disseminated by means

of public communication, in connection with the investigation or prosecution of the above-referenced case if there is a substantial liklihood that such dissemintation will interfere with a fair trial. L. Crim. R. 23.1. This Order does not limit any attorney for the Government from sharing non-public information with any individual if such disclosure is necessary to assist in carrying out that attorney's duty to enforce federal criminal law.

2. The defendant, Sean Combs, all attorneys for the defendant, and any individuals working under their supervision or at their direction in connection with the defense of this case (collectively, the "Defense") shall not directly or indirectly disclose or authorize the disclosure of any non-public information, including information produced pursuant to the Protective Order entered in this case (Dkt. 26), that a reasonable person would expect to be disseminated by means of public communication, in connection with the investigation or prosecution of the above-referenced case if there is a substantial liklihood that such dissemintation will interfere with a fair trial. L. Crim. R. 23.1. This Order does not limit any attorney for the Defense from sharing non-public information with any individual if such disclosure is necessary to assist in carrying out that attorney's duty to defend Mr. Combs in this case.

SO ORDERED.

Dated:  October __, 2024

                                                                                           _____  
                                                                                           Hon. Arun Subramanian  
                                                                                           United States District Judge  
                                                                                           Southern District of New York