

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

October 23, 2024

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Sean Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully writes in response to (i) this Court's order at the October 10, 2024 initial conference that the parties propose language for a reciprocal gag order; and (ii) the defendant's letter, dated October 23, 2024, regarding the defendant's proposed language for a gag order. For the reasons set forth below, any order entered by the Court should adopt the language in the Government's proposed order, which is attached as Exhibit A, and reject defendant's requested language.

      As stated in the letter submitted today by the defense (Dkt. 46), despite efforts to confer, the parties have been unable to agree on a joint proposed order.[1] The defendant presents the following two remaining disagreements: (1) the definition of the Government; and (2) the Government's previously proposed language regarding the parties' "Local Criminal Rule 23.1 obligations." (*Id.* at 2). The second disagreement is no longer relevant: the Government's proposal to the Court incorporates Local Criminal Rule 23.1 by reference without additional language.[2]

      Accordingly, the only remaining disagreement between the parties is the language concerning who would be bound by the order. The Government's proposed order reflects the reality that the Government has two separate obligations—maintaining the secrecy of grand jury material in accordance with Rule 6(e) of the Federal Rules of Criminal Procedure, and complying with the directives set forth in Local Criminal Rule 23.1. The parties agree that the Government

---

[1] The Government has made substantial efforts to reach agreement on a proposed order, and the parties have exchanged multiple drafts of a joint proposed order. Notwithstanding this, today, while awaiting further edits from the Government to the joint proposed order (which the Government agreed to provide within the day), the defendant chose to submit his letter attaching a proposed order without agreement to the Court. (Dkt. 46).

[2] Notably, the defendant's proposed order only includes select obligations outlined in Local Criminal Rule 23.1, and does not address subsection (b) on extrajudicial statements. In the Government's view, the proposed order should cover *all* obligations in Local Criminal Rule 23.1.

attorneys assigned to the matter and staff members working under their supervision or at their direction are bound by both obligations. However, the parties disagree about the extent to which law enforcement agents and/or officers may be bound by those obligations.

The Government's proposed order is grounded in the language of the dual obligations. As set forth in Exhibit A, the Government proposes that the Court order that (1) local and federal agents who have access to grand jury material not disclose that material in violation of Rule 6(e), and (2) local and federal agents assigned to the case comply with Local Criminal Rule 23.1. This language reflects both the text and reasonable application of the rules. *See* Fed. R. Crim. P. 6(e) ("[T]he following persons must not disclose a matter occurring before the grand jury: . . . an attorney for the government; or . . . a person to whom disclosure is made under Rule 6(e)(3)(A)(ii) or (iii)."); S.D.N.Y. L. Crim. R. 23.1 ("It is the duty of the lawyer . . . and government agents and police officers, not to release or authorize the release of non-public information . . .").

By contrast, the defendants—citing no authority—have insisted that such an order bind *any* "local and federal law enforcement agents assisting *any* aspect of the investigation or prosecution of the above-referenced case, and any related grand jury proceedings, including but not limited to the Department of Homeland Security." (Dkt. 46-1 ¶ 1 (emphasis added)). Defendant's proposal is plainly overbroad as it would require the Government to be held accountable for potentially thousands of agents in an independent law enforcement agency over whom the Government has no authority or oversight. Indeed, the United States Department of Homeland Security ("DHS") employs over 200,000 individuals and includes the investigating agency here, Homeland Security Investigations ("HSI"), in addition to multiple other law enforcement agencies (such as U.S. Immigration and Customs Enforcement, U.S. Secret Service, and others) with no role in this case whatsoever. Such an order would simply be unenforceable.

Moreover, even if the Government was able to exercise oversight over agents who are not assigned to this matter, the vast majority of such individuals do *not* have access to either Rule 6(e) material or non-public information.[3] Employees of DHS writ large do not have the ability to access grand jury or non-public information related to this investigation.[4] As the Government will address more fully in its opposition to the defendant's motion regarding purported grand jury leaks, the purported leaks the defendant cites have not been of grand jury material and—as the defendant concedes—are not alleged to be from the agents and officers assigned to this case. Courts have previously rejected requests to sanction the Government on the basis of potential leaks by law

---

[3]   Indeed, several articles cited by the defense do not appear to discuss grand jury material or non-public information at all. For example, the defendant cited an October 15, 2024 article in his October 23, 2024 letter (Dkt. No. 46), in which a "law enforcement source with knowledge of the case" stated: "This is all about shaming the alleged victims, it's part of the defense' offense course of action," and "They'll try anything." *See* https://deadline.com/2024/10/sean-combs-victims-names-motion-1236117051/. That purported "law enforcement source" need only have read the transcripts of the September 17, 2024 or September 18, 2024 bail hearings—which are publicly available—to have reached the conclusions quoted in the article.

[4]   The Government understands that grand jury material and other non-public information are housed electronically at HSI-New York in a restricted database that is accessible only to the three assigned agents to this case.

enforcement officers over which the Government had no authority or control. *See, e.g.*, *United States v. Skelos*, No. 15-CR-317 (KMW), 2018 WL 2849712, at *7 (S.D.N.Y. June 8, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021) (denying request for a hearing on Rule 6(e) violations because "[t]hese articles do not specify whether the '[l]aw enforcement sources' or the 'government source' were federal officials privy to the grand jury investigation . . . or other non-federal law enforcement officials with general knowledge of the investigation" and "the Government submitted an affidavit plainly denying that any members of the prosecution team spoke with the press").

Accordingly, the Government respectfully requests that any order entered by the Court adopt the language in the Government's proposed order, attached as Exhibit A. To the extent that the Court is contemplating an order with broader application, the Government respectfully requests that the Court delay the entry of such order until the defendant's currently pending motions, including the motions regarding purported grand jury leaks and Local Criminal Rule 23.1 issues (Dkts. 30-32, 42), are fully briefed so that the Government may provide additional information pertinent to these issues.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Meredith Foster
Emily A. Johnson
Christy Slavik
Madison Reddick Smyser
Mitzi Steiner
Assistant United States Attorneys
(212) 637-2310/-2409/-1113/-2381/-2284