# AGNIFILO INTRATER

October 25, 2024

**BY ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

Defendant Sean Combs respectfully submits this additional letter in further support of his October 23, 2024 letter (Dkt. 46), regarding the proposed gag order.

This morning, The New York Post published an article ("Exhibit A") containing **false**, inflammatory, prejudicial remarks attributed to "a federal law enforcement source who is involved in the [government's] investigation." The article describes purported videos and photos supposedly depicting Mr. Combs, and notes that the Post described the scenes to the federal agent for comment. The federal agent reported to the Post the following:

- "These are consistent with the videos we have;"
- "Just about everything you can imagine was happening at [Mr. Combs'] parties. Now our job is to determine whether this was consensual for everyone involved, if anyone has been trafficked, and what laws have been broken;"
- "It's sick s–t;"
- "Look, if this were just him having sex parties with a bunch of horny adults, we wouldn't be having this conversation. That's perfectly legal. But that's not what we're talking about. This man is a predator."

The federal agent's statements clearly constitute "opinion[s]" by a "government agent" that have a "substantial likelihood … [of] interfer[ing] with a fair trial or otherwise prejudic[ing] the due administration of justice." L. Crim. R. 23.1(a). Indeed, the statements are "opinion[s] as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case," which are "presumptively" prejudicial. L. Crim. R. 23.1(d)(7). The statements also reflect that the agent has access to possible grand jury material in the form of videos and other potential evidence.

In addition to violating L. Crim. R. 23.1, these statements attributed to the federal agent involved in the investigation are objectively false. There are no videos of people having sex at parties, nor has the Government alleged this as part of the Indictment. In the absence of evidence, however, law enforcement has intentionally made false and damaging statements to one of the primary news sources in New York City read by potential grand jurors and trial jurors.

# AGNIFILO
# INTRATER

---

      This latest article underscores the need for the Court's order to be appropriately expansive and to cover any and all agents in a position to have access to videos, evidence, case-information or be familiar with the investigation either directly or indirectly. The Government's proposed order would allow this clear misconduct to go unabated and would protect "federal agents involved in (their) investigation" from the ramifications of intentionally violating a defendant's right to a fair trial, free from false, damaging and intentional statements made to the press. That this conduct is continuing demonstrates disregard for the clear concern this Court has shown for this fundamental issue.

      In the larger context of the unrelenting leaks and false statements by the agents over the last seven months, today's article shows DHS has formed an illicit partnership with different press outlets, which the agency has used, and will use, to ruin this man's ability to get a fair trial. The need for an immediate gag order is clear. The Court should enter Mr. Combs' proposed order, or these prejudicial leaks will only continue.

Dated: October 25, 2024

Respectfully submitted,

_____

Marc Agnifilo  
Teny Geragos  
Agnifilo Intrater LLP  
445 Park Ave., 77th Fl.  
New York, NY 10022  
646-205-4350

Anthony Ricco  
Law Office of Anthony L. Ricco  
20 Vesey Street  
New York, NY 10007  
(212) 791-3919

Alexandra Shapiro  
Shapiro Arato Bach LLP  
1140 Avenue of the Americas, 17th Fl.  
New York, NY 10036  
(212) 257-4881

Anna Estevao  
SHER TREMONTE LLP  
90 Broad St., 23rd Fl.  
New York, NY 10004  
(212) 202-2600

cc:    All counsel (by ECF)