

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 1, 2024

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Sean Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully writes to bring the Court's attention to a recent decision Judge Ho issued in *United States v. Adams*, 24 Cr. 556 (DEH), which is attached hereto as Exhibit 1 ("Adams Op.") and stands as additional authority supporting this Court's denial of the defendant's Leak Motion. (*See* Dkt. No. 30). In *Adams*, the defendant filed a motion alleging that Government attorneys or their agents violated Federal Rule of Criminal Procedure 6(e) by disclosing matters occurring before the grand jury, and requested an evidentiary hearing to determine the scope and extent of such disclosures as well as sanctions against the Government for the alleged leaks. (Adams Op. 1). Consistent with the law in this Circuit, Judge Ho denied the defendant's motion, finding that the defendant had not made a *prima facie* showing that he was entitled to relief. (*See id.* at 3 (noting that "the parties' submissions do not identify any cases in the Second Circuit where the relief requested by [the defendant] on this motion—a hearing—was granted")).

      As in this case, the defendant in *Adams* claimed that multiple news articles demonstrated that the Government had disclosed grand jury materials. The articles cited by the defendant fell into the following categories: (1) the "evolving" focus of the federal investigation; (2) the substance of grand jury testimony; (3) non-testimonial evidence purportedly gathered and presented to the grand jury, including through the execution of search warrants; (4) the issuance of subpoenas served on individuals to produce documents or testify before the grand jury; and (5) the timing of the unsealing of the indictment against the defendant. (Adams Op. 4).

For the articles in categories (1) through (3), Judge Ho found that the defendant had not established that a "matter occurring before the grand jury" had been disclosed in violation of Rule 6(e). Citing to the authority in this Circuit that "media reports that discuss federal investigations generally, without actually discussing matters before the grand jury, are not necessarily indicative of an improper disclosure," (Adams Op. 6 (quoting *United States v. Rioux*, 97 F.3d 648, 662 (2d Cir. 1996)) (quotations and alterations omitted)), Judge Ho found that "the media reports Mayor Adams has provided this Court do not clearly indicate that they pertain to the *grand jury's* investigation into his alleged misconduct," (Adams Op. 7 (emphasis in original)). Indeed, Judge Ho found that the articles cited by the defendant did not purport to summarize grand jury testimony or otherwise speak to the substance of testimony heard by the grand jury. (*Id.* at 9). With respect to articles that discussed evidence gathered through the execution of search warrants, Judge Ho found that these articles made no claims regarding what was specifically gathered for, or ever actually presented to, the grand jury. (*Id.* at 10). This reasoning can be similarly applied to the Leak Motion in the instant case. As an initial matter, for the reasons stated in the Government's opposition brief, the Intercontinental Video is not 6(e) material. (*See* Dkt. No. 53 at 12-15). Additionally, like Judge Ho found in *Adams*, information about searches and evidence recovered from searches is not protected grand jury material. (*See id.* at 16). Nor is information about witnesses interviewed by the Government covered by Rule 6(e), when multiple sources have this information and none of the articles reference actual grand jury testimony. (*Id.* at 17-18).

Focusing on articles in categories (4) and (5) related to the issuance of grand jury subpoenas and the timing of the unsealing of the indictment, Judge Ho found that the defendant had not established that "attorneys for the Government involved in the grand jury process (or their agents)" were the sources of the disclosures. Judge Ho noted that dozens of people were likely aware of the information featured in these articles. (*See* Adams Op. at 15-16). Indeed, Judge Ho noted that there is "no article in the record that contains information that could have been disclosed *only* by [attorneys for the Government involved in the grand jury process (or their agents)]." (*Id.* at 16). The same is true in the instant case. None of the articles that reference arguably non-public information—*e.g.*, news articles discussing evidence recovered from searches, which is not material protected by Rule 6(e) in the first place—implies that the sources are attorneys for the Government involved in the grand jury process (or their agents), *i.e.*, the Prosecution Team, as defined in the Governments opposition brief. (*See* Dkt. No. 53). As Judge Ho recognized, sources

including those "familiar with the investigation," and even "law enforcement officers involved in the investigation," are not clearly covered by Rule 6(e).  (*See* Adams Op. 16, 17).[1]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   /s
   Meredith Foster
   Emily A. Johnson
   Christy Slavik
   Madison Reddick Smyser
   Mitzi Steiner
   Assistant United States Attorneys
   (212) 637-2310/-2409/-1113/-2381/-2284

cc: all counsel by ECF

---

[1] Here, unlike in *Adams*, the Government did not submit an affidavit attesting that the Prosecution Team (*i.e.*, the Government attorneys and agents involved in the grand jury process) was the source of the information in the news articles discussed by the defendant.  Unlike in *Adams*, where one article described the issuance of grand jury subpoenas and was sourced to "law enforcement," which was arguably "evidence of an improper leak under Rule 6(e)," (*see* Adams Op. 17-18), in this case there is simply no "leaked" information plausibly constituting 6(e) material.  *Cf. United States v. Blaszczak*, 17 Cr. 357 (LAK), 2018 WL 1322192, at *6 (S.D.N.Y. Mar. 12, 2018) (holding that defendant had not made *prima face* case of a Rule 6(e) violation and the Government did not submit any affidavits).  Nevertheless, the Government is prepared to submit such an affidavit at the Court's request.