# AGNIFILO
# INTRATER

November 18, 2024

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

Defense counsel has recently learned that the prosecutors are in possession of attorney client privileged material, including the defendant's own written notes. This search and seizure are in violation of Mr. Combs' Fourth, Fifth and Sixth Amendment rights. Moreover, the targeted seizure of a pre-trial detainee's work product and privileged materials – created in preparation for trial – is outrageous government conduct amounting to a substantive due process violation. Because the prosecutors are currently in possession of privileged material and are actively using this material to detain the defendant, the defense requests an immediate evidentiary hearing. This is an emergent matter because the Government has Mr. Combs' privileged notes to his lawyers concerning defense witnesses and defense strategies.

The Government's Opposition to Defendant's bail motion states that the trial prosecutors are currently in possession of "possibly privileged materials, such as the notes recovered from the defendant's cell." (Dkt. 69 at 12, n.4). In fact, the Government is in possession of written material that is absolutely privileged. This is a matter of grave concern that, most respectfully, must be addressed immediately for the following reasons. First, there is no dispute that the Government is in possession of privileged material. Second, until receiving the Government's submission at 11:29 PM on Friday, November 15, 2024, the defense had never been told that (i) Mr. Combs' notes were taken from his cell, (ii) that these notes were given to the U.S. Attorney's Office, (iii) and these notes were then given to the trial prosecutors in this case, who then used this material in a filing to keep Mr. Combs detained.

We request an immediate hearing at which the Government shall provide answers to the following questions:

First, who authorized a search of Mr. Combs' sleeping area, personal effects and paperwork?

Second, who determined what paperwork to take?

Third, who decided to give this paperwork to the United States Attorney's Office?

Hon. Arun Subramanian
November 18, 2024
Page 2 of 3

Fourth, who decided to give this paperwork to the trial prosecutors[1]?

Fifth, who made the decision to not tell Mr. Combs' counsel that the U.S. Attorney was in possession of his notes, including "possibly privileged materials" until after the Government put them in a filing to keep him incarcerated?

Sixth, exactly what material was taken?

Because the U.S. Attorney, and it seems the trial prosecutors, are currently in possession of privileged materials we request a full evidentiary hearing as soon as the Court can accommodate us.

The Government must respond by **5:00 PM today (November 18, 2024)**. The Court will hold a hearing on this matter **tomorrow, November 19, 2024, at 3:00 PM** in **Courtroom 15A** of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, unless the parties mutually agree to a remote conference instead.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 70.

SO ORDERED.

*/s/ Arun Subramanian*
Arun Subramanian, U.S.D.J.
Date: November 18, 2024

Respectfully submitted,

*/s/*

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036

---

[1] To the extent that a taint team provided attorney-client privileged material to the trial team without so much as notifying defense counsel that it was in possession of Mr. Combs' notes and work product, the defense may, after necessary fact-finding, argue against the integrity of the taint team process in this case. Indeed, if the U.S. Attorney himself or supervisors in that office condoned such a procedure, we reserve the right to request that the taint review process be taken from the U.S. Attorney for the Southern District of New York and be conducted by an entity committing to upholding a defendant's constitutional rights.

Hon. Arun Subramanian
November 18, 2024
Page 3 of 3

(212) 257-4881
ashapiro@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

3