# AGNIFILO
# INTRATER

November 18, 2024

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write on behalf of our client, Mr. Sean Combs, to respectfully request that the Court direct the United States Marshals Service to unshackle Mr. Combs prior to bringing him into the courtroom for tomorrow's hearing and for all future court appearances. During the conference held on October 10, 2024, Mr. Combs appeared in leg shackles throughout the entire proceeding without any justification. This was noticed by the press and the public.[1]

"It is beyond dispute that a defendant may not be tried in shackles unless the trial judge finds on the record that it is necessary to use such a restraint as a last resort to satisfy a compelling interest such as preserving the safety of persons in the courtroom." *United States v. Haynes*, 729 F.3d 178, 188 (2d Cir. 2013). While the Second Circuit declined to extend this rule to other pretrial proceedings, that decision was premised on the assumption that shackling during pretrial proceedings, unlike trial, would not impact the "paramount concern" of "juror bias." *United States v. Zuber*, 118 F.3d 101, 103-04, (1997). Given the press attention on the pretrial proceedings in this case, there is a substantial risk that potential jurors will learn about the shackling through the media and develop such a bias.

In addition to the concern that shackles will prejudice the jury, the Supreme Court has identified three other "fundamental legal principles" that weigh against shackling: (1) the presumption of innocence and the fact that shackling "undermines the presumption of innocence and the related fairness of the factfinding process"; (2) the Sixth Amendment right to counsel and participation in one's own defense, and the fact that shackles "interfere with the accused's ability to communicate with his lawyer"; and (3) the dignity and

---

[1] *See, e.g.*, Aaron Katersky & Julia Reinstein, *Trial date set for Sean 'Diddy' Combs in sex trafficking case*, ABC News (Oct. 10, 2024), https://abcnews.go.com/US/trial-date-set-sean-diddy-combs-sex-trafficking/story?id=114683910#:~:text=Combs%20appeared%20in%20court%20Thursday,he%20walked%20into%20the%20courtroom (reporting that Mr. Combs appeared in "silver shackles on his ankles"); *Sean 'Diddy' Combs' sex trafficking trial set for* May, Assoc. Press (Oct. 10, 2024), https://apnews.com/article/diddy-sean-combs-indictment-court-149b784f3f6b37a84afa6081f2a904e6 (including courtroom sketch of Mr. Combs in shackles); Kara Scannell, *Judge sets trial date in Sean 'Diddy' Combs racketeering and sex trafficking case*, CNN (Oct. 10, 2024), https://www.cnn.com/2024/10/10/entertainment/sean-diddy-combs-trial-date/index.html (reporting that "Combs' ankles were shackled").

Hon. Arun Subramanian
November 18, 2024
Page 2 of 3

decorum of judicial proceedings, including the "respectful treatment of defendants." *Deck v. Missouri*, 544 US. 622, 630-31 (2005) (holding that blanket shackling during penalty phase offends due process); *see also Zuber*, 118 F.3d at 106 (Cardamone, J., concurring) ("The fact that the proceeding is non-jury does not diminish the degradation a prisoner suffers when needlessly paraded about a courtroom, like a dancing bear on a lead, wearing belly chains and manacles."). For these reasons, the Ninth Circuit has held that shackling during pretrial proceedings absent a finding of necessity is unconstitutional. *See United States v. Sanchez-Gomez*, 859 F.3d 649 (2017), *vacated and remanded*, 584 U.S. 381 (2018) (vacating on mootness grounds and not reaching the merits).

Because there is absolutely no reason to shackle Mr. Combs during court proceedings, and because such shackling prejudices the potential jury pool, undermines his presumption of innocence, interferes with his ability to communicate with counsel, and offends the dignity and decorum of the proceedings, we respectfully request that the Court direct the U.S. Marshals Service to remove his shackles before bringing him into the courtroom.

We appreciate the Court's consideration.

Respectfully submitted,

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881

2

Hon. Arun Subramanian
November 18, 2024
Page 3 of 3

ashapiro@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com

cc:     All Counsel (via ECF)

3