

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 5, 2024

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Sean Combs*, 24 Cr. 542 (AS)**

Dear Judge Subramanian:

The Government respectfully submits this letter in response to the defendant's letter submitted yesterday regarding the defendant's use of a laptop to review discovery at the Metropolitan Detention Center Brooklyn ("MDC"), as well as the MDC's provision of attorney visitation forms. (*See* Dkt. No. 95). For the reasons that follow, the Government respectfully submits that the relief requested by the defendant is premature or moot.

In the normal course, pretrial defendants housed at MDC review discovery during designated hours using computers within their housing units.[1] In exceptional cases—particularly those with especially voluminous discovery—courts in this District have permitted certain pretrial defendants to access laptops pre-loaded by the Government with discovery materials so that those defendants can prepare for trial while in custody. *See, e.g.*, *See United States v. Hernandez*, No. 15 Cr. 379 (PKC) (S.D.N.Y.), Jan. 23, 2024 Order (Dkt. No. 668) (ordering the Government to load air-gapped laptop with non-sensitive discovery for defendant's review at MDC); *United States v. Smith*, No. 22 Cr. 352 (JSR), 2023 WL 3144170, at *1 (S.D.N.Y. Apr. 27, 2023) (ordering the Government to pre-load discovery on to a laptop for defendant's review of discovery at MDC in case involving "massive amount of discovery material" produced in Rule 16 discovery); *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), 2014 WL 5090039, at *16 (S.D.N.Y. Oct. 10, 2014) (noting that just because the "case has a high profile does not mean that it requires special treatment," but also noting that the court had "gone to considerable lengths" by "ensuring that a laptop preloaded with certain discovery materials was provided to [the defendant] for use at the [MDC]"). Here, based on information provided by MDC legal staff, the Government understands that out of the approximately 25 other inmates in the defendant's unit at MDC, only three other

[1] *See* BOP Inmate Admission & Orientation Handbook (*available at* https://www.bop.gov/locations/institutions/bro/bro_ao-handbook.pdf?v=1.0.0). MDC inmates are also permitted to access computers in the Law Library for legal research.

inmates are permitted access to laptops—including the defendant in the *Hernandez* case cited above.[2]

In the exceptional cases where discovery laptops are permitted, defendants' access to the laptops is subject to restrictions, including the hours during which the laptop is available, the location where the laptop may be used to review discovery, and prohibitions on copying and transferring discovery materials contained on the laptops. *See Hernandez*, Jan. 23, 2024 Order (Dkt. No. 668) (defendant permitted to access discovery laptop Monday through Friday in the MDC visiting room for 10-15 hours per week and requiring defendant to execute agreement that he would not share contents of laptop with other inmates, among other restrictions); *Smith*, 2023 WL 3144170, at *1-2 (permitting defendant to "access the Electronic Device for review on a temporary basis and at times approved by prison personnel" and contemplating use of the laptop where defendant "is not in the presence of any other inmates"); *United States v. Zhukov*, No. 18 Cr. 633 (EK), 2020 WL 6302298, at *1-2 (E.D.N.Y. Oct. 27, 2020) (granting defendant's request to use discovery laptop at MDC and ordering that "no one [besides the defendant and defense counsel] may review the contents of the Computer" and that BOP "personnel will provide the defendant reasonable access to the Computer in one of the MDC's visiting rooms").

In this case, the Government agreed to provide certain discovery on a discovery laptop for the defendant's review at the MDC (the "Discovery Laptop"). The Government began producing discovery immediately after the Protective Order was entered on October 4, 2024. (*See* Dkt. No. 26). At the request of defense counsel, the Government first prioritized producing the defendant's electronic devices and accounts, which were designated as "Attorney Possession Only" (or "APO") under the Protective Order. (*See* Nov. 22, 2024 Tr. at 6). Given the APO designation of these materials, the defendant was not permitted to retain them at the MDC. (*Id.*). The Government produced the bulk of discovery that the defendant is permitted to retain at the MDC—consisting mostly of subpoena returns and other documents that defense counsel had *not* requested the Government to prioritize—by November 20, 2024. (*See id.* at 6-7). At that point, the Government began loading the Discovery Laptop provided by defense counsel, and delivered the Discovery Laptop to the MDC on November 25, 2024.[3] The majority of the documents loaded on to the Discovery Laptop are designated as "Sealed" under the Protective Order:

> Sealed Material may be disclosed by defense counsel to: The defendant, who may only review such material in the presence of Bureau of Prisons ("BOP") or law enforcement personnel, defense counsel, or any personnel for whose conduct defense counsel is responsible.

---

[2] Across the entire MDC, which houses approximately 1,250 inmates, the Government understands that there are approximately 25 inmates who have access to discovery laptops.

