# AGNIFILO INTRATER

December 5, 2024

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write in brief response to the government's letter regarding Mr. Combs' laptop use. ECF No. 99.

*First*, contrary to the government's argument, Mr. Combs' reasonable request for laptop access is consistent with the way other inmates in his unit access their laptops. Other inmates are permitted to use their laptops in the unit, notwithstanding the fact that their laptops also contain sealed material subject to protective orders. There is no reason to treat Mr. Combs differently. *See United States v. Bankman-Fried*, 22-cr-673-LAK (S.D.N.Y.), Dkt. No. 238 at 5 (defendant able to use laptop between 8 a.m. and 7 p.m. on weekdays and 8 a.m. to 3 p.m. on weekends); *see also United States v. Maxwell*, 20-cr-330-AJN (S.D.N.Y.), Dkt. No. 131; 116 (requiring MDC, over objection, to provide laptop to defendant on weekends and holidays, in addition to thirteen hours per day on weekdays). The government's argument that Mr. Combs' request would create "unjustified disparities" is just wrong.[1]

*Second*, the government's opposition to Mr. Combs using the laptop to "take notes about his case more generally" is absurd as a general matter and particularly in the context of this case, where Mr. Combs' handwritten notes have been surreptitiously photographed and placed into the hands of the prosecution. The government cites to the laptop order in *United States v. Smith*, where the government was required to "load onto the [laptop] such software as [defendant] will need to review and make notes on the discovery," but that order (jointly proposed by the parties) does not contain any prohibition on the taking of other legal notes. *See* 2023 WL 3144170 (S.D.N.Y. Apr. 27, 2023). Of course, any such prohibition would be ridiculous since "notes on the discovery" are inextricably intertwined with notes about his legal case. Requiring Mr. Combs to record his notes about discovery separate and apart from his other legal notes is unreasonably burdensome and completely unnecessary. It is especially unreasonable in light of the government's history of surreptitiously photographing and monitoring his handwritten notes. The government's

---

[1] That other inmates may have *agreed* to certain restrictions, like in *United States v. Hernandez*, No. 15 Cr. 379 (PKC) (S.D.N.Y.), has no bearing on whether Mr. Combs should be denied his request for greater access based on his needs to participate in his defense.

Hon. Arun Subramanian
December 5, 2024
Page 2 of 2

request that Mr. Combs continue to handwrite his legal notes – subjecting them to further surveillance by the government – is unjustified. It is also inconsistent with how other inmates use their laptops – to create and share work product with their counsel. *See Bankman-Fried*, 22-cr-673-LAK (S.D.N.Y.), Dkt. No. 238 at 2 (noting that "laptop will enable the defendant to review materials and share work product with counsel through the exchange of hard drives").

      Anything short of these reasonable requests would unconstitutionally impinge on Mr. Combs' Fifth and Sixth Amendment rights. We appreciate the Court's consideration.

      Respectfully submitted,

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anthony Ricco
Law Office of Anthony L. Ricco
20 Vesey Street
New York, NY 10007
(212) 791-3919
tonyricco@aol.com

Alexandra Shapiro
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com