

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 10, 2024

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Sean Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government's Filter Team, which the two undersigned Assistant U.S. Attorneys recently joined, writes to provide an update to the Court regarding the Government's forthcoming response to the defendant's pending motion to pending motion for a hearing, suppression, and other relief (the "Motion"). (Dkt. No. 97, 98).

    The undersigned AUSAs joined the Filter Team to address the issue, raised in the Motion, of whether the defendant has met his burden of showing that the notes photographed by Investigator-1 at the MDC (the "Notes")—which the Filter Team has continued access to per the Court's Order of November 20, 2024 (Dkt. No. 76)—are in fact protected by attorney-client privilege or the work-product doctrine. (*See* Dkt. No. 98 at 8-12). In order to address this issue, the Government asked the defendant to produce directly to the Filter Team unredacted copies of materials the defendant had filed *ex parte* with the Court containing facts or analysis relevant to the defendant's privilege claims (the "*Ex Parte* Filings"), including the Motion itself and declarations of Teny Geragos, Esq., filed *ex parte* at Dkt. Nos. 75 (Appendix A) and 81 (together, the "Geragos Declarations").

    In response to the Government's request, the defense produced partially unredacted copies of Geragos Declarations to both the Filter Team and the Case Team. *See* Ex. A. The Filter Team understands from its conversations with the defense that the defense refuses to provide fully unredacted copies of the *Ex Parte* Filings to the Filter Team because, *inter alia*, doing so would reveal additional attorney-client communications and/or work product beyond what is reflected in the Notes. The extensive redactions in the copies of the Geragos Declarations the Government has received, however, make it impossible to fully understand the basis for the defendant's claims of privilege as to each of the challenged portions of the Notes and thus to evaluate and adequately respond to the defendant's claims.

In light of the defendant's opposition to providing the Filter Team with unredacted copies of the *Ex Parte* Filings, the Filter Team will not separately respond to the defendant's claims that the Notes are protected by the attorney-client privilege or the work-product doctrine. Rather, the Filter Team understands that the Case Team will argue in its forthcoming response that the Motion should be denied even assuming *arguendo* that the defendant has met his burden of establishing that the Notes are privileged.

In the event the Court would like the Filter Team to address the privilege issues, the Filter Team respectfully requests that the Court order the defendant to provide unredacted copies of the *Ex Parte* Filings directly to the Filter Team. *See, e.g.*, *United States v. Ceglia*, No. 12-CR-876 VSB, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015) (designating a filter or wall team "is a common procedure for litigating asserted claims of privilege in this District"). Apart from evaluating and addressing privilege issues, the Filter Team has not been involved in this litigation or any related grand jury investigation. If provided access to the *Ex Parte* Filings, the Filter Team will use them solely to address the privilege claims raised in the Motion and will not provide them to, or discuss them with, anyone on the Case Team.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: ___/s/_____
Olga I. Zverovich / Matthew R. Shahabian
Assistant United States Attorneys
(212) 637-2514 / 1046

cc: all counsel by ECF

Enclosures