```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                            24 CR 542 (AS)

SEAN COMBS,
                                          Conference
            Defendant.
------------------------------x
                                          New York, N.Y.
                                          December 18, 2024
                                          2:00 p.m.


Before:

                  HON. ARUN SUBRAMANIAN,

                                          District Judge
```

```
 1                          APPEARANCES

 2   EDWARD Y. KIM
          United States Attorney for the
 3        Southern District of New York
     BY:  EMILY ANNE JOHNSON
 4        MEREDITH FOSTER
          CHRISTY SLAVIK
 5        MITZI STEINER
          Assistant United States Attorneys
 6
     AGNIFILO INTRATER LLP
 7        Attorneys for Defendant
     BY:  MARC A. AGNIFILO
 8        TENY R. GERAGOS

 9   SHAPIRO ARATO BACH LLP
          Attorney for Defendant
10   BY:  ALEXANDRA A. E. SHAPIRO

11   SHER TREMONTE LLP
          Attorney for Defendant
12   BY:  ANNA MARIA ESTEVAO

13   LAW OFFICE OF ANTHONY L. RICCO
          Attorney for Defendant
14   BY:  ANTHONY L. RICCO

15

16

17

18

19

20

21

22

23

24

25
```

                    (In open court; case called)

            DEPUTY CLERK:  Can the parties, starting with counsel for the government, please state their appearances for the record.

            MS. JOHNSON:  Good afternoon, your Honor.  Emily Johnson, Meredith Foster, Christy Slavik and Mitzi Steiner for the government.  We're joined at counsel table by Special Agent Sean Quinn from Homeland Security Investigations.

            THE COURT:  Good afternoon.

            MR. AGNIFILO:  Good afternoon, your Honor.  Marc Agnifilo.  Teny Geragos, Alexandra Shapiro, Anthony Ricco and Anna Estevao for our client, Sean Combs, who is with us here today in court.

            THE COURT:  Good afternoon.

            And good afternoon, Mr. Combs.

            MR. RICCO:  Judge, I would note that several of the defendant's children are present, and they traveled from the West Coast to be here this afternoon.

            THE COURT:  Very good.  Thank you for being here.

            Ms. Johnson, we'll start with you.  Maybe you can give us an update on where we are and what, from the government's perspective, we can productively take care of today.

            MS. JOHNSON:  Your Honor, I think the update on the government's end will be relatively brief.

            I will start with discovery.  I think that the

1   takeaway for the Court and counsel is that the government is on
2   track to produce all the discovery in its possession by the end
3   of this year.  I will make one note that the remaining
4   discovery is many large electronic files and technology can
5   sometimes be fickle, so if anything comes up, we'll alert Court
6   and counsel immediately.  But as of today, it is our
7   expectation that we will produce everything in our possession
8   by December 31.
9          Going forward, as the government has been clear, our
10  investigation is ongoing.  We are also, of course, awaiting
11  receipt of some records in some cases, and so we will produce
12  that material as we receive it on a rolling basis.
13         If the Court or defense counsel has any specific
14  questions about discovery, I'm happy to get into more details,
15  but that is the broad picture.
16         THE COURT:  Sure.  Thank you for that summary.
17         Since I raised this at the initial conference that we
18  had a few months ago, at that time we spoke briefly about
19  compliance with the government's *Brady* obligations, and I think
20  I mentioned to you that I might ask questions such that I could
21  just understand in general terms how the government has
22  complied with its obligations, and so anything you could tell
23  me in that regard would be helpful.
24         MS. JOHNSON:  Absolutely, your Honor.
25         The defense has written two letters to the government,

and the government has responded to those letters. You know, we note that we do not agree that every category set forth by the defense is in fact *Brady* material, but we are endeavoring to get them the information that they are requesting.

We have responded to that letter, as I mentioned. And in that response, we've disclosed certain information that may be helpful to the defense based on interviews conducted by the government during its investigation.

