U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 3, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The parties respectfully submit this joint letter regarding the parties' proposed pre-trial schedule in this matter. At the initial conference, on October 10, 2024, the Court set the following pre-trial motion schedule: motions due on February 17, 2025, oppositions due on March 3, 2025, and replies due on March 10, 2025. The Court also set a May 5, 2025 trial date, a little over seven months after the defendant's September 2024 arrest. At the December 18, 2024 conference, the Court directed the parties to confer regarding any updates to the pre-trial motion schedule in this matter, along with any additional proposed pre-trial deadlines. The parties' respective positions are set out below.

**<u>Pre-Trial Motions</u>**

      *Government Position:*

      Given the May 5, 2025 trial date in this case, the Government respectfully submits that the current pre-trial motion schedule (in which the pre-trial motions would be fully briefed less than two months prior to trial) will not permit the parties to raise—and the Court to resolve—pre-trial issues sufficiently in advance of the May 5, 2025 trial. While the defendant is fully entitled to request a speedy trial, that does not mean that he is entitled to demand disclosure deadlines appropriate in cases with significantly longer timelines. Accordingly, the Government objects to any schedule—including that proposed by the defendant—requiring the Government to make trial disclosures (including an enterprise letter, 404(b)/413 notice, and expert notice) *before* the filing and/or resolution of pretrial motions, which may shape or affect those disclosures, including by affecting the scope of the charges or the evidence the Government is permitted to rely upon in its case-in-chief. A schedule requiring these disclosures prior to pre-trial motions being decided would also be contrary to the well-established practices of this District.[1] To permit the defendant

---

[1] To the extent that the Court contemplates requiring the Government to prepare trial disclosures *prior to* the Court adjudicating pre-trial motions, the Government would respectfully request to be heard further on this matter. Furthermore, the proposed dates listed herein are made with the information currently known to the Government, and the Government reserves all rights to re-visit

his speedy trial and to reflect the practices in this District with respect to the timing of pre-trial motions and trial disclosures, the Government respectfully requests that the Court advance the current pre-trial motion schedule by approximately two weeks to the following schedule:

- **January 31, 2025**: Pre-trial motions
- **February 14, 2025**: Oppositions due
- **February 21, 2025**: Replies due

*Defense Position:*

The Defense objects to a modification of the existing pretrial schedule, which has been set for months. Defense counsel have planned around the existing schedule and are not in a position to file pretrial motions in just four weeks, and only one month after the close of discovery (which included thousands of pages of search warrant affidavits). Moreover, anticipated pretrial motions will include motions to dismiss charges and to suppress evidence acquired through unlawful search warrants. The resolution of these motions should not impact the Government's trial disclosures. Even if the rulings narrow the scope of the case, this would simply make any trial disclosures over-inclusive. The risk that Mr. Combs will be deprived of a fair trial is far greater than the de minimis risk of over-inclusive disclosures on the part of the Government. The Government does not articulate any reason why it would need a ruling in order to provide an enterprise letter or other disclosures. Indeed, the Defense may elect not to file pretrial motions at all. Thus, there is no reason why the Government's disclosures should depend on the pretrial motion schedule.

**Enterprise Letter**

*Government Position:*

Consistent with the practice in this District, the Government proposes filing an Enterprise Letter, which will set out the specific acts and conduct underlying the racketeering conspiracy changed in the Indictment, approximately eight weeks in advance of trial (*i.e.*, by **March 7, 2025**). With such a schedule, the Enterprise Letter—which will provide more particular notice of the specific objects of the charged racketeering conspiracy, including (to the extent possible) the dates, times, places, and participants for each racketeering act—will incorporate the Court's rulings on pre-trial motions and will fully reflect the specific conduct that will be at issue at trial with respect to Count One.[2] Defense counsel's proposal that the enterprise letter be filed prior to pre-trial

---

the schedule for pre-trial motions and other dates (including disclosures and the trial date) depending on the outcome of pending motions and the course of this litigation.

[2] The Government notes that an Enterprise Letter will further obviate the need for the defendant's pending motion for a bill of particulars, as well as a bill of particulars with respect to Count One, raised by defense counsel at the December 18, 2024 conference. (*See* Dkt. No. 36; Dec. 18, 2024 Tr. at 7). *See also United States v. D'Amico*, 734 F. Supp. 2d 321, 335 (S.D.N.Y. 2010) ("In light of the 'Enterprise Letter' recently submitted by the Government (Docket No. 37), Watts' request for a bill of particulars is denied."); *United States v. Boyle*, No. S1 08 CR 534 (CM), 2009 WL 2032105, at *5 (S.D.N.Y. July 9, 2009) (denying motion for bill of particulars where government

motions is contrary to the practice in this District and inefficient given that pre-trial motions could impact the substance of the letter. The defendant's citation to the *Raniere* case in the Eastern District of New York is unavailing. *First*, the defendant in *Raniere* was arrested in March 2018 and his trial commenced in June 2019, a span of 15 months. By contrast, in this case, the defendant was arrested in September 2024, and the trial date was set—at the defendant's insistence—for May 5, 2025, a span of fewer than eight months. The defendant is trying to have his cake and eat it too here, by insisting on a speedy trial but also insisting on deadlines set in cases with much longer timelines. *Second*, even with the longer lifespan of the *Raniere* case, the enterprise letter in that case was due *after* the submission of pre-trial motions. *See* 18 Cr. 204 (NGG) (E.D.N.Y.), Dkt. No. 232.

