# AGNIFILO
# INTRATER

January 15, 2025

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Sean Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write in response to the government's letter requesting redactions to the defense's January 14, 2025 letter motion. *See* Dkts. 126, 127. At the direction of the Court, the letter motion has been refiled with the government's requested redactions. *See* Dkt. 128, 129. Nevertheless, we write in opposition to the government's proposed redactions as overbroad and inconsistent with the presumption of public access to judicial documents, and seek leave to refile the letter motion with the narrower redactions.

    As an initial matter, the defense's general characterizations of evidence did not disclose the "content of AEO Material." Dkt. 26. A general description of the nature of the evidence – with specific descriptions and additional details redacted – is perfectly consistent with the language and spirit of the Protective Order. This is especially true when the existence of the evidence is already public and the government has regularly provided its own characterizations. *See, e.g.*, Indictment ¶ 12(a) (publicizing "extended sex acts with male commercial sex workers," and "elaborate and produced sex performances" that were "electronically recorded"); Dkt. 5 at 2, 12 (publicizing that "during the Freak Offs," alleged victims were subjected to "physical, emotional, and verbal abuse," including being "hit, kicked, . . . and dragged," and that alleged victim claims are "corroborated by" "videos of the Freak Offs").

    Even assuming the defense's general characterization of evidence without additional detail is covered by the Protective Order – which it is not – that is "not a valid basis for sealing." *United States v. Xu*, No. 23-CR-133-5 (JMF), 2024 WL 4504352, at *4 (S.D.N.Y. Oct. 16, 2024) (rejecting as a basis for sealing that the government designated material under the parties' protective order and directing government to justify how sealing is "consistent with the presumption in favor of public access to judicial documents" (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)). In determining if a document should be publicly accessible, a court should: (i) determine if it is a judicial document; (ii) determine the weight of the presumption of access attached to it; and (iii) balance the countervailing interests against the presumption of access. *See Lugosch*, 435 F.3d at 119-20; *see also Waller v. Georgia*, 467 U.S. 39, 46 (1984) ("[T]here can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and the

Hon. Arun Subramanian
January 15, 2025
Page 2 of 3

public."). Because the motion to amend the protective order is "useful in the juridical process," the presumption of public access applies. *See id.* This is especially true where, as here, it relates to the government's key piece of evidence and Mr. Combs' trial rights are being compromised by his inability to access it. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (strong presumption "derive[s] from the role those documents played in determining litigants' substantive rights—conduct at the heart of Article III— and from the need for public monitoring of that conduct"). Indeed, the public can only have confidence in the "conscientiousness, reasonableness, or honesty of judicial proceedings" if the documents on which judges rely are publicly available. *Id.* at 1048.

"[T]he presumptive right of access prevails unless it is overcome by 'specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'" *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013) (quoting *Lugosch*, 435 F.3d at 124). "Broad, general, and conclusory findings are insufficient." *Id.* Notably, "generalized statements" regarding sexual activity and privacy interests are insufficient. *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019)). The government's letter fails to address these issues and fails to provide any valid justification for sealing that would override the presumption of public access.

Moreover, any competing justification provided by the government would not outweigh the presumption of public access and justify sealing. While Victim 1 may have privacy interests that justify keeping the videos themselves under seal at this stage, including details of the content of the videos, the fact that Victim 1 was filmed while participating in the so-called "Freak Offs" is public information. Indeed, the government has publicized that these were "extended sex acts with male commercial sex workers" and "elaborate and produced sex performances" that were "electronically recorded." Indictment ¶ 12(a). The government has publicized gratuitous details, including the use of "baby oil, lubricant, extra linens, and lighting," "room damage," and "delivery of IV fluids." *Id.* ¶ 12(b). The government even held a press conference publicizing the seizure of "more than 1,000 bottles" of "personal lubricant and baby oil." And the government has publicly asserted that "during the Freak Offs," alleged victims were subjected to "physical, emotional, and verbal abuse," including being "hit, kicked, . . . and dragged," and that alleged victim claims are "corroborated by" "videos of the Freak Offs." Dkt. 5 at 2, 12. Faulting the defense for characterizing that same evidence as exculpatory and consensual is an unfair double standard and demonstrates the government's intent to mislead the public and the Court. To accept the government's broad reading of the protective order would turn it into a tool to shield the public from any interpretation of the evidence that could be favorable to Mr. Combs, after the government has been able to tout its own inculpatory interpretation. The result will be an unfairly polluted jury pool, manufactured by the government's misleading narrative and widely disseminated by the press.

Hon. Arun Subramanian
January 15, 2025
Page 3 of 3

    We appreciate the Court's consideration.

Dated: January 15, 2025          Respectfully submitted,

                                       Marc Agnifilo
                                       Teny Geragos
                                       AGNIFILO INTRATER
                                       445 Park Ave., 7th Fl.
                                       New York, NY 10022
                                       646-205-4350
                                       marc@agilawgroup.com
                                       teny@agilawgroup.com

                                       Alexandra Shapiro
                                       Shapiro Arato Bach LLP
                                       1140 Avenue of the Americas, 17th Fl.
                                       New York, NY 10036
                                       (212) 257-4881
                                       ashapiro@shapiroarato.com

                                       Anna Estevao
                                       SHER TREMONTE LLP
                                       90 Broad St., 23rd Fl.
                                       New York, NY 10004
                                       (212) 202-2600
                                       aestevao@shertremonte.com

cc:        all counsel by ECF