

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 30, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter regarding the S1 Indictment returned today in the above-referenced case by a Grand Jury sitting in this District (the "S1 Indictment"). As set forth below, the S1 Indictment contains no new charged offenses but includes additional allegations in Count One, the charged racketeering conspiracy, and specifies certain victims relevant to Counts One and Three. The Government has already produced the vast majority of discovery associated with the S1 Indictment and does not expect the S1 Indictment to affect existing pre-trial deadlines. The Government respectfully requests that the defendant be arraigned on the S1 Indictment at the next scheduled court conference.

      **I.**    **Overview of the S1 Indictment**

      In addition to the allegations included in the initial Indictment, the S1 Indictment includes the following new allegations:

- Additional speaking allegations regarding racketeering activity (*see* S1 Indictment ¶¶ 3, 4, 5);

- Extension of the racketeering conspiracy from in or about 2004 through in or about 2024 (*see* S1 Indictment ¶¶ 6, 13);

- Additional allegations related to the means and methods of the racketeering enterprise related to sex trafficking, including the trafficking of three specified female victims ("Victim-1," Victim-2," and "Victim-3"), and certain acts of violence (*see* S1 Indictment ¶¶ 12(a), (b), (d), (e), (f), and (i));

- Additional racketeering activity involving kidnapping chargeable under New York Penal Law (*see* S1 Indictment ¶ 13(a));

- Additional narcotics and controlled substances (specifically psilocyn and methamphetamine) included in the racketeering activity involving the possession

      with intent to distribute and distribution of narcotics and controlled substances in violation of federal law (*see* S1 Indictment ¶ 13(h)); and

- Modification of the "to wit" clause in Count Three to include Victim-1, Victim-2, and Victim-3 (*see* S1 Indictment ¶ 17).

The S1 Indictment does not add any new counts or contain any substantive changes, other than those outlined above.

## II.    Discovery and Pre-trial Schedule

The Government has already produced to the defense nearly all Rule 16 discovery related to the new allegations contained in the S1 Indictment. This discovery included: productions of search warrant affidavits; the defendant's own electronic devices and accounts; identified data from devices and accounts belonging to third parties; and subpoena returns, among other material.

In addition to the discovery already produced, the Government is preparing a limited discovery production relevant to Counts One and Three of the S1 Indictment. Specifically, by approximately February 14, 2025, the Government expects to produce additional identified data from a third-party cloud account ("Account-1"), from which the defendant has already received identified data (*see* USAO_01142709). The Government anticipates that the additional identified data from Account-1 will be limited to media files (*i.e.*, videos and photographs) from an approximately one-year period. The Government will continue to promptly produce on a rolling basis any additional discoverable material it obtains.

The Government does not expect the S1 Indictment to affect the scheduling order entered by the Court on January 8, 2025. (*See* Dkt. No. 125).[1]

## III.    Arraignment and the Speedy Trial Act

The Government respectfully suggests that the Court arraign the defendant on the S1 Indictment at the next scheduled court conference.

---

[1] As the Government has previously indicated, its investigation remains active and ongoing. The Government will endeavor to return any further superseding indictment as promptly as possible, mindful of the May 5, 2025 trial date in this case. Additionally, and regardless of whether the Government seeks to charge any additional offenses, to the extent the Government obtains additional evidence that it may seek to introduce at trial, it will disclose such evidence to the defense as either Rule 16 or Jencks Act material. The Government further remains cognizant of its ongoing *Brady* obligations and will promptly disclose any exculpatory evidence in its possession of which it becomes aware.

At the December 18, 2024 status conference, the Court set a control date of March 17, 2025 and excluded time under the Speedy Trial Act until that date. Under Second Circuit law, the same Speedy Trial Act exclusions under the original indictment are carried over to a superseding indictment. *See United States v. Roman*, 822 F.2d 261, 263-64 (2d Cir. 1987), *cert. denied*, 484 U.S. 954 (1987); *see also United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995) ("A superseding indictment inherits the clock of the original [indictment.]"). Accordingly, time is excluded under the Speedy Trial Act until March 17, 2025.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: ___/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc: Counsel of record (by ECF)