UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

SEAN COMBS,
  a/k/a "Puff Daddy,"
  a/k/a "P. Diddy,"
  a/k/a "Diddy,"
  a/k/a "PD,"
  a/k/a "Love,"
                    Defendant.

S2 24 Cr. 542 (AS)

**MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT'S MOTION**
***IN LIMINE* TO PRECLUDE EVIDENCE PURSUANT TO RULES 413 AND 404(b)**

MATTHEW PODOLSKY
Acting United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278

Maurene Comey
Meredith Foster
Emily A. Johnson
Christy Slavik
Madison Reddick Smyser
Mitzi Steiner
Assistant United States Attorneys
  *Of Counsel*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND ................................................................................................... 1

I.     The Charges and Evidence Against the Defendant ................................. 1

     A.    The Defendant's Sexual, Physical, and Psychological Abuse of the Statutory Victims ................................................................................ 2

     B.    The Defendant's Sexual Abuse and Assault of Non-Statutory Victims ................. 5

ARGUMENT ..................................................................................................... 11

I.     THE COURT SHOULD ADMIT EVIDENCE OF THE DEFENDANT'S OTHER SEXUAL ASSAULTS AS DIRECT EVIDENCE AND, IN THE ALTERNATIVE, UNDER FEDERAL RULES OF EVIDENCE 413 AND 404(b) ................................. 11

     A.    Applicable Law ................................................................................ 12

          1.    Direct Evidence ................................................................. 12

          2.    Federal Rule of Evidence 413 ............................................ 13

          3.    Federal Rule of Evidence 404(b) ...................................... 14

          4.    Federal Rule of Evidence 403 ............................................ 15

     B.    Discussion ....................................................................................... 16

          1.    Evidence Regarding ███████████████████ Is Admissible as Direct Proof of the Racketeering Conspiracy Charged in Count One .............................................................. 17

          2.    The Defendant's Charged Conduct with Respect to Victim-3 and Victim-4 Constitutes Sexual Assault Under Rule 413 ............................................. 19

          3.    Evidence of the Defendant's Other Sexual Abuse is Admissible Under Rules 413 and 404(b) and Has Exceptional Probative Value .................. 23

          4.    The Probative Value of the Defendant's Other Sexual Abuse Evidence Outweighs Any Potential Prejudice ........................ 28

II.    A PRELIMINARY HEARING IS UNNECESSARY AND INAPPROPRIATE ...... 30

CONCLUSION ................................................................................................... 30

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boyce v. Weber*,
    No. 19 Civ. 3825 (JMF), 2021 WL 2821154 (S.D.N.Y. July 7, 2021)....................................... 22

*Carrol v. Trump*,
    124 F.4th 140 (2d Cir. 2024).......................................................................................................... 29

*Costantino v. Herzog*,
    203 F.3d 164 (2d Cir. 2000).......................................................................................................... 15

*Huddleston v. United States*,
    485 U.S. 681 (1988)....................................................................................................................... 14

*Old Chief v. United States*,
    519 U.S. 172 (1997)....................................................................................................................... 16

*Parker v. Randolph*,
    442 U.S. 62 (1979)......................................................................................................................... 16

*United States v. Abu-Jihaad*,
    630 F.3d 102 (2d Cir. 2010).......................................................................................................... 29

*United States v. Basciano*,
    599 F.3d 184 (2d Cir. 2010).......................................................................................................... 18

*United States v. Berrios-Miranda*,
    919 F.3d 76 (1st Cir. 2019) ........................................................................................................... 30

*United States v. Blazek*,
    431 F.3d 1104 (8th Cir. 2005)....................................................................................................... 22

*United States v. Brooks*,
    723 F. App'x 671 (11th Cir. 2018)................................................................................................ 21

*United States v. Bruno*,
    873 F.2d 555 (2d Cir. 1989).......................................................................................................... 15

*United States v. Casimiro*,
    No. 09 Cr. 497 (NRB), 2011 WL 2714217 (S.D.N.Y. July 8, 2011)........................................... 15

*United States v. Cirillo*,
    468 F.2d 1233 (2d Cir. 1972)........................................................................................................ 16

*United States v. Colon*,
    880 F.2d 650 (2d Cir. 1989).......................................................................................................... 15

*United States v. Coppola*,
    671 F.3d 220 (2d Cir. 2012).......................................................................................................... 13

*United States v.Courtright*,
    632 F.3d 363 (7th Cir. 2011)......................................................................................................... 22

*United States v. Davis*,
    624 F.3d 508 (2d Cir. 2010).......................................................................................... 14, 28, 29

*United States v. Enjady*,
    134 F.3d 1427 (10th Cir. 1998).................................................................................... 14, 23, 24

*United States v. Everett*,
    825 F.2d 658 (2d Cir. 1987).......................................................................................................... 16

*United States v. Fennell,*
　496 F. Supp. 2d 279 (S.D.N.Y. 2007) ................................................................. 27

*United States v. Foley,*
　740 F.3d 1079 (7th Cir. 2014) ..................................................................... 21, 22

*United States v. Frank,*
　No. 04 Cr. 20778, 2006 WL 8434880 (S.D. Fla. Nov. 16, 2006) ........................... 21

*United States v. Gadsden,*
　300 F. App'x 108 (2d Cir. 2008) ......................................................................... 15

*United States v. Golubski,*
　No. 22 Cr. 40055 (TC), 2024 WL 1199256 (D. Kan. Mar. 20, 2024) ..................... 30

*United States v. Gonzalez,*
　110 F.3d 936 (2d Cir. 1997) .............................................................................. 12

*United States v. Graham,*
　No. 14 Cr. 500 (NSR), 2015 WL 6161292 (S.D.N.Y. Oct. 20, 2015) ..................... 26

*United States v. Green,*
　No. 8:06 Cr. 191, 2006 WL 3761989 (D. Neb. Dec. 20, 2006) ............................ 21

*United States v. Hadden,*
　No. 23 Cr. 6822, 2024 WL 4456203 (2d Cir. Oct. 10, 2024) ............................... 14

*United States v. Harris,*
　733 F.2d 994 (2d Cir. 1984) .............................................................................. 13

