

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 11, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter in connection with the parties' proposed jury questionnaires for trial in the above-referenced case. Attached to this letter is the Government's proposed jury questionnaire. In advance of submitting this proposal, the Government and defense conferred and exchanged proposed questionnaires. Despite those conferrals, the parties were unable to reach agreement on the length and substance of a questionnaire for this case. The Government understands that the defense does not object to any of the Government's proposed questions, but rather believes that many additional questions should also be included. For the reasons set forth below, the Government respectfully urges the Court to adopt a shorter, more targeted questionnaire. The Government's proposal is crafted to ensure the jurors' efficient and accurate completion that will assist with the parties' exercise of for cause challenges and, along with in-person *voir dire*, will facilitate a thorough, complete, and accurate jury selection process.

      The Government's request for a short questionnaire arises primarily from recent experience in this District where a lengthy juror questionnaire in another case involving sexual abuse resulted in at least one trial juror providing inaccurate and incomplete answers that were only discovered after the verdict. *See United States v. Maxwell*, No. 20 Cr. 330 (AJN), 2022 WL 986298 (S.D.N.Y. Apr. 1, 2022). In *Maxwell*, jurors completed a lengthy questionnaire consisting of 51 questions, many of which had subparts, which were "designed to pre-screen for the major for-cause strike issues in the case." *Id.* at *2-3 (internal quotation marks omitted). "In-person *voir* dire" later addressed "appropriate follow-up questions based on questionnaire responses, additional questions more appropriately asked orally, and background information to aid the parties' exercise of informed peremptory challenges." *Id.* at *2. Following the verdict, a trial juror revealed during press interviews that he had been a victim of sexual abuse, which he had not disclosed when asked about that same topic in the questionnaire. *Id.* at *4-5. Ultimately, the district court held a hearing at which the juror testified that his answers to three questions on the questionnaire "were not accurate" and explained that he was "distracted as he filled out the questionnaire and 'completely skimmed way too fast,' leading him to misunderstand the questions." *Id.* at *5. This experience

suggests that lengthy questionnaires are not an effective or efficient means of conducting jury selection.

Based on the recent failure of a lengthy questionnaire calling for numerous narrative answers, the Government strongly believes that any questionnaire should be as concise as possible to ensure that jurors provide complete and accurate answers. The questionnaire adopted should further be targeted to address issues that relate to for-cause challenges rather than personal information that would only be relevant to peremptory challenges. In furtherance of these goals, any questionnaire should be limited to topics addressing potential for-cause challenges, should eschew questions about sensitive and personal topics, and should involve the simplest possible questions.

The defense's proposed questionnaire meets none of these goals. For starters, it has 72 questions, many of which have subparts, making it even longer than the questionnaire in *Maxwell*. Substantively, the defense's proposed questionnaire addresses many topics that have no bearing on potential for-cause challenges and some that should not be asked of any potential juror at all; asks many questions about sensitive and deeply personal topics; and calls for narrative answers within subparts to multiple questions. Below the Government identifies the specific questions in the defense's proposal to which it objects.

*First*, many questions in the defense's proposal have no bearing on potential for-cause challenges. They instead request biographical information that should be collected during in person *voir dire*, or they ask questions that are utterly irrelevant to the ability to serve on a jury. The following questions fall into this category:
- Questions 8 through 23
- Questions 37 through 38
- Questions 41 through 45
- Question 53
- Question 69

*Second*, several questions in the defense's proposal probe personal topics that are much better left to in-person *voir dire*. Especially where the Court is already planning to conduct individualized in-person *voir dire*, prospective jurors are much more likely to focus their full attention on the Court's in-person questions and to feel comfortable disclosing personal experiences in that context. This is especially so if a question calls upon jurors to disclose a past experience of sexual abuse or assault that they have never reported. The following questions fall into this category:
- Question 28
- Questions 30 through 36
- Question 39
- Question 40
- Questions 57 through 60
- Question 68
- Questions 70 through 72

*Third*, some questions themselves provide information to jurors that the jurors otherwise would not necessarily know, such as information about the defendant or about media coverage of this case, or are otherwise not written in a neutral manner.  The following questions fall into this category:

- Question 37
- Question 46
- Question 64
- Question 68
- Question 69

*Finally*, several questions include unnecessary subparts, unnecessarily call for a narrative response, and/or are confusingly phrased.  The following questions fall into this category:

- Question 3
- Question 7
- Question 13
- Question 15
- Question 16
- Questions 18 through 22
- Questions 26 through 38
- Question 43
- Questions 45 through 50
- Question 55
- Question 56
- Questions 61 through 65
- Question 68

To the extent the Court is inclined to nevertheless include any of the questions identified above, the Government respectfully asks to be heard on this topic at the conference scheduled for April 18, 2025 before the Court's questionnaire is finalized.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record (by ECF)