# AGNIFILO INTRATER

April 14, 2025

**TO BE FILED UNDER SEAL**[1]
**VIA E-MAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write in advance of today's arraignment on the third superseding indictment against Mr. Combs regarding certain matters we may need the Court's intervention on relating to the status of discovery relating to alleged Victim-4.

The government is aware of ▇▇ ▇▇▇▇▇▇ relevant documents in the possession of Victim-4. However, the government appears to have made the conscious decision to not take possession of these documents so as not to trigger a Rule 16 obligation. We have met and conferred with the government on this topic and they have stated that because the government does not possess the documents, that they have no Rule 16 obligation to seek out documents not in its possession. This is inappropriate for two reasons: because it is an intentional way to avoid a discovery obligation under Rule 16, and also because it is an intentional way of avoiding a *Brady* obligation because the government has not taken possession of the material. We address these points below.

▇▇▇▇▇▇▇▇ On March 6, 2025, the government unsealed its second superseding indictment and named Victim-4 as a victim of the forced labor predicate. S2 Indictment ¶ 12(i). In the beginning of the government's investigation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* USAO_00990044.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ government is aware of, but declines to take possession of, the vast amount of communications that seem to relate to charged racketeering acts and communications with the defendant. ▇▇

---

[1] This letter brief cites to material that is marked Attorney's Possession Only and Attorney's Eyes Only under the Protective Order. In an abundance of caution, we have filed this under seal.

Hon. Arun Subramanian
April 14, 2025
Page 2 of 3

███ . The government has only recently taken possession of and produced three screenshots of what seems to be a much longer WhatsApp chat thread ███

As the Court is aware, we have sought, and received, several Rule 17 subpoenas related to this investigation. The government has filed motions to quash related to two (Victim-1 and WBD)—both returns that would lead to fruitful areas of cross-examination of the alleged victims in this case. Here, it appears that the government has put the defendant in an untenable position—defend the case with only the discovery the government decides to take possession of, and if he tries to subpoena relevant materials, the government will move to quash.

Here, the government has indicated they will do the same here. Relying on *United States v. Avenatti*, 559 F.Supp.3d 274 (S.D.N.Y. 2021), the government stated to counsel that a clear reading of Rule 16 supports their position that so long as the government does not take possession of the material, they do not have an obligation to produce it to counsel. However, in *Avenatti*, the Court found that the defendant possessed an iCloud account which already included "thousands of records" of the WhatsApp messages he was seeking. *Id*. at 280. ███ And, the government has reason to believe that these messages contain *Brady*. ███ To strategically cherry-pick what it asks Victim-4 to produce to the government is an end run around Rule 16 and an improper way to decline to take possession of *Brady* material.

Accordingly, we ask that the Court order the government to take possession of ███ In the alternative, the defense plans to submit a Rule 17 subpoena to this Court for this material with a short return date.

---

[2] In connection with the defense's motion to suppress, we have disclosed to the Court that the government has previously taken possession of partial materials ███ .

2

Hon. Arun Subramanian
April 14, 2025
Page 3 of 3

      We appreciate the Court's consideration.

                                                    Respectfully submitted,

                                                    Marc Agnifilo
                                                   Teny Geragos
                                                   AGNIFILO INTRATER
                                                 445 Park Ave., 7th Fl.
                                                 New York, NY 10022
                                                 (646) 205-4350
                                                 marc@agilawgroup.com
                                                 teny@agilawgroup.com

                                                 Alexandra A.E. Shapiro
                                                 Jason A. Driscoll
                                                 SHAPIRO ARATO BACH LLP
                                                 1140 Avenue of the Americas,
                                                 17th Fl.
                                                 New York, NY 10036
                                                 (212) 257-4881
                                                 ashapiro@shapiroarato.com
                                                 jdriscoll@shapiroarato.com

                                                 Anna Estevao
                                                 SHER TREMONTE LLP
                                                 90 Broad St., 23rd Fl.
                                                 New York, NY 10004
                                                 (212) 202-2600
                                                 aestavao@shertemonte.com

cc:     All counsel (by ECF)