UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> SEAN COMBS, <br><br>                 Defendant. | 24-cr-542 (AS) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SEAN COMBS'S MOTION TO PRECLUDE EVIDENCE OF VICTIM-3'S** ████████

The government should not be allowed to introduce evidence that Victim-3 ███████ ████████ because it has no bearing on the charged offenses. Even if the Court finds that evidence is relevant pursuant to Federal Rule of Evidence 401—which it is not—it should be excluded pursuant to Federal Rule of Evidence 403 because it is unfairly prejudicial and cumulative. *See* Fed. R. Evid. 403 (providing district courts with discretion to exclude "relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

We expect the government to elicit evidence that Victim-3 ███████████████. According to the government, evidence of Victim-3's ███████ are probative of Mr. Combs's influence and control over Victim-3. But the government's theory relies on the erroneous conclusion that Mr. Combs coerced Victim-3 into ████████████. Not so. Recently produced Jencks Act material reveals that Victim-3 ██████████████████████████████ and ████████ ███████████████████████████████. (*See* Declaration of T. Geragos, Ex. A: ████████ at 12.)

The government apparently intends to offer evidence ████████████ to prove Mr. Combs's alleged coercion and control over ███████████████████████. This evidence should be excluded because its minimal probative value is substantially outweighed by a danger of unfair prejudice. *See* Fed. R. Evid. 403. There is no evidence, nor can the government demonstrate, that Mr. Combs coerced Victim-3 ████████████ nor has Victim-3 ever stated ████████████████████████████████████████████████████████████████ ████████. Discussions and even disagreements between sexual partners about ████████████ ████████ are unremarkable and are minimally probative of any element of the crimes charged.

1

Because Mr. Combs did not coerce Victim-3 ███████████████, lacks probative value. Indeed, without first offering "proof … sufficient to support a finding that" there was coercion, the evidence has no relevance and should be excluded. Fed. R. Evid. 104(b). And given the clear unfair prejudice, the Court should not conditionally admit the evidence, because it must "conduct [the] trial so that inadmissible evidence is not suggested to the jury by any means." *See* Fed. R. Evid. 103(d).

Given the sensitivity surrounding this ██████████, there can be no doubt that such information would outrage some members of the jury and cause unfair prejudice against Mr. Combs. *See Old Chief v. United States*, 519 U.S. 172, 180 (1997) ("The term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of … evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."). Courts across the country have found that admitting evidence ████████ violates Rule 403, recognizing ████████

████████████████████████████████.████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

       This case differs from others where the Second Circuit has affirmed the admission of ███████████. In other criminal cases, ██████ evidence has been admitted where, unlike Victim-3's ████████████ was probative of elements of the crimes charged. ██████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████

      Similarly, in ███████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████

3

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
████████████████

Furthermore, the government intends to elicit other evidence of coercion that has greater potential probative value. The Supreme Court instructs that "[i]f an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it if its discounted probative value were substantially outweighed by unfairly prejudicial risk." *Old Chief*, 519 U.S. at 182-83. Here, the government intends to offer evidence of actual physical assaults, financial and other manipulation, and a plethora of other evidence from the alleged twenty years of racketeering activity perpetrated by Mr. Combs. To inject such a ████████████████████ into the case—particularly when the government's Jencks Act material contradicts its own assertions that ██ ██████ were coerced—is needlessly cumulative.

Finally, allowing this evidence at the trial will unnecessarily delay jury selection as the Court will need to probe whether each potential juror can be fair ████████████████████. This is a waste of judicial resources in light of the tight timeframe for jury selection.

4

Because evidence of Victim-3's ▇▇▇▇ little probative value and the evidence would undoubtedly be fraught with unfair prejudice, be needlessly cumulative, and waste time, the Court should preclude it under Rule 403.

For the foregoing reasons, Mr. Combs requests that this Court preclude evidence of Victim-3's ▇▇▇▇

Dated: April 2, 2025
       New York, NY

Respectfully submitted,

_/s/_

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
(646) 205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4881
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestavao@shertemonte.com