UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>SEAN COMBS,<br><br>              Defendant. | 24-cr-542 (AS) |

**DEFENDANT SEAN COMBS'S MOTION IN LIMINE
TO EXCLUDE RULE 404(b) EVIDENCE**

# **TABLE OF CONTENTS**

                                                         **Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

    I.    THE CLUB NEW YORK INCIDENT SHOULD BE EXCLUDED ............................... 2

          A.   Background ............................................................................................................ 2

          B.   The Evidence Is Inadmissible Under Rule 404(b)(2) ........................................... 3

          C.   The Evidence Is Inadmissible Under Rule 403 .................................................... 5

    II.   THE ALLEGED STUDIO ASSAULT SHOULD BE EXCLUDED .............................. 9

          A.   Background ............................................................................................................ 9

          B.   The Evidence Is Inadmissible Under Rules 404(b) and 403 ....................................... 9

CONCLUSION ............................................................................................................................ 10

## **TABLE OF AUTHORITIES**

**Cases**   Page

*Berkovich v. Hicks*,
   922 F.2d 1018 (2d Cir. 1991)...................................................................................... 5

*Carroll v. Trump*,
   124 F.4th 140 (2d Cir. 2024) ....................................................................................... 4

*Dowling v. United States*,
   493 U.S. 342 (1990)..................................................................................................... 6

*Huddleston v. United States*,
   485 U.S. 681 (1988)..................................................................................................... 5

*Johnson v. Elk Lake School Dist.*,
   283 F.3d 138 (3d Cir. 2002).................................................................................... 4, 5

*Ricketts v. City of Hartford*,
   74 F.3d 1397 (2d Cir. 1996)........................................................................................ 5

*United States v. Angelilli*,
   660 F.2d 23 (2d Cir. 1981).......................................................................................... 5

*United States v. Brown*,
   765 F.3d 278 (3d Cir. 2014)........................................................................................ 4

*United States v. Curley*,
   639 F.3d 50 (2d Cir. 2011).......................................................................................... 6

*United States v. Figueroa*,
   618 F.2d 934 (2d Cir. 1980)........................................................................................ 6

*United States v. Franco*,
   2025 WL 501843 (D. Conn. Feb. 14, 2025) .............................................................. 4

*United States v. Gonsalves*,
   859 F.3d 95 (1st Cir. 2017)......................................................................................... 7

*United States v. Gordon*,
   987 F.2d 908 (2d Cir. 1993).................................................................................... 6, 7

*United States v. Johnson*,
   27 F.3d 1186 (6th Cir. 1994) ...................................................................................... 5

*United States v. Kahale*,
   789 F. Supp. 2d 359 (E.D.N.Y. 2009) ....................................................................... 7

*United States v. Martoma*,
  2014 WL 31191 (S.D.N.Y. Jan. 6, 2014) ...................................................................... 7

*United States v. McCallum*,
  584 F.3d 471 (2d Cir. 2009) ....................................................................................... 5

*United States v. O'Connor*,
  580 F.2d 38 (2d Cir. 1978) ......................................................................................... 4

*United States v. Ozsusamlar*,
  428 F. Supp. 2d 161 (S.D.N.Y. 2006) ......................................................................... 6

*United States v. Reese*,
  933 F. Supp. 2d 579 (S.D.N.Y. 2013) ......................................................................... 5

*United States v. Richards*,
  719 F.3d 746 (7th Cir. 2013) ..................................................................................... 9

*United States v. Shkreli*,
  2017 WL 3623626 (E.D.N.Y. June 24, 2017) ............................................................ 4

*United States v. Stein*,
  521 F. Supp. 2d 266 (S.D.N.Y. 2007) ......................................................................... 7

*United States v. Varoudakis*,
  233 F.3d 113 (1st Cir. 2000) ...................................................................................... 5

**Rules**

Fed. R. Evid. 403 ................................................................................................... 1, 5, 9

Fed. R. Evid. 404 ................................................................................................... passim

Fed. R. Evid. 413 ........................................................................................................ 1

**INTRODUCTION**

In its Rule 404(b) notice, ███████████████████████████████ ████ having nothing to do with the charged offenses into Mr. Combs's trial: ████ ████████████████████████████████████████████████████████████ ████████████████████████████████. Both should be excluded. Combs has already been acquitted of the Club New York incident, and for good reason. Those allegations were only supported by a single witness, whose testimony was convincingly refuted by substantial evidence at the earlier trial. That trial lasted seven weeks and included testimony by 60 witnesses, including a defense witness who is now dead. As for the studio incident, the government has not even interviewed ██████████, and the one witness █████████████████████ ███████████████████████.

