Case 1:24-cr-00542-AS    Document 244    Filed 04/17/25    Page 1 of 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 16, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   **Re:** *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

  The Government respectfully submits this letter in opposition to the defendant's application—which is replete with mischaracterizations—to adjourn the May 5, 2025 trial date. (Dkt. No 233). The defendant's proffered basis for seeking such an adjournment is "allowing Mr. Combs the necessary time to prepare his defense of the Third Superseding Indictment and resolve Victim-4's evidentiary issue." (*Id.*). As previewed during the conference on April 14, 2025, the defendant has tested out various bases for an adjournment request over the past week—including purported Speedy Trial concerns and newly asserted discovery issues. These shifting explanations denote nothing more than gamesmanship. Likewise, the latest iteration of the defendant's evolving request is unsupported by any legal authority and should be rejected outright. An adjournment of any length should be denied.

   **A. The Third Superseding Indictment Provides No Basis to Adjourn the Trial Date**

  Contrary to the defendant's letter, the third superseding indictment—adding a substantive sex trafficking count for Victim-2—is not "substantially new conduct," and it provides no basis for an adjournment. As early as the defendant's initial bail arguments, during which the Government quoted from Victim-2's messages to the defendant ███████████ ███████████, the Government has consistently described Victim-2 as a victim of sex trafficking. Additionally, the Government's search warrant applications (all of which were included in its first production of discovery), ███████████████████████████ The first superseding indictment, returned by the grand jury on January 30, 2025, also explicitly alleged the defendant's sex trafficking of Victim-2 as racketeering activity. *See* S1 Indictment ¶ 12(a).

  When the Government learned for the first time on March 24, 2025 about ███████ ███████████████████████████████████████████████████, the Government acted swiftly to present this limited new evidence to the grand jury, which returned the S3 indictment on April 4, 2025. Courts in this district routinely deny adjournment requests in such circumstances. *See, e.g.*, *United States v. Shea*, 20 Cr. 412 (AT), 2022 WL 1443918, at *6 (S.D.N.Y. May 6, 2022) (denying trial adjournment when defendant was on notice of additional charges in superseding indictment for a month before the superseding indictment was returned, and the defendant had 32

days after the filing of the superseding indictment to prepare for trial); *United States v. Montoya-Echeverria*, 896 F. Supp. 148, 151-52 (S.D.N.Y. 1995) (denying request for continuance when Government obtained a superseding indictment expanding the time period of a drug conspiracy charge and adding an additional transaction 26 days before trial); *United States v. Love*, 867 F. Supp. 260, 261 (S.D.N.Y. 1994) ("Because the alleged activity supporting Count Three is encompassed by Count Two, which was contained in the original indictment, [the defendant] would not appear to require additional time to modify his defense."). The cases the defendant cites do not merit a different conclusion. Where there is no prejudice to the defendant from a superseding indictment—as is the case here, where the conduct underlying Count Four of the S3 indictment has been long known to the defendant and was already charged as a racketeering predicate in Count One months ago—the Speedy Trial Act does not require a thirty-day continuance for trial preparation. *See United States v. Rojas-Contreras*, 474 U.S. 231, 234-37 (1985) (no continuance granted where superseding indictment filed one day prior to trial); *United States v. Gloss*, No. 08 Cr. 823 (HB), 2009 WL 161063, at *1-4 (S.D.N.Y. Jan. 21, 2009) (recognizing that the Supreme Court "has made clear that there is no inherent right to a 30–day continuance following the filing of a superseding indictment" and granting continuance where superseding indictment extended time period of the conspiracy and added overt acts).

Grasping at straws, the defendant's claim that an adjournment is required because discovery is incomplete is as disingenuous as it is weak. On March 24, 2025, Victim-2 disclosed to the Government, in sum and substance, that ████████████████████████████████ ████████████████████████████████████████████. The Government apprised the defense of this new evidence contemporaneously by disclosing notes of the Victim-2 interview the next day and informing the defendant that it anticipated producing additional related Rule 16 discovery. Despite these timely productions, and despite representing to the Court that there was nothing to raise regarding Victim-2 discovery following conferrals with the Government, (Apr. 14, 2025 Tr. 6), the defendant now argues that the additional productions require an adjournment. The deficient discovery the defendant cites, however, consisted of (1) approximately 236 media files (photographs and videos) produced on March 28, 2025,[1] and (2) approximately 22 photographs of ████████████████████████████████████████, 5 of which the Government received on April 14, 2025, the remainder of which the Government received on April 15, 2025, and all of which were produced to the defendant on April 15, 2025 with accompanying cover emails making clear when the Government came into possession of the photographs. It is far-fetched to suggest that the Government "is still producing" discovery. This extremely limited additional discovery related to the S3 indictment provides no basis for an adjournment of the trial date, and the defendant cites no law suggesting otherwise. *See United*

