UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
   UNITED STATES OF AMERICA,           :

                                                          :   Case No.: 24-cr-542 (AS)

                 v.                                  :

                                                          :

   SEAN COMBS,                                :

                                                          :

                           Defendant.         :
-----------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY
███████████'S MOTION TO QUASH**


                                                        **WIGDOR LLP**

                                                        Douglas H. Wigdor

                                                        85 Fifth Avenue
                                                         New York, NY 10003
                                                         Telephone: (212) 257-6800
                                                         Facsimile: (212) 257-6845
                                                         dwigdor@wigdorlaw.com

                                                        *Counsel for* ███████████

Non-party ▮▮▮▮▮▮▮▮▮▮ by and through ▮ undersigned counsel, files this Motion to Quash in connection with the non-party subpoena *duces tecum* served by Defendant Sean Combs ("Defendant" or "Combs") pursuant to Federal Rule of Criminal Procedure 17. Defendant served ▮▮▮▮ a subpoena on March 19, 2025. The subpoena demanded that ▮▮▮▮ produce: "(1) All draft memoirs, autobiographies, narratives, diaries, journals or notes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and any communications about ▮ plans to publish or threaten to publish such a document. (2) All of ▮ bank statements ▮▮▮▮▮▮▮▮▮▮▮▮." Ex. A.

In this case, Defendant cannot demonstrate the admissibility of the documents he seeks *or* meet the bar of specificity required under the law. As such, ▮▮▮▮ respectfully requests that the Court quash Defendant's subpoena.

## ARGUMENT

**I. LEGAL STANDARD**

Criminal subpoenas are issued under Fed. R. Crim. Pro. 17 ("Rule 17"). This rule states that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Rule 17(c)(1). It also states that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Rule 17(c)(2); see also Wright & Miller, 2 Fed. Prac. & Proc. Crim. § 275 (4th ed.) ("The victim has the right to file a motion to quash or modify the subpoena, or to 'otherwise object' by contacting the court"). The burden of showing good cause is on the party seeking production and the decision is at the discretion of the Court. U.S. v. Nixon, 418 U.S. 683, 702 (1974).

Rule 17 subpoenas on third parties are governed by the standard set out in Nixon. See United States v. Pena, No. 15 Cr. 551 (AJN), 2016 WL 8735699 (S.D.N.Y. Feb. 12, 2016). Under this standard, the party requesting the subpoena has the burden of showing the "(1) relevancy [and] (2) admissibility" of the documents sought, and that party must do so with "(3) specificity." Nixon, 418 U.S. at 700 (1974). This is no light burden. Id. at 699 (describing the requirement as a showing that "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'") (quoting U.S. v. Iozia, 13 F.R.D. 335, 338 (S.D. N.Y. 1952)). In other words, criminal subpoenas are not a "discovery device" but "a mechanism for obtaining specific admissible evidence." United States v. Barnes, 2008 WL 9359654, at *3 (S.D.N.Y. April 2, 2008); see also U.S. v. Morris, 287 F. 3d 985, 991 (10th Cir. 2002), cert. denied, 536 U.S. 933 (2002) ("Courts have held that requests for an entire file are evidence of an impermissible fishing expedition. It appears that defense counsel attempted to use the Rule 17(c) subpoena for impermissible discovery purposes.") (internal citations omitted).

## II. DEFENDANT'S REQUESTS ARE NOT SPECIFIC

Defendant requests ▬▬▬▬▬▬ bank statements for a sweeping period of ten months in 2023. "When counsel 'merely hopes something useful will turn up, the requirement of specificity [to enforce a subpoena] will not have been met.'" United States v. Constantine, No. 21 Cr. 530 (SHS), 2023 WL 3045408, at *2 (S.D.N.Y. Apr. 21, 2023) (quoting United States v. Leaver, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005)). Put another way, Rule 17 "allows only for

