

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

April 15, 2025

**TO BE FILED UNDER SEAL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    On behalf of Sean Combs, the defense submits this letter in advance of the April 18 conference and in further support of its motion to exclude the government's Rule 413 and 404(b) evidence. *See* Dkt. 212. At the April 14 conference, the government misled the Court as to the timing of its interviews with the four additional alleged victims described in its March 10, 2025 and March 26, 2025 Enterprise Letter addenda. The defense writes to correct the record.

    As the defense noted in its reply brief, "[i]t is clear from the 3500 material that the government has known about these alleged victims for months and months—in some cases over a year." Dkt. 216 at 3. At the April 14 conference, the government stated that at the time its Enterprise Letter was due on February 1, 2025, it was "not prepared … to say … that this evidence would be part of [its] direct case in proving up the racketeering enterprise and the racketeering conspiracy." 4/14/25 Tr.26. It further represented it was "aware at least of some of the[] [alleged victims]," but that it didn't "know how deep [it] had gone in [its] interviews with these particular victims." *Id.* As an example, the government cited alleged Victim-5, stating "the 3500 material would reveal that that particular victim was interviewed multiple times in 2025, I believe much closer to the date of the revision of our enterprise letter." *Id.* Tr.29.

    The government's representations were false.

    The 3500 materials make clear that the government ███████████████████████████████████████████████████████████████████████████████████████; intentionally chose not to include these individuals in its Enterprise Letter; and only changed its position after realizing the weakness of its Rule 413/404(b) arguments. We take each alleged victim in turn:

    Victim-5 ███████████: The 3500 material reveals that ███████████████████████

Hon. Arun Subramanian
April 15, 2025



Thus, nothing has changed since January 31, 2025. The government's contrary representations to the Court were false.

\* \* \* \*

The government was clearly in a position to include every one of these four alleged victims in its February 1, 2025 Enterprise Letter had it truly believed the evidence was relevant to its direct case. But it didn't. The reason it failed to do so is not because it was "not prepared

Hon. Arun Subramanian
April 15, 2025

… to say … that this evidence would be part of [its] direct case," 4/14/25 Tr.26, but rather because of pure gamesmanship and/or its own decisions not to follow up with these witnesses. The defense should not be forced to defend against these late-breaking allegations on the eve of trial when the government is at fault. For these and the additional reasons outlined in Mr. Combs's motion and reply, the Court should exclude the evidence.

           Respectfully submitted,

           /s/Alexandra A.E. Shapiro
           Alexandra A.E. Shapiro
           Jason A. Driscoll
           SHAPIRO ARATO BACH LLP
           1140 Avenue of the Americas, 17th Fl.
           New York, NY 10036
           (212) 257-4880
           ashapiro@shapiroarato.com
           jdriscoll@shapiroarato.com

           Marc Agnifilo
           Teny Geragos
           AGNIFILO INTRATER
           445 Park Ave., 7th Fl.
           New York, NY 10022
           646-205-4350
           marc@agilawgroup.com
           teny@agilawgroup.com

           Anna Estevao
           SHER TREMONTE LLP
           90 Broad St., 23rd Fl.
           New York, NY 10004
           (212) 202-2600
           aestevao@shertremonte.com