

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 17, 2025

**REQUEST TO BE FILED UNDER SEAL**
**BY EMAIL**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter in response to the defendant's letter dated April 15, 2025 in further support of his motion to preclude the testimony of ▓▓▓ (the "Non-Statutory Victims") under Federal Rules of Evidence 413 and 404(b). In his letter, the defendant accuses the Government of making misrepresentations about the timing of its investigation to the Court during the conference on April 14, 2025. That accusation is misplaced for the reasons detailed below, and, in any event, there is no basis to conclude that notice of additional enterprise proof provided more than one month before trial warrants preclusion.

    The Government takes its duty of candor very seriously, and for precisely that reason caveated its statements during the April 14, 2025 conference about when it became aware of evidence relating to the Non-Statutory Victims. For similar reasons, the Government did not purport to provide specific dates about its investigative steps. Indeed, when asked whether "the government was aware of all of these incidents prior to the initial enterprise letter," the Government responded, "I believe we were aware at least of some of them. I don't know how—I would really want to check, your Honor. I don't know how thoroughly we had investigated them. . . . I can't speak specifically to how developed the facts were at the point when we sent over our initial enterprise letter." *See* Apr. 14, 2025 Tr. at 26-27.

    In fact, the defense's letter confirms the Government was correct that it (1) was aware of some but not all of the Non-Statutory Victims before the initial February 1, 2025 enterprise letter deadline; and (2) took additional investigative steps in 2025, including some that post-dated the initial enterprise letter. The defense's April 14, 2025 letter omits certain additional steps the Government took after February 1, 2025, which is understandable because the Government, not the defense, has conducted this criminal investigation. For example, ▓▓▓



Given those additional steps identified above and in the defense's letter, and especially given that ▉▉▉▉▉▉▉▉▉▉ the Government was "not prepared at that point in our ongoing investigation to say that we thought that this evidence would be part of our direct case in proving up the racketeering enterprise and the racketeering conspiracy." April 14, 2025 Tr. at 26. In assessing the evidence it was able to gather, the Government notified the defense when it determined that the Government would be prepared to prove that the conduct related to four of the Non-Statutory Victims' was direct evidence of the charged racketeering conspiracy.

It is no doubt true that in responding to the defendant's motion to preclude evidence related to the Non-Statutory Victims, the Government thought carefully about these victims' experiences and how they would fit into the rest of the trial. But that is not gamesmanship. Rather, it demonstrates that the Government is not reflexively adding any allegations it hears about the defendant into the racketeering conspiracy charged in Count One. Indeed, the Government is aware of at least ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ and, after the defendant's arrest, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, but it has not automatically sought to include all of those allegations in this criminal case. Instead, the Government has moved as quickly as possible to conduct a thorough investigation and has only sought to offer admissible, credible evidence at this trial.

The defendant's briefing on this issue cites no case precluding direct evidence of a racketeering conspiracy where the Government provided notice of that evidence more than a month before trial. Rather, his reply points to *United States v. Daugerdas*, No. 09 Cr. 584 (WHP), 2011 WL 573587, at *2 (S.D.N.Y. Feb. 16, 2011), in which Judge Pauley precluded evidence of previously undisclosed financial transactions where he "ha[d] cautioned the Government repeatedly about the need to cabin its proof and provide advance disclosure of the transactions to be offered at trial" in a complex tax fraud conspiracy trial. There is no comparable prejudice here where the defendant received notice that the Government intended to offer evidence of the Non-Statutory Victims at trial on March 7, 2025. *See United States v. Boyle*, No. 08 Cr. 523 (CM), 2009 WL 5178525, at *4-6 (S.D.N.Y. Dec. 23, 2009) (admitting evidence of assault, vandalism, and firearms trafficking disclosed in "supplemental enterprise letter" and concluding that notice 47 days before trial left "plenty of time for counsel to review the letter and defend against this evidence"). Although he may quibble with the sufficiency, the defendant makes no argument, nor can he, that he received *untimely* notice of the evidence under Rules 413 and 404(b). He cannot explain then why its preparations to respond to this evidence would be any different if it were admitted as direct evidence as opposed to under Rules 413 or 404(b). There is no dispute that the Government complied with its Rule 16 discovery obligations with respect to this evidence and that the defense has already received Section 3500 material for witnesses who will testify about these incidents.

Accordingly, for the reasons set forth above and in the Government's prior briefing, the Court should permit the Non-Statutory Victims to testify at trial.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:     Counsel of record