# Exhibit A

**Disclosure as to Expert Witness Alexander Sasha Bardey, M.D.**

March 21, 2025

### I.   Qualifications and Prior Testimony

Dr. Bardey is a board-certified forensic psychiatrist. His professional and academic experience, and a list of his publications, are set forth in the attached C.V. (Ex. A). A list of cases in which he has testified in the past four years is attached as well. (Ex. B).

### II.   Statement of Opinions, Bases, and Reasons

If called to testify, Dr. Bardey would offer the following rebuttal opinions in response to testimony from government expert witness Dr. Dawn M. Hughes. Dr. Bardey's opinions are based on the totality of his relevant education, training, skills, knowledge, and professional experience, including his assessment and treatment of patients, his forensic assessments, his work and consultation with professional colleagues, continuing education, and review of relevant scientific literature in his field.

#### Dr. Hughes Relies On Generalizations Rather Than Individual Assessment And, As Such, Her Opinions Are Of Limited Value

Dr. Hughes offers numerous generalizations about abuse and responses to abuse. She couches her observations and conclusions in terms of what "can" or "may" happen. She describes a broad spectrum of many possible forms of behavior, with many diverse manifestations, and would appear to exclude none. She concludes that all may be characteristic of abuse or coercion, even if they appear to be difficult to understand. None of her observations or conclusions is based on any detailed understanding of the facts of this case. She has not met or interviewed any witness. She has not reviewed pertinent aspects of the evidentiary record. She offers broad generalizations while blind, and perhaps deliberately blind, to the particular facts and circumstances at issue.

Generalizations and vague psychological profiles are of little to no value in evaluating the facts and circumstances of any given case. There is no typical response to trauma, and no typical response to rape and domestic abuse. Different people respond differently in different circumstances, depending on different life experiences, different psychological histories, and different educational and cultural backgrounds. For example, some victims of sexual assault report their assaults immediately – to friends, family, police, or others – while other victims remain silent. Some victims report sexual assault weeks, months, or years later, while some never report it at all. There is no clear empirical evidence to demonstrate which of these behaviors is most common. Some reports of sexual assault are false. It is nearly impossible to determine what percentage of reports are false. There is no empirical evidence establishing which patterns of behavior are more common among false reporters as opposed to true reporters. For example, it cannot be determined whether delayed reporting is indicative of a true allegation or a false allegation.

The professions of psychiatry and psychology recognize that broad generalities tend to be of limited value in explaining the actual psychology or mental state of any particular individual. In lieu of generalities, these professions encourage detailed and individualized personal assessments. Professional boards have been formed to certify forensic psychiatrists and forensic psychologists. Forensic professionals conduct in depth interviews of persons under assessment. They often perform psychological testing using well-known testing modules prepared by other skilled professionals in the field. In addition to interviewing persons under assessment, they interview friends and family members as well. They also collect and review a range of records and documents, including but not limited to educational records, medical and psychological records, and other documents and evidence related to the facts or circumstances under review. These professionals exist and perform their jobs precisely because detailed fact-intensive investigation is necessary to explain a person's psychological profile and whether or why that person may have felt or acted in certain ways at certain times.

Dr. Hughes is a board certified forensic psychologist. She is familiar with these protocols. She has performed such work many times in her career. Presumably she was in a position to perform such work had she been asked to do so here. At the very least, she could have interviewed the witnesses in question or reviewed any available medical or psychological records. Instead, she did not conduct any forensic evaluation in connection with this case. She is offering opinions without having evaluated the relevant empirical context or any of the persons involved. As such, her opinions have virtually no value.

Dr. Hughes did not conduct direct clinical examinations of the alleged victims. Consequently, her ability to provide psychological opinions about their specific psychological functioning is inherently limited. The American Psychological Association (APA) explicitly states in its Ethical Principles of Psychologists and Code of Conduct that psychologists must consider individual differences and diversity when forming psychological opinions. (§ 9.01). Furthermore, forensic psychology guidelines emphasize that when possible forensic examinations should be conducted to ensure that assessments and opinions are based on specific individualized data rather than broad generalizations. (*See* APA, Specialty Guidelines for Forensic Psychology §§ 1.01, 1.02, 2.05, 2.07, 2.08, 9.01, 9.02, 9.03, 10.01, 10.02, 10.03, 11.01, 11.04 (January, 2013)).

