**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

      - v. -

Case No.:  24-cr-542 (AS)

SEAN COMBS,

                Defendant.

**DEFENDANT SEAN COMBS'S REQUESTS TO CHARGE**

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................................................... i

Defense Request No. 1 – List of Standard Charges ............................................................. 1

Defense Request No. 2 – Summary of the Indictment ......................................................... 3

Defense Request No. 3 – Racketeering Conspiracy ............................................................. 5

I.    The Elements of Racketeering Conspiracy ................................................................ 5

    A.    First Element – Conspiracy To Violate RICO .................................................. 5

        1.    "Enterprise" ............................................................................................ 6

        2.    "Interstate or foreign commerce" .......................................................... 8

        3.    "Employed by or associated with" ........................................................ 8

        4.    "Pattern of racketeering activity" .......................................................... 9

        5.    "Conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity" ................................................... 10

    B.    Second Element – Membership in the Conspiracy .................................................... 11

    C.    Third Element – Agreement to Commit Predicate Acts ........................................... 12

    D.    Alleged Racketeering Acts .................................................................................... 13

        1.    Act 1 – Kidnapping ............................................................................... 14

        2.    Act 2 – Arson ........................................................................................ 26

        3.    Act 3 – Bribery ...................................................................................... 29

        4.    Act 4 – Witness Tampering/Obstruction ............................................... 31

        5.    Act 5 – Forced Labor ............................................................................. 34

        6.    Act 6 – Sex Trafficking ......................................................................... 37

        7.    Act 7 – Transportation to Engage in Prostitution ................................. 38

        8.    Act 8 – Possession with Intent to Distribute Narcotics and Controlled Substances ........................................................................... 39

E.      Special Sentencing Factor ............................................................................ 44

Defense Request No. 4 – Sex Trafficking ................................................................... 45

I.     Summary of the Indictment ................................................................................. 45

II.    The Elements of Sex Trafficking by Force, Fraud, or Coercion ....................... 45

     A.     First Element – Recruiting, Enticing, Transporting, or Harboring ......................... 46

     B.     Second Element – Use of Force, Fraud, or Coercion ............................... 46

     C.     Third Element – Commercial Sex Act ................................................... 48

     D.     Fourth Element – Affecting Interstate Commerce ................................... 49

     E.     Unanimity ............................................................................................ 49

Defense Request No. 5 – Mann Act ........................................................................... 50

I.     Summary of the Indictment ................................................................................. 50

II.    The Elements of Transportation to Engage In Prostitution .............................. 50

     A.     First Element—knowingly transport in interstate or foreign commerce ................ 51

          1.     "Knowingly transport" ................................................................. 51

          2.     "Interstate or foreign commerce" ................................................ 51

     B.     Second Element—intent that the person transported would engage in prostitution ..................................................................................... 51

          1.     "Intent" ........................................................................................ 51

          2.     "Engage in prostitution" .............................................................. 52

     C.     Unanimity ............................................................................................ 52

Defense Request No. 6 – Aiding and Abetting Liability ........................................... 54

Defense Request No. 7 – Attempt ............................................................................... 57

Defense Request No. 8 – Venue ................................................................................. 58

Defense Request No. 9 – Defense Theory of the Case .............................................. 60

## **<u>Introduction</u>**

Defendant Sean Combs, through his undersigned attorneys, respectfully submits his requests to charge the jury.  Defendant submits a list of requested standard instructions followed by proposed charging language for the substantive case-specific charges on the law.  Defendant respectfully reserves the right to supplement or amend his requests to charge in response to the government's requests and in light of the evidence as it is presented at trial, as well as any proposed charge furnished by the Court.

**<u>Defense Request No. 1</u>**

**List of Standard Charges**

Defendant requests that the Court give its standard instructions on the following topics, consistent with the charges given by the Court in the recent *United States v. Eisenberg*, 23-cr-10 (AS) (S.D.N.Y), trial:

- Role of Court and Role of Jury

- Government as a Party

- Presumption of Innocence and Burden of Proof

- Direct and Circumstantial Evidence

- Number of Witnesses

- Witness Credibility

- Law Enforcement/Government Employee Witnesses

- Defendant's Testimony and/or Defendant's Right Not to Testify

- Expert Witnesses

- Uncalled/Missing Witnesses

- Charts and Summaries

- Audio/Video Evidence and Transcripts as Aid

- Redaction of Evidentiary Items

- Stipulations

- Limiting Instructions

- Jury Notes

- Right to See Exhibits and Testimony

- Publicity; No Independent Research or Contact

- Improper Considerations

- Indictment Not Evidence

- Multiple Counts

- Proof Beyond A Reasonable Doubt

- Duty to Consult

- Verdict Must Be Unanimous

- Selection of a Foreperson

- Communication with the Court

**Defense Request No. 2**

**Summary of the Indictment**

With these preliminary instructions in mind, let us turn to the specific charges.

The indictment contains a total of five counts against Defendant Sean Combs.  Each count charges a separate crime.  Each count must therefore be considered separately by you, and you must return a separate verdict on each count.

Count One charges that:  From at least in or about 2004, through in or about 2024, Mr. Combs conspired to conduct and participate in the conduct of the affairs of the Combs Enterprise through a pattern of racketeering activity, which pattern of racketeering activity included acts involving kidnapping, arson, bribery, witness tampering, forced labor, sex trafficking, transportation to engage in prostitution, and possession with intent to distribute controlled substances, in violation of Title 18, United States Code, Section 1962(d).

Counts Two and Four each charge sex trafficking by force, fraud, or coercion, in violation of Title 18, United States Code, Section 1591(a)(1).  Count Two charges that from at least in or about 2009, up to and including in or about 2018, Mr. Combs committed sex trafficking of ███████████.  Count Four charges that from at least in or about 2021, up to and including in or about 2024, Mr. Combs committed sex trafficking of ███████████.

Counts Three and Five each charge knowing transportation of persons in interstate and foreign commerce with the intent that they engage in prostitution, in violation of Title 18, United States Code, Section 2421(a).  Count Three charges that from at least in or about 2009, up to and including in or about 2018, Mr. Combs knowingly transported ███████████ and commercial sex workers in interstate and foreign commerce with the intent that they engage in prostitution.  Count Five charges that from at least in or about 2021, up to and including in or

about 2024, Mr. Combs transported ████████ and commercial sex workers in interstate

and foreign commerce with the intent that they engage in prostitution.

I will now instruct you on the elements of each of these counts.

<u>**Defense Request No. 3**</u>

**Racketeering Conspiracy[1]**

**(18 U.S.C. § 1962(d))**

## I.    The Elements of Racketeering Conspiracy

Count One charges the defendant with conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act.  In order to prove that the defendant conspired to violate the Racketeer Influenced and Corrupt Organizations Act, the government must establish beyond a reasonable doubt each of the following elements of the offense:

First, that there was an agreement among two or more persons to conduct or participate in the affairs of an enterprise that would affect interstate commerce through a pattern of racketeering activity;

Second, that the defendant knowingly and willfully joined that agreement; and

Third, that the defendant agreed that he or another member of the conspiracy would commit two racketeering acts, as I will define that term for you.

### A.    First Element – Conspiracy To Violate RICO

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to conduct or participate in the affairs of an enterprise that would affect interstate commerce through a pattern of racketeering activity.

A "conspiracy" is an agreement among two or more persons to achieve an unlawful object.  To show a conspiratorial agreement, the government must prove that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object.

---

[1] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.05; *United States v. Ray*, No. 20 Cr. 110 (LJL) (S.D.N.Y. 2022), Tr.2968-3027.

In this case, the alleged unlawful object is a violation of Title 18, United States Code, Section 1962(c), which makes it unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity. The government must therefore prove beyond a reasonable doubt that the defendant agreed with others to further an endeavor which, if completed, would satisfy all the elements of this substantive RICO offense.[2] Let me define these terms for you.

1. "Enterprise"[3]

An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time. This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal, and structure, and it must have a core of personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation.

This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose. But the group must have a principal purpose for which it operates.[4] That purpose must be common to the group as a whole, and cannot merely represent one individual's own personal self-interest or agenda.[5] Mere similarity of conduct or the fact that

---

[2] *See United States v. Cain*, 671 F.3d 271, 291 (2d Cir. 2012); *see also United States v. Sessa*, 125 F.3d 68, 71 (2d Cir. 1997) (a RICO conspiracy requires "an agreement to violate RICO's substantive provisions").

[3] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.04.

[4] *United States v. Eppolito*, 543 F.3d 25, 27 (2d Cir. 2008).

