UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

  -v.-

SEAN COMBS,
  a/k/a "Puff Daddy,"
  a/k/a "P. Diddy,"
  a/k/a "Diddy,"
  a/k/a "PD,"
  a/k/a "Love,"

              Defendant.

S3 24 Cr. 542 (AS)

---

## THE GOVERNMENT'S REQUESTS TO CHARGE

JAY CLAYTON
United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278

Maurene Comey
Meredith Foster
Emily A. Johnson
Christy Slavik
Madison Reddick Smyser
Mitzi Steiner
Assistant United States Attorneys
  *Of Counsel*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

 -v.-

SEAN COMBS,
 a/k/a "Puff Daddy,"
 a/k/a "P. Diddy,"
 a/k/a "Diddy,"
 a/k/a "PD,"
 a/k/a "Love,"

                Defendant.

S3 24 Cr. 542 (AS)

## THE GOVERNMENT'S REQUESTS TO CHARGE

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully

requests that the Court include the following in its instructions to the jury.

## Contents

REQUEST NO. 1 ................................................................................................................ 1

General Requests ............................................................................................................... 1

REQUEST NO. 2 ................................................................................................................ 2

The Indictment ................................................................................................................... 2

REQUEST NO. 3 ................................................................................................................ 4

General Definitions: Aiding and Abetting ........................................................................ 4

REQUEST NO. 4 ................................................................................................................ 7

Willfully Causing a Crime ................................................................................................. 7

REQUEST NO. 5 ................................................................................................................ 9

General Definitions: Unlawfully, Intentionally, Willfully, and Knowingly ..................... 9

REQUEST NO. 6 .............................................................................................................. 10

Conspiracy and Substantive Counts ................................................................................ 10

REQUEST NO. 7 .............................................................................................................. 11

Counts Two and Four: Elements of the Offense .............................................................. 11

REQUEST NO. 8 .............................................................................................................. 13

First Element: Enticement, Transportation, or Solicitation ............................................ 13

REQUEST NO. 9 .............................................................................................................. 15

Second Element: Force, Fraud, and Coercion ................................................................. 15

REQUEST NO. 10 ............................................................................................................ 24

Third Element: Interstate Commerce ............................................................................... 24

REQUEST NO. 11 ............................................................................................................ 26

Counts Three and Five: Elements of the Offense ............................................................ 26

REQUEST NO. 12 ............................................................................................................ 28

First Element: Knowing Transport in Interstate or Foreign Commerce .......................... 28

REQUEST NO. 13 ............................................................................................................ 30

Second Element: Intent that the Individual Engage in Prostitution ................................ 30

REQUEST NO. 14 ............................................................................................................ 32

Federal Law of Conspiracy .............................................................................................. 32

REQUEST NO. 15 ............................................................................................................ 37

State Law of Conspiracy .................................................................................................. 37

REQUEST NO. 16 ............................................................................................................ 39

Count One: Elements of the Offense ................................................................................ 39

REQUEST NO. 17 ....................................................................................................... 41

First Element: Existence of the Conspiracy ........................................................... 41

REQUEST NO. 18 ....................................................................................................... 44

Second Element: Effect on Interstate Commerce ................................................. 44

REQUEST NO. 19 ....................................................................................................... 46

Third Element: Membership in the Conspiracy .................................................... 46

REQUEST NO. 20 ....................................................................................................... 49

Fourth Element: Agreement to Commit a Pattern of Racketeering ..................... 49

REQUEST NO. 21 ....................................................................................................... 54

Fourth Element: Pattern of Racketeering—Racketeering Predicates—Generally ........................... 54

REQUEST NO. 22 ....................................................................................................... 57

Racketeering Predicates: Kidnapping Under California Law ................................ 57

REQUEST NO. 23 ....................................................................................................... 60

Racketeering Predicates: Kidnapping Under New York Law ............................... 60

REQUEST NO. 24 ....................................................................................................... 63

Racketeering Predicates: Arson Under California Law ........................................ 63

REQUEST NO. 25 ....................................................................................................... 65

Racketeering Predicates: Bribery Under California Law ...................................... 65

REQUEST NO. 26 ....................................................................................................... 68

Racketeering Predicates: Witness Tampering ...................................................... 68

REQUEST NO. 27 ....................................................................................................... 73

Racketeering Predicates: Witness Tampering ...................................................... 73

REQUEST NO. 28 ....................................................................................................... 76

Racketeering Predicates: Forced Labor ................................................................ 76

REQUEST NO. 29 ....................................................................................................... 81

Racketeering Predicates: Sex Trafficking ............................................................ 81

REQUEST NO. 30 ....................................................................................................... 82

Racketeering Predicates: Sex Trafficking Obstruction ........................................ 82

REQUEST NO. 31 ....................................................................................................... 84

Racketeering Predicates: Transportation for Purposes of Prostitution ............... 84

REQUEST NO. 32 ....................................................................................................... 85

Racketeering Predicates: Inducement to Travel for Purposes of Prostitution ..... 85

REQUEST NO. 33 ....................................................................................................... 87

Racketeering Predicates: Narcotics Conspiracy ................................................................ 87

REQUEST NO. 34 ................................................................................................................ 91

Venue ................................................................................................................................... 91

REQUEST NO. 35 ................................................................................................................ 92

Dual Intent No Defense ....................................................................................................... 92

REQUEST NO. 36 ................................................................................................................ 93

Expert Witnesses .................................................................................................................. 93

REQUEST NO. 37 ................................................................................................................ 94

Law Enforcement or Government Witnesses ...................................................................... 94

REQUEST NO. 38 ................................................................................................................ 95

Immunized Witnesses .......................................................................................................... 95

REQUEST NO. 39 ................................................................................................................ 96

Preparation of Witnesses ..................................................................................................... 96

REQUEST NO. 40 ................................................................................................................ 97

Particular Investigative Techniques .................................................................................... 97

REQUEST NO. 41 ................................................................................................................ 98

Use of Evidence Obtained Pursuant to Searches and Seizures .......................................... 98

REQUEST NO. 42 ................................................................................................................ 99

Charts and Summaries: Admitted as Evidence ................................................................... 99

REQUEST NO. 43 .............................................................................................................. 100

Charts and Summaries: Not Admitted as Evidence .......................................................... 100

REQUEST NO. 44 .............................................................................................................. 101

Stipulations of Testimony .................................................................................................. 101

REQUEST NO. 45 .............................................................................................................. 102

Stipulations of Fact ............................................................................................................ 102

REQUEST NO. 46 .............................................................................................................. 103

Redaction of Evidentiary Items ......................................................................................... 103

REQUEST NO. 47 .............................................................................................................. 104

Pseudonyms ....................................................................................................................... 104

REQUEST NO. 48 .............................................................................................................. 105

Persons Not on Trial .......................................................................................................... 105

REQUEST NO. 49 .............................................................................................................. 106

Character Witnesses ........................................................................................................... 106

REQUEST NO. 50 ................................................................................................................ 107

Uncalled Witnesses: Equally Available or Unavailable ................................................... 107

REQUEST NO. 51 ................................................................................................................ 108

Defendant's Testimony ...................................................................................................... 108

REQUEST NO. 52 ................................................................................................................ 109

Defendant's Right Not to Testify ...................................................................................... 109

Conclusion .......................................................................................................................... 110

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

   a.  Function of Court and Jury
   b.  Statement of Court and Counsel Not Evidence
   c.  Government as a Party
   d.  Indictment Not Evidence
   e.  Dates in Indictment Not Exact
   f.  Burden of Proof
   g.  Presumption of Innocence
   h.  Reasonable Doubt
   i.  Number of Witnesses
   j.  Direct and Circumstantial Evidence
   k.  Inferences
   l.  Credibility of Witnesses
   m.  No Outside Communications, Outside Research, or Internet Research
   n.  Jury's Recollection Governs
   o.  Note-taking by Jurors
   p.  Right to See Exhibits and Have Testimony Read During Deliberation
   q.  Improper Considerations
   r.  Punishment Is Not to Be Considered by the Jury
   s.  Sympathy: Oath of Jurors
   t.  Duty to Weigh Evidence Without Prejudice
   u.  Duty to Base Verdict on Evidence
   v.  Verdict of Guilt or Innocence Must Be Unanimous

<u>REQUEST NO. 2</u>

<u>The Indictment</u>

The defendant, Sean Combs, a/k/a "Puff Daddy," a/k/a "P. Diddy," a/k/a "Diddy," a/k/a "PD," a/k/a "Love," is formally charged in an Indictment. The Indictment itself is neither evidence nor proof of a defendant's guilt. The indictment is a charge or accusation. It describes the charges made against a defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of the defendant's guilt. The fact that the defendant is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.

I will not read the entire Indictment to you at this time. Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

The Indictment contains five counts against defendant Sean Combs. I am briefly going to summarize each count, and then will give you the law in greater detail.

Count One charges that from at least in or about 2004, through in or about 2024, the defendant conspired, or agreed, with others to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise, through a pattern of racketeering activity, which pattern of racketeering activity included multiple acts involving kidnapping, arson, bribery, witness tampering, forced labor, sex trafficking, transportation for purposes of prostitution, and narcotics conspiracy, in violation of Title 18, United States Code, Section 1962(d).

Count Two charges that from at least in or about 2009, up to and including in or about 2018, the defendant committed sex trafficking of Victim-1 by force, threats of force, fraud, or

coercion, or any combination of such means, in violation of Title 18, United States Code, Sections 1951 and 2.

Count Three charges that, from at least in or about 2009, up to and including in or about 2018, the defendant, did knowingly transport an individual in interstate and foreign commerce, with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Sections 2421(a) and 2.

Count Four charges that from at least in or about 2021, up to and including in or about 2024, the defendant committed sex trafficking of Victim-2 by force, threats of force, or coercion, or any combination of such means, in violation of Title 18, United States Code, Sections 1951 and 2.

Count Five of the Indictment charges that, between in or about 2021, up to and including in or about 2024, the defendant, did knowingly transport individuals in interstate and foreign commerce, with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Sections 2421(a) and 2.

You must consider each count separately and return a separate verdict on each count. Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense charged, unless you are instructed otherwise. You may only find the defendant guilty of a particular count if the Government has proven each element of the offense charged with respect to that count beyond a reasonable doubt.

> Adapted from Sand, *Modern Federal Jury Instructions*, 3-1, 3-2, the charges of the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS), the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK).

REQUEST NO. 3

General Definitions: Aiding and Abetting

Before I instruct you on each of the counts specifically, I will define some terms and concepts that will come up repeatedly through these instructions. Specifically, I will be discussing the concepts of conspiring to commit various crimes, attempt, and aiding and abetting various crimes, so it makes sense to explain these concepts at the outset. Similarly, we will discuss whether certain actions are taken "knowingly," "willfully," "intentionally," or "unlawfully," so I will also define these terms before we discuss the counts. You can take these explanations and definitions and apply them as I instruct you on each of the counts.

First, I want to instruct you on the concept of aiding and abetting. In connection with Counts One, Two, Three, Four, and Five, the defendant is charged with committing certain criminal acts, and also with aiding and abetting the commission of those acts. As to each of those crimes, the defendant can be convicted either if he committed the crime himself or if he aided and abetted the commission of the crime by one or more people. It is not necessary for the Government to show that the defendant himself physically committed a crime for you to find him guilty. If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

Aiding and abetting liability is its own theory of criminal liability. In effect, it is a theory of liability that permits a person to be convicted of a specified crime if the person, while not himself committing the crime, assisted another person or persons in committing the crime.

Under the federal aiding and abetting statute, as well as its California and New York analogues, whoever "aids, abets, counsels, commands, induces or procures" the commission of an offense is punishable as a principal. You should give these words their ordinary meaning. A person

4

aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the commission of that crime, with the intention of causing the crime charged to be committed. To "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous or indirect means. To "cause" means to bring something about, to affect something.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself. Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person. But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

To aid and abet another to commit a crime, it is necessary that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

The mere presence of a person where a crime is being committed, even coupled with knowledge by that person that a crime is being committed, or the mere acquiescence by a person in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture, and must take some action to assist or encourage the commission of the crime.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

1. Did he participate in the crime charged as something he wished to bring about?

2. Did he associate himself with the criminal venture knowingly and willfully?

3. Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense. If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor.

Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 11-1 and 11-2; the charges of the Hon. Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL); the Hon. Richard J. Sullivan in *United States v. Hussain,* 12 Cr. 45 (RJS) (S.D.N.Y. 2013); and the Hon. Sidney H. Stein in *United States v. Key*, 12 Cr. 712 (S.D.N.Y. 2014); and *United States v. Rosemond*, 134 S. Ct. 1240 (2014).

REQUEST NO. 4

Willfully Causing a Crime

The Government can also prove the defendant's guilt by proving beyond a reasonable doubt that the defendant willfully caused a crime. The statute on this reads:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

Here, the defendant is charged in Counts One, Two, Three, Four, and Five with willfully causing another to commit crimes. In short, in considering his guilt on these counts, you should consider whether he committed the crime, aided and abetted the commission of the crime, or caused the commission of the crime. If you find that the Government has proven any of these methods of committing the crime, you should find him guilty. You need not find that the Government proved all three.

What does the term "willfully caused" mean? It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment. Rather, anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States is guilty.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

*First*, did the defendant you are considering take some action without which the crime would not have occurred?

*Second*, did the defendant intend that the crime would be actually committed by one or more others?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.

To prove the defendant guilty in this way, the Government need not prove that he acted through a guilty person. Rather, the defendant can be found guilty even if he acted through someone who has no knowledge of the illicit acts charged in the Indictment or otherwise is not guilty of any crime.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 11-3; *see also United States v. Concepcion*, 983 F.2d 369, 383-84 (2d Cir. 1992) ("'an individual (with the necessary intent) may be held liable if he is a cause in fact of the criminal violation, even though the result which the law condemns is achieved through the actions of innocent intermediaries'" (citations omitted)); *United States v. Margiotta*, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); *United States v. Ordner*, 554 F.2d 24, 29 (2d Cir. 1977) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

REQUEST NO. 5

<u>General Definitions: Unlawfully, Intentionally, Willfully, and Knowingly</u>

Throughout these instructions, I will use the terms "Unlawfully," "Intentionally," and "Knowingly." "Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law. It is not necessary that the defendant knew he was violating a particular law. It is enough if he was aware that what he was doing was, in general, unlawful.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently.

Knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. The Government has introduced into evidence certain acts and conversations alleged to have taken place with the defendant or in his presence. You must consider this evidence—or lack of evidence—in determining whether the Government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

> Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022); the Hon. Lewis A. Kaplan in *United States v. Jeffrey Otis Redden*, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); the Hon. John F. Keenan in *United States v. Paa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002); the Hon. Paul G. Gardephe in *United States v. Efrain Lora*, 14 Cr. 652 (PGG).(S.D.N.Y. June 24, 2016); and the Hon. Cathy Seibel in *United States v. Matthew Madonna*, 17 Cr. 89 (CS).

9

REQUEST NO. 6

Conspiracy and Substantive Counts

As I just mentioned, Count One of the Indictment charges the defendant with the crime of conspiracy. Counts Two through Five charge what we call substantive crimes.

A conspiracy count is different from a substantive count. A conspiracy charge, generally speaking, alleges that two or more persons agreed together to accomplish an unlawful objective or objectives. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission, or causing the actual commission, of an offense. A substantive offense therefore may be committed by a single person, and it need not involve any agreement with or assistance from anyone.

You may find a defendant guilty of the crime of conspiracy even if you find that the substantive crimes which were the objects of the conspiracy were never actually committed.

I will now discuss the counts charged in the Indictment slightly out of order: I will first instruct you on the substantive counts charged in Counts Two, Three, Four and Five, and then I will instruct you on the conspiracy count charged in Count One.

Adapted from the charge given by the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK) (S.D.N.Y. Dec. 1, 2021); and the Hon. Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. Mar. 10, 2022).

REQUEST NO. 7

Counts Two and Four: Elements of the Offense

The Indictment and the Statute

Counts Two and Four of the Indictment charge the defendant with the crime of sex trafficking by force, threats of force, fraud, or coercion, or any combination of such means, and aiding and abetting or willfully causing the same. This crime is set forth in Title 18, United States Code, Section 1591.

Section 1591 provides, in pertinent part:

> Whoever knowingly . . . [,] in or affecting interstate . . . commerce, . . . recruits, entices, harbors, transports, provides, obtains, . . . maintains, patronizes, or solicits by any means a person; knowing, or, . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . [is guilty of a federal crime].

The crime of sex trafficking by force, threats of force, fraud, or coercion, or any combination of such means has the following three elements:

*First*, a person knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the victim;

*Second*, the person knew or recklessly disregarded the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act; and

*Third*, the person's acts were in or affecting interstate or foreign commerce.

I have already instructed you generally as to the meaning of aiding and abetting and willfully causing under federal law, and you should apply those instructions here.

11

Adapted from the charge of the Hon. Lewis J. Liman in *United States v. Lawrence Ray*, 20 Cr. 110 (LJL); 18 U.S.C. § 1591(a)(1) & (a)(2); Sand, *Modern Federal Jury Instructions*, Instr. 47A-18.

<u>REQUEST NO. 8</u>

<u>Counts Two and Four: Elements of the Offense</u>

<u>First Element: Enticement, Transportation, or Solicitation</u>

The first element of the crime of sex trafficking is that a person knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited the victim.

With respect to your consideration of whether the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited a person, I instruct you to use the ordinary, everyday definitions of those terms. "Recruit" means to seek to enroll. "Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford shelter to, such as in a house or other place. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of or acquire. "Patronize" means to visit or obtain services in exchange for money. "Solicit" means to seek out. "Maintain" means to keep in an existing state or support.

The Government must prove that the defendant acted knowingly in the prohibited trafficking activity. I have already instructed you on the concept of knowingly. You should apply that instruction here. Whether a defendant acted knowingly may be proved by his conduct and by all the facts and circumstances surrounding the case.

Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Lawrence Ray*, 20 Cr. 110 (LJL), at 2955:2-6, 2988:23-2992:19 (S.D.N.Y. 2022); and the Hon. Jesse M. Furman in *United States v. Hubert Dupigny*, 18 Cr. 528 (JMF), at 792:24-796:5 (S.D.N.Y. 2020); *see Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); Webster's Ninth New Collegiate Dictionary (9th ed. 1983) (defining "recruit," "harbor," "transport," "provide," "obtain," "entice," "maintain"); *United States v. Raniere*, 55 F.4th 354, 361 (2d Cir.

13

2022) (construing "anything of value" language broadly in context of sex trafficking statute and noting that it "need not have a monetary or financial component"); *United States v. Herrera*, 584 F.2d 1137, 1144 (2d Cir. 1978) (defining "harboring" for purposes of 8 U.S.C. § 1324); *United States v. Paris*, No. 03:06 Cr. 64 (CFD), 2007 WL 3124724, at *12 (D. Conn. Oct. 24, 2007) (finding that "[j]urors are required to unanimously conclude that the elements of an offense are satisfied, but are not required to unanimously agree on which means a defendant used to commit a particular element"); *see also Richardson v. United States*, 526 U.S. 813, 817 (1999) (finding that "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime"); *Schad v. Arizona*, 501 U.S. 624, 631 (1991) (same); *United States v. Powell*, 2006 WL 1155947, at *1 (N.D. Ill. April 28, 2006) (grouping of two different means of violating 18 U.S.C. § 1591 into a single count was not improper given that the jury is "not required to unanimously agree by which means a defendant committed a crime"); *United States v. Yeaman*, 194 F.3d 442, 453-54 (3d Cir. 1999) (same); *United States v. Weller*, 238 F.3d 1215, 1220 (10th Cir. 2001) (distinguishing means from elements); *United States v. Powell*, 226 F.3d 1181, 1195 (10th Cir. 2000) (same); *United States v. Dean*, 969 F.2d 187, 195 (6th Cir. 1992) ("The conviction may be upheld upon proof of either of the alternative means of committing the offense."); *United States v. Hathaway*, 798 F.2d 902, 913 (6th Cir. 1986) (an "indictment count that alleges in the conjunctive a number of means of committing a crime can support a conviction if any of the alleged means are proved").

REQUEST NO. 9

Counts Two and Four: Elements of the Offense

Second Element: Force, Fraud, and Coercion

The second element of sex trafficking requires the government to prove beyond a reasonable doubt that the defendant knew, or recklessly disregarded, that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

This element speaks to the state of mind of the defendant while engaging in any of the actions I described in connection with the first element. This element can be proven in two different ways.

One way to prove the second element is to demonstrate that the defendant engaged in any of the actions described in connection with the first element knowing that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act. Here, you should apply the definition of "knowing" that was previously provided to you.

In the alternative, this second element can be proven for all of the actions described in connection with the first element if it is demonstrated that the defendant acted in reckless disregard of the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act.

"Reckless disregard" means that the defendant acted with reckless indifference to facts that, if considered and weighed in a reasonable manner, indicate the highest probability that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act. In order to prove beyond a reasonable doubt that a

15

defendant "recklessly disregarded" this fact, the Government must prove that such person deliberately closed his or her eyes to what would otherwise have been obvious to him or her. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of the intent of the defendant to avoid knowledge or enlightenment would permit the jury to find that this element has been satisfied. Stated another way, a person's reckless disregard of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

To help you in determining whether the defendant acted with knowledge, or in reckless disregard of, the fact that force, threats of force, fraud, or coercion, or any combination of such means, would be used to cause the victim to engage in a commercial sex act, I need to instruct you on the meanings of "force," "threat," "fraud," and "coercion," as well as on the meaning of "commercial sex act."

I will start with the term "commercial sex act." That term means any sex act on account of which anything of value is given to or received by any person. The term "sex act" should be given its plain meaning, which is ordinarily understood to be an act performed with another for sexual gratification. It is not required that a commercial sex act occur as long as the Government has proven that the defendant recruited, enticed, harbored, transported, provided, obtained, maintained, patronized or solicited the victim for purposes of engaging in commercial sex acts.

The "thing of value" given or received in connection with the commercial sex act need not involve a monetary exchange and need not have any financial component. Instead, it may be any tangible or intangible thing of value given to or received by any person, including promises to help a person with career advancement. The defendant need not be the person who receives the thing of value from the sex act.

16

The term "force" means any form of power, violence, or physical pressure directed against another person.

A "threat" is a serious statement expressing an intention to inflict harm, at once or in the future, as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. A statement is a threat if it was made under such circumstances that a reasonable person hearing the statement would understand it as a serious expression of intent to cause harm.

The term "fraud" means that a misstatement or omission of a material fact was knowingly made to entice another person. A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision.

The term "coercion" has three meanings. It means any threat of serious harm to or physical restraint against any person; **OR** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; **OR** any abuse or threatened abuse of law or the legal process.

The term "serious harm" includes threats of any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same situation as the trafficked person, to perform or continue performing commercial sex acts in order to avoid incurring that harm. The repeated physical, verbal, and emotional abuse of a person by the defendant can rise to the level of serious harm.

"Abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that

person to take some action or refrain from taking some action. "Abuse or threatened abuse of law or legal process" includes threats to send a person to jail or to deport a person that are sufficient, under all the surrounding circumstances, to compel or coerce a person to perform a commercial sex act that the person would not have otherwise been willing to perform.

If you find that any of these prohibited means was used, or any combination of these means, you must then determine whether such force was sufficient to cause a victim to engage in a commercial sex act against the victim's will.

In making that determination, you may consider the special vulnerabilities, if any, of the victim. By this I mean that you may consider any aspect of the victim's age, background, station in life, physical or mental condition, experience or education, or any inequalities between the victim and the defendant. Simply put, you may ask whether the victim was vulnerable in some way such that the use of force, threats of force, fraud, or coercion, or any combination of such means, even if not sufficient to compel another person to engage in a commercial sex act, gave rise to a climate of fear that would have been enough to compel a reasonable person in the same circumstances and with the same background as the victim to engage in a commercial sex act.

In addition, you may consider the cumulative effect of the conduct of a defendant on the victim. In doing you may consider not only a defendant's threats and other acts directed at the victim, but also conduct directed at others that the victim is aware of. The Government also does not need to link any specific commercial sex act to any particular threat made, or any particular action taken, on the part of the defendant. If the defendant's use of force, threats of force, fraud, or coercion, or any combination thereof, was sufficient to give rise to a climate of fear that would compel a reasonable person in the victim's situation to comply with the defendant's demands, in

18

light of the totality of the defendant's conduct, the surrounding circumstances, and any vulnerabilities of the victim, then you likewise may find that the second element has been met.

The Government also need not prove physical restraint in order to establish the offense of sex trafficking. The Government can establish this element if it proves beyond a reasonable doubt that the defendant placed the person in fear of leaving or created circumstances such that the person did not reasonably believe that he or she could leave. A victim is under no affirmative duty to try to escape.

Further, whether a victim is paid is not determinative of the question of whether that victim has been compelled to engage in sex trafficking. In other words, if a victim is compelled to engage in a commercial sex act, through force, threats of force, fraud, or coercion, or any combination of such means, such service is involuntary, even if the victim is paid or compensated for the work.

Finally, the victim does not need to have been subjected to force, threats of force, fraud, or coercion, or any combination of such means, for the entirety of the period in which the victim engaged in commercial sex acts.   If there is just one instance that establishes the use of force, threats of force, fraud, or coercion, or any combination of such means, to cause the victim to perform a commercial sex act, that is sufficient. Therefore, the fact that a person may have initially acquiesced or agreed to perform a commercial sex act, or voluntarily engaged in commercial sex acts apart from the defendant or a coconspirator, does not preclude a finding that the person was later compelled to engage in a commercial sex act through the use of force, threats of force, fraud, or coercion, or any combination of such means. For example, if a victim willingly engaged in a commercial sex act, either with the defendant or otherwise, then later wanted to cease engaging in such acts, but was compelled to continue to perform such acts through force, threats of force, fraud,

19

or coercion, or any combination of such means, then you may find that the victim's later acts were

compelled by force, threats of force, or coercion, or any combination of such means.

> Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Lawrence Ray*, 20 Cr. 110 (LJL), at 2992:20-2999:18 (S.D.N.Y. 2022); the Hon. Jesse Furman in *United States v. Dupigny*, 18 Cr. 528 (JMF) (S.D.N.Y. Jan. 17, 2020); and the Hon. Nicholas G. Garaufis in *United States v. Keith Raniere*, 18 Cr. 204 (NGG) (E.D.N.Y. June 18, 2019); *see also* 18 U.S.C. § 1591(e)(2) (defining coercion); 18 U.S.C. § 1591(e)(3) (defining commercial sex act); *United States v. X-Citement Video*, 513 U.S. 64, 72 n.2 (1994); O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 17.09 (5th Ed. 2000); *see also United States v. Lothian*, 976 F.2d 1257, 1267 (9th Cir. 1992); *United States v. Joetzki*, 952 F.2d 1090, 1094 (9th Cir. 1991); *United States v. Laykin*, 886 F.2d 1534, 1540 (9th Cir. 1989); *Raniere*, 55 F.4th at 361; O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions*, § 17.07 (5th ed. 2000) (modified); *United States v. Bibbs*, 564 F.2d 1165 (5th Cir. 1977) (affirming conviction where victims initially agreed to work for defendants).

### Commercial Sex Act

18 U.S.C. § 1591(e)(3); *United States v. Tollefson*, 367 F. Supp. 3d 865, 878-79 (E.D. Wis. 2019) (defining "commercial sex act"); *United States v. Vado*, No. 14 Cr. 666 (PAE), 2015 WL 1611337, at *7, *10 (S.D.N.Y. Apr. 10, 2015) (stating, in context other than Section 1591, that the "term . . . 'sexual,' is commonly understood to mean 'having or involving sex" and that the "ordinary meaning of 'sexual'" means "for a purpose associated with sexual gratification" (citation and internal quotation marks omitted)); *Raniere*, 55 F.4th at 361-65 & n.9 ("anything of value" is to be given an expansive understanding, "need not have a monetary or financial component," and encompasses "promises to help a person with career advancement" and holding that "DOS 'masters,' including Mack, obtained 'things of value' in connection with assigning their DOS 'slaves' to engage in sexual acts with Raniere."); *United States v. Maxwell,* 2021 WL 5999414, at *38 (S.D.N.Y. Dec. 18, 2021) (instructing jury that "[t]he thing of value may be money or any other tangible or intangible thing of value that may be given to or received by any person, regardless of whether the person who receives it is the person performing the commercial sex act."); *Ardolf v. Weber*, 332 F.R.D. 467, 478 (S.D.N.Y. 2019) ("[T]he definition of 'commercial sex act' in § 1591(e)(3) does not require

the perpetrator of the force or fraud to profit from the sex act, because the 'thing of value' can be 'given to or received by *any person'* including the victim." (quoting 18 U.S.C. § 1591(e)(3)) (emphasis in original)).

