U.S. Department of Justice

United States Attorney
Southern District of New York

26 Federal Plaza, 37th Floor
New York, New York 10278

April 25, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

The Government respectfully submits its opposition to the defendant's April 23, 2025 letter seeking exclusion of evidence, or in the alternative, a continuance based on the Government's April 20, 2025 third supplemental enterprise letter (the "April 20 Letter"). The defendant's request is yet another pretextual attempt to exclude powerful evidence against him without a proper legal basis. The April 20 Letter does little more than ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The discovery relating to these Freak Offs was produced months ago, and the defendant now has the benefit of the Government's exhibits relating to these Freaks Offs as well. Although the Government provided supplemental notice of the evidence as it relates to Count One, there can be no reasonable dispute that regardless of whether it was offered as proof of that count, it is direct, admissible evidence of Counts Two and Four— the sex trafficking counts, which require no notice beyond what is charged in the Indictment.[1] Indeed the Government noted as much in the April 20 Letter. The Government should not be penalized for its efforts to provide additional notice to the defense with respect to Count One notwithstanding that it is under no legal obligation to detail its evidence with respect to the other counts of the Indictment. Likewise, the defendant's constructive amendment argument is meritless: Count One alleges a decades-long pattern of racketeering activity to which the defendant agreed, rather than any particular acts it is required to prove. The defendant's motion should be summarily denied.

**A.   Background**

Pursuant to the Court's scheduling order, (Dkt. 125), the Government provided the defendant with a 16-page enterprise letter on February 1, 2025 that outlined ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ charged in Count One of the S1 Indictment (the "February 1 Letter"), including sex trafficking and forced labor. *See* Ex. A. Among other acts, the February 1 Letter provided the defendant with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. A ¶¶ 8, 16. Despite

---

[1] Some of this evidence would also be admissible to prove the Mann Act offenses in Counts Three and Five.

the defendant's protestations to the contrary, (Def. Ltr. 1, 3), the Government identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Ex. A. ¶ 9.

On March 6, 2025, the grand jury returned the S2 Indictment, containing additional allegations as to the means and methods of the racketeering enterprise related to forced labor, and on March 10, 2025, the Government supplemented its enterprise letter (the "March 10 Letter"). See Ex. B. The March 10 Letter detailed some of the means and methods ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, see Ex. B ¶ 1-2, and it also identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, see id. ¶ 3.

Prior to the grand jury returning the S3 Indictment on April 4, 2025, the Government supplemented its enterprise letter on March 26, 2025 (the "March 26 Letter"), principally with the details it learned on March 24, 2025 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Ex. C. ¶ 1. The March 26 Letter also identified ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See Ex. C ¶ 2. The March 26 Letter also detailed some of the means and methods used to obtain ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Id. ¶ 4.

The April 20 Letter, which the Government previewed at the April 18, 2025 conference, identified additional ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ act. See Def. Ltr. Ex. A ¶¶ 1-2. The April 20 Letter also detailed some of the means and methods ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. See id. ¶ 5.

### B. There Is No Legal Basis To Exclude Direct Evidence of the Defendant's Sex Trafficking of Victim-1 and Victim-2

As expressly noted in the April 20 Letter, the additional identified ▓▓▓▓▓▓▓▓▓▓ forming the gravamen of the defendant's motion are direct evidence of the S3 Indictment's substantive sex trafficking counts. Def. Ltr. Ex. A. 2 n.1, 3 n.2. Specifically, the S3 Indictment alleges sex trafficking by force, fraud, or coercion with respect to Victim-1 from in or about 2009, up to and including in or about 2018, and with respect to Victim-2 from in or about 2021, up to and including in or about 2024. S3 Indictment ¶¶ 17, 19. In short, these two counts each allege a continuous course of sex trafficking conduct over a period of years and, on their face, provide sufficient notice to the defendant of the charges against him. An indictment must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), meaning that an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Tramunti*, 513 F.2d 1087, 1113 (2d Cir. 1975). No further particularity is required in the charging instrument for Counts Two and Four. *See United States v. Maxwell*, 534 F. Supp.

3d 299, 318 (S.D.N.Y. 2021) (denying bill of particulars motion for Mann Act counts where indictment set out elements of each crime and described time and place of charged conduct).

