

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

April 28, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write on behalf of Sean Combs to respond to the government's post-argument sur-reply, dated April 23, 2025, in which the government, among other things, urged the Court to admit Dr. Hughes's opinions regarding "coping strategies," and to request that the Court reconsider its April 25, 2025 ruling as to that portion of Hughes's proffered opinion.

    Hughes's testimony on "coping strategies" is not admissible under Rule 702 because it will not help the jury determine the truth as to any issue in this case or explain any matter beyond the jury's ken. Instead, Hughes will make obvious points—basically, "some people do this, some people do that"—without any semblance of scientific precision. No similar testimony on "coping strategies" was discussed or admitted in either case the Court referenced in its April 25 ruling as supporting the admission of Hughes's testimony on delayed disclosure and memory, *United States v. Ray*, 2022 WL 101911 (S.D.N.Y. Jan. 11, 2022), and *United States v. Young*, 623 F. App'x 863 (9th Cir. 2015). The government's renewed request to open the gate to such testimony will merely allow prosecutors to cast their preferred fact pattern in a jargon-heavy pseudo-scientific veneer and then argue that Combs is guilty because the alleged victims acted consistently with Hughes's opinion. Jurors don't need this, fairness counsels against it, and the Rules of Evidence do not permit it.

    For example, the government expects several alleged victims to testify that they consumed narcotics "to minimize the emotional, physical, and psychological pain of participating in FOs." Gov. Ltr. 1-2. Hughes will bolster this testimony by explaining that "[v]ictims may … seek to numb and minimize painful sexual and abusive experiences through the use of substances, such as drugs and alcohol." Hughes Disclosure 4. No juror capable of finding their way to 500 Pearl Street needs an expert to explain that some people consume alcohol to numb painful experiences, including painful sexual experiences. Jurors also understand that some people who enjoy partying use substances for pleasure and that others may do so because they have long-term habits. Having an "expert" explain these basic facts of life adds nothing useful to the trial record. Similarly, the jury doesn't need Hughes to explain that "[c]ommonly, victims experience a sense of mental defeat upon realizing they are unable to

Page 2

Hon. Arun Subramanian
April 28, 2025

prevent the abuse or its continuation and esacalation." *Id.* None of this makes any fact in the case more or less likely. Instead, it just gives the jury buzz words for everyday experiences that require no expert explication, while allowing the jury to equate lack of action with victimhood and hence with the alleged perpetrator's guilt. These opinions—supposedly neutral, but in reality giving the government a pseudo-scientific basis for what would ordinarily be jury arguments—fail both Rule 702 and Rule 403, which plays a "uniquely important role … in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in jury deliberations." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) .

Similarly inappropriate is Hughes's opinion that "[v]ictims often fall back on ingrained responses to power in order to stay safe, such as attempting to please or placate the abuser, bargaining with the perpetrator, compliance with demands and expectations, and/or remaining silent." *Id.* Hearing Hughes's opinion on this point adds nothing to the jury's store of relevant information—it just puts a thumb on the scale. It suggests that anyone who tries to please or placate a romantic partner, or submits to another's expectations, may have been abused. It improperly promotes an image of victimhood as the context through which the jury should filter the evidence.

Equally if not even more problematic is Hughes's opinions that "[w]hile most victims use some form of verbal response to communicate non-consent," certain "common" "behavioral responses" such as "engaging in polite resistance, and attempts to persuade, deflect, or convince the perpetrator to stop" may "communicate lack of consent." *Id.* These opinions confuse the issues and will mislead the jury. The issue in this case is coercion, but Hughes's injection of "consent"—a classic legal term, which has branched into many aspects of popular culture—is liable to confuse the jury about the legal standard to be applied. Indeed, during a recent meet and confer the government expressed plans to move to preclude the defense from posing questions about "consent" to witnesses, taking the position that the word would mislead the jury.[1] The jury will be instructed on coercion and should apply those instructions, and those instructions alone, to determine whether the victims' will was overborne.

At the April 18, 2025 conference, the Court expressed skepticism about Hughes's proposed testimony concerning coping strategies. Tr. 27-30. That skepticism was well-founded. Hughes's general testimony on "coping strategies" is not admissible expert opinion and should be excluded.

---

[1] To be clear, whether victims in fact willingly participated in the alleged criminal acts is relevant and admissible evidence, and will be the subject of defense questioning. The same is true of evidence that purported conspirators and other witnesses believed the alleged victims chose to participate in the activity. But what is not helpful or admissible is pseudo-expert testimony about what consent might or might not look like, or how it might be communicated.

Hon. Arun Subramanian
April 28, 2025

                    Respectfully submitted,

                    /s/ Alexandra A.E. Shapiro
                    Alexandra A.E. Shapiro
                    Jason A. Driscoll
                    SHAPIRO ARATO BACH LLP
                    1140 Avenue of the Americas, 17th Fl.
                    New York, NY 10036
                    (212) 257-4880
                    ashapiro@shapiroarato.com
                    jdriscoll@shapiroarato.com

                    Marc Agnifilo
                    Teny Geragos
                    AGNIFILO INTRATER
                    445 Park Ave., 7th Fl.
                    New York, NY 10022
                    646-205-4350
                    marc@agilawgroup.com
                    teny@agilawgroup.com

                    Anna Estevao
                    SHER TREMONTE LLP
                    90 Broad St., 23rd Fl.
                    New York, NY 10004
                    (212) 202-2600
                    aestevao@shertremonte.com