

*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*26 Federal Plaza, 37th Floor
New York, New York 10278*

April 28, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully writes to address the Court's question at the April 25, 2025 conference regarding the Government's motion *in limine* to preclude any testimony or other evidence of consensual sexual encounters between the defendant and persons who are not victims in this case (the "Victims"). For the reasons detailed below, the Government respectfully requests that the Court preclude any such testimony as irrelevant and based on a substantial likelihood of juror confusion. If the Court is inclined to admit such testimony, the Government respectfully requests that it be appropriately limited and that the Court provide a limiting instruction to the jury.

    **I.**    **Background**

    On April 2, 2025, the Government moved *in limine* to preclude the defendant from offering evidence of his consensual sexual encounters, including sexual encounters similar in kind to Freaks Offs, with women other than the Victims. (Dkt. 260 (the "Motion") at 54-57). On April 12, 2025, the defendant opposed the Motion on the basis that certain potential evidence on this topic "is probative and admissible because it will be offered to negate the government's RICO allegation." (Dkt. 265 at 18-20). At the April 25, 2025 conference, the Court identified a sole proper basis for the admission of this evidence: "that the evidence would . . . tend to disprove any culpable knowledge or intent on the part of other members of the alleged RICO conspiracy and make less likely the existence of any RICO enterprise that engaged in a pervasive continuing pattern of abuse." (April 25 Tr. at 18-19 (citing Dkt. 265 at 20)). The Court ruled that the defendant may be permitted to admit exhibits on this basis, as long as the defendant identified such exhibits for the Government in advance to allow for specific objections to the exhibits to be litigated. (April 25 Tr. at 25). The Court further requested a supplemental letter from the Government concerning testimony—as opposed to exhibits—regarding these consensual encounters. (April 25, 2025 Tr. at 22).[1]

---

[1] The Court also invited the Government to submit a letter regarding its opposition to the defendant's motion to preclude evidence of Victim-3's medical procedures. The Government no

## II.     Applicable Law

In determining whether to admit "good acts" evidence offered by a defendant to prove his innocence, courts apply the rules set out in Federal Rule of Evidence 404. *See United States v. Dawkins*, 999 F.3d 767, 792 (2d Cir. 2021); *see United States v. Mustafa*, 753 F. App'x 22, 38 (2d Cir. 2018). Pursuant to that rule, such evidence is not admissible "to prove character as a basis for suggesting the inference that conduct on a particular occasion was in conformity with it" but "may be offered for another purpose." *United States v. Quattrone*, 441 F.3d 153, 191 (2d Cir. 2006). However, even where "good acts" evidence serves a non-propensity purpose, "a district court may exclude evidence of a defendant's prior good acts," pursuant to Rule 403 "if it finds that any minimal probative value of such evidence is outweighed by the likelihood of jury confusion and the risk of jury nullification." *United States v. Bankman-Fried*, No. S6 22-CR-0673 (LAK), 2023 WL 6283509, at *4 (S.D.N.Y. Sept. 26, 2023) (citation omitted). "The court abuses its discretion if [404(b)] evidence is not sufficiently similar to the charged conduct or if the chain of inferences necessary to connect [the] evidence with the ultimate fact to be proved [is] unduly long." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (citation omitted). Furthermore, if admitted, "[a]s a protection against unfair prejudice, the court must instruct the jury that it may use the 404(b) evidence only for the purposes for which it was offered and not as an indication of criminal propensity." *United States v. Walker*, 24 F. App'x 57, 61 (2d Cir. 2001).

## III.    Discussion

In opposition to the Motion, the defendant acknowledges that "[g]ood acts evidence" such as other consensual sexual acts of the defendant "is usually not admissible because its relevance normally turns on impermissible propensity inferences that Rule 404(b)(1) prohibits." (Dkt. 265 at 19). However, the defendant nevertheless contends that, here, evidence of the defendant's prior sexual encounters should be admitted on the basis that it may be relevant to the knowledge of members of the racketeering enterprise of the defendant's abuse of the Victims. (*Id.* at 19-20). The Government strongly disagrees.

