

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

April 29, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We write on behalf of defendant Sean Combs to respond to the government's April 28, 2025 letter regarding its motion *in limine* to preclude any testimony or other evidence of consensual sexual encounters between the defendant and persons who are not victims in this case. *See* Dkt.302. The government's letter raises no new arguments or issues for the Court to resolve that were not briefed in connection with the original motion. *See* Dkts. 260 at 54-57, 265 at 18-21. The Court should maintain its original ruling that the defense "has articulated a basis for the admission of this evidence," 4/25/25 Tr.19, and deny the government's motion.

      Regardless of whether the government "strongly disagrees," Dkt.302 at 2, with the clear logic supporting the admission of this evidence, the evidence is probative. The government simply repeats its prior argument that "standard black letter law" renders "this type of evidence … inadmissible." 4/25/25 Tr.20. But the government ignores the exceptions to that law, including that prior good acts are admissible where they "undermine the underlying theory of [the] criminal prosecution." *United States v. James*, 607 F. Supp. 3d 246, 257 (E.D.N.Y. 2022) (quoting *United States v. Balboa*, 2013 WL 6196606, at *3 (S.D.N.Y. Nov. 27, 2013) (citing *United States v. Damti*, 109 F. App'x 454, 455-56 (2d Cir. 2004))); *United States v. Santos*, 201 F.3d 953, 962 (7th Cir. 2000) ("good acts" evidence is relevant when it "cast[s] doubt on the government's theory").

      This principle applies with particular force in a RICO case, where "evidence of uncharged … acts"—which might normally be excluded—is admissible "as background and to prove the existence of a racketeering enterprise and a pattern of racketeering activity." Dkt.215 at 12-13 (Gov't brief). Just as the government in a RICO case can make use of prior acts, the opposite is also true: Evidence may be probative if it rebuts the government's theory that conduct proves a racketeering conspiracy. In other words, this evidence may be direct evidence rebutting the charges.

Page 2

Hon. Arun Subramanian
April 29, 2025

And the evidence may also be admissible under the exceptions provided in Rule 404(b). As the Court explained during the April 25 conference, the proffered evidence satisfies these tests:

> [T]he defense is arguing that certain evidence of consensual encounters would undermine any inference of knowledge or intent especially on the part of other members of the alleged RICO conspiracy and the enterprise, because it would show that perhaps they weren't members of the conspiracy; there was no agreement, they didn't have knowledge, and that's reflected in the fact that there was numerous events, some of which the government alleges had a criminal bent and some of which the government is not taking that position. And so if you have that kind of constellation of events, it may, in fact, be relevant that there were many events that were consensual in nature.

4/25/25 Tr.20.  That is precisely right.

The government says "certain of the Victims [will] testify that co-conspirators, at times, facilitated both consensual and nonconsensual Freak Offs involving themselves and the defendant." Dkt.302 at 2.  It claims evidence of consensual encounters is "minimally relevant," and not "probative of [a] key issue," but that is incorrect. *Id.*  The government must prove that the Mr. Combs conspired with others "to conduct or participate … in the conduct of [an] enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. 1962(d) & (c).  If the vast majority of the alleged Freak Offs and other sexual encounters were consensual—and that is what these alleged conspirators believed—that would obviously negate a "key" element the government must prove.

Moreover, evidence that certain sexual encounters were consensual—and that employees of the Combs's Business understood the same—also supplies important context for the jury to weigh the government's other evidence and arguments and may even disprove those arguments. For example, the government will argue that setting up a hotel room in a certain way or needing to clean up after Combs meant that employees facilitating the activity knew something unlawful was afoot.  It will argue that certain items of evidence—such as baby oil, drugs, or other supplies—were synonymous with sexual encounters everyone understood were criminal.  But these conclusions do not follow if the employees understood their efforts to be directed at consensual activity, or if the consensual and alleged nonconsensual activity appeared—at least from their perspective—to look the same.

Rule 403 also does not preclude the evidence.  The government thinks the jury will be confused by evidence that employees understood certain sexual encounters were consensual, but that is not a serious argument.  The jury will be perfectly capable of understanding the evidence and separating the conduct from the conduct the government claims is criminal.  It will not, in other words, "risk confusing the jury as to the scope of the Government's theory at trial." Dkt.302 at 3.  Nor will the evidence sound in "propensity" evidence, as the briefing has already

Page 3

Hon. Arun Subramanian
April 29, 2025

made clear. Rather, the evidence is probative through a straightforward chain of inferences that the jury will understand.

      As for the government's request for advance notice by the defense, that is nowhere required in the rules. Rule 404(b) requires notice only from the "prosecutor." The government cites a single case, but that court ruled that notice was required only because it ruled that the "evidence w[ould] not be permitted unless the government offer[ed] a theory of the case for which such evidence would serve to negate criminal liability." *United States v. Dimora*, 843 F. Supp. 2d 799, 840 (N.D. Ohio 2012). As another court observed, "there is no authority supporting the government's request" for advance notice. *United States v. Warner*, 396 F. Supp. 2d 924, 942 (N.D. Ill. 2005).

      Respectfully submitted,

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
aestevao@shertremonte.com