# AGNIFILO
# INTRATER

April 30, 2025

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We respectfully write this joint letter following the parties' proposed *voir dire* requests from the government and the defense (ECF Nos. 272, 274). The parties have met and conferred and note their agreements and disputes below.

**Defense's Position**

The defense has no objections to the government's proposed questions nos. 1–2, 4–20, 25–26, 30–31, 33, 35–37, and 40–41.[1]   The defense requests the following changes to the Government's Proposed Examination of Jurors (Dkt. 274):

> A.   Proposed Modifications to the Government's *Voir Dire*

Government's Proposed Section A, The Charges:   The defense respectfully requests that this section be modified to read "the Summary of the Case" that is in the court's questionnaire at pages 1-2.

Government's Proposed Question 3:   The defense objects to the first sentence of this question, which reads, "It is not a particularly pleasant duty to find another individual guilty of committing a crime."   The defense respectfully requests that this sentence not be read. The government consents to this request.

The parties have agreed to rephrase the entirety of this question to read: "If the evidence proved a defendant's guilt beyond a reasonable doubt, would you have any difficulty returning a guilty verdict? And if the evidence failed to prove a defendant's guilt beyond a reasonable doubt, would you have any difficulty returning a not guilty verdict?"

Government's Proposed Question 21:   The defense objects to the first sentence of this question, which reads, "You may hear evidence in this case relating to acts of violence, including intimate partner violence and other assaults."   The defense respectfully requests that this sentence be modified to read, "You may hear evidence in this case relating to allegations of acts of violence, including intimate partner violence and other assaults." The government consents to this request.

---

[1] As indicated in the Government's April 28, 2025 letter, the Court need not include Government Proposed Question 24 or Defense Proposed Question 23.

Hon. Arun Subramanian
April 30, 2025

Government's Proposed Question 22:    The defense objects to the first sentence of this question, which reads, "You may hear evidence in this case relating to sexual assault, including rape."  The defense respectfully requests that this sentence be modified to include "allegations of" mirroring the defense's proposal to Question 21.  The government consents to this request.

Government's Proposed Question 23:    The defense objects to the first sentence of this question, which reads, "You may hear evidence in this case relating to the payment of commercial sex workers in exchange for sex."  The defense respectfully requests that this sentence be modified to read, "You may hear evidence in this case relating to allegations of payments to commercial sex workers in exchange for sex." The government consents to this request.

Government's Proposed Question 29:    The defense objects to the sentence of this question reading, "These searches were perfectly legal."  The defense respectfully requests that this sentence be modified to read, "These searches were lawful."  The government consents to this request.

Government's Proposed Question 32:    The defense objects to the inclusion of the word "merely" in the third and fourth sentences of this question. The defense respectfully requests that the sentences be modified to read, "Would you be more likely to believe a witness solely because she testified under a different name? Would you be less likely to believe a witness solely because she testified under a different name?" The government consents to this request.

Government's Proposed Question 34:    The defense objects to this question, which reads, "Would you be unable to follow my instructions that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?"  The defense respectfully requests that this be modified to remove the double negative and instead read, "Would you be able to follow my instruction that the Government is not required to use any particular investigative technique uncovering evidence of or prosecuting a crime?" The government consents to this request.

Government's Proposed Question 38:  The defense requests that these questions are asked at the beginning of *voir dire*, rather than the end, similar to past *voir dire* that undersigned defense counsel has conducted. The government objects to this request.

Government's Proposed Question 39: The defense requests that the phrase "fellow members of the jury" be inserted before "members of your own family." The defense respectfully requests that this be modified to read "The rule about not discussing the case with others includes discussions even with fellow members of the jury, members of your own family, and your friends." The government consents to this request.

B.    Proposed Substitutions to the Government's Voir Dire

Government's Proposed Question 27:    The defense objects to this question, which reads, You may hear testimony from law enforcement officers and other law enforcement personnel. Would you have any difficulty assessing the credibility of a law enforcement witness just like you

Hon. Arun Subramanian
April 30, 2025

would any other witness?" The defense instead prefers the Defense's Proposed Question 28, which reads, "There is going to be testimony from law enforcement officers in this case. Would you find a law enforcement officer's testimony more credible or less credible than other witnesses?" The Government requests that its proposed formulation be adopted.

