

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 30, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    ***United States v. Combs***, **S3 24 Cr. 542 (AS)**

Dear Judge Subramanian:

      The Government writes in response to the defendant's April 28, 2025 letter, arguing that if the Government sought to try the defendant on racketeering acts not presented to the grand jury, his Fifth Amendment right to be indicted by a grand jury would be violated. To the contrary, there has been no violation of the defendant's constitutional rights, and the defendant's legally meritless argument should be rejected.

      The defendant is charged with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). It is well-established that to allege a violation of that section, the indictment "need only charge . . . that the defendant knowingly joined in a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity . . . Neither overt acts, nor specific predicate acts that the defendant agreed personally to commit, need be alleged or proven for a section 1962(d) offense." *United States v. Applins*, 637 F.3d 59, 81 (2d Cir. 2011) (quoting *United States v. Glecier*, 923 F.2d 496, 500 (7th Cir. 1991)). Further, "[b]ecause a RICO conspiracy charge need not specify the predicate or racketeering acts that the defendants agreed would be committed . . . it is sufficient to allege and prove that the defendants agreed to the commission of multiple violations of a specific statutory provision that qualifies as RICO racketeering activity." *Id.* (internal citations omitted). In other words, the Government is neither required to allege nor prove that the defendant committed or agreed to commit particular racketeering acts. There can thus be no conceivable Fifth Amendment violation based on a purported failure to allege specific acts or to present evidence of a particular racketeering act to the grand jury.

      *United States v. Basciano*, the sole case cited by the defendant, is inapposite and concerns substantive racketeering in violation of 18 U.S.C. § 1962(c)—where, by contrast to this case, the Government must allege and prove particular racketeering acts as part of the alleged pattern of racketeering activity. 599 F.3d 184, 188, 206. The Court should accordingly reject any Fifth Amendment claim made by the defendant on this basis.

          Respectfully submitted,

          JAY CLAYTON
          United States Attorney

By: \_\_\_/s_____
      Maurene Comey / Meredith Foster /
      Emily A. Johnson / Christy Slavik /
      Madison Reddick Smyser / Mitzi Steiner
      Assistant United States Attorneys
      (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record