

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

26 Federal Plaza, 37th Floor
New York, New York 10278

April 30, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:** *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this short reply to correct a mischaracterization of the Government's position in the defendant's April 29, 2025 letter to the Court (the "Letter") regarding the Government's motion *in limine* to preclude certain "good acts" evidence. (Dkt. 306). In the Letter, the defendant writes:

> [T]he government will argue that setting up a hotel room in a certain way or needing to clean up after Combs meant that employees facilitating the activity knew something unlawful was afoot. It will argue that certain items of evidence—such as baby oil, drugs, or other supplies—were synonymous with sexual encounters everyone understood were criminal.

(*Id.* at 2). To the extent that "something unlawful was afoot" means nonconsensual sexual encounters, the defendant is incorrect. The Government will not claim that every sex act of the defendant that employees facilitated was nonconsensual. Nor will the Government argue that employees setting up or cleaning up a hotel room meant that the employees knew the defendant's sexual encounters were nonconsensual.[1] Because the Government will not make these arguments, the defendant's proffered basis for introducing evidence of consensual sexual activity between the defendant and persons who are not victims in this case does not support the admission of this evidence. The Court should preclude this evidence.

                                       Respectfully submitted,

                                       JAY CLAYTON
                                       United States Attorney

              By:   /s
                    Maurene Comey / Meredith Foster /
                    Emily A. Johnson / Christy Slavik /
                    Madison Reddick Smyser / Mitzi Steiner
                    Assistant United States Attorneys
                    (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:      Counsel of record

---

[1] Of course, the employees' facilitation of the defendant's sex acts may be cited as evidence of other predicate racketeering activity—for instance, procuring and/or delivering illegal drugs to the defendant during sexual encounters is evidence of the narcotics predicate.