

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javitz Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 6, 2025

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *United States v. Sean Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully writes following the first day of jury selection in the above-captioned matter. During the course of jury selection, despite the presence of seven defense attorneys who have filed notices of appearance in this case and a jury consultant, the defense team appeared to consult with Mark Geragos and other members of the Geragos & Geragos law firm who were present in court. Mr. Geragos and his firm have a long-standing relationship with the defendant (*see* Gov't Mot. filed Feb. 25, 2025 (filed under seal)), but neither Mr. Geragos nor any member of his firm has filed a notice of appearance in this case.

    Nevertheless, given Mr. Geragos's apparent role as an advisor to the defendant and the defense team, the Government respectfully requests the Court to remind Mr. Geragos and members of his firm of their obligations pursuant to Local Rule 23.1. Specifically, Rule 23.1(c) states that:

> [d]uring a jury trial of any criminal matter, including the period of selection of the jury, no lawyer or law firm *associated with the . . . defense* shall give or authorize any extrajudicial statement or interview relating to the trial or the parties or issues in the trial which a reasonable person would expect to be disseminated by means of public communication if there is a substantial likelihood that such dissemination will interfere with a fair trial.

(Local R. 23.1(c) (emphasis added)). The need for the Court's admonishment is necessary given that as recently as three days ago, Mr. Geragos spoke at length about the trial in this case in his podcast called "2 Angry Men," Mr. Geragos's podcast with Harvey Levin, the creator of the tabloid news organization TMZ. [1] During the podcast, Mr. Geragos opined on a variety of topics,

---

[1] "Harvey EXPOSES What He Knows About DIDDY," 2 Angry Men, May 2, 2025, *available at* https://www.youtube.com/watch?v=8KDbJkXNzLI&list=PLIPm6JAyEJ_dXRy9Md3YVyz_u_S WuVbXC&index=1. Mr. Geragos has commented repeatedly on this case on his podcast, including an episode in which he hosted Teny Geragos, one of the defendant's attorneys in this

including characterizing specific pieces of evidence in this case (describing the Government's use of the Intercontinental Hotel video surveillance as "character assassination"); the makeup of the prosecution team handling this case (observing that it could "look like you're prosecuting a cause"); and arguments the defense intends to make (noting that the defendant "has a violent temper and especially, I think, when you combine it with the drug use, but that isn't what he's charged with").  In the podcast, Mr. Geragos advises listeners that he will be back next week to discuss further.

As the defendant has repeatedly observed in the context of seeking relief pursuant to Local Rule 23.1, courts have an "independent obligation to 'avoid the creation of a 'carnival atmosphere' in high-profile cases.'"  (*See* Dkt. No. 42 (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 540 (S.D.N.Y. 2013) (quoting *United States v. Brown*, 218 F.3d 415, 429 (5th Cir. 2000); *see also* Dkt. No. 59).  Additionally, in seeking Court intervention under the Rule as recently as April 28, 2025, the defendant has complained that "lawyers for government witnesses have commented on pretrial litigation and continued to broadcast prejudicial statements." (Dkt. No. 299).  Here, for the same reasons of concerns of the effect of pretrial publicity on a fair trial, the Government <u>respectfully requests the Court to remind Mr. Geragos and the defense team of their obligations pursuant to Local Rule 23.1.</u>

The Court addressed this issue on the record this week, and reminds all  parties, and Mr. Geragos, of their obligations under Rule 23.1. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 319.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: May 8, 2025

Respectfully submitted,

JAY CLAYTON
United States Attorney


By: ___/s/_____
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284

---

case.  *See* "Diddy's Lawyer: Don't Believe The Media," 2 Angry Men, Mar. 1, 2025, *available at* https://www.youtube.com/watch?v=BKKrvQd3b8g&list=PLIPm6JAyEJ_dXRy9Md3YVyz_u_S WuVbXC&index=10.