

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 17, 2025

**BY EMAIL**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully writes in opposition to the defendant's April 15, 2025 request for a Rule 17 subpoena for materials from Victim-4 (the "Subpoena"). For the reasons described below, the Court should deny the defendant's request for the Subpoena.

    Pursuant to the Court's April 16, 2025 order, the parties conferred in an effort to resolve the outstanding disputes with respect to the Subpoena. In the course of those discussions, the defendant identified seven particular email chains he wished to obtain, and the Government offered to confer with Victim-4's counsel in an effort to identify the emails and facilitate their production to the extent Victim-4 consented to the request.[1] Despite this substantial progress in narrowing the defendant's request, the defendant refused to withdraw his current application for the Subpoena, which improperly seeks a much broader set of materials to which he is not entitled. While the Government stands ready to continue conferring about a more narrowly tailored request, the defendant's refusal to withdraw its instant application leaves the Government with no choice but to oppose the Subpoena.

    As noted in the Government's other motions to quash, Rule 17(c) "'was not intended to provide an additional means of discovery' for a criminal defendant." *United States v. Xu*, No. 23 Cr. 133 (JMF), 2024 WL 4504352, at *2 (S.D.N.Y. Oct. 16, 2024) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 241, 220 (1951)). In order to obtain a Rule 17 subpoena, the defendant "must clear three hurdles: (1) relevancy, (2) admissibility, [and] (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Setting aside whether the Subpoena seeks materials that are relevant and admissible, it clearly fails the third *Nixon* requirement by seeking documents that are "virtually limitless in scope." *Xu*, 2024 WL 450352, at *2.

---

[1] Victim-4 also opposes the Subpoena as overbroad and unduly burdensome. However, Victim-4's counsel is willing to engage directly with defense counsel regarding narrower requests. The Government has no objection to Victim-4's counsel conferring directly with defense counsel on this matter.

Despite the Court's warning that "a broad-based request for hundreds of thousands of documents will pose some issues," (Apr. 14, 2025 Conf. Tr. at 23), the Subpoena is just that. The Subpoena calls for "[a]ny messaged-based communication, including, but not limited to, email, text, social media direct message, or audio or video message," "[a]ny personal musing, including but not limited to a notes application entry, a word document, a written or electronic diary, social media post, an audio or visual recording, or any other personal expression," and "[a]ny video, audio, or photographic evidence" regarding a dozen categories of information. These categories include, among other things, the defendant, ███████████████████████████████████ the instant investigation. The Subpoena as drafted would therefore cast an extremely wide net over essentially any emails or documents Victim-4 retained from this period of her life, resulting in a potentially vast volume of documents falling far outside Rule 17's purview. Rule 17 subpoenas such as this, which "'seek[] any and all materials, without mention of specific admissible evidence' are precisely what 'justify the inference that the defense is engaging in the type of fishing expedition prohibited by *Nixon*.'" *Xu*, 2024 WL 450352, at *2 (quoting *United States v. Mendineuta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013)). The Court should thus deny the defendant's request for the Subpoena as "plainly overly broad." *Id.* at *3; *see also id.* at *2 (denying motion for Rule 17 subpoena that requested "all documents and communications . . . that relate to [the defendant] and others") (internal quotation marks and citation omitted).

Setting aside its breadth, the Subpoena is also unlawful because it seeks impeachment material pretrial, which is not authorized by Rule 17(c). *See, e.g., Xu*, 2024 WL 4504352, at *4 (citing "decades of cases in this Circuit reiterating, and indeed strengthening" rule that obtaining impeachment material is not a proper use of Rule 17(c)). For example, the Subpoena requests all ████████████████████████████████████████████████████████████████ The Court should reject these requests for what they are: unlawful attempts to gather impeachment material in advance of trial.

The defendant's refusal to withdraw its request for the Subpoena despite its apparent impropriety, the Court's previous admonitions about narrowing the request, and the parties' productive conferrals lays bare his true intent. As the defendant has already indicated, he is seeking to use the improper Subpoena as a basis for a trial adjournment. That effort should be swiftly rejected. Dkt. 244 at 3 (citing *Xu*, 2024 WL 4504352, at *1). Moreover, to the extent the defendant's conferrals with the Government and Victim-4 result in narrowly tailored requests discussed above for approximately seven email chains, that limited universe of documents would likewise not justify an adjournment of the trial. Accordingly, the Court should deny the defendant's requests for the Subpoena and for a trial adjournment.

    Respectfully submitted,

    MATTHEW PODOLSKY
    Acting United States Attorney

By:   /s                     
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284