

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 23, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

The Government respectfully writes in response to the Court's April 22, 2025 order seeking additional information regarding the risk of harm to Victim-4 were she to testify under her own name. Those harms, which are detailed in a declaration from her counsel, attached hereto as Exhibit A ("Ferrara Decl."), are numerous and more than sufficient to warrant a pseudonym.

Victim-4 wishes to testify under a pseudonym. The risk of harm to Victim-4 otherwise, including psychological, emotional, and professional harms of publicly talking about ▮▮▮▮▮▮▮▮▮▮▮▮, more than justify the use of a pseudonym. (*See* Ferrara Decl. ¶¶ 4, 8-12); *see also United States v. Paris*, No. 06 Cr. 64 (CFD), 2007 WL 1484974, at *2 (D. Conn. May 18, 2007) (allowing use of a pseudonym where victims faced "likely adverse personal, professional and psychological consequences of publicly linking their identities to their past" experiences). Victim-4 also fears harassment—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* Ferrara Decl. ¶¶ 15-16). It is quite reasonable to think that the harassment will increase exponentially if she testified under her true name, especially with the press coverage this case has garnered. *See United States v. Marcus*, No. 05 Cr. 457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007) (finding that "[i]n light of the explicit nature of the conduct that the witnesses will be testifying about . . . the court has determined that the witnesses's fear of harassment and reprisals" by the media and others "is legitimate"). The Court should therefore allow Victim-4 to testify under a pseudonym.

The defendant cites no cases in this circuit denying pseudonyms for victim witnesses. *Cf.* Gov't Pseudonym MIL at 8-9 (collecting cases in which pseudonyms were permitted). ▮▮▮▮▮ does not, as the defendant suggests, "serve as a waiver" of her application for a pseudonym or her rights as a victim to be protected and treated with fairness and respect under the Crime Victims' Rights Act, 18 U.S.C. § 3771. (Def. Apr. 21, 2025 Ltr. at 3). ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Victim-4 has never spoken publicly about the sensitive topics that she will cover in her testimony ▮▮▮▮▮▮▮▮▮ (*See* Ferrara Decl. ¶¶ 5-6). Indeed, before her

involvement in this case, she had not spoken to anyone, even in private, ███████. (*Id.* ¶ 6). Even where victims *have* publicly disclosed ███████—which Victim-4 has not—courts have still allowed pseudonyms. *See* Gov't Pseudonym MIL at 15 (citing *United States v. Terranova*, 750 F. Supp. 3d 15, 27-28 (E.D.N.Y. 2024), *United States v. Raniere*, No. 18 Cr. 204, Dkt. No. 622 (E.D.N.Y.), and *United States v. Maxwell*, No. 20 Cr. 330, Dkt. No. 456 at 9 (S.D.N.Y.), all of which allowed pseudonyms where victims had spoken publicly about the crimes). Given the sensitive nature of Victim-4's testimony and her lack of public disclosure, a pseudonym is entirely appropriate.

The defendant suggests that his defense will be hindered if Victim-4 testifies under a pseudonym. As courts have time and again recognized, the defendant's rights to put on his case, including in the cross-examination of witnesses, are not absolute. *See United States v. Figueroa*, 548 F.3d 222, 227 (2d Cir. 2008). And here, any harm to the defense case is minimal where the Government is only asking that the victims be allowed to testify under pseudonyms and that their true names not be included on public exhibits. As the Government made clear at the April 18, 2025 conference, this would *not* prohibit the defense from using witnesses' true names when conducting their investigations outside of the courtroom. (*See* Dkt. 263 at 70-71). The relief the Government seeks, particularly where the defendant knows Victim-4's true name and is permitted to conduct an investigation, is the kind of relief courts in this circuit have repeatedly granted. *See, e.g., United States v. Raniere*, No. 20-3520-CR, 2022 WL 17544087, at *6-7 (2d Cir. Dec. 9, 2022) (upholding use of pseudonyms, first names, and nicknames for victims where the defendant knew the witnesses' identities); *Marcus*, 2007 WL 330388, at *3 (allowing witnesses to testify with different last names even where defendant raised that "a member of the public may come forward with relevant information contradicting the witness's testimony"). The Court should do the same here.

For the foregoing reasons, and for those explained in the Government's motion *in limine* concerning pseudonyms, the Court should permit Victim-4 to testify under a pseudonym.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284