

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 13, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter in opposition to the defendant's request that witnesses be prohibited from communicating with their attorneys during breaks in cross-examination. In making his request, the defendant cited no cases holding that third party witnesses should be prohibited from speaking with their independent counsel during breaks in cross-examination. Rather, the defendant cited *Perry v. Leeke*, 488 U.S. 272 (1989), which related only to whether a testifying *defendant* can be prohibited from speaking with counsel during "a 15-minute afternoon recess." *Id.* at 274 (emphasis added). The Supreme Court also emphasized that while a short prohibition of communication between a testifying defendant and counsel may be permissible, an overnight prohibition violates the Sixth Amendment. *See id.* at 274; *see also United States v. Triumph Capital Group, Inc.*, 487 F.3d 124, 139 (2d Cir. 2007) ("[A]s long as a defendant is provided unfettered access to his attorney during subsequent overnight breaks, a mid-day one-hour ban on discussing ongoing testimony is likely to interfere only in minimal ways on any constitutionally protected communication.").

    In explaining its decision, the Supreme Court in *Perry* noted that "witnesses *may* be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say," which "serve[s] the truth-seeking function of the trial," but the language made clear that such sequestration remains a matter of the trial court's discretion and is not mandatory. *Id.* at 281-84 (emphasis added). In support of that proposition, the Supreme Court cited one case in which a defense witness improperly spoke with defense counsel (as opposed to the witness's counsel), *Jerry Parks Equip. Co. v. Southeast Equip. Co.*, 817 F.2d 340, 342-43 (5th Cir. 1987), and three cases noting that witnesses may be excluded from the courtroom and may be prohibited from communicating with other witnesses to avoid comparing testimony across witnesses. *See Perry*, 488 U.S. at 281 n.4 (citing *United States v. Greschner*, 802 F.2d F.2d 373, 375-76 (10th Cir. 1986); *United States v. Johnston*, 578 F.2d 1352, 1355 (10th Cir. 1978); *Milanovich v. United States*, 275 F.2d 716, 720 (4th Cir. 1960)). None of those cases stands for the proposition that a third-party witness should be prohibited from consulting with her own independent counsel, especially where that counsel has no connection to either party in a trial.

Rather, those cases stand for the well-established proposition that a witness may not confer with counsel *for the parties* during cross-examination, and may not confer with other witnesses or otherwise attempt to learn information about what happened outside of her presence during trial.

During the limited time it has had since the defendant first made his request, the Government has been unable to identify any case in which a third-party witness has been prohibited from speaking with her attorney during cross-examination. By contrast, the Government has identified multiple cases in which judges in this District have denied similar defense motions in criminal trials seeking to bar witnesses from speaking with their attorneys. *See United States v. Avenatti*, No. 19 Cr. 374 (JMF), Jan. 24, 2022 Docket Order (denying defense request for an order directing witness to refrain from speaking with his own lawyer overnight, noting that there was no authority that the "requested order is required," and that the defendant was "free to cross-examine [the witness] regarding any conversations he has about his testimony overnight (as long as he does not intrude on any privileged communications)"); *United States v. Hwang*, 22 Cr. 240 (AJH) (S.D.N.Y.) June 18, 2024 Tr. at 3613-16 (denying motion to prohibit witness from speaking with counsel during cross-examination because the witness "needs emotional support as well as ability to counsel on anything that comes up" and noting that defense counsel may cross-examine the witness about those consultations); *United States v. Percoco*, No. 16 Cr. 776 (VEC), Feb. 7, 2018 Tr. at 2659:8-20 (rejecting argument, relying on *Perry*, that the Court should preclude cooperating witness from conferring with counsel on breaks, observing, "I see absolutely no basis for the request and no showing that it is either appropriate or necessary"); *United States v. Seabrook*, No. 16 r. 467 (ALC), Oct. 20, 2017 Tr. 965:1-66:10 (declining to order cooperator's attorney not to speak with him).

The Court should decline to issue the defendant's proposed far-reaching order prohibiting witnesses from speaking with their own independent counsel. The defense has made no showing whatsoever that any third-party witness has or intends to use her attorney to circumvent sequestration. The Court can address any concerns the defense may have about such circumvention by following Judge Furman's example in *Avenatti* and permitting the defense to question witnesses about any conversations they have about their testimony during breaks, which should cover any attempts to circumvent sequestration while preserving witnesses' ability to have privileged conversations with their attorneys. Indeed, there is good reason in this case to allow witnesses the ability to speak with their own attorneys, given that much of the witness testimony in this case will cover extremely sensitive subjects, will include witnesses' descriptions of their own involvement in potentially illegal activity, and (with respect to witnesses who have engaged in civil litigation) will touch upon potentially privileged areas.

With respect to victim-witnesses, permitting consultation with counsel is consistent with the spirit of the Crime Victims' Rights Act, which places limits on the Court's ability to sequester victims, *see* 18 U.S.C. § 3771(a)(3) (victims have "[t]he right not to be excluded from any . . . public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding"), and instructs that victims "be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). Although the Government consented to sequestration of victim-witnesses after conferring with defense counsel, the Government objects to stripping victim-witnesses of their ability to confer with counsel during this

trial. Such an order would not only risk intimidating victim-witnesses by preventing them from receiving emotional support from their counsel, but it would also risk creating a chilling effect on the willingness of other victims to testify at trials if they can be prohibited from seeking the support of their attorneys while being cross-examined by attorneys for their abusers.

Should the Court nevertheless consider issuing such a sweeping order, the Government understands that counsel for at least two victims wish to be heard on the matter. Specifically, counsel for Casandra Ventura and counsel for the victim-witness testifying under the pseudonym "Mia" have asked that the Court allow them to be heard before prohibiting them from speaking with their clients during cross-examination. The Government hopes that time need not be wasted on such briefing and argument because there is ample reason to deny the defendant's request without further proceedings.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s  
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284