

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

May 13, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    United States v. Combs, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

We write as counsel for Casandra Ventura ("Ms. Ventura"). We understand that at the conclusion of the Government's direct examination of our client, counsel for Defendant Combs will be making an application to the Court requesting that Ms. Ventura be prohibited from consulting with us, her personal attorneys. For the reasons set forth below, we respectfully request that the anticipated application be denied.

As an initial matter, the relevant law as set forth in Geders v. United States, 425 U.S. 80 (1976) and related case law concerns primarily a criminal *defendants'* right to counsel and otherwise raises considerations that *trial* counsel—not outside counsel—may impact witness testimony in the midst of examination at trial. See United States v. Cavallo, 790 F. 3d 1202, 1214 (11th Cir. 2015) (explaining justifications for Geders rule); Perry v. Leeke, 488 U.S. 272, 282 (1989) (explaining that the evaluation of whether a witnesses' testimony would be impacted by consultation with counsel is within the judge's discretion). Such concerns are not relevant here.

Wigdor LLP will of course abide by the Rules of Professional Conduct governing all attorneys and has no intention of influencing Ms. Ventura's testimony in this matter or otherwise engaging in unethical behavior such as witness coaching. Furthermore, Ms. Ventura should be permitted to continue to speak to her private civil attorneys on a number of important issues present here, for example: the logistics of arriving at and appearing in Court, particularly considering the high publicity surrounding her testimony; her health and well-being as a victim, especially in light of her advanced pregnancy; the extent to which what she is sharing on the stand implicates matters covered by attorney-client privilege; and any testimony concerning the civil lawsuit and settlement in which Wigdor LLP represented her.



Finally, but crucially, in the unique circumstances of this prosecution and Ms. Ventura's participation in this case, we respectfully submit that she must be afforded the opportunity to consult with her private attorneys in order for her "be treated with fairness and with respect for the victim's dignity and privacy" as required under the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(8).

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Douglas H. Wigdor