

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 13, 2025

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write in response to the government's and Ms. Ventura's counsel's letters concerning the propriety of counseled consultations with witnesses while they are under cross-examination. *See* Dkts.333, 334. The reasoning in *Perry v. Leeke*, 488 U.S. 272 (1989), is clear, and all the risks identified there are amplified here. The Court should order witnesses not to communicate with any third parties regarding their testimony, including their attorneys, while under cross-examination.

    While the holding of *Perry* does not require the Court to instruct witnesses one way or the other, the Supreme Court's reasoning is clear. "[I]t is simply an empirical predicate of our system of adversary rather than inquisitorial justice that cross-examination of a witness who is uncounseled between direct examination and cross-examination is more likely to lead to the discovery of truth than is cross-examination of a witness who is given time to pause and consult with his attorney." *Perry*, 488 U.S. at 282. And because "[c]ross-examination often depends for its effectiveness on the ability of counsel to punch holes in a witness' testimony at just the right time, in just the right way," "[p]ermitting a witness … to consult with counsel" undermines a defendant's rights under the Confrontation Clause of the Sixth Amendment by "grant[ing] the witness an opportunity to regroup and regain a poise and sense of strategy that [an] unaided witness would not possess." *Id.* As *Perry* noted, "[t]his is true even if we assume no deceit on the part of the witness." *Id.*

    The government states it has been unable to identify cases ordering witnesses not to communicate with their attorneys while being cross-examined, but courts in this district and elsewhere have repeatedly so ordered. In *United States v. Walters*, after hearing argument on the issue and considering *Perry v. Leeke*, the court ordered a cooperating witness "not to discuss your direct testimony or your cross-examination with any person, including the prosecutors or your lawyer." 16 Cr. 0338 (PKC) (S.D.N.Y. Mar. 22, 2017), Tr.957-67 (also discussing Judge Sullivan's similar practice in *United States v. Steinberg*, 12-cr-00121 (S.D.N.Y.)). And even in the cases cited by the government, counsel making requests similar to the instant request cited multiple prior instances in which such requests were granted. *See United States v. Percoco,* No.

Page 2

Hon. Arun Subramanian
May 13, 2025

16 Cr. 776 (VEC), Tr.2656 ("I've … myself been subject to a similar order in the Eastern District of Virginia, and I believe … Judge Castel recently gave [a similar] order."); *United States v. Hwang*, 22 Cr. 240 (AJH) (S.D.N.Y.), Tr.3613 ("There is authority for it, Judge. I will tell you … we have raised it in our prior four cases and it was either granted or agreed to."). The government cites no controlling authority from the Second Circuit on this point, and the reasoning in *Perry v. Leeke* should therefore control.

The concerns raised by the government and Ms. Ventura's counsel are no reason to hold otherwise. First, the defense does not request a total bar on all communication. We do not object, for example, to communications about a witness's health or correspondence concerning trial logistics. Rather, the request is to instruct witnesses not to confer with third parties, including their counsel, only on the substance of their testimony. To be clear, that prohibition would include any communication regarding "testimony concerning [Ms. Ventura's] civil lawsuit [against Mr. Combs] and settlement in which Wigdor LLP represented her," as that lawsuit goes to the heart of this case and Ms. Ventura's credibility on key issues.[1] Dkt.334 at 1. It would be wholly improper to allow Ms. Ventura to consult with her counsel on such a central topic—or any other topic relevant to her testimony—while on cross examination, as the defense would not be able to fully explore such a conversation on cross examination given Ms. Ventura's attorney-client privilege. "[P]ermitting the defense to question witnesses about any conversations they have about their testimony," as the government suggests, thus in no way solves the problem. Dkt.333 at 2. This is yet another reason to forbid consultation about the witness's testimony while under cross-examination, as it permits a witness like Ms. Ventura to invoke privilege as a sword and a shield, which is likely to occur here given her counsel's representations in the letter. Should a witness attempt to hide behind a privilege, "unduly restrict[ing] … cross-examination, the witness' direct testimony may have to be stricken." *United States v. Coven*, 662 F.2d 162, 170-71 (2d Cir. 1981).

Third, the government suggests witnesses will need "emotional support from their counsel" and advice concerning "extremely sensitive subjects" such as the "witnesses' descriptions of their own involvement in potentially illegal activity." But that is precisely the type of consultation that *Perry* suggests is "likely to" undermine "the discovery of truth." *Perry*, 488 U.S. at 282. The government's suggestion is not just to "grant the witness an opportunity to regroup and regain a poise and sense of strategy," but to actively encourage it through coaching on the sidelines. *Id.* That is why, in the *Walters* case—where the witness was a cooperator with stronger concerns about potential exposure to criminal liability than the alleged victim-witnesses at issue here—the court still instructed the witness not to confer with counsel while under cross-examination.

Finally, the Crime Victims' Rights Act's instruction that victims "be treated with fairness and with respect for the victim's dignity and privacy" does not speak to the instant request in any

---

[1] The same is true of other "witnesses who have engaged in civil litigation." Dkt.333 at 2.

Hon. Arun Subramanian
May 13, 2025

shape or form. 18 U.S.C. § 3771(a)(8). "Dignity" and "privacy" are separate concepts not implicated here. And the right to confer with counsel throughout a victim's testimony is notably absent from the otherwise long list of protections afforded victims under the Act, which cannot trump the constitutional rights of the accused in any event.

* * * *

For the foregoing reasons, the Court should order witnesses not to communicate with any third parties regarding their testimony, including their attorneys, while under cross-examination.

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th Street, Suite 2004
New York, NY 10019
212.970.6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Page 4

Hon. Arun Subramanian
May 13, 2025

        Xavier R. Donaldson
        136 Madison Ave, 6th Floor
        New York, New York 10016
        646-772-3334
        Xdonaldson@aol.com

        Nicole Westmoreland, Esq.
        WESTMORELAND LAW, LLC
        132 Cone Street, Suite A
        Atlanta, GA 30303
        Tel: (404) 446-2620
        nw@westmorelandlawgroup.com