

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 12, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The parties have been conferring, and we apologize for our lateness. The parties have resolved the Rule 106 issues that could be raised tomorrow. The Government respectfully requests that the Court address two topics tomorrow morning.

    *First*, the Government requests that the Court revisit the motion to preclude cross regarding Victim-1's assaults unrelated to the defendant.

    *Second*, the Government understands that the defense objects to the following prior consistent statements, which the Government will seek to introduce through Ms. Ventura tomorrow:

- GX B-315, GX B-316 – Victim-1 email on December 23, 2011: "[t]he threats that have been made towards me by Sean 'Puffy' Combs are that . . . he is going to release 2 explicit sex tapes of me. One on Christmas Day, maybe before or right after and another one some time soon after that."

- GX B-332 – Victim-1 texts with her manager in December 2012: "Is Puff ok with you doing a Common video?" / "I don't know. I'll find out. He'll prob say no lol" / "Puff said no to the vid."

- GX B-329 – Victim-1 texts to a friend on February 6, 2013, saying that the defendant accused her of dancing with another artist and "bugged out," taking her phone, her laptop, and her car away.

    The Government will be prepared to address these statements tomorrow morning at 9am. The Government will argue that the defense has opened the door to these prior consistent statements by attacking Victim-1's credibility in opening statements, including in the following statements:

- "They were all getting something each of them wanted from him and from being in a romantic relationship with him." (5/12/25 Tr. 129);

- "And each of the women you will hear from, they all had the personal responsibility and the freedom to make the choices that they made." (5/12/25 Tr. 129-130);

- "But with each of these individuals, ask yourselves, what is this person getting? They are with him or they are working for him because they are getting something they want from being with him. Now, with each person, that something may be different. And it usually is. But with each person, they are all getting something." (5/12/25 Tr. 130);

- "You've also heard that in his relationships with both Cassie and Jane, he bought them things. Yes, like every relationship, they got things from their boyfriend. Here, a wealthy rapper, paid for their housing, he paid for Cassie's car, and he gave them money. These are nice houses that he paid for. It was a nice car that Cassie drove. And they were nice vacations on private planes because he is a wealthy individual. These were vacations that they took together as couples. And as I've said, like every relationship, there was jealousy and there were flaws. But as you evaluate the evidence in this case, remember that he is not charged with being a flawed individual or having a flawed relationship. They did not stay with him over and over again because of force, fraud, or coercion." (5/12/25 Tr. 133);

- "For Cassie, she made a choice every single day for years. A choice to stay with him. A choice to fight for him. Because for 11 years, that was the better choice. That was her preferred choice. And so she made the choice to stay with him until one day she decided she was going to break up with him because that was her preferred choice. So it's important for you to remember as you evaluate the evidence, because she was not coerced to continue or engage in this sex life with Sean Combs." (5/12/25 Tr. 138);

- "So I will ask you, ladies and gentlemen, pay close attention to the messages, the realtime communications between these two individuals, and the messages surrounding their breakup. Does Combs release the videotapes the government was just talking about? No, he doesn't. You will hear that the government raided two of his homes, you have already heard that, over a year ago. They seized countless electronic devices. The only freak-off videos you will see or hear about at this trial came from her devices that she kept for five years. So when the government talks about power and control, who had the power? Who had the control? The government did not find any freak-off videos with Cassie on those devices." (5/12/25 Tr. 139);

- "As you listen to her testimony, as you read her messages closely, evaluate what Combs' intent was at the time. Evaluate what he understood about what she wanted during those 11 years that they spent together. What he understood, I expect the messages to show you, was that she was a willing participant in their sex life. That was a voluntary adult choice by two capable adults. What Cassie may testify to this week, six years after a breakup, is not a match for the realtime evidence that you will have." (5/12/25 Tr. 141);

- "This criminal case started because of Cassie. Not because she went to law enforcement with her allegations, but because she filed a public lawsuit against Combs in November of 2023, at this time when she was having financial trouble and living in her parents' modest home in Connecticut with her family. Rather than go to law enforcement about what had allegedly happened to her, she went to a civil lawyer who is here today." (5/12/25 Tr. 148); and

- "And as you listen to these witnesses -- and there will be many, as the prosecutor told you -- who made civil demands against him, I want you to ask yourself: How many millions of reasons does this witness swearing to tell the truth, and nothing but the truth, have to lie? How many hundreds of thousands of reasons does this witness swearing to tell the truth, and nothing but the truth, have to lie?" (5/12/25 Tr. 149).

If necessary, the Government can wait to introduce these statements until Wednesday.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:    /s
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284