

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 22, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully writes to address the defendant's anticipated objections to portions of the testimony of Mr. Scott Mescudi. Specifically, the defense objects to Mr. Mescudi's testimony regarding a conversation between Mr. Mescudi and Ms. Capricorn Clark during her kidnapping which occurred contemporaneously with the break-in at Mr. Mescudi's residence in December 2011 (Ltr. at 2 ¶ 4(j)), as well as Ms. Ventura confiding in Mr. Mescudi about the defendant's physical abuse, (*id.* at 2 ¶ (h)). Further, the defense objects to Mr. Mescudi's testimony regarding his understanding of who broke into his residence and committed an arson on his vehicle (*Id.* at 2 ¶ 4(a), as well as the defendant's 2015 apology to Mr. Mescudi thereafter. (*Id.* at 2 ¶ 4(g)). This testimony is admissible.

    The Government anticipates that Mr. Mescudi will testify regarding a December 2011 break in at his residence, as well as a January 2012 arson of his vehicle at his residence. With respect to the December 2011 break-in, Mr. Mescudi will testify that he received a call in the early morning from Ms. Ventura instructing him to pick her up from a hotel and sounding nervous and scared.[1] By that time, Ms. Ventura had confided in Mr. Mescudi that the defendant was physically abusive to her. Further, Mr. Mescudi will testify that after he picked up Ms. Ventura, Ms. Clark called Ms. Ventura's phone . During the call, Ms. Clark, stated, in sum and substance, that she was outside of Mr. Mescudi's home, that the defendant was inside the residence, and that she had been taken there against her will. Ms. Clark sounded scared and nervous during the call, in contrast to how Ms. Clark sounded in previous interactions with Mr. Mescudi.

    In addition, Mr. Mescudi will testify that in January 2012, shortly after an arson on his vehicle, Mr. Mescudi surmised that the defendant was behind both the break in and the arson and requested a meeting with the defendant to resolve their differences. Finally, in 2015, the defendant

---

[1] Ms. Ventura testified that she called Mr. Mescudi to retrieve her from a hotel after the defendant attempted to assault her following the defendant becoming aware of her relationship with Mr. Mescudi. (*See* Tr. at 779:3-780:2).

"apologized about what happened," which Mr. Mescudi understood to be an apology for the break-in and the arson.

This testimony is admissible under hearsay exceptions for present sense impressions, excited utterances, and/or the declarant's then existing state of mind pursuant to Rules 803(1)-(3). Alternatively, it is admissible for the non-hearsay purpose of establishing the effect on Mr. Mescudi. Finally, each of the disputed statements is highly relevant and not unduly prejudicial. Accordingly, the statements are also admissible under Rules 401 and 403.

*First*, Mr. Mescudi's testimony regarding Ms. Ventura confiding in him regarding her physical abuse, and his subsequent conversation with Ms. Ventura in the early morning hour of the date of the break in is admissible. During the call, Ms. Ventura informed Mr. Mescudi that she needed to be picked up immediately from the hotel where she had been staying with the defendant and sounded concerned and anxious. Ms. Ventura's statements clearly reflect the then-existing state of mind of Ms. Ventura. *See* Fed. R. Evid. 803(3). Moreover, the testimony is admissible for the non-hearsay purpose of establishing the effect of Ms. Ventura's statement on the listener, here, Mr. Mescudi. Mr. Mescudi is expected to testify that prior to the call, Ms. Ventura had informed him that the defendant had been abusive to her. Therefore, when Ms. Ventura called Mr. Mescudi early in the morning, requested that he pick her up immediately, and appeared nervous, Mr. Mescudi understood Ms. Ventura's request to be urgent and acted accordingly. The statement by Ms. Ventura regarding the defendant's prior physical abuse should therefore be admitted for the non-hearsay purpose of establishing the effect of Ms. Ventura's statement on Mr. Mescudi. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("[A] statement offered to show its effect on the listener is not hearsay."). Moreover, this testimony is far less prejudicial than the other evidence in this case, namely, the prior testimony of Ms. Ventura and others regarding her physical abuse. Indeed, the defendant has conceded from his opening that the defendant was violent with Ms. Ventura during their relationship—diminishing any prejudicial value to the statement. Accordingly, the statement is also admissible under Rules 401 and 403.

*Second*, Mr. Mescudi's testimony regarding his conversation with Ms. Clark is also clearly admissible. Later that same morning, Ms. Clark informed Mr. Mescudi in real time that the defendant was in Mr. Mescudi's residence, and Ms. Clark was also at his home against her will, while sounding nervous and scared. This statement—made contemporaneous with the events she described—"describe[es] or explain[es] an event or condition, made while or immediately after [Ms. Clark] perceived it," namely the break in of Mr. Mescudi's home and her own kidnapping. *See* Fed. R. Evid. 803(1). Further, based on her statements and Mr. Mescudi's anticipated testimony regarding the tone of her voice, it is clear that Ms. Clark's statement was made while she was under the stress of excitement that the event caused caused, Fed. R. Evid. 803(2), as well as being reflective of her then existing state of mind, Fed. R. Evid. 803(3). This statement is also highly probative and relevant to the kidnapping predicate alleged with respect to Ms. Clark, *see* Indictment ¶ 13(a), and is no more prejudicial than other evidence in the case, in that Ms. Clark is expected to testify regarding the kidnapping, as well as her discussion with Mr. Mescudi and Ms. Ventura. Accordingly, this statement is also admissible under Rules 401 and 403.

*Third*, Mr. Mescudi's testimony regarding his belief that the defendant was involved in the arson is admissible.  The Government expects to elicit limited testimony regarding Mr. Mescudi's belief of the defendant's involvement in this incident to provide context for Mr. Mescudi's subsequent actions, namely, that Mr. Mescudi initiated a meeting at Soho House with the defendant shortly thereafter.  Indeed, Mr. Mescudi is expected to testify that this inference led him to believe that it would be in his best interest to speak with the defendant directly in order to settle their differences.  This brief testimony is relevant to Mr. Mescudi's interactions with the defendant in the aftermath of the aforementioned events, and is no more prejudicial than testimony regarding the break-in and arson.  Accordingly, this statement is also admissible under Rules 401 and 403.

*Finally,* as to Mr. Mescudi's testimony regarding the defendant's apology to him in 2015, the Government will not elicit any speculation from Mr. Mescudi on this matter.  Mr. Mescudi will simply testify as to the defendant's statement to him in 2015 and his understanding of that statement.  This straightforward evidence of the defendant's consciousness of guilt comports in full with Rules 401 and 403.

For the foregoing reasons, the Court should admit the testimony of Mr. Mescudi in full.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   /s
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:     Counsel of record (by ECF)