

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 21, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write to provide additional authority in support of the defense's argument early today that the Court should exclude GX A-629-A. The government proffered the exhibit as containing agency statements from Mr. Combs's head of security, Uncle Pauly, and the Court asked why Uncle Pauly's statements "would … not be admissible under 801(d)(2)(D)." Tr.2147. The answer is simple. The statements at issue do not concern a matter within the scope of Uncle Pauly's agency relationship with Mr. Combs as required by the rule.

    To fall within the exception, the statement must be made by an "agent or employee" concerning a "matter within the scope of that relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). The "scope" requirement is unique and separate from the agency requirement. To satisfy the "scope" requirement, the statement must "relate to … the scope of the individual's duties '*to act*.'" 2 McCormick On Evid. § 259 n.12 (9th ed.) (emphasis added). Or, as the authority repeatedly cited by the government puts it: the agent must have "the authority to take action about which the statements relate." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 538 (2d Cir. 1992); *see also* Tr.1462 (government citing *Pappas*); *United States v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996) (declarant must have authority over "the decision-making process that is the subject matter of the statement."). Circuit courts agree that "not everything that relates to one's job falls within the scope of one's agency or employment." *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 950 (7th Cir. 1998); *see also Litton Systems v. American Tel. and Tel. Co.*, 700 F.2d 785, 816-17 (2d Cir. 1983) ("The fact that [company attorney] summarized what some [company] employees said about other employees in the course of his investigation does not bring the events he summarized within the 'scope of his agency or employment.'").

    The statements at issue simply do not satisfy the "scope" requirement. The statements are mere ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ In other words, the statements convey life advice and have nothing to do with a matter on which Uncle Pauly had authority to act. Indeed, the statements reveal the opposite. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Hon. Arun Subramanian
May 21, 2025

███████████████████████████████████  Such a statement does not concern a "matter within the scope of th[e agency] relationship." Fed. R. Evid. 801(d)(2)(D).

The government's argument for admission is far too broad. It argues "[s]ecurity staff was with the defendant nearly at all times," "so the scope of that employment relationship is really quite broad." Tr.1462-63. That is not how the rule operates. Not every comment made by an employee counts, and "expanding the rule to include statements made by any person who is subordinate to a party opponent"—as the government asks the Court to do here—would "create a loophole in the hearsay rule through which evidence not contemplated by the authors of Rule 801 could be admitted." *United States v. Young*, 736 F.2d 565, 567 (10th Cir. 1983), *cited with approval in Zaken v. Boerer*, 964 F.2d 1319, 1322-23 (2d Cir. 1992).

The government's argument fails for a separate reason. "The party offering evidence of the alleged agent's admission must first prove" the requirements of the rule—i.e., "that the declarant is an agent of the adverse party and the scope of that agency." 2 McCormick On Evid. § 259 (9th ed.). "This may be done directly by the testimony of the asserted agent, by anyone who knows, or by circumstantial evidence." *Id.* The statement can be considered in laying the required foundation "but does not by itself establish … the existence or scope of the relationship." Fed. R. Evid. 801(2). For the statement to be admissible, the government must establish the requisite foundation by a preponderance of the evidence. *See* Fed. R. Evid. 104(a).

The government has not offered any proof on the scope of the agency relationship. The *only* evidence the government has offered so far regarding Uncle Pauly is that he was Mr. Combs's head of security. *See* Tr.466, 1717. That is it. The scope of his agency and authority has not been explored, and the evidence proffered thus far does not establish that he had any authority to "take action about which the statements relate." *Pappas*, 963 F.2d at 538. Thus, even if some chain of logic supported the notion that the statements fall within the scope of Uncle Pauly's agency (there isn't one), the government certainly hasn't offered any evidence demonstrating that is in fact the case here.

Separate from the hearsay rule, Rule 403 also requires exclusion of the exhibit. The probative value of the exhibit must be determined by "comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). The exhibit is unfairly prejudicial and will introduce needless confusion by leaving the entire message to the jurors' imaginations. The exhibit contains inflammatory, misleading hearsay lacking any context or accompanying explanation. Indeed, the government can call a percipient witness to these events (Gina), who can explain the relevant evidence to the jury, but it has elected not to do so for its own eleventh-hour strategic reasons—despite having alleged in the indictment that she was a "victim" and relied on these allegations repeatedly in numerous pretrial motions and in support of its efforts to deny bail. The government should not be allowed to slip in hearsay about Gina without calling her in this unfairly prejudicial manner. It could offer testimony as to what "witnesses actually saw or did," yet it has chosen not to call Gina or any other actual witness to these events and instead offer a "case built on gossip." Tr.1452. The Court should put an end to the

Hon. Arun Subramanian
May 21, 2025

government's strategy, which is no substitute for the truth-seeking function of a trial with actual testimony and real witnesses.

    Respectfully submitted,

    /s/Alexandra A.E. Shapiro
    Alexandra A.E. Shapiro
    Jason A. Driscoll
    SHAPIRO ARATO BACH LLP
    1140 Avenue of the Americas, 17th Fl.
    New York, NY 10036
    (212) 257-4880
    ashapiro@shapiroarato.com
    jdriscoll@shapiroarato.com

    Marc Agnifilo
    Teny Geragos
    AGNIFILO INTRATER
    445 Park Ave., 7th Fl.
    New York, NY 10022
    646-205-4350
    marc@agilawgroup.com
    teny@agilawgroup.com

    Anna Estevao
    HARRIS TRZASKOMA LLP
    156 West 56th St., Ste. 2004
    New York, NY 10019
    (212) 970-6465
    aestevao@harristrz.com

    Brian Steel
    THE STEEL LAW FIRM, P.C.
    1800 Peachtree Street, Ste. 300
    Atlanta, GA 30309
    (404) 605-0023

    Xavier R. Donaldson
    136 Madison Ave, 6th Floor
    New York, New York 10016
    646-772-3334
    Xdonaldson@aol.com

    Nicole Westmoreland, Esq.
    WESTMORELAND LAW, LLC

Hon. Arun Subramanian
May 21, 2025

        132 Cone Street, Suite A
        Atlanta, GA 30303
        Tel: (404) 446-2620
        nw@westmorelandlawgroup.com