

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 19, 2025

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    ***United States v. Combs*, S3 24 Cr. 542 (AS)**

Dear Judge Subramanian:

      The Government writes to join non-party Casandra Ventura's letter opposing the defendant's application for a Rule 17(c) subpoena seeking documents and correspondence regarding Ms. Ventura's settlement with the InterContinental Hotel (the "Subpoena"). As detailed below, and for the reasons set forth in Ms. Ventura's response, the Court should not so-order the requested Subpoena.

      Federal Rule of Criminal Procedure 17(c) authorizes subpoenas seeking admissible evidence or, when they are returnable at trial, impeachment material. *See United States v. Avenatti*, 19 Cr. 373 (PGG), 2020 WL 508682, at *3 (S.D.N.Y. Jan. 31, 2020). With respect to subpoenas for impeachment material, they are only returnable "if and when[] the witness who has made the statement takes the stand and testifies. The defendant only then is entitled to inspect [these] statements . . . ." *United States v. Percoco*, No. 16-CR-776 (VEC), 2018 WL 9539131, at *1 (S.D.N.Y. June 14, 2018); *see also United States v. Giampa*, No. S 92 CR. 437 (PKL), 1992 WL 296440, at *4 (S.D.N.Y. Oct. 7, 1992) (modifying subpoenas for impeachment materials "to make them returnable at the time when [the witness] testifies at trial"). Moreover, such a subpoena must meet all three tests of relevancy, admissibility, and specificity. *See id.* at *2 (finding that subpoenas for impeachment material must comport with standard articulated in *United States v. Nixon*, 418 U.S. 683, 700 (1974)). The requested Subpoena fails these requirements and should not be so-ordered.

      As an initial matter, the Subpoena cannot issue because it fails to meet the *Nixon* standard. (*See* April 18, 2025 Tr. 8 ("The Court applies the standard in *United States v. Nixon*.")). The Subpoena seeks "any demand letters," "any and all correspondence . . . in connection with the demand," and "any and all executed settlement agreements." Subpoenas seeking "any and all" categories of documents generally fail *Nixon*'s specificity test. *See United States v. Mendinueto-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("[S]ubpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*"). Further, the categories of materials sought by the Subpoena further run afoul of *Nixon* given they are plainly inadmissible hearsay and apparently privileged. (*See* May 5, 2019 Ltr. from Douglas H. Wigdor). Finally, even

if admissible, the materials are irrelevant to the charged offenses. Accordingly, the only conceivable purpose of the Subpoena is to obtain impeachment material for Ms. Ventura.

Because the Subpoena seeks only impeachment material, it should also be denied as untimely. Such a Subpoena would only be returnable "if and when" Ms. Ventura testified, and that time has come and gone. *See Percoco*, 2018 WL 9539131, at *1. And even if good cause could excuse the temporal limitation on trial subpoenas for impeachment material—which it cannot—the defendant was aware before Ms. Ventura's testimony that Ms. Ventura had signed a settlement agreement with the InterContinental Hotel. *See* 3501-061. The Government's 3500 material regarding the existence of the settlement agreement could not have been missed or overlooked, given it was an email with no other content aside from information about the settlement. *See id.* Indeed, the defendant obviously had reviewed the 3500 material given that he questioned Ms. Ventura about the settlement agreement during her testimony, eliciting that Ms. Ventura sent a demand to the InterContinental Hotel, reached a settlement prior to the start of trial, and the approximate amount of the expected settlement. Tr. 1356, 1359. Nothing in the defendant's May 19, 2025 letter alters this analysis. Accordingly, the Subpoena is untimely and should not be issued on that basis. In any event, there is no apparent basis to believe that the requested materials would provide any basis for impeachment. *See Percoco*, 2018 WL 9539131, at *2. As set forth in the letter from Ms. Ventura's counsel, Ms. Ventura testified truthfully regarding her demand to, and settlement with, the InterContinental Hotel. (*See* May 5, 2019 Ltr. from Douglas H. Wigdor).

The defendant has offered no factual explanation or legal authority for his late request. The defendant has demonstrated that he undoubtedly knows how to obtain impeachment material via Rule 17 subpoena and the requisite timing for doing so. Moreover, the defendant was on notice of the settlement agreement prior to trial and cross-examined Ms. Ventura about the settlement. In short, the defendant has utterly failed to articulate any reason for the Subpoena to issue after Ms. Ventura has already truthfully testified about the settlement as part of a days-long vigorous cross-examination. The defendant should not be allowed to continue to harass Ms. Ventura in such a fashion. *See* 18 U.S.C. § 3771(a)(8) (setting forth crime victim's right to be treated with fairness and with respect for dignity and privacy).

      For the reasons set forth above, the Government joins in Ms. Ventura's objection and respectfully requests that the Court refrain from so-ordering the Subpoena.

      Respectfully submitted,

      JAY CLAYTON
      United States Attorney

By:   /s                      
      Maurene Comey / Meredith Foster /
      Emily A. Johnson / Christy Slavik /
      Madison Reddick Smyser / Mitzi Steiner
      Assistant United States Attorneys
      (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record (by email)
       Douglas H. Wigdor, Esq. (by email)