

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 28, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We submit this letter on behalf of Mr. Combs in response to the government's letter regarding its proffered summary charts. The Court should reconsider its ruling with respect to GX 1404, 1405, 1408, and 1409, and exclude those charts, and should also exclude GX 1402, 1406, 1407, 1410, and 1411 because none of these exhibits qualify under amended Rule 1006 as proper summary charts. The government's arguments to the contrary are unsupported and misleading.

    *First*, the government's letter relies heavily on old cases that the Rules Advisory Committee specifically intended to abrogate through the 2024 amendments. Amended Rule 1006 and new Rule 107 were created to correct "misperceptions about the operation of [summary evidence]." Fed. R. Evid. 1006, advisory committee notes to 2024 amendments. The government cites *United States v. Ho*, 984 F.3d 191 (2d Cir. 2020), and a line of cases on which it relied, as well as district court decisions citing *Ho*. *See* Ltr. 3-4 (citing, *e.g.*, *United States v. Parnas*, No. 19 Cr. 725 (JPO), 2022 WL 669869 (S.D.N.Y. Mar. 7, 2022)). However, to the extent *Ho* was binding on this issue, it is no longer authoritative in the wake of the 2024 amendments. As we explained in our May 21, 2025 letter, *Ho* specifically affirmed the admission of summary charts only because the trial court "instruct[ed] the jury … that it [was] not to consider the charts as evidence." 984 F.3d at 210. The Advisory Committee has made clear that is no longer good law. The government says the point of the amendment was to stop courts from telling juries that 1006 charts are not evidence, but in fact the Advisory Committee sought to correct not only the errors being made about whether Rule 1006 evidence was actual evidence, but—more importantly—because courts were admitting charts beyond what Rule 1006 permitted. While courts were avoiding the hard questions presented by the rule by sweeping them under the rug—i.e., telling the jury the charts were not evidence anyway—that is no longer the case, and courts must now ensure that proposed summary evidence is properly being offered "to prove the content" of voluminous evidence. Fed. R. Evid. 1006. The government's charts are not.

The government also cites cases for the proposition that charts can be argumentative, but it concedes the Advisory Committee notes instruct that summary charts "must also pass the balancing test of Rule 403," including by "accurately reflect[ing] the underlying voluminous evidence," and avoiding unduly "argumentative" charts. Ltr. 2 (quoting Fed. R. Evid. 1006, advisory committee notes to 2024 amendments). Whereas courts were previously able to sidestep these issues by relegating summary evidence to a lower evidentiary status, now that charts must be admitted as evidence it is more likely they will mislead and confuse the jury and give rise to unfair prejudice when argumentative in nature.

*Second*, the government misled the Court by suggesting that courts in this district have rejected Mr. Combs's arguments even in the wake of the 2024 amendments. In fact, none of the cases the government cites actually considered similar arguments. The government relies heavily on *United States v. Menendez*, but that case "was tried in the summer of 2024" when the amended version of Rule 1006 and new Rule 107 did not apply. 759 F. Supp. 3d 460, 520 (S.D.N.Y. 2024). The government argues that Judge Stein "necessarily reasoned that the charts were admissible under the amended version of the rule," Ltr. 5, because similar charts were also admitted in the 2025 trial of co-defendant Nadine Menendez, but Judge Stein was never confronted with the arguments Mr. Combs makes here. In fact, Nadine Menendez withdrew her objections to the government's summary charts. *See United States v. Nadine Menendez*, 23 Cr. 490 (SHS) (S.D.N.Y.), ECF 781 at 2-3 ("Given the Government's proffer that the summary charts it has compiled are materially indistinguishable from summary charts that the Court previously ruled were admissible, and upon review of the Court's prior rulings relating to the application of F.R.E. 1006 to such exhibits, we have withdrawn such objections.").[1] Thus, Judge Stein never considered how the amended rules might apply. The courts in the other post-amendment cases the government cites similarly did not consider Mr. Combs's arguments. *See United States ex rel Bassan v. Omnicare*, 15 Civ. 4179 (CM) (S.D.N.Y. Mar. 24, 2025), ECF 693 (identifying no basis for objections to government's summary charts); *United States v. Thomas Rodriguez*, 22 Cr. 641 (PMH), Trial Tr. 657 (S.D.N.Y. May 22, 2025) ("MS. ONG: Your Honor, the government offers Government Exhibit 1100-A pursuant to Rule 1006. MR. DeMARCO: No objection."); *United States v. Ephron*, 24 Cr. 418 (MMG), Trial Tr. 1302 (S.D.N.Y. Apr. 14, 2025) ("MS. McCREA: I am going to move to introduce this chart into evidence. MR. ALLISON: No objection."); *United States v. Tavberidze*, 23 Cr. 585 (JSR), Trial Tr. 169 (S.D.N.Y. Dec. 3, 2024) ("MR. BERGER: Your Honor, the government offers Government Exhibits 503A and 503B as summary charts under Rule 1006. THE COURT: Any objection? MS. SHELLOW: No, your Honor."). We respectfully request that the Court reconsider its ruling to the extent it relied on the government's discussion of these cases, which do not support the government's arguments.

*Third*, the government repeatedly suggests the defense can cross examine any summary witness "presenting the chart regarding any perceived inaccuracies or cherry-picking." Ltr. 6.

---

[1] Indeed, the arguments the government made in that case to support admission of the charts did not address the 2024 amendments. *See United States v. Nadine Menendez*, 23 Cr. 490 (SHS) (S.D.N.Y.), ECF 775 at 5-7.

Hon. Arun Subramanian
May 28, 2025

Page 3

That is not true. When presenting these charts, the government typically relies on the testimony of a paralegal or investigator from its office who is otherwise uninvolved in the case. These individuals normally concede they had no discretion in selecting the contents of the charts and merely followed the prosecutors' or case agent's instructions. They have no knowledge of the underlying contents or what might be missing and cannot lay a foundation for the admission of evidence that might be missing. Cross examination is thus no remedy. To the extent the defense would need to explore additional evidence on cross examination, it would entirely defeat the government's purported saving of trial time as the defense would need to walk the jury through every piece of evidence missing from the charts—which it will be forced to do here should the charts be admitted.

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Hon. Arun Subramanian
May 28, 2025

        Xavier R. Donaldson
        136 Madison Ave, 6th Floor
        New York, New York 10016
        646-772-3334
        Xdonaldson@aol.com

        Nicole Westmoreland, Esq.
        WESTMORELAND LAW, LLC
        132 Cone Street, Suite A
        Atlanta, GA 30303
        Tel: (404) 446-2620
        nw@westmorelandlawgroup.com