

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 18, 2025

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      In connection with the testimony of Dawn Richard, which is expected to continue on Monday, May 19, 2025, the Government writes briefly regarding the parties' remaining disputes. The parties have reached agreement that Ms. Richard should be permitted to testify regarding her observations of the defendant's abuse of Ms. Ventura. However, the defense continues to object to the introduction of threats by the defendant to Ms. Richard regarding her observations of such abuse. For the reasons stated on the record on Friday and below, the Court should not reconsider its ruling that the Government be permitted to elicit Ms. Richard's testimony relating to threats by the defendant, which was the subject matter described in subparagraph 5(d) of the April 20, 2025 Enterprise Letter. (*See* May 16, 2025 Tr. 1370, 1471).[1]

      After the Court denied the defendant's application to preclude Ms. Richard's testimony, the defendant renewed his objection when Ms. Richard testified regarding threats the defendant made against her and another individual after they witnessed the defendant attack Ms. Ventura with a frying pan.[2] (*Id.* at 1411). In addition, Ms. Richard is expected to testify regarding two additional instances where the defendant threatened Ms. Richard in connection with the physical abuse she witnessed.[3] Specifically, Ms. Richard is expected to testify that, on occasion, after

---

[1] That subparagraph states the following: ████████████████████████████████████████

[2] Ms. Richard's statements regarding the defendant's threats to her immediately after this incident of abuse in 2009 were disclosed to the defense in the Government's initial 3500 production on March 21, 2025, as well as subsequent productions. (*See* 3574-006 at 6 (Oct. 31, 2025); 3574-007 at 5 (Mar. 18, 2025); and 3574-012 at 2 (Apr. 17, 2024)).

[3] Ms. Richard's statements regarding these additional threats was disclosed to the defense in the Government's initial production of 3500 materials on March 21, 2025, as well as subsequent

observing violence by the defendant against Ms. Ventura, Ms. Richard would encourage Ms. Ventura to leave her relationship with the defendant and/or to independently pursue her career despite the defendant's efforts to the contrary. In response, the defendant, threatened Ms. Richard and told her, in substance, to mind her own business. Harve Pierre, then-president of Bad Boy Records, made similar statements to Ms. Richard.[4] ███████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
█████████ The defense objects to Ms. Richards's testimony regarding these threats by the defendant and Mr. Pierre.[5]

    The Court noted at the end of the trial day on Friday that it would take under advisement the defense's late-breaking objection to Ms. Richard's testimony under Federal Rule of Evidence 403. (May 16, 2025 Tr. 1431). The Court should not reconsider the admissibility of Ms. Richard's testimony. As stated on the record, Ms. Richard's testimony about the defendant's threats regarding disclosure of abuse is powerful evidence of Count Two.[6] (*Id.* at 1424:3-1426:15, 1432:22-143:11). Specifically, the Government will argue that the defendant's threats to Ms. Ventura and others who witnessed the abuse is evidence of the defendant's guilty conscience and the lengths to which the defendant went to conceal his unlawful conduct. *See United States v. Cummings*, 858 F.3d 763, 773 (2d Cir. 2017) (finding defendant's death threat admissible "as evidence of [the defendant's] consciousness of guilt" as well as statement of a party opponent under Rule 801(d))"); *United States v. Mickens*, 926 F.2d 1323, 1329 (2d Cir. 1991) (testimony regarding defendant's threats to intimidate a key prosecution witness was admissible as "probative

---

productions. (*See* 3574-007 at 4 (Mar. 18, 2025); 3574-011 at 2 (Apr. 8, 2025); and 3574-012 at 2 (Apr. 17, 2025)).

[4] The statements of Mr. Pierre are admissible as statements made by the defendant's employees and agents, under Federal Rule of Evidence 801(d)(2)(D)-(E).

[5] As the Government has informed the defense, Ms. Richard is not expected to testify regarding significant other criminal conduct she experienced or observed. Specifically, consistent with the Court's April 25, 2025 Order, *see* Apr. 25, 2025 Tr. 45:19-24, 51:1-8, the Government significantly curtailed Ms. Richard's testimony to exclude any testimony regarding forced labor. As a result, the Government does not intend to elicit any testimony regarding, *inter alia*, Ms. Richard's work conditions during the course of her employment for the defendant from 2004 to 2011, threats made by the defendant to Ms. Richard regarding work demands, the defendant's sexual harassment of and misconduct towards Ms. Richard, and a 2010 incident during which the defendant attempted to assault Ms. Richard and she was falsely imprisoned.

[6] The Government further maintains that this testimony is properly admissible to prove Count One. As the Government stated on the record, both the speaking allegations in the Indictment and February 1, 2025 Enterprise Letter provided ample notice to the defendant that the alleged means and methods of the Enterprise included the defendant's use of threats to silence those who witnessed his abuse of Victim-1. (*See, e.g.*, S3 Indictment ¶¶ 12(j) and (k)).

of [the defendant's] state of mind."). Moreover, the defendant opened the door to Ms. Richard's testimony regarding threats by arguing in opening that Government witnesses were not credible because, *inter alia*, they did not report the abuse at the time. (May 12, 2025 Tr. 147-48). *See Weyant v. Okst*, 182 F.3d 902, 1999 WL 491866, *3 (2d Cir. 1999) (affirming district court "reassess[ing] the Rule 403 balance" in light of defense counsel's opening statement and concluding that there was "no longer a substantial risk of prejudice that would be unfair."); *id.* (noting that the "unrelated principle that statements by counsel are not evidence . . . does not give counsel license to make improper arguments in his opening statement.").

Rule 403 does not provide a basis to preclude the testimony. As stated above, Ms. Richard's testimony regarding the defendant's threats is highly probative of the defendant's course of conduct towards Ms. Ventura and how he prevented his criminal activity from being detected. Moreover, Ms. Richard's anticipated testimony is in no way more shocking or prejudicial than other evidence introduced in support of Counts One and Two, including detailed witness testimony and video evidence of the defendant's violence, threats, and coercive behavior towards Ms. Ventura and testimony regarding his threats and violence towards others. *See United States v. Pitre*, 960 F.2d 1112, 1120 (2d Cir. 1992) (quoting *United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990) (admission of evidence appropriate where the offered evidence "did not involve conduct any more sensational or disturbing than the crimes with which [the defendants were] charged."); *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995). Finally, to the extent the defendant believed that evidence of subsequent threats to others was inadmissible, he waived such objection by declining to move to preclude such testimony in advance of trial and affirmatively asserting in his opening statement that witnesses to the abuse should not be credited because of their failure to report the abuse to law enforcement. *See Weyant*, 182 F.3d at *3. Ms. Richard's testimony regarding the threats made by the defendant to her personally directly rebuts such an argument and must be admitted.

The Government remains available to answer any further questions of the Court.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: \_\_\_/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284