# Teny Geragos

| | |
|---|---|
| **From:** | Teny Geragos |
| **Sent:** | Monday, May 26, 2025 9:58 PM |
| **To:** | SubramanianNYSDChambers; Comey, Maurene (USANYS); Johnson, Emily (USANYS) 2; Foster, Meredith (USANYS); Mitzi Steiner; Smyser, Madison (USANYS); Slavik, Christy (USANYS) |
| **Cc:** | Marc Agnifilo; Alexandra Shapiro; Jason A. Driscoll; Anna Estevao; nw@westmorelandlawgroup.com; xdonaldson; thesteellawfirm |
| **Subject:** | US v. Combs - 5/27/25 Trial Issues |

Dear Chambers and Judge Subramanian:

Tomorrow, we expect that the government will call Capricorn Clark, a witness from LAFD and a witness from LAPD.

Jimenez
With respect to the LAFD witness, Jimenez, the government is planning to move to preclude the defense from cross-examining Jimenez that the source of the DNA from the bottle of the alleged Molotov cocktail is female. We understand this motion is based on hearsay, and 403. We would like to orally respond to the government's motion, once it is filed, in court tomorrow morning. Jimenez was leading the investigation, submitted the DNA for testing, and knew that it returned results consistent with a female. Given Jimenez's personal knowledge of this fact, and given that the government has charged a racketeering act of arson against Mr. Combs related to this incident, we believe that it is admissible to ask about in cross-examination. To the extent that the government may argue that this is not relevant, admissible, or may confuse the jury, the government already put this information into the grand jury.

Clark
With respect to Ms. Clark, the defense has conferred with the government multiple times regarding her testimony. And, in compliance with the Court's order, has disclosed numerous exhibits related to Ms. Clark. We plan to use the majority of these to refresh the witness's recollection. However, if we decide we would like to admit these on cross-examination, these exhibits are relatively short, and will not unduly disrupt the trial to decide in the context of Ms. Clark's testimony. Rather than go through all exhibits one by one prior to her testimony, we think that any objections are better raised in the context of her testimony, after the direct has completed.

Ms. Steiner may have hearsay issues to bring to the Court regarding Ms. Clark's testimony in the morning.

Respectfully,
Teny



**Teny Geragos**
Partner, Agnifilo Intrater LLP
445 Park Avenue, 7th Floor | New York, NY 10022
o: (646) 205-4351 |
teny@agilawgroup.com
www.agilawgroup.com