

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 2, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

  For the reasons set forth below, the Government respectfully submits that the Court should admit GX 10C-114 as an exhibit, not just as a demonstrative.[1]

  As an initial matter, GX 10C-114 is highly probative evidence of the force and coercion used by the defendant to cause Casandra Ventura to engage in a commercial sex act. While the four videos making up the exhibit are already in evidence, viewing them in isolation fails to present a full picture of the entire sequence of events. The compilation instead permits the jury to view this critical video evidence in one exhibit without lining up exhibits and time stamps on its own. The defendant has objected to the exhibit's admission under Rule 403, calling GX 10C-114—an unenhanced sequencing of admitted exhibits—as "extremely prejudicial." Tr. 3638. Because the exhibit contains no additional enhancements or editing, however, the defendant's objection is that the mere chronological ordering of video footage, which has already been admitted into evidence, is prejudicial.[2] To the contrary, there is no additional prejudice to compiling admitted exhibits into a format that is helpful to the jury—let alone the *undue* prejudice that is required to exclude some of the most probative evidence of force and coercion for Count Two. *See United States v. Mario Powell*, 18 Cr. 287 (PAE), Tr. 131-37 (overruling objection to chronological compilation of videos with differing timestamps that would "materially assist the jury" and noting that

---

[1] Pursuant to the Court's ruling, the Government created a compilation featuring the original cellphone video, rather than the corrected cellphone video that was used in GX 10C-112. GX 10C-114 will be provided to the parties and the Court this evening.

[2] In arguing for the compilation to be excluded, the defendant also cited the fact that its components have different time stamps. Tr. 3638. That argument has no merit. There is nothing about individual camera angles having different timestamps that render a compilation unreliable. Indeed, the camera angles from the individual video clips record some of the same events from overlapping angles, making it plain to the viewer how the various camera angles relate to each other and record the same events, despite any difference in timestamps. Moreover, to the extent that the defendant wishes to challenge any aspect of the compilation, he can cross-examine the witness who prepared the compilation.

compilation "does itself not contain any evidence that the Court has not previously held admissible" so it would not "put before the jury new material with the capacity, say, to be unfairly prejudicial or confusing"); *United States v. Siri-Reynoso*, 17 Cr. 418 (CM) (S.D.N.Y. 2018), Tr. 433 (overruling objection that compilation videos for murder case showing the path of the shooter, the getaway car, and one of the eyewitnesses across different cameras and times was "cumulative"); Tr. 720 (in response to renewed objection, Court ruled "any objection is overruled because . . . it is not a particularly viable objection."); *see also United States v. Simmons*, 22 Cr. 399 (VEC) (admitted over defense objection).

Indeed, compilation videos such as GX 10C-114, including such compilations that feature similar enhancements to those included in GX 10C-113, are routinely admitted at trials in this District to assist the jury. *See, e.g., United States v Ephron*, 24 Cr. 418 (MMG); *United States v. Perez*, 23 Cr. 99 (LJL); *United States v. Kelly*, 23 Cr. 113 (GHW); *United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (audio compilation); *United States v. Rodriguez*, 22 Cr. 316 (JSR); *United States v. Nunez*, 22 Cr. 293 (JPO); *United States v. Ferguson*, 22 Cr. 135 (RMB); *United States v. Jones*, 21 Cr. 505 (ER); *United States v. Scott*, 21 Cr. 429 (AT); *United States v. Ramirez*, 20 Cr. 22 (JMF); *United States v. Orelien*, 20 Cr. 636 (RMB); *United States v. Christoper and Wade*, 19 Cr. 875 (SHS); *United States v. Saunders*, 19 Cr. 679 (LGS); *United States v. Caban*, 19 Cr. 166 (VEC); *United States v. Pabon*, 18 Cr. 319 (SHS); *United States v. Felton*, 17 Cr. 21 (WHP); *United States v. Tartaglione*, 16 Cr. 832 (KMK); *United States v. Torres*, 16 Cr. 809 (VM).

For the reasons stated above, GX 10C-114 should be admitted as an exhibit.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record (by ECF)