

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 1, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We write to oppose Mia's, Ms. Ventura's, and the government's motions to quash compliance with the subpoena addressed to Mia ordered by the Court on May 31, 2025. Neither Ms. Ventura nor the government raise proper arguments in their motions, and Mia's arguments are meritless. The subpoena is proper under Rule 17(c).

    For criminal defendants, Rule 17 has a constitutional dimension and "implements the Sixth Amendment right to … compulsory process." 2 Wright & Miller, Fed. Prac. & Proc. Crim. § 271 (4th ed.). "To ensure that justice is done, it is imperative to the function of courts that compulsory process be available for the production of evidence needed either by the prosecution or by the defense." *United States v. Nixon*, 418 U.S. 683, 709 (1974). Mr. Combs requested the at-issue subpoena because Mia's testimony—like the testimony of other witnesses—confirmed that certain of the government's witnesses routinely communicated with each other leading up to trial. Indeed, it is clear from the record that Mia and other witnesses communicated with Ms. Ventura during this trial. Mia testified, regarding communications with Ms. Ventura, that "sometimes we'll talk *all the time*" and in fact "texted a couple days ago." Tr.3428 (emphasis added). Mia further testified Ms. Ventura was "not only [her] best friend but a sister to [her]." Tr.3477. It is clear Mia and Ms. Ventura are incredibly close. That fact, combined with their willingness to communicate with each other even during the trial (despite the troubling optics), makes it likely that they discussed the case or their testimony. Although Mia testified she did not communicate with Ms. Ventura regarding her testimony, we don't need to take Mia's word for it—as Mia, Ms. Ventura, and the government request. Indeed, the existence of responsive materials suggests there is more to the story. The defense is thus entitled to seek—through properly tailored subpoenas—communications that are inconsistent with these witnesses' representations on the stand that they did not communicate regarding their views of the defendant, the substance of their testimony, or any other facts relevant to this case. The at-issue subpoena does just that.

    The instant subpoena clearly satisfies Rule 17(c)(2) and is even more specific than the subpoena ordered in *Tucker*. There, the defendant's inquiry was limited to telephone

Page 2

Hon. Arun Subramanian
June 1, 2025

communications; here, Mr. Combs seeks a limited set of written communications substantively related to this trial and/or the witnesses' testimony. The materials sought will necessarily be material to the defense given Mia's denials that she communicated with Ms. Ventura regarding the case or her testimony. *See United States v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008) ("Impeachment … is clearly material to [the] defense."). Indeed, the government's own cited authority held that such impeachment evidence "is properly within the scope of [a] Rule 17(c) subpoena," even under *Nixon*. *United States v. Ferguson*, 2007 WL 4577303, at *3 (D. Conn. Dec. 26, 2007) (ordering subpoena returns for *in camera* inspection). Mia's cited authority held the same. *See United States v. Avenatti*, 2020 WL 508682, at *3, 6 (S.D.N.Y. Jan. 31, 2020). And to the extent the communications reveal evidence about the case, such evidence "may be material to [Mr. Combs's] defense." *Tucker*, 249 F.R.D. at 66. Nor would production be "unreasonably onerous." *Id.* The requests are incredibly narrow and cover a short time period. Indeed, the Court already ordered compliance with the subpoena and Mia produced responsive documents that were not at all voluminous—they apparently consist of only 22 pages.[1]

