

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 3, 2025

**VIA EMAIL**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

   The defense respectfully submits this letter in response to the government's objections to certain exhibits we intend to offer during the cross-examination of government witness Bryana ("Bana") Bongolan and a potential topic of cross-examination, and to object to two government exhibits we understand the government intends to introduce through this witness.

   *First*, the defense intends to introduce several photographs during the testimony of Ms. Bongolan. These exhibits are relevant because they rebut the government's arguments that Mr. Combs prevented Ms. Ventura from pursuing her career and controlled it.  The exhibits are physical evidence demonstrating Ms. Ventura's work on her music, as well as other business activities that she pursued independent of Mr. Combs, and while working with Ms. Bongolan.

- DX652. This is album art from Ms. Ventura's song, "Love A Loser."  As explained in our prior brief and argument, this art was designed by Ms. Ventura to promote the song.  *See* Dkt. 352 at 2.  Ms. Bongolan claims to have helped design this album art.

- DX1875. This is a flyer that Ms. Ventura posed for and helped create, which was distributed to people to market and promote a clothing brand she and Ms. Bongolan collaborated on, Diamond Supply Co.  Mr. Combs had nothing to do with this, and Ms. Ventura chose how to present herself on the flyer to promote the brand.  It shows that she is engaged in business activities on her own, independent of Mr. Combs, contrary to the government's narrative.

   Rule 412 does not provide a valid basis for objection to DX652 or DX1875.  This is not evidence "offered to prove that a victim engaged in other sexual behavior" or "sexual predisposition."  Fed. R. Evid. 412(a)(1), (2).  To begin with, the exhibits do not exhibit any "sexual behavior" at all.  And this evidence is offered for a specific, non-prohibited use: to rebut the government's arguments about whether Ms. Ventura was somehow coerced to participate in FOs because Mr. Combs thwarted her ability to pursue her career.  The exhibits depict Ms.

Hon. Arun Subramanian
June 3, 2025

Ventura as she decided to present herself in cover art promoting a song and on clothing she
designed with Ms. Bongolan, in connection with their company, which was independent of Mr.
Combs.

*Second*, the government objects to two text messages, which are both admissible.

- DX1855.  The government objects to the last two bubbles on this text message chain
  between Ms. Bongolan and Ms. Ventura, claiming that the message "Let u know bout
  drugs later," and the response, "No worries," are inadmissible hearsay.  This is
  incorrect.  The first message is a statement of future intent, in which Bana describes
  what she is planning to do in the future.  It is thus admissible under Rule 803(3) and
  the *Hillman* doctrine.  The responding message is not a "statement" within the
  meaning of Rule 801(a), as it does not assert anything and is not being offered to
  prove the truth of any matter asserted.

- DX1856.  The government objects to these two messages from Mr. Combs to Ms.
  Bongolan, claiming that they are hearsay and invoking Rule 403. The messages are
  not hearsay.  They are admissible to show Mr. Combs's state of mind and to show the
  effect on the listener.  Mr. Combs is expressing that he is not happy with Ms.
  Ventura's drug use with Ms. Bongolan ("When friends get high with each other there
  not supposed to let there friends fuck up and try to stop them"; "REAL WACK").
  These statements are admissible under Rule 803(3).  The remaining portion reflects a
  directive ("If you gonna do k with her Atleast have her back").  "Questions and
  commands are ordinarily not hearsay because they are not offered for the truth of the
  matter asserted."  *United States v. Kuthuru*, 665 F. App'x 34, 38 (2d Cir. 2016)
  (summary order); *see United States v. Coplan*, 703 F.3d 46, 84 (2d Cir. 2012).  That
  there is an implicit assertion—that the two were taking drugs together—does not
  render such a directive an inadmissible hearsay statement.  *See, e.g.*, *Torry v. City of
  Chicago*, 932 F.3d 579, 585 n.5 (7th Cir. 2019) (Barrett, J.).

*Third*, the government objects to the defense cross-examining Ms. Bongolan about
certain prior fights she had with her girlfriends.  This evidence is relevant to our defense as to the
incidents of violence she is anticipated to testify about, and to impeach her testimony about Mr.
Combs's alleged conduct.  If the Court requires additional information, we would be happy to
make a more detailed proffer *ex parte*, but any additional detail cannot be disclosed to the
government at the juncture without undermining the effectiveness of the cross-examination in
exposing the truth to the jury.

*Fourth*, the defense objects to the government's introduction of two photographs under
Rules 401 and 403.

Hon. Arun Subramanian
June 3, 2025

- GX3S-105.  The government advised us that this is a photo shoot at Mr. Combs's house on April 24, 2016, when Ms. Bongolan alleges that he threatened her. However, it is unclear who is in the photo or why it is relevant to her testimony about this incident.

- GX3S-106.  This is a photo of Ms. Ventura and Ms. Bongolan, when, according to the government, they went shopping. But it is unclear what the relevance is of this social media post (which contains hearsay), and why it would not be cumulative.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

</div>

Hon. Arun Subramanian
June 3, 2025

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com