Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 8, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

     The defense respectfully submits this letter in further support of the renewed objections to GXE-331-F-R and GXE-331-H-R we raised following the continued direct examination of "Jane" on Friday, June 6, 2025, and to provide important legal context for any further rulings on similar issues.

     *First*, the defense reiterates and preserves the evidentiary objections it previously made to these exhibits,[1] which the Court overruled, Tr.4660-61.

     *Second*, the exhibits should be stricken because Jane's direct examination on June 6 demonstrated that whatever minimal probative value these notes have is substantially outweighed by the risks of misleading the jury and unfair prejudice to Mr. Combs. Fed. R. Evid. 403. During the direct, the government elicited testimony to support its "fraud" theory. Tr.4935, 4939. For example, Jane testified that "he would say that we would do these things, just trips, traveling, dinners, date nights, just the quality time," and that it upset her that he was doing these things with other women, but mostly just did "hotel nights" with Jane. Tr.4861-62; *see also* Tr.4851 (promising "[d]ate nights, togetherness, quality time, just whatever I wanted to do"); Tr.4773-74 ("I expected just quality time with my partner. Just – just a birthday celebration, dinner, us, sex, togetherness."). In essence, the government's theory appears to be that Combs defrauded Jane by inducing her to do hotel nights by leading her to believe that the relationship would involve more dates, trips, and "quality time" than she ended up receiving.

     The government argues that GXE-331-F-R and GXE-331-H-R, which were not communicated to Combs and in which she repeatedly calls him a "liar," are relevant to proving

---

[1] *See* June 5, 2025 Ltr. re Jane Exhibits; Tr.4519-26; Tr.4655-60.

Hon. Arun Subramanian
June 8, 2025

this fraud because, it claims, her subjective beliefs are critical to the materiality requirement: "[I]t goes to whether or not she feels she has been lied to and whether or not that lie matters to her. Because in order to prove sex trafficking by fraud, we have to prove that the lie was material. And one of the ways we know it was material is by understanding what was going on in the victim's mind at the time. And in this note shows *in her mind she felt she had been lied to*, and it was material enough that she wrote it down repeatedly in her note." Tr.4935 (emphasis added). *See also* Tr.4939 ("[T]he purpose of the exhibit, the argument that the government intends to make is the jury can use it to infer that Jane felt deceived, and *it mattered to her, and it was material to her* that the defendant had told this lie that the defense is going to argue is just a lie about another woman. But to Jane, it was much more and it was material."); Tr.4935 (discussing importance of "whether or not *Jane in fact felt* defrauded").

There are several problems with this argument.

<u>Limited probative value</u>. For starters, the probative value of Jane's personal feelings have limited probative value, particularly where Jane did not share those feelings with Mr. Combs but merely noted them in a diary. The issue for the jury as to the element of "force, fraud, or coercion" is the *defendant*'s state of mind. There are two mens rea elements in the sex trafficking statute. The government must prove that the defendant (i) "knowingly" committed an act described in 18 U.S.C. § 1591(a)(1) to induce a commercial sex act, and (ii) did so "knowing, or…in reckless disregard of the fact that means of force, threats of force, fraud, coercion…or any combination of such means will be used to cause" the alleged victim to engage in a commercial sex act. *Id.* § 1591(a). *See also* 2 Leonard B. Sand et al., Modern Federal Jury Instructions-Criminal, Instruction 47A-18 (requiring proof of defendant's knowledge "that force, fraud, or coercion would be used"); *id.* Instruction 47A-21 (same).

Thus, the principal focus of the jury's analysis as to this element must be Mr. Combs's state of mind, not Jane's. And materiality for these purposes is an objective standard, as the government apparently concedes. *See* Govt's Requests to Charge at 17 ("The term 'fraud' means that a misstatement or omission of a material fact that was knowingly made to entice another person. *A material fact is one that would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision*.") (emphasis added); *accord* 2 Sand, Criminal Instruction 47A-21. This is particularly important given the context here—a sexual relationship in which Mr. Combs disclosed up front that he would not be monogamous, and Jane willingly accepted those terms. Tr.4574 ("He had made it really clear to me that…he was seeing multiple women" and "I was okay with it…Because I liked him"; "I understood that on his end, it was an open relationship.").

The emphasis on Mr. Combs's state of mind and what a reasonable person would think is material is of particular importance in the unusual context of the sex trafficking charge related to Jane. Apparently, the government will contend Jane participated in "hotel nights" in reliance on

Page 3

Hon. Arun Subramanian
June 8, 2025

promises about trips or dates that sometimes, or often, didn't materialize—but sometimes did, as the evidence about some of the dinner dates and the subsequent trip to Turks demonstrates. Much of this evidence, in other words, appears to be elicited for the purpose of arguing that Mr. Combs induced the hotel nights through false promises that the couple would also subsequently engage in other activities that Jane claims she preferred doing. But a promise is not criminally fraudulent unless the representation was "made with the contemporaneous intent to defraud." *United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 658, 662 (2d Cir. 2016). In other words, "[o]nly if a … promise is made with no intent ever to perform it can the promise itself constitute a fraudulent misrepresentation." *Id.* at 662; *see also* Restatement (Second) of Torts §530(1) **(**"A representation of the maker's own intention to do or not to do a particular thing is fraudulent if he does not have that intention."). Moreover, "the proper time for identifying fraudulent intent is contemporaneous with the making of the promise, not when a victim relies on the promise or is injured by it." *Countrywide Home Loans, Inc.*, 822 F.3d at 662.

<u>Unfair prejudice and risk of misleading and confusing the jury</u>. The notes are unfairly prejudicial. In one note, Jane says she thinks Mr. Combs is "a pathological liar." GX E-331-F-R. In the other note, Jane repeatedly uses "lied" and "lying," says Combs "lied straight in my face," "lied bc you wanted to use me for the night," that she "can't get this image of you lying in my face out of my head," and so on. GXE-331-H-R. Jane's disappointment that Mr. Combs is not providing the "romance, love, travel, [and] deep meaningful connections," *id.*, that she wishes for, is unfortunate. But there has been extensive testimony about this already, and it has little probative value in terms of objectively evaluating what Mr. Combs understood and intended, and what a reasonable person who didn't want to do hotel nights would have done after "2 years" of this pattern that had developed in their relationship. On the other hand, it is enormously prejudicial to inject the notes, which could easily be misinterpreted as branding Combs as a liar for all purposes, when what Jane is reacting to is the fact that he hadn't told Jane he was planning to go on trips with other women. This is particularly unfair because it is likely to distract the jurors from simply exercising their common sense to evaluate whether the alleged false promises or misrepresentations the government claims were fraudulent "would reasonably be expected to be of concern to a reasonable person in relying upon the representation or statement in making a decision." 2 Sand, Criminal Instruction 47A-21.

For the foregoing reasons and those previously argued, the Court should strike GXE-331-F-R and GXE-331-H-R and refuse to admit any similar evidence offered by the government in its case.

Respectfully submitted,

/s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll

Hon. Arun Subramanian
June 8, 2025

SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com