

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

26 Federal Plaza, 37th Floor
New York, New York 10278

June 9, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    Pursuant to the Court's order, Dkt. No. 342, attached please find the Government's email correspondence to and from the Court concerning evidentiary objections or applications for other relief.

                     Respectfully submitted,

                     JAY CLAYTON
                     United States Attorney

               By:   /s                         
                     Maurene Comey / Meredith Foster /
                     Emily A. Johnson / Christy Slavik /
                     Madison Reddick Smyser / Mitzi Steiner
                     Assistant United States Attorneys
                     (212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc:    Counsel of record (by ECF)

| | |
|---|---|
| **From:** | Foster, Meredith (USANYS) |
| **To:** | Subramanian NYSD Chambers; Marc Agnifilo; Teny Geragos; Alexandra Shapiro; Anna Estevao; thesteellawfirm; Jason A. Driscoll; Jonathan Bach; Attorney Westmoreland; Xdonaldson@aol.com; Johnson, Emily (USANYS) 2; Smyser, Madison (USANYS); Slavik, Christy (USANYS); Steiner, Mitzi (USANYS); Comey, Maurene (USANYS) |
| **Subject:** | USA v. Combs 25 Cr. 542 |
| **Date:** | Monday, June 2, 2025 12:42:00 PM |
| **Attachments:** | GX A-905-A - Combs - D Roc Chat Excerpt.pdf |

Dear Judge Subramanian and Chambers:

Please see attached what is marked as GX-A-905-A, which the Government intends to move to admit after Mia's testimony.  This message between Damion Butler ("D Roc") and Sean Combs, in which Mr. Combs directs D Roc, among other things, to have Cassie ice her eye and "stay on top of Cassie" and asks why Cassie was not in hiding, is admissible on numerous bases.  *First*, Mr. Combs' statements are admissible as party-opponent statements and D Roc's statements are admissible to contextualize the defendant's statements.  *See Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420 (S.D.N.Y. 2011) ("Where a statement is deemed admissible as an admission by a party-opponent, under Rule 801(d)(2), the surrounding statements providing essential context may also be considered."); *United States v. Mackey*, No. 21-CR-80-NGG, 2023 WL 2457861, at *3 (E.D.N.Y. Mar. 10, 2023).  *Second*, D Roc's statements are admissible as employee/agent statements under FRE 801(d)(2)(D).  (*See, e.g.*, Tr. 3287 (Mia: "And what was D-Roc's job?"  A: "D Roc was security" Q: "And was it part of D-Roc's job to protect Mr. Combs" A: "Yes"), Tr. 437-38 (Ms. Ventura testifying that Mr. Combs' security included D Roc and their roles were to "protect[] him" and "ke[ep] an eye" on her), Tr. 462 (Cassie testifying that D Roc would do things by Combs' direction)).  *Third*, D Roc's statements are admissible as co-conspirator statements made in furtherance of the conspiracy.  (*See, e.g.*, Tr. 437-38 (testimony that security would be sent on task of tracking down and finding Ms. Ventura), Tr. 467 (testimony that D Roc took a phone from Ms .Ventura at Mr. Combs' direction), Tr. 502 (testimony that security would stock hotel rooms), 531 (testimony that security would provide cash for freak offs), Tr. 543-44 (testimony that security would drop off drugs during freak offs), Tr. 474 (testimony about D Roc participation in Suge Knight incident), Tr. 693-94 (testimony about D Roc taking Ms. Ventura to hospital to treat injury from abuse), 756, 796 (testimony about D Roc witnessing Mr. Combs abuse of Ms. Ventura)).

These statements are also highly probative as they directly relate to Ms. Ventura's testimony that around this same date she received messages from D Roc about icing her face after Mr. Combs physically assaulted her in Las Vegas.  (Tr. 797-98).  They are also not unfairly prejudicial.  *See United States v. Lights*, No. 15 CR. 721, 2016 WL 7098633, at *2 (S.D.N.Y. Dec. 5, 2016) ("Rule 403 does not bar evidence of other bad acts that 'did not involve conduct any more sensational or disturbing than the crimes with which [the Defendant] was charged.'").

The defense has informed the Government that it intends to object to the admission of this evidence on "hearsay grounds and hearsay within hearsay, and well as under 403, for the reasons outlined in our 5.21.25 ltr regarding the similar GX A-639-A, which the Court excluded."

The Government also notes that there is no hearsay within hearsay as the Government is not offering the underlying statements for their truth; to the contrary, certain of these statements were, in fact, not truthful but told to cover up the defendant's abuse.  (p. 13 of Exhibit (D Roc writing, "Rio

and Justin saw her eye we said I fight broke out last night in the club")).

Meredith Foster
Assistant United States Attorney
Southern District of New York
26 Federal Plaza
New York, New York 10278
(212) 637-2310 (office)
██████████

| | |
|---|---|
| **From:** | Smyser, Madison (USANYS) |
| **To:** | Subramanian NYSD Chambers; Teny Geragos; Johnson, Emily (USANYS) 2 |
| **Cc:** | Marc Agnifilo; Alexandra Shapiro; Jason A. Driscoll; Anna Estevao; nw@westmorelandlawgroup.com; xdonaldson; thesteellawfirm; Steiner, Mitzi (USANYS); Foster, Meredith (USANYS); Slavik, Christy (USANYS); Comey, Maurene (USANYS) |
| **Subject:** | RE: US v. Combs - GX 115 |
| **Date:** | Tuesday, June 3, 2025 9:25:00 PM |

Dear Judge Subramanian and Chambers:

Thank you for flagging this. The jump at 11:06 is a result of the motion-sensored camera and not any editing that Mr. Piazza did, which is why there is not a black screen indicating a break in the video. We expect that Mr. Piazza will explain this kind of time stamp jump during his direct examination. We are happy to answer any questions the Court has about the video tomorrow morning.

Respectfully,

**Maddie R. Smyser**
(212) 637-2381 (office)

madison.smyser@usdoj.gov

**From:** Subramanian NYSD Chambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Sent:** Tuesday, June 3, 2025 6:40 PM
**To:** Teny Geragos <teny@agilawgroup.com>; Johnson, Emily (USANYS) 2 <Emily.Johnson@usdoj.gov>
**Cc:** Marc Agnifilo <marc@agilawgroup.com>; Alexandra Shapiro <ashapiro@shapiroarato.com>; Jason A. Driscoll <jdriscoll@shapiroarato.com>; Anna Estevao <aestevao@harristrz.com>; nw@westmorelandlawgroup.com; xdonaldson <xdonaldson@aol.com>; thesteellawfirm <thesteellawfirm@msn.com>; Steiner, Mitzi (USANYS) <Mitzi.Steiner@usdoj.gov>; Smyser, Madison (USANYS) <Madison.Smyser@usdoj.gov>; Foster, Meredith (USANYS) <Meredith.Foster@usdoj.gov>; Slavik, Christy (USANYS) <Mary.Slavik@usdoj.gov>; Comey, Maurene (USANYS) <Maurene.Comey@usdoj.gov>
**Subject:** [EXTERNAL] RE: US v. Combs - GX 115

The Court is in receipt of this exhibit. Whether it comes in as an illustrative aid or an exhibit, the Court observes that at 11:06 there appears to be a jump in the time-stamp, without a corresponding break in the video. The Court raises this just in case it was unintentional.