

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 10, 2025

**VIA ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully writes in opposition to the defendant's motion to strike GX E-331-F-R and GX E-331-H-R, which were admitted into evidence on June 6, 2025, and to respond briefly to arguments suggested in the defendant's letter dated June 8, 2025 (Dkt. No. 387) and expounded upon by the Court today on the record that the Government's theory of sex trafficking should be curtailed.

      *First*, both GX E-331-F-R and GX E-331-H-R were properly admitted and should not be struck from the record. GX E-331-F-R and GX E-331-H-R are both notes written by Jane that reflect Jane's then-existing mental state as to the defendant's "bait and switch" to get her to agree to "hotel nights" by promising quality time after the conclusion of the hotel night. The Court overruled the defendant's objection to these notes on the basis that they were admissible as prior consistent statements under Fed. R. Evid. 801(d)(2)(B) and evidence of Jane's state of mind under Fed. R. Evid. 803(3). *See* Tr. at 4660-61. The Court's ruling should stand. Contrary to the defendant's argument advanced in his June 8, 2025 letter, the notes that Jane wrote to herself are highly probative of the element of whether force, threats of force, fraud, coercion, "or any combination of such means" was used by the defendant. *See* 18 U.S.C. § 1591(a).

      Specifically, as prior consistent statements, Jane's notes confirm the fact that the defendant's false promises of romance, love, and travel induced her to agree to a "hotel night"— in other words, that Jane agreed to hotel nights because of the defendant's misrepresentations, as opposed to making "voluntary, adult choices," as the defendant argued in his opening statement. (Tr. at 123). *See Ardolf v. Weber*, 332 F.R.D. 467, 475 (S.D.N.Y. 2019) ("The TVPA does not define 'fraud,' but this Court is very familiar with the plain and ordinary meaning of that term at common law: 'a knowing misrepresentation . . . of a material fact made to induce another to act to his or her detriment.'"). And as statements probative of Jane's state of mind, the messages show the materiality of the defendant's misrepresentation relative to Jane, a concept that even the defendant acknowledges is relevant to prove the defendant's sex trafficking of Jane. *See United States v. Maynes*, 880 F.3d 110, 113-14 (4th Cir. 2018) ("[F]or any fraud to be relevant to the question of guilt [under Section 1591], it must have been fraud that 'would be used to cause that person to engage in a commercial sex act.'"). Jane's notes at GX E-331-F-R and GX E-331-H-R

are probative of how the defendant's misrepresentations caused her to engage in hotel nights. Along with other evidence adduced during Jane's testimony, including testimony regarding multiple occasions in which Jane requested and the defendant made unfulfilled promises of quality time in connection with hotel nights, Jane's notes help establish that the defendant's fraudulent misrepresentations to Jane were material. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018) (discussing fraud under Section 1591 in denying motion to dismiss, finding that statements "[m]ade to an aspiring actress by a film producer and co-founder of a top film studio" were "clearly material, and induced reasonable reliance," particularly since "[t]he statements caused [the actress] to first go to [Weinstein's] hotel room, and then to partially 'compl[y]' in the performance of a sex act"). Likewise, the notes at issue must be considered within the context of the defendant's long-term involvement with Jane. *See id.* at 520 ("The context and history of their [relationship] imports a degree of legitimacy, of materiality, to the statements."). For these reasons, The Government is entitled to use this highly probative evidence, as the Court ruled in the first place.

Moreover, the notes are not unfairly prejudicial. While the notes refer to the defendant being a liar and telling lies to Jane, the defendant's lies, deception, and misrepresentations are part of an element the Government must prove beyond a reasonable doubt. *See* 18 U.S.C. § 1591(a). In the context of these notes, and consistent with her testimony, it is clear that in the notes, Jane is referring to the lies the defendant told her to induce her to perform in hotel nights as opposed to accusing the defendant of being a "pathological liar" for all purposes.

*Second*, and more broadly, striking evidence and testimony related to the defendant defrauding Jane or precluding the Government from making arguments related to such—especially at this early stage—is wholly unsupported by the law.[1] As the defendant acknowledges, the Government must prove beyond a reasonable doubt that the defendant committed an act to induce a commercial sex act "knowing or . . . in reckless disregard of the fact that means of force, threats of force, fraud, coercion . . . *or any combination of such means* will be used to cause" a victim to engage in the commercial sex act. 18 U.S.C. § 1591(a) (emphasis added). However, jurors are not required to unanimously agree on which means a defendant used to commit sex trafficking— in other words, force, threats of force, fraud, and coercion are "alternate means to accomplish a *single element*." *United States v. Paris*, 06 Cr. 64 (CFD), 2007 WL 3124724, at *12 (D. Conn. Oct. 24, 2007) (emphasis added); *see also United States v. Marcus*, 487 F. Supp. 2d 289, 308 (E.D.N.Y. 2007) (describing "force, fraud, or coercion" as a single element of § 1591 and noting that it is not necessary to show a direct relationship between the force, fraud, or coercion employed by the defendant and the commercial sex acts at issue) (vacated on other grounds). In other words, this element is not divisible in a manner that would permit preclusion of the definition of "fraud" from the Court's instructions to the jury.

In fact, as contemplated by the plain language of the statute, the force, fraud, or coercion can be presented in combination through a course of conduct involving multiple such methods to

---

[1] The Government does not understand the defendant to be moving to preclude the Government from arguing a fraud theory of sex trafficking at this juncture. (*See* Tr. at 4947 ("Obviously that's sort of a preview of what we might argue on Rule 29, depending on how the rest of the evidence goes.")).

prove a violation of 18 U.S.C. § 1591. The statute thus expressly contemplates that the Government may prove sex trafficking by any combination of force, fraud, and coercion—as it has done in many circuits and will do in the present case. *See, e.g.*, *United States v. Bazar*, 747 F. App'x 454 (9th Cir. 2018) (finding sufficient evidence supported defendant's convictions for sex trafficking by fraud, arising from his massage business that offered happy ending massages, including evidence that defendant enticed his victims with promises of lucrative employment and told them told them that they could choose whether and when to perform happy-ending massages, but once they were under his control, he took all their earnings and told them that they had to perform happy ending massages exclusively, and evidence that he told one victim he would "ruin her life," if she left); *United States v. Lacy*, 904 F.3d 889, 895 (10th Cir. 2018) (the victim, a homeless young adult, met the defendant to discuss what she thought was a modeling opportunity but was brought to meet a "client" and could not leave after the defendant took her phone and keys). To the extent the defendant argues that the evidence adduced thus far fails to establish a material fraud on Jane—an argument that strains credulity on this record to date—the Government could nonetheless properly rely on the same evidence as part of its proof of the defendant's overall coercive scheme with respect to Jane. For these reasons, precluding the Government from advancing a fraud theory or making arguments related to the defendant's misrepresentations to induce victims to engage in commercial sex acts is both premature and unwarranted.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284