**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 8, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    Pursuant to the Court's ruling at the April 25, 2025 pre-trial conference, *see* 4/25/25 Tr.17, the parties have met and conferred regarding the out-of-court statements the government seeks to admit under Rule 801 during Casandra Ventura's testimony. The government has provided the defense a chart identifying the statements and the government's proposed bases of admission, and the defense has provided specific objections to certain of the statements, attached hereto as Exhibit A. The defense writes to further explain its position regarding the government's proffered prior consistent statements, and to object to additional exhibits the government has indicated it will seek to admit at trial through Ms. Ventura.

**I.**    **Prior Consistent Statements**

    The government has not satisfied the requirements of Rule 801(d)(1)(B) for any of the proffered statements, and the defense objects to the admission of these statements in advance of the trial testimony, or during the government's direct examination of Ms. Ventura. Instead, the Court should reserve decision on the statements until the appropriate time after it has heard the relevant trial testimony, and the defense has opened the door for the government to rehabilitate that trial testimony, as contemplated by the rule.

    Rule 801(d)(1)(B) requires the statements to be "consistent with the declarant's testimony," and "offered … to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying" or "to rehabilitate the declarant's credibility as a witness when attacked on another ground." No witnesses have testified yet. And Rule 801(d)(1)(B) allows for the admission of "prior consistent statements … only if they properly rehabilitate a witness whose credibility has been attacked." Fed. R. Evid. 801, advisory committee notes to 2014 Amendment.

    The exception "does not allow impermissible bolstering of a witness" prior to a credibility attack. *Id.* "[Rule 801(d)(1)(B)] speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told." *Tome v. United States*, 513 U.S. 150, 157-58 (1995). Thus, "[t]he prior consistent statement … must have 'some rebutting force beyond the mere fact

Hon. Arun Subramanian
May 8, 2025

that the witness has repeated on a prior occasion a statement consistent with his trial testimony.'" *United States v. Ray*, 2022 WL 558146, at *5 (S.D.N.Y. Feb. 24, 2022) (quoting *United States v. Pierre*, 781 F.2d 329, 331 (2d Cir. 1986)). And "prior consistent statements cannot be offered to rebut 'only a generalized attack on credibility.'" *United States v. Daskal*, 2023 WL 9424080, at *7 (E.D.N.Y. July 12, 2023) (quoting *United States v. Pierre*, 781 F.2d 329, 333 (2d Cir. 1986)). Furthermore, "to be admissible for rehabilitation, a prior consistent statement must [further] satisfy the strictures of Rule 403." Fed. R. Evid. 801, advisory committee notes to 2014 Amendment. For these reasons, courts "defer ruling on this issue unless and until the credibility of a witness has been impeached at trial and a party has offered prior consistent testimony under Rule 801(d)(1)(B)." *See United States v. Mohamed*, 2022 WL 15493545, at *8 (E.D.N.Y. Oct. 26, 2022).

The defense's suggested approach, waiting to hear the direct testimony and any attack on credibility that could be rebutted by a particular prior statement, is consistent with the Court's other rulings to date. *See, e.g.*, 4/25/25 Tr.18 (ruling 911 call "could come in as a prior consistent statement under Rule 801(d)(1)(B), meaning it could come in, depending on the testimony that is elicited by a declaring witness in court," and explaining "Rule 801(d)(1)(B) … has various requirements that would need to be satisfied before the call would be admitted").

That being said, the defense does not generally object to the admission of the proffered statements that are contained in communications between Mr. Combs and Ms. Ventura—such as their text messages—subject to the defense's ability to similarly offer their communications. The vast majority of these messages (i) do not contain any assertions subject to the hearsay rule, (ii) are not being offered for their truth, (iii) explain the effect of communications on the listener, (iv) and/or reflect statements that may be admissible under a variety of other hearsay exceptions (such as state of mind, statement of plan/intent, etc.). The entirety of the communications between Mr. Combs and Ms. Ventura are also probative for non-hearsay purposes to demonstrate the context and history of the relationship. Therefore, the defense does not object to the admission of the statements on other grounds, subject to the defense having the same ability to admit statements for non-hearsay purposes, under hearsay exceptions, or under the rule of completeness.

