## Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 19, 2025

**VIA EMAIL**

Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We write to oppose the government's letter filed last night concerning Dawn Richard's anticipated testimony. The government seeks to elicit inadmissible irrelevant testimony from Dawn Richard concerning various statements and purported threats from Mr. Combs and Bad Boy Records President Harve Pierre, as well as Ms. Richard's subjective understanding of these alleged statements. The government should be precluded from eliciting or offering any such evidence.[1]

      The Court has already precluded the government from eliciting evidence pertaining to the forced labor allegations outlined in paragraphs 5(a) and 5(b) of its April 20, 2025 Enterprise Letter Addendum. Those paragraphs concern occasions between 2004 and 2011 in which the defendant allegedly ██████████████████████████████████████████████████████████████████████████████████████████ As for paragraphs 5(c) and 5(d) related to alleged abuse of Ms. Ventura between 2009 and 2011, the Court ruled that the government may offer such evidence only if relevant to the substantive sex trafficking allegations in Count Two, on which it has not yet ruled.[2]

### A. Alleged Threats to Ms. Richard Are Inadmissible For Multiple Reasons

      The evidence the government anticipates offering, like the evidence the defense objected to during Ms. Richard's earlier testimony, which is subject to the pending motion to strike, *see* Tr.1411, is merely an attempt to backdoor into the trial the very forced labor evidence the Court has already precluded. It is not relevant to Count Two's substantive sex trafficking charge and

---

[1] To the extent the government contends that the failure to move *in limine* to preclude testimony of threats "waived" any objection, that is utter nonsense. There is no rule requiring parties to anticipate every aspect of the government's direct case and move to preclude it, nor would any such rule make sense, given that the defense has no way to know in advance exactly what the government will elicit on its direct examination, regardless of whether some topic is vaguely alluded to in a prosecutor's shorthand notes contained in 3500 material. Contemporaneous objections are not only timely, *see* Fed. R. Evid. 103, but often required to preserve objections for appeal.

[2] The government claims the Court has already ruled that the evidence is admissible under the government's consciousness of guilt proffer, but it is not the defense's understanding that the Court has so ruled. *See* Tr.1434 ("Again, I think this comes back to the 1591 issue. You've given me two separate bases for why you think it's relevant to that charge, and I understand that *and I'll think about it*.").

Hon. Arun Subramanian                                                                                              Page 2
May 19, 2025

should not be admitted as such. Even if relevant, the evidence it far more prejudicial than probative. Indeed, the evidence is improper 404(b) evidence for which the defense never received proper notice.

The government has argued that statements such as threats to Ms. Richard are probative because they reflect Mr. Combs's supposed "consciousness of guilt." Tr.1416-17. The government repeats those arguments in the letter. Ltr.2-3. "Evidence of a party's consciousness of guilt may be relevant if reasonable inferences can be drawn from it and if the evidence is probative of guilt." *United States v. Perez*, 387 F.3d 201, 209 (2d Cir. 2004). Such evidence must be "offered for a purpose other than to prove the defendant's bad character or criminal propensity" and must satisfy Rule 403. *Id.*

The instant evidence is minimally probative. Indeed, the government's chain of inferences makes little sense. Ms. Richard did not observe *sex trafficking*; she did not even observe any sex or any discussion about sexual encounters between Mr. Combs and Ms. Ventura, including "freak-offs." She claims only to have observed incidents of violence against Ms. Ventura or verbal abuse of Ms. Ventura. Any "consciousness of guilt" stemming from anything Ms. Richards claims Mr. Combs may have said regarding any such incidents has incredibly low probative value when offered as proof of Count Two—a sex trafficking count. It would be one thing if Ms. Richard had observed actual sex trafficking, or even videos of the at-issue sexual encounters with escorts and was subsequently threatened, but that is not what she alleges happened. The proffered evidence is simply too attenuated to the charged conduct to be probative on the government's tenuous consciousness of guilt theory.

Moreover, it is not at all clear that the so-called "threats" even concerned the alleged instances of abuse. Indeed, it is not clear the alleged statements were threats at all. The government states Mr. Combs "threatened" Ms. Richard by telling her, "in substance, to mind her own business," and that "Harve Pierre, then-president of Bad Boy Records, made similar statements to Ms. Richard." Ltr.2.[3] It further states Mr. Combs "informed her that he would only release her from the label on the condition that she did not disclose anything that she had observed during the course of her employment." *Id.* Since when is "mind your own business" probative consciousness of guilt evidence? It isn't. As for the statement concerning her release from the label, nondisclosure and non-disparagement agreements are routine and do not reflect consciousness of guilt. The government cites *United States v. Cummings*, 858 F.3d 763 (2d Cir. 2017) and *United States v. Mickens*, 926 F.2d 1323 (2d Cir. 1991), but those cases are inapposite here. *Cummings* involved the defendant's deaths threats against a cooperating witness made "because of [his] cooperation." 858 F.3d at 768. And *Mickens* involved testimony that the defendant "made a hand gesture in the shape of a gun as the [witness] entered the courtroom to testify" against him. 926 F.2d at 1328. These examples constitute probative consciousness of guilt evidence—the government's proffered evidence does not.

