

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

May 28, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We respectfully submit this letter on behalf of Sean Combs in response to the government's letter, which was submitted at 12:56 am this morning—three hours after the deadline. Due to time constraints, this letter responds only to the government's arguments regarding Scott Mescudi's testimony and Deonte Nash's upcoming testimony. We will respond to the government's arguments as to Mia either orally or in a subsequent writing later this morning, and we ask the Court not to rule on those issues until it has heard from the defense. Additionally, because the government has repeatedly violated the deadline and subverted the defense's efforts to respond in writing to its legal arguments, we respectfully request that the Court direct the government to file any subsequent letter briefs related to the next day's testimony by the 10 pm deadline so that the defense has an opportunity to respond in writing.

      **I.**    **Scott Mescudi Testimony**

      The government's letter—like the trial transcript—only confirms that its questioning of Mr. Mescudi intentionally exceeded the bounds of what Rule 701 permits. In the first instance on direct examination, the government elicited proper testimony from Mr. Mescudi, asking him to "describe how the meeting with Mr. Combs ended at SoHo house." Tr.2372. That resulted in an admissible answer in which Mr. Mescudi described what he observed and what Mr. Combs stated, including that Mr. Combs was speaking in a "[v]ery calm" voice during the interaction. *Id.*

      Mr. Combs did not then "open the door" for the government to elicit inadmissible speculation on redirect examination. "The law in this circuit … is clear that the 'opening the door' principle—also called 'curative admissibility'—'gives the trial court discretion to permit a party to introduce otherwise inadmissible evidence on an issue (a) when the opposing party has introduced inadmissible evidence on the same issue, and (b) when it is needed to rebut a false impression that may have resulted from the opposing party's evidence.'" *United States v. Forrester*, 60 F.3d 52, 60–61 (2d Cir. 1995) (quoting *United States v. Rosa*, 11 F.3d 315, 335 (2d

Page 2

Hon. Arun Subramanian
May 28, 2025

Cir. 1993). "In other words, the door must have been opened by the prior use of inadmissible evidence." *Id.* "That circumstance does not obtain here, and the government has not argued that it does." *Id.* Indeed, the defense questioned Mr. Mescudi not about his understanding of Mr. Combs's state of mind at the time, but about the substance of the meeting and what it was about. *See* Tr.2396. To the extent the questioning implied anything about any party's motivations in connection with the meeting, it asked about Ms. Ventura's conduct, not Mr. Combs's. That was a proper line of questioning, the government did not object to that questioning, and it cannot now invoke the "curative admissibility" doctrine.

Rather than lodge a meritless objection, the government instead took the opportunity on redirect to punctuate Mr. Mescudi's testimony with clearly improper inadmissible speculation. It knew what it was doing and proceeded accordingly. It asked whether Mr. Mescudi "believe[d]" Mr. Combs, which resulted in a sustained objection. Tr.2409. It then asked the virtually identical question, "[w]hat was your understanding" when Mr. Combs responded—a question clearly designed to elicit the same "[t]hat he was lying" response the government knew Mr. Mescudi would give. *Id.* To the extent the government's caselaw states that such testimony could be proper under Rule 701, there is clearly a circuit split regarding the issue, on which the Second Circuit has not directly opined. That being said, *United States v. Kaplan* clearly held "that lay opinion testimony regarding a defendant's knowledge will, in most cases, only satisfy the rationally-based requirement if the witness has personal knowledge of one or more *objective factual bases* from which it is possible to infer with some confidence that a person knows a given fact." 490 F.3d 110, 119 (2d Cir. 2007) (emphases added). No such foundation was provided, and none could be provided given Mr. Mescudi's admission that he had no objective basis to opine one way or the other. *See* Tr.2376 (admitting he doesn't "have any information … that anybody affiliated with Mr. Combs was on or around [his] property at the time of the damage to [his] vehicle").

