**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 5, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

    We submit this letter in response to the government letter filed this morning at 12:41 a.m. regarding Ms. Bongolan's testimony. The government's letter is a desperate attempt to seek a second bite at the apple to admit clearly inadmissible and irrelevant hearsay. The government's arguments are meritless. Its letter is also highly misleading and misrepresents the facts and the law.

    *First*, the government states it can elicit a foundation for the admission of the conversation because "Ms. Bongolan will clarify that she had not yet filed a public lawsuit and had not confided in others about an intent to do so; therefore the only source of Mr. Holladay's knowledge of her potential legal demand was the defendant." Ltr. 2. That representation is irreconcilable with Ms. Bongolan's prior statements to the government, which are at best for the government wildly inconsistent, and at points flatly contradict that assertion. For example, the 3500 notes that Ms. Bongolan "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" 3508-030. Ms. Bongolan did, in fact, ▮▮▮▮▮▮▮, and permitting the government to elicit testimony to the contrary would be highly improper. Indeed, Bongolan separately represented to the government that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. She told the government she ▮▮▮▮▮▮▮▮▮▮▮▮▮▮," and that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮." 3508-029 at 2. Although it appears at one point Bongolan, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" 3508-006, it is obvious that Bongolan either cannot accurately recall the events, or she is simply lying. Of course, the government knows all this, yet seeks to proceed down an improper line of questioning regardless—presumably by improperly leading the witness so it can provide its own testimony to the facts it wants to elicit on redirect. The Court should not permit this.

Hon. Arun Subramanian
June 5, 2025

*Second*, the purported conversation with Holladay is not relevant and should be excluded under Rule 403 even if it were probative of any issue in this case.[1] The conversation is not evidence of Mr. Combs's consciousness of guilt regarding the purported balcony indicent. As the Advisory Committee has stated, "[a]s a matter of general agreement, evidence of an offer to compromise a claim is not receivable in evidence as an admission of … the validity … of the claim." Fed. R. Evid. 408, advisory committee notes. That principle is well-settled in evidence law as a matter of policy and should be applied here—settlement offers are just that, and indicate nothing about whether a claim is or is not true. Nor is there anything improper or obstructive about seeking to settle a civil claim in the wake of receiving a demand letter. Bongolan clearly did not perceive the call as obstructive or improper in any way, as she "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" 3508-029 at 2. To permit the government to argue the contrary to the jury would be unfairly prejudicial and highly misleading.

*Finally*, the statements the government seeks to elicit are clearly hearsay with no applicable exception. The government claims the statements fall within Rule 801(d)(2)(C) or 801(d)(2)(D). That is not the case, and even the facts as alleged by the government would not render the statements admissible on that basis. All the government states is that "Mr. Holladay is a friend of the defendant's" and was making the FaceTime call from what "looked like Puff's back yard." Ltr. 2; Tr.4303. The government further states Holladay "was a music producer and … had a close personal and professional relationship" with Mr. Combs. That is not sufficient under either Rule 801(d)(2)(C) or 801(d)(2)(D) and is not at all probative of the requisite authorization or agency relationship required by these exceptions. Indeed, the fact that the witness characterized Holladay and Combs as mere friends that had a close relationship is inconsistent with the notion that Holladay was Combs's agent, which is a threshold requirement. *See* Tr.4404. The government states it will lay additional foundation as to *Bongolan's* "understanding of the nature of Mr. Holladay's [purported] authorization," but Bongolan's understanding is clearly speculation and lacks foundation. Of course, the only foundation for Bongolan's "understanding" is the statement itself, and, as the Court explained, Tr.4404, the rules are clear that the statement "does not by itself establish the declarant's authority under (C)" or "the existence or scope of the relationship under (D)," Fed. R. Evid. 801(d)(2).[2]

Moreover, the government's approach thus far has flouted the Court's rulings and been highly improper. The government requested permission to "lead" the witness into laying a foundation, which the Court stated would not be "permissible." Tr.4309. The government ignored the Court's warning and proceeded to lead the witness anyway. *See* Tr.4311. As the Court noted yesterday, "the Court offered the government a chance to lay a foundation … And

---

[1] Contrary to the government's argument, hearsay is obviously not admissible merely because the government claims it is "highly probative." Ltr. 1.

[2] The government's argument that Holladay's purported "statement is evidence of the defendant's state of mind under Rule 803(3)," Ltr. 2, is legally incorrect and should be rejected out of hand. Rule 803(3) requires the statement to be "[a] statement of *the declarant's* then-existing state of mind," not a statement offered to prove some third party's state of mind, intent, or plan. *See also* Fed. R. Evid. 803(3), advisory committee notes (statements under Rule 803(3) are not admissible to prove the "conduct of another person.").

Page 3

Hon. Arun Subramanian
June 5, 2025

the government did so not by eliciting any facts or knowledge of the witness concerning the nature of the relationship between Mr. Holladay and Mr. Combs"—the witness has no such knowledge—"but rather to ask further questions about the statement made by Mr. Holladay." Tr.4404.  The government concedes in its letter that Ms. Bongolan is unaware of any additional facts that could be elicited to lay a proper foundation, because no additional facts exist.  That should end the matter.

Respectfully submitted,
/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016

Hon. Arun Subramanian
June 5, 2025

          646-772-3334
          Xdonaldson@aol.com

          Nicole Westmoreland, Esq.
          WESTMORELAND LAW, LLC
          132 Cone Street, Suite A
          Atlanta, GA 30303
          Tel: (404) 446-2620
          nw@westmorelandlawgroup.com