

**Shapiro Arato Bach LLP**

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 5, 2025

<u>VIA EMAIL</u>
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

      We submit this letter regarding our objections to certain exhibits the government expects to use during Jane's testimony. As outlined in the government's email to the Court, the exhibits include text messages as well as entries that Jane wrote in her phone Notes App, which she used as a diary during her relationship with Mr. Combs. With respect to these notes,[1] the government takes an unduly broad view of Rules 801(d)(1)(B) and 803(3). Certain notes should be excluded entirely for failure to meet Rule 801(d)(1)(B)'s temporal requirement because they were created after Ms. Ventura filed her lawsuit, Jane read that lawsuit, and the government began its investigation. Other notes—or substantial portions thereof—should be excluded for failure to satisfy Rule 803(3). Indeed, it is clear the government seeks to use these notes—which span years going back to the beginning of 2022—as a crutch to lead Jane through her direct testimony and to impermissibly frame and bolster that testimony. The Court should not permit such an abuse of the evidence rules. The government seeks to do the same with inadmissible hearsay in government exhibit C-251—messages between Jane and Kristina Khorram from December 2023. As for other text messages the government intends to use, Mr. Combs has Rule 106 objections to admitting these messages without additional context. Finally, Mr. Combs objects to the admission of GX E-171 as hearsay and under Rule 403.

    **A.**  **Rule 801(d)(1)(B)**

      The Court should reserve decision on whether the government's exhibits are admissible under Rule 801(d)(1)(B) until after the cross examination of Jane. Moreover, regardless of whether any statements could qualify as prior consistent statements, many of the government's proffered exhibits cannot satisfy Rule 801(d)(1)(B)'s temporal requirement and cannot be admitted pursuant to the rule.

---

[1] The notes are contained in government exhibits E-178, E-179, E-182, and E-331-A through E-331-P.

Hon. Arun Subramanian
June 5, 2025

Rule 801(d)(1)(B) requires the statements at issue to be "consistent with the declarant's testimony," and "offered … to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying" or "to rehabilitate the declarant's credibility as a witness when attacked on another ground." Jane has not testified yet. And Rule 801(d)(1)(B) allows for the admission of "prior consistent statements … only if they properly rehabilitate a witness whose credibility has been attacked." Fed. R. Evid. 801, advisory committee notes to 2014 Amendment. The exception "does not allow impermissible bolstering of a witness" prior to a credibility attack. *Id*. "[Rule 801(d)(1)(B)] speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told." *Tome v. United States*, 513 U.S. 150, 157-58 (1995).

Thus, "[t]he prior consistent statement … must have 'some rebutting force beyond the mere fact that the witness has repeated on a prior occasion a statement consistent with his trial testimony.'" *United States v. Ray*, 2022 WL 558146, at *5 (S.D.N.Y. Feb. 24, 2022) (quoting *United States v. Pierre*, 781 F.2d 329, 331 (2d Cir. 1986)). And "prior consistent statements cannot be offered to rebut 'only a generalized attack on credibility.'" *United States v. Daskal*, 2023 WL 9424080, at *7 (E.D.N.Y. July 12, 2023) (quoting *United States v. Pierre*, 781 F.2d 329, 333 (2d Cir. 1986)).[2] Furthermore, "to be admissible for rehabilitation, a prior consistent statement must [further] satisfy the strictures of Rule 403." Fed. R. Evid. 801, advisory committee notes to 2014 Amendment. For these reasons, courts "defer ruling on this issue unless and until the credibility of a witness has been impeached at trial and a party has offered prior consistent testimony under Rule 801(d)(1)(B)." *See United States v. Mohamed*, 2022 WL 15493545, at *8 (E.D.N.Y. Oct. 26, 2022).

In accordance with normal practice and the Court's prior rulings concerning Rule 801(d)(1)(B), the government's exhibits should not be admitted as prior consistent statements— if at all—until after the cross examination of Jane, if Jane's credibility is attacked in a manner outlined by the rule.

Separately, many of the government's proffered exhibits cannot satisfy Rule 801(d)(1)(B) at all, regardless of how or whether her credibility is attacked. Statements offered under Rule 801(d)(1)(B) must satisfy the rule's temporal requirement. "A prior consistent statement made *after* an improper motive exists is simply not within the scope of" the rule. *United States v. Al-Moayad*, 545 F.3d 139, 167 (2d Cir. 2008) (emphasis added) (vacating convictions due to erroneous admission of notes under rule). To satisfy the rule, then, the statement must be "made before the source of [a] bias, interest, influence or capacity originated." *United States v. Forrester*, 60 F.3d 52, 64 (2d Cir. 1995) (quoting *Tome*, 513 U.S. at 156). Once a lawsuit is filed or "the government's criminal investigation" begins, an improper motive is clearly introduced. *United States v. Hotte*, 189 F.3d 462 (2d Cir. 1999).

---

[2] The government cites *United States v. Brennan*, but that case requires "a *specific* attack on a witness's credibility." 798 F.2d 581, 589 (2d Cir. 1986) (emphasis added).

