

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 1, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Combs*, S3 24 Cr. 542 (AS)**

Dear Judge Subramanian:

The Government respectfully submits this letter to oppose the defendant's application for a subpoena directing the victim-witness testifying under the pseudonym "Mia" to produce all communications with Casandra Ventura from March 2025 through the present regarding the defendant, the above-captioned case, or testimony in this case. For largely similar reasons set forth in the June 1, 2025 letter from Ms. Ventura's counsel, the Government opposes the defendant's request for a subpoena.

Specifically, the Government takes issue with the defendant's statement that *United States v. Nixon*, 418 U.S. 683 (1974), does not apply here. *See* Apr. 18, 2025 Tr. at 8 (applying the *Nixon* standard to Rule 17(c) subpoenas requested by the defendant in this case); *see also United States v. Barnes*, No. S9 04 Cr. 186 (SCR), 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) (noting that "all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party subpoenas issued by the defense"). Nevertheless, even under the standard articulated in *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008)—a case that multiple courts in this district have declined to adopt—the defendant's request is unwarranted. *See* Apr. 18, 2025 Tr. at 9 ("No fishing expeditions are allowed regardless of which case the court applies); *see also Tucker*, 249 F.R.D. at 66 (stating that "Rule 17(c) subpoenas are not to be used as broad discovery devices, but must be reasonably targeted to ensure the production of material evidence"). Here, while the defendant hopes to find "confirm[ation] whether . . . Mia's representations about not discussing the substance of [her] testimony with Ms. Ventura were truthful," (Def. Ltr. dated May 30, 2025), the defendant has provided no basis to suggest that Mia's sworn testimony was anything other than truthful.[1] Accordingly, there is no basis for the Court to

[1] Indeed, Mia's 3500 material has long reflected that she has spoken to Ms. Ventura, but not about the substance of the case. *See, e.g.*, 3504-016 at 5 (Sept. 24, 2024) Even during trial, consistent with her testimony, Mia disclosed that she had communicated with Ms. Ventura, though not about the substance of their testimony. *See* 3405-069 at 4 (May 26, 2025)

issue a Rule 17(c) subpoena under either the *Nixon* or *Tucker* standard. *See United States v. Nelson*, 2011 WL 2207584, at *4-5 (S.D.N.Y. June 3, 2011) (under either the *Nixon* or *Tucker* standard, CCRB complaint that did not bear on witness's credibility was not properly obtainable under Rule 17(c) for impeachment purposes only).

In fact, the communications that the defendant seeks are exactly the type of "fishing expedition" Rule 17 is meant to avoid. By the defendant's own admission, he is seeking communications from Mia to "confirm" what Mia said on the witness stand. However, he has absolutely no basis to suggest that Mia was not truthful in her testimony. The defendant's speculation falls far short of the required showing for a Rule 17(c) subpoena to issue. *See United States v. Constantine*, No. 21 Cr. 530 (SHS), 2023 WL 3045408, at *2 (S.D.N.Y. Apr. 21, 2023) ("Subpoenas should not issue when defense counsel merely speculates that the materials *may* constitute inconsistent statements of expected witnesses." (emphasis in original, citation omitted)); *see also United States v. Afsharjavan*, 15 Cr. 144 (JCC), 2015 WL 5047438, at *5 (E.D. Va. Aug. 26, 2015) (finding that "Defendant hopes to find favorable evidence in the tax returns [but t]his is not a proper basis for the Court to issue subpoenas pursuant to Rule 17"); *United States v. Ferguson*, No. 06 Cr. 137 (CFD), 2007 WL 4577303, at *1 (D. Conn. Dec. 26, 2007) (noting that Rule 17(c) subpoenas may be issued for impeachment materials only if the witness testifies inconsistently with those materials at trial).

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s

Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

---

[REDACTED] The defense therefore had the ability to request these materials sooner if they had wanted to and now appear to be on the kind of fishing expedition barred by *Nixon* and *Tucker*. In addition, the defense has argued for weeks that Ms. Ventura and Mia have been in contact, thus they have clearly been on notice of such communications but have failed to seek them until mid-way through Mia's cross-examination. (Dkt. 266 at 4 & n.5) (opposing Mia's pseudonym [REDACTED] [REDACTED]).