

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 4, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *United States v. Combs*, S3 24 Cr. 542 (AS)**

Dear Judge Subramanian:

The Government respectfully writes to seek the admission on redirect examination of a conversation in early 2024 between Bryana Bongolan and Rob Holladay, a then-mutual friend of Ms. Bongolan and the defendant. The Government expects that Ms. Bongolan will testify that over a FaceTime call in early 2024, Mr. Holladay told Ms. Bongolan, in sum and substance, that he understood that she was suing the defendant. Mr. Holladay then conveyed that the defendant would pay her one million dollars if Ms. Bongolan did not "bring lawyers into it." Ms. Bongolan refused, and after that, she and Mr. Holladay—long-time friends—did not speak.

Mr. Holladay's statements are admissible. *First*, as described below, they are highly probative for at least three reasons: (i) the statements are probative of the defendant's consciousness of guilt regarding his attack on Ms. Bongolan; (ii) the statements are corroborative of Ms. Bongolan's account of the attack, which has been repeatedly impeached on cross-examination; and (iii) the statements evidence the bias and motivations of Mr. Holladay, who the defendant has noticed as a witness in this trial. *Second*, the statements are not barred by the hearsay rule: (i) they may be admitted pursuant to Federal Rule of Evidence 801(d)(2) because Mr. Holladay was authorized to make a statement on the topic of a settlement with Ms. Bongolan and was acting as the defendant's agent in that respect, and (ii) the statements are admissible under Rule 803(3) because they are evidence of the defendant's state of mind—including his intent and plan—at the time.

*The Statements Are Highly Relevant Evidence*

Mr. Holladay's statements offering to broker a settlement on the defendant's behalf with Ms. Bongolan are relevant on multiple bases. First, the statements are powerful evidence of the defendant's consciousness of guilt. The fact that even before Ms. Bongolan's lawsuit was filed, the defendant was prepared to pay her a million dollars to settle her claim shows a guilty conscience and significantly undercuts the defense position advanced on Ms. Bongolan's cross-examination that the balcony attack did not happen. Relatedly, the evidence is highly corroborative of Ms. Bongolan's testimony that the defendant attacked her on the balcony, raising

her up on the balcony and then throwing her on the furniture. Ms. Bongolan's account of these events has been repeatedly attacked by the defense, thus opening the door to additional evidence that shows that her testimony on this topic is truthful. Finally, the defense has included Mr. Holladay on its witness list. His statements to Ms. Bongolan on this occasion are highly probative of his bias for the defendant and his motivations for testifying in this trial. If Mr. Holladay is expected to testify, the Government should be permitted to examine other witnesses with personal knowledge of events that impeach his credibility. For efficiency, this should occur while those witnesses are already testifying; Ms. Bongolan in particular traveled here from California to testify, and the Government should not be required to recall her.

*The Statements Are Excluded or Excepted from the Hearsay Rule*

Mr. Holladay's statements are admissible both as statements of an authorized person under Rule 801(d)(2)(C) and as statements of an agent under Rule 801(d)(2)(D). *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 260 (S.D.N.Y. 2003) (the inquiry for Fed. R. Evid. 801(d)(2)(C) is "whether the person making the statements had the authority to speak on a particular subject on behalf of the party the admission is to be used against"); *United States v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996) (hearsay exception under Fed. R. Evid. 801(d)(2)(D) applies when the agent-declarant is "an advisor or other significant participant in the decision making process that is the subject matter of the statement"). As Ms. Bongolan testified, Mr. Holladay is a friend of the defendant's, and he was making the FaceTime call to Ms. Bongolan from the defendant's backyard. (Tr. at 4304). The government expects to lay additional foundation on redirect examination that Mr. Holladay was a music producer and Mr. Holladay had a close personal and professional relationship and worked with one another over the course of years.[1] Moreover, at the time this conversation occurred in early 2024, Ms. Bongolan will clarify that she had not yet filed a public lawsuit and had not confided in others about an intent to do so; therefore the only source of Mr. Holladay's knowledge of her potential legal demand was the defendant**.** Indeed, Ms. Bongolan has already testified that Mr. Holladay was calling on behalf of the defendant, and that the defendant had authorized Mr. Holladay to discuss a settlement with Ms. Bongolan. (Tr. at 4311). With the foundation that Mr. Holladay learned about the legal demand from the defendant, had no personal interest in the settlement, his pre-existing professional and personal relationship with the defendant, Mr. Holladay's presence at the defendant's home when he makes this call, and the clear testimony from Ms. Bongolan as to her understanding of the nature of Mr. Holladay's authorization, the statements are admissible under either Rule 801(d)(2)(C) or 801(d)(2)(D). *See Pappas v. Middle Earth Condominium Ass'n*, 963 F.2d 534, 538 (2d Cir. 1992) ("Although the statement to be introduced may not itself be relied upon to establish the alleged agency relationship, this foundational predicate may be established by circumstantial evidence.").

*Second*, the statement is evidence of the defendant's state of mind under Rule 803(3). Mr. Holladay communicated to Ms. Bongolan that the defendant would pay Ms. Bongolan if she did not involve lawyers in the settlement. This conveys the defendant's plan and intent to pay Ms. Bongolan this large sum of money to ensure that she dropped her suit.

---

[1] The testimony of Kerry Morgan and Deonte Nash is corroborative on this point. (*See* Tr. at 1681, 3024, 3179-81).

For these reasons, the Government respectfully requests to be permitted to elicit testimony regarding Ms. Bongolan's conversation with Mr. Holladay.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s______________________
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284

cc: Counsel of record (by ECF)