

21st Floor
1251 Avenue of the Americas
New York, NY  10020-1104

**Robert Balin**
(212) 603-6440 tel

robertbalin@dwt.com

June 18, 2025

**VIA ECF**
Hon. Arun Subramanian
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States of America v. Combs*, Case No. 1:24-cr-00542-AS

Dear Judge Subramanian:

We write on behalf of The Associated Press, American Broadcasting Companies, Inc. d/b/a ABC News, Business Insider, NBCUniversal News Group, NYP Holdings, Inc. (publisher of the *New York Post*), The New York Times Company, Vox Media, LLC (publisher of *New York* Magazine), National Public Radio, Inc., Reuters News & Media Inc., WP Company LLC (publisher of *The Washington Post*), and CBS Broadcasting, Inc. d/b/a CBS News (collectively, the "News Organizations") regarding the Government's failure to provide timely access to exhibits introduced into evidence during the testimony of the pseudonymous witness "Jane," as it assured the Court and News Organizations it would.

As the Court knows, the News Organizations submitted a letter on June 4, 2025 objecting to the Government's proposal to turn off public screens showing exhibits during Jane's testimony and, instead to "release them to the press and public with full redactions made promptly after her testimony." *See* ECF No. 378 at 1. In that letter, the News Organizations raised concerns about the Government following through on this promise, given that the Government was already a week behind on releasing copies of exhibits to the press at that time. *Id*. at 2.

At a hearing on June 5, 2025, the Court asked the Government to address these concerns, noting that "I understand the press's concern is they . . . need to report on these things as they're happening. And so if the timing is such that they only receive the exhibits a week later or even more, that would be inappropriate, they say." Tr. 4416:17-21. In response, the Government first assured the court that "what we can do for certain is release any photos or videos that do not depict Jane same day. That is easy…." Tr. 4416:22-24. The Court then inquired about a "general timeframe" for releasing exhibits requiring redaction. The Government responded that it intended to get the redacted exhibits to the press by the end of the day following each day of Jane's testimony, with some "flexibility." Tr. 4418:1-17.

DWT.COM

Anchorage | Bellevue | Los Angeles | New York
Portland | San Francisco | Seattle | Washington, D.C.

Page 2

From nearly the outset of Jane's testimony, however, the Government has ignored its own proposed timeline for providing access to exhibits. As of this morning, the Government had not publicly released *any* exhibits introduced at trial after June 9—nine days ago. And, the Government had only provided redacted text messages introduced during Jane's first day of testimony on June 5—thirteen days ago. Reporters for the News Organizations have repeatedly asked for timely access to exhibits, and have been largely ignored. Earlier today, we contacted the Government on behalf of the News Organizations to ask it to confirm it would remedy these deficiencies, but received no response as of the filing of this letter. In short, the Government is failing to provide the press with timely access to exhibits, as it assured the Court it would.

Such timely access was not only promised by the Government, it is required under the First Amendment. The "existence of the common law right to inspect and copy judicial records is beyond dispute." *In re Application of Nat'l Broadcasting Co.*, 635 F.2d 945, 949 (2d Cir. 1980). And, the right of the press and public to copy judicial records is at its zenith when the judicial record sought is "any item entered into evidence at a public session of a trial." *Id.* at 952. The Second Circuit has explained that "[o]nce the evidence has become known to the members of the public, including representatives of the press, through their attendance at a public session of court, it would take the most extraordinary circumstances to justify restrictions on the opportunity of those not physically in attendance at the courtroom to see and hear the evidence." *Id.* Finally, prompt disclosure of trial exhibits is strongly favored because "there is significant public interest in affording th[e] opportunity [to copy] contemporaneously with the introduction of the [documents] into evidence in the courtroom, when public attention is alerted to the ongoing trial." *Id. See also United States v. Massino,* 356 F. Supp. 2d 227, 231 (E.D.N.Y. 2005) (rejecting the argument that "the presumption of access should not extend to duplication"); *People v. Williams,* 29 Misc. 3d 1222(A), at *2, 920 N.Y.S.2d 243 (Table) (Sup. Ct. Nassau Cty. 2010) ("There is a longstanding presumption in favor of public inspection and copying of any item entered into evidence at a public session of a trial.").

The government has provided no justification for its failure to provide prompt access to exhibits requiring no redactions. Indeed, it has represented that it would be "easy" to provide access to these exhibits "same day," yet it is now nine days behind. And, while the Court accommodated the Government's request for time to redact certain exhibits before sharing them publicly, there must be limits. The Government is now ten days behind on its own proposed schedule for disclosing redacted exhibits. As this trial is rapidly nearing its completion, there is only limited time for the public to be informed of the proceedings before the jury begins deliberations. Time is of the essence.

Accordingly, the News Organizations respectfully ask for an order directing the Government to (1) immediately provide copies of all exhibits not requiring redactions, and continue to provide copies of such exhibits on the day they are introduced into evidence, and (2) provide copies of all redacted exhibits introduced in connection with Jane's testimony by the end of the day on Friday, June 20, 2025.

Page 3

        We thank the Court for its attention to this matter.

                              Respectfully Submitted,

                              DAVIS WRIGHT TREMAINE LLP

                              */s/ Robert Balin*

                              Robert Balin
                              Abigail Everdell

cc:    Attorneys of Record (via ECF)