

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

26 Federal Plaza, 37th Floor
New York, New York 10278

June 19, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government writes in response to the defendant's proposed additional jury instructions, which were filed on June 8, 2025. (Dkt. 388).

    **Defense Additional Request No. 1:** The Government objects to the defendant's proposed instruction regarding "Immunized Witnesses." As this Court is aware, each of the immunized witnesses in this trial was compelled to testify by a subpoena and an immunity order, which provides that if the witness testifies truthfully at trial, the witness's testimony cannot be used against the witness. Those immunity orders do not prohibit the government from prosecuting the witness based on other evidence or if the witness lied. Furthermore, whether or not the defendant is ultimately convicted has no effect on the witness's grant of immunity. The defendant's proposed instruction that immunized witnesses have a "motive to falsify [their] testimony" in order to "win [their] freedom" and which suggests that immunized witnesses have an incentive to "place guilt upon the defendant" is therefore wholly erroneous. *See United States v. Joy Harris*, 24 Cr. 207, Tr. 172 (Kaplan, J.) (in response to question from defense counsel to immunized witness about whether witness is hoping that his "cooperation with the government" "might grant [him] some leniency," court instructed the jury that "there's been a fair amount of confusion" about the nature of an immunity order and there is nothing in an immunity order "that prohibits the government from prosecuting" the immunized witness based on non-immunized testimony). In fact, because an immunity order provides immunity only if the witness testifies truthfully, the opposite statement could be said about immunized witness testimony. On this basis, the Court should reject the defendant's proposed instruction and instead instruct the jury on immunized witness testimony using the Government's proposed instruction. (Gov't. RTC at 95 (Req. No. 38)).

    **Defense Additional Request No. 2:** The Government opposes the second sentence in the defendant's proposed instruction on "Specific Investigative Techniques" as misleading. This sentence suggests that the jury *should* consider the fact that the Government did not utilize specific investigative techniques in determining a defendant's guilt, and conflicts with the legally accurate instruction given by courts, including this Court, that the use or lack of use of specific investigative techniques is not the concern of a juror. *See United States v. Eisenberg*, 23 Cr. 10 (AS), Trial Tr. 1493 ("Although, you are to carefully consider the evidence adduced by the government, you are

not to speculate as to why they used the techniques they did or why they did not use other techniques. The government is not on trial and law enforcement techniques are not your concern."); *United States v. Dupigny*, 18 Cr. 528 (JMF), Trial Tr. 788 ("While you are to carefully consider the evidence adduced by the government, you are not to speculate as to why the government used the techniques it did or why it did not use other techniques."). The Court should therefore deny the defendant's request that the Court include this language in its instruction.[1]

**Defense Additional Request No. 6:** The Government objects to Additional Request No. 6 for several reasons.

As an initial matter, the requested instruction is not applicable to all charged offenses and specified racketeering activity in this case because "voluntary intoxication does not negate the intent element of a crime of general intent," *see United States v. Sewell*, 252 F.3d 647, 651 (2d Cir. 2001), and certain of the predicate racketeering acts underlying the RICO conspiracy are general intent crimes, *see People v. Fontenot*, 447 P.3d 252, 260 (Cal. 2019) (kidnapping is a general intent crime); *People v. Royal*, 326 Cal. Rptr. 3d 540, 545 (Cal. Ct. App. 2024) ("Arson is a general intent crime."). Thus, any instruction on voluntary intoxication must clearly state that it only negates the intent for only the particular crimes alleged with a specific intent requirement.

In any event, there is an insufficient foundation for a voluntary intoxication instruction in this case. Each of the crimes in the Indictment is alleged to have occurred over periods of multiple years. While the defendant may have been occasionally intoxicated, there is certainly no evidence in the record establishing that the defendant was intoxicated for those entire periods and thus could not form the requisite intent. The defendant's proposed instruction is misleading on this point: the first sentence of the last paragraph of the proposed instruction could be read to suggest that a juror may find that the defendant lacked the requisite intent for the crimes charged in the Indictment if he was merely "intoxicated" at some point during the charged crime. This is legally incorrect. *See United States v. Briseno-Mendez*, 153 F.3d 728 (10th Cir. 1998) (holding that intoxication instruction was not warranted where "the evidence does not show Briseno-Mendez was drinking 'the entire time'" during the conspiracy "much less that he was so intoxicated during the three-day period as to be unable to form the requisite intent for a conspiracy conviction"). Here, the evidence in the record (to date) is limited to subjective observations of lay witnesses at various times—none of which established that the defendant was intoxicated "the entire time" he was carrying out the charged offenses.

Finally, were the Court inclined to give an instruction on voluntary intoxication, the defendant's proposed instruction is improper. In addition to the first sentence of the last paragraph of the proposed instruction cited above, the Government objects to the entire last paragraph of the proposed instruction as misleading. The phrase "some degree" in the second sentence of the last paragraph of the defendant's proposed instruction suggests that the defendant cannot be guilty if

---

[1] Of course, the jury can consider the lack of evidence in deciding whether the Government has proven the defendant's guilt beyond a reasonable doubt, which the Government's proposed instruction on particular investigative techniques makes clear. Gov't RTC at 97 ("Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.").

he was very intoxicated, as opposed to intoxicated "to some degree"; however, the law is clear that, regardless of how intoxicated a defendant is, the question is whether a defendant is "too intoxicated specifically to" form the requisite intent. *United States v. Crowley*, 236 F.3d 104, 111 (2d Cir. 2000); *see United States v. Navarrete*, 125 F.3d 559, 563 (7th Cir. 1997). In addition, because the crimes alleged occurred over multiple years, any instruction on voluntary intoxication should account for that.

