**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

       - v. -

       Case No.:  24-cr-542 (AS)

SEAN COMBS,

             Defendant.

**JURY CHARGE**

1    **I.      Introductory Instructions**

2         **1.  Function of Court and Role of Jury**

3         You have now heard all the evidence in the case as well as the final arguments of the

4    parties.

5         My duty at this point is to instruct you as to the law. It is your duty to accept these

6    instructions of law and apply them to the facts as you determine them.

7         On these legal matters, you must take the law as I give it to you. If an attorney has stated a

8    legal principle different from any that I state to you in my instructions, it is my instructions that

9    you must follow.

10        You should not single out any instruction as alone stating the law, but you should consider

11   my instructions as a whole when you retire to deliberate in the jury room. And you should know

12   that you're going to be able to take a copy of these instructions into the jury room.

13        Your final role is to pass upon and decide the fact issues that are in the case. You, the

14   members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of

15   the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there

16   may be in the testimony, and you draw whatever reasonable inferences you decide to draw from

17   the facts as you have determined them. I will later discuss with you how to pass upon the

18   credibility—or believability—of the witnesses.

19        In determining the facts, you must rely upon your own recollection of the evidence. The

20   evidence before you consists of the answers given by witnesses—the testimony they gave, as you

21   recall it—and the exhibits that were received in evidence. What the lawyers have said, in opening

22   statements, in closing arguments, in objections, or in questions, is not evidence. Questions put to

23   witnesses are not themselves evidence. Only the answers are evidence. But you may not consider

24   any answer that I directed you to disregard.

1    You may also consider the stipulations of the parties as evidence.

2    Since you are the sole and exclusive judges of the facts, I do not mean to indicate any

3    opinion as to the facts or what your verdict should be. The rulings I have made during the trial are

4    not any indication of my views of what your decision should be as to whether or not the guilt of

5    the defendant has been proven beyond a reasonable doubt. You are to perform the duty of finding

6    the facts without bias or prejudice as to any party.

7    **2.   Government Treated Like Any Other Party**

8    The fact that the prosecution is brought in the name of the United States of America entitles

9    the government to no greater consideration than that accorded to any other party to a litigation. By

10   the same token, it is entitled to no less consideration. All parties, whether government or

11   individuals, stand as equals at the bar of justice.

12   **3.   Burden of Proof; Presumption of Innocence; Reasonable Doubt**

13   Now, I will instruct you on the presumption of innocence and the government's burden of

14   proof in this case. The defendant has pleaded not guilty. By doing so, he denies the charges in the

15   indictment. Thus, the government has the burden of proving the charges against the defendant

16   beyond a reasonable doubt. The defendant is presumed innocent, and he does not have to prove

17   his innocence. This presumption of innocence was in the defendant's favor at the start of the trial,

18   continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and

19   continues in his favor during the course of your deliberations in the jury room.

20   The government has the burden of proof in this case. The presumption of innocence is

21   removed as to the defendant if and only if you, as members of the jury, are satisfied that the

22   government has sustained its burden of proving the guilt of the defendant beyond a reasonable

23   doubt.

1    The question that naturally arises is, "What is a reasonable doubt?" A "reasonable doubt"

2    is a doubt based on your reason, your judgment, your experience, and your common sense. It is a

3    doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded

4    in reason and arising out of the evidence in the case—or the lack of evidence.

5    Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. It is

6    practically impossible for a person to be absolutely and completely convinced of any disputed fact

7    that, by its very nature, cannot be proven with mathematical certainty. The government's burden

8    is to establish guilt beyond a reasonable doubt, not all possible doubt.

9    If, after a fair and impartial consideration of all the evidence, you can candidly and honestly

10   say that you have an abiding belief of the defendant's guilt, such a belief as a prudent person would

11   not hesitate to act upon in important matters in the personal affairs of his or her own life, then you

12   have no reasonable doubt, and under such circumstances it is your duty to convict. On the other

13   hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly

14   say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief

15   of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a

16   prudent person to hesitate in acting in matters of importance in his or her own affairs—then you

17   have a reasonable doubt. In that circumstance, it is your duty to acquit.

18          **4.  Direct and Circumstantial Evidence**

19   There are two types of evidence that you may properly use in deciding whether the

20   defendant is guilty or not guilty of the crimes with which he is charged.

21   One type of evidence is called "direct evidence." Direct evidence of a fact in issue is

22   presented when a witness testifies to that fact based on what he or she personally saw, heard, or

23   otherwise observed through the five senses. Direct evidence may also be in the form of an exhibit

1   if it directly proves a fact in issue. The second type of evidence is "circumstantial evidence."

2   Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other

3   facts.

4          There is a simple example of circumstantial evidence that I talked to you about at the

5   beginning of this trial. Assume that when you came into the courthouse this morning, the sun was

6   shining, and it was a nice day outside. Also assume that the courtroom shades were drawn, and

7   you could not look outside. Assume further that as you were sitting here, someone walked in with

8   an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with

9   a raincoat that was also dripping wet.

10         Now, because you could not look outside the courtroom, and you could not see whether it

11  was raining, you would have no direct evidence of that fact. But, on the combination of facts that

12  I have asked you to assume, it would be reasonable and logical for you to conclude that it was

13  raining.

14         That is all there is to circumstantial evidence. You infer on the basis of your reason,

15  experience, and common sense from one established fact the existence or the nonexistence of some

16  other fact.

17         The matter of drawing inferences from facts in evidence is not a matter of guesswork or

18  speculation. An inference is a logical, factual conclusion that you might reasonably draw from

19  other facts that have been proven.

20         Many material facts, such as a person's state of mind, are not easily proven by direct

21  evidence. Usually, such facts are established by circumstantial evidence and the reasonable

22  inferences you draw. Circumstantial evidence may be given as much weight as direct evidence.

23  The law makes no distinction between direct and circumstantial evidence. The law simply requires

1    that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a

2    reasonable doubt, based on all of the evidence in the case.

3              **5. Credibility of Witnesses**

4              I'm now going to briefly discuss evaluating the credibility of witnesses.

5              You have had the opportunity to observe the witnesses. It is now your job to decide how

6    believable or credible each witness was in his or her testimony. You are the sole judges of the

7    credibility of each witness and of the importance of his or her testimony. How do you judge the

8    credibility of witnesses? There is no magic formula.

9              You should carefully scrutinize all of the testimony of each witness, the circumstances

10   under which each witness testified, the impression the witness made when testifying, the

11   relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the

12   reasonableness of the witness's statement, the strength or weakness of the witness's recollection

13   viewed in light of all other testimony and evidence, and any other matter in evidence that may help

14   you to decide the truth and the importance of each witness's testimony.

15             In other words, what you must try to do in deciding credibility is to size a witness up in

16   light of his or her demeanor, the explanations given, and all of the other evidence in the case. You

17   should use your common sense, your good judgment, and your everyday experiences in life to

18   make credibility determinations.

19             In passing upon the credibility of a witness, you may also take into account any

20   inconsistencies or contradictions as to material matters in his or her testimony.

21             If you find that any witness has willfully testified falsely as to any material fact, you have

22   the right to reject the testimony of that witness in its entirety. On the other hand, even if you find

23   that a witness has testified falsely about one matter, you may reject as false that portion of his or

1    her testimony and accept as true any other portion of the testimony which commends itself to your

2    belief or which you may find corroborated by other evidence in this case. A witness may be

3    inaccurate or contradictory and yet be truthful and entirely credible in other aspects of his or her

4    testimony.

5        The ultimate question for you to decide in passing upon credibility is: did the witness tell

6    the truth before you? It is for you to say whether his or her testimony at trial is truthful in whole

7    or in part.

8        In deciding whether to believe a witness, you should note any evidence of hostility or

9    affection that the witness may have towards one of the parties. Likewise, you should consider

10    evidence of any other interest or motive that the witness may have in cooperating with a particular

11    party. You should also take into account any evidence of any benefit that a witness may receive

12    from the outcome of the case.

13        It is your duty to consider whether the witness has permitted any such bias or interest to

14    color his or her testimony. In short, if you find that a witness is biased, you should view his or her

15    testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

16        Of course, the mere fact that a witness is interested in the outcome of the case does not

17    mean he or she has not told the truth. It is for you to decide from your observations and applying

18    your common sense and experience and all the other considerations mentioned whether the

19    possible interest of any witness has intentionally or otherwise colored or distorted his or her

20    testimony. You are not required to disbelieve an interested witness; you may accept as much of

21    his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

22        You have heard evidence during the trial that witnesses had discussed the facts of the case

23    and their testimony with the lawyers before the witnesses appeared in court. Although you may

consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, and it would be unusual for a lawyer to call a witness without such consultation. Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

You do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible. You have to decide which witnesses to believe, and which facts are true. To do this you must look at all the evidence, drawing upon your own common sense and personal experience. I have just discussed the criteria for evaluating credibility; keep in mind that the burden of proof is always on the government, and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## II.    **The Indictment**

The defendant, Sean Combs, has been formally charged in an "indictment." An indictment is not evidence. As I instructed you at the outset of this case, the indictment is a charge or accusation. It merely describes the charges made against a defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment. You may not consider an indictment as any evidence of the defendant's guilt. The fact that the defendant is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.

I will first summarize the offenses charged in the indictment and then explain in detail the elements of each of the offenses.

1    **III.    Summary of the Indictment**

2    The indictment contains five counts against the defendant. I am briefly going to summarize

3    each count, and then I will give you the law in greater detail.

4    Count One charges that from at least in or about 2004, through in or about 2024, the

5    defendant conspired, or agreed, with others to conduct and participate, directly and indirectly, in

6    the conduct of the affairs of an enterprise, through a pattern of racketeering activity, in violation

7    of Title 18, United States Code, Section 1962(d).

8    Count Two charges that from at least in or about 2009, up to and including in or about

9    2018, the defendant committed sex trafficking of Casandra Ventura by force, threats of force,

10   fraud, or coercion, or any combination of such means, in violation of Title 18, United States Code,

11   Sections 1591 and 2.

12   Count Three charges that, from at least in or about 2009, up to and including in or about

13   2018, the defendant did knowingly transport individuals, including but not limited to Ventura, in

14   interstate and foreign commerce, with intent that such individuals engage in prostitution, in

15   violation of Title 18, United States Code, Sections 2421(a) and 2.

16   Count Four charges that from at least in or about 2021, up to and including in or about

17   2024, the defendant committed sex trafficking of Jane by force, threats of force, fraud, or coercion,

18   or any combination of such means, in violation of Title 18, United States Code, Sections 1591 and

19   2.

