

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 26, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

      The Government respectfully submits this letter in opposition to the defendant's motion to preclude all but one of its proposed summary charts from evidence at trial. The defendant first asks the Court to preclude all summary charts under Federal Rule of Evidence 1006, and then appears to suggest in the alternative that certain portions of certain charts are inadmissible hearsay, improperly argumentative, or otherwise prejudicial under Federal Rule of Evidence 403.

      The Court should swiftly reject the defendant's efforts to wholesale prevent the Government from using charts to efficiently present relevant information from thousands of pages of records to the jury. That portion of the defendant's motion relies on a misreading of Rule 1006 and would result in an enormous waste of time by forcing the Government to spend hours walking painstakingly through individual records rather than presenting a concise summary of relevant information.

      As to the defendant's alternative evidentiary objections, the Government believes the majority can be resolved if the parties meet and confer, which the defense did not attempt to do before filing the instant motion. The Government does not seek to offer inaccurate or argumentative charts as evidence at trial. Indeed, several of the points in the defendant's motion are well taken, and the Government is open to revising the draft charts to address those concerns. Accordingly, the Government respectfully asks the Court to permit the parties the opportunity to meet and confer about specific evidentiary objections. Once the parties have narrowed those disputes, the Court can then rule on any specific entries within the charts to which the defense continues to object.[1]

---

[1] The Government does not anticipate offering any of its proposed summary charts until Monday, June 2, 2025 at the earliest. There is thus ample time for the parties to meet and confer in an effort to resolve some of the defendant's specific objections in the first instance.

I.   Discussion

   A. Federal Rule of Evidence 1006

As amended, Rule 1006 provides that the Court "may admit as evidence a summary, chart, or calculation offered to prove the content of voluminous admissible writings, recordings, or photographs that cannot be conveniently examined in court, whether or not they have been introduced into evidence," so long as the proponent "make[s] the underlying originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006. The Committee Notes on the December 2024 amendment of this rule explain that "Rule 1006 has been amended to correct misperceptions about the operation of the rule by some courts." Fed. R. Evid. 1006 Advisory Committee's Note (Dec. 1, 2024).

*First*, "[s]ome courts have mistakenly held that a Rule 1006 summary is 'not evidence' and that it must be accompanied by limiting instructions cautioning against its substantive use." *Id.* The Committee explained that "the purpose of Rule 1006 is to permit alternative proof of the content of writings, recordings, or photographs too voluminous to be conveniently examined in court." *Id.* As a result, "Rule 1006 summaries must be admitted as substantive evidence and the rule has been amended to clarify that a party may offer a Rule 1006 summary 'as evidence,'" and "[t]he court may not instruct the jury that a summary admitted under this rule is not to be considered as evidence." *Id.*

*Second*, "Rule 1006 has also been amended to clarify that a properly supported summary may be admitted into evidence whether or not the underlying voluminous materials reflected in the summary have been admitted." *Id.* Apparently, "[s]ome courts have mistakenly held that the underlying voluminous writings or recordings themselves must be admitted into evidence before a Rule 1006 summary may be used," and "[c]onversely, there are courts that deny resort to a properly supported Rule 1006 summary because the underlying writings or recordings—or a portion of them—have been admitted into evidence." *Id.* The amended Rule thus corrected those misimpressions.

In addition, the Rule "draws a distinction between summaries of voluminous admissible information offered to prove a fact, and illustrations offered solely to assist the trier of fact in understanding the evidence." In other words, charts summarizing the content of voluminous records, communications, photographs, recordings, and videos remain admissible as evidence. Meanwhile, demonstratives—such as, for example, a model bullet used by a ballistics expert to explain the components of ammunition he examines, or an organizational chart created to clarify a witness's testimony about a large company's corporate structure—would be used only to help the jury understand a witness's testimony and would not be admitted into evidence.

The committee notes also explain that, like all evidence, summary charts "must also pass the balancing test of Rule 403," including by "accurately reflect[ing] the underlying voluminous evidence," and avoiding unduly "argumentative" charts. *Id.* Nothing in the notes, however, suggests that this amendment reflects a major change in the admissibility of summary charts summarizing voluminous records at trial.

