**Teny Geragos**

| | |
|---|---|
| From: | Teny Geragos |
| Sent: | Wednesday, June 11, 2025 10:30 PM |
| To: | SubramanianNYSDChambers; Comey, Maurene (USANYS); Johnson, Emily (USANYS) 2; Foster, Meredith (USANYS); Slavik, Christy (USANYS); Steiner, Mitzi (USANYS); Smyser, Madison (USANYS) |
| Cc: | Marc Agnifilo; Anna Estevao; Alexandra Shapiro; Jason A. Driscoll; nw@westmorelandlawgroup.com; xdonaldson; thesteellawfirm |
| Subject: | US v. Combs - 6/12/25 Trial Issue |
| Attachments: | DX-3226.pdf; DX-3226-B.mp4 |

Dear Chambers:

Ms. Comey and I have conferred on the remainder of the exhibits I intend to introduce for Jane's cross-examination. There is one in dispute: DX-3226-B. She objects to DX 3226-B, which is a voicenote sent Dec. 20, 2023 6:12pm UTC in the attached DX 3226. We understand that Ms. Comey's objection is based on hearsay and that Mr. Combs's statements that "I never understood through the three years that you felt this way," "I didn't know that you felt this way," "█████████████████████████████████████████████████████████████," and █████████████ are hearsay offered to prove the truth of the matter asserted. We assert that this is not hearsay, is offered to show context of the surrounding exhibits the government has introduced from December 2023, and would be otherwise admissible under the state-of-mind exemption.  Furthermore, the jury has basically heard virtually their entire conversation—through Jane's testimony and their text conversations, and it would be misleading and unfair to omit this one?

We further assert that these statements are relevant to demonstrate the effect on the listener (Jane) and to properly contextualize her subsequent conduct.  As the government will argue, Jane and Mr. Combs continued the at-issue sexual conduct well after this message was sent.  To the extent there was any doubt as to the clarity of Jane's communication with Mr. Combs in the years prior to this message, the message marks a turning point in the relationship and the importance of clear communication.  The jury should consider the message, even if not for its truth, as relevant when weighing Jane's subsequent conduct.

Respectfully,
Teny



Teny Geragos
Partner, Agnifilo Intrater LLP
445 Park Avenue, 7th Floor  |  New York, NY 10022
o: (646) 205-4351 | c: (████████)
teny@agilawgroup.com
www.agilawgroup.com