[3] The defendant's letter also claims that the defendant needs the laptop to take notes about his case more generally—however, that goes well beyond the authorized purpose of the laptop, which as noted above, is limited to the review of voluminous discovery. *See Smith*, 2023 WL 3144170 at *1 (permitting the defendant to "make notes on the discovery" but not for notetaking more generally). Permitting laptops for other purposes would create unjustified disparities between the defendant and the vast majority of other pretrial defendants housed at the MDC.

(Dkt. No. 26 at ¶ 6(a)).

On December 3, 2024, MDC legal staff contacted the Government to discuss where within the MDC the defendant could review the Discovery Laptop. As the Government understands it, the following options are available for the defendant to review discovery on an approved laptop:

(1) The defendant could access the Discovery Laptop privately in his unit's visiting room seven days per week from approximately 8 a.m. until 3:30 p.m.;

(2) The defendant could access the Discovery Laptop privately in his unit's video-teleconference ("VTC") room, which is occasionally used by other inmates for scheduled VTC legal calls, on Monday through Friday from approximately 8 a.m. until 3:30 p.m., with the exception of when other inmates are scheduled to use the VTC room for legal calls; or

(3) The defendant could have unfettered access to the Discovery Laptop in defendant's unit without regard for the presence of other inmates, on Monday through Friday from approximately 8 a.m. until 3:30 p.m.

In the case of any of the three options—and consistent with MDC policy and prior cases addressing the same issue—the Discovery Laptop must be returned to MDC personnel after the defendant finishes reviewing it for the day. The Discovery Laptop will be kept in a locked area of the visiting room. Beyond the hours that the defendant may access the Discovery Laptop, however, the defendant may use discovery computers within his unit until approximately 9:15 p.m. to review any discovery on hard drives provided to the defendant by defense counsel.

Due to the sensitive nature of the "Sealed" materials contained on the Discovery Laptop—which include the names of victims and witnesses, as well as travel and financial records for third parties—option (3) is inconsistent with the Protective Order in this case. Pursuant to that order, the "Sealed Material" must not be viewed by third parties. The defendant therefore must not be permitted to roam throughout his unit and among other inmates using the Discovery Laptop. Instead, he should be required to review these materials privately, in a designated location and outside the presence of other inmates. In short, option (3) above does not sufficiently protect these sensitive materials from potential disclosure—purposeful or inadvertent—and therefore is not a tenable option.

As the Government understands it, the MDC's limited bandwidth makes it difficult to combine options (1) and (2). Specifically, with respect to option (2), MDC legal personnel must transport the Discovery Laptop from the visiting room, where it will be kept overnight, to any other area of the defendant's unit, including the VTC room. MDC legal personnel has indicated its willingness to do so, should the defendant prefer to access the Discovery Laptop in the VTC room (where he would be able to meet virtually with defense counsel while accessing the Discovery Laptop); but the defendant asserts that option (2) is unsatisfactory because despite generally providing for several hours a day of access five days a week, it would "significantly limit the time available for Mr. Combs to use the laptop." (Dkt. No. 95).

In conferring with defense counsel, the Government suggested that the defendant choose option (1) or (2) and revisit the issue should problems related to the defendant's access to the Discovery Laptop arise. Defense counsel instead made the instant application to the Court, seeking the Court to order the MDC to permit the defendant to use the Discovery Laptop in his unit without restriction, vaguely arguing (without citation) that any other arrangement would be a "departure from normal MDC practice." In fact, as described above, either option (1) or (2) is entirely consistent with how courts in this District and the MDC have handled discovery laptops for other defendants. The Government respectfully submits that defense counsel's application is premature, as either option (1) or (2) accomplishes the goal of providing the defendant with immediate access to the Discovery Laptop while also ensuring that sensitive "Sealed Material" be treated in accordance with the Protective Order in this case.

The defendant has also requested the Court to order the MDC to cease providing the Government with attorney visitation forms, which the MDC routinely provides when a defendant complains about inability to access his attorneys. *First*, these visitation forms, which disclose only the fact of an attorney's visit, are not privileged. *See H.W. Carter & Sons, Inc. v. William Carter Co.*, No. 95 Civ. 1274 (DC), 1995 WL 301351, at *4 (S.D.N.Y. May 16, 1995) ("The attorney-client privilege does not extend to facts pertaining to the existence of an attorney-client relationship, the fact of consultation, or the dates and general nature of legal services performed."). *Second*, the defendant squarely put his access to defense counsel at issue in connection with his renewed motion for bail. (*See* Dkt. No. 61 at 21-22 (arguing, under 18 U.S.C. § 3142(i), that due to MDC lockdown, "defense counsel was delayed in meeting with Mr. Combs, losing time for trial preparation," and that the defendant has been hampered in collaborating with counsel)). *Finally*, the Government has no intention of collecting such materials absent the defendant again putting his access to counsel at issue. Accordingly, this request is now moot.

For the reasons set forth above, the Government respectfully submits that the defendant's requests with respect to the Discovery Laptop are premature, and that his request with respect to the MDC providing the Government with attorney visitation forms is moot.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc: all counsel by ECF