One other thing we did was advance, we pulled all the communications between the defendant and victim 1 that we knew of out of victim 1's devices -- that we knew of at the time, and produced those earlier in discovery so that they could review those materials which are substantial. Those communications touch on topics that the defense raised in their communications to us, so we wanted to make sure they had those sooner in the process.

We have also, you know, engaged with counsel in good faith on these kinds of questions, and we'll continue to do so as we finish our Rule 16 discovery.

THE COURT: Okay. And then outside of the specific communications that you've had with the defendant's side, independent of that, I take it that the government has also -- has processes in place so that any material that would require disclosure to the defense is promptly turned over.

MS. JOHNSON: Yes, your Honor. We are constantly

evaluating as material comes in the door whether disclosures are appropriate, and we will continue to do that going forward consistent with our obligations under *Brady* and other applicable laws and Rule 5(f).

THE COURT: Thank you.

In connection, you mentioned that the government's investigation is ongoing, which leads to my next question, which is, what can you tell me about that ongoing investigation, specifically how it will pertain to discovery because the next thing I'm going to talk to you about is the pretrial schedule, and then anything you can tell me with respect to the timing or substance of a superseding indictment in this case.

MS. JOHNSON: Your Honor, there is, unfortunately, not much I can say. I will say that we are proceeding as quickly as we can, and we are mindful of the trial date.

I will say that, you know, we are -- we are producing materials that come in the door, so to the extent the concern from the Court is that there will be additional discovery, I think that any additional charges likely will have minimal additional discovery, if any.

THE COURT: Thank you.

Mr. Agnifilo, now that we've gotten that summary --

MR. AGNIFILO: Yes, your Honor.

THE COURT: -- any issues from the government summary

or other issues related to discovery from your perspective.

MR. AGNIFILO: Yes. Thank you, Judge.

No issues. We've had an ongoing dialogue. The government provided a large tranche of discovery recently. I have been speaking with them. I understand there is going to be a very large tranche of discovery between now and the end of the year, and then by the end of the year, as they've told the Court and they've told us, for the most part, everything will be in.

What I think your Honor can probably expect — and we will resolve as many of these issues as we can — once we have all the discovery, we have held off making a request for a bill of particulars on Count One. We did ask for certain things on Count Two. And the idea behind that was rather than sort of jumping the gun and making a request and then the government sometimes, understandably, saying wait until you get all the discovery and see if you still have that question. We are going to wait until we get all discovery. If we don't need to do that, then we won't.

I say that because if your Honor remembers from the indictment, there are a number of -- the pattern of racketeering activities is really very vague in terms of when it took place. For instance, there will be an allegation that, for instance, multiple acts involving arson or involving kidnapping took place, and those are part of the racketeering

activity.  If we can glean from the discovery what events the government is talking about, then we know what it is and we don't have to go any further.

What I expect the process will be is once we get all the discovery in the next 13 days, or whatever it is, we'll go back to the government.  We'll say we still don't know what events you're talking about in X, Y, Z areas.  They will give us answers of some sort.  If those answers are satisfactory, then that ends doesn't matter.  If they're not satisfactory to us, we reserve the right to come to the Court and say, well, we really need more specificity, and the discovery doesn't give us the answers to these questions.  So that's one thing that's in process.

The other thing -- and your Honor brought up *Brady*, so I just wanted to sort of very briefly touch on this.  Our two discovery letters were very much focused on *Brady* material as it pertains to Count Two, the sex trafficking charge.  We have not really written the government a letter requesting specific *Brady* on Count One or on the RICO conspiracy and I'll just give one example.  For instance and there is going to be in a letter to the government.  If the government is in possession of information that whatever went on in the privacy of Mr. Combs' bedroom or hotel room was personal in nature, and not in any way related to the business, we're going to be of the view that that would be *Brady* material and relevant to the racketeering