*Defense Position:*

As the Defense has said before, Mr. Combs is at a significant disadvantage. Defense counsel still do not understand the contours of the Government's allegations (including who the Government even considers a victim), and have repeatedly asked for assistance from the Government. Indeed, despite the Government's statements to the Court during the December 18 conference, the Government recently confirmed that it continues to oppose the Defense's requests for information (including identification of alleged victims). Unless and until the Government is required to make trial disclosures, the Defense will remain ignorant of the evidence it is required to meet. The result will be a fundamentally flawed trial. As the Government states, early trial disclosures (particularly with respect to § 3500 material and enterprise letters) will likely obviate the need for motions for a bill of particulars. Accordingly, Mr. Combs proposes that the Government file its enterprise letter by **February 1, 2025**. *United States v. Raniere*, 18 Cr. 204 (NGG) (E.D.N.Y.), ECF 232 (setting January 28, 2019 deadline for Government's enterprise disclosures in anticipation of May 5, 2019 trial).

**Expert & Rebuttal Expert Notice**

*Government Position:*

The Government proposes that all parties provide expert notice approximately eight weeks in advance of trial (*i.e.*, by **March 7, 2025**), and that all parties provide notice of rebuttal experts (if any) approximately six weeks in advance of trial (*i.e.*, by **March 21, 2025**). Such a schedule will permit *Daubert* briefing and challenges to any noticed expert. Defense counsel has indicated that it will not provide expert notice until the Government first provides its expert notice—however, such a seriatim schedule is inefficient, potentially interferes with possible *Daubert* challenges, and is inconsistent with normal practices in this District. *See, e.g., United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (S.D.N.Y.) (Dkt. No. 173) (scheduling order setting date on which both parties would provide expert disclosures).

---

will file "an 'enterprise letter' setting forth in greater detail the specific acts and conduct underlying the racketeering conspiracy charge in this case").

*Defense Position:*

The Defense proposes that the Government provide expert notice approximately eight weeks in advance of trial (*i.e.*, by **March 7, 2025**), that the Defense provide reciprocal expert notice approximately six weeks in advance of trial (*i.e.*, by **March 21, 2025**), and that the Government provide notice of any rebuttal experts approximately five weeks in advance of trial (*i.e.*, by **March 28, 2025**).

Rule 16 clearly provides for pretrial disclosure of defense experts *only if* the defendant requests the same disclosures from the Government "and the government complies." Fed. R. Crim. P. 16(b)(1)(C)(i). A defendant's disclosure obligation is thus triggered only once the Government complies with its own disclosure obligation. *See also* Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment ("Once the requested information is provided, the government is entitled, under (b)(1)(C) to reciprocal discovery of the same information from the defendant."). The 1997 Advisory Committee note repeats this understanding of the rule: "[A]s amended in 1993, the defense is entitled to disclosure of certain information about expert witnesses which the government intends to call during the trial. And if the government provides that information, it is entitled to reciprocal discovery under (b)(1)(C)." *Id.* advisory committee's note to 1997 amendment.

The Defense proposal is consistent with normal practices in this District and provides ample time for *Daubert* briefing and challenges to any noticed expert. The Government claims its proposal is "normal practice," citing one case, but in fact it is perfectly normal for district courts to set schedules consistent with Rule 16 rather than requiring simultaneous disclosure. *See, e.g.*, *United States v. Garelick*, 23 Cr. 307 (LJL) (S.D.N.Y.), ECF 85 ("[T]he Government's initial expert disclosures are due February 22, 2024; Defendants' initial and rebuttal expert disclosures are due March 6, 2024; the Government's rebuttal expert disclosures are due March 16, 2024").

**404(b) / 413 Notice**

*Government Position:*

The Government proposes providing notice pursuant to Rules 404(b) and 413 of the Federal Rules of Evidence approximately eight weeks in advance of trial (*i.e.*, by **March 7, 2025**). Such a schedule is "reasonable" under the Federal Rules of Evidence, *see* Fed. R. Evid. 404(b)(3)(A) (requiring the Government to "provide reasonable notice"); Fed. R. Evid. 413(b) (requiring disclosure at least 15 days before trial), and will permit the Government to incorporate the Court's rulings on pre-trial motions and will permit defense counsel ample time to move *in limine* on any noticed information. *See United States v. Maxwell*, 534 F. Supp. 3d 299, 325 (S.D.N.Y. 2021) (finding that Government's proposal to provide 404(b) notice 45 days in advance of trial would give defendant "an opportunity to challenge admission of that evidence and to bring to the Court's attention any issues that require resolution before trial," and noting "[t]his is all that Rule 404(b) requires").