*United States v. Harvel,*
　115 F.4th 714 (6th Cir. 2024) ........................................................................... 23

*United States v. Hitt,*
　473 F.3d 146 (5th Cir. 2006) ............................................................................ 21

*United States v. Inserra,*
　34 F.3d 83 (2d Cir. 1994) ............................................................................ 13, 15

*United States v. Julian,*
　427 F.3d 471 (7th Cir. 2005) ............................................................................ 23

*United States v. Kelly,*
　No. 22 Cr. 1481, 2025 WL 466673 (2d Cir. Feb. 12, 2025) ................................ 25

*United States v. Larson,*
　112 F.3d 600 (2d Cir. 1997) .............................................................................. 28

*United States v. Martino,*
　759 F.2d 998 (2d Cir. 1985) .............................................................................. 15

*United States v. Mejia,*
　545 F.3d 179 (2d Cir. 2008) .............................................................................. 13

*United States v. Memoli,*
　648 F. App'x 91 (2d Cir. 2016) .......................................................................... 14

*United States v. Mound,*
　149 F.3d 799 (8th Cir. 1998) ............................................................................ 23

*United States v. O'Connor,*
　650 F.3d 839 (2d Cir. 2011) .............................................................................. 28

*United States v. Ozsusamlar,*
　428 F. Supp. 2d 161 (S.D.N.Y. 2006) ................................................................ 15

*United States v. Paulino,*
　445 F.3d 211 (2d Cir. 2006) .............................................................................. 16

*United States v. Payne*,
   591 F.3d 46 (2d Cir. 2010) ................................................................. 13
*United States v. Pitre*,
   960 F.2d 1112 (2d Cir. 1992) ............................................................. 15
*United States v. Porter*,
   121 F.4th 747 (9th Cir. 2024) ............................................................. 23
*United States v. Purcell*,
   967 F.3d 159 (2d Cir. 2020) ............................................................... 25
*United States v. Roldan-Zapata*,
   916 F.2d 795 (2d Cir. 1990) ......................................................... 13, 16
*United States v. Schaffer*,
   851 F.3d 166 (2d Cir. 2017) ........................................................ passim
*United States v. Scott*,
   677 F.3d 72 (2d Cir. 2012) ................................................................. 14
*United States v. Tranquillo*,
   606 F. Supp. 2d 370 (S.D.N.Y. 2009) ............................................... 27
*United States v. Turkette*,
   452 U.S. 576 (1981) ........................................................................... 18
*United States v. Tussa*,
   816 F.2d 58 (2d Cir. 1987) ................................................................. 16
*United States v. Vafeades*,
   No. 2:14 Cr. 153 (DN), 2015 WL 9273936 (D. Utah Dec. 18, 2015) ............... 30
*United States v. Vickers*,
   708 F. App'x 732 (2d Cir. 2017) .................................................. 13, 29
*United States v. Wager*,
   651 F. Supp. 3d 594 (N.D.N.Y. 2023) ............................................... 22
*United States v. Wardlow*,
   No. 13 Cr. 83 (W-DW), 2014 WL 12693076 (W.D. Mo. Dec. 9, 2014) ............... 21
*United States v. Williams*,
   205 F.3d 23 (2d Cir. 2000) ................................................................. 16
*United States v. Zackson*,
   12 F.3d 1178 (2d Cir. 1993) ............................................................... 15

## Statutes

18 U.S.C. § 1589 ..................................................................................... 25
18 U.S.C. § 1962 ................................................................................. 1, 18
18 U.S.C. § 1591 ................................................................................. 1, 25
18 U.S.C. § 2421 ....................................................................................... 1

## Rules

Fed. R. Evid. 403 .............................................................................. 15, 28
Fed. R. Evid. 404 ............................................................................. passim
Fed. R. Evid. 413 ............................................................................. passim

## PRELIMINARY STATEMENT

The Government respectfully submits this memorandum in opposition to the defendant's motion *in limine* to exclude evidence of the defendant's sexual abuse of other victims under Federal Rules of Evidence 413 and 404(b).  Since his arrest, the defendant has insisted that every victim in this case consented to every sex act the Government has identified.  Having made plain his intention to argue at trial that he believed every alleged coercive sex act was consensual, the defendant has put his knowledge and intent squarely at issue.  To resolve that dispute, the jury is entitled to hear the testimony of ███████████████████████████████████ ████████████████████.  That testimony powerfully establishes that the defendant made no mistake when he coerced other victims into unwanted sex.  It proves that the defendant intended to take the sexual gratification he wanted, regardless of consent.

Certain of this evidence is admissible as direct evidence of Count One and should be admitted on that basis.  Further, the Court should admit this evidence both as evidence of "other sexual assaults" under Rule 413, and as evidence of the defendant's knowledge, intent, and absence of mistake under Rule 404(b).  The defense's motion to prevent the jury from hearing this damning evidence should be denied.

## BACKGROUND

### I.    The Charges and Evidence Against the Defendant

On March 6, 2025, the grand jury returned Indictment S2 24 Cr. 542 charging the defendant in three counts: 1) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) ("Count One"); (2) sex trafficking, in violation of 18 U.S.C. §§ 1591 and 2 ("Count Two"); and (3) interstate transportation to engage in prostitution, in violation of 18 U.S.C. §§ 2421(a) and 2 ("Count Three").  (Dkt. No. 169 ("Indictment')).  As charged in the Indictment, the defendant, often

assisted by other members and associates of the racketeering enterprise (the "Enterprise"), engaged in numerous offenses constituting racketeering activity, including, as relevant here, sex trafficking, forced labor, other acts of sexual and physical violence, and obstruction. (*Id.* ¶¶ 1-14).