In other words, it is unclear the government can even prove these decades-old allegations—indeed, it seems clear the Club New York incident never occurred, and that the passage of time and other factors will prejudice the defense's ability to disprove the allegations. But even if these incidents actually happened, they would have no relevance other than propensity, and whatever minimal probative value they might have would be substantially outweighed by the danger of unfair prejudice and the waste of time and distraction necessitated by the mini-trials that would inevitably ensue. Accordingly, like the allegations addressed in Mr. Combs's separate motion to exclude the proffered Rule 413 incidents, this evidence is inadmissible under Rule 404(b) and should be excluded under Rule 403.

**ARGUMENT**

I.  **THE CLUB NEW YORK INCIDENT SHOULD BE EXCLUDED**

   A.  **Background**

In a 2001 state criminal trial, Combs and his then-bodyguard Anthony "Wolf" Jones faced charges arising out of a 1999 shooting at Club New York, a midtown nightclub. Combs was charged with several gun crimes as well as bribery. After a two-month trial at which both he and Jones testified, they were both acquitted on all counts. Jones has since died. ███████████████████████████████████████—for which Combs was acquitted—as other-acts evidence to argue that Combs engaged in a pattern of obstruction throughout his life.

Based on the 3500 materials, it appears the government intends to rely solely on testimony from ████████████████████████████ The government interviewed ████████. ████████████████████ ████████████████████who testified for the defense in the 2001 trial and ████████████████████." Ex.1. The government ████████████████████, who was present for the alleged incident. The only other witness present—Jones—is dead.

The government seeks to prove that after the shooting, ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████ Ex.2. This is the same basic story ████ told at the 2001 trial. But his story quickly fell apart—which is why Combs was acquitted of the bribery charge. New York police booked both Combs and ████ into custody after the shooting, and after taking a property inventory that included anything valuable, they did not record any diamond ring. The

2

NYPD officer responsible for booking any property that evening testified at trial that if there was anything valuable in Combs's possession, he certainly would have booked it.



. Ex.2 at 1. At the 2001 trial, however, he testified the offer was made "too many to remember … anywhere from a dozen to a couple dozen … [it] was something that was repeated constantly…. It was a verbal assault a verbal barrage." Ex.3 at 3.

Id. at 1.

story is patently incredible, which is no doubt why the jury didn't believe him the first time.

Ex.2 at 1. As he testified at trial, he was in a "catatonic state." Ex.3 at 2.

### B.   The Evidence Is Inadmissible Under Rule 404(b)(2)

The principles applicable to evidence of other crimes are set forth in Mr. Combs's prior motion to exclude the government's proffered evidence of other sex crimes. The same principles apply here with equal force—and they require exclusion of the alleged obstruction. The alleged prior incident of bribery never happened, which is why the jury at the earlier trial rendered an

3

acquittal. Moreover, even if the incident had occurred, it would show nothing other than propensity, which is a prohibited purpose.

Once again, the government cannot demonstrate by a preponderance that the supposed bribery took place and thus cannot satisfy the standard of conditional relevance for evidence offered under Rule 404(b). *See Carroll v. Trump*, 124 F.4th 140, 155-56 (2d Cir. 2024); *Johnson v. Elk Lake School Dist.*, 283 F.3d 138, 156 (3d Cir. 2002). Indeed, the 2001 bribery acquittal demonstrates that ▮▮▮▮▮ story is highly questionable—especially given that the supposed diamond ring that was offered did not even exist. At a minimum, this Court should not admit ▮▮▮▮▮ testimony without first conducting an evidentiary hearing to examine his credibility.

And once again, the government's Rule 404(b) notice is "plainly insufficient" under the amended rule. *United States v. Franco*, 2025 WL 501843, at *14 (D. Conn. Feb. 14, 2025). The government did not even attempt to articulate "the [non-propensity] permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Once again, the government only offered the same lazy "laundry list" of every purpose listed in Rule 404(b). *See United States v. Brown*, 765 F.3d 278, 294 (3d Cir. 2014). The government's proposed rationale under Rule 404(b) is thus "conclusory and insufficient." *United States v. Shkreli*, 2017 WL 3623626, at *10 (E.D.N.Y. June 24, 2017).

Once again, the government's purported non-propensity purposes—to the extent they are even discernable—make no sense. An obstruction allegation from 1999 in connection with a gun possession incident does not demonstrate any preparation, plan, or motive to commit an entirely separate obstruction years later in connection with a different, unrelated crime. *See United States v. O'Connor*, 580 F.2d 38, 42 (2d Cir. 1978) (prior receipts of bribes "not sufficiently probative" of modus operandi or common design or plan). The different acts do not

4

share any "idiosyncratic" or "signature" traits that would be required for proof of non-propensity modus operandi. *United States v. Reese*, 933 F. Supp. 2d 579, 582-83 (S.D.N.Y. 2013); *see Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991). To the extent the prior act would demonstrate intent or knowledge or any other purpose, it would only do so by way of a propensity inference. Because propensity is "a necessary link in the inferential chain," the evidence is barred by Rule 404. *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000); *accord United States v. Angelilli*, 660 F.2d 23, 40 (2d Cir. 1981).