---

[1] These media files were ████████████████████████, which the Government searched pursuant to a warrant. The Government's review of the iCloud account was ongoing on March 24, 2025, when Victim-2 disclosed ████████████████████; the Government subsequently concluded its review of this account and confirmed the same to the defendant. The media files produced to the defendant on March 28, 2025 ██████████████████████████████████ ████████████████████████████████████████████████████████████████. Prior to Victm-2's disclosure on March 24, 2025, these media files ████████████████████████████████ and were thus not previously identified and produced to the defendant.

*States v. Zeitlin*, 23 Cr. 419 (LAK), Dkt. 95 at 2-3 (Aug. 30, 2024) (adjournment request denied where the defendant had not explained "why [additional discovery] cannot be reviewed in the remaining weeks before the scheduled start of the trial").

### B. The Defendant's Request for Victim-4's Documents Provides No Basis to Adjourn the Trial Date

The defendant's other proffered basis for an adjournment—the purported "evidentiary issue" related to communications in Victim-4's possession—was raised to the Government for the first time on April 13, 2025 and then to the Court on April 14, 2025. This pretextual complaint also provides no support for the defendant's request. For reasons that the Government will set forth in full related to the defendant's application for a Rule 17(c) subpoena, the defendant's proposed Rule 17(c) subpoena for Victim-4's communications is exactly the type of "general fishing expedition" that is specifically prohibited. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

A broad, improper request for documents to which the defendant is not entitled cannot form the basis to adjourn trial, and courts in this district have denied such requests under similar circumstances. *See United States v. Xu*, 2024 WL 4504352, at *1 (S.D.N.Y. Oct. 16, 2024) (denying request for six-week adjournment of trial because the defendant's "request for an adjournment is premised exclusively on the assumption that he is entitled to discovery from [third parties]"). Contrary to the defendant's suggestion, he is not entitled to discovery of documents in Victim-4's possession. *See United States v. Maxwell*, 534 F. Supp. 3d 299, 323 (S.D.N.Y. 2021) (Nathan, J.) (records in possession of third-party civilian are not in possession of prosecution team). The defendant's attempts to recast a civilian victim of his crimes as a "small c" cooperating witness, (Apr. 14, 2025 Tr. 6), cannot make that so. *See United States v. Barcelo*, 628 F. App'x 36, 38 (2d Cir. 2015) (cooperating witness not part of prosecution team where he "played no role in the investigation or in determining investigation or trial strategy," and "did no more than provide information to the government and testify at trial"). And because the defendant is not entitled to the documents, there is no "evidentiary issue" regarding Victim-4 to speak of. In any event, the Government remains willing to confer with defense counsel about a more limited, legally supported request.

### C. Victims Oppose Adjournment of the Trial Date

Finally, while the Government is continuing to reach out to victims, at least three victims oppose the defendant's request for adjournment of the trial date and may separately submit objections to the Court. These victims have a statutory right under the Crime Victims' Rights Act "to proceedings free from unreasonable delay" and "to be treated with fairness and with respect." *See* 18 U.S.C. § 3771. The defendant's adjournment request violates these rights.

In particular, the defendant's requested two-month adjournment of the trial date and refusal to consider a longer adjournment ████████████████████████████████████████████████

▮▮▮▮▮▮▮▮▮▮

\* \* \*

The Government is in receipt of the Court's endorsement and will proceed to make disclosures on the current schedule. (Dkt. No. 235). However, should the Court adjourn the trial date by any period of time, the Government will seek to clawback all material provided to the defense pending an amended scheduling order, given that the Government would be severely prejudiced by the defense maintaining access to its most sensitive information revealing its trial strategy for longer than initially anticipated. *See United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004) (denying requests for immediate production of exhibit and witness lists and instead tying both deadlines to start of trial); *see also United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (recognizing that early disclosure of exhibit list may "be significantly prejudicial to the orderly prosecution of the Government's case"); *United States v. Falkowitz*, 214 F. Supp. 2d 365, 393 (S.D.N.Y. 2002) (same).

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:  \_\_/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record