2

the gathering of specifically identified documents *which a defendant knows to contain relevant evidence* to an admissible issue at trial." U.S. v. Tokash, 282 F. 3d 962, 971 (7th Cir. 2002), cert. denied, 535 U.S. 1119 (2002) (emphasis added). Further, a defendant must demonstrate that *all* evidence he seeks pursuant to a Rule 17 subpoena would be admissible, not merely that he is *likely* to find something relevant in the production. See, e.g., Pena, 2016 WL 8735699, at *2 (S.D.N.Y. Feb. 12, 2016). Here, Defendant has not specified what information he expects to find in ▇▇▇▇ bank statements, let alone how such information is relevant to his case. Barnes, 2008 WL 9359654, at *3.

Defendant also makes a sweeping request for "memoirs, autobiographies, narratives, diaries, journals or notes ▇▇▇▇▇▇▇▇▇▇▇▇," along with "any communications" about ▇▇▇▇ plans to publish any of these documents, without any time limitation. Ex. A. Requests for "any and all" documents or communications are clear indicia that a Rule 17 subpoena represents a fishing expedition. United States v. Mendinueta-Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013); United States v. Shah, No. 19 Cr. 833, 2022 WL 1284550, at *2 (S.D.N.Y. Apr. 29, 2022). The subpoena also does not contain anything specific that "[Defendant] believes is contained in the documents or why he is entitled to [them]." United States v. Menendez, No. (S4) 23 Cr. 490 (SHS), 2024 WL 2801960, at *2 (S.D.N.Y. May 31, 2024) (quashing a subpoena with similar "broad demands" for documents as lacking specificity, unreasonable, and oppressive).

Defendant may argue that the documents sought pursuant to both requests could have some bearing on ▇ motives for testifying in this matter. However, arguments that documents "'may' or 'might' help impeach [a witness's] credibility, or demonstrate bias or motive" are too speculative to support a Rule 17 subpoena. United States v. Mason, No. 05 Cr. 324 (RE), 2008

3

WL 1909115, at *3 (D. Or. Apr. 25, 2008) (quashing a defendant's rule 17 subpoena for financial records of a witness where defendant argued that the material was relevant to the witness's "credibility, bias, and his motive for cooperating with the government"). A criminal subpoena that seeks private documents to evince some nebulous financial wrongdoing is equally inappropriate. United States v. Davitashvili, No. 21 Cr. 255, 2022 WL 1265819, at *4 (E.D. Pa. Apr. 28, 2022) (quashing a Rule 17 subpoena for a witness's immigration records based on the "mere hope" that the witness had committed tax fraud, using Rule 17 as a discovery tool).

Crucially, a defendant has to show that the documents sought *are* admissible, not that they are *likely* to be admissible. See United States v. Shestakov, No. 23 Cr. 16 (JHR), 2025 WL 507523, at *4 (S.D.N.Y. Feb. 14, 2025) (quashing a Rule 17 subpoena for, among other documents, bank account records as entailing the improper use of Rule 17 as a discovery tool). This is particularly true in the case of sensitive personal documents like financial records. See United States v. Shrader, No. 9 Cr. 270, 2010 WL 2836752, at *4 (S.D.W. Va. July 20, 2010), aff'd, 716 F. Supp. 2d 464 (S.D.W. Va. 2010) (collecting cases); see also Arias-Zeballos v. Tan, No. 06 Civ. 1268 (GEL)(KNF), 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (holding that a party has a privacy interest in its financial records where they are requested in a third-party subpoena in a civil case) (collecting cases).

In short, Defendant's request does not "'reasonably specify the information contained or believed to be contained in the documents sought,'" nor does it establish that the documents *are* admissible. Mendinueta-Ibarro, 956 F. Supp. 2d at 513 (quoting United States v. Louis, No. 04 Cr. 203, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005)). Accordingly, his subpoena should be quashed because it fails to meet the bar of specificity. Nixon, 418 U.S. at 700.