One reason that detailed assessments of particular individuals are far more meaningful than broad generalizations drawn from a diverse array of different peoples' experiences is that individuals tend to have consistent reactions of their own. An understanding of how a particular individual typically behaves or responds sheds far more light on how that individual may have behaved or responded in a particular situation than generalizations about ways in which other people tend to respond. This underscores the need to evaluate an individual's actual psychological history, including any past response to trauma, before drawing any conclusions about how that individual tends to respond. The coping strategies an individual deploys tend to resemble coping strategies that individual has deployed in the past. The "broad range of defense mechanisms" (Hughes Disclosure at 3) that other individuals may happen to employ cannot explain the coping mechanisms employed by a particular individual, especially one who has no history of relying on such defense mechanisms before.

2

### Dr. Hughes's Anecdotal Clinical Experience Is Not Reliable

To the extent Dr. Hughes bases her generalizations on knowledge purportedly gleaned from her own clinical experiences with patients, her opinions are questionable in further respects. Clinicians evaluating patients in therapeutic settings are not investigators. They focus on the treatment of symptoms, not on the search for the truth. They often form alliances with patients and professional bonds of trust so that the therapy can take its course. The primary question is how the patient feels, not what behaviors actually occurred. Patients in therapeutic sessions can distort, exaggerate, minimize, or lie. Malingering and feigning are well-known phenomena. Anecdotal material from therapeutic sessions can therefore not be relied upon as empirically valid. A further difficulty arises from the confidentiality associated with the therapeutic relationship. Psychologists, including Dr. Hughes, are generally not at liberty to disclose the details of patient sessions. There is thus limited opportunity for anyone but Dr. Hughes to review the same patient data or for anyone to probe the conclusions she draws from it.

### Dr. Hughes's Opinions Are Inherently Biased And Skewed

Dr. Hughes undertakes to discuss "coercive control." The concept of coercive control is extremely broad and vague. Human beings attempt to influence each other all the time, and in many different ways, whether in intimate relationships or not. The concept of coercive control is especially broad as Dr. Hughes discusses it – so broad as to be meaningless. Indeed, Dr. Hughes does not appear to exclude any possible conduct from her discussion of coercive control. She states that "coercive control tactics can be subtle and not immediately obvious to the lay observer" and that "the tactics are not one-size-fits-all." (Hughes Disclosure at 2-3).

Dr. Hughes's discussion of coercive control is inherently biased and skewed insofar as it focuses on how "the perpetrator engages in self-centered behavior to satisfy his own goals and desires regardless of the needs, wants, and well-being of the victim." (Hughes Disclosure at 2). That is a fancy way of saying that the accused perpetrator in this case, namely the defendant, found ways, even if subtle, to coerce the complainants. Dr. Hughes fails to see the possibility that coercive control may be exercised in the opposite direction. When in the presence of someone famous or rich, other individuals may employ subtle, or even not so subtle, tactics to ingratiate themselves or curry favor. They may, for example, offer sex in return for favors or to advance their own agendas; they may feign friendship in the hope of achieving some return; they may engage in their own forms of "coercive control." Dr. Hughes implies that the presumptive victim has no agency and no role in what occurs. There are people who like and want to go to parties. There are people who desire to be in certain social circles. There are people who seek advantages. The dynamic in these situations is much more complicated than Dr. Hughes suggests. A relationship between two people may exist because the relationship is mutually beneficial, and not because it is the product of coercive control.

Dr. Hughes's discussion of "coping strategies" betrays a similar bias. She is anticipated to testify that "[w]hen talking about their experiences of sexual abuse, individuals typically will not use words such as sexual assault or rape and will use minimizing or distancing language such as an unwanted or uncomfortable sexual experience." (Hughes Disclosure at 3). Dr. Hughes fails to see that in some situations women actually use quite strong language to describe sexual

3

encounters, particularly when they hire attorneys and bring lawsuits against their former lovers or domestic partners. In such situations, they use maximizing language and undertake to present what occurred as far worse than a mere uncomfortable sexual encounter. In doing so, they may be telling the truth or they may be exaggerating what actually occurred. One cannot generalize about such conduct.