[5] *See Gross v. Waywell*, 628 F. Supp. 2d 475, 498 (S.D.N.Y. 2009) ("defendants who allegedly constitute an illegal enterprise" to pursue their own affairs or purposes, "as opposed to the affairs or purposes of their common 'enterprise,'" do not violate RICO) (citing *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993)); *Black v. Ganieva*, 619 F. Supp. 3d 309, 332 (S.D.N.Y. 2022) (pursuing one's "own agenda[]" cannot be "a common purpose" of a RICO enterprise), *aff'd*, No. 22-1524-CV, 2023 WL 2317173 (2d Cir. Mar. 2, 2023); *Gucci Am., Inc. v. Alibaba Grp.*

individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of an enterprise, though you may consider such factors.[6]  RICO's requirements demand more than such general synchronicity.[7]

The enterprise must have an organization with a structure and goals separate from the alleged racketeering acts.[8]  There must be an overarching relationship amongst the enterprise members, and they cannot be connected merely through individual relationships with a central figure.[9]  And the enterprise cannot simply be the defendant referred to by a different name.[10]

The government has charged that the alleged enterprise in this case consisted of (i) Sean Combs; (ii) entities within the Combs Business, including but not limited to Bad Boy Entertainment, Combs Enterprises, and Combs Global; (iii) individuals employed by and associated with the Combs Business; and (iv) others known and unknown.

If you find that this enterprise existed, you must also determine whether this enterprise continued in an essentially unchanged form during substantially the entire period charged in the

---

*Holding Ltd.*, 2016 WL 6110565, at *7 (S.D.N.Y. Aug. 4, 2016) (personal enrichment or "self-interest"—even if pursued in parallel—fails to demonstrate the type of enterprise-wide purpose necessary to invoke RICO).

[6] *United States v. Raniere*, 18-cr-204 (NGG) (E.D.N.Y.), ECF#728 at 44.

[7] *Black*, 619 F. Supp. 3d at 333.

[8] *Boyle v. United States*, 556 U.S. 938, 950 (2009); *United States v. Segal*, 248 F. Supp. 2d 786, 790 (N.D. Ill. 2003) (The enterprise "must be more than a group of people who get together to commit a pattern of racketeering activity"); *United States v. Masters*, 924 F.2d 1362, 1367 (7th Cir. 1991) ("If the 'enterprise' is just a name for the crimes committed, or for the[] agreement to commit these crimes … it would not be an enterprise within the meaning of the statute.").

[9] *See, e.g.*, *D'Addario v. D'Addario*, 901 F.3d 80, 101 (2d Cir. 2018) (collecting cases and observing when the enterprise members are "alleged to have a relationship with a central figure, but … are not all alleged to be connected in some overarching way," there is no cognizable RICO association); *Moss v. BMO Harris Bank, N.A.*, 258 F. Supp. 3d 289, 303 (E.D.N.Y. 2017) (Bianco, J.) (dismissing RICO claims where plaintiff asserted "[a]t best ... a rimless 'hub and spokes' relationship").

[10] *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001) (distinctness required).

indictment.  This does not mean that everyone involved has to be the same, but the core of the enterprise has to be the same throughout.

    2.  "Interstate or foreign commerce"[11]

Interstate or foreign commerce simply means the movement of goods, services, money, and individuals between any two or more states or between one state and the District of Columbia or between a state and a U.S. Territory or possession or between the United States and a foreign country.

The government must prove that the alleged enterprise engaged in or would have engaged in interstate or foreign commerce or that its activities affected or would have affected interstate or foreign commerce in any way, no matter how minimal.  It is not necessary to prove that the acts of the defendant affected interstate or foreign commerce as long as the acts of the alleged enterprise had such effect.

Finally, the government is not required to prove that the defendant knew he was affecting interstate or foreign commerce.

    3.  "Employed by or associated with"[12]

It is not required that the defendant have been employed by or associated with the enterprise for the entire time that the enterprise existed.  It is required, however, that at some time during the period indicated in the indictment, the defendant was employed by or associated with the enterprise.

---

[11] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.04.
[12] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.04. Although not included in Sand's RICO conspiracy charge, this instruction is required.  *See Cain*, 671 F.3d 271, 291 (holding government must prove beyond a reasonable doubt that the defendant agreed with others "to further an endeavor which, if completed, would satisfy all the elements of the substantive RICO offense").

A person cannot be associated with or employed by an enterprise if he does not know of the enterprise's existence or the nature of its activities. Thus, the government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew of the existence of the enterprise and of the general nature of its activities.

### 4. "Pattern of racketeering activity"[13]

A pattern of racketeering activity requires at least two acts of racketeering activity occurring within ten years of each other. As to the racketeering activity alleged here, Count One alleges eight different categories of racketeering acts that were committed, or were intended to be committed, as part of the conspiracy. I will define these eight categories momentarily.

To prove that the acts constituted a pattern of racketeering activity, the government must prove that the acts of racketeering are related to each other and that they pose a threat of continued criminal activity. It is not sufficient for the government to prove only that two of the racketeering acts I will describe were committed. A series of disconnected acts does not constitute a pattern, and a series of disconnected crimes does not constitute a pattern of racketeering activity, nor do they amount to or pose a threat of continued racketeering activity.

To prove that the acts of racketeering are related, the government must prove that the acts had the same or similar purposes, results, participants, victims, or methods of commission, or that they are otherwise interrelated by distinguishing characteristics and are not isolated events.

To prove that the racketeering acts pose a threat of continued racketeering activity, the government must establish that (1) the acts are part of a long term association that exists for criminal purposes; or (2) the acts are a regular way of conducting the defendant's ongoing

---

[13] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.04.

legitimate business; or (3) the acts are a regular way of conducting or participating in an ongoing and legitimate RICO enterprise.

5. <u>"Conduct or participate in the conduct of such enterprise's affairs through a pattern of racketeering activity"</u>[14]

To conduct or participate in the conduct of the enterprise means that the defendant must have played some part in the operation or management of the enterprise.

In addition to the requirement that defendant played some part in the operation or management of the enterprise, there must also be some meaningful connection between the defendant's illegal acts and the affairs of the enterprise. The link between the predicate acts and the enterprise's affairs must be a strong one: no RICO violation can be shown unless there is proof of the specified relationship between the racketeering acts and the RICO enterprise.[15] To satisfy this part of the element, the government must establish either (1) that the defendant was enabled to commit the predicate offenses solely by virtue of his position in the enterprise or involvement in or control over the affairs of the enterprise, or (2) that the predicate offenses are related to the activities of that enterprise.[16] Activities that are mere personal matters or designed to further the defendant's own personal affairs do not satisfy the required link between the predicate acts and the alleged enterprise's affairs.[17]

---

[14] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶52.04. Although not included in Sand's RICO conspiracy charge, this instruction is required. *See Cain*, 671 F.3d 271, 291 (holding government must prove beyond a reasonable doubt that the defendant agreed with others "to further an endeavor which, if completed, would satisfy all the elements of the substantive RICO offense").

[15] *United States v. Persico*, 1994 WL 36367, at *6 (E.D.N.Y. Jan. 28, 1994) (quoting *United States v. Indelicato*, 865 F.2d 1370, 1384 (2d Cir. 1989)).

[16] *United States v. Daidone*, 471 F.3d 371, 375 (2d Cir. 2006).

[17] *United States v. Bruno*, 383 F.3d 65, 85 (2d Cir. 2004) ("simply personal matters" are not vertically related to the enterprise); *United States v. Locascio*, 6 F.3d 924, 943 (2d Cir. 1993); *United States v. Santoro*, 647 F. Supp. 153, 175 (E.D.N.Y. 1986) ("No defendant need fear a RICO conviction based on crimes committed solely to benefit himself as an individual, as

## B.        Second Element – Membership in the Conspiracy

The second element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully became a member of the conspiracy charged in the Indictment.

If you are satisfied beyond a reasonable doubt that the conspiracy charged in the indictment existed, you must next ask yourselves who the members of that conspiracy were. In deciding whether the defendant was, in fact, a member of the conspiracy, you should consider whether the defendant knowingly and willfully joined the conspiracy. The defendant must have participated in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its unlawful objective.

An act is done knowingly when it is done purposely and intentionally, as opposed to mistakenly or inadvertently. A person acts intentionally when he acts deliberately and purposefully. That is, the act must have been the product of a conscious, objective decision rather than the product of a mistake or accident. To act willfully means to act voluntarily with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law.[18]

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome. You are instructed that, while proof of a financial interest in the outcome of a scheme is not essential, if you find that the defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

---

opposed to a participant in the enterprise."), *rev'd on other grounds sub nom. United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988).
[18] Adapted from *Ray*, Tr.2955.

As I mentioned a moment ago, before the defendant can be found to have been a conspirator, you must first find that he knowingly joined in the unlawful agreement or plan. The key question, therefore, is whether the defendant joined the conspiracy with an awareness of the basic aims and purposes of the unlawful agreement.

It is important for you to note that the defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

I want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

## C.     Third Element – Agreement to Commit Predicate Acts

The third element the government must prove beyond a reasonable doubt is that the defendant agreed that he or another member of the conspiracy would commit two racketeering acts.

The focus of this element is on the defendant's agreement to participate in the unlawful objective of the enterprise to engage in a pattern of racketeering activity, and not on the defendant's agreement to commit the individual criminal acts. The government must prove that the defendant participated in some manner in the overall objective of the conspiracy, and that he

12

knew the conspiracy involved, or would have involved, the commission of two racketeering acts. The government is not required to prove either that defendant agreed to personally commit two racketeering acts or that he actually committed two such acts.