### Serious Harm

*United States v. Bradley*, 390 F.3d 145, 150-52 (1st Cir. 2004) (suggesting that "serious harm" under Section 1590 extends to improper, *i.e.*, illegitimate threats of non-physical consequences); *Guobadia v. Irowa*, 103 F. Supp. 3d 325, 335 (E.D.N.Y. 2015) (repeated physical, verbal, and emotional abuse" of a victim by a defendant can "rise to the level of 'serious harm' under Section 1589."); *accord Saraswat v. Selva Jayaraman, Bus. Integra, Inc.*, No. 15 Civ. 4680, 2016 WL 5408115, at *5-6 (E.D.N.Y. Sept. 28, 2016).

### Scheme, Plan, or Pattern

*Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning."); Merriam-Webster Online Dictionary, www.m-w.com/dictionary.

### Victim Vulnerability

*Bradley*, 390 F.3d at 152-53; *United States v. Purcell*, 967 F.3d 159, 192 (2d Cir. 2020); *United States v. Rivera*, 799 F.3d 180, 186-87 (2d Cir. 2015) ("The correct standard is a hybrid: it permits the jury to consider the particular vulnerabilities of a person in the victim's position but also requires that her acquiescence be objectively reasonable under the circumstances." (discussing sex trafficking in violation of 18 U.S.C. § 1591)); *United States v. Kozminski*, 487 U.S. 931, 948, 952 (1988) ("the vulnerabilities of the victim are relevant in determining whether the physical or legal coercion or threats thereof could plausibly have compelled the victim to serve."); *United States v. Veerapol*, 312 F.3d 1128, 1131-32 (9th Cir. 2002); *United States v. Alzanki*, 54 F.3d 994, 1002 (1st Cir. 1995).

### Climate of Fear

*Purcell*, 967 F.3d at *193 (viewing defendant's cumulative conduct in holding that Government had met its burden of proving coercion); *United States v. McMillian*, 777 F.3d 444, 447 (7th Cir. 2015) (finding sufficient evidence to satisfy the force, fraud, and coercion element where the defendant "used violence on occasion . . . for various infractions such as disobeying him or talking too loudly"); *United States v. McIntyre*, 612 F. App'x 77, 80 (3d Cir. 2015) ("The witnesses' testimony" about being beaten by the defendant or

witnessing other's abuse "demonstrated, at minimum, 'coercion' that was used to cause them to engage in commercial sex acts.'"); *United States v. Webster*, No. 08-30311, 2011 WL 8478276, at *2 (9th Cir. Nov. 28, 2011) ("The severe beatings that Webster administered, which he had the other women and girls attend and observe, would naturally cause the observers to infer that similar violence might be inflicted on them if they disobeyed any of Webster's rules."); *Alzanki*, 54 F.3d at 999 (noting, in describing the facts, that "[t]he climate of fear was enhanced by [the victim's] witnessing one incident involving [her employer's] physical abuse of [his wife], and by learning from [the wife] that [the employer] struck [her] again shortly thereafter."); *United States v. King*, 840 F.2d 1276, 1281 (6th Cir. 1988) (force, threats, and other coercion created "pervasive climate of fear"); *United States v. Warren*, 772 F.2d 827, 833-34 (11th Cir. 1985) (finding "grotesque" the "use, or threatened use, of physical force to create a climate of fear"); *United States v. Harris*, 701 F.2d 1095, 1100 (4th Cir. 1983) (evidence that the defendant beat people other than victim was relevant because it contributed to a "reign of physical terror"); *United States v. Booker*, 655 F.2d 562, 566 (4th Cir. 1981) (assaults and threats created "climate of fear"); *United States v. Wilkins*, 538 F. Supp. 3d 49, 72 (D.D.C. 2021) ("When evaluating if a defendant exerted coercive force over a complainant, juries are thus directed to evaluate the totality of a defendant's conduct toward a trafficking victim, including any threats or specific instances of past violence that may have created a 'culture of fear' such that the victim's conduct was rendered involuntary."); *United States v. Marcus*, 487 F. Supp 2d 289, 310 (E.D.N.Y. 2007).

### Opportunity to Escape

*Alzanki*, 54 F.3d at 1000; *Warren*, 772 F.2d at 834; *United States v. Bibbs*, 564 F.2d 1165, 1168 (5th Cir. 1977); *Booker*, 655 F.2d at 567 (holding that trial court "should not have charged the jury that it would have to find that the defendants' use of force effectively denied the possibility of escape to the victims. The availability of escape . . . or even a situation where the discipline of terror is not constantly enforced, does not preclude a finding that persons are held as slaves.").

### Initial Agreement

Pattern Crim. Jury Instr. 11th Cir., § 49 ("In considering whether service or labor was performed by someone involuntarily, it makes no difference that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw and is then forced to remain and perform work against that person's will by the use or

threatened use of coercion, that person's service becomes
involuntary."); *Raniere*, 55 F.4th at 366 (recognizing that sex
trafficking encompasses acts that compel a person "to perform or to
*continue* performing commercial sexual activity" (quoting 18
U.S.C. § 1591(e)(5)) (emphasis added)); *United States v. Frey*, 2024
WL 2826141, at *5 (E.D.N.Y. June 4, 2024) ("Danielle's and
Desira's initial consent to commercial sex 'does not mean that the[y]
. . . therefore consented to being threatened or coerced into
performing sexual acts they did not wish to perform' at the beach or
in the woods.").

## Payment

*Bradley*, 390 F.3d at 154; *Heflin v. Sanford*, 142 F.2d 798, 799 (5th
Cir. 1944) ("Whether [the victim] was to be paid much, or little or
nothing, is not the question. It is not uncompensated service, but
involuntary misconduct which is prohibited by the Thirteenth
Amendment. Compensation for service may cause consent, but
unless it does it is no justification for forced labor."); Pattern Crim.
Jury Instr. 11th Cir., § 49 ("Also, whether a person is paid a salary
or a wage is not determinative of the question of whether that person
has been held in involuntary misconduct. In other words, if a person
is forced to labor against that person's will by the use or threatened
use of coercion, such service is involuntary even though the person
is paid for the work.").

REQUEST NO. 10

Counts Two and Four: Elements of the Offense

Third Element: Interstate Commerce

To satisfy the third and final element of the crime of sex trafficking, the Government must prove beyond a reasonable doubt that the defendant's sex trafficking activities were in interstate or foreign commerce or affected interstate or foreign commerce in any way, however minimal. The Government need not prove both that the activities were in interstate or foreign commerce and affected interstate or foreign commerce. "Interstate or foreign commerce" simply means the movement of goods, services, money and individuals between any two or more states or between one state and the District of Columbia or between a state and a U.S. Territory or possession or between the United States and a foreign country.

With respect to sex trafficking, if you find beyond a reasonable doubt that the defendant's recruitment, enticement, harboring, transportation, providing, obtaining, maintaining, patronizing, or soliciting, of a person for the purpose of engaging in a commercial sex act was economic in nature and affected the flow of money to any degree, however minimal, you may find that the interstate or foreign commerce requirement of the offense of sex trafficking by force, threats of force, fraud, or coercion, or any combination of such means, has been satisfied.

The Government is not required to prove that the defendant knew that interstate or foreign commerce was or would be affected.

Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Lawrence Ray*, 20 Cr. 110 (LJL), at 2992:20-2971:14-2972:11, 2999:19-3000:1 (S.D.N.Y. 2022); and the Hon. Nicholas G. Garaufis, *United States v. Keith Raniere*, 18 Cr. 204 (NGG), at 100-01 (E.D.N.Y. 2019); *see United States v. Angelilli*, 660 F.2d 23, 35 (2d Cir. 1981) (This requirement "may be satisfied by a showing

of a very slight effect on interstate commerce. Even a potential or subtle effect on commerce will suffice."); *United States v. Holston*, 343 F.3d 83, 91 (2d Cir. 2003) (acts and transactions which are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce); *United States v. King*, 276 F.3d 109 (2d Cir. 2002) (acts and transactions which cross state lines are "in" interstate commerce).

REQUEST NO. 11

Counts Three and Five: Elements of the Offense

The Indictment and the Statute

Counts Three and Five of the Indictment charge the defendant with transporting an individual in interstate and foreign commerce, with intent that such individual engage in prostitution, in violation of Title 18 of the United States Code, and aiding and abetting the same. Count Three of the Indictment relates to Victim-1, and Count Five of the Indictment relates to Victim-2. Specifically, Count Three charges that in or about 2009, up to and including in or about 2018, the defendant transported individuals in interstate and foreign commerce with intent that the individuals engage in prostitution, including but not limited to Victim-1 and commercial sex workers, and aided and abetted the same. Further, Count Five charges that in or about 2021, up to and including in or about 2024, the defendant transported individuals in interstate and foreign commerce with intent that the individuals engage in prostitution, including but not limited to Victim-2 and commercial sex workers, and aided and abetted and willfully caused the same.

Section 2421 states:

> Whoever knowingly transports any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution . . . , or attempts to do so, shall [be guilty of a crime].

In order to find the defendant guilty of the crimes charged in Counts Three and Five, the Government must prove each of the following two elements beyond a reasonable doubt:

*First*, that the defendant knowingly transported an individual in interstate or foreign commerce, or attempted to do so.

*Second*, that the defendant acted with the intent that the individual would engage in prostitution.

26

I have already instructed you generally as to the meaning of aiding and abetting and willfully causing under federal law, and you should apply those instructions here.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-1, 64-2, and the charges given by the Hon. Denise L. Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); the Hon. Vernon S. Broderick in *United States v. Alvarez*, S3 11 Cr. 169 (VB); and the Hon. Denise L. Cote in *United States v. An Soon Kim*, S1 11 Cr. 74 (DLC).

REQUEST NO. 12

Counts Three and Five: Elements of the Offense

First Element: Knowing Transport in Interstate or Foreign Commerce

I have previously instructed you on the concept of "interstate or foreign commerce" and you should apply those instructions here. The phrase transport an individual in interstate or foreign commerce means to move or carry or cause someone to be moved or carried from one state to another or one country to another.

The Government must prove that the defendant knowingly transported the individual across state or foreign borders either personally or through an agent, or that the defendant knowingly arranged for the transportation of the individual across a state or foreign border. This means that the Government must prove that the defendant knew both that he was transporting, or causing to be transported, the individual, and that he was transporting, or causing to be transported, the individual in interstate or foreign commerce. I have already instructed you on the meaning of "knowingly" and you should apply that definition here.

The Government does not need to prove that the defendant personally transported the individual across a state or country line. It is sufficient to satisfy this element that the defendant was actively engaged in the making of the travel arrangements, such as by purchasing, or causing the purchase of, the tickets or accommodations necessary for the individual to travel as planned.

Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-3, and the charges given by the Hon. Denise Cote in *United States v. Purcell*, 18 Cr. 81 (DLC); the Hon. Vernon S. Broderick in *United States v. Alvarez*, S3 11 Cr. 169 (VB); the Hon. Denise L. Cote in *United States v. An Soon Kim*, S1 11 Cr. 74 (DLC); and the Hon. Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y. 2021); *see also Purcell*, 967 F.3d at 191 (finding that defendant facilitated travel for purpose of Section 2421 where he

provided "accommodations in certain locations on certain days for the purposes of engaging in commercial sex work"); *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (upholding instruction that "[t]he prosecution does not need to prove that the defendant personally transported the individual across a state line. This element is satisfied if you find that the defendant prearranged the transportation of a person across a state line and that the defendant personally or through an agent arranged intrastate transportation as a continuation of the interstate travel").

REQUEST NO. 13

Counts Three and Five: Elements of the Offense

Second Element: Intent that the Individual Engage in Prostitution

The second element that the Government must prove beyond a reasonable doubt is that the defendant transported, or caused the transportation of, an individual with that intent that the individual would engage in prostitution.

Direct proof of a person's intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that, as of a given time, he committed an act with a particular intent. Such direct proof is not required. The ultimate fact of intent, though subjective, may be established by circumstantial evidence based upon the defendant's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not necessary for the Government to prove that engaging in prostitution was the defendant's sole purpose in transporting a person across a state line or foreign border. A person may have several different purposes or motives for transporting a person across state or international lines, and each may prompt in varying degrees the person's actions. The Government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of the transportation across a state or international line was that the person would engage in prostitution. In other words, the defendant's intent that the individual engage in prostitution may not have been merely incidental to the transportation.

It is the defendant's intent that is at stake here. If the Government establishes each of the elements of this crime beyond a reasonable doubt, then the defendant is guilty of this charge whether or not the individual agreed or consented to cross state or international lines and whether

or not she agreed or consented to engage in prostitution. The intent of the individuals who traveled

or engaged in prostitution is not relevant.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 64-4
> & comment; and the charges given by the Hon. Denise Cote in
> *United States v. Purcell*, 18 Cr. 81 (DLC); the Hon. Vernon S.
> Broderick in *United States v. Alvarez*, S3 11 Cr. 169 (VB); and the
> Hon. Denise L. Cote in *United States v. An Soon Kim*, S1 11 Cr. 74
> (DLC); *see also United States v. Holland*, 381 F.3d 80, 84 (2d Cir.
> 2004) ("The Act does not punish women who do no more than
> consent to being transported across state lines for the purpose of
> prostitution." (citation omitted)); *United States v. Kelly*, 128 F.4th
> 387, 414 (2d Cir. 2025) ("The victims' intent . . . is not relevant to
> this inquiry.").

REQUEST NO. 14

Federal Law of Conspiracy

I will now instruct you on Count One, the charge of conspiracy to violate the RICO statute. The law of conspiracy applies to Count One.

As I mentioned, conspiracy is a kind of criminal partnership—an agreement between two or more persons to join together to accomplish some unlawful purpose.

To find the defendant guilty of participating in a conspiracy, you must find the Government has proven beyond a reasonable doubt the following two elements:

*First*, that two or more persons entered the unlawful agreement charged in the conspiracy count that you are considering.

*Second*, that the defendant unlawfully, intentionally, and knowingly became a member of the conspiracy, that is, he knowingly joined in the conspiracy and intentionally participated in it.

To prove the existence of a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they have formed a conspiracy to violate the law and spelling out all the details. Indeed, it would be extraordinary if there were such a formal document or specific agreement.

Common sense tells you that when people agree to enter into a criminal conspiracy, much is left to unexpressed understanding. It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Conspirators do not usually reduce their agreements to writing, nor do they publicly broadcast their plans. By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more persons in some way or manner through any contrivance, impliedly or tacitly, come to a common understanding to violate the law. Express language or

32

specific words are not required to indicate assent or attachment to a conspiracy. Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed. You need only find that two or more people entered into the unlawful agreement in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement, you should consider the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," is applicable here. Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

In deciding whether the conspiracy charged in the Indictment existed, you may consider the evidence of the acts, conduct, and statements of the defendant along with the evidence of the acts, conduct, and statements of those you determine the Government has proven were co-conspirators of the defendant, and the reasonable inferences to be drawn from that evidence. When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members of the conspiracy, and all of the members of the conspiracy are responsible for such acts or statements. This rule applies even though such acts or statements were not made or committed in the defendant's presence or were made or committed without his knowledge.