As the Government prepared its exhibits and summary charts for trial, based on discovery provided to the defendant months ago, it identified ███████████████████████████████████████. And although no specific notice is required as to Counts Two and Four of the Indictment, because sex trafficking is also charged as a racketeering predicate in Count One, the Government supplemented the enterprise letter with ████████████████████████ provided on April 20, 2024.[3] To be clear, ████████████████ provided in the April 20 Letter were not, as the defendant surmises, a result of the Government's access to relevant witnesses. Rather, ███████████████ were identified through the Government's manual review of records that the Government had long ago provided to the defendant in discovery, primarily consisting of text messages, phone records, travel records, hotel records, and media contained in cellphones and cloud accounts.[4] This type of labor intensive review is required to identify ██████████████████████████ because, as the defendant is well aware from the discovery, ████████████████████████████████████████████. Moreover, as made clear in the Government's 3500 materials, victims struggle to recall precise dates, particularly when such abuse occurred as a years-long pattern. Far from making the defendant's trial preparation more difficult, though, the April 20 Letter actually provides the defendant with the kind of specifics ██████████████████ that streamline review of the evidence.

The defendant has provided no legal basis aside from the Court's inherent authority to exclude the ████████████████████ of potential predicate acts of sex trafficking for Count One. That argument should be swiftly rejected where, as described above, the ███████████ will also be presented as direct evidence of the substantive sex trafficking counts. It will be far more confusing to explain to the jury that it can consider certain ████ as evidence of a substantive count but not as evidence of predicate racketeering activity. *See* Fed. R. Evid. 403. The defendant's motion should thus be denied.

### C. The April 20 Letter Did Not Constructively Amend the Indictment

The defendant's claim that the April 20 Letter serves as a constructive amendment of the indictment should be swiftly rejected. *See United States v. Blondet*, No. 16 Cr. 387 (JMF), 2022

---

[3] Whereas an "enterprise letter" is a practice in this District where the Government provides notice of particular racketeering acts it intends to introduce at trial that form a pattern of racketeering activity, *see United States v. Sierra*, No. 11 Cr. 1032 (PAE), 2012 WL 2866417, at *8 (S.D.N.Y. July 11, 2012), a count like sex trafficking need describe only "the time and place of charged conduct," as the "details are subject to proof at trial," *Maxwell*, 534 F. Supp. 3d at 318.

[4] The vast majority of subpoena returns were produced to the defendant on November 4, 2024; the Government has promptly produced to the defense the additional subpoena returns that it received following that date. Electronically stored information in the form of electronic devices and cloud accounts was produced to the defendant on a rolling basis from October 7, 2024 until December 31, 2024. The Government also made supplemental productions of material from Victim-2's cloud account following the return of superseding indictments.

WL 507698, at *1 (S.D.N.Y. Feb. 18, 2022) (denying motion to preclude evidence of acts in Government's enterprise letter as constructive amendment of indictment). The object of Count One is "to conduct and participate, directly and indirectly, in the conduct of the affairs of the Combs Enterprise through a pattern of racketeering activity," S3 Indictment ¶ 13—not to commit discrete predicate acts. *See United States v. Pizzonia*, 577 F.3d 455, 462-63 (2d Cir. 2009). Although the jury must find the types of predicate racketeering acts that the defendant agreed to commit, it need not find that any particular act was in fact committed. *See United States v. Applins*, 637 F.3d 59, 82 (2d Cir. 2011); *see also United States v. Torres*, 124 F.4th 84, 102 (2d Cir. 2024) (denying constructive amendment claim, noting Government need only prove that defendant agreed with others to participate in the conduct of the affairs of the enterprise and agreed that the conduct of the affairs of the enterprise would include the predicate racketeering acts alleged). Allowing proof of acts detailed in the April 20 Letter would thus not constructively amend the S3 Indictment, which alleges that the racketeering activity contemplated by the conspiracy included "multiple acts indictable under Title 18, United States Code, Sections 1589 and 2 (forced labor)" and "multiple acts indictable under Title 18, United States Code, Sections 1591 and 2 (related to sex trafficking)." *See Blondet*, 2022 WL 507698, at *1.

\*     \*     \*

The defendant's letter motion is a transparent attempt to narrow the scope of the proof against him at trial by any means necessary, and to yet again make a last-ditch effort to secure an adjournment of trial. The Court should deny the motion.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record