The Government does not intend to argue at trial that the Combs Enterprise engaged in a pattern of ceaseless criminal conduct or that members of the enterprise only facilitated nonconsensual encounters. *See United States v. Rivera*, No. 13-CR-149 KAM, 2015 WL 1725991, at *2 (E.D.N.Y. Apr. 15, 2015) (refusing to admit evidence of good conduct where "the defendants are not charged with 'ceaseless' criminal activity, but rather with racketeering and racketeering conspiracy, and specific acts and a pattern of criminal conduct, including drug trafficking, sex trafficking, murder, firearms of offenses"). In fact, to the contrary, the Government expects certain of the Victims to testify that co-conspirators, at times, facilitated *both* consensual and nonconsensual Freak Offs involving themselves and the defendant. Accordingly, testimony that co-conspirators may have facilitated certain other consensual encounters is, at best, minimally relevant and is not "probative of [a] key issue during trial." *United States v. Damti*, 109 F. App'x

---

longer plans to elicit testimony at trial regarding Victim-3's medical procedures. As a result, no *voir dire* question on this topic is needed and the defendant's motion on that topic is moot.

454, 456 (2d Cir. 2004) (precluding good acts evidence on this basis where "[t]he Government did not allege to the jury that the defendants engaged in 'ceaseless' criminal conduct, that 'all' of the defendants' customers were defrauded, or that the defendants' business was 'permeated with fraud'").

Moreover, presenting evidence of consensual sex acts between the defendant and persons other than the Victims only to demonstrate a co-conspirators' lack of knowledge or intent has a very high risk of juror confusion. Such testimony would introduce entirely new individuals to the jury, potentially result in minitrials on issues of whether these women were actually consenting, and would risk confusing the jury as to the scope of the Government's theory at trial. It would also provide a backdoor for the type of "good acts" propensity evidence that courts routinely preclude. *See, e.g.*, *United States v. Chambers*, 800 F. App'x 43, 46 (2d Cir. 2020) ("A single occurrence of lawful conduct is simply irrelevant to other occurrences of unlawful conduct."). Accordingly, such evidence—whether presented in exhibits or through testimony—should be precluded in its entirety.

To the extent the Court declines to preclude this evidence, the Court should take special precaution to ensure that evidence is only admitted for the purpose for which the defendant claims it is being offered and does not violate Rule 403. *First,* testimony regarding the defendant's consensual sexual encounters is only arguably relevant to the knowledge and intent of members of the Combs Enterprise if the sexual encounters were ones that members of the Combs Enterprise actually helped to facilitate and those members were aware of their consensual nature. Accordingly, the Court should prevent the defendant from eliciting testimony about sexual encounters with persons other than the Victims that members of the Combs Enterprise did not help facilitate or where members of the Combs Enterprise were not aware of whether they were consensual or nonconsensual. *See Rivera*, 2015 WL 1725991, at *2 ("[E]vidence of good conduct that does not refute evidence of the offense charged will not be admitted."). *Second*, the Court should preclude the defendant from eliciting any testimony regarding consensual sexual acts that the defendant had with persons other than the Victims that are not similar in kind to the Freak Offs or sex parties that the Victims were forced to engage in with the defendant. Such "evidence is not sufficiently similar to the charged conduct" and "the chain of inferences necessary to connect [the] evidence with the ultimate fact to be proved [is] unduly long." *Curley*, 639 F.3d at 57. *Third*, to the extent the defendant intends to inquire of any witness about any of the defendant's consensual sexual encounters, the Court should require the defendant to inform the Court and the Government of its intention to do so in advance of that witness's testimony or cross-examination, as the Court has already mandated with respect to exhibits. (April 25 Tr. at 24); *see United States v. Dimora*, 843 F. Supp. 2d 799, 840 (N.D. Ohio 2012) (requiring defendants to "seek leave before offering 'reverse 404(b)' evidence").

Finally, if the defendant elicits any testimony on this topic, the Court should issue an appropriate limiting instruction. That limiting instruction should clarify that such evidence is being offered only to rebut a claim regarding the knowledge and intent of the defendant's co-conspirators and that jurors should not infer that because the defendant engaged in some consensual sexual encounters, other of the defendant's sexual encounters must have also been consensual. *See Walker*, 24 F. App'x at 61. In order to avoid juror confusion, the Government

would also respectfully request that the Court make clear to the jury that it is not the Government's theory that those specific encounters were nonconsensual.

\*     \*     \*

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:     Counsel of record