Government's Proposed Question 28:   The defense objects to this question, which reads, "You may hear testimony from witnesses who are alleged victims of sexual assault, sexual abuse, and/or sex trafficking. Would you have any difficulty assessing the credibility of such a witness just like you would any other witness?" The defense instead prefers the defense's Proposed Question 29, which reads, "You are also going to hear testimony from alleged victims in this case. Would you find the testimony of an alleged victim more credible or less credible than other witnesses?" The government requests that its proposed formulation be adopted.

C.      Proposed Modifications to the Defense's *Voir Dire*

In meet and confers with the government, the defense has agreed to modify their proposed *voir dire* questions. First, we agree to omitting defense proposed questions 12, 15 and 18(a)..

Defense's Proposed Question 20 and Question 21: The defense and government agree that these questions should be modified to read, "There may be evidence in this case about people having multiple sexual partners. Is there anything about this that would make it difficult for you to serve as a fair and impartial juror in this case?"

Defense's Proposed Question 10: The defense agrees to remove Proposed Questions 24 and 25 and instead add "sex crimes" to Proposed Question 10.

Defense Proposed Question 19:  The defense agrees to modify the phrasing of this question and its subparts to read as follows, which the government has proposed: "The defendant and certain witnesses in this case work in the hip hop rap music industry.  Do you have any opinions about the hip hop rap music industry or artists that would affect your ability to serve as a fair and impartial juror in this case?" The defense consents to this request.

Defense Proposed Questions 26 and 27:  The defense and government agree to use the government's language in Government Proposed Questions 14 and 15.

Defense's Proposed Question 30:  The defense and government agree to use the government's language in the Government's Proposed Question #4.

**Government's Position**

Government's Proposed Section A, The Charges:  The Government respectfully requests that the Court read the proposed summary of the charges contained in its proposed examination of jurors.  It is common and helpful for a Court to summarize in a neutral manner the specific charges contained in an indictment in order to ensure that prospective jurors can identify any specific concerns related to the charges in the case that may be relevant to their ability to serve as fair and impartial jurors.  The defense's summary of the case fails to clarify, among other things, the full

Hon. Arun Subramanian
April 30, 2025

list of charges, the timeframe of the charges, that the alleged victims are adults, and that the transportation charges involve alleged male commercial sex workers. The Government is open to making revisions to its summary to ensure neutrality of the language but maintains that the additional information in its proposal is relevant to *voir dire*.

Government's Proposed Questions 27 and 28: The Government respectfully submits that its proposed formulation of these questions takes a more neutral tone without suggesting through the phrasing of the question that any prospective juror might or should favor or disfavor the testimony of witnesses in these categories. The relevant inquiry is whether a juror would have any difficulty assessing the credibility of these witnesses, which is what the Government's proposed language asks.

Government's Proposed Question 38: In order to avoid wasted time, the Government respectfully requests that these questions only be asked after a prospective juror has answered all questions relating to potential strikes for cause and the Court has determined that the prospective juror is qualified to sit on the jury. Through this method, the Court will only ask these questions, which relate to the exercise of peremptory strikes, of jurors who will not be struck for cause. It will also ensure that information relevant only to peremptory strikes is not taken into consideration when the parties raise challenges for cause.

Defense Proposed Questions 8b-e, 10, 11, 13, 16: The Government objects to these questions as either irrelevant to the ability to serve as a juror, duplicative of other questions in the proposed voir dire and questionnaire, and/or unnecessary to the exercise of peremptory strikes. In addition, the Government objects to 16 as so vague and overbroad as to confuse prospective jurors.

Defense Proposed Question 17: The Government objects to this question as unnecessarily invasive of juror privacy and seeking broader information than necessary to qualify a jury. The Government instead prefers its question on this topic in Government Proposed Question 26. The defense does not believe Government Proposed Question 26 adequately explores drug and alcohol *addiction*, which we expect to be prevalent in the trial testimony about both the defendant and multiple government witnesses.

Defense Proposed Question 20: The Government objects to this question as unnecessarily invasive of juror privacy, vaguely worded, overly broad, and (to the extent minimally relevant) duplicative of other questions in the proposed *voir dire* and questionnaire. The defense and government have agreed to modify this question and Question 21, as reflected on page 3.

Hon. Arun Subramanian
April 30, 2025

      We thank the Court for its consideration.

Respectfully submitted,

Marc Agnifilo
Teny Geragos
Alexandra Shapiro
Jason Driscoll
Anna Estevao
Brian Steel


JAY CLAYTON
United States Attorney

By:   /s                     
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi
Steiner
Assistant United States Attorneys