None of Mia's arguments to the contrary persuade. First, this is not an untimely request and the defense did not sandbag Mia or her counsel. Rule 17 does not require subpoenas to be submitted in advance of a witness's direct testimony. And even if Rule 17 required a witness to still be on the stand (it does not), Mia is still on the stand and can be questioned about documents responsive to the subpoena. She gave testimony at trial on Friday and the defense immediately subpoenaed documents in response to that testimony; the application was clearly timely. Moreover, contrary to Mia's counsel's representations, the defense emailed Mr. Ferrara on April 18, 2025 at 8:17 PM requesting to confer on narrowed subpoena requests. It was Mr. Ferrara, however, that "simply never followed up." Ferrara Ltr. 1. Second, while Mia argues that the questioning thus far has not properly established the foundation for a possible impeachment, that is incorrect.[2] Mia testified that she did not speak with Ms. Ventura about the substance of their testimony, and she further testified that she "just texted about personal stuff and just saying I love you." Tr.3428. The fact that Mia has produced *any* communications responsive to the narrow subpoena request demonstrates that her testimony was likely false, since the subpoena only called for recent communications "regarding [Mr.] Combs, [the above-captioned case], or meetings with prosecutors regarding the investigation of or testimony in the case." Finally, Mia's Rule 403 argument should be rejected out of hand. There is no way to even weigh such an argument prior to seeing the messages, and because the messages could directly undermine Mia's credibility and contradict her testimony, Rule 403 is unlikely to present any bar to their use at trial.

---

[1] The government and Ms. Ventura cite *United States v. Constantine*, 2023 WL 3045408 (S.D.N.Y. Apr. 21, 2023), but that case is inapposite. The subpoena there sought materials in anticipation of sentencing, and the court gave four separate reasons as to why the subpoena did not satisfy Rule 17(c), including untimeliness, attorney-client privilege, and relevance. *United States v. Afsharjavan*, 2015 WL 5047438 (E.D. Va. Aug. 26, 2015), concerned a pre-trial subpoena request that failed *Nixon*.

[2] Mia cites testimony at Tr.3427-28 and incorrectly suggests this line of questioning was defense questioning. But the questioning was actually from the government. In any case, Mia's suggestion that words like "speak" and "talk" do not implicate text communications is ridiculous. Even the Court's instructions to the jury are phrased in such terms. Tr.3502 ("Don't speak to each other about the case. Don't talk to anyone else about the case.").

Page 3

Hon. Arun Subramanian
June 1, 2025

  Ms. Ventura's and the government's arguments are regarding Rule 17(c)(3) are baseless. The 2008 Amendment to Rule 17 allows a victim to move to quash a subpoena only in limited circumstances: "when the defense subpoenas a third party to provide personal or confidential information about [the] victim." Fed. R. Crim. P. 17, advisory committee notes to the 2008 Amendment. This limited "protective mechanism" aimed at guarding a victim's "dignity and privacy" is not implicated by the instant subpoena, which does not seek the type of confidential information protected under the rule, such as a victim's "medical or school records." *Id.* Rather, the subpoena seeks written communications between Mia and Ms. Ventura from March 2025 through the present regarding Mr. Combs, the above-captioned case, or testimony in this case. Tellingly, Ms. Ventura does not even attempt to argue that the subpoenaed materials could contain "personal or confidential" information within the meaning of Rule 17(c)(3). Neither does the government. They therefore waived the argument, which would not be persuasive in any case given the nature of the records sought. For this reason as well, neither Ms. Ventura nor the government has standing to challenge the subpoena. *See United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000) (concluding the government lacked standing to challenge subpoena and observing "[a] party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter.").

  Ms. Ventura's argument that the subpoena is improper as an "attempt to circumvent [Mr. Combs's] failure to timely subpoena and question Ms. Ventura," fails. Even if that were a basis to quash any subpoena to Ms. Ventura—and it is not—it has nothing to do with the present question. Mia's testimony and credibility are independently at issue, and Mr. Combs is entitled to subpoena evidence that would impeach her credibility regardless of whether the materials could have been used during Ms. Ventura's testimony.

* * *

  For the foregoing reasons, the Court should order production of the responsive documents to the defense. Separately, Mia notes she has produced all "non-privileged communications responsive to the Subpoena," but no documents responsive to the subpoena could possibly be protected by any privilege because they are communications between Mia and Ms. Ventura, not any lawyer. If any documents were improperly withheld based on a privilege, the Court should order production of such documents as well.

            Respectfully submitted,

            <u>/s/Alexandra A.E. Shapiro</u>
            Alexandra A.E. Shapiro
            Jason A. Driscoll
            SHAPIRO ARATO BACH LLP
            1140 Avenue of the Americas, 17th Fl.
            New York, NY 10036

Hon. Arun Subramanian
June 1, 2025

(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com
Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com