## II.   Rule 106

The government itself cites Rule 106 as grounds for admitting certain statements. *See* Ex. A. But the government cannot rely on the rule, which states that the "*adverse* party" may invoke the rule of completeness in response to the admission of a statement. Fed. R. Evid. 106 (emphasis added). Rule 106 does not permit the *proponent* of a statement to introduce other hearsay statements over a hearsay objection.

## III.   Government exhibits 3Q-105 and B-105

Mr. Combs also requests that this Court exclude government exhibits 3Q-105 and B-105 under Rule 403 (attached hereto as Exhibit B). The two photos show Ms. Ventura and her friend Kerry Morgan together in their teenage or pre-teen years.

Hon. Arun Subramanian
May 8, 2025

The photos have little if any probative value. During a recent meet-and-confer discussion, the defense asked the government why it sought to admit the photos. The government said it planned to offer the photos to prove that Ms. Ventura and Ms. Morgan had been friends since their teenage years. That explanation is so odd that it appears pretextual. The length of their friendship is at best a tangential matter—and in any event, the length of the friendship it can be established through Ms. Ventura's and Ms. Morgan's testimony, and will not be disputed by the defense. The "availability of other means of proof" is an important factor in the Rule 403 balancing test, and here, the government obviously has other means of proof to establish this fact. *Old Chief v. United States*, 519 U.S. 172, 184 (1997) (quoting Fed. R. Evid. 403, advisory committee's note). In short, the government has indicated that the photos are solely offered to prove a tangential background fact that is not in dispute and that can be more easily and directly established through testimony.

And the photos are unfairly prejudicial. Both photos show Ms. Ventura as a cute and innocent teenager—which is no doubt the government's real purpose in offering them. ██████████████████████████████████████████████ *See Moore v. Rubin*, 2020 WL 13573582 at *2 (E.D.N.Y. Jan. 31, 2020) (excluding under Rule 403 photos with minimal probative value that were likely offered for a pretextual purpose); *L-3 Comms. Corp. v. OSI Sys., Inc.*, 2006 WL 988143 at *8 (S.D.N.Y. April 13, 2006) (excluding under Rule 403 unnecessary prurient details).

In sum, the government cannot "choose the available alternative carrying the greatest threat of improper influence, despite the availability of less prejudicial but equally probative evidence." *Old Chief*, 519 U.S. at 183. It doesn't need a photo of Ms. Ventura and Ms. Morgan ████████ to prove that they have been friends since childhood. It can simply ask her on the stand.

* * * *

For the foregoing reasons, the Court should reserve decision on the government's proffered hearsay statements and exclude government exhibits 3Q-105 and B-105. The defense reserves the right to make any other objections as appropriate throughout trial.

Respectfully submitted,

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Hon. Arun Subramanian
May 8, 2025

                    Marc Agnifilo
                    Teny Geragos
                    AGNIFILO INTRATER
                    445 Park Ave., 7th Fl.
                    New York, NY 10022
                    646-205-4350
                    marc@agilawgroup.com
                    teny@agilawgroup.com

                    Anna Estevao
                    SHER TREMONTE LLP
                    90 Broad St., 23rd Fl.
                    New York, NY 10004
                    (212) 202-2600
                    aestevao@shertremonte.com

                    Brian Steel
                    THE STEEL LAW FIRM, P.C.
                    1800 Peachtree Street, Ste. 300
                    Atlanta, GA 30309
                    (404) 605-0023

                    Xavier R. Donaldson
                    136 Madison Ave, 6th Floor
                    New York, New York 10016
                    646-772-3334
                    Xdonaldson@aol.com

                    Nicole Westmoreland, Esq.
                    WESTMORELAND LAW, LLC
                    132 Cone Street, Suite A
                    Atlanta, GA 30303
                    Tel: (404) 446-2620
                    nw@westmorelandlawgroup.com