---

[3] The government states Mr. Pierre's statements satisfy Federal Rule of Evidence 801(d)(2)(D)-(E), but that will depend on the nature of the statements, which have not been proffered. If the statements are anything akin to "mind your business," such a statement would not constitute hearsay (nor would it constitute an agent or coconspirator statement).

Hon. Arun Subramanian                                                                                                          Page 3
May 19, 2025

      Even if the evidence were probative (it isn't), any probative value is "far outweighed by the unfair prejudice [and] jury confusion" that will result from its admission. *United States v. O'Sullivan*, 2021 WL 3080330, at *2 (E.D.N.Y. July 20, 2021) (excluding consciousness of guilt evidence). The acts are offered merely to make Mr. Combs appear abusive and threatening. And the acts are similar in kind to the racketeering acts of obstruction the government separately seeks to prove at trial, making them particularly prejudicial and confusing for the jury. *See United States v. Puco*, 453 F.2d 539, 542 (2d Cir.1971) ("The potential for prejudice … is greatly enhanced where … the prior [act] is similar to the one for which the defendant is on trial."). Simply put, while the probative value is incredibly low, the prejudicial effect is significant.

      Finally, if the government truly believed this evidence was probative of consciousness of guilt, it would have included these episodes in its March 7, 2025 Rule 404(b) notice. Consciousness of guilt evidence—like the evidence here—often constitutes prior bad acts evidence under Rule 404(b) and therefore requires notice. *See Mickens*, 926 F.2d at 1328; *Cummings*, 858 F.3d at 768. Unsurprisingly, the government did not include these prior threats in its Rule 404(b) notice. Instead, it only sought to admit the evidence as enterprise evidence regarding forced labor and noticed the evidence for the first time on April 20, 2025 in the Enterprise Letter Addendum. This late-breaking eleventh-hour justification for the admission of the evidence is simply an attempt to backdoor into the trial the already-excluded forced labor evidence. The evidence should therefore also be precluded under Rule 404(b)(3), which requires timely written notice the government did not provide.

### B. Ms. Richard's Subjective Understanding Is Irrelevant

      The defense anticipates the government will attempt to elicit testimony in which Ms. Richard shares her subjective impressions of what Mr. Combs or Mr. Pierre intended by certain statements. For example, the government will attempt to offer testimony that Mr. Combs told Ms. Richard "that he would only release her from the label on the condition that she did not disclose anything that she had observed during the course of her employment, which she understood to refer to the defendant's physical violence of Ms. Ventura." Ltr.2. As this example demonstrates, Ms. Richard's subjective impressions constitute speculative and improper opinion testimony and are irrelevant. The only people whose state of mind is relevant to the sex trafficking charge, Count Two, are Mr. Combs and Ms. Ventura. Even if Mr. Combs's statements are admissible, Ms. Richard's impressions are not, and are subject to the same Rule 403 concerns that infect the statements themselves.

      Any lay opinion testimony from Ms. Richard concerning the meaning of statements or what speakers intended is inadmissible under Rule 701 because her understanding is not "helpful to clearly understanding the witness's testimony or to determining a fact in issue." *See also United States v. DaVita Inc.*, 2022 WL 833368, at *2 (D. Colo. Mar. 21, 2022) ("A party will have to make a strong showing that a witness's opinion about another person's intent was rationally based on the perception of the witness, and that the witness's opinion will be helpful to a clearer understanding of the witness's testimony or the determination of a fact in issue before the Court will allow the opinion testimony.").

Hon. Arun Subramanian  Page 4
May 19, 2025

      Her subjective opinions are particularly irrelevant here, where the government offers the statements as consciousness of guilt evidence. Ms. Richard's own understanding of the statements is in no way probative of Mr. Combs's supposed consciousness of guilt. To the contrary, what matters is not what Ms. Richard understood the statements to mean, but (if even relevant at all, given that the statements were not made to Ms. Ventura) what the speaker actually meant and intended, which the jury can infer from the purported statements alone without Ms. Richard's additional subjective, speculative commentary.

                                                  Respectfully,

                                                  /s/Alexandra A.E. Shapiro
                                                  Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th Street, Suite 2004
New York, NY 10019
212.970.6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Hon. Arun Subramanian  Page 5
May 19, 2025

                                    Nicole Westmoreland, Esq.
                                    WESTMORELAND LAW, LLC
                                    132 Cone Street, Suite A
                                    Atlanta, GA 30303
                                    Tel: (404) 446-2620
                                    nw@westmorelandlawgroup.com