The government cannot seriously argue that a contemporaneous motion to strike during the testimony would have given it an opportunity to "cur[e] any potential infirmities at the time." Ltr. 2. There was no viable cure for this inadmissible line of questioning because Mr. Mescudi clearly lacked the personal knowledge required to elicit the response the government sought to elicit. The government would not have been entitled to re-ask on redirect examination the questions it asked on direct in an attempt to elicit a different, more fulsome foundation. And any such motion to strike would have been futile at the time given the defendant's contemporaneous objections to the government's questioning. The testimony should be stricken.

## II.    Deonte Nash Testimony

The Court should reject the government's arguments with respect to the evidentiary issues likely to arise during the testimony of Mr. Nash.

*First*, the government states it "has hearsay objections to a small subset of text messages contained within DX 1818 and DX 1820" that it hopes to address in court. Ltr. 2. The messages at issue are clearly admissible.

Hon. Arun Subramanian
May 28, 2025

    The statement in DX 1818 is as follows: Ms. Ventura sends a text message stating "About to go out of town for a couple of days. Getting my stuff together." Ms. Ventura is then asked by Mr. Nash "Where u going," to which she responds, "Secret trip lol." DX 1818. These statements are clearly admissible under Rule 803(3) and "the decision of the Supreme Court in *Mutual Life Insurance Co. v. Hillmon*, 145 U.S. 285, 299-300 (1892)." *United States v. Persico*, 645 F.3d 85, 100 (2d Cir. 2011). Such statements of future intent and plan "may be introduced to prove that the declarant thereafter acted in accordance with the stated intent." *Id.* (quoting *United States v. Best*, 219 F.3d 192, 198 (2d Cir. 2000); *see also* Fed. R. Evid. 803, advisory committee note (1974) ("statements of intent by a declarant [are] admissible … to prove his future conduct").

    The statement in DX 1820 is as follows: Ms. Ventura sends via text message to Mr. Nash a photograph of herself lying in bed with the comment "Look at my Durag gra!" The message is sent at 4:02 AM. She then sends texts a minute later at 4:03 AM, referring to Mr. Combs, stating "Omg this nigga…Is wasted. We both did the same of everything but he's trippin." The statements are admissible as present sense impressions under Rule 803(1), as they "describ[e] or explain[] an event or condition made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1). "Such statements are considered to be trustworthy because the contemporaneity of the event and its description limits the possibility for intentional deception or failure of memory." *United States v. Jones*, 299 F.3d 103, 112 (2d Cir. 2002).

    *Second*, the government argues that certain other statements from Ms. Ventura that it intends to elicit during the direct examination of Mr. Nash are admissible as prior consistent statements and as statements reflecting Ms. Ventura's state of mind. Prior to ruling on the admissibility of such statements, the government should provide a more specific proffer of what exact statements it intends to elicit. For example, the statements provided in the 3500 materials are notably narrower than the statements the government describes in its letter. The statements include:



- [REDACTED] 3514-010 at 2.[1]
- [REDACTED] 3514-011 at 1.[2]
- [REDACTED]

---

[1] These statements are obviously not admissible under the state of mind exception to the hearsay rule.

[2] These statements similarly are not admissible under the state of mind exception to the hearsay rule.

Hon. Arun Subramanian
May 28, 2025



3514-11 at 2.

While these particular statements were included in 3500 material provided to the defense, no further relevant statements concerning what Ms. Ventura said to Mr. Nash on these subjects were included in 3500 material "prior to trial." *United States v. Caracappa*, 614 F.3d 30, 40 (2d Cir. 2010). Thus, to the extent the Court allows these statements to be offered as prior consistent statements, the testimony should be limited to the statements described in the 3500, and the Court should instruct the government to go no further.

The government's letter makes clear it will seek to elicit testimony broader than the statements included in the 3500 materials. For example, the government states there is an ▮▮▮▮▮▮▮▮▮▮ And certain similar statements the government might elicit were not provided until after Ms. Ventura's testimony. For example, 3500 dated May 17, 2025 states ▮▮▮▮▮ 3514-012 at 1. That statement was not previously provided to the defense and should not be elicited without affording the defense an opportunity to recall Ms. Ventura. *See Caracappa*, 614 F.3d at 40.

                                                                                                                             Respectfully submitted,

                                                                          /s/ Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Hon. Arun Subramanian
May 28, 2025

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com