Page 3

Hon. Arun Subramanian
June 5, 2025

The statements contained in government exhibits C-251, E-178, E-179, E-182, E-331-K, E-331-L, E-331-M, E-331-N, E-331-O, and E-331-P, were written after Ms. Ventura's lawsuit was publicly filed on November 16, 2023. Immediately after the lawsuit and Mr. Combs's settlement of the lawsuit on November 17, 2023, the government's investigation began. Jane read the allegations in the lawsuit and was aware of the settlement. These events clearly introduced an improper motive, bias, interest, or influence. Thus, these statements—made thereafter—are not admissible under Rule 801(d)(1)(B).

### B. Rule 803(3) Does Not Apply To The Majority Of Statements In The Government Exhibits

The vast majority of the statements contained in the notes are also not admissible under Rule 803(3), because they communicate no then-existing state of mind and merely reflect backward on past events. The same is true of statements in GX C-251. Such statements are inadmissible hearsay and should be redacted from any exhibits offered into evidence.

Rule 803(3) specifically excludes "statement[s] of memory or belief to prove the fact remembered or believed." That carveout "is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind." Fed. R. Evid. 803(3), advisory committee notes. Moreover, to be admissible under 803(3), a statement must be "a statement of what [the declarant] was thinking in the present." *United States v. Lawal*, 736 F.2d 5, 8 (2d Cir. 1984) (quoting *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984)). To qualify, "the statement must face forward, rather than backward." *United States v. Harwood*, 998 F.2d 91, 98 (2d Cir. 1993). Statements of what the declarant "or someone else had done in the past [are] properly excludable as inadmissible hearsay not within the terms of Rule 803(3)." *Lawal*, 736 F.2d at 8.

In short, "[t]o fit the exception, a statement must indicate the speaker's *present* and *existing* state of mind" or condition. 4 Mueller & Kirkpatrick, *Federal Evidence* § 8.71 (4th ed. & 2023 update). Thus, a statement like "I have a headache" is admissible, but a statement like "I hit my head yesterday" is not. *See id.* §§ 8.71, 8.73.

The notes overwhelmingly reflect assertions regarding past conduct, memories of past events, and feelings regarding the past. Indeed, the statements include assertions of conduct that took place months or years in the past, which is not a permissible use of rule 803(3). *See United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991) ("To admit statements of one's state of mind with regard to conduct that occurred eight months earlier ... would significantly erode the intended breadth of this hearsay exception."); *Harwood*, 998 F.2d at 98 (2d Cir. 1993) (statements inadmissible "to support an inference about conduct that had occurred five months earlier"). For example, the notes contain statements such as: ███████████████ ███████████████████████████████████████████ GX E-331-N. And █████████████████████████████████████████████████████

Hon. Arun Subramanian
June 5, 2025

Page 4

▓▓▓▓▓▓▓▓▓▓▓▓▓▓ E-331-O.  The notes are full of similar reflections on past events,[3] and such backward-looking statements are inadmissible under the exception.  GX C-251 also contains backward looking statements inadmissible under Rule 803(3).

Moreover, while Rule 803(3) is often used to admit statements of a declarant's pain and suffering, it "does not allow statements to show the *external cause* of" such pain and suffering.  4 *Federal Evidence*, *supra*, § 8.70.  Some other hearsay exceptions are broader in this regard—but, "[i]n contrast, the state-of-mind exception in Rule 803(3) focuses on the subjective and the present, and … does not reach prior acts, events, or conditions in the world at large."  4 *Federal Evidence*, *supra*, § 8.70.  Statements in Jane's notes similarly fail this requirement.

The government is here not seeking to prove Jane's state of mind.  Rather, what the government is seeking to prove is that the defendant was the cause of her suffering based on his past acts.  Such statements are simply not covered by Rule 803(3).

### C. GX C-251 Contains Other Inadmissible Hearsay

To the extent the government seeks to admit statements in GX C-251 under Rule 803(2), a foundation will need to be established through Jane's testimony.  "Spontaneity is the key factor" under the rule because the theory underlying the exception is "that circumstances may produce a condition of excitement which temporarily stills the capacity of reflection and produces utterances free of conscious fabrication."  Fed. R. Evid. 803(2) advisory committee's note.  Thus, "[i]n order to find that 803(2) applies, it must appear that the declarant's condition at the time was such that the statement was spontaneous, excited or impulsive rather than the product of reflection and deliberation."  *Doe v. Darien Bd. of Educ.*, 110 F. Supp. 3d 386, 397 (D. Conn. 2015) (quoting *United States v. Iron Shell*, 633 F.2d 77, 86 (8th Cir. 1980); *see also* Federal Evidence, *supra*, § 8:68 (stating the exception requires that the "the speaker was still laboring under stress that stilled reflective capacity").  That is not clear from the text messages, which depict reflection and deliberation and make clear that the triggering event described in the messages did not transpire immediately prior to the statements.  *See* GX C-251 at 2 ("I'm sure we're both emotionally drained right now.  It's ok no need to call… I'm drained been crying *all day*.") (emphasis added).[4]

Moreoever, certain statements in GX C-251 do not satisfy any of the hearsay exceptions on which the government relies.  The following statements should be excluded entirely:

- "He has been bothering me for two months after all I've been asking for is my space, I keep telling him that I just need some time with God and that I need time to move on from him. We broke up 2weeks before the controversy for a lot of things stated in that lawsuit that I personally felt in my experience w him. When shit hit the fan I had

---

[3] Indeed, almost all of the cited examples in the government's letter do not satisfy Rule 803(3).