If the Court does give an instruction on voluntary intoxication, the Second Circuit, in *United States v. Rahman*, approved of a voluntary intoxication instruction that Judge Mukasey delivered under similar circumstances: a lengthy conspiracy with occasional intoxication. Specifically, Judge Mukasey provided the following instruction:

> If you find that defendant was intoxicated throughout the entire course of his alleged participation in the crimes charged, you may conclude that the defendant did not have the required intent that I described earlier.

*United States v. Rahman*, 189 F.3d 88, 142 n.18 (2d Cir. 1999). The Government respectfully requests that any voluntary intoxication instruction in this case include similar language.

**Defense Additional Request Nos. 7 & 8:** The Government objects to the defendant's proposed "Bulk Cash" and "Crimes Defined by Statute Only" instructions as unnecessary. The Government is unaware of any precedent for such instructions, nor does the defendant cite any. Furthermore, the "Crimes Defined by Statute Only" is duplicative of the instructions with respect to every count. Those instructions repeatedly make clear that the Government must prove beyond a reasonable doubt each element of each count in order for the jury to find the defendant guilty (*see, e.g.*, Gov't. RTC at 11 (Req. No. 7, instructing on elements of sex trafficking)), and each count must be considered individually, (*see, e.g.*, Gov't. RTC at 3 (Req. No. 2, instructing on multiple counts)). The Government also requested that the Court give standard instructions on the burden of proof and the presumption of innocence – all of which together make clear that the jury's inquiry is confined to the elements of the charged offenses.

To the extent that the Court is inclined to provide an instruction on "Bulk Cash," the Government requests that the charge be supplemented with language that clarifies that while keeping large quantities of cash is not inherently illegal, bulk cash can be considered evidence of illegal activity, *see, e.g.*, *United States v. Davis*, 122 F.4th 71, 76 (2d Cir. 2024), and the jury can give such evidence whatever weight deemed appropriate under the facts and the law.

**Defense Additional Request No. 9:** The Government objects to the defendant's proposed instruction about the RICO statute of limitations as misleading. As written, this proposed instruction suggests that the Government must prove the defendant "continued [his] participation" or "knowingly participated" "in the charged conspiracy . . . beyond September 12, 2019." This is legally inaccurate. In fact, once the Government meets its burden of showing that a conspiracy existed, "it [is] entitled to a presumption that the conspiracy continued until defendant demonstrate[s] otherwise." *United States v. Spero*, 331 F.3d 57, 61 (2d Cir. 2003). "[T]he burden is on the defendant to prove . . . that he took affirmative steps to withdraw" or that the conspiracy

was terminated. *United States v. Eppolito*, 543 F.3d 25, 46 (2d Cir. 2008). A defendant must produce "affirmative evidence of withdrawal," demonstrating that he "performed some act that affirmatively established that he disavowed his criminal association with the conspiracy, either the making of a clean breast to the authorities, or communication of the abandonment in a manner reasonably calculated to reach co-conspirators." *United States v. Leslie*, 658 F.3d 140, 143 (2d Cir. 1997).

Accordingly, if the defendant intends to pursue a statute of limitations defense to Count One on the basis that he withdrew from the conspiracy or the conspiracy terminated before September 12, 2019, the Government respectfully requests that the Court supplement the defendant's proposed instruction with the following language:

> A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members. So, too, once a person is found to be a member of a conspiracy, that person is presumed to continue being a member in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from it.
>
> In order to withdraw from the conspiracy, the defendant must have taken some clear, definite and affirmative action to terminate his participation, to abandon the illegal objective, and to disassociate himself from the agreement. Withdrawal requires proof that the defendant changed his intent about participating in the agreement. If the evidence only shows that the defendant stopped activities in furtherance of the conspiracy, or stopped cooperating with the conspiracy, or merely was inactive for a period of time, that is not enough to find that the defendant withdrew from the conspiracy.
>
> The defendant has the burden of proving by a preponderance of the evidence that he withdrew from the conspiracy before September 12, 2019. Preponderance of the evidence is a lower standard than proof beyond a reasonable doubt. To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. If you put the credible evidence that is favorable to the defendant and the credible evidence that is favorable to the government on opposite sides of a scale, the scale would have to tip somewhat on the defendant's side in order for you to find that the defendant is not guilty because of withdrawal before September 12, 2019. However, if the scale tips in favor of the government, or if the credible evidence appears to be equally balanced, or if you cannot say on which side the credible evidence is heavier, then you must decide that the defendant has not proved the defense of withdrawal before September 12, 2019 by a preponderance of the evidence. In making this determination, you should consider all of

the evidence presented during the trial, regardless of who offered it. You should evaluate the evidence and its credibility according to the instructions I gave you earlier.

You should also remember that the fact that the defendant raised this defense does not relieve the government of the burden of proving all the elements of the offense(s) charged beyond a reasonable doubt.

Sand, *Modern Federal Jury Instructions*, Instr. 6.18.371J-2; *see United States v. Jimenez*, 96 F.4th 317, 325 (2d Cir. 2024); *United States v. Hoskins*, 44 F.4th 140, 156 (2d Cir. 2022); *Eppolito*, 543 F.3d at 48–49.

        Respectfully submitted,

        JAY CLAYTON
        United States Attorney

By:   /s                       
    Maurene Comey / Meredith Foster /
    Emily A. Johnson / Christy Slavik /
    Madison Reddick Smyser / Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2324/-2310/-2409/-1113/-2381/-2284