20   Count Five of the Indictment charges that, between in or about 2021, up to and including

21   in or about 2024, the defendant did knowingly transport individuals, including but not limited to

22   Jane, in interstate and foreign commerce, with intent that such individuals engage in prostitution,

23   in violation of Title 18, United States Code, Sections 2421(a) and 2.

1    **IV.    <u>Multiple Counts</u>**

2    You must return a separate verdict of not guilty or guilty for each count charged. Whether

3    you find the defendant not guilty or guilty as to one offense should not affect your verdict as to

4    any other offense. You must analyze and evaluate the evidence separately as to each count.

5    **V.    <u>Attempt</u>**

6    Before I instruct you on each of the counts, I will define three concepts: an "attempt" to

7    commit a crime, "aiding and abetting" the commission of a crime, and "willfully causing" a crime.

8    The definitions I provide here are for federal offenses only, and each time the government alleges

9    an attempt, aiding-and-abetting, or willfully causing a crime under federal law, I will refer you back

10    to these definitions. Where state law is at issue, I will separately give you the definitions to use.

11    Under federal law, in order to find a person guilty under an attempt theory, the government

12    must prove beyond a reasonable doubt that (1) the person intended to commit the crime charged;

13    and (2) the person willfully took some action that was a substantial step in an effort to bring about

14    or accomplish the crime.

15    Mere intention to commit a specific crime does not amount to an attempt. In order to convict

16    the person of an attempt, you must find beyond a reasonable doubt that he intended to commit the

17    crime charged, and that he took some action which was a substantial step toward the commission

18    of that crime.

19    In determining whether the person's actions amounted to a substantial step toward the

20    commission of the crime, you must distinguish between mere preparation on the one hand, and the

21    actual doing of the criminal deed on the other. Mere preparation, without more, is not an attempt.

22    The acts of a person who intends to commit a crime will constitute an attempt where the acts

23    themselves indicate an intent to willfully commit the crime, and the acts are a substantial step in a

24    course of conduct planned to culminate in the commission of the crime.

1     To be guilty of an attempted crime, there is no requirement that the person have actually

2   committed the crime he was attempting to commit.

3   **VI.     <u>Aiding and Abetting</u>**

4     Next, I will define for you the concept of "aiding and abetting" under federal law.

5     Whoever "aids, abets, counsels, commands, induces or procures" the commission of an

6   offense is punishable as a principal. You should give these words their ordinary meaning. A person

7   aids or abets a crime if he knowingly does some act for the purpose of aiding or encouraging the

8   commission of that crime, with the intention of causing the crime charged to be committed. To

9   "counsel" means to give advice or recommend. To "induce" means to lead or move by persuasion

10   or influence as to some action or state of mind. To "procure" means to bring about by unscrupulous

11   or indirect means. To "cause" means to bring something about, or to affect something.

12     A person who aids and abets another to commit an offense is just as guilty of that offense

13   as if he had committed it himself. Therefore, if you find that the government has proven beyond a

14   reasonable doubt that a person aided and abetted another individual's commission of an offense,

15   then you may find the person guilty of that offense.

16     As you can see, the first requirement is that another individual has committed the crime

17   charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if

18   no crime was committed by the other individual. But if you do find that a crime was committed,

19   then you must evaluate whether the person you are considering—the alleged aider and abettor—

20   actually aided and abetted the other individual's commission of the crime.

21     To aid and abet another to commit a crime, it is necessary that the person you are

22   considering willfully and knowingly associated himself in some way with the crime, and that he

23   willfully and knowingly sought by some act to help make the crime succeed. An act is done

24   "knowingly" when it is done purposely and intentionally, as opposed to mistakenly or

1    inadvertently. A person acts intentionally when he acts deliberately and purposefully. That is, the

2    act must have been the product of a conscious, objective decision rather than the product of a

3    mistake or accident. To act "willfully" means to act voluntarily with an intent to do something the

4    law forbids; that is to say, with a bad purpose either to disobey or to disregard the law, although

5    the defendant need not know the specific law that he is violating.

6          The mere presence of a person where a crime is being committed, even coupled with

7    knowledge by that person that a crime is being committed, or the mere acquiescence by a person

8    in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding

9    and abetting. An aider and abettor must have some interest in the criminal venture and must take

10    some action to assist or encourage the commission of the crime.

11          To determine whether a person aided and abetted the commission of the crime with which

12    he is charged, ask yourself these questions:

13          Did he participate in the crime charged as something he wished to bring about?

14          Did he associate himself with the criminal venture knowingly and willfully?

15          Did he seek by his actions to make the criminal venture succeed?

16          If he did, then the person is an aider and abettor, and therefore guilty of the offense. If the

17    answer to any one of these questions is "no," then the person is not an aider and abettor, and is not

18    guilty as an aider and abettor.

19    **VII.**    **Willfully Causing a Crime**

20          A person may also be found guilty of a federal crime if he "willfully causes an act to be

21    done which if directly performed by him or another would be an offense against the United States."

22          What does the term "willfully caused" mean? It means that the person himself need not

23    have physically committed the crime or supervised or participated in the actual criminal conduct

1    charged in the indictment if he willfully causes the doing of an act which if done by him directly

2    would render him guilty of an offense against the United States.

3          The meaning of the term "willfully caused" can be found in the answers to the following

4    questions:

5          *First*, did the person have the mental state required for the offense?

6          *Second*, did the person intentionally cause another individual—including an innocent

7    intermediary—to engage in the conduct that makes up the offense?

8          If you are persuaded beyond a reasonable doubt that the answer to both of these questions

9    is yes, then the person you are considering is guilty of the crime charged just as if he himself had

10    committed it.

11    **VIII.    <u>Count One: Racketeering Conspiracy</u>**

12          **1.    Elements of Racketeering Conspiracy**

13          Count One charges the defendant with conspiracy to violate the Racketeer Influenced and

14    Corrupt Organizations Act, otherwise known as the "RICO" statute. In order to prove that the

15    defendant conspired to violate the RICO statute, the government must prove beyond a reasonable

16    doubt each of the following elements of the offense:

17          *First*, that in or about 2004 through in or about 2024, there was an agreement among two

18    or more persons to conduct or participate in the affairs of an enterprise through a pattern of

19    racketeering activity;

20          *Second*, that the racketeering enterprise or its activities would have affected, or in fact

21    affected, interstate or foreign commerce;

22          *Third*, that the defendant knowingly and willfully joined that agreement; and

23          *Fourth*, that the defendant knowingly and willfully agreed that he or another member of

24    the conspiracy would commit two racketeering acts, as I will define that term for you.

### A. First Element – Agreement to Conduct or Participate in the Affairs of an Enterprise

The first element the government must establish beyond a reasonable doubt is that there was a conspiracy among two or more persons to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

A "conspiracy" is an agreement among two or more persons to achieve an unlawful object. To show a conspiratorial agreement, the government must prove that two or more persons explicitly or implicitly came to an understanding to achieve the specified unlawful object.

In order for the government to satisfy this element, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish the unlawful object.

You may, of course, find that the existence of an agreement to achieve the unlawful object has been established by direct proof. However, since conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.

In the context of conspiracy cases, actions may speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish the unlawful object.

1    In this case, the alleged unlawful object is to violate the RICO statute, in other words, to

2    conduct or participate in the affairs of an enterprise through a pattern of racketeering activity.

3    An "enterprise" is a group of people or entities that have associated together for a common

4    purpose of engaging in a course of conduct. This group, in addition to having a common purpose,

5    must have an ongoing organization, either formal or informal, and structure, and it must have a

6    core of personnel who function as a continuing unit. This group does not have to be a legally

7    recognized organization, such as a partnership or corporation.

8    This group may be organized for a legitimate and lawful purpose, or it may be organized

9    for an unlawful purpose. That purpose must be common to the group as a whole. Mere similarity

10   of conduct or the fact that individuals may have assembled together and discussed common aims

11   and interests does not necessarily establish proof of the existence of an enterprise, though you may

12   consider such factors.

13   There must be an overarching relationship amongst the enterprise members. And the

14   enterprise must be formally or practically separate from the defendant himself. An enterprise that

15   includes individuals employed by a defendant can be distinct from the defendant himself.

16   The government has charged that the alleged enterprise in this case consisted of what is

17   called the "Combs Enterprise," which includes (i) Sean Combs; (ii) entities within the Combs

18   Business, including but not limited to Bad Boy Entertainment, Combs Enterprises, and Combs

19   Global; (iii) individuals employed by and associated with the Combs Business; and (iv) others

20   known and unknown.

21   If you find that this enterprise existed, you must also determine whether this enterprise

22   continued in a substantially similar form during the period charged in the indictment, in this case

14

1  from 2004 to 2024. This does not mean that everyone involved has to be the same, but the core of

2  the enterprise has to be the same throughout.

3  **B.    Second Element – Effect on Interstate or Foreign Commerce**

4  The second element the government must prove beyond a reasonable doubt is that the

5  criminal enterprise itself, or the racketeering activities of those associated with it, would have had

6  some effect on interstate or foreign commerce, or in fact had such an effect. Interstate or foreign

7  commerce simply means the movement of goods, services, money, and individuals between any

8  two or more states, or between one state and the District of Columbia, or between a state and a

9  U.S. Territory or possession, or between the United States and a foreign country. All narcotics

10  activity, even purely local narcotics activity, has an effect on interstate commerce.

11  The government must prove that the alleged enterprise engaged in or would have engaged

12  in interstate or foreign commerce or that its activities affected or would have affected interstate or

13  foreign commerce in any way, no matter how minimal. It is not necessary to prove that the acts of

14  the defendant affected interstate or foreign commerce as long as the acts of the alleged enterprise

15  had such effect.

16  Finally, the government is not required to prove that the defendant knew he was affecting

17  interstate or foreign commerce.

18  **C.    Third Element – Membership in the Conspiracy**

19  The third element that the government must prove beyond a reasonable doubt is that the

20  defendant knowingly and willfully became a member of the conspiracy charged in the indictment.

21  In deciding whether the defendant was, in fact, a member of the conspiracy, you should

22  consider whether the defendant knowingly and willfully joined the conspiracy. The defendant must

23  have participated in the conspiracy with knowledge of its unlawful purpose and with the specific

1  intention of furthering its unlawful objective. The defendant must be connected to the enterprise

2  in some meaningful way, and the defendant must know of the existence of the enterprise and of

3  the general nature of its activities.

4       An act is done "knowingly" when it is done purposely and intentionally, as opposed to

5  mistakenly or inadvertently. A person acts intentionally when he acts deliberately and

6  purposefully. That is, the act must have been the product of a conscious, objective decision rather

7  than the product of a mistake or accident. To act "willfully" means to act voluntarily with an intent

8  to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard

9  the law, although the defendant need not know the specific law that he is violating.