### B. Cases Discussing the Admissibility of Summary Charts

Summary charts, including chronological summaries of communications, have a long history of being regularly admitted within the Second Circuit. *See, e.g.*, *United States v. Menendez*, 759 F. Supp. 3d 460, 520 (S.D.N.Y. 2024) ("The Second Circuit has regularly affirmed the use of such charts." (internal quotation marks omitted)); *United States v. Miller*, 954 F.3d 551, 565 (2d Cir. 2020) (affirming admission of summary chart of "hundreds of calls and text messages" and explaining that "this information would have been difficult for the jury to synthesize and evaluate without the aid of a summary"). Although the defense is correct that the Second Circuit has also blessed the admission of summary charts under the prior version of Rule 1006 with an instruction that the charts themselves not be considered evidence, (May 21, 2025 Ltr. at 7 (citing cases)), that appears to reflect one of the misconceptions that the Committee Notes explain the 2024 amendment was intended to address. In other words, those same charts under the amended Rule 1006 would be undeniably admissible as substantive evidence. And in any event, courts within this Circuit have also admitted summary charts of the type at issue here without a limiting instruction even under the prior version of Rule 1006. *See, e.g.*, *Menendez*, 759 F. Supp. 3d at 520; *Miller*, 954 F.3d at 565.

While summary charts must be based on the evidence they summarize, they need not include all evidence the opposing party may wish were included or that has been presented at trial. Indeed, "'a summary may include only evidence favoring one party, so long as the witness does not represent to the jury that he is summarizing all the evidence in the case.'" *Menendez*, 759 F. Supp. 3d at 521 (quoting *Linde v. Arab Bank, PLC*, 922 F. Supp. 2d 316, 333 (E.D.N.Y. 2013)); *see also, e.g.*, *DL v. District of Columbia*, No. 05 Civ. 1437, 2015 WL 6446087, at *6 (D.D.C. Oct. 23, 2015) (rejecting defense argument that a Rule 1006 chart was "inappropriately argumentative" because it was selective). Because "selection of relevant evidence for presentation to the factfinder is inherent to the nature of litigation," the "non-comprehensive nature of the data underlying a summary goes to evidentiary weight, not the threshold question of admissibility." *United States v. Hofstetter*, No. 13 Cr. 27 (TAV) (DCP), 2019 WL 5057176, at *5 (E.D. Tenn. Oct. 8, 2019) (internal quotation marks omitted). In short, "[a] summary, to be admissible . . . need not give effect to the contentions to the accused," but only "be what it purports to be." *United States v. Lemire*, 720 F.2d 1327, 1349 (D.C. Cir. 1983) (internal quotation marks omitted).

Accordingly, a summary chart is admissible even when a defendant complains that it allegedly takes evidence out of context to support prosecution theories or does not include evidence the defendant wishes were highlighted. *See Menendez*, 759 F. Supp. 3d at 520-22; *see also id.* at 521 ("The fact that the government omitted documents and communications that the defense preferred be added to the chart does not mean that the summary is inaccurate or argumentative."). Similarly, in *United States v. Parnas*, No. 19 Cr. 725 (JPO), 2022 WL 669869 (S.D.N.Y. Mar. 7, 2022), a defendant opposed the admission of chronological summary charts of communications and did "not contend that anything included in the charts was false; he instead assert[ed] that the charts were misleading because they took evidence out of context to support the government's narrative." *Id.* at *7. Judge Oetken rejected that argument, holding that it was "well within the government's right" to present evidence to support its narrative in its case in chief. *Id.*; *see also, e.g.*, *Menendez*, 759 F. Supp. 3d at 521 (citing *Parnas*); *United States v. Bendelstein*, No. 18 Cr. 309 (HG), 2023 WL 2457842, at *10 (E.D.N.Y. Mar. 10, 2023) ("Although Defendant

asserts that the charts were improperly argumentative, he notably 'does not contend that anything included in the charts was false.'" (quoting *Parnas*, 2022 WL 669869, at *7-8)). Indeed, numerous courts, including the Second Circuit itself, have rejected such arguments. *See, e.g.*, *United States v. Ho*, 984 F.3d 191, 209-10 (2d Cir. 2020) (rejecting argument that timeline of selected exhibits could not be introduced under Rule 1006 because it was allegedly "created for the purpose of generating a narrative supporting the prosecution's theory of the case"); *United States v. Calk*, No. 19 Cr. 366 (LGS), Tr. 2-3 (S.D.N.Y. June 22, 2021) (admitting similar timeline charts over objection); *United States v. Gatto*, No. 17 Cr. 686 (LAK), Tr. 1443-48 (S.D.N.Y. Oct. 16, 2018) (admitting summary chart, rejecting defense argument that it should be used in "closing" instead).