1  conspiracy count.
2        So what I think what we're probably going to do when
3  we get all of the discovery in the next two weeks or so, is
4  come back to the government with a more specific *Brady* request.
5  We appreciate the fact that the government did give us the
6  disclosure letter.  I don't think the government is
7  characterizing it as *Brady*, but we did.  So the disclosure
8  letter that they did pertains to the issues in Count Two, and I
9  think probably the same process will go with Count One.
10       So for now we're very happy to be receiving discovery
11  that we're getting.  We're happy that we're going to have all
12  discovery by the end of the year.  I thank the government.  I
13  know they worked hard to do that and I want to thank them for
14  their efforts in that regard, and I expect that there will be
15  some new issues, motions, whether it be bills of particulars
16  requests or specific *Brady* requests that flow once all the
17  discovery is given to us.
18       So that's all I have on those points.  Thank you,
19  Judge.
20       THE COURT:  Thank you.
21       On the bill of particulars point, I did not understand
22  your motion to be limited to Count Two because obviously there
23  is certain overlap in the charges, and so at this point,
24  understanding that you're going to engage in the dialogue with
25  the government, and understanding that the government in

1  response to your motion indicated that it was willing to engage
2  in a dialogue to provide you with further information, would it
3  be appropriate at this juncture to deny without prejudice the
4  request that was made on the understanding that the government
5  is going to be open to a dialogue with you to provide you with
6  further specificity across the board on the indictment.
7         I mean -- and just to give you just my sense of what's
8  going on here, Count Two, as it stated in the indictment, is
9  limited to victim number 1, correct?  Right?
10        I'm not missing anything, right?  It's limited to
11 victim number 1, Ms. Johnson, is that correct?
12        MS. JOHNSON:  That is correct, your Honor.
13        THE COURT:  Okay.  So that's why my understanding was
14 that when you were asking for the victims across the board on
15 the indictment, that encompassed Count One because there are
16 references to multiple instances of sex trafficking that would
17 be chargeable under Section 1591.  So I understood it to
18 encompass all of that.  And you also cited in support of your
19 motion *Davidoff* and other cases that raise issues particular to
20 RICO cases and bill of particulars in those situations.  So
21 that's how I took your motion.
22        I understand, and I think reasonably so, you're
23 indicating that given that the government has said that it is
24 open to discussing those issues with you to provide you with
25 further detail, a bill of particulars at this present moment

1  may not be needed because you're going to engage in that
2  further dialogue.
3          With that summary of my understanding, am I missing
4  anything there?
5          MS. GERAGOS:  May I confer, your Honor, just for a
6  moment with Mr. Agnifilo?
7          THE COURT:  Of course.
8          (Counsel consult)
9          MR. AGNIFILO:  I think our preference would be to keep
10 the motion open for the time being with the understanding -- in
11 other words, not for the moment deny it without prejudice.  But
12 we are going to expand the request for particulars into things
13 that we haven't specifically asked for before, you know, time,
14 location of certain of the pattern of racketeering activity
15 that's in Count One.  So --
16         THE COURT:  Well, I don't think that it makes a
17 difference because it's without prejudice.  So if you want to
18 make the same motion the next day because it needs to be
19 decided, but based on what I've heard, there is going to be a
20 dialogue, and then you will supplement the motion potentially
21 with other issues that you need clarification on, right?  And
22 so rather -- it doesn't make much of a difference to me.  If
23 your preference is to leave the motion open, I'll leave it
24 open, and it could be supplemented, it could be resolved,
25 understanding that -- I just want you to understand what I'm