*Defense Position:*

Mr. Combs proposes that the Government provide 404(b) and 413 notice by **February 1, 2025**. *See, e.g.*, *United States v. Raniere*, 18 Cr. 204 (NGG) (E.D.N.Y.), ECF 232 (setting comparable schedule).

**Motions *In Limine***

*Government Position:*

The Government proposes that all parties file motions *in limine* approximately six weeks in advance of trial (*i.e.*, by **March 21, 2025**) and opposition briefs approximately four weeks in advance of trial (*i.e.*, by **April 4, 2025**). Such a schedule will permit the parties to incorporate the Court's pre-trial rulings and allow the parties to make more meaningful motions *in limine*, thereby preserving judicial efficiency.

*Defense Position:*

The Defense proposes that all parties file motions *in limine* by **April 1, 2025**, and opposition briefs by **April 11, 2025**. Unless the government is required to make trial disclosures in February and early March (including the enterprise letter, 404(b) notice, and 3500, discussed below), the Defense will be unable to file motions *in limine* by March 21, 2025, as proposed by the government.

**3500**

*Government Position:*

The Government proposes producing 3500 material, to include substantive statements made by witness's attorneys, approximately six weeks in advance of trial (*i.e.*, by **March 21, 2025**) under an "Attorney Eyes Only" designation, and re-designating the material as "Attorney's Possession Only" pursuant to the terms of the protective order in this case to allow the defendant to view the materials approximately four weeks in advance of trial (*i.e.*, by **April 4, 2025**) for law enforcement witnesses, and two weeks in advance of trial (*i.e.*, by **April 18, 2025**). Consistent with the defendant's request, after the Government's initial production of 3500 material, the Government will make its best efforts to produce newly generated 3500 material within 24 hours of its creation. This proposal affords defense counsel ample opportunity to conduct further investigation and prepare for trial. Particularly in a case such as this, in which there are significant concerns about witness tampering and obstruction (including by the defendant personally as well as intermediaries), production of such material six weeks in advance of trial provides the defendant sufficient opportunity to prepare for trial while also protecting witness safety and the integrity of the proceedings.

Defense counsel's request for production of 3500 material in advance of the submission of pre-trial motions is not supported by common sense, and certainly finds no basis in the law. As an initial matter, the Jencks Act "prohibits a District Court from ordering the pretrial disclosure of

witness statements." *United States v. Coppa*, 267 F.3d 132, 145 (2d Cir. 2001); *see also United States v. Terrell*, 2023 WL 7220736 (JMF), S.D.N.Y. (Nov. 2, 2023) ("[T]o the extent that Defendants seek disclosure of witness statements, including statements of potential co-conspirators, their motions are meritless. It is well established that there is no obligation to disclose such statement prior to trial (unless they are subject to disclosure pursuant to *Brady* or *Giglio*); in fact the Court cannot order early disclosure of such statements subject to production under the Jencks Act."); *United States v. Avenatti*, 559 F. Supp. 3d 274, 285 (S.D.N.Y. 2021) ("To the extent that Avenatti seeks early disclosure of the Government's trial materials, including the statements of witnesses and victims, his request is frivolous as 18 U.S.C. 3500, the Jencks Act, 'prohibits a District Court from ordering the pretrial disclosure of witness statements.'") (quoting *Coppa*, 267 F.3d at 145)).

Be that as it may, the Government will agree to a voluntary production of Jencks Act material, or 3500, well in advance of trial, as is customary in this District. *See, e.g.*, *United States v. Gillier*, No. 11 Cr. 409 (PAE), 2022 WL 179204, at *3 (S.D.N.Y. Jan. 19, 2022) ("The Government's timetable for producing [*Jencks*] material [two weeks before trial] is common in this District."); *United States v. Rivera*, No. 16 Cr. 175 (LGS), 2017 WL 1843302, at *2 (S.D.N.Y. May 8, 2017) ("The practice in this District is to provide both *Giglio* and Jencks Act material at the same time, which should be at least one day prior to the testimony of the witness."); *United States v. Wey*, No. 15 Cr. 611 (AJN), 2017 WL 237651, at *23 (S.D.N.Y. Jan. 18, 2017) (Jencks Act materials are "typically produced a week or two before the start of trial, depending on the complexity of the case"); *Nigro v. United States*, No. 09 Cr. 1239 (PKC), 2016 WL 3211968, at *2 (S.D.N.Y. June 9, 2016) ("As is customary in this district, the government agreed to an earlier voluntary production [of *Jencks* materials] and, in this case, that production was much earlier than usual the Thursday before the start of a Monday trial.").