In particular, Count One alleges that, as part of a pattern of racketeering activity, the defendant sex trafficked three victims ("Victim-1," "Victim-2," and "Victim-3") through force, fraud, and coercion. (*Id.* ¶ 12(a)). Specifically, the defendant coerced all three victims to participate in highly orchestrated sexual encounters that lasted for multiple hours and sometimes full days without sleep. (*Id.* ¶ 12(a)). Some of these commercial sex acts involved male escorts and were referred to by the defendant as "Freak Offs." (*Id.* ¶ 12(b)). Count One also alleges that the defendant obtained the forced labor of all three of those same victims during the course of commercial sex acts and obtained the forced labor of one of his employees ("Victim-4," and together with Victims-1, -2, and -3, collectively the "Statutory Victims"), including sexual activity with the defendant, through force and threats of serious harm. (*Id.* ¶ 12(i)). Count One also alleges that the purposes of the Enterprise included fulfilling the defendant's sexual desires, protecting his reputation, and concealing his abusive conduct (*id.* ¶ 11), and that the means and methods of the Enterprise included threatening and pressuring victims to stay silent, (*id.* ¶ 12(j)-(k)). Count Two pertains to the defendant's sex trafficking of Victim-1. (*Id.* ¶ 16). Count Three pertains to the defendant's transportation of Victim-1, -2, and -3, and commercial sex workers in interstate and foreign commerce with the intent that they engage in commercial sex acts. (*Id.* ¶ 17).

## A. The Defendant's Sexual, Physical, and Psychological Abuse of the Statutory Victims

The Government has provided the defense with more details about the racketeering activity it intends to prove in connection with Count One in letters dated February 1, 2025; March 10, 2025; and March 26, 2025, attached hereto as Exhibit A (the "Enterprise Letters"). ████████

████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████ At trial, the Government expects to argue that the defendant used these

tactics to cause Victim-1 and -2 to engage in sex acts with male escorts during Freak Offs, and to

cause Victim-3 and -4 to engage in sex acts with the defendant himself. ████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

      ███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████

      ███████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

<hr />

[1] ████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

**B. The Defendant's Sexual Abuse and Assault of Non-Statutory Victims**

In addition to the Statutory Victims, the defendant, often assisted by other members and associates of the Enterprise, ██████████████████████████ The Government seeks to call ███████████████████ (collectively the "Non-Statutory Victims"), whose accounts are summarized below.[2]

███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

████████████████    ██████████████████████

███████████████████████████████████████████████

---

[2] On March 7, 2025, the Government provided the defense notice pursuant to Rules 413 and 404(b) for the victims referenced herein. ██████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
████████████████████████████████████████████████████
     ████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████ ████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████████████████████████████
███████████████  ████████████████████████████████████
████████████████████████████████████  ████████████████

─────────────────────────────
[3]  ████████████████████████████████████████████████
██████████████████████████







## ARGUMENT

**I.    THE COURT SHOULD ADMIT EVIDENCE OF THE DEFENDANT'S OTHER SEXUAL ASSAULTS AS DIRECT EVIDENCE AND, IN THE ALTERNATIVE, UNDER FEDERAL RULES OF EVIDENCE 413 AND 404(b)**

Evidence of the defendant's sexual assaults of ██████████████████████ ████████████ is admissible as direct evidence of, among other things, the existence and purposes of the charged Enterprise, the means and methods used by the defendant to commit Count One, and the pattern of racketeering activity engaged in by the defendant and others.[8]  As alleged in Count One, the purposes of the charged Enterprise was to "[f]ulfill[] the personal desires" of the defendant, including those related to his "sexual gratification," enhancing the power of the defendant through sexual abuse, enabling the defendant and other members and associates of the Enterprise to engage in, *inter alia*, acts of sexual violence, and protecting the defendant from detection and prosecution through intimidation and threats.  (Indictment ¶ 11(d), (e), (f) and (g)). In addition, Count One alleges that one of the means and methods of the Enterprise involved the defendant threatening "victims' careers and livelihoods, including if they resisted engaging in sex

---

[8] ████████████████████████████████████████████████████

acts with Combs." (*Id.* ¶ 12(f), (j), (k)). As alleged in the Indictment, the Government expects to show that the pattern of racketeering evidence in which the defendant and others engaged involved a "persistent and pervasive pattern of abuse toward women" and others, including "verbal, emotional, physical, and sexual" abuse. (*Id.* ¶ 3).

Further, all of the testimony regarding the sexual assaults of the Non-Statutory Victims described above is admissible under Federal Rule of Evidence 413 and to prove the defendant's knowledge, intent, and absence of mistake under Rule 404(b). The testimony of these ████ ████ constitutes powerful proof that the defendant intended to coerce the Statutory Victims into unwanted sexual activity, knew that the Statutory Victims did not consent to the charged sex acts, and did not mistakenly believe that the Statutory Victims were consenting. Given the graphic testimony that the Statutory Victims will collectively give about years' worth of beatings, drug-fueled coercive sex marathons, and multiple rapes, the Non-Statutory Victims' testimony will be no more inflammatory than the evidence that the jury will already have before it at this trial. Accordingly, the highly probative proffered testimony is not unduly prejudicial under Rule 403.

## A. Applicable Law

### 1. Direct Evidence

Direct evidence of a charged crime is "not confined to that which directly establishes an element of the crime." *United States v. Gonzalez*, 110 F.3d 936, 941 (2d Cir. 1997).[9] As the Second Circuit has explained, "[t]o be relevant, evidence need only tend to prove the government's case, and evidence that adds context and dimension to the government's proof of the charges can have that tendency." *Id.* The Second Circuit has repeatedly held that the Government may introduce evidence of uncharged criminal acts as background and to prove the existence of the

---

[9] Unless otherwise noted, all citations omit internal citations, quotations, and alterations.

racketeering enterprise and a pattern of racketeering activity. *See, e.g.*, *United States v. Coppola*, 671 F.3d 220, 244-45 (2d Cir. 2012); *United States v. Payne*, 591 F.3d 46, 64 (2d Cir. 2010); *United States v. Mejia*, 545 F.3d 179, 206-07 (2d Cir. 2008). "Such conduct is not 'other' crime evidence subject to Fed. R. Evid. 404(b); rather, it is evidence of the very racketeering crimes charged." *Coppola*, 671 F.3d at 245. Evidence of uncharged crimes is also independently admissible "to complete the story of the crimes charged," and to "explain to the jury how the illegal relationship between [participants in the crime] developed." *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990); *see United States v. Harris*, 733 F.2d 994, 1006 (2d Cir. 1984); *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994) ("[E]vidence of other bad acts may be admitted to . . . demonstrate[e] the context of certain events relevant to the charged offense.").