Even assuming ▇▇▇▇ story is true—which is a fantastical assumption—all it shows is "he did it before" so "he probably did it again." *United States v. Johnson*, 27 F.3d 1186, 1194 (6th Cir. 1994). That is nothing other than "propensity evidence in sheep's clothing," *United States v. McCallum*, 584 F.3d 471, 477 (2d Cir. 2009)—except the government here isn't really bothering with the clothing.

### C. The Evidence Is Inadmissible Under Rule 403

Even if there were some conceivable non-propensity inference, the evidence should be excluded under Rule 403 anyway. The probative value is minimal for several reasons.

First and foremost, the evidence establishing the prior act is incredibly weak. "[T]he strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing," *Huddleston v. United States*, 485 U.S. 681, 689 n.6 (1988), and "[w]here a past act cannot be shown with reasonable certainty, its probative value is reduced," justifying exclusion under Rule 403. *Elk Lake School Dist.*, 283 F.3d at 156. "The earlier exoneration of" Mr. Combs "lessens the probative value of [the] similar act evidence, tilting the scales further toward" exclusion. *Berkovich v. Hicks*, 922 F.2d at 1023; *accord Ricketts v. City of Hartford*, 74 F.3d 1397, 1415 (2d Cir. 1996).

5

And Combs was acquitted of the bribery charge in 2001 precisely because ▮ story was patently incredible. The probative value is particularly low because the "acquittal in [the] first trial represented a jury determination" that ▮ testimony was not credible. *Dowling v. United States*, 493 U.S. 342, 350 (1990). Nor has the government uncovered any new evidence. It apparently seeks to offer ▮ uncorroborated story alone. Nothing indicates that ▮ has a better recollection of the 1999 events today than he did in 2001. To the contrary, his testimony is likely to be substantially *less reliable* now than it was then. ▮▮. And he is less credible today, in part due to his subsequent efforts to monetize his story through lawsuits and tabloid television specials.

Second, the alleged obstruction is remote in time. The "remoteness of a [prior act], whatever its age, is always pertinent" when assessing probative value. *United States v. Figueroa*, 618 F.2d 934, 942 (2d Cir. 1980). Prior acts are minimally probative when they are "too attenuated" or "too remote." *United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011) (quoting *United States v. Larson*, 112 F.3d 600, 605 (2d Cir. 1997)). ▮▮ as evidence that Combs committed the indictment's obstruction predicates, which took place in 2016 and 2023-24. These acts are separated by decades. *See United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 171 (S.D.N.Y. 2006) ("[T]he Court recognizes that twelve years is a relatively long period of time."). The temporal remoteness not only reduces the likelihood that the act has any bearing on the later acts, it also reduces the likelihood that any witness has a genuine recollection of the 1999 events. *See Curley*, 639 F.3d at 59.

6

Third, the alleged acts are not similar, as they arose in very different contexts. The probative value of such evidence "depends largely on whether there is a close parallel between the crime charged and" the uncharged acts. *United States v. Gordon*, 987 F.2d 908, 908 (2d Cir. 1993). There is no close parallel here, merely a general propensity to engage in obstruction. "[I]t is an abuse of discretion for the trial court to admit other-act evidence 'if the other act or acts are not sufficiently similar to the conduct at issue.'" *Id*. at 909 (quoting *United States v. Afjehei*, 869 F.2d 670, 674 (2d Cir. 1989)).

On the other hand, the potential for unfair prejudice is great. There is always the risk that, notwithstanding any limiting instruction, the jury will use the evidence as propensity evidence. Even if there were some non-propensity relevance, the most obvious relevance of the evidence is the simple inference: "if they did it once, they probably did it again." *United States v. Gonsalves*, 859 F.3d 95, 106 (1st Cir. 2017). That is the inference that would immediately and invariably come to the mind of any lay juror.

Admitting the evidence would also waste time and necessitate a mini-trial. The alleged bribery could not be explained without explaining the background facts of the alleged Club New York shooting. That would be both unfairly prejudicial and time-consuming. As the New York Times reported at the time, Mr. Combs's previous trial "lasted seven weeks and included 60 witnesses and 126 court exhibits."[1] Even if that could be truncated into a mini-trial, it would still add days if not weeks to this trial. *See United States v. Kahale*, 789 F. Supp. 2d 359, 385-86 (E.D.N.Y. 2009) (excluding uncharged acts because defendant's "anticipated efforts to defend the[ir] legitimacy" would "necessarily result in delay" and "multiple 'mini-trials'"); *United*

---

[1] https://www.nytimes.com/2001/03/16/nyregion/jury-clears-combs-and-bodyguard-split-verdict-for-3rd-defendant.html.