4

### III. DEFENDANT CANNOT USE A RULE 17 SUBPOENA AS AN ALTERNATIVE DISCOVERY DEVICE

Defendant's subpoena is defective for another reason. As set out above, Rule 17 is not a discovery device. See Barnes, 2008 WL 9359654, at *3. ▮▮▮▮ has already turned over some of the documents in ▮ possession that are responsive to the first prong of the subpoena to the Government, and ▮ understands that the Government has, in turn, produced some of these documents to Combs.

"Rule 17(c) is not the proper method for obtaining" materials that the Government has an obligation to disclose. United States v. Cole, No. 19 Cr. 869 (ER), 2021 WL 912425, at *6 (S.D.N.Y. Mar. 10, 2021). A Rule 17 subpoena is only appropriate where it seeks documents that are not "otherwise procurable" from another source. Nixon, 418 U.S. at 699 (quoting Iozia, 13 F.R.D. at 338). Here, as at least some of the responsive documents are available from the Government (and ▮▮▮▮ understands that some of those have been produced), Defendant's broad request for "all documents" can only be an end-run to obtain such documents in a way that would be outside of the Protective Order or for some other inappropriate purpose. See, e.g., Cole, 2021 WL 912425, at *6; United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16."); see also id. (Rule 17 subpoena requests must be made "in good faith").

### IV. DEFENDANT'S REQUEST AS TO BANK RECORDS AND PERSONAL LITERATURE IS PREMATURE

To the extent that Defendant's subpoena requests documents that may only be utilized to impeach ▮▮▮▮ testimony or character, they are also premature. Such evidence is improperly sought in a pre-trial Rule 17 subpoena because it "does not become relevant until the witness testifies." United States v. Skelos, No. 15 Cr. 317 (KMW), 2018 WL 2254538, at *2

5

(S.D.N.Y. May 17, 2018), aff'd, 988 F. 3d 645 (2d Cir. 2021); see also United States v. Xu, No. 23 Cr. 133-5 (JMF), 2024 WL 4504352, at *4 (S.D.N.Y. Oct. 16, 2024) (quashing a defendant's Rule 17 subpoena for a witness's bank records as being sought for impeachment purposes and therefore irrelevant, among other grounds); United States v. Donziger, No. 11 Civ. 691 (LAK), 2021 WL 1865376, at *5 (S.D.N.Y. May 10, 2021) (quashing subpoenas that the defendant argued were necessary to understanding the "bias and personal financial motivation" of certain witnesses). Evidence of ▬▬▬ financial situation during the ▬▬▬ time period in the subpoena, and the wide-ranging request for documents regarding diaries or the publication of literature ▬▬▬, would be aimed at impeachment if it is a means of showing that ▬ has a financial stake in delivering ▬ testimony. Production is therefore premature.

V.      **PROTECTION IN THE EVENT OF PRODUCTION**

Finally, should the Court order ▬▬▬ to produce any of the documents set out in the subpoena, ▬ requests that: (i) any banking documents produced be limited to ▬ opening and closing balances for any given month, as there is no conceivable basis for the production of documents that show every financial interaction ▬▬▬ took part in over a ▬▬▬ period; and (ii) that any production be protected from disclosure. The documents Defendant seeks are private and the financial documents sought will also contain sensitive personal identifying information. For that reason, ▬▬▬ respectfully requests that any such production be made pursuant to the Protective Order in this case, or a newly drafted Protective Order of a similar scope made applicable to third parties, that will protect ▬ privacy rights and personal information. Dkt. No. 26.

6

## **CONCLUSION**

For the reasons mentioned *supra*, ▆▆▆▆▆▆ respectfully requests that the Court quash Defendant's subpoena.

Dated: April 2, 2025
      New York, New York

Respectfully submitted,

**WIGDOR LLP**

By: _____
    Douglas H. Wigdor

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@wigdorlaw.com

*Counsel for* ▆▆▆▆▆▆▆▆

# Exhibit A


Case 1:24-cr-00542-AS    Document 254    Filed 04/17/25    Page 10 of 10