Dr. Hughes also discusses "memory." She undertakes to explain why presumptive victims may have difficulty recalling details of an alleged trauma, or why they may claim to recall new details at a later date. (Hughes Disclosure at 3-4). Her discussion attributes all such memory lapses to the pathology of trauma. She fails to acknowledge the possibility that an inability to recall details, or the sudden ability to recall them later, may be the result of prevarication.

More generally, Dr. Hughes assumes the credibility of complainants and finds ways to vouch for that credibility despite lacking or questionable details. She opines that the credibility of presumptive trauma victims should be measured in ways that are different from the ways in which one might measure the credibility of anybody else. Such an inference is not justified. Presumptive victims may be telling the truth or they may be lying. Generalizations about memory cannot be used to explain whether someone is lying or telling the truth in a particular case. An individual forensic assessment would be a far better means of assessing whether there is a genuine memory lapse or a desire to embellish the truth.

### III. Dr. Bardey Is Prepared To Supplement His Opinions Based On Independent Medical Examinations

Dr. Bardey is a board certified forensic psychiatrist. He is qualified to perform independent medical evaluations of the individual complainants in this case. As noted above, such evaluations are the best means to understand the psychological dynamics of the particular individuals involved in this case. If provided the opportunity, he would promptly perform such evaluations and then supplement his opinions accordingly.

_____
Alexander Sasha Bardey, M.D.

4

# Exhibit A

**ALEXANDER SASHA BARDEY M.D.**
**FIFTH AVENUE FORENSICS**
303 FIFTH AVENUE, SUITE 403, NEW YORK, NY 10016
TELEPHONE: (212) 532-2322    FAX: (212) 532-2219

E-MAIL: DRBARDEY@FIFTHAVENUEFORENSICS.COM
WEBSITE: WWW.FIFTHAVENUEFORENSICS.COM
NEW YORK STATE LICENSE: 179638

### EDUCATION

| | |
|---|---|
| 1989 - 1992 | Resident in General Psychiatry, NYU Medical Center, NY |
| 1988 - 1989 | Intern in General Psychiatry, NYU Medical Center, NY |
| 1988 | M.D., SUNY at Stony Brook Medical School, NY |
| 1983 | B.A., Harvard University, MA |

### LICENSURE AND CERTIFICATION

| | |
|---|---|
| 1996, 2015 | Added Qualifications in Forensic Psychiatry, The American Board of Psychiatry and Neurology |
| 1994, 2005, 2015 | Diplomate in Psychiatry, The American Board of Psychiatry and Neurology |
| 1989 | New York State Medical License |

### PROFESSIONAL APPOINTMENTS

**Fifth Avenue Forensics**

**City of Albany**. Provide psychological services, evaluations, and reports of municipal employees, including police officer candidates. (2020-2021)

**County of Rockland, Department of General Services**. Provide pre-employment psychological screenings, fitness for duty examinations, and civil service Article 72 psychological exams. (2018-present)

**Center For Justice Innovation**. Provide consultative psychiatric services to the New York State Unified Court System and the Center for Justice Innovation, a project of the Fund for the City of New York. Perform psychiatric evaluations, risk assessments and submit expert reports to the Court in order to determine eligibility for participation in the specialized court project and support applications for housing, treatment and case management services, for the following Alternative to Incarceration Programs:

- Manhattan Felony Alternative to Incarceration (ATI) Court. A project of the Fund for the City of New York. These services are supported by the NYS Office of Court Administration (OCA) and the Manhattan District Attorney's Office (DANY). (2019-present)

- Brooklyn Mental Health Court. A project of the Fund for the City of New York. These

- services are supported by NYS Office of Mental Health (OMH). (2014-present)