For the purposes of this count, the indictment alleges that the following racketeering acts were or were intended to be committed as part of the conspiracy:

a. acts involving kidnapping, chargeable under certain provisions of California and New York law;

b. acts involving arson, chargeable under certain provisions of California law;

c. acts involving bribery, chargeable under certain provisions of California law;

d. acts involving tampering with a witness, victim, or an informant, chargeable under federal law;

e. acts involving forced labor, chargeable under federal law;

f. acts involving sex trafficking, chargeable under federal law;

g. acts involving transportation and inducement to travel for purposes of prostitution and other illegal sexual activities, chargeable under federal law; and

h. offenses involving the possession with intent to distribute, or distribution of narcotics and controlled substances, chargeable under federal law.

### D.     Alleged Racketeering Acts

I will now explain the law governing the eight types of racketeering acts that the government has alleged.  In order to convict Mr. Combs of the racketeering conspiracy offense, your verdict must be unanimous as to which type or types of predicate racketeering activity Mr. Combs agreed would be committed, either by himself or a co-conspirator.  Specifically, at least two acts of the eight types of offenses I just listed, as defined by the elements of those offenses as I will now instruct you.

If you find that the alleged conspiracy did not exist, or that it did not affect interstate commerce, or that Mr. Combs was not a member of the conspiracy or enterprise, you should not consider whether the government has established any of the racketeering acts.

Continuing with Count One, I'm now going to further explain to you the eight types of racketeering acts that are alleged in the indictment.  I'm going to go through them one by one.

In a moment, I will instruct you on the substantive law of each of these offenses.  Before I do, let me remind you that the government must prove beyond a reasonable doubt that Mr. Combs agreed that either he or a co-conspirator would commit two acts in violation of these statutes within 10 years of each other as part of the charged RICO conspiracy.  As I have said, the government need not prove that Mr. Combs himself committed or agreed to personally commit any of these offenses.  You will also note that for some of the charged categories of predicate offenses, the indictment charges a violation of more than one statute.  I instruct you that, in order to find that a given predicate offense was an object of the charged RICO conspiracy, you need not find that the object of the conspiracy involved violations of all the listed statutes pertaining to that offense; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes pertaining to that offense, but you must be unanimous as to which one or ones.

You'll also note as to some of these offenses, I'm going to use the term "aiding and abetting," which I will separately define for you later, unless the offense is defined by state law, in which case I will provide the relevant state law definition that you should apply.

### 1.  Act 1 – Kidnapping

The first predicate racketeering act alleges that Mr. Combs agreed a conspirator would commit "acts involving kidnapping" chargeable under California and New York law.  I will

instruct you separately on the elements of kidnapping under the laws of both California and New York, starting with California.

a. <u>Kidnapping Under California Law</u>[19]

In order for the offense of kidnapping under California law to be considered as a racketeering act, the government must prove that Mr. Combs agreed that a RICO conspirator—as alleged in Count One—would violate California Penal Code Section 207(a), which makes it a crime to "forcibly, or by any other means of instilling fear, steal[] or take[], or hold[], detain[], or arrest[] any person in [California], and carr[y] the person into another country, state, or county, or into another part of the same county."

To prove a violation of California Penal Code Section 207, the government must prove beyond a reasonable doubt each of the following four elements:

1. A conspirator took, held, or detained another person by using force or by instilling reasonable fear;

2. Using that force or fear, the conspirator moved the other person a substantial distance;

3. The other person did not consent to the movement; and

4. The conspirator did not actually and reasonably believe that the other person consented to the movement.

With respect to the second element, substantial distance means more than a slight or trivial distance. In deciding whether the distance was substantial, you must consider all the circumstances relating to the movement.

With respect to the third element, in order to consent, the other person must act freely and voluntarily and know the nature of the act.

---

[19] Adapted from Judicial Council of California, Criminal Jury Instructions ("CALCRIM") No. 1215.

There are a couple of available defenses for the alleged violation of California Penal Law Section 207.  I will now instruct you on those defenses.

The first available defense is that a conspirator is not guilty of kidnapping if the other person consented to go with the conspirator.  The other person consented if she (1) freely and voluntarily agreed to go with or be moved by the conspirator, (2) was aware of the movement, and (3) had sufficient maturity and understanding to choose to go with the conspirator.  The government has the burden of proving beyond a reasonable doubt that the other person did not consent to go with the conspirator.  If the government has not met this burden, you must find that the government has not proven a violation of the substantive offense of kidnapping under California law.

The second available defense is that a conspirator is not guilty of kidnapping if he reasonably and actually believed that the other person consented to the movement.  The government has the burden of proving beyond a reasonable doubt that the conspirator did not reasonably and actually believe that the other person consented to the movement.  If the government has not met this burden, you must find that the government has not proven a violation of the substantive offense of kidnapping under California law.

### b.  Attempted Kidnapping Under California Law[20]

In addition to alleging a violation of the substantive offense of kidnapping under California Penal Code Section 207, the first predicate alleges that Mr. Combs agreed that an alleged RICO conspirator would (1) attempt to commit that offense, (2) aid and abet that offense, and (3) conspire to commit that offense.  I will now instruct you on attempted kidnapping under California law, followed by aiding and abetting kidnapping and kidnapping conspiracy.  Because

---

[20] Adapted from CALCRIM No. 460.

the kidnapping offense involved is defined by California state law, you should apply these California state law definitions of attempt, aiding and abetting, and conspiracy to this particular act, not the federal definitions that I have or will separately provide you.

To prove that an alleged conspirator attempted to commit kidnapping under California law, the government must prove both of the following two elements beyond a reasonable doubt:

1. The conspirator took a direct but ineffective step toward committing kidnapping; and

2. The conspirator intended to commit kidnapping.

With respect to the first element, a direct step requires more than merely planning or preparing to commit kidnapping or obtaining or arranging for something needed to commit kidnapping.  A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action.  A direct step indicates a definite and unambiguous intent to commit kidnapping.  It is a direct movement towards the commission of the crime after preparations are made.  It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

With respect to the second element, to decide whether the conspirator intended to commit kidnapping under California Penal Code Section 207, please refer to the separate instructions that I have given you on that crime.

### c.  Aiding And Abetting Kidnapping Under California Law[21]

Under California law a person may be guilty of a crime in two ways.  One, he or she may have directly committed the crime.  I will call that person the perpetrator.  Two, he or she may have aided and abetted a perpetrator, who directly committed the crime.  A person is guilty of a crime whether he or she committed it personally or aided and abetted the perpetrator.

---

[21] Adapted from CALCRIM Nos. 400, 401.

Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime. If all of these requirements are proved, a person does not need to actually have been present when the crime was committed to aid and abet the crime's commission.

To prove that an alleged conspirator aided and abetted kidnapping under California law, the government must prove each of the following four elements beyond a reasonable doubt:

1. The perpetrator committed kidnapping;

2. The conspirator knew that the perpetrator intended to commit kidnapping;

3. Before or during the commission of the crime, the conspirator intended to aid and abet the perpetrator in committing kidnapping; and

4. The conspirator's words or conduct did in fact aid and abet the perpetrator's commission of kidnapping.

d. <u>Conspiracy To Commit Kidnapping Under California Law[22]</u>

I will now proceed to instruct you on the alleged predicate racketeering act of conspiracy to commit kidnapping under California Penal Code Section 207. To prove this offense, the government must prove each of the following four elements beyond a reasonable doubt:

1. The conspirator intended to agree and did agree with one or more alleged coconspirators to commit kidnapping;

2. At the time of the agreement, the alleged conspirator and one or more alleged coconspirators intended that one or more of them would commit kidnapping;

---

[22] CALCRIM No. 415.

3. The alleged conspirator or one or more alleged coconspirators or both committed at least one overt act to accomplish the alleged crime of kidnapping; and

4. At least one overt act was committed in California.

With respect to the first element, the government must prove that the members of the alleged conspiracy intended to agree and did agree to commit kidnapping. The government does not have to prove that any of the members of the alleged conspiracy actually met or came to a detailed or formal agreement to commit kidnapping. An agreement may be inferred from conduct if you conclude that members of the alleged conspiracy acted with a common purpose to commit kidnapping.

With respect to the second element, to decide whether the alleged conspirator and one or more alleged coconspirators intended to commit kidnapping, please refer to the separate instructions that I have given you on that crime.

With respect to the third element, an overt act is an act by one or more of the members of the conspiracy that is done to help accomplish the agreed upon crime. The overt act must happen after the alleged conspirator has agreed to commit the crime. The overt act must be more than the act of agreeing or planning to commit the crime, but it does not have to be a criminal act itself. To decide whether the alleged conspirator committed an overt act or acts, consider all of the evidence presented about the act or acts.

With respect to the fourth element, you must all agree that at least one alleged overt act was committed in California by at least one alleged member of the conspiracy, but you do not have to all agree on which specific overt act or acts were committed or who committed the overt act or acts.

You must make a separate decision as to whether each alleged conspirator was a member of the alleged conspiracy to commit kidnapping. Someone who merely accompanies or associates with members of a conspiracy but who does not intend to commit the crime is not a member of the conspiracy. Evidence that a person did an act or made a statement that helped accomplish the goal of the conspiracy is not enough, by itself, to prove that the person was a member of the alleged conspiracy.