Before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, however, you must first determine that the acts were committed or statements were

33

made during the existence of, and in furtherance of, the alleged unlawful scheme. If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the charged conspiracy, they may not be considered by you in deciding whether the defendant is guilty of this Count.

Proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed. In deciding whether the conspiracy charged existed, you may consider all the evidence of the acts, conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish an object or objective of the conspiracy.

It is not necessary for the Government to show that an alleged co-conspirator was fully informed as to all the details of the conspiracy for you to infer knowledge on that person's part. To have guilty knowledge, a person need not know the full extent of the conspiracy, or all of the activities of all of its participants. It is not necessary for a person to know every other member of the conspiracy. In fact, a person may know only one other member of the conspiracy and still be a co-conspirator. Nor is it necessary for a person to receive any monetary benefit from his or her participation in the conspiracy or have a financial stake in the outcome. It is enough if that person participated as a conspirator unlawfully, intentionally, and knowingly, as I have defined those terms.

The duration and extent of a person's participation also has no bearing on the issue of that person's guilt. An alleged co-conspirator need not have joined the conspiracy at the outset but may have joined it for any purpose at any time in its progress and will still be held responsible for all that was done before he or she joined and all that was done during the conspiracy's existence while he or she was a member. Each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles; others play minor roles. An equal role is not what the law requires. Even a single act may be sufficient to draw a person within the ambit of the conspiracy.

I want to caution you, however, that the mere association by one person with another does not make that person a member of the conspiracy, even when coupled with knowledge that a conspiracy is taking place. Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction. In other words, knowledge without participation is not sufficient. What is necessary is that a defendant has participated in the conspiracy with knowledge of its unlawful purposes and with intent to aid in the accomplishment of its unlawful objectives.

The defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking. The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in

the venture until the venture is terminated, unless it is shown by some affirmative proof that the

person withdrew and disassociated himself from it.

> Adapted from the charges given by the Hon. Lewis J. Liman in
> *United States v. Ray*, 20 Cr. 110 (S.D.N.Y. Mar. 10, 2022); the Hon.
> Lewis A. Kaplan in *United States v. Redden,* 02 Cr. 1141 (S.D.N.Y.
> July 27, 2004); the Hon. John F. Keenan in *United States v. Paa
> Smith,* 02 Cr. 104   (S.D.N.Y. July 31, 2002); the Hon. Paul G.
> Gardephe in *United States v. Lora*, 14 Cr. 652 (S.D.N.Y. June 24,
> 2016).

REQUEST NO. 15

State Law of Conspiracy

As I told you earlier, we will also discuss some state penal laws, including the law of conspiracy under California and New York state law. The state law of conspiracy in both California and New York differs from the federal law of conspiracy.

In particular, in order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under California state law, the Government must show the following:

*First*, the defendant intended to agree and did agree with one or more of the other coparticipants to commit the alleged crime;

*Second*, at the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would commit the alleged crime;

*Third*, the defendant or coparticipants committed an overt act to accomplish the alleged crime; and

*Fourth*, at least one of the overt acts was committed in California.

Separately, in order for the Government to prove beyond a reasonable doubt that a person conspired to commit a crime under New York state law, the Government must show the following:

*First*, that the individual agreed with one or more persons to engage in or cause the performance of the crime;

*Second*, that the individual did so with the intent that such crime be performed; and

*Third*, that the individual, or one of the people with whom he agreed to engage in or cause the performance of the conduct, committed an overt act in furtherance of the conspiracy.

37

The term "intent" under New York conspiracy law has its own special meaning. Intent means conscious objective or purpose. Thus, a person acts with the intent that a crime be committed when his conscious objective or purpose is that the crime should occur.

As I just instructed you, under both California and New York law, the Government must prove that one of the conspirators committed an overt act in furtherance of the conspiracy. The agreement to engage in or cause the performance of a crime is not itself an overt act. The overt act must be an independent act that tends to carry out the conspiracy. The overt act can be, but need not be, the commission of the crime that was the object of the conspiracy.

Note that under both California and New York state law, unlike the federal law I have described to you, an overt act is an element of a conspiracy. Accordingly, when considering an intended racketeering act that is alleged to be a violation of state conspiracy laws, consider whether the defendant agreed that either he or a co-conspirator would commit an overt act in furtherance of that racketeering act and that an overt act in furtherance of the racketeering conspiracy took place. However, when considering either an intended racketeering act that is alleged to be a violation of federal conspiracy laws—or considering the conspiracy charged in Count One—you need not find an overt act.

> Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. Mar. 10, 2022); the Hon. Paul A. Engelmayer in *United States v. Mack*, 18 Cr. 834 (PAE) (S.D.N.Y. 2019); *see also* Cal. Penal Code § 182; Judicial Council of Cal. Crim. Jury Instr. (Cal. Crim.), Instr. 415; New York State Penal Law, Chapter 40, Article 105.10; 105.30; Criminal Jury Instructions 2d (CJI2d) for N.Y. Penal Law § 105.10; *see also People v. Ribowsky*, 77 N.Y.2d 284 (1991); *People v. Berkowitz*, 50 N.Y.2d 333 (1980).

REQUEST NO. 16

Count One: Elements of the Offense

The Indictment and the Statute

Count One of the Indictment charges the defendant with conspiring with others to conduct and participate in the affairs of an enterprise through a pattern of racketeering activity.

It alleges a conspiracy to violate the "RICO" statute, which stands for "Racketeering Influenced and Corrupt Organizations." The statute makes it a crime for a person to participate in the conduct of an enterprise's affairs through a pattern of certain violations of law known as "racketeering acts." In this case, the defendant is charged with participating in a conspiracy to violate the RICO statute from at least in or about 2004 through in or about 2024.

In order to meet its burden of proving that the defendant is guilty of the racketeering conspiracy charged in Count One, the Government must establish beyond a reasonable doubt each of the following elements:

*First*, that at or about the time charged in Count One, the conspiracy charged in the Indictment existed, that is, that an agreement or understanding between two or more persons existed to conduct, or participate in the conduct of, a racketeering enterprise through a pattern of racketeering activity.

*Second*, that the racketeering enterprise or its activities would have affected, or in fact affected, interstate or foreign commerce.

*Third*, that the defendant knowingly and intentionally joined the conspiracy; and

*Fourth*, that the defendant knowingly and intentionally agreed with at least one other person that either he or a co-conspirator would participate, either directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as described in

the Indictment; that is, that either the defendant or a co-conspirator would commit at least two acts

of racketeering activity.

> Adapted from the charges of the Hon. Edgardo Ramos in *United States v. Jones*, No. 21 Cr. 505 (ER) (S.D.N.Y. 2023); the Hon. Lewis J. Liman in *United States v. Ray* (LJL) (S.D.N.Y. 2022); and the Hon. Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *see also United States v. Applins*, 637 F.3d 59, 75-76 (2d Cir. 2011); *United States v. Yannotti*, 541 F.3d 112, 128-29 (2d Cir. 2008).

REQUEST NO. 17

Count One: Elements of the Offense

First Element: Existence of the Conspiracy

The first element the Government must prove beyond a reasonable doubt is the existence of the conspiracy alleged in Count One of the Indictment, that is, the agreement to conduct or participate in the conduct of a racketeering enterprise through a pattern of racketeering activity.

A conspiracy is an agreement or partnership by two or more persons to violate the law. To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract or even expressed their agreement orally. It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law. Express language or specific words are not required to indicate agreement to or membership in a conspiracy. If you find beyond a reasonable doubt that two or more persons came to an understanding, express or implied, to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

In determining whether there has been an unlawful agreement, you may consider acts and conduct of the alleged co-conspirators that are done to carry out an apparent criminal purpose. The adage "actions speak louder than words" is applicable here. Sometimes the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the individual conspirators, when taken together and considered as a whole. Different conspirators may undertake different acts at different times. However, these acts or conduct may warrant the inference that a conspiracy existed.

The "object" of a conspiracy is the illegal purpose the conspirators agree or hope to achieve. The object of the conspiracy charged in Count One is to violate the RICO statute, in other words, to conduct or participate in the conduct of the affairs of an enterprise through a pattern of racketeering activity.

What is an enterprise? Under the racketeering statute, an enterprise means a group of individuals, corporations, and/or other entities that have associated together for a common purpose; have an ongoing organization, either formal or informal; and have personnel who function as a continuing unit. The enterprise does not have to have a particular name, or for that matter, have any name at all. Nor must it be registered or licensed as an enterprise. It does not have to be a commonly recognized legal entity, such as a corporation, a trade union, a partnership, or the like.

An enterprise may be a group of individuals and entities informally associated together for a common purpose of engaging in a course of conduct. This group may be organized for a legitimate and lawful purpose or it may be organized for an unlawful purpose. In addition to having a common purpose, this group must have a core of personnel who function as a continuing unit. Furthermore, the enterprise must continue to exist in substantially similar form through the period charged, in this case from 2004 to 2024. This does not mean that the membership must remain exactly identical. The members of the organization can change, and participants in its affairs may come and go, but the enterprise must have a recognizable core that continues through a substantial period during the time frame charged in the Indictment.

Count One of the Indictment defines the charged conspiracy as an agreement to participate in the conduct of an organization referred to in the Indictment as the Combs Enterprise.

If you find that there was an agreement to conduct or participate in the conduct of a group of people characterized by (1) a common purpose, (2) an ongoing formal or informal organization, and (3) personnel who function as a continuing unit, then you may find that a conspiracy to violate the RICO statute existed.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-4; the charges of the Hon. Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (JMF) (S.D.N.Y. 2022); the Hon. Allison J. Nathan in *United States v. Berry*, No. 20 Cr. 84 (AJN) (S.D.N.Y. 2021); and the Hon. Allison J. Nathan in *United States v. Allen*, No. 15 Cr. 95 (AJN) (S.D.N.Y. 2017); 18 U.S.C. §§ 1962, 1961(3), (4).

REQUEST NO. 18

Count One: Elements of the Offense

Second Element: Effect on Interstate Commerce

The second element the Government must prove beyond a reasonable doubt with respect to Count One is that the criminal enterprise itself, or the racketeering activities of those associated with it, would have had some effect on interstate or foreign commerce, or in fact had such an effect. This effect on interstate commerce could have occurred in any way and it need only have been minimal.

Interstate commerce includes the movement of goods, services, money, and individuals between states. It is sufficient, for example, that in the course of racketeering activities, members of the enterprise traveled interstate themselves, or used facilities of interstate commerce, such as the internet or the telephone. In addition, Congress has determined that all narcotics activity, even purely local narcotics activity, has an effect on interstate commerce. Thus, if you find that, in the course of the racketeering activities, members of the enterprise trafficked in narcotics, this element is satisfied. It is not necessary for the Government to prove that any particular acts affected interstate commerce or even that acts that the defendant personally committed affected interstate commerce. It need only prove that some act or acts of the enterprise—even perfectly legal acts of the enterprise—had such an effect on interstate commerce. It is not necessary for you to find that the defendant knew the enterprise was engaged in interstate commerce.

> Adapted from the charges of the Hon. Edgardo Ramos in *United States v. Jones*, No. 21 Cr. 505 (ER) (S.D.N.Y. 2023); and the Hon. Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *see Taylor v. United States*, 136 S. Ct. 2074, 2077-78 (2016) ("[T]he prosecution in a Hobbs Act robbery case satisfies the Act's commerce element if it shows that the defendant robbed

44

or attempted to rob a drug dealer of drugs or drug proceeds. By targeting a drug dealer in this way, a robber necessarily affects or attempts to affect commerce over which the United States has jurisdiction."); *see also id.* at 2081 ("[I]t is enough that a defendant knowingly stole or attempted to steal drugs or drug proceeds, for, as a matter of law, the market for illegal drugs is 'commerce over which the United States has jurisdiction.'").

REQUEST NO. 19

Count One: Racketeering Conspiracy

Third Element: Membership in the Conspiracy

The third element that the Government must prove beyond a reasonable doubt as to Count One is that, at some time during the period charged in the Indictment, in or about 2004 through in or about 2024, the defendant was a member of the charged conspiracy. It is not required that the Government prove that the defendant was a member of the conspiracy for the entire time that the conspiracy existed.

You must determine not only whether the defendant participated in the conspiracy, but also whether he did so intentionally and knowingly—that is, did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering the objective of that conspiracy.

Knowledge is a matter of inference from facts proved. I have previously instructed you on the concepts of "intentionally" and "knowingly," and you should apply those instructions here. If you find that the conspiracy existed and that the defendant participated knowingly and intentionally in it, the extent of the defendant's participation has no bearing on whether or not he is guilty. The fact that a defendant's participation in a conspiracy was more limited than that of a co-conspirator should not affect your verdict.

In addition, the duration and extent of the defendant's participation has no bearing on the issue of the defendant's guilt. The defendant need not have joined the conspiracy at the outset. The defendant may have joined the conspiracy at any time in its progress, and the defendant will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member. Each member of a conspiracy may perform separate and distinct

46

acts. Some conspirators play major roles, while others play minor roles in the scheme. The law does not require equal roles. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

Similarly, the Government need not prove that the defendant agreed with every other member of the enterprise, knew all the other members of the enterprise, or had full knowledge of all the details of the enterprise. However, in proving this element, the Government must prove beyond a reasonable doubt that the defendant was connected to the enterprise in some meaningful way, and that the defendant knew the general nature of the enterprise and knew that the enterprise existed beyond his individual role.

As I have previously cautioned you, however, the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member. A person may know, or be friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. What is necessary is that the defendant participated with knowledge of the unlawful objective of the conspiracy and with intent to aid in the accomplishment of that objective.

Ultimately, the question is this: Has the Government proven beyond a reasonable doubt that the defendant joined the conspiracy and knowingly and intentionally participated in it with the awareness of its basic purpose and as something he wished to bring about?

Adapted from the charges of the Hon. Edgardo Ramos in *United States v. Jones*, No. 21 Cr. 505 (ER) (S.D.N.Y. 2023); the Hon. Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (JMF)

(S.D.N.Y. 2022); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-6.