[4] The government appears to rely on Rule 803(1) only for "the first sentence of the initial text message from Jane." Gov. Ltr. 3.

Hon. Arun Subramanian
June 5, 2025

> already entered into my own depression caused by him. He knew that and all I asked for was my space and quiet time. Im traumatized from my experience w him and I'm just privately healing n he keeps bothering me. He invites to fly me out and I politely decline, each time."

- "Mind you these are sex tapes where I am heavily drugged, and doing things that he asked of me for the past three years. That I am currently recovering from…. For him to exploit me all this time and then threaten me w sex tapes…."

### D. Rule 403 Requires Exclusion Of The Statements In the Notes And GX C-251

The statements in the notes and government exhibits C-251 should also be precluded under Rule 403. The government offers the notes as probative of Jane's state of mind at various points in time. But Jane's state of mind during the charged period is only probative of the charged crimes to the extent she communicated that state of mind to Mr. Combs, because the sex trafficking statute focuses on whether the defendant "kn[ew]" or acted "in reckless disregard of the fact" that "means of force, threats of force, fraud, coercion … , or any combination of such means w[ould] be used to cause the person to engage in a commercial sex act." 18 U.S.C. § 1591(a)(1). The private notes and text message to Ms. Khorram were not communicated to Mr. Combs. And the manner in which the government plans to use these statements will also be unfairly prejudicial. It plans to show them to Jane to bolster her testimony and lead her into describing for the jury how she perceived certain past events and how those events might have made her feel. But this is not a trial about her subjective feelings or diary entries. Rather, the elements of the charged crimes focus on Mr. Combs's state of mind, and whether he understood his actions to amount to force, fraud, or coercion.

### E. Rule 106

The government seeks to admit multiple text message chains between Jane and Mr. Combs that paint an unfair picture of the correspondence.[5] The exhibits offered by the government lack context and other content "that in fairness ought to be considered at the same time." Fed. R. Evid. 106. To simplify matters for the Court, we are submitting to the Court versions of the government's proffered exhibits with the defense's additional requested content highlighted in yellow, as well as audio messages missing from the government's text message chains. We are prepared to address orally tomorrow morning any particular questions regarding why these additions are necessary to ensure a fair presentation of the evidence. Additionally, we have conferred with the government and are amenable to instead offering the defense's version of these exhibits during cross-examination.

---

[5] These include A-104-13 through A-104-15, A-104-60 through A-104-61, A-104-63 through A-104-72, A-104-76, A-442-31, A-442-33, A-301-K, A-301-L, A-301-M, A-301-R, A-301-S, A-301-T, A-301-U, and A-301-V.

Hon. Arun Subramanian
June 5, 2025

### F. GX E-171 Is Inadmissible

GX E-171 is a screenshot of an Instagram post that Jane took after Ms. Ventura filed her lawsuit in November 2023. The government states it will offer the screenshot to prove "its impact on Jane" and not for its truth. The exhibit is inadmissible for that purpose—or any other purpose.

The exhibit contains hearsay statements such as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." That statement is hearsay if offered for its truth, and substantially more prejudicial than probative if offered merely to prove the "impact on Jane" of the Instagram post. It goes without saying that the "impact on Jane" of this particular Instagram post is not actually at issue. Instead, the government can simply ask her—without admitting this prejudicial exhibit—what she thought when she saw news of the lawsuit. The defense has sought to offer various photographs and other exhibits to corroborate and elaborate on witness testimony. The Court has admitted some defense exhibits in this category, and excluded others as inadmissible under Rule 403. This is a clear example of an exhibit falling on the inadmissible side of the Rule 403 balance, and it should be excluded.

Respectfully submitted,
/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP
156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465

Hon. Arun Subramanian
June 5, 2025

Page 7

        aestevao@harristrz.com

        Brian Steel
        THE STEEL LAW FIRM, P.C.
        1800 Peachtree Street, Ste. 300
        Atlanta, GA 30309
        (404) 605-0023

        Xavier R. Donaldson
        136 Madison Ave, 6th Floor
        New York, New York 10016
        646-772-3334
        Xdonaldson@aol.com

        Nicole Westmoreland, Esq.
        WESTMORELAND LAW, LLC
        132 Cone Street, Suite A
        Atlanta, GA 30303
        Tel: (404) 446-2620
        nw@westmorelandlawgroup.com