10      The defendant's mere presence at the scene of an alleged crime does not, by itself, make

11  him a member of the conspiracy. Similarly, mere association with one or more members of the

12  conspiracy does not automatically make the defendant a member. A person may know, or be

13  friendly with, a criminal, without being a criminal himself. Mere similarity of conduct or the fact

14  that they may have assembled together and discussed common aims and interests does not

15  necessarily establish membership in the conspiracy. What is necessary is that the defendant must

16  have participated with knowledge of the objective of the conspiracy and with the intention of

17  aiding in the accomplishment of that unlawful end.

18      **D.    Fourth Element – Agreement to Commit a Pattern of Racketeering**
19          **Activity**
20

21      The fourth element the government must prove beyond a reasonable doubt is that the

22  defendant knowingly and willfully agreed to participate in the conduct of the affairs of the

23  enterprise through a pattern of racketeering activity.

24      The focus of this element is on the defendant's agreement to participate in the unlawful

25  objective of the enterprise to engage in a pattern of racketeering activity. The government must

1    prove that the defendant agreed to participate in the enterprise with the intent that he or another

2    member or members of the conspiracy would commit two or more racketeering acts, which I will

3    describe. The government is not required to prove either that the defendant agreed to himself

4    commit two racketeering acts or that he himself actually committed two such acts.

5        A "pattern of racketeering activity" requires at least two acts of racketeering that occurred

6    within ten years of each other. To establish an agreement that the enterprise would engage in a

7    "pattern of racketeering activity," the government must prove three things beyond a reasonable

8    doubt:

9        *First*, the government must prove that the defendant agreed that the defendant or a co-

10    conspirator would commit two or more racketeering acts of the types that I will describe to you.

11    Two separate acts of the same type are sufficient to satisfy this requirement. You must be

12    unanimous as to which particular racketeering acts, if any, the defendant agreed would be

13    committed.

14        *Second*, the government must prove that the racketeering acts have a "nexus" to the

15    enterprise and the racketeering acts are "related" to one another. For a racketeering act to have a

16    "nexus" to the enterprise, it must have some meaningful connection to the enterprise. To satisfy this

17    part of the element, the government must establish that the defendant was enabled to commit the

18    offense solely because of his position in the enterprise or his involvement in or control over the

19    enterprise's affairs, or because the offense related to the activities of the enterprise. To be "related,"

20    the racketeering acts must have the same or similar purposes, results, participants, victims, or

21    methods of commission, or be otherwise interrelated by distinguishing characteristics and not be

22    merely isolated events.

1    *Third*, the government must prove that the racketeering acts pose a threat of continued

2    racketeering activity. To satisfy this requirement, the government must prove beyond a reasonable

3    doubt that (1) the acts are part of a long-term association that exists for criminal purposes or (2)

4    the acts are a regular way of conducting the affairs of the enterprise.

5    **E.    Pattern of Racketeering—Racketeering Acts—Generally**

7    I am now going to explain the specific racketeering acts that are alleged in the indictment.

8    There are eight of them, and I am going to go through them one by one. The indictment alleges

9    that the following racketeering acts were or were intended to be committed as part of the

10    conspiracy:

11    a. acts involving kidnapping, chargeable under certain provisions of California and
12    New York law;

14    b. acts involving arson, chargeable under certain provisions of California law;

16    c. acts involving bribery, chargeable under certain provisions of California law;

18    d. acts involving tampering with a witness, victim, or an informant, chargeable
19    under federal law;

21    e. acts involving forced labor, chargeable under federal law;

23    f. acts involving sex trafficking, chargeable under federal law;

25    g. acts involving transportation and inducement to travel for purposes of
26    prostitution and other illegal sexual activities, chargeable under federal law; and

28    h. offenses involving the possession with intent to distribute, or distribution of
29    narcotics and controlled substances, chargeable under federal law.

31    In a moment, I will instruct you on the substantive law of each of these offenses. Before I

32    do, let me remind you that the government must prove beyond a reasonable doubt that the

33    defendant agreed that either he or a co-conspirator would commit two of these offenses within ten

34    years of each other as part of the charged racketeering conspiracy. As I have said, the government

1    need not prove that the defendant himself committed or agreed to personally commit any of these

2    offenses, nor is the government required to prove that any acts of racketeering actually occurred.

3    You will also note that for some of the charged categories of offenses, the government alleges a

4    violation of more than one statute. You need not find that the object of the conspiracy involved

5    violations of all the statutes pertaining to that offense; rather, you need only find that it involved

6    the violation of at least one of the specified statutes pertaining to that offense. However, you must

7    be unanimous as to which one.

8                              **F.    Alleged Racketeering Acts**

9          I will now explain the law governing the eight types of racketeering acts that the

10    government has alleged were committed or intended to be committed as part of the racketeering

11    conspiracy. When I say "conspirator" in the following instructions, I mean either the defendant or

12    a co-conspirator.

13                              1.   Act 1 – Kidnapping

14          The first category of criminal violations is kidnapping chargeable under California and

15    New York law. I will instruct you separately on the elements of kidnapping under the laws of both

16    California and New York, starting with California.

17                              *a.   Kidnapping Under California Law*

18          California Penal Code Section 207(a) makes it a crime to "forcibly, or by any other means

19    of instilling fear, steal[] or take[], or hold[], detain[], or arrest[] any person in [California], and

20    carr[y] the person into another country, state, or county, or into another part of the same county."

21          To prove a violation of California Penal Code Section 207(a), the following four elements

22    must be met:

23          1.   A conspirator took, held, or detained another person by using force or by instilling

24               reasonable fear;

19

1        2.  Using that force or fear, the conspirator moved the other person or made the other

2            person move a substantial distance;

3        3.  The other person did not consent to the movement; and

4        4.  The conspirator did not actually and reasonably believe that the other person consented

5    to the movement.

6        With respect to the second element, "substantial distance" means more than a slight or

7    trivial distance. In deciding whether the distance was substantial, you must consider all the

8    circumstances relating to the movement.

9        With respect to the third element, a conspirator is not guilty of kidnapping if the other

10   person consented to go with the conspirator. The other person consented if he or she (1) freely and

11   voluntarily agreed to go with or be moved by the conspirator, (2) was aware of the movement, and

12   (3) had sufficient maturity and understanding to choose to go with the conspirator. Consent may

13   be withdrawn if the person changes his or her mind and no longer freely and voluntarily agrees to

14   go with or be moved by the conspirator.

15       With respect to the fourth element, a conspirator is not guilty of kidnapping if he reasonably

16   and actually believed that the other person consented to the movement, even if the other person

17   did not actually consent.

18                     *b.  Aiding and Abetting Kidnapping Under California Law*

19        In addition to alleging a violation of the substantive offense of kidnapping under California

20   Penal Code Section 207(a), the government alleges aiding and abetting that offense. I will now

21   instruct you on "aiding and abetting kidnapping." Because the kidnapping offense involved is

22   defined by California state law, you should apply the following California state law definition of

23   aiding and abetting, not the federal definition that I have already provided to you.

1      Under California law, a person may be guilty of a crime if he "aids and abets" a perpetrator

2  who directly committed the crime.

3      Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose

4  and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or

5  instigate the perpetrator's commission of that crime. If all of these requirements are proved, a

6  person does not need to actually have been present when the crime was committed to aid and abet

7  the crime's commission.

8      To prove that an alleged conspirator aided and abetted kidnapping under California law,

9  the following four elements must be met:

10     1. A perpetrator committed kidnapping;

11     2. The conspirator knew that the perpetrator intended to commit kidnapping;

12     3. Before or during the commission of the crime, the conspirator intended to aid and abet

13  the perpetrator in committing kidnapping; and

14     4. The conspirator did in fact aid and abet the perpetrator's commission of kidnapping.

15                    *c.   Kidnapping Under New York Law*

16     I will now discuss kidnapping under New York law. New York Penal Law § 135.20 makes

17  it a crime for a person to "abduct[] another person."

18     "Abduct" means to restrain a person with intent to prevent that person's liberation either

19  by secreting or holding him or her in a place where he or she is not likely to be found, or by using

20  or threatening to use deadly physical force. The terms "restrain," "intent," and "deadly physical

21  force" used in that definition of "abduct" have a special meaning, which I will now instruct you

22  on.

23     "Restrain" means to restrict a person's movements intentionally and unlawfully in such

24  manner as to interfere substantially with his or her liberty by moving him or her from one place to

21

1    another, or by confining him or her either in the place where the restriction commences or in a

2    place to which he or she has been moved, without consent and with knowledge that the restriction

3    is unlawful. A person restricts another's movements "intentionally" when his or her conscious

4    objective or purpose is to restrict that person's movements. A person restricts another's movements

5    "unlawfully" when he or she is not authorized by law to do so. Under New York law, with certain

6    exceptions not applicable here, a person is not authorized by law to restrict another's movements.

7    A person is moved or confined without consent when such is accomplished by physical force,

8    intimidation, or deception.

9         "Intent" means conscious objective or purpose. Thus, a person acts with intent to prevent

10   another's liberation either by secreting or holding him or her in a place where he or she is not likely

11   to be found, or by using or threatening to use deadly physical force, when that person's conscious

12   objective or purpose is to do so.

13        "Deadly physical force" means physical force which, under the circumstances in which it

14   is used, is readily capable of causing death or other serious physical injury. "Serious physical

15   injury" means impairment of a person's physical condition which creates a substantial risk of

16   death, or which causes death or serious and protracted disfigurement, protracted impairment of

17   health, or protracted loss or impairment of the function of any bodily organ.

18        Accordingly, to prove a violation of New York Penal Law § 135.20, the following five

19   elements must be met:

20        1. That a conspirator restricted another person's movements in such manner as to interfere

21   substantially with the other person's liberty by moving the other person from one place to another,

22   or by confining the other person either in the place where the restriction commenced or in a place

23   to which the other person had been moved;

1    2. That the conspirator did so without consent of the other person;

2    3. That the conspirator did so intentionally;

3    4. That the restriction of the other person's movements was unlawful, and the conspirator

4    knew that the restriction was unlawful; and

5    5. That the conspirator restrained the other person with intent to prevent the other person's

6    liberation either by secreting or holding the other person in a place where the other person was not

7    likely to be found, or by using or threatening to use deadly physical force.

8                           *d.   Aiding and Abetting Kidnapping Under New York Law*

9         In addition to alleging a violation of the substantive offense of kidnapping under New York

10   Penal Law Section 135.20, the government alleges aiding and abetting that offense. I will now

11   instruct you on aiding and abetting kidnapping under New York law. Again, because the

12   kidnapping offense involved is defined by New York state law, you should apply the following

13   New York state law definition of aiding and abetting, not the federal definition or the California

14   state law definition that I have already provided to you.