Instead of any supposed requirement to include all documents the opposing party wishes, a summary under Rule 1006 must only and simply be "based on foundation testimony connecting it with the underlying evidence summarized and must be based upon and fairly represent competent evidence already before the jury." *Menendez*, 759 F. Supp. 3d at 520 (ellipses and internal quotation marks omitted) (quoting *Fagiola v. Nat'l Gypsum Co AC&S*, 906 F.2d 53, 57 (2d Cir. 1990)). "Objections that a summary 'd[oes] not fairly represent the [underlying] documents and [is] excessively confusing and misleading go more to [the summary's] weight than to its admissibility.'" *SEC v. Alpine Secs. Corp.*, 354 F. Supp. 3d 396, 419 (S.D.N.Y. 2018) (quoting *U.S. ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 163 (2d Cir. 1996)); *see also, e.g.*, *United States v. Hemphill*, 514 F.3d 1350, 1359 (D.C. Cir. 2008) ("Even if the calculations are mistaken, the chart is itself admissible, since admissible evidence may be unpersuasive and a defendant has the opportunity to rebut it.").

Moreover, to have a proper foundation in the evidence, a summary chart need not be accompanied by "detailed testimony stating the basis" of each entry, but simply enough explanation to allow the jury to see how the information on the chart was "derived from the underlying evidence." *United States v. Citron*, 783 F.2d 307, 317 (2d Cir. 1986); *see also id.* ("Our ruling that the chart was inadmissible does not mean that the government must provide detailed testimony stating the basis of each calculation undertaken when a summary chart is prepared. All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it."). Here, the Government intends to elicit similar foundational testimony regarding each summary chart.

### C. Application of Amended Rule 1006 in this District

Since the adoption of amended Rule 1006 on December 1, 2024, several judges in this District have presided over trials during which summary exhibits were admitted. Those charts summarized a variety of voluminous records, including phone records, text messages, and financial records, in a manner resembling the types of charts admitted before the amendment. *See, e.g.*, *United States v. Thomas Rodriguez*, 22 Cr. 641 (PMH), Trial Tr. 657 (S.D.N.Y. May 22, 2025) (admitting PowerPoint presentation summarizing content of multiple iCloud accounts as government exhibit); *United States v. Ephron*, 24 Cr. 418 (MMG), Trial Tr. 1302 (S.D.N.Y. Apr. 14, 2025) (admitting chart summarizing content of phone records as defense exhibit); *United States v. Nadine Menendez*, 23 Cr. 490 (SHS), Trial Tr. 558, 1188, 2396-97 (S.D.N.Y. Mar. 26, 2025, Mar. 31, 2025, Apr. 11, 2025) (admitting charts summarizing content of phone records, text messages, recordings, financial records, travel records, internet search history, photographs, and

public records as government exhibits); *United States ex rel Bassan v. Omnicare*, 15 Civ. 4179 (CM), Dkt. No. 714 (S.D.N.Y. Mar. 24, 2025) (admitting charts summarizing audit records, Medicare and Medicaid agreements, emails, public statements as plaintiff exhibits); *United States v. Tavberidze*, 23 Cr. 585 (JSR), Trial Tr. 169 (S.D.N.Y. Dec. 3, 2024) (admitting charts summarizing content of multiple text messages and recordings as government exhibit).