1  doing because there is that motion hanging out there, and I
2  want to make sure that you know I'm not ignoring it.
3            MR. AGNIFILO:  No.  No.  I know that, Judge.  Let me
4  just -- one more second.
5            (Counsel consult)
6            MR. AGNIFILO:  Thank you, your Honor.
7            I understand the Court's logic completely.  I think
8  our preference is to keep it open, and we're going to
9  supplement it.
10           THE COURT:  That's fine.  So let me turn back to
11 Ms. Johnson.
12           So you've heard Mr. Agnifilo in his summary, and they
13 want to have further discussions with the government.
14           In response to the motion that is pending, the
15 government's lead point not their only point but one of the
16 points was that the defense had failed to meet and confer in
17 compliance with Local Rule 16.1, and you indicated that you
18 were open to having that dialogue, is that right?
19           MS. JOHNSON:  Yes, that's correct, your Honor.
20           THE COURT:  Okay.  So I want to make sure that that is
21 a real invitation, and I am assuming that it is.  But since
22 you're here and we're looking for ways to move this case
23 forward productively, I just want to make sure that that was a
24 real invitation but because I think plage is going to come to
25 you and ask questions where they're asking for further

1  specificity on some of the issues in the indictment, and I just
2  want to make sure we're not going to be back here in the same
3  place with the government saying "I'm not going to provide any
4  further information as to what's in the indictment."  Do you
5  understand my concern?
6        MS. JOHNSON:  I understand, your Honor -- I believe I
7  understand, your Honor.  I can tell you that the government
8  will confer in good faith with the defense.  There may be
9  things that we disagree about, but we will absolutely engage in
10 those communications on the bill of particulars issue and on
11 any discovery issue in good faith.
12        THE COURT:  Great.  Thank you.
13        With that, Mr. Agnifilo, any other issues -- we were
14 focused on discovery.  Are there any other issues before we get
15 to a discussion about the schedule moving forward?
16        MR. AGNIFILO:  Let me just confer with my colleagues.
17 I don't believe there are any other issues, your Honor.  Thank
18 you.
19        THE COURT:  Ms. Johnson, I'll turn back to you.
20        At the October hearing, we set a motion schedule with
21 the defense motions due on February 17, oppositions on March 3,
22 and reply on March 10.  What I will ask the parties to do is to
23 meet and confer, and by January 3 provide the Court with any
24 updates on that motion schedule, along with additional dates
25 that would be helpful for us to have in advance.

1           The Court's goal here is to avoid any kind of surprise
2  at the last minute.  And so to the extent the parties can agree
3  on things like motions in limine, Daubert motions, expert
4  disclosures, jury instructions, and such, I think it's helpful
5  for us to get those dates on the calendar now so that we're not
6  scrambling to do that at the last minute.  And I'm sure you
7  will be able to take that up.
8           So we will wait for the parties' letter by January 3,
9  and given the current motion schedule, since we need a control
10 date at the very least for our next conference, let's say
11 March 17, 2025 at 11:00 a.m., unless we need to have an earlier
12 hearing on any motion that's filed by either side.
13          Okay?  So Ms. Johnson, I think that covers everything
14 that I wanted to talk about today.  But from the government's
15 perspective, is there any other issue that you'd like to
16 address?
17          MS. JOHNSON:  Your Honor, no, nothing else from the
18 government's perspective except for an application under the
19 Speedy Trial Act.
20          THE COURT:  Any objection to the application under the
21 Speedy Trial Act, Mr. Agnifilo?
22          MR. AGNIFILO:  No, your Honor.
23          THE COURT:  No.  All right.  So I will exclude time
24 under the Speedy Trial Act from today's date until March 17,
25 2025.  I find that the ends of justice served by excluding such

1  time outweigh the interest of the public and the defendant in a
2  speedy trial because time is needed for the completion of
3  discovery in and review by the defendant, and time for the
4  defendant to consider and prepare motions and to prepare for
5  trial.
6         Mr. Agnifilo, any further issues from your end that
7  you'd like to raise?
8         MR. AGNIFILO:  I don't believe so, your Honor.  Thank
9  you very much.
10         THE COURT:  Okay.  All right.  Well, I thank everyone
11  for coming in.  And if there are any further issues, we're
12  always here.  Thank you very much.
13         (Adjourned)
14
15
16
17
18
19
20
21
22
23
24
25