*Defense Position:*

The Defense proposes that the Government disclose 3500 by **March 1, 2025** given the unique circumstances of this case. In particular, the Government's inability to appreciate what constitutes *Brady* and *Giglio* information means that the Government will be withholding exculpatory witness statements in its possession until the 3500 deadline. The Government has already demonstrated its inability to appreciate the contours of *Brady* and *Giglio*, as well as the time required to effectively make use of such material (including defense investigation, subpoenaing evidence, and interviewing witnesses). We anticipate that this will be the subject of motion practice, as early as next week. An early 3500 deadline may resolve such *Brady* disputes, as well as motions for bills of particular.

For instance, the Government appears to take the view that information undermining certain claims by Victim 1 need not be disclosed promptly because it is merely "impeachment" rather than "exculpatory," and therefore should not be disclosed until the 3500 deadline. This overlooks the fact that evidence that undermines her claims also undermines the Government's theory of the case and the criminal allegations, making them affirmatively exculpatory. It also minimizes the time required to make effective use of the withheld information. Of course, regardless of whether information qualifies as "exculpatory" or "impeachment," it must be disclosed *in time for its effective use at trial*. *See United States v. Coppa*, 267 F.3d 132, 135 (2d

Cir. 2001). The timing of any *Brady* disclosure is made on a case-by-case basis and depends on the use to which the material can be put, regardless of the exculpatory-versus-impeachment distinction. *See id.* at 146 ("[T]he time required for the effective use of a particular item of evidence will depend on the materiality of that evidence . . . as well as the particular circumstances of the case"); *see also Leka v. Portuondo*, 257 F.3d 89, 100-01 (2d Cir. 2001) ("[T]he longer the prosecution withholds information, or (more particularly) the closer to trial the disclosure is made, the less opportunity there is for use."). And delaying disclosure until shortly before trial risks Mr. Combs being "unable to divert resources from other initiatives and obligations," and "unable to assimilate the information into [his] case." *Leka*, 257 F.3d at 101. In this case—which, of course, rises and falls on the testimony of Victim-1—the requested material (whether it is *Brady* or *Giglio*) requires substantial pretrial investigation.

Moreover, because the Government continues to refuse to identify who it views as a victim also means that the Government is also failing to meet its *Brady* and *Giglio* obligations with respect to any other alleged victim. Requiring Mr. Combs to follow-up on all exculpatory evidence in the six weeks before trial is unconstitutionally burdensome.

3500 materials should also not be produced with an "Attorney Eyes Only" designation, particularly if the Court adopts the Government's proposal to delay disclosure of such material until March 21, 2025. Defense Counsel will need Mr. Combs' assistance to properly review the material and effectively prepare for trial.

**<u>Witness & Exhibit Lists</u>**

*Government Position:*

The Government proposes submitting its exhibit list and witness list approximately three weeks in advance of trial (*i.e.*, by **April 14, 2025**), subject to good faith revision. Submitting such lists earlier, as proposed by the defendant, is inefficient because the Court's rulings on motions *in limine* will likely affect the evidence (including both exhibits and witness testimony) that it will present in its case-in-chief.

The Government further proposes the defendant submit his exhibit list, witness list, and 26.2 material approximately one week in advance of trial (*i.e.*, by **April 25, 2025**). The Government understands that defense counsel agrees to submit the defendant's exhibit list and witness list by that date, but will not agree to turn over 26.2 material at that time. The Government respectfully requests the Court to order defense counsel to provide all 26.2 material at least one week in advance of trial. *See Bankman-Fried*, 22 Cr. 673 (LAK) (S.D.N.Y.), Dkt. No. 173 (ordering defendant to turn over witness list and 26.2 material two weeks in advance of trial).

*Defense Position:*

The Defense consents to the Government's proposed April 14, 2025 deadline for the Government to submit its exhibit list and witness list. The Defense further consents to submitting its own exhibit and witness lists by April 25, 2025. The Defense will not be in a position to provide 26.2 material until the close of the Government's case in chief, at which point it can assess the extent of any defense case.

**Jury Questionnaire Form**

The parties agree that each side will submit a proposed jury questionnaire form approximately three weeks in advance of trial (*i.e.*, by **April 11, 2025**), or earlier depending on the requirements of this District's Jury Clerk.

**RTCs, Voir Dire, Verdict Form**

The parties agree that each side will submit Requests to Charge, Voir Dire, and proposed Verdict Forms ten days in advance of trial (*i.e.*, by **April 25, 2025**).

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney

By: ___/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

By: ___/s_____
Marc Agnifilo
Teny Geragos
(646) 205-4350