### 2.    Federal Rule of Evidence 413

Rule 413 provides that "in a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. Such evidence may be considered on any matter to which it is relevant." Sexual assault, in turn, is defined as "a crime under federal law or under state law" involving "contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus"; "contact, without consent, between the defendant's genitals or anus and any part of another person's body"; or "an attempt or conspiracy to engage in [that] conduct." Fed. R. Evid. 413(a), (d)(2)-(3), (5). Simply put, cases concerning sexual abuse are unique. *United States v. Vickers*, 708 F. App'x 732, 736 (2d Cir. 2017) ("Sexual assault and child molestation cases are different."). In recognition of that fact, the Federal Rules of Evidence permit a court to "admit evidence that the defendant committed any other sexual assault" and such "evidence may be considered on any matter to which it is relevant." *Id.* (quoting Fed. R. Evid. 413(a)). Indeed, Rule 413 and its

companions, Rules 414 and 415, depart from Rule 404(b) inasmuch as they permit evidence of prior acts of sexual assault to prove a defendant's propensity to commit such acts. *See United States v. Schaffer*, 851 F.3d 166, 177-78 (2d Cir. 2017) ("In other words, a prosecutor may use evidence of prior sexual assaults precisely to show that a defendant has a pattern or propensity for committing sexual assault."); *United States v. Davis*, 624 F.3d 508, 511-12 (2d Cir. 2010) (district court did not abuse its discretion in admitting at trial a nineteen-year old conviction for child molestation); *United States v. Hadden*, No. 23 Cr. 6822, 2024 WL 4456203, at * 2 (2d Cir. Oct. 10, 2024) (affirming admission of evidence of defendant's other sexual assault and abuse crimes). "In passing Rule 413, Congress believed it necessary to lower the obstacles to admission of propensity evidence in a defined class of cases. Its rationale for sexual assault cases includes the assistance it provides in assessing credibility." *United States v. Enjady*, 134 F.3d 1427, 1431 (10th Cir. 1998); *see also Schaffer*, 851 F.3d at 178.

### 3.    Federal Rule of Evidence 404(b)

Under Rule 404(b), evidence of a defendant's prior crimes, wrongs, or acts are admissible to prove "motive, opportunity, intent, preparation, plan, knowledge identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Second Circuit has "adopted an inclusionary approach to other act evidence under Rule 404(b), which allows such evidence to be admitted for any purpose other than to demonstrate criminal propensity." *United States v. Memoli*, 648 F. App'x 91, 93 (2d Cir. 2016) (quoting *United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012)). The Supreme Court has recognized that other act evidence "may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." *Huddleston v. United States*, 485 U.S. 681, 685 (1988). Trial courts, therefore, have broad latitude in

determining whether to admit evidence pursuant to Rule 404(b), and their rulings will be reviewed only for abuse of discretion. *See Inserra*, 34 F.3d at 89. In particular, where a defendant claims that his conduct has an innocent explanation, evidence of prior acts is admissible to prove that the defendant acted with the state of mind necessary to commit the offense. *See, e.g.*, *United States v. Martino*, 759 F.2d 998, 1005 (2d Cir. 1985); *United States v. Gadsden*, 300 F. App'x 108, 110 (2d Cir. 2008); *United States v. Bruno*, 873 F.2d 555, 561-62 (2d Cir. 1989); *United States v. Casimiro*, No. 09 Cr. 497 (NRB), 2011 WL 2714217, at *2 (S.D.N.Y. July 8, 2011). A defendant's knowledge and intent are at issue unless the defendant has expressed with sufficient clarity a decision not to dispute that element of the offense. *See United States v. Colon*, 880 F.2d 650, 659 (2d Cir. 1989).[10] Moreover, the Government may introduce such evidence in its direct case. *See United States v. Zackson*, 12 F.3d 1178, 1183 (2d Cir. 1993); *see also Inserra*, 34 F.3d at 90.

### 4.    Federal Rule of Evidence 403

Whether admitted under Rule 404(b) or 413, prior act evidence is subject to Rule 403, which authorizes the exclusion of relevant evidence only if its "probative value is substantially outweighed by the danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. All evidence of guilt is, of course, prejudicial, in the sense of disadvantaging the defense, but that does not mean it is "unfairly" prejudicial. *Costantino v. Herzog*, 203 F.3d 164, 174 (2d Cir. 2000). Indeed, evidence may be "highly prejudicial" without being "unfairly prejudicial." *Schaffer*, 851 F.3d at 182. The Supreme Court has defined "unfair prejudice" as "the capacity of some

---

[10] "[T]o take intent out of a case, a defendant must make some statement to the court of sufficient clarity to indicate that the issue will not be disputed.'" *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992). "A defendant may do so either by putting forward a particular theory of defense or by specifically offering to stipulate." *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 168 (S.D.N.Y. 2006).

concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof of the specific offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Second Circuit has long made clear that "other act" evidence that is neither "more sensational" nor "more disturbing" than the charged crimes will not be deemed unfairly prejudicial. *Roldan-Zapata*, 916 F.2d at 804; *see also Schaffer*, 851 F.3d at 183 (finding no error in district court's admission of videos depicting minors trying on swimsuits and being fondled by the defendant where conduct portrayed was "not more inflammatory" than the sexual conduct charged); *United States v. Paulino*, 445 F.3d 211, 223 (2d Cir. 2006); *United States v. Williams*, 205 F.3d 23, 34 (2d Cir. 2000); *United States v. Everett*, 825 F.2d 658, 660 (2d Cir. 1987). Put differently, the fact that evidence may be damning does not render it inadmissible. *See United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir. 1972).

To the extent there is any risk of unfair prejudice from otherwise probative evidence admitted under Rule 404(b), the Court may provide limiting instructions to remind the jury that the defendant is not on trial for any offense other than the crimes charged. *See United States v. Tussa*, 816 F.2d 58, 68 (2d Cir. 1987) (limiting instruction sufficient to preclude prejudice to defendant); *see generally Parker v. Randolph*, 442 U.S. 62, 75 n.7 (1979) ("The 'rule'—indeed, the premise upon which the system of jury trials functions under the American judicial system— is that juries can be trusted to follow the trial court's instructions.").