*States v. Stein*, 521 F. Supp. 2d 266, 271 (S.D.N.Y. 2007) (excluding uncharged acts in part because "defendants' inevitable responses" would lengthen and complicate trial).

The defense would need to allocate substantial trial time "to defend [against] these other [acts]." *United States v. Martoma*, 2014 WL 31191, at *5 (S.D.N.Y. Jan. 6, 2014). That would involve, among other things, an exploration of ▮▮▮ credibility—including his invention of the invisible ring as well as his attempts to gain fame and money from his story.

Moreover, proving or disproving the alleged act of bribery would involve extensive reliance on hearsay, and thus extensive litigation over hearsay admissibility. Much of ▮▮▮ proffer to the government, and the government's 404(b) notice itself, is based on hearsay or hearsay within hearsay. The government's notice does not clarify what exact evidence it might offer beyond ▮▮▮ testimony, but the government's relevant Rule 16 production—which was not made until March 10, 2025, well after the government learned of the prior charge—includes 761 pages of trial transcript of the original trial, ▮▮▮ ▮▮▮ Notably, the government did not produce thousands of additional pages of trial transcript, including testimony favorable to the defense. The testimony the government produced includes the testimony of Anthony "Wolf" Jones—who testified at the original trial and was acquitted, but who has since died. The primary other living witness would be ▮▮▮ ▮▮▮.

In sum, the probative value of the proffered 1999 obstruction is exceedingly low, while the risks of unfair prejudice and wasted time are inevitable and great. The evidence should be excluded.

8

## II. THE ALLEGED STUDIO ASSAULT SHOULD BE EXCLUDED

### A. Background

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████  ███████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████.

### B. The Evidence Is Inadmissible Under Rules 404(b) and 403

The alleged 1999 assault of studio executive ███████ should also be excluded for reasons similar to those supporting the exclusion of the Club New York incident. The government's threadbare notice does not explain for what purpose the incident is relevant, much less how it would prove that purpose without relying on a propensity inference. The government seeks only to prove that Combs has a propensity for violence. *See United States v. Richards*, 719 F.3d 746, 764 (7th Cir. 2013) ("This looks, walks, and sounds like the argument 'once a drug dealer, always a drug dealer.'"). The government has not even made a minimal effort to disguise its propensity purpose. This evidence should therefore be excluded under Rule 404.

Even if the evidence had some other relevance, the probative value is exceedingly low, as the facts are both remote in time and highly attenuated from this case. Admitting evidence of the

incident would involve yet another mini-trial, which would include calling other witnesses to disprove the allegation, such as ███████████████████████████ Ex.1. Indeed, it is not clear that ██████ himself could offer testimony supporting the government's version of events given his ██████████████████████████████████████████ ████████████████████████████████████ The evidence should therefore be excluded under Rule 403 as well.

* * * *

The common thread running through the government's trial strategy is to argue that Mr. Combs has been a criminal his whole life and is a bad person. The government has defined the racketeering offenses very broadly to include his entire personal and professional life, spanning two decades. On top of the charges, the government now seeks to admit numerous uncharged alleged acts of sexual misconduct and supposed violence—every bad thing Combs has ever supposedly done in his entire adult life. In so doing, the government has not even purported to comply with Rule 404 by demonstrating with any care what legitimate chain of inferences these acts support. The strategy is transparent. All the government really seeks to do is show that Mr. Combs is a violent, dangerous, and deviant person who deserves to be locked up regardless of whether it can actually prove the somewhat technical elements of the charged offenses beyond a reasonable doubt.

This strategy should not be allowed. Indeed, it is precisely what the character evidence rule forbids.

## CONCLUSION

For the foregoing reasons, the Court should exclude evidence of the alleged bribery in connection with the 1999 Club New York incident, as well as the alleged 1999 assault of ████ ████.

10

| | |
|---|---|
| Date:  April 2, 2025<br>        New York, NY | Respectfully Submitted,<br><br>/s/ Alexandra A.E. Shapiro<br>Alexandra A.E. Shapiro<br>Jason A. Driscoll<br>Shapiro Arato Bach LLP<br>1140 Ave of the Americas, 17th Fl.<br>New York, NY 10036<br>(212) 257-4881<br>ashapiro@shapiroarato.com<br>jdriscoll@shapiroarato.com<br><br>Marc Agnifilo<br>Teny Geragos<br>AGNIFILO INTRATER<br>445 Park Ave., 7th Fl.<br>New York, NY 10022<br>646-205-4350<br>marc@agilawgroup.com<br>teny@agilawgroup.com<br><br>Anna Estevao<br>SHER TREMONTE LLP<br>90 Broad St., 23rd Fl.<br>New York, NY 10004<br>(212) 202-2600<br>aestevao@shertremonte.com |