- Brooklyn Alternative to Incarceration (ATI) Court. Center for Court Innovation, a project of the Fund for the City of New York. These services are supported by New York City Council. (2020-present)

**County of Nassau, Department of Mental Health, Chemical Dependency, and Developmental Disabilities Services.**

- Director of Forensic Psychiatry (2017-present)

- Nassau County Mental Health Court. Participate in the development and implementation of the Nassau County Mental Health Court. Provide clinical leadership, perform psychiatric evaluations and risk assessments, and submit expert forensic-psychiatric reports. Co-lead weekly clinical-judicial meetings regarding ongoing court operations and member participation. (2007 – present)

- Assisted Outpatient Treatment Program. Provide clinical leadership in Assisted Outpatient Treatment Program (Kendra's Law). Perform psychiatric assessments for eligibility and provide expert testimony in County Supreme Court. Oversee the implementation of the law and participate in programmatic development. Lead and supervise clinical review team. (2002 – present)

**Private Forensic Practice**

- Qualified as an expert in Psychiatry and Forensic Psychiatry in Criminal, Civil, Family, and Supreme Courts in New York, Kings, Queens, Richmond, Bronx, Westchester, Nassau and Suffolk Counties, as well as in Federal Courts in the Eastern and Southern Districts of New York and Criminal and Civil Courts in New Jersey, Massachusetts and Connecticut. Consult with attorneys from the United States Attorney's office, the New York District Attorney's office, The Federal Defender Program, the Capital Defender Program and The Legal Aid Society in Criminal and Civil matters. (1993 - present)

**Private Clinical Practice**

- Provide psychiatric evaluations and treatment, specializing in pharmacological management of affective and psychotic disorders. (1992 – present)

**Director of Psychiatry, Rikers Island, Prison Health Services, Inc.**

- Administer and clinically oversee for the NYC Health and Hospitals Corporation - Correctional Health Services' contracted private vendor. Ensure the provision of clinical services within the guidelines of regulatory and funding agencies including the NYC Department of Public Health, NYS Office of Mental Health, NYS Office of Alcoholism and Substance Abuse Services, NYC Commission on Correction, and NYS Board of Corrections. Provide direct clinical and administrative oversight for 200 clinical full-time staff. (2000 – 2002)

Alexander Sasha Bardey, M.D.

**Director, Assisted Outpatient Treatment Program (Kendra's Law), Bellevue Hospital, NY**

- Administer a hospital based forensic initiative. Develop program implementation, policy and procedures. Design and maintain a NYC grant funded budget. Provide data coordination and reporting of utilization and statistical measures to NYS Office of Mental Health and NYC Department of Mental Health and Mental Retardations Services. Supervise clinical and support staff. (1999- 2000)

**Associate Director, Division of Forensic Psychiatry, Bellevue Hospital, NY**

- Deputy direct the division of Forensic Psychiatry, including provision of clinical and evaluation services. Manage and supervise psychiatric and support staff. Oversee JCAHO and DMH survey preparations, and report UR/QA initiatives. Provide clinical supervision of forensic psychiatric fellows, psychiatric residents, and medical students. (1995 – 1999)

## ACADEMIC APPOINTMENTS

| | |
|---|---|
| 2018 - Present | Clinical Assistant Professor in Psychiatry, NYU Langone Medical Center |
| 2003 - Present | Adjunct Assistant Professor in Psychiatry and Behavioral Sciences, New York Medical College |
| 1992 - 2018 | Clinical Instructor in Psychiatry, NYU School of Medicine |
| 1989 - 1992 | Assistant Clinical Instructor in Psychiatry, NYU School of Medicine |

## ADDITIONAL PROFESSIONAL POSITIONS

| | |
|---|---|
| 1993 - 1995 | Attending Psychiatrist, Division of Forensic Psychiatry, Bellevue Hospital |
| 1992 - 1993 | Attending Physician, Division of Consultation-Liaison Psychiatry, Bellevue Hospital |
| 1992 - 1993 | Attending Physician, St. Francis Residence |
| 1990 - 1992 | Attending Physician, Psychiatric Admitting Office, Bellevue Hospital |