### e. Kidnapping Under New York Law[23]

In addition to alleging kidnapping violations under California law, the first predicate in the indictment alleges that Mr. Combs agreed an alleged conspirator would commit the substantive offense of kidnapping under New York law. In order for this offense to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator violated New York Penal Law § 135.20, which makes it a crime for a person to "abduct[] another person."

Abduct means to restrain a person with intent to prevent that person's liberation either by secreting or holding him or her in a place where he or she is not likely to be found, or by using or threatening to use deadly physical force. The terms "restrain," "intent," and "deadly physical force" used in that definition of "abduct" have a special meaning, which I will now instruct you on.

*Restrain* means to restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his or her liberty by moving him or her from one place to another, or by confining him or her either in the place where the restriction commences or in a place to which he or she has been moved, without consent and with knowledge that the

---

[23] Adapted from New York Criminal Jury Instructions (CJI2d) and Model Colloquies (MC), Kidnapping in the Second Degree.

restriction is unlawful.  A person restricts another's movements intentionally when his or her conscious objective or purpose is to restrict that person's movements.  A person restricts another's movements unlawfully when he or she is not authorized by law to do so.  Under New York law, with certain exceptions not applicable here, a person is not authorized by law to restrict another's movements.  A person restricts another's movements with knowledge that the restriction is unlawful when he or she is aware that the restriction is not authorized by law.  A person is moved or confined without consent when such is accomplished by physical force, intimidation or deception.

*Intent* means conscious objective or purpose.  Thus, a person acts with intent to prevent another's liberation either by secreting or holding him or her in a place where he or she is not likely to be found, or by using or threatening to use deadly physical force, when that person's conscious objective or purpose is to do so.

*Deadly physical force* means physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury.  Serious physical injury means impairment of a person's physical condition which creates a substantial risk of death or which causes death or serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.

Accordingly, to prove that an alleged RICO conspirator violated New York Penal Law § 135.20, the government must prove beyond a reasonable doubt each of the following five elements:

1. That a conspirator restricted another person's movements in such manner as to interfere substantially with the other person's liberty by moving the other person from one place

21

to another, or by confining the other person either in the place where the restriction commenced or in a place to which the other person had been moved;

2. That the conspirator did so without consent of the other person;

3. That the conspirator did so intentionally;

4. That the restriction of the other person's movements was unlawful, and the conspirator knew that the restriction was unlawful; and

5. That the conspirator restrained the other person with intent to prevent the other person's liberation either by secreting or holding the other person in a place where the other person was not likely to be found, or by using or threatening to use deadly physical force.

f.  Attempted Kidnapping Under New York Law[24]

In addition to alleging a violation of the substantive offense of kidnapping under New York Penal Law Section 135.20, the first predicate alleges that Mr. Combs agreed that an alleged RICO conspirator would (1) attempt to commit that offense, (2) aid and abet that offense, and (3) conspire to commit that offense.  I will now instruct you on attempted kidnapping under New York law, followed by aiding and abetting kidnapping and kidnapping conspiracy.  Again, because the kidnapping offense involved is defined by New York state law, you should apply these New York state law definitions of attempt, aiding and abetting, and conspiracy to this particular act, not the federal definitions or California state law definitions that I have or will separately provide you.

A person is guilty of an attempt to commit a crime under New York law when, with intent to commit a crime, he or she engages in conduct that tends to effect the commission of such crime.  The following terms in that definition of "attempt" have a special meaning:

---

[24] Adapted from CJI2d, Attempt to Commit a Crime.

I have already instructed you that *intent* means a conscious objective or purpose. Thus, a person acts with intent to commit a crime when his or her conscious objective or purpose is to commit that crime.

Conduct that *tends to effect* the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

If a person intends to commit a crime and engages in conduct which carries his or her purpose forward within dangerous proximity to the completion of the intended crime, he or she is guilty of an attempt to commit that crime. It does not matter that the intended crime was not actually completed.

The person's conduct must be directed toward the accomplishment of the intended crime. It must go beyond planning and mere preparation, but it need not be the last act necessary to effect the actual commission of the intended crime. Rather, the conduct involved must go far enough that it comes dangerously close or very near to the completion of the intended crime.

Accordingly, to prove that an alleged RICO conspirator attempted to commit kidnapping under New York law, the government must prove beyond a reasonable doubt each of the following two elements:

1. The conspirator intended to commit kidnapping; and

2. The conspirator engaged in conduct that tended to effect the commission of that crime.

### g.  Aiding And Abetting Kidnapping Under New York Law[25]

Under New York law, aiding and abetting is a crime whereby one person is held criminally liable for the conduct of another. Specifically, when one person engages in conduct which constitutes an offense, another is criminally liable for such conduct when, acting with the

---

[25] Adapted from CJI2, Accessorial Liability.

state of mind required for the commission of that offense, he or she solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

Under that definition, mere presence at the scene of a crime, even with knowledge that the crime is taking place (or mere association with a perpetrator of a crime), does not by itself make a defendant criminally liable for that crime.

Accordingly, in order for an alleged RICO conspirator to be held criminally liable for aiding and abetting the conduct of others that constitutes kidnapping under New York law, you must find beyond a reasonable doubt each of the following two elements:

1.  The conspirator solicited, requested, commanded, importuned, or intentionally aided that person or persons to engage in that conduct; and

2.  The conspirator did so with the state of mind required for the commission of kidnapping (on which I have previously instructed you).

If it is proven beyond a reasonable doubt that the conspirator is criminally liable for aiding and abetting, the extent or degree of the conspirator's participation in the crime does not matter. A conspirator proven beyond a reasonable doubt to be criminally liable for the conduct of another in the commission of a crime is as guilty of the crime as if the conspirator, personally, had committed every act constituting the crime.

The government has the burden of proving beyond a reasonable doubt that the conspirator acted with the state of mind required for the commission of the crime, and either personally, or by acting in concert with another person, committed each of the remaining elements of the crime.

### h.  Conspiracy To Commit Kidnapping Under New York Law[26]

Under New York law, a person is guilty of conspiracy to commit kidnapping when, with intent that conduct constituting kidnapping be performed, he or she agrees with one or more persons to engage in or cause the performance of such conduct.

I have already instructed you on the elements of the substantive offense of kidnapping under New York law.  You should consider that instruction when considering whether Mr. Combs agreed that an alleged conspirator would conspire to commit kidnapping under New York law.

Knowledge of a conspiracy does not by itself make the alleged conspirator a coconspirator.  The conspirator must intend that conduct constituting a crime be performed.  As I previously instructed you, intent means conscious objective or purpose.  Thus, a person acts with the intent that conduct constituting kidnapping be performed when his or her conscious objective or purpose is that such conduct be performed.

Evidence that an alleged conspirator was present when others agreed to engage in the performance of a crime does not by itself show that the defendant personally agreed to engage in the conspiracy.

The government must also prove that one of the alleged conspirators committed an overt act in furtherance of the conspiracy.  The agreement to engage in or cause the performance of a crime is not itself an overt act.  The overt act must be an independent act that tends to carry out the conspiracy.  The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

---

[26] CJI2d, Conspiracy in the Fourth Degree.

Accordingly, to prove that an alleged conspirator conspired to commit kidnapping under New York law, the government must prove the following three elements beyond a reasonable doubt:

1. The conspirator agreed with one or more persons to engage in or cause the performance of conduct constituting kidnapping;

2. The conspirator did so with the intent that such conduct be performed; and

3. The conspirator or one of the persons with whom he/she agreed to engage in or cause the performance of such conduct committed at least one alleged overt act in furtherance of the conspiracy.

\* \* \*

That completes my instructions pertaining to the first alleged predicate racketeering act, kidnapping.

2. Act 2 – Arson

a. Arson Under California Law[27]

The second predicate racketeering act alleges that Mr. Combs agreed an alleged RICO conspirator would commit "acts involving arson" chargeable under California law.

In order for the offense of arson under California law to be considered as a racketeering act, the government must prove that Mr. Combs agreed that an alleged conspirator would violate California Penal Code Section 451, which makes it a crime to "willfully and maliciously set[] fire to or burn[] or cause[] to be burned or . . . aid[], counsel[], or procure[] the burning of, any structure, forest land, or property."

---

[27] Adapted from CALCRIM No. 1515.

To prove a violation of California Penal Code Section 451, the government must prove beyond a reasonable doubt both of the following two elements:

1.  The conspirator set fire to or burned or counseled or helped or caused the burning of property; and

2.  The conspirator acted willfully and maliciously.

With respect to the first element, to set fire to or burn means to damage or destroy with fire either all or part of something, no matter how small the part.  Property means personal property or land other than forest land.

With respect to the second element, someone commits an act willfully when he or she does it willingly or on purpose.  And someone acts maliciously when he or she intentionally does a wrongful act under circumstances that the direct, natural, and highly probable consequences would be the burning of the property or when he or she acts with the unlawful intent to defraud, annoy, or injure someone else.