REQUEST NO. 20

Count One: Elements of the Offense

Fourth Element: Agreement to Commit a Pattern of Racketeering

The fourth element of Count One that the Government must prove beyond a reasonable doubt is that the defendant knowingly conspired or agreed to participate in the conduct of the affairs of the enterprise through a pattern of racketeering activity. The focus of this element is on a defendant's agreement to participate in the objective of the enterprise to engage in a pattern of racketeering activity, and not on a defendant's agreement to commit the individual criminal acts. The Government is not required to prove that the defendant agreed to commit two racketeering acts himself, or that he actually committed two such acts. Instead, the Government must prove that the defendant agreed to participate in the enterprise with the intent that he or another member or members of the conspiracy would commit two or more racketeering acts, which I will describe.

As I have told you, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed. Because the agreement to commit a racketeering offense is the essence of Count One, the Government need only prove that if the conspiracy achieved its objective as contemplated, the enterprise would be established, that its members would participate in conducting the affairs of the enterprise through a pattern of racketeering activity, and that those activities would affect interstate or foreign commerce. Of course, proof that the objective of the conspiracy was accomplished, if you find it was, may be the most persuasive evidence of the existence of the conspiracy.

A pattern of racketeering activity requires at least two acts of racketeering, the last of which occurred within ten years after the commission of a prior act of racketeering. To establish an

49

agreement that the enterprise would engage in a "pattern of racketeering activity," as alleged in Count One of the Indictment, the Government must prove three things beyond a reasonable doubt:

*First*, that the defendant agreed that a conspirator, which could include the defendant himself, would intentionally commit, or cause, or aid and abet the commission of, two or more of the racketeering acts of the types alleged in Count One of the Indictment.   You need not decide whether the defendant agreed to the commission of any particular racketeering act in order to convict the defendant of the racketeering conspiracy offense.   However, you must be unanimous as to which particular types of racketeering acts, if any, the defendant agreed would be committed; for example, at least two acts of sex trafficking, two acts of forced labor, two acts of bribery of a witness, two acts of kidnapping, two acts of arson, two acts of obstruction of justice, two acts of transportation for purposes of prostitution, or any combination thereof.   At the end of this instruction, I will instruct you on the elements regarding each of the charged categories of racketeering activity.

*Second*, that the racketeering acts have a "nexus" to the enterprise and the racketeering acts are "related" to one another. A racketeering act has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics and not be merely isolated events. Two racketeering acts may be "related" even though they are dissimilar or not directly related to each other, provided that the racketeering acts are related to the same enterprise. For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a predicate racketeering act may be established by evidence that the defendant was enabled to commit the racketeering act solely by virtue of his position in the enterprise or involvement in or control over

its affairs, or by evidence that the defendant's position in the enterprise facilitated his commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence that the racketeering act was authorized by the enterprise or by evidence that the racketeering act promoted or furthered the purposes of the enterprise.

*Third*, to establish a pattern of racketeering activity, the Government must prove that the racketeering acts themselves either would have extended over a substantial period of time or they posed or would pose a threat of continued criminal activity. A series of criminal acts poses a threat of continued racketeering activity if the acts were committed to further the goals of the long-term association that exists for criminal purposes. The Government need not prove such a threat of continuity by any mathematical formula or by any particular method of proof, but rather may prove it in a variety of ways. For example, the threat of continued unlawful activity may be established when the evidence shows that the racketeering acts are part of a long-term association that exists for criminal purposes or when the racketeering acts are shown to be the regular way of conducting the affairs of the enterprise. Moreover, in determining whether the Government has proven the threat of continued unlawful activity, you are not limited to consideration of the specific racketeering acts that the defendant himself is alleged to have committed; rather, in addition to considering such acts, you also may consider the nature of the enterprise, and other unlawful activities of the enterprise and its members viewed in their entirety, including both charged and uncharged unlawful activities.

For a conviction under Count One, the Government must prove that the defendant intended to further an endeavor which, if completed, would have satisfied all the elements of a substantive racketeering offense. The Government is not required to prove that the defendant personally committed or agreed to commit any act of racketeering, nor is it required to prove that any acts of

racketeering actually occurred. Rather, the Government must prove that the defendant agreed to participate in the enterprise with the knowledge and intent that at least one member of the racketeering conspiracy, which could be the defendant himself, would commit at least two racketeering acts in the conduct of the affairs of the enterprise and that those acts would constitute a pattern of racketeering activity as defined above.

Let me make clear that an enterprise is not the same thing as the pattern of racketeering activity. To convict, the Government must prove that if the conspiracy achieved its objective there would be an enterprise and that the enterprise's affairs would be conducted through a pattern of racketeering activity. As I have mentioned, the enterprise in this case is alleged to be a group of individuals who associated together for a common purpose of engaging in a course of conduct, known as the Combs Enterprise. A pattern of racketeering activity, on the other hand, is a series of criminal acts.

The existence of the enterprise is proved by evidence of an ongoing organization, formal or informal, with a common purpose and by evidence that various core personnel of the group functioned as a continuing unit. The pattern of racketeering activity, on the other hand, is proved by evidence of a minimum of two acts of racketeering that the participants in the enterprise committed or aided and abetted. The proof used to establish those separate elements may be the same or overlapping. For example, if you find that an ongoing enterprise existed, the existence of this enterprise may help establish that the separate racketeering acts were part of a "pattern" of continuing criminal activity. Nevertheless, you should bear in mind that proof of an enterprise does not necessarily establish proof of a pattern of racketeering activity, and vice versa.

I will now instruct you on the remaining substantive law governing the racketeering crimes that the Indictment alleges were part of the pattern of racketeering activity in this case.

Adapted from the charges of the Hon. Edgardo Ramos in *United States v. Jones*, No. 21 Cr. 505 (ER) (S.D.N.Y. 2023); the Hon. Jesse M. Furman in *United States v. Blondet*, No. 16 Cr. 387 (JMF) (S.D.N.Y. 2022); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989); *United States v. Alkins*, 925 F.2d 541, 551-53 (2d Cir. 1991); *United States v. Coiro*, 922 F.2d 1008, 1017 (2d Cir. 1991); *United States v. Kaplan*, 886 F.2d 536, 543 (2d Cir. 1989); *United States v. Indelicato*, 865 F.2d 1370, 1383-84 (2d Cir. 1989) (en banc).

REQUEST NO. 21

Count One: Elements of the Offense

Fourth Element: Pattern of Racketeering—Racketeering Predicates—Generally

I'm now going to explain the specific racketeering acts that are alleged in the Indictment. I'm going to go through them one by one. As to the racketeering activity alleged here, Count One alleges that the following categories of acts and offenses were committed, or were intended to be committed, as part of the conspiracy:

a.      acts involving kidnapping, chargeable under the following provisions of state law: California Penal Code § 207 (kidnapping), California Penal Code §§ 21(a), 664 (attempt), California Penal Code § 31 (aiding and abetting), California Penal Code § 182 (conspiracy), New York Penal Law § 135.20 (kidnapping), New York Penal Law § 110.00 (attempt), New York Penal Law § 20.00 (aiding and abetting), and New York Penal Law § 105.10 (conspiracy);

b.      acts involving arson, chargeable under California state law, in violation of California Penal Code § 451 (arson), California Penal Code §§ 21(a), 664 (attempt), California Penal Code § 31 (aiding and abetting), and California Penal Code § 182 (conspiracy);

c.      acts involving bribery, chargeable under California state law, in violation of California Penal Code § 137(a) (bribery of a witness), California Penal Code §§ 21(a), 664 (attempt), California Penal Code § 31 (aiding and abetting), and California Penal Code § 182 (conspiracy);

d.      acts involving tampering with a witness, victim, or informant, in violation of federal law, specifically Title 18, United States Code, Section 1512;

e.      acts involving forced labor in violation of federal law, specifically Title 18, United States Code, Sections 1589 and 2;

f.      acts involving sex trafficking in violation of federal law, specifically Title 18, United States Code, Sections 1591 and 2;

g.      acts indictable under Title 18, United States Code, Sections 2421, 2422, and 2 (relating to transportation and inducement to travel for purposes of prostitution and other illegal sexual activities); and

h.      acts involving the distribution and possession with intent to distribute a controlled substance, and conspiracy to do the same in violation of federal law, specifically Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), (b)(1)(E), (b)(2), and 846, and Title 18, United States Code, Section 2.

In a moment, I will instruct you on the substantive law of each of these offenses. Before I do, let me remind you that the Government must prove beyond a reasonable doubt that the defendant agreed that either he or a co-conspirator would commit two acts in violation of these statutes within ten years of each other as part of the charged racketeering conspiracy. As I have said, the Government need not prove that the defendant himself committed or agreed to personally commit any of these offenses. You also will note that, for some of the charged categories of predicate offenses, the Indictment charges a violation of more than one statute. I instruct you that, in order to find that a given predicate offense was an object of the charged racketeering conspiracy, you need not find that the object of the conspiracy involved violations of *all* the listed statutes; rather, you need only find that the object of the conspiracy involved the violation of at least one of the specified statutes, but you must be unanimous as to which one or ones. You'll also note as to

some of these offenses, I'm going to use the term "aiding and abetting," which I have already

defined for you.

> Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Ray*, No. 20 Cr. 110 (LJL) (S.D.N.Y. 2022); and the Hon. Paul A. Engelmayer in *United States v. Mack*, No. 18 Cr. 834 (PAE) (S.D.N.Y. 2019).

REQUEST NO. 22

Count One: Racketeering Conspiracy

Racketeering Predicates: Kidnapping Under California Law

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving kidnapping and attempted kidnapping, and aiding and abetting the same, in violation of California law.

Under California Law, "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping."

To prove that a person is guilty of this crime, the Government must prove the following:

*First*, that a person took, held, or detained another individual by using force or by instilling reasonable fear;

*Second*, that using that force or fear, the person moved the other individual, or made the other individual move, a substantial distance; and

*Third*, the individual did not consent to the movement.

Substantial Distance

Substantial distance means more than a slight or trivial distance. In deciding whether the distance was substantial, you must consider all the circumstances relating to the movement. Thus, in addition to considering the actual distance moved, you may also consider other factors such as whether the distance the other individual was moved was beyond that merely incidental to the commission of an associated crime, that is, where in the course of the commission of another crime, the person also moves an individual by force or fear.

<u>Consent</u>

A person is not guilty of kidnapping if the other individual consented to go with the person, or if the person reasonably and actually believed that the other individual consented to the movement. The other individual consented if that individual (1) freely and voluntarily agreed to go with or be moved by the person, (2) was aware of the movement, and (3) had sufficient maturity and understanding to choose to go with the person. Consent may be withdrawn. If, at first, an individual agreed to go with the person, that consent ended if the individual changed his or her mind and no longer freely and voluntarily agreed to go with or be moved by the person.

<u>Attempt</u>

This is also charged as attempted kidnapping. Under California law, to prove that a person is guilty of an attempted offense, here kidnapping, the Government must prove that the person took a direct but ineffective step towards committing the offense and that the person intended to commit the offense. A "direct step" requires more than merely planning or preparing to commit the offense or obtaining or arranging for something needed to commit the offense. A direct step is one that goes beyond planning or preparation and shows that a person is putting his plan into action. A direct step indicates a definite and unambiguous intent to commit the offense. It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstances outside the plan had not interrupted the attempt.

<u>Aiding and Abetting</u>

I have already explained to you the concept of aiding and abetting liability. Under California law, someone aids and abets a crime if he knows of the perpetrator's unlawful purpose

and he specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the

perpetrator's commission of that crime.

> Adapted from Judicial Council of Cal. Crim. Jury Instr. (Cal. Crim.)
> Nos. 1215, 401, 460; *People v. Harrelson*, 2016 WL 4709899, at *3
> (Cal. Ct. App. Sept. 9, 2016).

REQUEST NO. 23

Count One: Racketeering Conspiracy

Racketeering Predicates: Kidnapping Under New York Law

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving kidnapping and attempted kidnapping, and aiding and abetting the same, in violation of New York law.

Under New York Penal Law, "A person is guilty of kidnapping in the second degree when he abducts another person."

To sustain its burden of proof with respect to proving kidnapping under New York law, the Government must prove beyond a reasonable doubt the following elements:

*First*, that the person restricted an individual's movements in such a manner as to interfere substantially with his or her liberty by moving her from one place to another, or by confining her either in the place where the restriction commenced, or in a place where she had been moved;

*Second*, that the person did so without the consent of the individual;

*Third*, that the person did so intentionally;

*Fourth*; that the restriction of the individual's movements was unlawful and the person knew that the restriction was unlawful; and

*Fifth*, that the person restrained the individual with intent to prevent her liberation by secreting her in a place where she was not likely to be found.

I want to explain several terms:

Abduct

The term "abduct" has a special meaning here: it means to restrain an individual with intent to prevent her liberation by either (a) secreting or holding her in a place where she is not likely to be found, or (b) using or threatening to use deadly physical force.

Restrain

Under New York law, to "restrain" in this context means to restrict an individual's movements intentionally and unlawfully in such a manner so as to interfere substantially with her liberty by moving her from one place to another, or by confining her either in the place where the restriction commences or in a place to which she has been moved, without consent and with knowledge that the restriction is unlawful.

A person restricts another's movements intentionally when his or her conscious objective or purpose is to restrict that person's movements.

A person restricts another's movements unlawfully when he or she is not authorized by law to do so. Under New York Penal Law, with certain exceptions here, a person is not authorized by law to restrict another's movements.

A person restricts another's movements with knowledge that the restriction is unlawful when he or she is aware that the restriction is not authorized by law.

A person is moved or confined without consent when such is accomplished by physical force, intimidation, or deception.

Intent to Prevent Liberation

Intent means conscious objective or purpose. Thus, a person acts with intent to prevent another's liberation by secreting or holding him or her in a place where he or she is not likely to be found when that person's conscious objective or purpose is to do so.

61

## General Definitions: State Attempt

This is also charged as attempted kidnapping. Under New York law, "a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to affect the commission of such crime." You may only find that a person attempted to commit a crime if you find that he, or those he was aiding and abetting, were on the verge of actually committing it. Mere preparation is not sufficient. The acts committed by the person, or those he is aiding and abetting, must be those acts that are required to carry the project forward within "dangerous proximity" of the criminal end to be attained.

## Aiding and Abetting

I have already explained to you the concept of aiding and abetting liability. Specifically, under New York state law, when a person engages in conduct that constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required to commit the offense, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

> Adapted from Criminal Jury Instructions 2d (CJI2d) for N.Y. Penal Code § 135.20; N.Y. Penal Code § 20.00; *United States v. Desena*, 287 F.3d 170, 178 (2d Cir. 2002) (noting that New York courts have interpreted the state attempt statute to "require that the Government prove the defendant engaged in conduct that came dangerously near the commission of the  completed  crime").

REQUEST NO. 24

Count One:   Pattern of Racketeering

Racketeering Predicates: Arson Under California Law

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included arson and attempted arson, and aiding and abetting the same, in violation of California law.