15        Under New York law, "aiding and abetting" is a crime whereby one person is held

16   criminally liable for the conduct of another. Specifically, when one person engages in conduct

17   which constitutes an offense, another is criminally liable for such conduct when, acting with the

18   state of mind required for the commission of that offense, he or she solicits, requests, commands,

19   importunes, or intentionally aids such person to engage in such conduct.

20        Under that definition, mere presence at the scene of a crime, even with knowledge that the

21   crime is taking place (or mere association with a perpetrator of a crime), does not by itself make a

22   person criminally liable for that crime.

23        Accordingly, in order to be held criminally liable for aiding and abetting the conduct of

24   another that constitutes kidnapping under New York law, the following two elements must be met:

1      1. The conspirator solicited, requested, commanded, importuned, or intentionally aided

2    another person to engage in conduct that constitutes kidnapping under New York law; and

3      2. The conspirator did so with the state of mind required for the commission of kidnapping

4    (on which I have previously instructed you).

5      If it is proven that the conspirator is criminally liable for aiding and abetting, the extent or

6    degree of the conspirator's participation in the crime does not matter. A conspirator proven beyond

7    a reasonable doubt to be criminally liable for the conduct of another in the commission of a crime

8    is as guilty of the crime as if the conspirator, personally, had committed every act constituting the

9    crime.

10      The government has the burden of proving that the conspirator acted with the state of mind

11    required for the commission of the crime, and either personally, or by acting in concert with

12    another person, committed each of the remaining elements of the crime.

13      That completes my instructions pertaining to the first alleged criminal violation,

14    kidnapping.

15          2.  Act 2 – Arson

16              *a.  Arson Under California Law*

17      The next category of criminal violation is arson, in violation of California Law. California

18    Penal Code Section 451 makes it a crime to "willfully and maliciously set[] fire to or burn[] or

19    cause[] to be burned or . . . aid[], counsel[], or procure[] the burning of, any structure, forest land,

20    or property."

21      To prove a violation of California Penal Code Section 451, the following two elements

22    must be met:

23      1. The conspirator set fire to or burned or counseled or helped or caused the burning of

24    property; and

1      2. The conspirator acted willfully and maliciously.

2      With respect to the first element, to set fire to or burn means to damage or destroy with fire

3 either all or part of something, no matter how small the part. Property means personal property or

4 land other than forest land.

5      With respect to the second element, someone commits an act "willfully" when he or she

6 does it willingly or on purpose. And someone acts "maliciously" when he or she intentionally does

7 a wrongful act under circumstances in which the direct, natural, and highly probable consequence

8 would be the burning of the property.

9      *b.  Aiding And Abetting Arson Under California Law*

10      In addition to alleging a violation of the substantive offense of arson under California Penal

11 Law Section 451, the government also alleges aiding and abetting the commission of that offense

12 under California law. I have already instructed you on aiding and abetting under California law.

13 *See* Page 20. You should consult that instruction when considering whether the government has

14 proven aiding and abetting arson under California law.

15      That completes my instructions pertaining to the second alleged criminal violation, arson.

16      3.  <u>Act 3 – Bribery</u>

17      *a.  Bribery Of A Witness Under California Law*

18      The next category of criminal violation is bribery chargeable under California law.

19 California Penal Code Section 137(a) makes it a crime to "give[] or offer[], or promise[] to give,

20 to any witness, person about to be called as a witness, or person about to give material information

21 pertaining to a crime to a law enforcement official, any bribe, upon any understanding or

22 agreement that the testimony of such witness or information given by such person shall be thereby

23 influenced."

1    To prove a violation of California Penal Code Section 137(a), the following two elements

2    must be met:

3    1. A conspirator gave or offered or promised a bribe to a witness or a person about to be

4    called as a witness or a person about to give material information to a law enforcement official

5    about a crime; and

6    2. The conspirator acted with the corrupt intent to persuade the witness or person to agree

7    that the bribe would unlawfully influence the testimony or information that the witness or person

8    would give.

9    With respect to the first element, "bribe" means something of present or future value or

10    advantage, or a promise to give such a thing, that is given or offered with the corrupt intent to

11    unlawfully influence the testimony or information of the person to whom the bribe is given.

12    "Witness" means someone who knows about the existence or nonexistence of facts relating to a

13    crime. A person is about to be called as a witness if he or she knows or has been told that he or she

14    will be called as a witness or if he or she knows material information relating to the issues in a

15    case that has been or may be filed. Information is "material" if it is significant or important.

16    Offering a bribe does not require specific words or behavior, as long as the language used

17    and the circumstances clearly show an intent to bribe. The thing offered does not need to actually

18    be given, exist at the time it is offered, or have a specific value.

19    With respect to the second element, a person acts with "corrupt intent" when he or she acts

20    to wrongfully gain a financial or other advantage for himself, herself, or someone else.

21    *b. Attempted and Aiding and Abetting Bribery Under California*
22        *Law*

23    In addition to alleging a violation of the substantive offense of bribery under California

24    Penal Law Section 137(a), the government also alleges attempt to commit or aid and abet the

1  commission of that offense under California law. I have already instructed you on aiding and

2  abetting under California law. *See* Page 20. You should consult that instruction when considering

3  whether the government has proven "aiding and abetting bribery" under California law.

4      To prove that an alleged conspirator attempted to commit bribery under California law, the

5  following two elements must be met:

6      1. The conspirator took a direct but ineffective step toward committing bribery; and

7      2. The conspirator intended to commit bribery.

8      With respect to the first element, a direct step requires more than merely planning or

9  preparing to commit bribery or obtaining or arranging for something needed to commit bribery. A

10  direct step is one that goes beyond planning or preparation and shows that a person is putting his

11  or her plan into action. A direct step indicates a definite and unambiguous intent to commit bribery.

12  It is a direct movement towards the commission of the crime after preparations are made. It is an

13  immediate step that puts the plan in motion so that the plan would have been completed if some

14  circumstance outside the plan had not interrupted the attempt.

15      With respect to the second element, to decide whether the conspirator intended to commit

16  bribery under California Penal Code Section 137(a), please refer to the instructions that I have

17  given you on the elements of the crime of bribery.

18      That completes my instructions pertaining to the third alleged criminal violation, bribery.

19          4. Act 4 – Witness Tampering

20      The next category of criminal violations is witness tampering in violation of Title 18,

21  United States Code, Section 1512(b)(3).

22          *a. Title 18, United States Code, Section 1512(b)(3)*

23      To prove a violation of Section 1512(b)(3), the government must prove each of the

24  following elements:

27

1      *First*, the conspirator knowingly used intimidation, threatened, or corruptly persuaded an

2  individual or attempted to do so, or engaged in misleading conduct toward that individual; and

3      *Second*, the conspirator acted knowingly and with the intent to hinder, delay, or prevent

4  the communication to a law enforcement officer or judge of the United States of information

5  relating to the commission or possible commission of a federal offense.

6      With respect to the first element, use the following definitions:

7      "Intimidation" includes frightening a person, inspiring or affecting him or her by fear, or

8  deterring him or her by threats. It does not matter whether or not the person alleged to be the object

9  of the threat is actually frightened, or thinks he is in danger. It is enough that the threat had a

10  reasonable tendency to make the person fearful.

11      A "threat" is simply the expression of an intention to do harm. A threat may be

12  communicated by words as well as gestures. In order to find that the conspirator used threats, as

13  charged in the indictment, you need not find that he intended to carry out the threat. The question

14  is whether the threat has a reasonable tendency to intimidate.

15      To "corruptly persuade" means to act knowingly with an improper purpose and

16  consciousness of wrongdoing to convince or induce another person to engage in certain conduct.

17      "Misleading conduct" means (a) knowingly making a false statement, or (b) intentionally

18  omitting information from a statement and thereby causing a statement to be misleading, or (c)

19  intentionally concealing a material fact and thereby creating a false impression by such statement.

20      An act is done "knowingly" when it is done purposely and intentionally, as opposed to

21  mistakenly or inadvertently.

22      Again, the second element the government must prove is that the conspirator acted

23  knowingly and with the intent to hinder, delay, or prevent the communication to a law enforcement

1    officer or judge of the United States of information relating to the commission or possible

2    commission of a federal offense.

3         If you find that the conspirator acted with the intent to hinder or prevent communication

4    by the witness, victim, or informant to a specific law enforcement officer or group of officers, this

5    element is satisfied if that officer or one of the group of officers was a federal law enforcement

6    officer. A federal law enforcement officer is an officer or employee of the federal government who

7    is authorized to act on behalf of the federal government in the prevention, detection, investigation,

8    or prosecution of federal crimes (or a probation or pretrial services officer). Such law enforcement

9    officers include, among others, agents of the Homeland Security Investigations and representatives

10   of the United States Attorney's Office of the Southern District of New York. The government is

11   not required to prove that the conspirator knew that the officer was a federal law enforcement

12   officer.

13        On the other hand, if you find that the conspirator was not acting with the intent to prevent

14   communication to a particular officer or group of officers, then this element is satisfied only if the

15   government proves that there was a reasonable likelihood that had the witness, victim, or informant

16   been able to communicate with law enforcement officers, at least one relevant communication

17   would have been made to a federal law enforcement officer. A reasonable likelihood means that

18   the likelihood of communication to a federal officer was more than remote, outlandish, or simply

19   hypothetical.

20                    *b.   Attempted Witness Tampering*

21        This is also charged as attempted witness tampering. I have already instructed you on what

22   is required to find a person guilty under an attempt theory under federal law. You should apply that

23   definition here. *See* Page 9.

1                    5.   <u>Act 5 – Forced Labor</u>

2         The next category of criminal violation is forced labor, in violation of Title 18, United

3 States Code, Section 1589(a).

4                         *a.  Title 18, United States Code, Section 1589(a)*

5         Under Title 18, United States Code, Section 1589(a), the government must prove each of

6 the following elements:

7         *First*, that the conspirator obtained or provided the labor or services of another individual;

8         *Second*, that the conspirator (1) used force or physical restraint, or a threat of force or

9 physical restraint, against that individual or any other individual; (2) used a threat of serious harm

10 to or seriously harmed that individual or any other individual; or (3) used a scheme, plan, or pattern

11 intended to cause the individual to believe that, if the person did not perform such labor or services,

12 that individual or another individual would suffer serious harm or physical restraint; and

13         *Third*, that the conspirator acted knowingly.

14         I will now define certain of the terms I just used.

15         To "obtain" means to gain or acquire. "Labor" means the expenditure of physical or mental

16 effort especially when fatiguing, difficult, or compulsory. "Services" means the performance of

17 work commanded or paid for by another. The government does not have to prove that "labor or

18 services" were paid for in the economic sense, although that would satisfy this element.