Of particular note, Judge Stein admitted essentially identical summary charts in the trial of former Senator Robert Menendez and two co-defendants, which took place in May and June of 2024 under *United States v. Robert Menendez, et al.*, 23 Cr. 490 (SHS), and the later trial of their co-defendant Nadine Menendez, which took place in March of 2025. *See United States v. Nadine Menendez*, 23 Cr. 490 (SHS) Pretrial Conference Tr. 50-51 (S.D.N.Y. Feb. 27, 2025) ("We had some of this in the first trial, that is, if there is a handful of evidentiary issues on a particular chart, I certainly understand that, I can handle those. The government is telling me that you want to raise more fundamental issues about the use of summary charts, which obviously has been much mooted in the first trial, and decisions were made by me as to the propriety of using Rule 1006."). When admitting those charts in the latter trial, Judge Stein apparently referred to his decision denying Robert Menendez's post-trial motions in December 2024, which cited the newly amended version of Rule 1006 when considering the propriety of the Government's summary charts. *See United States v. Menendez*, 759 F. Supp. 3d 460, 520 & nn.26-27, 525 & n.28 (S.D.N.Y. 2024) (citing amended Rule 1006 to support admission of chronological summary charts of communications without limiting instruction). He thus necessarily reasoned that the charts were admissible under the amended version of the rule.[2]

This makes good sense. The prior version of the rule provided that a party "may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court," so long as the proponent "ma[d]e the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." Fed. R. Evid. 1006 (eff. Dec. 2011). Given the virtually identical language in both versions of the rule tying the use of a chart to the volume of the exhibits it summarizes and the convenience it offers as an alternative to examining the underlying records, cases considering the admissibility of charts to summarize voluminous exhibits remain applicable to the new rule. *See Menendez*, 759 F. Supp. 3d at 520-25.

### D. The Government's Charts Fall within the Heartland of Rule 1006

To streamline its presentation of twenty years' worth of evidence in this trial, the Government has drafted eleven charts that summarize voluminous evidence for the jury. Collectively, these charts will save many hours of the jury's time by condensing information contained across thousands of pages into a more digestible form.

- GX-1401 appears to be the only chart to which the defense does not object. This exhibit provides a key to identify the users of different phone numbers that appear

---

[2] The Government has attached three of those *Menendez* charts from each trial so that the Court may see the specific charts that were the subject of Judge Stein's rulings.

in various records. The Government is happy to confer with the defense about adding additional entries to this chart.

- GX 1402 and 1406 both use similar formats to convey information about locations where the defendant and escorts met with Casandra Ventura and Jane, respectively. Each chart summarizes hotel records, travel records, financial records, videos, photographs, and text messages to identify dates that the records show such meetings occurred. These charts summarize information from hundreds of pages of exhibits, which undoubtedly qualify as voluminous. *See Ho*, 984 F.3d at 210 (2d Cir. 2020) (finding "it was clearly not an abuse of discretion for the district court to conclude that hundreds of pages of evidence merited the use of summary charts"). If these charts were not admitted in evidence, the Government would need to walk the jury through over 100 different dates individually, pulling up individual hotel records, travel records, payment records, and other records to inform the jury of each meeting. With these charts, by contrast, the Government need only walk the jury through a small number of examples to show how each chart was created, and then can summarize the total number of meetings contained in each chart. The jury will have the underlying records and can review them during deliberations if they wish, but the Government will not have to waste time during the trial walking through each individual record. To the extent the defense believes entries in these charts are inaccurate, improperly reference witness testimony, or contain improper annotations, the Government is happy to confer and, if appropriate, make revisions to address those concerns. The defense can also cross-examine the witness presenting the chart regarding any perceived inaccuracies or cherry-picking. But those concerns do not justify wholesale preclusion of charts that will save this jury many hours of trial time.

- GX 1404, 1405, 1408, and 1409 each use similar formats to convey information tracing financial transactions surrounding certain dates when the defendant and escorts met with Casandra Ventura or Jane. Each chart summarizes information contained within hundreds of pages of voluminous financial records to show the source of funds used to pay for hotels, travel, and other expenses surrounding specific dates. If these charts were not admitted in evidence, the Government would have to walk the jury through each transaction individually in front of the jury, taking up unnecessary time. The jury will have the underlying records and can review them during deliberations if they wish, but the Government will not have to waste time during the trial walking through each individual record. To the extent the defense believes entries in these charts are inaccurate or unduly argumentative, the Government is happy to confer and, if appropriate, address those concerns. The defense can also cross-examine the witness presenting the chart regarding any perceived inaccuracies or cherry-picking. But those concerns do not justify wholesale preclusion of charts that provide for an efficient presentation of the evidence.