###    B.    Discussion

Desperately trying to keep this highly probative evidence hidden from the jury, the defendant suggests first that the charged conduct fails to constitute "sexual assault" under Rule 413 (Mot. at 4-12), and then that evidence of the Non-Statutory Victims is inadmissible under Rule

404(b) and 403, (*id.* at 13-27).  The defendant's arguments—which do not address the testimony's admissibility as direct evidence—are meritless.[11]

As an initial matter, evidence of the defendant's assaults of ███████████████ ████████████████████████████████████████████████████, all of which was enabled by other members and associates of the Enterprise, is admissible as direct evidence of Count One.  Further, evidence of all ███████████████████ is admissible under Rules 413 and 404(b).  The defendant's charged conduct with respect to Victim-3 and Victim-4, which involved the defendant ████████ ██████████████ ████████████████, clearly constitutes sexual assault under Rule 413, as does his sexual abuse of the Non-Statutory Victims.  Moreover, ████████████████████████████████████████████ is admissible to prove the defendant's knowledge, intent, and absence of mistake when coercing all four Statutory Victims into sexual activity under Rule 404(b).  Finally, because evidence concerning the Non-Statutory Victims is both highly probative and no more inflammatory than the charged conduct, it is admissible under Rule 403.

**1.  Evidence Regarding ████████████████████████████ Is Admissible as Direct Proof of the Racketeering Conspiracy Charged in Count One**

To carry its burden on the racketeering conspiracy in Count One, the Government must establish, among other things, that (a) the charged racketeering enterprise existed; and (b) the defendants engaged in a "pattern of racketeering activity" or agreed that the enterprise would be

---

[11] The Government provided notice of its intent to introduce ████████ testimony as direct evidence in its March 10, 2025 Enterprise Letter.  In a supplemental letter dated March 26, 2025, the Government further advised that in addition to moving under Rules 413 and 404(b), the Government planned to admit evidence relating to ████████████████████ as direct evidence.  Because the defendant filed its motion to preclude those victims' testimony prior to receiving that supplemental notice, the Government does not object to the defendant raising any arguments addressing direct evidence in his reply.

operated through such a pattern. 18 U.S.C. § 1962(c), (d). Evidence relating to these issues will be intertwined at trial, as evidence of "the nature of the enterprise" can "prove the relatedness and continuity essential to a pattern, thereby helping to establish 'that the defendant's own acts constitute a pattern within the meaning of RICO.'" *United States v. Basciano*, 599 F.3d 184, 207 (2d Cir. 2010); *see also United States v. Turkette*, 452 U.S. 576, 583 (1981) (reasoning that, although enterprise and pattern are distinct elements of racketeering, evidence proving these elements "may in particular cases coalesce").

Here, the defendant's sexual assaults of ███████████████████████████

██ are powerful, direct evidence of the existence of the Enterprise—including its members and its means and methods—as well as the pattern of racketeering activity alleged in Count One. ███



. In sum, this evidence proves the existence of the Enterprise, its purposes, and the means and methods by which the defendant and his co-conspirators carried out a pattern of racketeering activity that included "persistent and pervasive" abuse. (*See, e.g.*, Indictment ¶¶ 3, 11(d), (e), (f), and 12(e) and (f)).



███ evidence of these events proves that the purposes of the Enterprise included fulfilling the defendant's sexual desires, protecting his reputation, and concealing his abusive conduct (Indictment ¶ 11(d) and (h)), and that the means and methods of the Enterprise included threatening and pressuring victims to stay silent, (Indictment ¶ 12(j)-(k)).

Accordingly, ████ ████ ████ ████ ███ ████'s testimony and corroborating evidence is relevant to the existence of the Enterprise and the pattern of racketeering and should be admitted as direct evidence of Count One.

### 2. The Defendant's Charged Conduct with Respect to Victim-3 and Victim-4 Constitutes Sexual Assault Under Rule 413

The defendant does not appear to dispute that the Non-Statutory Victims' proffered testimony describes conduct that falls within Rule 413's definition of "sexual assault." Fed. R. Evid. 413(d). (Mot. at 7-12). Indeed, these acts are crimes "under state law" involving "contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus" or "contact, without consent, between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413. Rather, the defendant claims that he has not been "accused of a sexual assault" in the Indictment as required under Rule 413(a) because sexual assault is not an element of the offenses charged. (Mot. at 7). This argument ignores the detailed speaking allegations underlying the sex trafficking and forced labor racketeering predicates

charged in Count One. ████████████████████████████████████████████

██████████████████████████████████████████

As to Victim-3, the commercial sex acts alleged as part of the Mann Act violation in Count Three and the sex trafficking racketeering predicate for Count One, as well as the labor alleged as part of the forced labor predicate for Count One, include instances when the defendant coerced Victim-3 ████████████████████████████. Similarly with respect to Victim-4, the labor alleged as part of the forced labor predicate of Count One includes instances when the defendant forced and coerced Victim-4████████████████████████████████████████

████████████████████████████████████████████ the defendant's coerced and/or forced█

████████████████████ with Victim-3 and Victim-4 constitute crimes "under state law" involving "contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus" or "contact, without consent, between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413.