## COMMITTEE ASSIGNMENTS

| | |
|---|---|
| 2023 - present | State of New York, Unified Court System, NYS Judicial Task Force on Mental Illness |
| 1996 - 1997 | JCAHO Task Force, Bellevue Hospital |
| 1996 - 1997 | Search Committee for Medical Director in Psychiatry, Bellevue Hospital |
| 1993 - 1994 | Advisory Council to the Executive Director, Bellevue Hospital |
| 1992 - 1994 | Faculty Academic Affairs Committee, Bellevue Hospital |
| 1989 - 1991 | Admissions Committee, Department of Psychiatry, NYU School of Medicine |

## TEACHING EXPERIENCE

| | |
|---|---|
| 2023 - Present | Supervising Forensic Psychiatrist to NYU Grossman School of Medicine's Forensic Psychiatry Fellowship |

Alexander Sasha Bardey, M.D.

| | |
|---|---|
| 2004 - 2010 | Course Director, Forensic Psychiatry, St. Vincent's Catholic Medical Center, NY |
| 1999 - 2000 | Supervising Psychiatrist, NYU Forensic Psychiatry Residency, Department of Psychiatry, NYU School of Medicine |
| 1999 - 2000 | Supervising Attending Psychiatrist, Elective in Telepsychiatric Consultation, NYU School of Medicine |
| 1995 - 1999 | Director, Medical Student Education, Division of Forensic Psychiatry, Bellevue Hospital |
| 1995 - 1999 | Lecturer in the Forensic Psychiatry Course to Psychiatry Residents, NYU Department of Psychiatry |
| 1994 - 1999 | Lecturer in Suicide Prevention and Management Seminar for the Department of Corrections |
| 1994 - 1999 | Lecturer in Psychopharmacology Course in the Psychology Department, Bellevue Hospital |
| 1993 - 2002 | Supervising Attending Psychiatrist, Tisch Hospital |
| 1993 - 2000 | Supervising Attending Psychiatrist, Forensic Psychiatry Fellowship, NYU Department of Psychiatry |
| 1992 - 2000 | Psychopharmacology Supervisor, Psychopharmacology Clinic, Bellevue Hospital |
| 1992 - 1994 | Psychotherapy Supervisor, Mental Hygiene Clinic, Bellevue Hospital |
| 1991 - 1993 | Supervising Attending Psychiatrist, Psychiatric Emergency Room, Bellevue Hospital |
| 1991 - 1992 | Instructor in a didactic course on psychopathology, NYU School of Medicine |
| 1990 - 1991 | Instructor in a didactic course on human behavior, NYU School of Medicine |

## MEMBERSHIPS IN PROFESSIONAL SOCIETIES

| | |
|---|---|
| 1995 - Present | American Board of Forensic Examiners |
| 1990 - Present | American Medical Association |
| 1992 - 1995 | American Group Psychotherapy Association |
| 2017 - Present | International Association of Chiefs of Police |
| 2017 - Present | Association for the Treatment of Sexual Abusers |

## PUBLICATIONS AND EDITORSHIPS

Bardey A.S. and Berger R.H. (1997). Confidentiality and Privilege. Primary Psychiatry, 4 (8), 19 - 26.

Bardey A.S. and Berger R.H. (1997). Informed Consent. Primary Psychiatry, 4 (9), 9 - 21.

Bardey A.S. and Berger R.H. (1997). Malpractice. Primary Psychiatry, 4 (10), 14 - 21.

Bardey A.S. and Berger R.H. (1997). Dangerousness. Primary Psychiatry, 4 (11), 14 - 21.

Bardey A.S. and Berger R.H. (1997). Telemedicine and Telepsychiatry. Primary Psychiatry, 4 (12), 14 - 16.

Bardey A.S. and Berger R.H. (1998). Malingering. Primary Psychiatry, 5 (2), 24-36.

**PRESENTATIONS**

Bardey, A.S., Rosenberg, M. (2024, 2023, 2022) Criminal Responsibility and the Application of Psychological Testing. Presented at the Kirby Forensic Psychiatric Center. New York, NY.