### b.  Aiding And Abetting Arson Under California Law

In addition to alleging a violation of the substantive offense of arson under California Penal Law Section 451, the second predicate in the indictment alleges Mr. Combs agreed that an alleged conspirator would attempt to commit and aid and abet the commission of that offense under California law.  I have already instructed you on aiding and abetting under California law. You should consult that instruction when considering whether the government has proven aiding and abetting arson under California law.

c.   <u>Attempted Arson Under California Law</u>[28]

I will now provide you a separate instruction for attempted arson under California law. You should consult this instruction only for purposes of attempted arson, and not any other alleged attempt offense under California law.

The government must prove that Mr. Combs agreed that an alleged conspirator violated California Penal Code Section 455, which makes it a crime to "willfully and maliciously attempt[] to set fire to or attempt[] to burn or to aid, counsel or procure the burning of any structure, forest land or property, or . . . commit[] any act preliminary thereto, or in furtherance thereof."

To prove a violation of California Penal Code Section 455, the government must prove beyond a reasonable doubt both of the following two elements:

1. The conspirator attempted to set fire to or burn or counseled or helped or caused the attempted burning of property; and

2. The conspirator acted willfully and maliciously.

With respect to the first element, a person attempts to set fire to or burn property when he or she places any flammable, explosive, or combustible material or device in or around it with the intent to set fire to it.  Also, I have already instructed you on the meaning of property for purposes of alleged arson under California law.  You should consult this instruction when considering whether the government has proved a violation of California Penal Code Section 455.

---

[28] Adapted from CALCRIM No. 1520.

With respect to the second element, I have already instructed you on the meaning of willfully and maliciously for purposes of arson under California law and—again—you should consider those instructions again here.

* * *

That completes my instructions pertaining to the second alleged predicate racketeering act, arson.

3. <u>Act 3 – Bribery</u>

a. <u>Bribery Of A Witness Under California Law</u>[29]

The third predicate racketeering act alleges that Mr. Combs agreed an alleged RICO coconspirator would commit "acts involving bribery" chargeable under California law.

In order for the offense of bribery under California law to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate California Penal Code Section 137(a), which makes it a crime to "give[] or offer[], or promise[] to give, to any witness, person about to be called as a witness, or person about to give material information pertaining to a crime to a law enforcement official, any bribe, upon any understanding or agreement that the testimony of such witness or information given by such person shall be thereby influenced."

To prove a violation of California Penal Code Section 137(a), the government must prove beyond a reasonable doubt both of the following two elements:

1. A conspirator gave or offered or promised a bribe to a witness or a person about to be called as a witness or a person about to give material information to a law enforcement official about a crime; and

---

[29] Adapted from CALCRIM No. 2610.

2. The conspirator acted with the corrupt intent to persuade the witness or person to agree that the bribe would unlawfully influence the testimony or information that the witness or person would give.

With respect to the first element, bribe means something of present or future value or advantage, or a promise to give such a thing, that is given or offered with the corrupt intent to unlawfully influence the testimony or information of the person to whom the bribe is given. Witness means someone who knows about the existence or nonexistence of facts relating to a crime. Information is material if it is significant or important.

With respect to the second element, a person acts with corrupt intent when he or she acts to wrongfully gain a financial or other advantage for himself, herself, or someone else.

b. <u>Attempted, Aiding and Abetting, And Conspiracy To Commit Bribery Under California Law</u>

In addition to alleging a violation of the substantive offense of bribery under California Penal Law Section 137(a), the third predicate in the indictment alleges Mr. Combs agreed that an alleged RICO conspirator would attempt to commit, aid and abet the commission of, and conspire to commit that offense under California law. I have already instructed you on attempt, aiding and abetting, and conspiracy under California law. You should consult those instructions when considering whether the government has proven attempted bribery, aiding and abetting bribery, or bribery conspiracy under California law.

* * *

That completes my instructions pertaining to the third alleged predicate racketeering act, bribery.

4. Act 4 – Witness Tampering/Obstruction

The fourth predicate racketeering act alleges that Mr. Combs agreed an alleged RICO coconspirator would commit multiple acts indictable under Title 18, United States Code, Section 1512, the federal witness tampering statute, and aiding and abetting the same.

In order for this offense to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate Title 18, United States Code, Sections 1512(b)(3) or (c)(2), or aided and abetted such a violation.

a. Title 18, United States Code, Sections 1512(b)(3)[30]

To prove a violation of Section 1512(b)(3), the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the date charged, the conspirator knowingly used intimidation, threatened, or corruptly persuaded a witness, victim, or informant, or attempted to do so, or engaged in misleading conduct toward that person; and

Second, that the conspirator acted knowingly and with the intent to hinder, delay or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, supervised release, parole or release pending a federal judicial proceeding.

With respect to the first element, use the following definitions:

Intimidation includes frightening a person, inspiring or affecting him by fear or deterring him by threats. It does not matter whether or not the person alleged to be the object of the threat

---

[30] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 46.09.

is actually frightened, or thinks he is in physical danger. It is enough that the threat had a reasonable tendency to make the person fearful.

A threat is simply the expression of an intention to do harm. A threat may be communicated by words as well as gestures. In order to find that the defendant used threats, as charged in the indictment, you need not find that he intended to carry out the threat. The real issue is whether the words allegedly used were in fact uttered by him, and expressed an intention to do harm.

To "corruptly persuade" means to act knowingly with a wrongful or evil purpose to convince or induce another person to engage in certain conduct.

Misleading conduct means (a) knowingly making a false statement, or (b) intentionally omitting information from a statement and thereby causing a statement to be misleading, or (c) intentionally concealing a material fact and thereby creating a false impression by such statement, or (d) with the intent to mislead, knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered or otherwise lacking in authenticity, or (e) with the intent to mislead, knowingly submitting or inviting reliance on a sample, specimen, map, photograph, boundary, mark, or other object that is misleading in a material respect, or (f) knowingly using a trick, scheme or device with the intent to mislead.

Again, the second element the government must prove beyond a reasonable doubt is that the conspirator acted knowingly and with the intent to hinder, delay or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a federal offense or a violation of conditions of probation, supervised release, parole or release pending a federal judicial proceeding.

If you find that conspirator acted with the intent to hinder or prevent communication by the witness, victim, or informant to a specific law enforcement officer or group of officers, this element is satisfied if that officer or one of the group of officers was a federal law enforcement officer.  A federal law enforcement officer is an officer or employee of the federal government who is authorized to act on behalf of the federal government in the prevention, detection, investigation, or prosecution of federal crimes (or a probation or pretrial services officer).  The government is not required to prove that the conspirator knew that the officer was a federal law enforcement officer.

On the other hand, if you find that the conspirator was not acting with the intent to prevent communication to a particular officer or group of officers, then this element is satisfied only if the government proves beyond a reasonable doubt that there was a reasonable likelihood that had the witness, victim, or informant been able to communicate with law enforcement officers, at least one relevant communication would have been made to a federal law enforcement officer.

    b.   <u>Affirmative Defenses [IF APPLICABLE]</u>

[Mr. Combs reserves the right to request instructions on the available affirmative defenses.]

    c.   <u>Title 18, United States Code, Sections 1512(c)(2)</u>[31]

I will now provide instructions pertaining to the second statute applicable to predicate racketeering act four, Section 1512(c)(2), the obstruction statute.  To prove a violation of Section 1512(c)(2), the government must prove each of the following elements beyond a reasonable doubt:

---

[31] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 46.11.

First, that the defendant obstructed, influenced, or impeded an official proceeding;

Second, that the defendant did so by impairing the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding;[32] and

Third, that the defendant acted corruptly.

An official proceeding means a proceeding before a court, judge or federal agency. The proceeding may be civil or criminal.

The law does not require that the federal proceeding be pending at the time of defendant's actions as long as the proceeding was foreseeable such that defendant knew that his actions were likely to affect the proceeding. In addition, the government does not have to prove that defendant knew that the proceeding would be in federal court.

To act corruptly means to act with an improper purpose and to engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

\* \* \*

That completes my instructions pertaining to the fourth alleged predicate racketeering act, witness tampering/obstruction.

5. Act 5 – Forced Labor

The fifth predicate racketeering act alleges that Mr. Combs agreed an alleged RICO coconspirator would commit acts indictable under Title 18, United States Code, Section 1589(a), the federal forced labor statute, and aiding and abetting the same.

---

[32] *Fischer v. United States*, 603 U.S. 480, 498 (2024).

In order for this offense to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate Title 18, United States Code, Section 1589(a), or aided and abetted such a violation.

    a.  <u>Title 18, United States Code, Sections 1589(a)[33]</u>

To prove a violation of Section 1589(a), the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant obtained or provided the labor or services of another;

Second, (1) that the defendant used force or physical restraint, or a threat of force or physical restraint, against that person or another; and/or (2) that the defendant used a threat of serious harm to or seriously harmed that person or another; and/or (3) that the defendant abused or threatened to abuse law or the legal process; and/or (4) that the defendant used a scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint; and

Third, that the defendant acted knowingly.

I will now define certain of the terms I just used.

To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental effort.  "Services" means conduct or performance that assists or benefits someone.

A threat is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.  For a statement to be a threat, the statement must have been made under such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm. In addition, the defendant must have made the

---

[33] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 47A.02.

statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.