Under California law, "[a] person is guilty of arson when he or she willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels, or procures the burning of any . . . property."

In order for you to find that a person committed arson under California state law, the Government must prove beyond a reasonable doubt that:

*First*, a person set fire to or burned or caused to be burned or aided, counseled, or procured the burning of, any property; and

*Second*, the person acted willfully and maliciously.

To set fire to or burn means to damage or destroy with fire either all or part of something, no matter how small the part.

Someone commits an act willfully when he or she does it willingly or on purpose.

As used here, someone acts maliciously when he or she intentionally does a wrongful act under circumstances that the direct, natural, and highly probable consequences would be the burning of the property.

Property means personal property or land other than forest land.

This is also charged as attempted arson and under an aiding and abetting theory. I have already instructed you on these concepts, and you should apply those instructions here.

Adapted from Judicial Council of Cal. Crim. Jury Instr. (Cal. Crim.) No. 1515; Cal. Penal Code § 451; *see People v. Lee*, 24 Cal. App. 4th 1773 (1994)

REQUEST NO. 25

Count One: Racketeering Conspiracy

Racketeering Predicates: Bribery Under California Law

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving bribery and attempted bribery, and aiding and abetting the same, in violation of California law.

Under California Law, "Every person who gives or offers, or promises to give, to any witness, person about to be called as a witness, or person about to give material information pertaining to a crime to a law enforcement official, any bribe, upon any understanding or agreement that the testimony of such witness or information given by such person shall be thereby influenced is guilty of a felony."

To prove that a person is guilty of this crime, the Government must prove the following:

*First*, that the person gave, offered, or promised a bribe to a witness, an individual about to be called as a witness, or an individual about to give material information to a law enforcement official about a crime; and

*Second*, that the person acted with the corrupt intent to persuade the witness or individual to agree that the bribe would unlawfully influence the testimony or information that the witness or individual would give.

I will now define several terms that I just used.

Bribe

As used here, "bribe" means something of present or future value or advantage, or a promise to give such a thing, that is given or offered with the corrupt intent to unlawfully influence

65

the testimony or information of the individual to whom the bribe is given. Persuading a witness or individual to withhold testimony or information entirely constitutes "influencing" that witness's or individual's testimony or information.

## Witness

As used here, "witness" means someone who knows about the existence or nonexistence of facts related to a crime.

An individual is "about to be called as a witness" if he or she knows material information relating to the issues in a case that has been or may be filed. The underlying crime need not be prosecuted, however. Information is "material" if it is significant or important.

## Corrupt Intent

A person acts with "corrupt intent" when he or she acts to wrongfully gain a financial or other advantage for himself, herself, or someone else.

Attempted Bribery and Aiding and Abetting

I have already instructed you as to the meaning of attempt and aiding and abetting under California law, and you should apply those instructions here.

\*       \*       \*

Offering a bribe does not require specific words or behavior, as long as the language used and the circumstances clearly show an intent to bribe. The witness or person giving information does not need to have accepted the bribe or have been influenced by the bribe.

Additionally, the circumstances in which the person's statements are made, not just the statements themselves, should be considered to determine whether the statements constitute an attempt to dissuade a witness from testifying or an individual giving information from testifying. If the person's actions or statements are ambiguous, but reasonably may be interpreted as intending

66

to achieve the future consequence of dissuading the witness from testifying or the individual from

giving information, the offense has been committed.

> Adapted from Judicial Council of Cal. Crim. Jury Instr. (Cal. Crim.)
> No. 2610; *People v. Wahidi*, 222 Cal. App. 4th 802, 806 (Cal. Ct.
> App. 2013); *People v. Cribas*, 231 Cal. App. 3d 596, 611 (Cal. Ct.
> App. 1991); *People v. Pic'l*, 31 Cal. 3d 731, 742 n.5 (Cal. 1982).

REQUEST NO. 26

Count One: Racketeering Conspiracy

Racketeering Predicates: Witness Tampering

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving witness tampering, in violation of Title 18 of the United States Code. I will instruction you on two provisions of Section 1512. First, I will instruct you on Section 1512(b)(3), and I will next instruct you on Section 1512(c)(2).

The first provision, Section 1512(b)(3), states:

> Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—. . . (**3**) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release, parole, or release pending judicial proceedings; shall [be guilty of a crime].

To prove that a person is guilty of this crime, the Government must prove the following beyond a reasonable doubt:

*First*, the person knowingly used intimidation, threatened, or corruptly persuaded an individual or attempted to do so;

*Second*, the person acted knowingly and with the intent to hinder, delay, or prevent the communication, to a law enforcement officer of the United States; and

*Third,* such information related to the commission or possible commission of a federal offense.

This statute is designed in part to protect people who may be called to testify or give evidence in federal proceedings and people who have information about federal crimes. If such

people do not come forward with information, provide truthful information or evidence or appear when summoned, the criminal justice system would be impaired.

I will now define several terms that I just used.

"Intimidation" includes frightening an individual, inspiring or affecting him or her by fear or deterring him or her by threats. It does not matter whether or not the individual alleged as the object of the threat is actually frightened or thinks that he is in danger. It is enough that the threat had a reasonable tendency to make the individual fearful.

A "threat" is simply an expression of intention to do harm. A threat may be communicated by words as well as gestures. To find that the person used threats, you need not find that he intended to carry out the threat. A threat need not be communicated directly to the intended target in order to be a threat. The question is whether the threat has a reasonable tendency to intimidate.

To act "corruptly" means to act with an improper purpose and an awareness of wrongdoing. To "persuade" means to convince another individual to engage in certain conduct.

"Misleading conduct" means knowingly making a false statement or intentionally omitting information from a statement and thereby causing a statement to be misleading, or intentionally concealing a material fact and thereby creating a false impression by such statement.

I've already instructed you on the concept of "knowingly," and you should apply those instructions here.

The first element may be satisfied if the person actually used corrupt persuasion, or attempted to do so. The person may be found to have attempted to use corrupt persuasion if his conduct constituted a substantial step towards committing a crime. The act which constitutes a substantial step must corroborate the actor's criminal purpose.

With respect to the second element, a federal "law enforcement officer" is an officer or employee of the federal government who is authorized to act on behalf of the federal government in the prevention, detection, investigation, or prosecution of federal crimes. Such law enforcement officers include, among others, agents of the Homeland Security Investigations and representatives of the United States Attorney's Office of the Southern District of New York.

The Government is not required to prove that there was an ongoing federal case or investigation. Nor is the Government required to prove that the person knew that the law enforcement officer was in fact a federal officer or that the judge was in fact a federal judge.

To satisfy the third element, the Government is not required to prove that the person knew the information in question related to a federal offense so long as it proves that the information in fact related to the commission or the possible commission of a federal offense.

<u>Attempt</u>

This is also charged as attempted witness tampering. Under federal law, in order to find the person guilty under an attempt theory, the Government must prove beyond a reasonable doubt that: (1) the person intended to commit the crime charged, as I have described that crime to you; and (2) the person willfully took some action that was a substantial step, in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt. In order to convict the person of an attempt, you must find beyond a reasonable doubt that he intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the person's actions amounted to a substantial step toward the commission of the crime, you must distinguish between mere preparation on the one hand, and the

actual doing of the criminal deed on the other. Mere preparation, without more, is not an attempt. On the other hand, some preparations when taken together may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt where the acts themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

There is no requirement that the attempt be successful or that the person actually have carried out the crime he was trying to commit.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 46-55, 46-56, 46-57, 46-58, 46-59, 46-60; *Arthur Andersen v. United States*, 544 U.S. 696, 706 (2005) ("Only persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuad[e].' And limiting criminality to persuaders conscious of their wrongdoing sensibly allows § 1512(b) to reach only those with the level of 'culpability . . . we usually require in order to impose criminal liability.'"); *United States v. John*, 267 Fed. Appx. 17, 22 (2nd Cir. 2008) (unpublished) (approving jury instruction that "defendant acted with an 'improper purpose' and 'had the purpose of corrupt persuasion,' the latter phrase defined as 'includ[ing] an attempt to induce a witness to become unavailable to testify or to testify falsely' and finding instruction was "the substantial equivalent of Arthur Andersen's holding that the defendant must be 'conscious of wrongdoing'"); *United States v. Gotti*, 459 F.3d 296, 343 (2d Cir. 2006) ("This Circuit has defined 'corrupt persuasion' as persuasion that is 'motivated by an improper purpose.'"); *United States v. Khatami*, 280 F.3d 907, (9th Cir. 2001) (holding that "one who attempts to 'corruptly persuade' another is . . . motivated by an inappropriate or improper purpose to convince another to engage in a course of behavior); *United States v. Robertson*, 103 F.4th 1 (D.C. Cir. 2023) ("We conclude that 'corruptly' must be construed according to its plain meaning.").

> **Attempt**
> Adapted from *Sand, Modern Federal Jury Instructions*, Instrs. 10-1, 10-3, and the charges of the Hon. Lewis J. Liman, *United States v. Ray*, No. 20 Cr. 110 (LJL) (Tr. 3032-3034); the Hon. Edgardo Ramos in *United States v. El Gammal*, No. 15 Cr. 588 (ER) (S.D.N.Y. 2017) (Tr. 1966-67); the Hon. Lewis A. Kaplan in *United*

71

*States v. Ghailani*, No. S10 98 Cr. 1023 (LAK) (S.D.N.Y. 2006) (Tr. 2496-97); the Hon. John F. Keenan in *United States v. Kassir*, No. S2 04 Cr. 356 (JFK) (S.D.N.Y. 2009) (Tr. 2271-72), and the Hon. John F. Keenan in *United States v. Haouari*, No. 00 Cr. 15 (JFK) (S.D.N.Y. 2001) (Tr. 1013-14).

REQUEST NO. 27

Count One: Racketeering Conspiracy

Racketeering Predicates: Witness Tampering

I will now instruct you on the second witness tampering provision, in violation of two provisions of Title 18 of the United States Code.

The second provision, Section 1512(c)(2), states:

> Whoever corruptly— . . . obstructs, influences, or impedes any official proceeding, or attempts to do so, shall be [guilty of a crime].

To prove that a defendant is guilty of this crime, the Government must prove the following beyond a reasonable doubt**:**

*First*, the person obstructed, influenced, or impeded an official proceeding, or attempted to do so;

*Second*, in the course of doing so, the person committed or attempted to commit an act that impaired the integrity or rendered unavailable records, documents, objects, or other things for use in the official proceeding;

*Third*¸ the person intended to impair the integrity of or render unavailable such records, documents, objects, or other things for use in the official proceeding; and

*Fourth*, the person acted corruptly.

I will now define several terms that I just used.

An "official proceeding" means a proceeding before a court, judge, or federal agency. The proceedings may be criminal or civil. You are instructed that a federal grand jury investigation is an official proceeding. The law does not require that the federal proceeding be pending at the time of person's actions as long as the proceeding was foreseeable such that person knew that his actions

73

were likely to affect the proceeding. In addition, the Government does not have to prove that person knew the nature of the proceeding.

"Documents, objects, or other things" may include not just physical items, but also intangible information—such as witness testimony—used in an official proceeding.

I have instructed you on the concept of "corruptly" above and you should follow those instructions.

The Government does not have to prove that the person directly impeded, or attempted to impede directly, with an official proceeding. In addition, the person's actions need not be successful in impeding or obstructing justice, so long as his acts had the natural and probable consequence of interfering with an official proceeding that was foreseeable even if not then pending.

Finally, the Government may also satisfy its burden of proof by demonstrating that the person attempted to commit the charged crime. I previously instructed you on the law applicable to crimes charged as attempts, and you should apply those instructions here.

> Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 46-69, 46-70, 46-71; 18 U.S.C. 1512(f)(1) ("[A]n official proceeding need not be pending or about to be instituted at the time of the offense."); 18 U.S.C. 1512(g)(1) ("[N]o state of mind need be proved with respect to the circumstance . . . that the official proceeding" is federal); and the charges of the Hon. Nelson S. Román in *United States v. Rossy*, 22 Cr. 550 (NSR); the Hon. P. Kevin Castel in *United States v. Hillard*, 19 Cr. 358 (PKC) (E.D.N.Y. 2022); the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (VEC); the Hon. Kenneth Michael Karas in *United States v. Brega*, 17 Cr. 58 (KMK); the Hon. Loretta A. Preska in *United States v. Coll*, 15 Cr. 560 (LAP); and the Hon. Paul A. Crotty in *United States v. Baldeo*, 13 Cr. 125 (PAC); *See United States v. Pugh*, 945 F.3d 9, 21 (2d Cir. 2019) ("The government need not prove that a defendant knew that the proceeding was or would be federal."); *id.* at 22 ("[t]he actions of the defendant need not have directly impeded, or

attempted to impede directly, the official proceeding . . . the defendant's actions need not be successful in impeding or obstructing justice . . . so long as his acts had the natural and probable consequence of interfering with an official proceeding that was foreseeable even if not then pending.") (internal citations omitted); *Fischer v. United States*, 603 U.S. 480, 490-91 (2024); *United States v. Burge*, 711 F.3d 803, 809 (7th Cir. 2013) ("[W]e can safely infer that Congress intended to target the same type of pretrial misconduct that might "otherwise" obstruct a proceeding beyond simple document destruction."); *United States v. Carson*, 560 F.3d 566, 584 (6th Cir. 2009) (finding sufficient evidence of Section 1512(c)(2) offense where the defendant provided false testimony before grand jury); *United States v. Mintmire*, 507 F.3d 1273, 1290 (11th Cir. 2007) (finding sufficient evidence of Section 1512(c)(2) offense where the defendant had attempted to orchestrate a witness's grand jury testimony).

REQUEST NO. 28

Count One: Racketeering Conspiracy

Racketeering Predicates: Forced Labor

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving obtaining or providing forced labor by various unlawful means, and aiding and abetting the same, in violation of Title 18 of the United States Code.

Section 1589 states:

> Whoever knowingly obtains the labor and services of another person by means of force, threats of force, physical restraint or threats of physical restraint to that person or another person, by means of serious harm or threats of serious harm to that person or another person, or by means of any scheme, plan, pattern, intended to cause the person to believe that if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be guilty of a crime.

To prove that a person is guilty of this crime, the Government must prove the following:

*First*, the person obtained the labor or services of another individual;

*Second*, the person did so through one of the following prohibited means: (i) through force, threats of force, physical restraint, or threats of physical restraint to that individual or any other individual, (ii) through serious harm or threats of serious harm to that individual or any other individual, or (iii) through the use of a scheme, plan, or pattern, intended to cause that individual to believe that not performing would result in serious harm to or physical restraint against that individual or any other individual.