19         A "threat" is a serious statement expressing an intention to inflict harm, at once or in the

20 future, as distinguished from idle or careless talk, exaggeration, or something said in a joking

21 manner. For a statement to be a threat, the statement must have been made under such

22 circumstances that a reasonable person who heard or read the statement would understand it as a

23 serious expression of an intent to cause harm. In addition, the defendant must have made the

1    statement intending it to be a threat, or with the knowledge that the statement would be viewed as

2    a threat.

3            Some warnings by an employer to an employee can be legitimate. Warnings of legitimate

4    but adverse consequences of an employee's actions, standing alone, are not sufficient to violate

5    the forced labor statute. It is for you to determine whether any conduct constituted legitimate

6    warnings on the one hand, or threats as I just defined that term to you.

7            In determining whether the defendant made a threat of serious harm that could reasonably

8    be believed by an individual, you should consider the individual's particular station in life, physical

9    and mental condition, age, education, training, experience, and intelligence. A threat of serious

10   harm must be sufficient in kind or degree to completely overcome the will of an ordinary person

11   having the same general station in life as that of the individual, causing a reasonable belief that

12   there was no reasonable choice except to provide labor and services to the conspirator. In making

13   that determination, you may consider the cumulative effect of the conduct of the conspirator on

14   the alleged victim.

15           You should give the ordinary meaning to the words "scheme," "plan," and "pattern." The

16   scheme, plan, or pattern does not have to involve actual threats of serious harm, but may involve

17   any other means, including deception or psychological coercion used to cause the person to

18   reasonably believe that she, her family, or any other person would suffer serious harm if she

19   refused to continue providing labor or services.

20           The term "serious harm" includes both physical and non-physical types of harm including

21   psychological, financial, or reputational harm. A threat of serious harm includes any threat that is

22   sufficient under all of the surrounding circumstances to compel a reasonable person of the same

1  background and in the same circumstances to perform or to continue performing labor or services

2  in order to avoid incurring that harm.

3       With respect to the second element, the government must prove a causal link between the

4  labor and services performed and the harm or restraint at issue.

5       It is not a defense to the crime of forced labor that the individual might have initially agreed

6  voluntarily to render the service or perform the labor. If an individual willingly begins service or

7  labor, but later wants to withdraw, her service becomes involuntary if the elements of forced labor

8  are later met.

9       With respect to the third element, the government must prove that the conspirator acted

10 knowingly. An act is done "knowingly" when it is done purposely and intentionally, as opposed

11 to mistakenly or inadvertently. Specifically, the conspirator must knowingly provide or obtain the

12 labor or services of an individual by any one of, or combination of, the means I identified above

13 in the second element.

14                  *b.  Aiding and Abetting Forced Labor*

15      In addition to alleging a violation of the substantive offense of forced labor, the government

16 also alleges aiding and abetting the commission of that offense. I have already instructed you on

17 aiding and abetting liability under federal law, and you should apply that definition here. *See* Page

18 10.

19      That completes my instructions pertaining to the fifth alleged criminal violation, forced

20 labor.

21              6.  Act 6 – Sex Trafficking

22      The next category of criminal violations is sex trafficking in violation of Title 18, United

23 States Code, Section 1591.

1    I will define the elements of Section 1591(a) when I explain Counts Two and Four. *See*

2    Page 41. You should apply those same definitions here.

3                                        *a.   Section 1591(d)*

4    The government also alleges obstruction related to sex trafficking by force, fraud, or

5    coercion, in violation of Title 18 of the United States Code. Section 1591(d) states in pertinent

6    part: "Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the

7    enforcement of this section, shall be [guilty of a crime]."

8    To prove a conspirator is guilty of this crime, the government must prove the following

9    two elements:

10   *First*, the conspirator obstructed, attempted to obstruct, or in any way interfered with or

11   prevented the enforcement of Title 18, United States Code, Section 1591, which is the crime of

12   sex trafficking by force, fraud, or coercion that is charged in Counts Two and Four; and

13   *Second*, the conspirator acted knowingly.

14   With regard to the first element, the government must prove that the conspirator obstructed,

15   attempted to obstruct, or in any way interfered with or prevented the enforcement of the sex

16   trafficking statute. The government is not required to prove that the conspirator did each one of

17   these acts. In addition, with respect to your consideration of whether the person obstructed,

18   attempted to obstruct, or interfered with or prevented the enforcement of the crime of sex

19   trafficking, I instruct you to use the ordinary, everyday definitions of those terms. "Obstruct"

20   means "to be or come in the way of." "Interfere" means "to come between so as to be an

21   impediment" or "to intrude in the affairs of others." "Prevents" mean "to keep from happening" or

22   "to keep someone from doing something."

33

1        A conspirator attempts to commit obstruction if the conspirator (1) knowingly takes a

2 substantial step toward obstructing the enforcement of the sex trafficking statute, (2) with the intent

3 to obstruct the enforcement of the sex trafficking statute. A "substantial step" is something more

4 than mere preparation.

5        This crime requires that the conspirator acted knowingly. An act is done "knowingly" when

6 it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

7        The government need not prove a violation of Section 1591(a) to prove a violation of

8 Section 1591(d). In addition, to prove this count beyond a reasonable doubt, the government need

9 not prove that the conspirator knew of the federal statute outlawing sex trafficking by force, fraud,

10 or coercion (18 U.S.C. § 1591(a)), nor that the conspirator was aware of the federal nature of the

11 investigation or prosecution.

12                               *a.  Aiding and Abetting Obstruction*

13        In addition to alleging a violation of the substantive offense under Section 1591(d), the

14 indictment also alleges aiding and abetting the commission of that offense. I have already

15 instructed you on aiding and abetting liability under federal law, and you should apply that

16 definition here. *See* Page 10.

17        That completes my instructions pertaining to the sixth alleged criminal violation, sex

18 trafficking.

19            7.  <u>Act 7 – Transportation to Engage in Prostitution and Inducement</u>

20        The next category of criminal violations is transportation to engage in prostitution in

21 violation of Title 18, United States Code, Sections 2421 and 2422(a).

22        With respect to Title 18, United States Code, Section 2421, I will define the elements of

23 that offense when I explain Counts Three and Five. *See* Page 46. You should apply those same

24 definitions here.

1    With respect to Title 18, United States Code, Section 2422(a), to prove a violation of this

2    statute, the following elements of the offense must be met:

3    *First*, that a conspirator knowingly persuaded or induced or enticed or coerced a person to

4    travel in interstate or foreign commerce;

5    *Second*, that said person traveled in interstate or foreign commerce;

6    *Third*, that conspirator acted with the intent that said person would engage in prostitution.

7    As to the first element, the government must prove that the conspirator knowingly

8    persuaded or induced or enticed or coerced an individual to travel in interstate or foreign

9    commerce. An act is done "knowingly" when it is done purposely and intentionally, as opposed to

10   mistakenly or inadvertently.

11   As to the second element, "interstate or foreign commerce" simply means the movement

12   of goods, services, money, and individuals between any two or more states, or between one state

13   and the District of Columbia, or between a state and a U.S. Territory or possession, or between the

14   United States and a foreign country. The terms "persuaded," "induced," "enticed," and "coerced"

15   have their ordinary everyday meanings.

16   As to the third element, the government need not prove that prostitution was the

17   conspirator's sole purpose in encouraging individuals to travel across state or international lines.

18   A person may have several different purposes or motives for such conduct, and each may prompt

19   in varying degrees the person's actions. The government must prove beyond a reasonable doubt

20   that a significant or motivating purpose of encouraging individuals to travel across state or

21   international lines was that these individuals would engage in prostitution. In other words, the

22   conspirator's intent that the individual engage in that prostitution may not have been merely

1    incidental to the transportation. The intent of the individuals who traveled or engaged in the illegal

2    sexual activity is not the issue.

3              *a.  Aiding and Abetting and Willfully Causing a Violation of*
4              *Sections 2421 and 2422(a)*

5         In addition to alleging a violation of the substantive offenses of transportation to engage in

6    prostitution and inducement, the indictment also alleges aiding and abetting the commission of

7    those offenses, or willfully causing those offenses. I have already instructed you on aiding and

8    abetting liability under federal law, and you should apply that definition here. *See* Page 10. I have

9    also already instructed you on willfully causing a crime under federal law, and you should apply

10   that definition here. *See* Page 11.

11            8.  Act 8 – Possession with Intent to Distribute Controlled Substances

12        The next category of criminal violation is possession with intent to distribute, or

13   distribution of narcotics and controlled substances, including cocaine, oxycodone, alprazolam, 3,

14   4-Methylenedioxymethemphetamine, gamma hydroxybutyric acid, ketamine, psilocyn, and

15   methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and

16   (b)(1)(E).

17        The elements of distributing or possessing with intent to distribute a controlled substance

18   are:

19        1. The conspirator distributed a controlled substance, or possessed a controlled substance

20   with intent to distribute it;

21        2. The conspirator did so knowingly and intentionally; and

22        3. The substance was in fact a controlled substance.

23        Now, I want to explain several terms:

1       The word "distribution" means actual, constructive, or attempted transfer. To distribute

2    simply means to deliver, to pass over, or to hand over something to another person, or to cause it

3    to be delivered, passed on, or handed over to another. Distribution does not require a sale.

4       Next, what does "possess with intent to distribute" mean? I will begin with the concept of

5    "possession." The legal concept of possession may differ from the everyday usage of the term, so

6    let me explain it in some detail. Actual possession is what most of us think of as possession; that

7    is, having physical custody or control of an object, as I possess this pen. If you find that an

8    individual had a controlled substance on his or her person, therefore, you may find that he or she

9    had possession of it. However, a person need not have actual, physical possession—that is, physical

10   custody—of an object in order to be in legal possession of it. If an individual has the ability to

11   exercise substantial control over an object, even if he does not have the object in his physical

12   custody, and that person has the intent to exercise such control, then he is in possession of that

13   object. This is called "constructive possession."

14      Possession of drugs cannot be found solely on the ground that a person was near or close

15   to the drugs.  Nor can it be found simply because the person was present at a scene where drugs

16   were involved, or solely because the person associated with another individual who did control the

17   drugs or the property where they were found.  However, these factors may be considered by you,

18   in connection with all other evidence, in making your decision whether a person possessed the

19   drugs.

20      "Control" over an object may be demonstrated in many ways. A person can possess a

21   controlled substance because he or she has an agreement with a person who has physical custody

22   of the controlled substance. In addition, an individual may have possession of an item that is not

1  found on his or her person, because that individual has a relationship to the location where the item

2  is maintained.

3       More than one person can have control over the same item. The law recognizes that

4  possession may be sole or joint. If one person alone has actual or constructive possession of a

5  thing, possession is "sole." If more than one person has possession of it, as I have defined possession

6  for you, then possession is "joint." Finally, possession and ownership are not the same. A person

7  can possess an object and not be the owner of the object. That is what is meant by "possession."