- GX 1407, 1410, and 1411 each use similar formats to convey in chronological order messages, phone calls, photographs, videos, financial transactions, hotel records,

and travel records across many hundreds of pages of exhibits. These exhibits most closely resemble those that Judge Stein admitted in the Menendez trials noted above. *Menendez*, 759 F. Supp. 3d at 518 ("GX 1302 is a 97-page chart that places various government exhibits concerning the Egypt scheme in chronological order; GX 1303 is a 58-page chart that similarly lists certain government exhibits concerning the New Jersey state criminal matters; and GX 1304 is a 23-page chart that organizes certain government exhibits by date relating to Daibes' federal prosecution and Qatar"). To the extent the defense believes any entries are taken out of context, the Government is happy to confer with the defense about what context the defense believes should be added, keeping in mind though, "[o]bjections that a summary 'd[oes] not fairly represent the [underlying] documents and [is] excessively confusing and misleading go more to [the summary's] weight than to its admissibility.'" *Alpine Secs. Corp.*, 354 F. Supp. 3d at 419. It is "well within the government's right" to select the evidence presented in a summary chart "to support the government's narrative," so long as the underlying evidence is admissible and not so misleading as to be unfairly prejudicial under Rule 403. *Parnas*, 2022 WL 669869, at *7. And to the extent the defense objects to individual messages on hearsay or other grounds, the Court should consider such specific objections and direct the Government to remove any entries reflecting messages that are inadmissible. Again, though, such specific concerns are not a reason to throw out these charts in their entirety.

- Finally, GX 1403 is a timeline of communications, photos, and videos surrounding the March 5, 2016 Freak Off at the Intercontinental Hotel and subsequent events. Although this exhibit concededly falls closest to the line demarcating summaries of voluminous exhibits and demonstratives, its compilation of information from multiple types of records places it within the purview of Rule 1006. The timeline simply takes portions of different exhibits—including lengthy text message chains—and places them in chronological order in a digestible manner. It does not include argumentative language or impermissible inferences. The use of this exhibit will allow the jury to more quickly and efficiently review information from various exhibits that are relevant to this particular Freak Off and the subsequent events. As with the other exhibits discussed above, if the defense has specific hearsay or Rule 403 objections to particular messages within this chart, the Court can and should rule on those individual objections. Such concerns do not, however, justify precluding this chart in its entirety.

### E. Remaining Objections

The Court should permit the parties to confer regarding specific portions of the draft charts to which the defense objects. This is the approach Judge Stein followed in both Menendez trials, which allowed the defense to raise specific objections on hearsay, Rule 403, or other evidentiary grounds to particular entries within each chart that the parties could not resolve between themselves. *United States v. Nadine Menendez*, 23 Cr. 490 (SHS) Pretrial Conference Tr. 50-51 (S.D.N.Y. Feb. 27, 2025) ("We had some of this in the first trial, that is, if there is a handful of evidentiary issues on a particular chart, I certainly understand that, I can handle those.").

It bears noting, however, that the defense's suggestion that communications may only be admitted while the declarant is on the stand finds no support whatsoever in the Rules of Evidence. (May 21, 2025 Letter at 7-8). If an out-of-court statement is admissible either as non-hearsay within Rule 801 or a hearsay exception within Rule 803, and if the statement is authentic under Rule 901, there is nothing whatsoever requiring the Government to call the declarant to testify or to introduce the statements while the declarant is on the stand. Indeed, the Government may permissibly choose not to show witnesses documents that are consistent with their accounts in order to independently corroborate their testimony and avoid any impression that witnesses have tailored their testimony to match documentary evidence. Additionally, given the volume of communications in this case—totaling many thousands of pages—it would be unreasonable and an extraordinary waste of time under Rule 611 to require the Government to walk through each message it seeks to admit while the declarant is on the stand. To the extent the defendant wanted to question any witnesses about their communications, he has had access to all such communications through the Government's production of Rule 16 material, Jencks Act material, and marked exhibits well in advance of trial. The defense was also on notice of the types of communications the Government may include in summary exhibits upon receiving drafts of those exhibits in advance of opening statements. There is thus no conceivable infringement on the defendant's Confrontation Clause rights implicated by the admission of communications after a declarant has testified.

## II.     Conclusion

For the foregoing reasons, the Court should deny the defense's motion to preclude the Government's summary charts and defer ruling on individual evidentiary objections to specific portions of the charts until the parties have met and conferred.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:  \_\_\_/s_____
Maurene Comey / Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2324/-2310/-2409/-1113/-2381/-2284