In nevertheless pressing this Court to determine that the defendant has not been "accused of a sexual assault," the defense suggests that Rule 413 only applies in cases charging the crime of sexual assault. (Mot. at 11-12). The defendant is mistaken. The Rule itself does not list specific

---

[12] The Government's Rule 413 analysis here focuses on evidence regarding Victim-3 and Victim-4.████████████████████████████████████████████  ████████

████████████████████████████████████████████████████

████████████████████████████████. For purposes of this motion, the Government is not requesting the Court to find that the defendant's actions with respect to Victim-1 and Victim-2 fall within Rule 413's definition of sexual assault. *See* Fed. R. Evid. 413(d)(2)-(3).

statutes constituting an accusation of sexual assault, instead defining the term to include a variety

of sexual abuse.  *See* Fed. R. Evid. 413(a).[13]

Implicitly acknowledging that the Rule is not limited to cases charging a particular list of

statutes, the defendant appears to suggest that the Court should apply the categorical approach to

determine whether a charged offense qualifies as a sexual assault—an approach rejected by

multiple Circuits.  *See United States v. Foley*, 740 F.3d 1079, 1086-87 (7th Cir. 2014) (finding

Rule 413 applied to defendant's case, even though "the government could prove all of his charged

crimes without proving that he committed an actual sexual assault" because "[t]he focus of the

Federal Rules of Evidence is on facts"); *United States v. Brooks*, 723 F. App'x 671, 680-81 (11th

Cir. 2018) (finding the categorical approach does not apply to Federal Rule of Evidence 414).[14]

Courts instead apply a fact-specific inquiry, rather than an elements-based test, to determine

whether a defendant is accused of sexual assault within the meaning of Rule 413.[15]  *See United*

*States v. Hitt*, 473 F.3d 146 (5th Cir. 2006) (affirming application of Rule 413 to Mann Act charge

---

[13] The defendant is vague about what he believes constitutes a charge of sexual assault in this context, but he appears to suggest that it must be an offense featuring sexual assault as an element. (Mot. at 12).

[14] This decision implicitly rejects a district court's analysis years earlier from within the Eleventh Circuit, which the defendant cites as persuasive authority.  *See United States v. Frank*, No. 04 Cr. 20778, 2006 WL 8434880, at *5 (S.D. Fla. Nov. 16, 2006).

[15] The first district court decision from within the Eighth Circuit that the defendant highlights does not appear to the contrary, as that case charged the defendant with transporting the victim with intent that the victim engage in prostitution with others and not with the defendant himself.  *See United States v. Wardlow*, No. 13 Cr. 83 (W-DW), 2014 WL 12693076, at *2 (W.D. Mo. Dec. 9, 2014).  ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████  The second district court decision from within the Eighth Circuit that the defendant cites does not grapple with the preliminary question of whether the categorical approach applies because the prosecution in that case apparently argued that sexual assault was an element of the kidnapping crime charged.  *See United States v. Green*, No. 8:06 Cr. 191, 2006 WL 3761989, at *1 (D. Neb. Dec. 20, 2006).

where minor victim testified that defendant anally raped him); *United States v. Blazek*, 431 F.3d 1104, 1108 (8th Cir. 2005) (affirming application of Rule 413 where Indictment's allegations went beyond statutory language of 18 U.S.C. § 2423(b) to allege defendant intended to assault minor). And although the Second Circuit has not been squarely presented with this issue, at least one district court in this Circuit has applied a similar fact-based analysis and eschewed the categorical approach when faced with a similar argument. *United States v. Wager*, 651 F. Supp. 3d 594, 600 (N.D.N.Y. 2023) (rejecting categorical approach and finding Rule 413 applied to defendant charged with enticement in violation of 18 U.S.C. § 2422(b)); *see also Boyce v. Weber*, No. 19 Civ. 3825 (JMF), 2021 WL 2821154, at *8-9 (S.D.N.Y. July 7, 2021) (adopting a fact-specific approach to "companion" Rule 415).

The one Circuit case the defendant cites is not to the contrary. In *United States v. Courtright*, the defendant was charged with production of pornography based on photographs he took of a minor victim. 632 F.3d 363, 365 (7th Cir. 2011). There, the minor victim had initially reported that the defendant sexually assaulted her in the course of producing the pornography, but did not testify about the sexual assault at trial. *Id.* at 365-67. Accordingly, the facts of the child pornography production charge established at trial in that particular case did not involve any accusation of sexual assault and Rule 413 was inapplicable. By contrast, the very same Circuit concluded that Rule 413 *did* apply to a different defendant who was charged with production of child pornography in which the defendant could be seen sexually assaulting the minor victim on camera. *See Foley*, 740 F.3d at 1086-87. In other words, the proper analysis turns on the facts underlying the charge, not on whether sexual assault is an element of the charged offense.

Here, the facts alleged in connection with the racketeering activity involving the defendant's sex trafficking of Victim-3 and forced labor of Victim-3 and Victim-4 put this case

squarely within Rule 413's ambit. ███████████████████████████████████

███████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ Simply put, the defendant is

alleged to have committed the racketeering predicates of sex trafficking and forced labor by

committing multiple sexual assaults. As the Second Circuit has explained, in passing this Rule,

Congress "considered knowledge that the defendant has committed [sex crimes] on other

occasions to be critical in assessing the relative plausibility of sexual assault claims and accurately

deciding cases that would otherwise become unresolvable swearing matches." *Schaffer*, 851 F.3d

at 178. This is precisely such a case. The defendant will insist that any sexual contact he had with

Victim-3 and Victim-4 was entirely consensual. ███████████████████████████████████

███████████████████████████████████████████████████████. The

testimony of ███████████████████████████████████████████████████████

████thus lends substantial plausibility to the testimony of Victim-3 and Victim-4.[16]

### 3. Evidence of the Defendant's Other Sexual Abuse is Admissible Under Rules 413 and 404(b) and Has Exceptional Probative Value

The defendant's ████████████████████████████ is clearly admissible under

Rule 413 as "other sexual assault[s]" and may therefore be "considered on any matter to which it

is relevant." Fed. R. Evid. 413(a). But the Court need not even decide the Rule 413 issue, because

---

[16] In a last gasp effort to avoid the admission of this evidence, the defendant also suggests that Rule 413 is violative of the Due Process Clause. (Mot. at 9). The inapposite treatises and authorities he cites are mere subterfuge: every Circuit to consider this issue, including the Second Circuit, has upheld Rule 413 as constitutional. *See Schaffer*, 851 F.3d at 177-81; *United States v. Harvel*, 115 F.4th 714, 731-36 (6th Cir. 2024); *United States v. Porter*, 121 F.4th 747, 751-52 (9th Cir. 2024); *United States v. Mound*, 149 F.3d 799, 801 (8th Cir. 1998); *Enjady*, 134 F.3d at 1430-33; *see also United States v. Julian*, 427 F.3d 471, 487 (7th Cir. 2005) (rejecting equal protection challenge to Rule 413).

the same evidence is also admissible under Rule 404(b) to prove the defendant's knowledge, intent, and absence of mistake when coercing all four Statutory Victims to engage in sex acts.