Bardey, A.S. and Rosenberg, M. (2024) Presentation to the Nassau County Elder Abuse Multidisciplinary Team, New York, NY.

Bardey, A.S., Lapinta, A., Prof. Kramer, L.S., (2024, 2023, 2022, 2021, 2020, 2019). Selected Topics in Trial Advocacy, Examination of Expert Witness, Touro Law School, East Islip, NY.

Bardey A.S. Bardey and Rose, D, (2024) Presentation on Assisted Outpatient Treatment to the Legislative Committee Meeting of the 2024 Legislative Session, 446th Session of General Assembly, Maryland Correctional Administrators Association. Online.

Bardey, A.S., Barber Rioja, V., Kendrick, J., DeAvila, K., (2022) Mental Health In the Prison System, Touro Law School, East Islip, NY.

Bardey, A.S., Bailey, P, Vassalo, R, (2020). Forensic Evaluations and Reports, Continuing Legal Education presentation, CUCS Academy for Justice-Informed Practice. Online.

Bardey, A.S., (2020). Twenty Years of AOT in New York: What Have We Learned? New York State Office of Mental Health state-wide grand rounds, Albany, NY.

Bardey, A.S., Carmenaty, R., Carle, D., Gorinsky, J., and Butchin, J. (2018). Nassau County Bar Association, Mental Health Subcommittee Continuing Legal Education presentation: Kendra's Law: The Case for Coercive Care. Bar Association, Mineola, NY.

Bardey, A.S. (2018). New State Office of Mental Health, Long Island Field Office, Psychiatric In-service: Psychopharmacology Update. Pilgrim Psychiatric Center, Brentwood, NY.

Bardey, A.S., Klein, F.B., and La Pinta, A.M. (2016). New York State Bar Association, Criminal Justice Section, Spring Meeting: Trials Without "Who Done It" But Why. Montauk Yacht Club, Montauk, NY.

Bardey, A.S. and Dolan, J.R. (2015). The 6th Annual Conference on Co-Occurring Disorders: Forensic Mental Health and Chemical Dependency Services for Criminal and Juvenile Justice, Keynote Presentation: We Thought We Knew – No Let's Get It Right. Hofstra University, Uniondale, NY.

Bardey, A.S. (2015). Psychiatric Disorders, Co-Occurring Disorders and Medications. Crisis Intervention Training, Hempstead Police Department, Hempstead, NY.

Bardey, A.S. (2015) Infanticide: The Psychology of an Unnatural Act. Arizona Homicide Investigators Association, annual meeting, Las Vegas, NV.

Bardey, A.S., Ser, J., Esq., Gombiner, M., (2015) Sex Offender Evaluations: What They Are and What They Mean. The Federal Defenders of New York, Inc., CLE Program, New York, NY.

Bardey, A.S., Hon. McCarthy, W.E., Prof. Cucolo, H., Leo, D. (2015) Sexual Offenders and Post Incarceration MHL Article 10 Civil Commitment and SORA Proceedings. 2015 Joint Seminar of the First, Second, Third & Fourth Judicial Departments of the Appellate Division of the Supreme Court of the State of New York, New York, NY.

Bardey, A.S., Termini, K., Prentky, R. (2014) Psycho-Sexual Evaluation Training. Federal Defenders of New York, Inc., Southern District of New York, New York, NY.

Bardey, A.S. (2014). Emotionally Disturbed Persons Response Team Training Course. Morrelly Homeland Security Center, Bethpage, NY.

Bardey, A.S. (2013). Psychotropic Medications and Co-Occurring Disorders. Mental Health Association of Nassau County, Hempstead, NY.

Bardey, A.S. (2012). Psychiatric Disorders, Co-Occurring Disorders and Medications. Crisis Intervention Training, Nassau and Suffolk County Parole/Probation, Hempstead, NY.

Bardey, A.S. (2011). Psychiatric Disorders, Co-Occurring Disorders and Medications. Crisis Intervention Training, Hempstead Police Department, Hempstead, NY.