The term "serious harm" includes both physical and non-physical types of harm including psychological, financial, or reputational harm.  A threat of serious harm includes any threat that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.  Some warnings by an employer to an employee can be legitimate.  Warnings of legitimate but adverse consequences of an employee's actions, standing alone, are not sufficient to violate the forced labor statute.  It is for you to determine whether the statements made by defendant to [the victim] were legitimate warnings, or threats as I just defined that term to you.

In determining whether the defendant made a threat of serious harm that could reasonably be believed by [the victim], you should consider [the victim's] particular station in life, physical and mental condition, age, education, training, experience, and intelligence.  A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of [the victim], causing a reasonable belief that there was no reasonable choice except to provide labor and services to the defendant.

It is an abuse of the legal process to use threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.  However, not all warnings by an employer to an employee are an abuse of the legal process.  Warnings of legitimate but adverse consequences of an employee's actions, standing alone, are not sufficient to violate the forced

labor statute.  It is for you to determine whether the statements made by defendant to [the victim] were legitimate warnings, or threats to abuse the legal process.

* * *

That completes my instructions pertaining to the fifth alleged predicate racketeering act, forced labor.

6.  Act 6 – Sex Trafficking[34]

The sixth predicate racketeering act alleges that Mr. Combs agreed an alleged RICO coconspirator would commit acts indictable under Title 18, United States Code, Section 1591(a)(1), the federal sex trafficking statute, and aiding and abetting the same.

In order for this offense to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate Title 18, United States Code, Section 1591(a)(1), or aided and abetted such a violation.  I will define the elements of that offense when I explain Counts Two and Four.  You should apply those same definitions here.

* * *

That completes my instructions pertaining to the sixth alleged predicate racketeering act, sex trafficking.

---

[34] [On April 22, 2025, the government notified the defense that, for this predicate act, it intended to propose instructions related to Title 18, United States Code, Sections 1591(a)(2) and 1591(d), only.  However, it is clear from the indictment, including Counts Two and Four and the RICO Special Sentencing Factor, that Sections 1591(a)(2) and 1591(d) were not considered by the grand jury—as opposed to Section 1591(a)(1).  The defense objects to any additional instructions pertaining to Sections 1591(a)(2) and 1591(d).  Those sections were not charged and permitting conviction on that basis would amount to a constructive amendment of the indictment.  *See United States v. Basciano*, 599 F.3d 184, 206 (2d Cir. 2010) ("Once a grand jury has charged a pattern of racketeering … only the grand jury, not the court, may decide whether an individual defendant should be charged with a *different* pattern ….") (citing *Stirone v. United States*, 361 U.S. 212, 215-16 (1960)).  To the extent the government intends to rely on 18 U.S.C. § 1591(d), that subsection of the statute is unconstitutionally vague and contravenes the First Amendment.

7.  Act 7 – Transportation to Engage in Prostitution

The seventh predicate racketeering act alleges that Mr. Combs agreed an alleged RICO conspirator would commit multiple acts indictable under Title 18, United States Code, Sections 2421 and 2422(a), the federal transportation to engage in prostitution statute, and aiding and abetting the same.

In order for this offense to be considered as a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate Title 18, United States Code, Sections 2421 or 2422(a), or aided and abetted such a violation.

With respect to Title 18, United States Code, Section 2421, I will define the elements of that offense when I explain Counts Three and Five.  You should apply those same definitions here.

With respect to Title 18, United States Code, Section 2422(a), to prove a violation of this statute, the government must establish beyond a reasonable doubt the following elements of the offense:

First, that the defendant knowingly persuaded or induced or enticed or coerced a person to travel in interstate or foreign commerce, as alleged in the indictment;

Second, that said individual traveled in interstate or foreign commerce;

Third, that defendant acted with the intent that said individual would engage in prostitution.[35]

* * *

That completes my instructions pertaining to the seventh alleged predicate racketeering act, transportation to engage in prostitution.

---

[35] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 64.02.

8. <u>Act 8 – Possession with Intent to Distribute Narcotics and Controlled Substances</u>[36]

The eighth predicate racketeering act alleges that Mr. Combs agreed an alleged RICO conspirator would commit "offenses involving the possession with intent to distribute, or distribution of narcotics and controlled substances, including cocaine, oxycodone, alprazolam, 3, 4-Methylenedioxymethemphetamine, 4-Bromo-2,5-dimethoxyphenethylamine, gamma hydroxybutyric acid, ketamine, psilocyn, and methamphetamine," in violation of federal law. Specifically, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(1)(E), relating to possession with intent to distribute narcotics and controlled substances, and conspiracy to commit and aiding and abetting the same.

In order for these alleged federal offenses to be considered a racketeering act, the government must prove that Mr. Combs agreed an alleged conspirator would violate the federal Drug Abuse Prevention and Control Act, which makes it a crime "for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."

As I just explained, the eighth predicate alleges that this federal law was violated based on (1) "possession with intent to distribute" controlled substances or (2) "distribution" of controlled substances. These are two different theories. I will now instruct you separately on the elements of both of these theories, starting with "possession with intent to distribute" and followed by "distribution."

To prove a violation of federal law based on possession with intent to distribute controlled substances, the government must prove the following three elements beyond a reasonable doubt:

---

[36] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal ¶ 56.01.

1. The conspirator possessed narcotic drugs.

2. The conspirator knew he possessed narcotic drugs; and

3. The conspirator possessed the narcotic drugs with the intent to distribute them.

To prove a violation of federal law based on distribution of controlled substances, the government must prove the following two elements beyond a reasonable doubt:

1. The conspirator distributed narcotics.

2. The conspirator distributed the narcotics knowingly.

I will now provide more specific instructions on these elements.

a. Possession

First, the government must prove beyond a reasonable doubt that a conspirator possessed or distributed one of the controlled substances I previously recited.

The legal concept of possession may differ from the everyday usage of the term, so I will explain it in some detail.

Actual possession is what most of us think of as possession; that is having physical custody or control of an object. However, a person need not have actual physical custody of an object in order to be in legal possession of it. If an individual has the ability and intent to exercise substantial control over an object that he does not have in his physical custody, then he is in possession of that item.

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the drugs. This is called joint possession.

Possession of drugs cannot be found solely on the ground that a conspirator was near or close to the drugs. Nor can it be found simply because the conspirator was present at a scene

where drugs were involved, or solely because the conspirator associated with a person who did control the drugs or the property where they were found.  However, these factors may be considered by you, in connection with all other evidence, in making your decision whether the conspirator possessed the drugs.

A conspirator may own or have control over the place where the narcotics are found, such as an apartment or a vehicle. When the conspirator is the sole person having such ownership or control, this control is significant evidence of the conspirator's control over the drugs themselves, and thus of his possession of the drugs.  But the conspirator's sole ownership or control of a residence or vehicle does not necessarily mean that the conspirator had control and possession of the drugs found in it.

A conspirator may also share ownership or control of the place where drugs are found. However, standing alone, the fact that a particular conspirator had joint ownership or control over the place where the drugs were found is not sufficient evidence to find that the conspirator possessed the drugs found there.  In order to find that a particular conspirator possessed drugs based on joint ownership or control, you must find beyond a reasonable doubt that the conspirator knew about the presence of the drugs and intended to exercise control over them.

> b.  <u>Knowledge</u>

Second, the government must prove beyond a reasonable doubt is that a conspirator knew that he possessed or distributed narcotics.

To establish this element, the government must prove that the conspirator knew that he possessed or distributed narcotics, and that his possession or distribution was not due to carelessness, negligence or mistake.  If you find that the conspirator did not know that he had narcotics in his possession or that he distributed them, or that he didn't know that what he

possessed or distributed was, in fact, narcotics, then you must find the conspirator did not violate federal narcotics law.

If the conspirator lacked this knowledge you must find that there was no violation of federal narcotics law, even if the government proves that the only reason the conspirator lacked such knowledge was because he was careless, negligent, or even foolish in failing to obtain it.

c.    Distribution or Intent to Distribute

Third, the government must prove beyond a reasonable doubt that a conspirator either (a) distributed the narcotics or (b) possessed the narcotics with intent to distribute them.  In order to prove a violation of federal narcotics law, the government must prove one of these circumstances beyond a reasonable doubt.  It need not prove both.  However, you must unanimously agree that the conspirator either distributed the narcotics or intended to distribute them.

The word "*distribute*" means to deliver a narcotic.  "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic.  Simply stated, the words distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed on or handed over to another, or to try to pass on or hand over to another, narcotics.

Distribution does not require a sale.  Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution.  In short, distribution requires a concrete involvement in the transfer of the drugs.

The phrase "*possession with intent to distribute*" means that the conspirator had control over the drugs with the state of mind or purpose to transfer them to another person.

The same considerations that apply to your determination whether the conspirator knew he possessed or distributed narcotics apply to your decision concerning the conspirator's intention to distribute them.

Basically, what you are determining is whether the drugs in the conspirator's possession were for his personal use or for the purpose of distribution. Often it is possible to make this determination from the quantity of drugs found in the conspirator's possession.