*Third*, the person acted knowingly.

76

I have already instructed you generally as to the meaning of aiding and abetting under federal law, and you should apply those instructions here.

I will now discuss the elements of this crime.

<u>Labor and Services</u>

The first element the Government must prove is that the person obtained an individual's labor and services. To obtain means to gain, acquire, control, or possess, even if only for a short period. You should give labor and services their ordinary meaning. "Labor" means the expenditure of physical or mental effort, especially when fatiguing, difficult, or compulsory. "Services" means the performance of work commanded or paid for by another.

The Government does not have to prove that an individual performed work for the person in the economic sense, although that would satisfy this element. Labor or services can include, but is not limited to, sexual services. All the Government must prove is that an individual provided labor or services as I just defined them.

<u>Prohibited Means</u>

As to the second element, if you find that the person obtained the labor or services of an individual, then you have to determine whether he did so through one of the prohibited means. That is, either through force, threats of force, physical restraint, or threats of physical restraint to the individual or any other individual, through serious harm or threats of serious harm to the individual or any other individual, or through any scheme, plan, or pattern, intended to cause the individual to believe that not performing would result in serious harm to or physical restraint against the individual or any other individual.

To find that this element has been satisfied, you must find beyond a reasonable doubt that at least one of the prohibited means that I just mentioned was used to obtain an individual's labor

77

or services. I will now define some of the terms you will be considering in determining whether the second element of the forced labor predicate has been satisfied.

The term serious harm includes both physical and nonphysical types of harm, including psychological, or reputational harm. A threat of serious harm includes any threat that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable individual of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm. In determining whether the person made a threat of serious harm that could reasonably be believed, you may consider the person's conduct as well as the individual's special vulnerabilities, if any. In this regard, you may find that not all individuals are of the same courage or firmness. You may, for example, consider the individual's particular station in life, physical or mental condition, age, education, training, experience, intelligence, socioeconomic status, and any inequalities between the individual and the person with respect to these considerations. A threat of serious harm must be sufficient in kind or degree to completely overcome the will of an ordinary person having the same general station in life as that of the individual, causing a reasonable belief that there was no reasonable choice except to provide labor and services to the person.

You should give the ordinary meaning to the words, scheme, plan, and pattern. The scheme, plan, or pattern does not have to involve actual threats of serious harm, but may involve any other means, including deception or psychological coercion used to cause the person to reasonably believe that she, her family, or any other person would suffer serious harm if she refused to continue providing labor or services.

If you find that any of the prohibited means that I mentioned earlier were used, you then have to determine whether the means were sufficient to cause the individual reasonably to believe

that she had no choice, but to provide labor or services to the person. In making that determination, you may consider the cumulative effect on the individual of the person's conduct.

A few final things about the second element of forced labor. To prove forced labor, although the Government must prove a causal link between the labor and services and the serious harm, the Government does not need to link each of the threats allegedly made or actions allegedly taken against an individual to particular labor or service tasks that she performed. If an individual was threatened with or suffered certain consequences in connection with the services she rendered, either as punishment or as part of a climate of fear that overcame her will and compelled her service, that is sufficient to establish the second element of the offense of forced labor.

If you find that the individual was threatened with serious harm, the Government does not have to prove physical restraint in order to establish the offense of forced labor. The Government also does not have to prove physical restraint, like chains, barbed wire or locked doors, in order to establish the offense of forced labor. The fact that an individual may have had the opportunity to escape is irrelevant if the person placed her in such fear or circumstances that she did not reasonably believe that she could leave. An individual who has been placed in such fear or circumstances is under no affirmative duty to try to escape.

Finally, when you consider whether service performed by someone was involuntary, I am instructing you that it is not a defense to the crime of forced labor that the individual might have initially agreed voluntarily to render the service or perform the labor. If an individual willingly begins service or labor, but later wants to withdraw and then is forced to remain and perform the labor or services against her will by threats of serious harm, or by a scheme, plan, or pattern intended to cause her to believe that not performing the labor or services will result in serious harm to her or someone else, then her service becomes involuntary.

Also, whether an individual is paid a salary or a wage does not determine the question of whether that person has been held in forced labor. In other words, if someone is compelled to do labor against her will by any one of the means prohibited by the forced labor statute, that service is involuntary, even if she is paid or compensated for the labor or services.

Intent

The third element I have already described to you, requires that the person acted knowingly.

> Adapted from the charges of the Hon. Lewis J. Liman in *United States v. Ray*, 20 Cr. 110 (LJL) (S.D.N.Y. 2022), at 3000:2-3005:19; and the Hon. Ann M. Donnelly in *United States v. Kelly*, 19 Cr. 286 (AMD) (E.D.N.Y. 2021), Dkt. 303 at 49-53; *see United States v. Kelly*, 128 F.4th 387, 416-17 (2d Cir. 2025) (upholding forced labor conviction where victims engaged in sex acts as a result of fear of serious harm); *United States v. Marcus*, 628 F.3d 36, 44-45 (2d Cir. 2010) (same); *United States v. Zhong*, No. 19-4110 (2d Cir. Feb. 23, 2022) ("[A] victim's initial willingness to perform certain labor does not preclude the possibility that the victim's continued labor may become forced."); *cf.* H.R. Conf. Rep. 106-939, Victims of Trafficking and Violence Protection Act of 2000, at 101 (Oct. 5, 2000) ("Section 1589 is intended to address the increasingly subtle methods of traffickers who place their victims in modern-day slavery . . . . Section 1589 will provide federal prosecutors with the tools to combat severe forms of worker exploitation that do not rise to the level of involuntary servitude . . . . The term 'serious harm' as used in this Act refers to a broad array of harms, including both physical and nonphysical, and section 1589's terms and provisions are intended to be construed with respect to the individual circumstances of victims that are relevant in determining whether a particular type or certain degree of harm or coercion is sufficient to maintain or obtain a victim's labor or services, including the age and background of the victims.").

REQUEST NO. 29

Count One: Racketeering Conspiracy

Racketeering Predicates: Sex Trafficking

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included sex trafficking by force, threats of force, fraud, and coercion, and aiding and abetting or willfully causing the same, in violation of Title 18 of the United States Code. I will instruct you on two provisions of Section 1591. First, I will instruct you on Section 1591(a), and I will next instruct you on Section 1591(d).

As I previously instructed you, Section 1591(a) provides, in pertinent part:

> Whoever knowingly . . . [,] in or affecting interstate . . . commerce, . . . recruits, entices, harbors, transports, provides, obtains, . . . maintains, patronizes, or solicits by any means a person; or . . . in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . [is guilty of a crime].

I have already instructed you generally on the elements of sex trafficking, and you should apply those instructions here.

81

REQUEST NO. 30

Count One: Racketeering Conspiracy

Racketeering Predicates: Sex Trafficking Obstruction

In addition, the Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included obstruction related to sex trafficking by force, fraud, and coercion, and aiding and abetting the same, in violation of Title 18 of the United States Code.

Section 1591(d) states in pertinent part:

> Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be [guilty of a crime].

To prove the person is guilty of this crime, the Government must prove the following two elements beyond a reasonable doubt:

*First*, the person obstructed, attempted to obstruct, or in any way interfered with or prevented the enforcement of Title 18, United States Code, Section 1591, which is the crime of sex trafficking by force, fraud, and coercion that is charged in Counts Two and Four; and

*Second*, the person acted knowingly.

With regard to the first element, the Government must prove that the person obstructed, attempted to obstruct, **OR** in any way interfered with or prevented the enforcement of the sex trafficking statute. The Government is not required to prove that the person did each one of these acts. In addition, with respect to your consideration of whether the person obstructed, attempted to obstruct, or interfered with or prevented the enforcement of the crime of sex trafficking, I instruct you to use the ordinary, everyday definitions of those terms. "Obstruct" means "to be or come in the way of." "Interfere" means "to come between so as to be an impediment" or "to intrude in the

affairs of others." "Prevents" mean "to keep from happening" or "to keep someone from doing something."

A person attempts to commit obstruction if the person (1) knowingly takes a substantial step toward obstructing the enforcement of the sex trafficking statute, (2) with the intent to obstruct the enforcement of the sex trafficking statute. A substantial step is something more than mere preparation.

The enforcement of Section 1591(a) includes the investigation or prosecution of an alleged violation of Section 1591(a). The Government need not prove a violation of Section 1591(a) to prove a violation of Section 1591(d).

In addition, to prove this count beyond a reasonable doubt, the Government need not prove that the defendant or a co-conspirator knew of the federal statute outlawing sex trafficking by force, fraud, or coercion (18 U.S.C. § 1591(a)), nor that the defendant was aware of the federal nature of the investigation or prosecution.

I have already explained to you the concept of a person acting "knowingly." You should apply those instructions here.

> Adapted from the charges of the Hon. Patrick J. Schiltz in *United States v. Darnell Stennis*, 20 Cr. 19, Dkt. 153 at 11 (D. Minn. 2021), and the Hon. Robert S. Lasnik in *United States v. David Delay*, 15 Cr. 175, Dkt. 521 at 43 (W.D. Wash. 2017); Title 18, United States Code, Section 1591(d); Black's Law Dictionary (Fifth Edition 1979); Webster's II New College Dictionary, Riverside Ed. (1995); *United States v. Farah*, 766 F.3d 599, 613 (6th Cir. 2014) ("[K]nowingly is the appropriate *mens rea*" for a Section 1591(d) charge); *Robinson v. United States*, No. 114 Cr. 176, 2022 WL 19001971, at *17 (N.D. Ga. Nov. 30, 2022), *report and recommendation adopted*, No. 1:14 Cr. 176 (RWS), 2023 WL 2186433 (N.D. Ga. Feb. 23, 2023) ("§ 1591(d) does not require that the defendant specifically know of the federal nature of the investigation to be convicted of obstruction"); *United States v. Edwards*, 838 F. App'x 245, 248 (9th Cir. 2020).

REQUEST NO. 31

Count One: Racketeering Conspiracy

Racketeering Predicates: Transportation for Purposes of Prostitution

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included transportation for purposes of prostitution, in violation of Title 18 of the United States Code.

As I previously instructed you, Section 2421 provides, in pertinent part:

Whoever knowingly transports any individual in interstate or foreign commerce . . . with intent that such individual engage in prostitution . . .or attempts to do so, shall [be guilty of a crime].

I have already instructed you generally on the elements of transportation for purposes of prostitution, and you should apply those instructions here.

REQUEST NO. 32

Count One: Racketeering Conspiracy

Racketeering Predicates: Inducement to Travel for Purposes of Prostitution

The Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving inducement to travel for purposes of prostitution, or aiding and abetting or willfully causing the same, in violation of Title 18 of the United States Code.

Section 2422(a) states:

Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce . . . to engage in prostitution . . . or attempts to do so, shall [be guilty of a crime.]

To prove that a person is guilty of this crime, the Government must prove the following beyond a reasonable doubt:

*First*¸ that the person knowingly persuaded or induced or enticed or coerced an individual to travel in interstate or foreign commerce;

*Second*, that the individual traveled in interstate or foreign commerce; and

*Third*, that the person acted with the intent that the individual would engage in prostitution.

As to the first element, the Government must prove beyond a reasonable doubt that the person knowingly persuaded or induced or enticed or coerced an individual to travel in interstate or foreign commerce. I have already explained for you the concept of a person acting "knowingly."

As to the second element, I have also already instructed you on the terms "interstate and foreign commerce." You should apply those instructions here. The terms "persuaded," "induced," "enticed," and "coerced" have their ordinary everyday meanings.

85

I have also already instructed you that the Government need not prove that engaging in prostitution was the person's sole purpose in transporting a person across a state or international line for Counts Three and Five. Similarly here, in order to establish the third element under Section 2422, it is not necessary for the Government to prove that prostitution was the person's sole purpose in encouraging individuals to travel across state or international lines. A person may have several different purposes or motives for such conduct, and each may prompt in varying degrees the person's actions. The Government must prove beyond a reasonable doubt, however, that a significant or motivating purpose of encouraging individuals to travel across state or international lines was that these individuals would engage in prostitution. In other words, the person's intent that the individual engage in that prostitution may not have been merely incidental to the transportation. The intent of the individuals who traveled or engaged in the illegal sexual activity is not relevant.

> Adapted from the charges of the Hon. Ronnie Abrams in *United States v. Paduch*, 23 Cr. 181 (RA) (Tr. 1532-36); the Hon. Richard M. Berman in *United States v. Hadden,* S2 20 Cr. 468 (RMB); the Hon. Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN); and the Hon. Denise Cote in *United States v. Purcell*, 18 Cr. 081 (DLC); *see also United States v. Kelly*, 128 F.4th 387, 414 (2d Cir. 2025) ("The victims' intent . . . is not relevant to this inquiry. Indeed, we have explicitly rejected an approach to § 2422 that moves the locus of the offense conduct from the intent and actions of the would-be persuader to the effect of his words and deeds on his would-be victim").

REQUEST NO. 33

Count One: Racketeering Conspiracy

Racketeering Predicates: Narcotics Conspiracy

Finally, the Indictment alleges that one of the categories of criminal violations that were committed or intended to be committed as part of the racketeering conspiracy charged in Count One included acts involving participating in a conspiracy to distribute or possess with intent to distribute a controlled substance, here, cocaine, oxycodone, alprazolam, 3,4-Methylenedioxymethamphetamine, 4-Bromo-2,5-dimethoxyphenethylamine, gamma hydroxybutyric acid, ketamine, psilocyn, and methamphetamine.

To sustain its burden of proof with respect to the charge of narcotics conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

*First,* that the conspiracy charged in the Indictment existed. That is, that there was, in fact, an agreement or understanding to violate those provisions of the law that make it illegal to distribute controlled substances, or to possess controlled substances with the intent to distribute them.

*Second*, that the person intentionally and knowingly became a member of the conspiracy charged; that is, that he knowingly associated himself with the conspiracy, and participated in the conspiracy to distribute or possess with the intent to distribute controlled substances.

As to the first element, I have already instructed you on the federal law of conspiracy. You should apply those instructions here.

As to the second element, the Government need prove only that the objective of the conspiracy was *either* to distribute *or* to possess one or more of the controlled substances with the intent to distribute. The Government need not, but may, prove both. For the Government to sustain

87

its burden, however, you must be unanimous as to which objective was proven—distribution or possession with the intent to distribute.

Let me note that the Government need prove only that the person conspired to distribute at least one of the specified controlled substances or that he conspired to possess at least one of the specified controlled substances with the intent to distribute it. But if you find that only some of the controlled substances have been proven, you must be unanimous as to which ones you find to have been proven. That is, to find the person guilty of the crime of conspiracy, you need to find that the person agreed with at least one other person to distribute at least one of the specified controlled substances, or to possess with the intent to distribute that controlled substance, or to do both of these things.