8       "Possession with intent to distribute" simply means that a person possessed a controlled

9  substance with a state of mind or purpose to transfer it to another person. Since no one can read

10  another's mind, the determination as to a person's intent can be inferred from his or her behavior,

11  and any other facts and circumstances you find relevant to the question.

12       If a person possessed drugs solely for his personal use, rather than for the purpose of

13  distributing them to anyone else, then the person did not intend to distribute the drugs. A small

14  quantity of drugs standing alone is insufficient to prove intent to distribute. But any amount of

15  drugs, however small, can support a finding that a person possessed narcotics with intent to

16  distribute, as long as there is additional evidence of intent to distribute.

17       In this context, "knowledge" requires the government to prove that the person knew that

18  he possessed narcotics, and that his possession was not due to carelessness, negligence, or mistake.

19  If you find that the person did not know that he had narcotics in his possession, or that he did not

20  know that what he possessed was, in fact, narcotics, then you must find that there was no violation

21  of federal narcotics law. Although the government must prove that the person knew that he

22  possessed narcotics, the government does not have to prove that the person knew the exact nature

1    of the drugs in his possession. It is enough that the government proves that the person knew that

2    he possessed some kind of narcotic.

3        Finally, you are instructed, as a matter of law, that cocaine, oxycodone, alprazolam, 3,4-

4    Methylenedioxymethamphetamine,    gamma    hydroxybutyric    acid,    ketamine,    psilocyn,    and

5    methamphetamine are each a "controlled substance."

6                        *a.   Conspiracy to Violate the Narcotics Laws*

7        Title 21, United States Code, Section 846 makes it a separate crime for an individual to

8    conspire with others to violate the narcotics laws of the United States. To be guilty of narcotics

9    conspiracy, the government must prove:

10        1. That there was an agreement or understanding to violate those provisions of the law that

11    make it illegal to distribute controlled substances or to possess controlled substances with the intent

12    to distribute them.

13        2. That the person intentionally and knowingly became a member of the conspiracy

14    charged; that is, that he knowingly associated himself with the conspiracy, and participated in the

15    conspiracy to distribute or possess with the intent to distribute controlled substances.

16        I have already instructed you on the federal law of conspiracy. You should apply those

17    instructions here. *See* Page 13.

18        Let me note that the government need prove only that the person conspired to distribute at

19    least one of the specified controlled substances or that he conspired to possess at least one of the

20    specified controlled substances with the intent to distribute it. But if you find that only some of the

21    controlled substances have been proven, you must be unanimous as to which ones you find have

22    been proven. That is, to find the person guilty of the crime of conspiracy, you need to find that the

23    person agreed with at least one other person to distribute at least one of the specified controlled

1    substances, or to possess with the intent to distribute that controlled substance, or to do both of

2    these things.

3             An individual's agreement to buy controlled substances from a seller does not establish

4    that the buyer joined with the seller in a conspiracy to distribute or possess with intent to distribute

5    those controlled substances. And the buyer's contact with drug traffickers, without more, is not

6    sufficient to prove that the buyer participated in such a conspiracy.  In other words, the agreement

7    to distribute from one alleged conspirator to another cannot also be the agreement that forms the

8    conspiracy.

9             The quantities of the drugs involved in the charged conspiracy are not elements of the

10   crime, so you need not be concerned with quantity in determining whether the government has

11   sustained its burden.

12             **2.   RICO Statute of Limitations**

13             Count One has a five-year statute of limitations. Therefore, you must determine whether

14   the RICO conspiracy charged in Count One continued beyond September 12, 2019. A conspiracy

15   ends when the objectives of the conspiracy have been achieved or when all members of the

16   conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy, and

17   if it is, it lasts until there is some affirmative showing that it has ended or that all its members have

18   withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that

19   the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or

20   objective and, therefore, may be a continuing conspiracy. If a continuing conspiracy is shown to

21   exist, the burden is on the defendant to prove that the conspiracy was terminated or that he took

22   affirmative steps to withdraw. Termination of the conspiracy requires evidence from which the

23   jury could have found that the goals of the conspiracy were accomplished in some final manner.

40

1                                          \*\*\*

2          In sum, if you find the government proved, beyond a reasonable doubt, each of the elements

3   of racketeering conspiracy, then you should find the defendant guilty of Count One. On the other

4   hand, if you find that the government has not proved, beyond a reasonable doubt, any one of those

5   essential elements, then you must find the defendant not guilty of Count One.

6          **3.  Special Sentencing Factor**

7          The government has alleged a special sentencing factor with respect to Count One. If you

8   find the defendant is not guilty of Count One, then you do not need to consider this factor. If you

9   find him guilty of Count One, you must consider whether the government has proven this special

10  sentencing factor. To prove this special sentencing factor, the government must prove beyond a

11  reasonable doubt that sex trafficking of Casandra Ventura or Jane was within the scope of the

12  pattern of racketeering activity that the defendant agreed would be committed. I will provide you

13  with instructions on the law governing sex trafficking in connection with Counts Two and Four,

14  and you should follow those instructions here.

15  **IX.    Counts Two and Four: Sex Trafficking**

16         I will now explain Counts Two and Four, which charge sex trafficking by force, threats of

17  force, fraud, or coercion, or any combination of such means, in violation of Title 18, United States

18  Code, Section 1591(a)(1).

19         Count Two of the indictment charges that, from at least in or about 2009, up to and

20  including in or about 2018, the defendant committed sex trafficking by force, threats of force,

21  fraud, or coercion, or any combination of such means, with respect to Casandra Ventura.

22         Count Four of the indictment charges that, from at least in or about 2021, up to and

23  including in or about 2024, the defendant committed sex trafficking by force, threats of force,

24  fraud, or coercion, or any combination of such means, with respect to Jane.

1    You must consider and render a verdict on each count separately.

2    **1.   The Elements of Sex Trafficking by Force, Threats of Force, Fraud, or**
3    **Coercion, or Any Combination of Such Means**
4
5    In order to prove the defendant guilty of sex trafficking by force, threats of force, fraud, or

6    coercion, or any combination of such means, the government must prove each of the following

7    elements beyond a reasonable doubt.

8    *First*, that the defendant knowingly recruited, enticed, harbored, transported, provided,

9    obtained, or maintained a person by any means;

10   *Second*, that the defendant knew or recklessly disregarded the fact that force, threats of

11   force, fraud, or coercion, or any combination of such means, would be used to cause the alleged

12   victim to engage in a commercial sex act;

13   *Third*, that the defendant's conduct was in or affecting interstate or foreign commerce.

14   **A.   First Element – Recruiting, Enticing, Harboring, Transporting,**
15   **Providing, Obtaining, or Maintaining**
16
17   The first element of the offense that the government must prove beyond a reasonable doubt

18   is that the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or

19   maintained Casandra Ventura, for Count Two, or Jane, for Count Four, by any means.

20   With respect to your consideration of whether the defendant knowingly recruited, enticed,

21   harbored, transported, provided, obtained, or maintained a person, I instruct you to use the

22   ordinary, everyday definitions of those terms. "Recruit" means to seek to enroll. "Entice" means

23   to attract, induce, or lure. "Harbor" means to provide shelter, such as in a house or other place.

24   "Transport" means to take or convey from one place to another. "Provide" means to furnish,

25   supply, or make available. "Obtain" means to gain possession of or acquire. "Maintain" means to

26   keep in an existing state or support.

1    An act is done "knowingly" when it is done purposely and intentionally, as opposed to

2    mistakenly or inadvertently.

3    **B.    Second Element – Use of Force, Fraud, or Coercion**

4    The second element of the offense that the government must prove beyond a reasonable

5    doubt is that the defendant knew or recklessly disregarded that force, threats of force, fraud, or

6    coercion, or any combination of such means, would be used to cause the alleged victim to engage

7    in a commercial sex act.

8    "Fraud," as I just used that term, means that the defendant knowingly made a

9    misstatement or omission of a material fact. A material fact is one that would reasonably

10    be expected to be of concern to a reasonable person in relying upon the representation or

11    statement in making a decision.

12    There are two ways for the government to prove "coercion."  First, coercion may be

13    demonstrated through any threat of serious harm or physical restraint against a person. A "threat"

14    is a serious statement expressing an intention to inflict harm, at once or in the future, as

15    distinguished from idle or careless talk, exaggeration, or something said in a joking  manner.

16    For a statement to be a threat, the statement must have been made under such circumstances that

17    a reasonable person who heard or read the statement would understand it as a serious expression

18    of an intent to cause harm. In addition, the defendant must have made the statement intending it

19    to be a threat, or with the knowledge that the statement would be viewed as a threat. The term

20    "serious harm" includes both physical and non-physical types of harm, including

21    psychological, financial, or reputational harm, that is sufficient under all of the surrounding

22    circumstances to compel a reasonable person of the same background and in the same

23    circumstances to perform or to continue performing commercial sexual activity in order to

1   avoid incurring that harm. In determining whether the defendant made a threat of serious harm

2   that could reasonably be believed by the alleged victim, you should consider the alleged victim's

3   particular station in life, physical and mental condition, age, education, training, experience, and

4   intelligence. A threat of serious harm must be sufficient in kind or degree to overcome the will

5   of an ordinary person having the same general station in life as that of the alleged victim,

6   causing a reasonable belief that there was no reasonable choice except to engage in a

7   commercial sex act as directed by the defendant.

8        "Coercion" can also be proved if the defendant engaged in a scheme, plan, or pattern

9   intended to cause the alleged victim to believe that if he or she did not engage in a commercial

10  sex act, he or she would suffer serious harm.

11       In determining whether this element has been met, you may consider the cumulative effect

12  of the conduct of a defendant on the alleged victim or conduct of the defendant on others of which

13  the alleged victim is aware.

14       To satisfy the second element of this offense, the government must also prove that the

15  defendant knew or was in reckless disregard of the fact that force, threats of force, fraud, coercion,

16  or any combination of such means would be used to cause a person to engage in a commercial sex

17  act.

18       Whether or not the defendant had this intent is a question of fact to be determined by you

19  on the basis of all the evidence. An act is done "knowingly" when it is done purposely and

20  intentionally, as opposed to mistakenly or inadvertently. Even if the evidence does not establish

21  actual knowledge, this element is satisfied if you find that the government has proved,

22  beyond a reasonable doubt, that the defendant acted with reckless disregard that force, threats

23  of force, fraud, coercion, or a combination of such means, would be used to cause an alleged victim

44

1    to engage in a commercial sex act. The phrase "reckless disregard of the facts" means

2    deliberate indifference to facts that, if considered and weighed in a reasonable manner,

3    indicate the highest probability that force, threats of force, fraud, or coercion, or any combination

4    of such means, would be used to cause the alleged victim to engage in a commercial sex act. In

5    order to prove beyond a reasonable doubt that a defendant "recklessly disregarded" this fact, the

6    government must prove that such person deliberately closed his or her eyes to what would

7    otherwise have been obvious to him or her. A finding beyond a reasonable doubt of the intent of

8    the defendant to avoid knowledge or enlightenment would permit the jury to find that this element

9    has been satisfied.