### i. Rule 413

Rule 413 allows that evidence of the defendant's other sexual acts "may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a). Here, the defendant's ███████ ███████ are probative for a significant reason: each testifying Non-Statutory Victim makes more plausible the testimony of Victim-3 and Victim-4. Indeed, this was exactly why Congress passed Rule 413: because sexual assault cases often rest on the credibility of the victims and "[k]nowledge that the defendant has committed [sexual assaults] on other occasions is frequently critical in assessing the relative plausibility of these claims." *Enjady*, 134 F.3d at 1431; s*ee also Schaffer*, 851 F.3d at 178.

As in many sexual assault cases, the defendant was alone with Victim-3 and Victim-4 when he assaulted them. Victim testimony is at the heart of this trial, and for that reason the Government expects that the defendant will attack the credibility of the testifying victims, including through claims of fabrication, motive to lie, mistake, and faulty memory. Evidence of other sexual assaults by the defendant answers those attacks, lending credibility to the victims behind the similar accounts and serving the precise purposes Congress envisioned in enacting Rule 413. *See Schaffer*, 851 F.3d at 178; *Enjady*, 134 F.3d at 1431. This evidence is therefore admissible under Rule 413.

### ii. Rule 404(b)

The Court need not even decide the disputed issues regarding the interpretation of Rule 413, however, because all of the proffered evidence is also admissible under Rule 404(b) to prove the defendant had the requisite *mens rea* to sex traffic Victim-1, Victim-2, and Victim-3 and to coerce all four of the Statutory Victims to engage in forced labor. The defendant has clearly

previewed that his main defense to these allegations will be consent and has indisputably put his knowledge and intent at issue.  In other words, the defendant will argue that the Statutory Victims freely consented to the sexual activity charged within the sex trafficking and forced labor predicates.  That he has previously knowingly and intentionally forced and coerced multiple women into sexual activity to which they did not consent provides compelling evidence that the defendant understood the Statutory Victims did *not* consent to sexual activity and knowingly proceeded anyway.  Thus, evidence of the defendant's ████████████████████████ is admissible under Federal Rule of Evidence 404(b) and is particularly probative of the defendant's knowledge that his victims did not consent to sexual contact, intent to sexually gratify himself regardless of consent, and absence of mistake when engaging in non-consensual sex acts.

## 1. Intent and Knowledge

The testimony of the Non-Statutory Victims is particularly probative of the defendant's intent and knowledge.  To establish sex trafficking as alleged in Count Two, and as a predicate offense in Count One, the Government bears the burden of proving that the defendant knew or recklessly disregarded the fact that force, threats of force, fraud, or coercion would be used to cause Victim-1, Victim-2, and Victim-3 to engage in a commercial sex act.  *See* 18 U.S.C. § 1591; *United States v. Purcell*, 967 F.3d 159, 193 (2d Cir. 2020).  In addition, with respect to the forced labor predicate for Count One, the Government must prove that the defendant used physical force, psychological harm, financial harm, reputational harm, and/or threats of the same to cause all four Statutory Victims to engage in sex acts.  *See* 18 U.S.C. § 1589(c)(2); *United States v. Kelly*, No. 22 Cr. 1481, 2025 WL 466673, at *15-*16 (2d Cir. Feb. 12, 2025).

The defendant's history of refusing to take no for an answer and intentionally seeking to gratify his own sexual desires regardless of consent strongly supports the inference that he had the

same mindset—the same intent—when coercing the Statutory Victims to engage in the charged sexual activity here. Similarly, evidence that the defendant knew the Non-Statutory Victims did not want to engage in sexual activity supports the inference that he knew or recklessly disregarded the fact that he was causing the Statutory Victims to engage in sex acts against their will. *See United States v. Graham*, No. 14 Cr. 500 (NSR), 2015 WL 6161292, at \*4 (S.D.N.Y. Oct. 20, 2015) (admitting evidence under 404(b) to demonstrate intent since defendant's prior participation in kidnapping and forced prostitution defied his "innocent explanation" for the victim's presence in his apartment). Thus, when the defendant inevitably argues at trial that he had no clue these four women did not want the sexual experiences that he demanded, the Government should be able to point out that someone as practiced as he is in sexual assault surely recognized the signs of non-consent. And when the defendant claims that he only ever intended to have consensual, loving sexual experiences with the Statutory Victims, the Government should be able to point out his repeated intent to sexually gratify himself with unwilling participants.

### 2. Absence of Mistake

Finally, evidence of the defendant's other sexual abuse proves the absence of mistake. The Government anticipates that the defendant may seek to argue that he mistakenly believed himself to be engaging in consensual sex acts with the Statutory Victims or that his conduct was invited by his sexual partners. But ███████████████████████████████████████ ███████████████████████████████, including in the presence of, or with, third parties. Such testimony therefore makes plain that the defendant did not act inadvertently or due to a misconception that his sexual partners were willing participants in this conduct. *See* Fed. R. Evid. 404(b) (permitting proof of "absence of mistake, or lack of accident").

### 3. The Defendant Has Received Sufficient Notice

The defendant spends much of his briefing about Rule 404(b) complaining that the Government's written Notice is so deficient that evidence of every act identified therein must be precluded at trial. As an initial matter, the Government notes that despite meet-and-confer sessions between the parties since issuance of the Notice on March 7, 2025, the only perceived deficiency defense counsel has raised concerned the identities of the anonymized individuals referenced in the Notice. Pursuant to the Court's recent order, the Government provided those names to the defense on March 17, 2025. As a result, the defendant has sufficient information to understand the incidents highlighted in the Government's Notice and the basis for their admission at trial.