Bardey, A.S. (2010). Psychotropic Medications and Interactions with Street Drugs. Lecture to FEGS Health and Human Services System, Hempstead, NY.

Bardey, A.S. et al. (2010). Nassau County Mental Health Court – Psychiatric Perspective. Continuing Legal Education presentation to the Nassau County Bar Association, Garden City, NY.

Bardey, A.S., Ruthen, H. (2008). Mentally Disabled People in Crisis. Presentation to the Nassau County Police Department, Garden City, NY.

Bardey, A.S., Lynch, C. (2008) Continuing Legal Education presentation to the Kings County District Attorney's Office: Extreme Emotional Disturbance. Brooklyn, NY.

Bardey, A.S. (2008). The Case for Coercive Care – Kendra's Law in Nassau County. Webinar to the Office of Court Administration.

Bardey, A.S., Nolan, J. (2008 and 2006). Assessing for Serious Mental illness – Overview. Presentation to Nassau County Department of Social Services, Hempstead, NY.

Bardey, A.S. (2008). The case for Coercive Care – Kendra's Law in Nassau County. Grand Rounds presentation at North Shore University Hospital at Manhasset, NY.

Bardey, A.S. (2007). Working with the Difficult to Engage Client. Presentation to the Mental Health Association of Nassau County, NY.

Bardey, A.S. (2007) Stop treating the Incarcerated Mentally Ill. Presentation to the World Association for Psychiatric Rehabilitation, NY.

Bardey, A.S. (2006) Mental Illness and the Criminal Justice System – An Unfortunate Alliance. Continuing Legal Education presentation to the Suffolk Bar Association, East Islip, NY.

Bardey, A.S. (2006). Working with the Challenging Client. Presentation to the Mental Health Association of Nassau County, NY.

Bardey, A.S. (2005). Assisted Outpatient Treatment: Five-Year Update and Experience. Grand Rounds presentation at North Shore University Hospital at Glen Cove, NY.

Bardey, A.S., Zdanowicz, M. & Barr, H. (2004). Coercion and Treatment, Medical, Legal, and Ethical Issues. American Psychiatric Association Annual Meeting.

Bardey, A.S. (2003). Forensic Mental Health. Mental Health Judicial Conference. NY.

Bardey, A.S. (2003). Mad or Bad – the Mentally Ill in the Criminal Justice System. Presentation to the Legal Aid Society of New York.

Helfand, S., Bardey, A.S. & Rose, D.S. (2002). Disaster Counseling in an Urban Jail Setting. National Commission on Correctional Health Care - Clinical Updates in Correctional Health Care.

Bardey, A.S., Rose, D.S. & Collins, G. (2001). Mandated Outpatient Treatment in New York City: A Forensic Perspective. American Psychiatric Association Annual Meeting.

Rose, D., Bardey, A.S., Trujillo, M., & Abad, A.A. (2000). Implementing Outpatient Commitment in New York City: A Forensic Perspective. World Psychiatric Association Thematic Conference & Introductory Course on Legal and Forensic Psychiatry.

Bardey, A.S. (2000). The Implementation of Kendra's Law in New York. Harlem Hospital, Grand Rounds.

Bardey, A.S. (2000). The Implementation of Kendra's Law in New York. Gouverneur Hospital, Grand Rounds.

Bardey, A.S. (1997). The Use of Telemedicine in Psychiatry, Middletown Hospital, Grand Rounds.