The possession of a large quantity of narcotics does not necessarily mean that the conspirator intended to distribute them. On the other hand, a conspirator may have intended to distribute narcotics even if he did not possess large amounts of them. Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such an intent. There might also be evidence of a plan to distribute. You should make your decision whether the conspirator intended to distribute the narcotics in his possession from all of the evidence presented.

If you find that the government has proven beyond a reasonable doubt the elements that I have just described to you, then there is one more issue that you must decide. The burden is on the government to establish the type of drugs in question beyond a reasonable doubt. Again, the alleged drugs at issue are cocaine, oxycodone, alprazolam, 3, 4-Methylenedioxymethemphetamine, 4-Bromo-2,5-dimethoxyphenethylamine, gamma hydroxybutyric acid, ketamine, psilocyn, and methamphetamine.

### d. Attempt, Aiding and Abetting, and Conspiracy

In addition to alleging a violation of the substantive offense of possession with intent to distribute or distribution of narcotics and controlled substances under federal law, the eighth predicate alleges that Mr. Combs agreed that an alleged RICO conspirator would conspire or attempt to commit these offenses, and aid and abet these offenses. I have previously instructed you on the concepts of conspiracy, and will instruct you on the concepts of attempt and aiding and abetting under federal law. You should consult those instructions here.

* * *

That concludes the final alleged predicate racketeering act.  Please remember that as to all the kinds of predicate racketeering acts described above, the government must prove beyond a reasonable doubt that Mr. Combs or a coconspirator agreed to commit or committed at least two related acts of any of these kinds as part of the continuing conduct of the enterprise.  You must unanimous as to which two or more such predicate acts you find they agreed to commit.

### E.     Special Sentencing Factor

The government has alleged a special sentencing factor with respect to Count One.  If you find Mr. Combs is not guilty of Count One, then you don't need to consider this factor.  If you find him guilty of Count One, you must consider whether the government has proven that Mr. Combs is guilty of this special sentencing factor.  To find Mr. Combs guilty of the special sentencing factor, you must find beyond a reasonable doubt that Mr. Combs engaged in sex trafficking of ███████████ or ██████████ as part of his agreement to conduct and participate in the enterprise through a pattern of racketeering activity.  I have provided instructions on the law governing sex trafficking in connection with the sixth predicate racketeering act of the racketeering conspiracy charged in Count One, and you should follow those instructions here.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the elements of racketeering conspiracy, then you should find the defendant guilty of Count One.  On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements, then you must find the defendant not guilty of Count One.

**Defense Request No. 4**

**Sex Trafficking**

**(18 U.S.C. §§ 1591(a)(1), (b)(1), 1594(a), and 2)**

## I.    Summary of the Indictment

I will now explain Counts Two and Four, which charge sex trafficking by force, fraud, or coercion in violation of Title 18, United States Code, Section 1591(a)(1).

Count Two of the indictment charges that, from at least in or about 2009, up to and including in or about 2018, Mr. Combs committed sex trafficking by force, fraud, or coercion, with respect to ███████████ .

Count Four of the indictment charges that, from at least in or about 2021, up to and including in or about 2024, Mr. Combs committed sex trafficking by force, fraud, or coercion, with respect to ███████████ .

You must consider and render a verdict on each count separately.

## II.    The Elements of Sex Trafficking by Force, Fraud, or Coercion[37]

In order to prove the defendant guilty of sex trafficking by force, fraud, or coercion, the government must prove each of the following elements beyond a reasonable doubt.

First, that the defendant knowingly transported or recruited or enticed or harbored or provided or obtained or maintained or patronized or solicited[38] a person by any means;

Second, that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to this person;

Third, that the defendant knew or was in reckless disregard of the fact that this person would be engaged in a commercial sex act, as I will define that term for you;

---

[37] Adapted from 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 47A.03.
[38] The "patronized or solicited" language only applies to conduct after May 29, 2015.

Fourth, that the defendant's conduct was in or affecting interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States.

### A.    First Element – Recruiting, Enticing, Transporting, or Harboring

The first element of the offense that the government must prove beyond a reasonable doubt is that the defendant knowingly transported or recruited or enticed or harbored or provided or obtained or maintained or patronized or solicited[39] ██████████, for Count Two, or ██████████, for Count Four, by any means.

To "harbor" someone means simply to provide shelter to that person.

To "obtain" someone means to acquire, control, or possess that person, even if only for a short period.

I have already defined the term "knowingly," and you should apply that definition here.

### B.    Second Element – Use of Force, Fraud, or Coercion

The second element of the offense that the government must prove beyond a reasonable doubt is that the defendant knew or was in reckless disregard of the fact that force, fraud, or coercion would be used with respect to ██████████, for Count Two, or ██████████, for Count Four.

Fraud, as I just used that term, means that the defendant knowingly made a misstatement or omission of a material fact to entice the alleged victim. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

Coercion, as I just used that term, means a threat of serious harm or physical restraint against a person. A threat is a serious statement expressing an intention to inflict harm, at once

---

[39] The "patronized or solicited" language only applies to conduct after May 29, 2015.

or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.   For a statement to be a threat, the statement must have been made under  such circumstances that a reasonable person who heard or read the statement would understand it as a serious expression of an intent to cause harm.  In addition, the defendant must have made the statement intending it to be a threat, or with the knowledge that the statement would be viewed as a threat.  The term "serious harm"  includes  both  physical  and non-physical types of harm, including psychological, financial,  or reputational harm, that is sufficient under all of the surrounding circumstances to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.  In determining whether the defendant made a threat of serious harm that could reasonably be believed by the victim, you should consider the victim's particular station in life, physical and mental condition, age, education, training, experience, and intelligence.  A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the victim, causing a reasonable belief that there was no reasonable choice except to engage in a commercial sex act as directed by the defendant.

Coercion, as I just used that term, also means that the defendant engaged in a course of behavior intended to cause the victim to believe that if he or she did not engage in a commercial sex act as directed by the defendant, the victim would suffer serious harm.

Coercion, as I just used that term, also means to use threats of legal action, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed in order to coerce someone into working against that person's will.

To satisfy this element, the government must prove that force, fraud, or coercion, as I just defined those terms, was used, and also that the defendant knew or was in reckless disregard of the fact that it would be used, against the victim.

Whether or not the defendant had this knowledge is a question of fact to be determined by you on the basis of all the evidence. I have already defined "knowingly," and you should apply that definition here. If you find that the evidence establishes, beyond a reasonable doubt, that the defendant actually knew that coercion would be used, then this element is satisfied. Even if the evidence does not establish actual knowledge, this element is satisfied if you find that the government has proved, beyond a reasonable doubt, that the defendant acted with reckless disregard of the facts concerning the use of coercion. The phrase "reckless disregard of the facts" means deliberate indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that the victim was coerced to engage in a commercial sex act.

## C.    Third Element – Commercial Sex Act

The third element that the government must prove beyond a reasonable doubt is that the defendant knew that ███████████, for Count Two, or ███████████, for Count Four, would be engaged in a commercial sex act.

A "commercial sex act" is any sex act on account of which anything of value is given to or received by any person.[40]

---

[40] Mr. Combs maintains that for a "sex act" to be "commercial," there must be a monetary or financial component to the "thing of value" that is given or received, and the sexual exploitation must be for profit. However, *United States v. Raniere*, 55 F.4th 354 (2d Cir. 2022), rejected that argument. Accordingly, while preserving his right to argue that an actual commercial motive is required to satisfy the "commercial" element, Mr. Combs has requested an instruction consistent with *Raniere* because it is presently binding on this Court.

### D.    Fourth Element – Affecting Interstate Commerce

The fourth element that the government must prove beyond a reasonable doubt is that the defendant's conduct was in or affecting interstate or foreign commerce.  I have already defined interstate or foreign commerce, and you should apply that definition here.

### E.    Unanimity

The government has argued that the defendant committed sex trafficking with respect to ███████████, for Count Two, or ██████████, for Count Four, on multiple separate occasions.  In order to convict the defendant, you must be unanimous that the government proved beyond a reasonable doubt all the elements of sex trafficking with respect to at least one occasion specifically.  It is not enough that some elements are satisfied with respect to some occasions, and other elements satisfied with respect to other occasions.  If you do not unanimously agree that the government proved the elements beyond a reasonable with respect to at least one occasion specifically, the government has not met its burden and you must return a verdict of not guilty as to that Count.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, each of the four elements of sex trafficking by force, fraud, or coercion with respect to ██████████, for Count Two, or ██████████, for Count Four, then you should find the defendant guilty of that count.  On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those essential elements with respect to ██████████, for Count Two, or ██████████, for Count Four, then you must find the defendant not guilty of that count.

## Defense Request No. 5

## Mann Act

## (18 U.S.C. §§ 2421(a) and 2)

### I.    Summary of the Indictment

I will now explain Counts Three and Five, the Mann Act counts.

Count Three charges that, from at least in or about 2009 up to and including in or about 2018, Sean Combs knowingly transported ████████████ and commercial sex workers in interstate and foreign commerce with intent that the individuals engage in prostitution.

Count Five charges that, from at least in or about 2021 up to and including in or about 2024, Sean Combs knowingly transported ████████████ and commercial sex workers in interstate and foreign commerce with intent that the individuals engage in prostitution.

You must consider and render a verdict on each count separately.