The quantities of the drugs involved in the charged conspiracy are not elements of the crime, so you need not be concerned with quantity in determining whether the Government has sustained its burden.

Now, I want to explain several terms:

"Distribution"

The word "distribution" means actual, constructive, or attempted transfer. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another. Distribution does not require a sale; sharing drugs with friends is direct evidence that a person engaged in the distribution of narcotics.

"Possess With Intent To Distribute"

What does "possess with intent to distribute" mean?

*Possession*

I will begin with the concept of "possession." The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail. Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen. If you find that an individual had a controlled substance on his or her person, therefore, you may find that he or she had possession of it. However, a person need not have actual, physical possession—that is, physical custody—of an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody, and that person has the intent to exercise such control, then he is in possession of that object. This is called "constructive possession."

Control over an object may be demonstrated in many ways. A person can possess a controlled substance because he or she has an agreement with a person who has physical custody of the controlled substance. In addition, an individual may have possession of an item that is not found on his or her person, because that individual has a relationship to the location where the item is maintained.

More than one person can have control over the same item. The law recognizes that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If more than one person has possession of it, as I have defined possession for you, then possession is joint. Finally, possession and ownership are not the same. A person can possess an object and not be the owner of the object. That is what is meant by "possession."

### Intent to Distribute

"Possession with intent to distribute" simply means that a person possessed a controlled substance with a state of mind or purpose to transfer it to another person. Since no one can read another's mind, the determination as to a person's intent can be inferred from his or her behavior,

and any other facts and circumstances you find relevant to the question. Any amount of drugs, however small, can support a finding that a person possessed narcotics with intent to distribute, as long as there is additional evidence of intent to distribute.

"A Controlled Substance"

Finally, you are instructed, as a matter of law, that cocaine, oxycodone, alprazolam, 3,4-Methylenedioxymethamphetamine, 4-Bromo-2,5-dimethoxyphenethylamine, gamma hydroxybutyric acid, ketamine, psilocyn, and methamphetamine are each a "controlled substance."

> Adapted from 21 U.S.C. § 802(32); Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 56-3, 56-4, 56-10, 56-11; and the jury charges of the Hon. Gregory H. Woods in *United States v. Eusebio*, 22 Cr. 522 (GHW); the Hon. Paul. A Engelmayer in *United States v. Robinson*, 17 Cr. 249 (PAE) (S.D.N.Y. 2017); the Hon. Naomi R. Buchwald in *United States v. Arce*, 16 Cr. 643 (NRB) (S.D.N.Y. 2017); the Hon. Gregory H. Woods *United States v. Griffin*, No. 16 Cr. 656 (GHW); and the Hon. Vernon S. Broderick in *United States v. Allums*, No. 15 Cr. 153 (S.D.N.Y. 2017); *see also United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("The Supreme Court has made it clear that the possession of a small quantity of drugs standing alone is insufficient to prove an intent to distribute. But, since the statute specifies no minimum amount, any amount of drugs, however small, will support a conviction when there is additional evidence of intent to distribute." (citations omitted)); *United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008) (testimony that defendant purchased drugs for recreational use and to share with friends was "direct evidence that [the defendant] engaged in distribution").

REQUEST NO. 34

Venue

In addition to proving the essential elements of each crime beyond a reasonable doubt, the Government must also establish, as to each charge, what is called "venue"—that is, that some act in furtherance of the charge you are considering occurred in the Southern District of New York. The Southern District of New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

Venue refers to the fact that the Government must prove that a charge was properly brought in this court as opposed to a different federal court. You'll determine the satisfaction of the venue requirement separately for each count.

Unlike the elements of the offenses that I have just discussed at length, each of which must be proved beyond a reasonable doubt, the Government is required to prove venue only by a preponderance of the evidence. A preponderance of the evidence means the greater weight of the evidence. To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. If you find that the Government failed to prove venue by a preponderance of the evidence as to any count, you must return a verdict of not guilty as to that count.

> Adapted from the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Lewis J. Liman in *United States v. Lawrence Ray*, 20 Cr. 110 (LJL); the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK); and the Honorable Charles S. Haight, Jr. in *United States v. Rogers*, 90 Cr. 377 (CSH) (S.D.N.Y. 1991).

REQUEST NO. 35

Dual Intent No Defense

[*If Applicable*]

During this trial, the defendant has contended that his actions were motivated by considerations that were not unlawful. However, even if true, it is not a defense to any count that the defendant may have been motivated by both proper and improper motives. A defendant may be found to have the requisite intent even if he possesses a dual intent—that is, an unlawful intent and also partly a proper or neutral intent.

> Adapted from the charges of the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KAW); the Hon. Lewis A. Kaplan in *United States v. Gatto*, 17 Cr. 686 (LAK); and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK); *see also United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability"); Sand, 3 Modern Federal Jury Instruction § 64.01 ("it is not necessary for the government to prove that engaging in prostitution was the sole purpose for crossing the state line.").

REQUEST NO. 36

Expert Witnesses

[*If Applicable*]

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

Adapted from the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Lewis L. Liman in *United States v. Ray*, 20 Cr. 110 (Apr. 5, 2022); the Hon. Richard J. Sullivan in *United States v. Brennerman*, No. 17 Cr. 337 (Dec. 6, 2017); and the Hon. J. Paul Oetken in *United States v. Middendorf*, 18 Cr. 36 (Feb. 1, 2022).

REQUEST NO. 37

Law Enforcement or Government Witnesses

[*If Applicable*]

You have heard the testimony of law enforcement or other Government witnesses. The fact that a witness may be employed as a law enforcement officer or Government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 7-16, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317; and the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK).

94

REQUEST NO. 38

Immunized Witnesses

[*If applicable*]

You have heard the testimony of witnesses who have testified under a grant of immunity from this Court. What this means is that the testimony of the witness may not be used against him or her in any criminal case, except a prosecution for perjury, giving a false statement or otherwise failing to comply with the immunity order of this court. You should not be concerned with why a witness received court-ordered immunity.

You are instructed that the Government is entitled to call, as a witness, a person who has been granted immunity by order of this court and that you may convict a defendant on the basis of such a witness's testimony alone, if you find that the testimony proves the defendant guilty beyond a reasonable doubt.

The mere fact that a witness may have participated in criminal conduct and been immunized does not mean that the witness has or has not told the truth. Your sole concern is whether a witness has given truthful testimony in this courtroom before you. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you may still accept his or her testimony in other parts. That is a determination entirely for you, the jury.

> Adapted from Sand *et al*., *Modern Federal Jury Instructions*, Instr. 7-8, and the charges given by the Hon. Lorna G. Schofield in *United States v. Calk*, No. 19 Cr. 366 (LGS), the Hon. Analisa Torres in *United States v. Shea*, 20 Cr. 412 (AT).

95

REQUEST NO. 39

Preparation of Witnesses

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

> Adapted from the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS), and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK).

REQUEST NO. 40

Particular Investigative Techniques

[*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means. While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques. The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 4-4, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Edgardo Ramos in *United States v. Blakstad*, 19 Cr. 486 (ER); the Hon. Nelson S. Román in *United States v. King*, 21 Cr. 255 (NSR); the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); and the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (VEC).

REQUEST NO. 41

Use of Evidence Obtained Pursuant to Searches and Seizures

[*If Applicable*]

You have heard testimony about evidence seized in connection with certain searches or seizures conducted by law enforcement officers, and in particular, of electronic evidence obtained pursuant to court-approved search warrants. I instruct you that all of the evidence in this case, including evidence obtained pursuant to searches, was lawfully obtained, that no one's rights were violated, and that the Government's use of this evidence is entirely lawful. Whether you approve or disapprove of the uses of searches to obtain evidence, should not enter into your deliberations, because I instruct you that the Government's use of this evidence is entirely lawful. Therefore, you must give this evidence your full consideration, along with all the other evidence in the case, as you determine whether the Government has proven each defendant's guilt beyond a reasonable doubt.

> Adapted from the charges given by the Hon. Edgardo Ramos in *United States v. Blakstad*, 19 Cr. 486 (ER); the Hon. Nelson S. Román in *United States v. Rains*, 22 Cr. 18-02 (NSR); the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK).

REQUEST NO. 42

Charts and Summaries: Admitted as Evidence

[*If Applicable*]

Some of the exhibits that were admitted into evidence were in the form of summary charts or summaries. I decided to admit these charts or summaries to save time and avoid unnecessary inconvenience. You are to give no greater consideration to the summaries than you would give to the evidence upon which they are based. It is for you, the jury, to determine whether the summary charts fairly and accurately summarize the underlying evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-1, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Lewis A. Kaplan in *United States v. Dumitru*, 18 Cr. 243 (Nov. 6, 2018), and the Hon. Jesse M. Furman in *United States v. Avenatti*, No. 19 Cr. 374 (Feb. 1, 2022).
> .

REQUEST NO. 43

Charts and Summaries: Not Admitted as Evidence

[*If Applicable*]

There have also been charts and exhibits introduced merely as analyses of testimony and documents in the case. They are graphic demonstrations of certain underlying evidence. It is the underlying evidence and the weight that you attribute to it that gives value and significance to these charts. They are not, however, evidence in themselves and will not be available to you in the jury room. You may consider these aids if you find them useful in assessing the evidence or testimony. To the extent that the charts conform to what you determine the underlying facts to be, you should accept them. To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-13, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); and the Hon. Richard J. Sullivan in *United States v. Peirce*, 06 Cr. 1032 (RJS).

100

REQUEST NO. 44

Stipulations of Testimony

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony. A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect to be given that testimony.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-7, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Edgardo Ramos in *United States v. Blakstad*, 19 Cr. 486 (ER); the Hon. Lewis A. Kaplan in *United States v. Blaszczak*, 17 Cr. 357 (LAK); and the Hon. Valerie E. Caproni in *United States v. Calypso,* 17 Cr. 224 (VEC).

REQUEST NO. 45

Stipulations of Fact

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact. A stipulation of fact is an agreement between the parties that a certain fact is true. You must regard such agreed-upon facts as true. It is for you, however, to determine the effect to be given to any stipulated fact.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-6, and the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS), the Hon. Edgardo Ramos in *United States v. Blakstad*, 19 Cr. 486 (ER), the Hon. Nelson S. Román in *United States v. Rains*, 22 Cr. 18-02 (NSR), and the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (VEC).

REQUEST NO. 46

Redaction of Evidentiary Items

[*If Applicable*]

Among the exhibits received in evidence, there are some documents that are redacted. "Redacted" means that part of the document was taken out or covered over. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted or covered up.

> Adapted from the charges given by the Hon. Edgardo Ramos in *United States v. Almaleh and Iotova*, 17 Cr. 25 (ER); the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); and the Hon. Valerie E. Caproni in *United States v. Calypso*, 17 Cr. 224 (VEC).

REQUEST NO. 47

Pseudonyms

As you know, certain witnesses have been permitted to testify and be referred to in open court by a pseudonym. As I explained to you in my preliminary instructions before opening statements, this process is to protect the privacy of witnesses. I instruct you again that this process should not bear in any way on your evaluation of the evidence or credibility of any witness in this case.

Adapted from the charges of the Hon. Richard M. Berman in
*United States v. Hadden*, S2 20 Cr. 468 (RMB); and the Hon.
Alison J. Nathan in *United States v. Maxwell*, 20 Cr. 330 (AJN).

REQUEST NO. 48

Persons Not on Trial

If you conclude that other persons may have been involved in criminal or other acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial. In addition, you may not speculate as to the reasons why other persons are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

Adapted from the charges given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Kimba M. Wood in *United States v. Cespedes-Pena*, 14 Cr. 520 (KMW); and the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK); *see also United States v. Muse*, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at *22 (S.D.N.Y. July 3, 2017).

105

REQUEST NO. 49

Character Witnesses

[*If Applicable*]

The defendant has called witnesses who have given their opinion of his character or reputation. This testimony is not to be taken as the witness's opinion as to whether the defendant is guilty or not guilty. That question is for you alone to determine. You should, however, consider this evidence together with all the other facts and evidence in the case in determining whether the defendant is guilty or not guilty of the charges.

Accordingly, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you find a reasonable doubt has been created, you must acquit. On the other hand, if after considering all the evidence including the testimony regarding the witness's opinion of the defendant's character or reputation, you are satisfied beyond a reasonable doubt that the defendant is guilty, you should not acquit the defendant merely because you believe the defendant, or the witness believes the defendant, to be a person of good character or to have a good reputation.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-15; *see United States v. Pujana-Mena*, 949 F.2d 24, 27-32 (2d Cir. 1991) (criticizing instruction that character evidence "standing alone" is enough for acquittal as "potentially misleading and confusing").

106

REQUEST NO. 50

Uncalled Witnesses: Equally Available or Unavailable

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

> Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 6-7, and the charges of the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS); the Hon. Lewis A. Kaplan in *United States v. Ash*, 19 Cr. 780 (LAK); and the Hon. Analisa Torres in *United States v. Shea*, 20 Cr. 412 (AT); *see United States v. Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States v. Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

REQUEST NO. 51

Defendant's Testimony

[*Requested Only If the Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

In this case, the defendant did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any witness.

> Adapted from the charges given by the Hon. Kimba M. Wood in *United States v. Skelos*, 15 Cr. 317 (KMW); *see also United States v. Brutus*, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charges when a defendant testifies); *United States v. Solano*, 966 F.3d 184 (2d Cir. 2020) (citing cases regarding appropriate charges when a defendant testifies).

REQUEST NO. 52

Defendant's Right Not to Testify

[*If Requested by the Defendant*]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he or she is innocent.

You may not speculate as to why the defendant did not testify. There are many reasons why a defendant may decide not to testify. You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations.

Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 5-21, and the charge given by the Hon. Arun Subramanian in *United States v. Eisenberg*, 23 Cr. 10 (AS).

109

## Conclusion

Your function now is to weigh the evidence in this case and to determine whether the prosecution has proven the defendant guilty beyond a reasonable doubt with respect to each count in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to the defendant on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your

110

deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here. Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

You are free to select any foreperson you like. The foreperson will preside over your deliberations, and will be your spokesperson here in court. That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you. Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Adapted from the charge given by the Hon. Kimba M. Wood in
*United States v. Cespedes-Pena*, 14 Cr. 520 (KMW).

\* \* \*

111

The Government respectfully reserves the right to submit additional or modified requests

at or near the close of evidence.

Dated: New York, New York
April 25, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s/
Maurene Comey / Meredith Foster
Emily A. Johnson / Christy Slavik
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

112