10        A "commercial sex act" is any sex act on account of which anything of value is given to or

11    received by any person. A thing "of value" need not involve a monetary exchange and need not

12    have any financial component. The defendant need not be the person who receives the thing of

13    value from the sex act. Also note that it is not required that the alleged victim actually performed

14    a commercial sex act as long as the government has proved that the defendant recruited, enticed,

15    harbored, transported, provided, obtained, or maintained the alleged victim for purposes of

16    engaging in a commercial sex act.

17                   **C.    Third Element – Affecting Interstate Commerce**

18        The third element that the government must prove beyond a reasonable doubt is that the

19    defendant's conduct was in or affecting interstate or foreign commerce. "Interstate or foreign

20    commerce" simply means the movement of goods, services, money, and individuals between any

21    two or more states, or between one state and the District of Columbia, or between a state and a

22    U.S. Territory or possession, or between the United States and a foreign country.

1    It is not necessary for the government to prove that the defendant specifically knew or

2    intended that his conduct would affect interstate commerce; it is only necessary that the natural

3    consequences of such conduct would affect interstate commerce in some way, even if minor.

4    **D.    Unanimity**

5    The government has argued that the defendant committed sex trafficking with respect to

6    Casandra Ventura between 2009 and 2018, for Count Two, or Jane between 2021 and 2024, for

7    Count Four. For each count, to find the defendant guilty, you must be unanimous that the

8    government proved beyond a reasonable doubt all the elements of the charge with respect to at

9    least one specific instance of alleged sex trafficking within that period.

10    **X.    Counts Three and Five: Transport with Intent to Engage in Prostitution**

11    I will now explain Counts Three and Five. You must consider and render a verdict on each

12    count separately.

13    **1.    The Elements of Transportation to Engage in Prostitution**

14    In order to prove the defendant guilty of transporting an individual for the purpose of

15    prostitution, the government must prove each of the following elements beyond a reasonable

16    doubt:

17    *First*, that the defendant knowingly transported an individual in interstate or foreign

18    commerce; and

19    *Second*, that the defendant intended that the individual would engage in an act of

20    prostitution.

46

## A.     First Element – Knowingly Transport in Interstate or Foreign Commerce

"Interstate or foreign commerce" simply means the movement of goods, services, money, and individuals between any two or more states, or between one state and the District of Columbia, or between a state and a U.S. Territory or possession, or between the United States and a foreign country. The phrase "transport an individual in interstate or foreign commerce" means to move or carry or cause someone to be moved or carried from one state to another or one country to another.

The government must prove that the defendant knowingly transported the individual across state or foreign borders either personally or through an agent, or that the defendant knowingly arranged for the transportation of the individual across a state or foreign border. This means that the government must prove that the defendant knew both that he was transporting, or causing to be transported, the individual, and that he was transporting, or causing to be transported, the individual in interstate or foreign commerce. An act is done "knowingly" when it is done purposely and intentionally, as opposed to mistakenly or inadvertently.

The government does not need to prove that the defendant personally transported the individual across a state or country line. It is sufficient to satisfy this element that the defendant was actively engaged in the making of the travel arrangements, such as by purchasing, or causing the purchase of, the tickets or accommodations necessary for the individual to travel as planned.

## B.     Second Element – Intent that the Person Transported Would Engage in an Act of Prostitution

### 1.  "Intent"

The second element that the government must prove beyond a reasonable doubt is that the defendant transported, or caused to be transported, an individual with the intent that the individual would engage in an act of prostitution.

1    It is not necessary for the government to prove that engaging in prostitution was the

2    defendant's sole purpose in transporting a person across a state line or foreign border. A person

3    may have several different purposes or motives for transporting a person across state or

4    international lines, and each may prompt in varying degrees the person's actions. However, the

5    government must prove beyond a reasonable doubt that a significant or motivating purpose of the

6    transportation across a state or international line was that the person would engage in an act of

7    prostitution. In other words, the defendant's intent that the individual engage in prostitution may

8    not have been merely incidental to the transportation.

9                              2.   "Engage in prostitution"

10    Prostitution is the practice or an instance of engaging in sexual activity for money or its

11    equivalent.

12    If the government establishes each of the elements of this crime beyond a reasonable doubt,

13    then the defendant is guilty of this charge whether or not the individual agreed or consented to

14    cross state or international lines and whether or not he or she agreed or consented to engage in

15    prostitution. The intent of the individuals who traveled or engaged in prostitution is not the issue.

16                              C.    **Unanimity**

17    The government has argued that the defendant violated federal laws regarding

18    transportation to engage in prostitution, with respect to Casandra Ventura among others between

19    2009 and 2018, for Count Three, and with respect to Jane among others between 2021 and 2024,

20    for Count Five. For each count, to find the defendant guilty, you must be unanimous that the

21    government proved beyond a reasonable doubt all the elements of the charge with respect to at

22    least one specific instance of transportation to engage in an act of prostitution within that period.

1        **2.  Aiding and Abetting and Willfully Causing a Violation of Section 2421(a).**

2              In addition to alleging a violation of the substantive offense of transport with intent to

3      engage in prostitution, the indictment alleges aiding and abetting the commission of that offense,

4      or willfully causing that offense. I have already instructed you on aiding and abetting liability

5      under federal law, and you should apply that definition here. *See* Page 10. I have also already

6      instructed you on willfully causing a crime under federal law, and you should apply that definition

7      here. *See* Page 11.

8      **XI.    Venue**

9              With respect to each of the counts you are considering, the government, in addition to

10     proving the essential elements of that charge, must also prove that at least one act in furtherance

11     of each charge occurred in the Southern District of New York. This is called establishing venue.

12             The Southern District of New York includes Manhattan and the Bronx, as well as

13     Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.

14             What does "in furtherance" mean? To satisfy the venue requirement, the government must

15     prove that some act constituting an essential conduct element of the charged offense occurred in

16     this District. The act itself need not be a criminal act. And the act need not have been taken by the

17     defendant, so long as the act was part of the crime that you find the defendant committed. Acts

18     that are preparatory to the offense, and not part of the offense, are insufficient.

19             Venue is proper in a district where (1) the defendant intentionally or knowingly causes

20     such an act in furtherance of the charged offense to occur in the district of venue, or (2) it is

21     foreseeable that such an act would occur in the district. Venue may lie in more than one location

22     and is proper in any district in which an offense was begun, continued, or completed.

23             Unlike the elements of the offenses which must be proven beyond a reasonable doubt, the

24     government is required to prove venue only by a preponderance of the evidence. A preponderance

1    of the evidence means that it is more probable than not that some act in furtherance of the crime

2    you are considering occurred in this District.

3        Because venue must be proper for each count, if you find that the government has failed

4    to prove this venue requirement by a preponderance of the evidence with respect to any of the

5    counts charged in the indictment, then you must acquit the defendant of that count.

6    **XII.    Additional Instructions**

7        I have completed my substantive instructions. I will now give you some additional

8    instructions.

9        **1. Expert Witnesses**

10       Certain witnesses were offered as experts and permitted to express their opinions about

11   matters that are in issue. A witness may be permitted to testify to an opinion on those matters about

12   which he or she has special knowledge, skill, experience, and training. Such testimony is presented

13   to you on the theory that someone who is experienced and knowledgeable in the field can assist

14   you in understanding the evidence or in reaching an independent decision on the facts.

15       In weighing this opinion testimony, you may consider the witness's qualifications, his or

16   her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily

17   apply when you are deciding whether or not to believe a witness's testimony. You may give the

18   opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this

19   case. You should not, however, accept the testimony of an expert merely because I allowed the

20   witness to testify as an expert. Nor should you substitute it for your own reason, judgment, and

21   common sense. The determination of the facts in this case rests solely with you.

1          **2.  Testimony of Law Enforcement Officers**

2          You have heard testimony of law enforcement and government officials. The fact that a

3    witness may be employed by the government does not mean that his or her testimony is necessarily

4    deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

5          At the same time, it is quite legitimate for defense counsel to try to attack the credibility of

6    a law enforcement witness or government employee witness on the grounds that his or her

7    testimony may be colored by a personal or professional interest in the outcome of the case.

8          It is your decision, after reviewing all the evidence, whether to accept the testimony of the

9    law enforcement witnesses or government employee witnesses and to give that testimony whatever

10   weight, if any, you find it deserves.

11         **3.  Immunized Witnesses**

12          You have heard the testimony of witnesses who have testified under a grant of immunity

13   from this Court, called formal immunity. The testimony of such a witness may not be used against

14   such witnesses in any criminal case except in a prosecution for perjury, giving a false statement,

15   or otherwise failing to comply with the immunity order of this Court. You are instructed that the

16   government is entitled to call as a witness a person who has been granted immunity by order of

17   this Court. However, the testimony of a witness who has been granted immunity should be

18   examined by you with greater care than the testimony of an ordinary witness. You should examine

19   the testimony of such a witness to determine whether or not it is colored in any way to further the

20   witness's own interests. If you believe the testimony to be true, you may give it any weight you

21   believe it deserves.

1               **4.  Use of Evidence Obtained Pursuant to Searches and Seizures**

2         You have heard testimony about evidence seized in connection with certain searches or

3 seizures conducted by law enforcement officers, and in particular, of electronic evidence obtained

4 pursuant to court-approved search warrants. I instruct you that all of the evidence in this case,

5 including evidence obtained pursuant to searches, was lawfully obtained. Whether you approve or

6 disapprove of the uses of searches to obtain evidence should not enter into your deliberations.

7         There is no legal requirement that law enforcement agents investigate crimes in a particular

8 way or that the government prove its case through any particular means. While you are to carefully

9 consider the evidence presented, you need not speculate as to why law enforcement used the

10 techniques they did, or why they did not use other techniques.  However, you may consider these

11 facts in deciding whether the government has met its burden of proof, because as I told you, you

12 should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.

13              **5.  Use of Charts and Summaries**

14         At certain times during the trial, the parties have used demonstrative aids to assist you in

15 considering the evidence or testimony at trial. These demonstrative aids are not evidence and will

16 not be available to you in the jury room. However, you may consider these aids if you find them

17 useful in assessing the evidence or testimony.