The Notice has since been further fleshed out in the Government's Jencks Act productions that the defense received on March 21, 2025 and, with respect to the Non-Statutory Victims, this very briefing.[17] Thus, even setting aside the earlier Notice, the detailed proffer set forth in this briefing, together with the production of Jencks Act material, more than satisfies the requirement that the Government "provide reasonable notice" of the evidence it seeks to offer at trial "so that the defendant has a fair opportunity to meet it," explain "the permitted purpose for which" the evidence is offered and "the reasoning that supports that purpose," and "do so in writing before trial." Fed. R. Evid. 404(b)(3). The defendant has therefore received the complete notice required by Rule 404(b)(3) more than a month in advance of trial. In these circumstances, there is no basis for the Court to preclude any of this evidence. *Cf. United States v. Tranquillo*, 606 F. Supp. 2d 370, 383 (S.D.N.Y. 2009); *United States v. Fennell*, 496 F. Supp. 2d 279, 284 (S.D.N.Y. 2007).

---

[17] The defendant requested to file the moving brief, rather than respond to the Government's motion to admit 413 and 404(b) evidence—which would have contained this additional detail. In any event, the Government is willing to provide a supplemental notice providing more detailed analysis of the basis for admissibility should the Court conclude it to be necessary.

Should the Court conclude that the notice provided to date through the Notice, Jencks Act material, and this briefing remains insufficient (and it should not), the proper remedy is an order to compel additional notice, just as this Court did with respect to the identities of the anonymized individuals.

**4.      The Probative Value of the Defendant's Other Sexual Abuse Evidence Outweighs Any Potential Prejudice**

Under Rule 403, the probative value of the defendant's other sexual abuse evidence outweighs any potential prejudice.  Fed. R. Evid. 403.  The probative value of the Non-Statutory Victims' testimony is strong and well corroborated.  ████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

Further, the conduct involving the Non-Statutory Victims is close in time to the charged conduct.  ████████████████████████████████████

████████████████████████████████████████████

████████████████████████  And to the extent the evidence predates the charged conspiracy, cases conducting Rule 403 analysis in both he 413 and 404(b) context make clear that even years-old conduct can be relevant.  *See United States v. O'Connor*, 650 F.3d 839, 853 (2d Cir. 2011); *Davis*, 624 F.3d at 512; *United States v. Larson*, 112 F.3d 600, 604-05 (2d Cir. 1997);

*Carrol v. Trump*, 124 F.4th 140, 170 (2d Cir. 2024).  Accordingly, the conduct is highly relevant to the charged conduct.[18]

Finally, the probative value of the testimony far outweighs any possible prejudice.  Evidence is not unfairly prejudicial solely because it relates to sexual abuse.  *See Davis*, 624 F.3d at 512; *Schaffer*, 851 F.3d at 178; *Vickers*, 708 F. App'x at 736.  That is particularly the case where, as here, the similar-act evidence is no more egregious than the charged acts.  Indeed, given the extensive graphic testimony that the Statutory Victims will collectively give about decades' worth of beatings, drug-fueled sex marathons, and multiple rapes, the Non-Statutory Victims' testimony will be no more inflammatory than other evidence the jury will hear.  *See, e.g.*, *Schaffer*, 851 F.3d at 183; *United States v. Abu-Jihaad*, 630 F.3d 102, 132-33 (2d Cir. 2010).  Given the defense's likely arguments and attacks on victim credibility in this case and the highly probative nature of the defendant's other sexual assault and abuse evidence on the defendant's knowledge, any potential prejudice under Rule 403 is easily outweighed.

Thus, in light of the nature of the allegations in the Indictment, which include a decades-long scheme involving violence, forced labor, and sex trafficking, brief testimony from the Non-Statutory Victims regarding other sexual assaults will not be unduly prejudicial or distracting.  And by admitting the evidence under Rule 404(b), the Court can further mitigate any potential prejudice through a limiting instruction about the purpose for which the evidence is being introduced.

---

[18] In attempting to undermine the Non-Statutory Victims, the defendant criticizes ██████████████████████████████████████████████████████████████████. (Mot. at 24-26).  By the defendant's reasoning, then, victims are damned if they do and damned if they don't file suit: if they file, they have a financial motive to fabricate and can't be believed; but if they don't file, then nothing serious must have happened, so they can't be believed.  This is precisely the type of double bind that perpetuates rape myths suggesting only a "perfect" victim can be believed.  The law does not require perfection.  Only probative value.  The Non-Statutory Victims have that in spades.

## II.     A PRELIMINARY HEARING IS UNNECESSARY AND INAPPROPRIATE

Finally, the defendant's request for a preliminary hearing is a thinly veiled attempt to cross-examine victims twice.  Although the defendant slings plenty of mud about the Non-Statutory Victims' accounts, he has yet to produce any contrary evidence and did not attach it to his Motion.  By contrast, the Government has provided detailed proffers of each victim's anticipated testimony and corroborating evidence.  Further, the accounts of the Non-Statutory Victims and those of the Statutory Victims corroborate each other.  This corroboration, together with the detailed proffers of each victim's anticipated testimony, is sufficient to satisfy Rule 104's low threshold for reliability.[19]  Any hearing requiring their testimony would re-victimize the Non-Statutory Victims by forcing them to face their abuser and endure cross-examination twice.  *See United States v. Vafeades*, No. 2:14 Cr. 00153 (DN), 2015 WL 9273936, at *5 (D. Utah Dec. 18, 2015) (finding Rule 413 hearing unnecessary); *United States v. Golubski*, No. 22 Cr. 40055 (TC), 2024 WL 1199256, at *1 (D. Kan. Mar. 20, 2024) (same); *United States v. Berrios-Miranda*, 919 F.3d 76, 78-79 (1st Cir. 2019) (affirming denial of defense request to cross-examine victim on basis that it "would only serve to further victimize him").

## CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion to preclude evidence of the Rule 413 Victims and grant the Government's motion to admit their testimony under Rule 413 and 404(b).

---

[19] Should the Court deem additional information necessary, however, the Government is also prepared to provide the more fulsome summaries of each victim's law enforcement interviews contained in the Jencks Act material, which has been produced to the defense.

MATTHEW PODOLSKY
Acting United States Attorney


By:    /s/_____
        Maurene Comey / Meredith Foster
        Emily A. Johnson / Christy Slavik
        Madison Reddick Smyser / Mitzi Steiner
        Assistant United States Attorneys
        (212) 637-2324/-2310/-2409/-1113/-2381/-2284