# Exhibit B

**ALEXANDER SASHA BARDEY M.D.**
FORENSIC AND GENERAL PSYCHIATRY

# EXPERT TESTIMONY AND DEPOSITIONS
## 2019-2024

### Testimony in criminal cases

| Date | Case | Jurisdiction | Legal Issue | Retained by |
|---|---|---|---|---|
| 1/19 | NY v. Feliz-Volquez | Bronx | Criminal Responsibility | Defense |
| 2/19 | NJ v. Lomando | Bergen, NJ | Diminished Capacity | Defense |
| 3/19 | NY v. Chisolm | Kings | Competency to waive Miranda | Prosecution |
| 5/19 | NY v. Harrison | Suffolk | Criminal Responsibility | Defense |
| 6/19 | NY v. Leonard | Suffolk | Mens Rea | Defense |
| 9/19 | NY v. Tall | Suffolk | SORA | Defense |
| 1/20 | NY v. Stetson-Shanahan | Queens | Criminal Responsibility | Defense |
| 6/20 | USA v. L. Pina | SDNY | Compassionate Release | Defense |
| 8/21 | NY v. Martunovich | Kings | Criminal Responsibility | Defense |
| 3/23 | NY v. Acosta | Bronx | PTSD/memory | Defense |
| 3/23 | NY v. Franco-Martinez | Nassau | EED | Defense |
| 5/23 | NY v. Raqwah Johnson | Albany | Grand Jury | Defense |
| 10/23 | NY v. JC Jimenez | Bronx | Intent | Defense |
| 11/23 | NY v. An | Queens | Criminal Responsibility | Defense |
| 5/24 | NY v. Munera | New York | EED | Defense |
| 8/24 | NY v Dawes | Kings | EED | Prosecution |
| 11/24 | NY v. Shatell Spurgeon | Queens | DVSJA | Defense |
| 11/24 | NY v. D. Penny | New York | Victim SOM | Defense |

### Testimony in civil cases

| Date | Case | Jurisdiction | Legal Issue | Retained by |
|---|---|---|---|---|
| 4/19 | Wellner v. NYC | New York | Personal Injury | Plaintiff |
| 5/19 | In Re. Gandy | Suffolk | 330.20 | Respondent |
| 7/19 | In Re. Watson | Kings | 330.20 | Prosecution |

*Alexander Sasha Bardey, M.D.*

| | | | | |
|---|---|---|---|---|
| 9/19 | In re. Bueno-Edwards | Albany | Fitness to work | Respondent |
| 1/20 | In Re. Newcomb | Orange | 330.20 | Respondent |
| 7/21 | In Re. Maniscalco | New York | Fitness to work | Respondent |
| 8/21 | In Re. Marzolf | Monroe | 330.20 | Plaintiff |
| 8/21 | In Re. McKelvey | Suffolk | 330.20 | Respondent |
| 10/21 | In Re. V. Rosado | New York | Disability | Claimant |
| 12/21 | In Re. Barkdale-Powell | Orange | 330.20 | Defendant |
| 3/22 | Youwanes v Steinbrech | New York | Malpractice | Plaintiff |
| 7/22 | In Re. W. Goldin | New York | Disability | Plaintiff |
| 10/22 | Rapp v. Fowler (Spacey) | SDNY | CVA | Defendant |
| 6/23 | NYS vs. Bernard, Jose | Kings | Article 10 | Petitioner |
| 2/24 | In re. J. Ferrufino | New York | 330.20 | Petitioner |
| 4/24 | In Re. An | Queens | 330.20 | Defendant |
| 8/24 | Garden City UFSD v. J Leake | Nassau | Fitness | Respondent |
| 11/24 | In Re. Smith, Derrick | Queens | 330.20 | Prosecution |

## Depositions

| Date | Case | Jurisdiction | Legal Issue | Retained by |
|---|---|---|---|---|
| 5/19 | Rene v. Brunswick Hospital | Suffolk | Personal Injury | Defendant |
| 5/21 | Styller v. Hewlett-Packard | US District Court, District of MA | Personal Injury | Plaintiff |
| 11/21 | Hill v. Addabbo and Kesselly | EDNY | Sexual Harassment | Defendant |
| 1/22 | Rapp v. K. Fowler aka Spacey | SDNY | Sexual Abuse | Defendant |
| 10/22 | Doe c. Stephen Cuchel | EDNY | Sexual Abuse | Defendant |
| 8/23 | Czernyk v. Bongiovanni | Bronx | Sexual abuse | Defendant |
| 4/24 | J. Doe v. Bemer | Connecticut | Sexual Abuse | Defendant |
| 6/24 | N. Moore v. Planned Parenthood Federation of America | SDNY | Racial Discrimination | Plaintiff |