### II.    The Elements of Transportation to Engage In Prostitution[41]

In order to prove the defendant guilty of transporting an individual for the purpose of prostitution, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly transported ████████████, for Count Three, or ████████████, for Count Five, and commercial sex workers in interstate or foreign commerce as alleged in the indictment; and

Second, that the defendant, at the time of such transportation, intended that ████████ ████, for Count Three, or ████████████, for Count Five, and the commercial sex workers would engage in prostitution.

---

[41] Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 64.01; 2B Fed. Jury Prac. & Instr. § 60:03 (6th ed.)

**A.    First Element—knowingly transport in interstate or foreign commerce**

1.  <u>"Knowingly transport"</u>

The first element that the government must prove beyond a reasonable doubt is that the defendant knowingly transported ███████████, for Count Three, or ███████████, for Count Five, and commercial sex workers in interstate or foreign commerce.  The government must prove that the defendant knew he was transporting these individuals and that he knew he was transporting them in interstate or foreign commerce, specifically.[42]

I have already defined the term "knowingly" and you should apply that definition here.

2.  <u>"Interstate or foreign commerce"</u>

Transport in interstate or foreign commerce means movement between one state and another or between the United States and a foreign territory.  The government does not have to prove that the defendant personally transported the alleged victims across a state line.  It is sufficient to satisfy this element that defendant was actively engaged in the making of the travel arrangements, such as by purchasing the ticket necessary for the individual to travel as planned.

**B.    Second Element—intent that the person transported would engage in prostitution**

1.  <u>"Intent"</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant transported ███████████, for Count Three, or ███████████, for Count Five, and the commercial sex workers with the intent that they would engage in prostitution.  The

---

[42] *See United States v. Shim*, 584 F.3d 394, 395 (2d Cir. 2009) ("[W]e hold that 'knowingly' qualifies 'interstate commerce.'")

government must prove beyond a reasonable doubt that Mr. Combs formed that intent before he transported or moved them across state lines.[43]

Prostitution must not have been merely incidental to the transportation. Rather, the government must prove beyond a reasonable doubt that a significant or motivating or dominant purpose of the travel across a state line was that ████████, for Count Three, or ████ ████, for Count Five, and the commercial sex workers would engage in prostitution.

2. "Engage in prostitution"

Prostitution is the practice or an instance of engaging in sexual activity for money or its equivalent.[44]

**C.    Unanimity**

The government has argued that the defendant knowingly transported ████████, for Count Three, or ████████, for Count Five, to engage in prostitution on multiple separate occasions. In order to convict the defendant, you must be unanimous that the government proved beyond a reasonable doubt all the elements of transportation to engage in prostitution with respect to at least one occasion specifically. It is not enough that some elements are satisfied with respect to some occasions, and other elements satisfied with respect to other occasions. If you do not unanimously agree that the government proved the elements

---

[43] Adapted from 2B Fed. Jury Prac. & Instr. § 60:07 (6th ed.).
[44] PROSTITUTION, Black's Law Dictionary (12th ed. 2024); *see also Cleveland v. United States*, 329 U.S. 14, 17 (1946) ("Prostitution … normally suggests sexual relations for hire.") (citing 8 Oxford English Dictionary 1497 ("'Of women: The offering of the body to indiscriminate lewdness for hire (esp. as a practice or institution); whoredom, harlotry.'"). In the Eighth Circuit, courts instruct on the underlying definition of prostitution provided by state law where the act occurred. *See* Eighth Circuit Pattern Criminal Jury Instructions, S2 Modern Federal Jury Instructions-Criminal 6.18.2421. The definitions provided by New York, California, and Florida law mirror that provided in Black's Law Dictionary. *See* CJI2d, Prostitution ("sexual conduct with another person in return for a fee"); CALCRIM No. 1153 ("sexual intercourse or a lewd act with someone else in exchange for money"); Florida Standard Criminal Jury Instructions 23.1 ("giving or receiving of the body for sexual activity for hire").

beyond a reasonable with respect to at least one occasion specifically, the government has not met its burden and you must return a verdict of not guilty as to that Count.

* * *

In sum, if you find the government proved, beyond a reasonable doubt, both elements of transportation to engage in prostitution with respect to ███████████, for Count Three, or ███████████, for Count Five, and the commercial sex workers as alleged in those counts, then you should find the defendant guilty of that count.  On the other hand, if you find that the government has not proved, beyond a reasonable doubt, any of those essential elements with respect to ███████████, for Count Three, or ███████████, for Count Five, then you must find the defendant not guilty of that count.

**Defense Request No. 6 [IF APPLICABLE]**

**Aiding and Abetting Liability[45]**

**(18 U.S.C. § 2(a))**

Counts Two through Five of the indictment, and the witness tampering, forced labor, sex trafficking, transportation to engage in prostitution, and possession with intent to distribute controlled substances predicate racketeering acts, charge a separate theory of criminal liability known as aiding and abetting. Aiding and abetting is a theory of liability that permits a defendant to be convicted of a specific crime if the defendant, while not himself committing the crime, assisted another person or persons in committing the crime.

The aiding and abetting statute, section 2(a) of Title 18 of the United States Code provides that: "Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal."

A person aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To counsel means to give advice or recommend. To induce means to lead or move by persuasion or influence as to some answer or state of mind. To procure means to bring about by unscrupulous or indirect means. To cause means to bring something about, to effect something.

As you can see, the first requirement is that you find that another person has committed the crime charged. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a

---

[45] Adapted from *United States v. Ray*, No. 20 Cr. 110 (LJL) (S.D.N.Y. 2022), Tr. 2956-58; 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 11.01.

crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

I emphasize, however, that in order to aid or abet another to commit a crime, it is necessary that the defendant knowingly and willfully associate himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed. I have already instructed you on the definitions of knowingly and willfully.

To establish that the defendant participated in the commission of the crime, the government must prove that the alleged aider and abettor had some interest in the criminal venture and engaged in some affirmative conduct or overt act for the specific purpose of bringing about the crime. The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly and willfully associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

If, on the other hand, your answer to any one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

**<u>Defense Request No. 7</u>**

**Attempt[46]**

Counts Two through Five of the indictment charge a separate theory of criminal liability known as attempt. In order to prove that the defendant attempted to commit one of these crimes, the government must prove beyond a reasonable doubt the following two elements:

First, that the defendant intended to commit the crime; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

---

[46] 1 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal P 10.01.

**<u>Defense Request No. 8</u>**

**Venue**

With respect to each of the counts you are considering, the government, in addition to proving the essential elements of that charge, must also prove that at least one act in furtherance of each charge occurred in the Southern District of New York.  This is called establishing venue.

The Southern District of New York includes Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

To satisfy the venue requirement, the government must prove that some act constituting the essential conduct of the charged offense occurred in this District.[47]  Venue is proper in a district where (1) the defendant intentionally or knowingly causes such an act in furtherance of the charged offense to occur in the district of venue, or (2) it is foreseeable that such an act would occur in the district.

The act itself need not be a criminal act.  And the act need not have been taken by the defendant, so long as the act was part of the crime that you find the defendant committed.  Purely ministerial functions and preparatory acts occurring in the district, however, are insufficient.  The government must prove that the criminal conduct bore substantial contacts with the Southern District of New York.[48]

Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the government is required to prove venue only by a preponderance of the evidence.  A preponderance of the evidence means that it is more probable than not that some act in furtherance of the crime you are considering occurred in this District.

---

[47] *United States v. Ramirez*, 420 F.3d 134, 139 (2d Cir. 2005); *United States v. Royer*, 549 F.3d 886, 896 (2d Cir. 2008).

[48] *United States v. Kirk Tang Yuk*, 885 F.3d 57, 70 (2d Cir. 2018); *see United States v. Mackey*, No. 23-7577 (2d Cir.) (pending appeal considering scope of venue requirements).

Because venue must be proper for each count, if you find that the government has failed to prove this venue requirement by a preponderance of the evidence with respect to any of the counts charged in the Indictment, then you must acquit the defendant of that count.

**<u>Defense Request No. 9</u>**

**Defense Theory of the Case**

[Defendant respectfully requests that the jury be charged with Defendant's defense theory of the case, to be supplied following the close of trial, prior to the charge conference]

Dated: April 25, 2025
          New York, New York

                                        Respectfully submitted,

                                        /s/Alexandra A.E. Shapiro
                                        Alexandra A.E. Shapiro
                                        Jason A. Driscoll
                                        SHAPIRO ARATO BACH LLP
                                        1140 Avenue of the Americas, 17th Fl.
                                        New York, NY 10036
                                        (212) 257-4880
                                        ashapiro@shapiroarato.com
                                        jdriscoll@shapiroarato.com

                                        Marc Agnifilo
                                        Teny Geragos
                                        AGNIFILO INTRATER
                                        445 Park Ave., 7th Fl.
                                        New York, NY 10022
                                        646-205-4350
                                        marc@agilawgroup.com
                                        teny@agilawgroup.com

                                        Anna Estevao
                                        SHER TREMONTE LLP
                                        90 Broad St., 23rd Fl.
                                        New York, NY 10004
                                        (212) 202-2600
                                        aestevao@shertremonte.com