18         Some of the exhibits that were admitted into evidence were in the form of charts and

19 summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare

20 them. I admitted these charts and summaries into evidence in place of or in addition to the

21 underlying documents that they represent in order to save time and avoid unnecessary

22 inconvenience. You are to give no greater consideration to these charts or summaries than you

1  would give to the evidence upon which they are based. It is for you to decide whether they correctly

2  present the information contained in the testimony and in the exhibits on which they were based.

3  **6.  Stipulations**

4  In this case you have heard evidence in the form of stipulations of fact and testimony. A

5  stipulation of fact is an agreement between the parties that a certain fact or set of facts are true,

6  and you must regard such agreed-upon facts as true. It is for you to determine the effect or weight

7  to give those agreed-upon facts. A stipulation of testimony is an agreement among the parties that,

8  if called, a witness would have given certain testimony. You must accept as true the fact that the

9  witness would have given the testimony. However, it is for you to determine the effect or weight

10  to give that testimony.

11  **7.  Redaction of Evidentiary Items**

12  Among the exhibits received in evidence, there are some documents that are redacted.

13  "Redacted" means that part of the document was taken out or covered over. You are to concern

14  yourself only with the part of the item that has been admitted into evidence. You should not

15  consider any possible reason why the other part of it has been deleted or covered up.

16  **8.  Pseudonyms**

17  As you know, certain witnesses have been permitted to testify and be referred to in open

18  court by a pseudonym, solely to protect their privacy from disclosure to persons who are not parties

19  to this case. I instruct you again that this process should not bear in any way on your evaluation of

20  the evidence or credibility of any witness in this case. The fact that a witness testified using a

21  pseudonym does not mean that their testimony is deserving of greater or lesser weight than that

22  of any other witness.

1            **9. Persons Not on Trial**

2            If you conclude that other persons may have been involved in criminal or other acts charged

3 in the indictment, you may not draw any inference, favorable or unfavorable, toward either the

4 government or the defendant from the fact that those persons are not named as defendants in the

5 indictment, or are not present at this trial. In addition, you may not speculate as to the reasons why

6 other persons are not defendants in this trial. Those matters are wholly outside your concern and

7 have no bearing on your function as jurors at this trial.

8            **10. Defendant's Right Not to Testify**

9            The defendant did not testify in this case. Under our Constitution, a defendant has no

10 obligation to testify or to present any evidence, because it is the government's burden to prove the

11 defendant guilty beyond a reasonable doubt. That burden remains with the government throughout

12 the entire trial and never shifts to a defendant. A defendant is never required to prove that he or

13 she is innocent.

14            Therefore, you must not attach any significance to the fact that the defendant did not testify.

15 You may not draw any adverse inference against the defendant because he did not take the witness

16 stand, and you may not consider it in any way in your deliberations in the jury room.

17            **11. Voluntary Intoxication**

18            Intoxication or drunkenness in itself is not a legal defense to a criminal charge. However,

19 intoxication or drunkenness may negate the existence of a person's intent to commit certain crimes.

20 Voluntary intoxication may negate the existence of a person's intent to commit the following

21 criminal violations:

22          • Racketeering conspiracy in violation of Title 18, United States Code, Section 1962(d)

23          • Attempt under California law

1    • Kidnapping under New York law in violation of New York Penal Law § 135.20

2    • Bribery under California law in violation of California Penal Code Section 137(a)

3    • Witness tampering in violation of Title 18, United States Code, Section 1512

4    • Forced labor in violation of Title 18, United States Code, Section 1589(a)

5    • Transportation to engage in prostitution in violation of Title 18, United States Code,

6      Sections 2421 and 2422(a)

7    • Possession with intent to distribute and distribution of controlled substances in violation of

8      Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and (b)(1)(E)

9        On the evidence before you, if you find that a person was too intoxicated throughout the

10   entire course of his or her alleged participation in an alleged criminal violation to form the requisite

11   intent, you may conclude that the person did not have the required intent I described as to these

12   criminal violations. On the other hand, even if you believe that a person was intoxicated, you still

13   may conclude that he or she was capable of having the required intent.

14        **12. Uncalled Witnesses**

15        You have heard the names of several people during the course of the trial who did not

16   appear here to testify, and one or more of the attorneys may have referred to their absence. I instruct

17   you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.

18   However, the government bears the burden of proof; the defendant does not. Therefore, you should

19   not draw any inferences or reach any conclusions as to what these persons would have testified to

20   had they been called. Their absence should not affect your judgment in any way.

21   **XIII.   Instructions Regarding Deliberations**

22        Finally, I will give you some instructions about your deliberation process.

### 1.    Note-taking by Jurors

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may request that the official trial transcript that has been made of these proceedings be read back to you.

### 2.    No Outside Communications, Outside Research, or Internet Research

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, look at websites, blogs, or social media outlets, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not visit any location mentioned in this case for the purpose of investigating it. Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, or by way of any other social networking platforms, including Facebook, Twitter (or "X"), TikTok, Instagram, Threads, LinkedIn, Snapchat, and YouTube.

1    If you become aware that any other juror is violating this instruction, you should

2    immediately bring it to my attention through my Courtroom Deputy, but please do not make it

3    known to any other jurors.

4    **3. Improper Considerations**

5    Your verdict must be based solely upon the evidence developed at trial or the lack of

6    evidence.

7    It would be improper for you to consider, in reaching your decision as to whether the

8    government sustained its burden of proof, any personal feelings you may have about the

9    defendant's race, religion, national origin, sex, or age. As I have explained to you, all persons are

10    entitled to the presumption of innocence, and the government has the burden of proof.

11    Under your oath as jurors, you are not to be swayed by bias or sympathy. Similarly, you

12    cannot allow a consideration of possible punishment that may be imposed upon a defendant if

13    convicted to influence you in any way or in any sense to enter into your deliberations. Your

14    function is to weigh the evidence in the case and to determine whether or not the government has

15    proved the defendant guilty beyond a reasonable doubt, solely upon the basis of such evidence.

16    The defendant and the government are both entitled to a trial free from prejudice, and our

17    judicial system cannot work unless you reach your verdict through a fair and impartial

18    consideration of the evidence.

19    I am also going to ask you and advise you to not decide the case based on implicit biases.

20    These hidden thoughts can impact what we see and hear, how we remember what we see and hear,

21    and how we make important decisions. Because you are making very important decisions in this

22    case, I strongly encourage you to evaluate the evidence carefully and to resist jumping to any

1    conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices,

2    sympathies, stereotypes, or biases.

3    It would be equally improper for you to allow any feelings you might have about the nature

4    of the crimes charged to interfere with your decision-making process.

5    To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence

6    in the case.

7    **4.  Duty to Deliberate; Unanimous Verdict**

8    You will now retire to decide the case. Your function is to weigh the evidence in this case

9    and to determine whether the government has proven the guilt of the defendant with respect to

10   each count charged in the indictment.

11   It is your duty as jurors to consult with one another and to deliberate with a view to reaching

12   an agreement. Each of you must decide the case for himself or herself, but you should do so only

13   after a consideration of the case with your fellow jurors, and you should not hesitate to change an

14   opinion when convinced that it is erroneous. Discuss and weigh your respective opinions

15   dispassionately, without regard to sympathy, without regard to prejudice or favor for either party,

16   and follow my instructions on the law.

17   When you are deliberating, all twelve jurors must be present in the jury room. If a juror is

18   absent, you must stop deliberations.

19   Again, your verdict must be unanimous, but you are not bound to surrender your honest

20   convictions concerning the effect or weight of the evidence for the mere purpose of returning a

21   verdict or solely because of the opinion of other jurors. Each of you must make your own decision

22   about the proper outcome of this case based on your consideration of the evidence and your

58

1  discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs for

2  the purpose of returning a unanimous verdict.

3          Remember at all times that you are not partisans. You are judges—judges of the facts. Your

4  sole interest is to seek the truth from the evidence in the case.

5          If you are divided, do <u>not</u> report how the vote stands. If you reach a verdict, do not report

6  what it is until you are asked in open court.

7          **5.  Duties of Foreperson**

8          The first thing you should do when you retire to deliberate is take a vote to select one of

9  you to sit as your foreperson, and then send out a note indicating whom you have chosen.

10          The foreperson doesn't have any more power or authority than any other juror, and his or

11  her vote or opinion doesn't count for any more than any other juror's vote or opinion. The

12  foreperson is merely your spokesperson to the court. He or she will send out any notes, and when

13  the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict,

14  and you will come into open court and give the verdict.

15          **6.  Right to See Exhibits and Have Testimony Read During Deliberations;**
16          **Communications with the Court**
17
18          You are about to go into the jury room and begin your deliberations. A list of exhibits and

19  the exhibits that were received into evidence will be provided to you in the jury room. If you want

20  any of the testimony read back to you, you may also request that. If you want testimony read back

21  to you, please try to be as specific as you possibly can. The court reporter will have to look through

22  the transcript, and the parties will have to agree on what portions of testimony may be called for

23  in response to your request, and if they disagree, I must resolve those disagreements. If you have

24  any questions regarding my instructions to you, you should also send me a note.

59

1    Your requests for testimony—in fact any communications with the Court—should be made

2    to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not

3    tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

4         **7.  Alternate Jurors**
5
6    At this time, the first twelve jurors will begin their deliberations in the case.  The other

7    jurors—who are alternates—will not deliberate at this time.  Nevertheless, the alternate jurors are

8    not quite excused.  While the jury conducts its deliberations, you do not have to be in court, but

9    you should give the courtroom deputy phone numbers where you can be reached, because it is

10   possible that you could be needed to deliberate if a juror is unable to continue.  The courtroom

11   deputy will call you when deliberations are completed so that you will know you are completely

12   finished.

13   Between now and then, you must continue to observe all the restrictions I have instructed

14   you on throughout the trial. That is, you must not discuss this case with anyone, including the other

15   jurors, other people involved in the trial, members of your family, friends, co-workers, or anyone

16   else. And until a verdict is reached, as I have already instructed, you may not communicate with

17   anyone about the case in any way. If anyone approaches you and tries to talk to you about the case,

18   please report that to me, through the courtroom deputy, immediately.

19   Do not listen to or watch or read any news reports concerning this trial if there were to be

20   any; do not do any research on the internet or otherwise. The reason for this, of course, is that

21   should you be asked to participate in reaching a verdict in this case, the only information you will

22   be allowed to consider is what you learned in this courtroom during the trial. Please accept my

23   heartfelt gratitude for your service.

60

1        I'm sorry that you will likely miss the experience of deliberating with the jury, but the law

2    provides for a jury of twelve persons in this case. So before the rest of the jury retires to the jury

3    room, if you have any clothing or objects there, you are asked to pick them up and to withdraw

4    before any deliberations start. Without discussing the case, you may also say your goodbyes to

5    your fellow jurors.