# Teny Geragos

| | |
|---|---|
| **From:** | Teny Geragos |
| **Sent:** | Monday, June 30, 2025 6:29 PM |
| **To:** | Smyser, Madison (USANYS); SubramanianNYSDChambers |
| **Cc:** | Johnson, Emily (USANYS) 2; Steiner, Mitzi (USANYS); Foster, Meredith (USANYS); Comey, Maurene (USANYS); Slavik, Christy (USANYS); Marc Agnifilo; Alexandra Shapiro; Jason A. Driscoll; Anna Estevao; xdonaldson; thesteellawfirm; nw@westmorelandlawgroup.com |
| **Subject:** | RE: 24 Cr. 542 US v Combs - Jury Question |

Dear Judge Subramanian and Chambers:

<u>Defense proposed response to note</u>: As I've said, you are the judges of the facts. You are to read the charge as a whole, which is Section 8, beginning on page 36, line 17 to page 39, line 5.

<u>Our position:</u>
The Court cannot answer the question either affirmatively or negatively, because that would usurp the role of the jury by telling them how to apply the law to the facts.

Moreover, the jury note does not contain sufficient facts to answer the jury's question one way or the other. First, it is unclear from the note whether the jury is considering whether the person who is handing over the drugs has the requisite knowledge about what the substance they are handing over is or not. Therefore, the answer to the question requires reference to aspects of the charge on page 36, specifically the definition that the distribution must be knowingly and intentionally. Second, the answer to the question also relates to the charge on page 38, which talks about the distinction between personal use and distribution, which might inform the jury's answer depending on the factual circumstances it is contemplating. Finally, other instructions on page 37 beyond lines 1-3 are also relevant, such as the joint and constructive possession instructions, as the jury's question doesn't make clear who the jury is asking about or the specific factual circumstances.

For these reasons, providing the language from *Wallace* is inappropriate.

Respectfully,
Teny

---

**From:** Smyser, Madison (USANYS) <Madison.Smyser@usdoj.gov>
**Sent:** Monday, June 30, 2025 6:05 PM
**To:** SubramanianNYSDChambers <SubramanianNYSDChambers@nysd.uscourts.gov>
**Cc:** Johnson, Emily (USANYS) 2 <Emily.Johnson@usdoj.gov>; Steiner, Mitzi (USANYS) <Mitzi.Steiner@usdoj.gov>; Foster, Meredith (USANYS) <Meredith.Foster@usdoj.gov>; Comey, Maurene (USANYS) <Maurene.Comey@usdoj.gov>; Slavik, Christy (USANYS) <Mary.Slavik@usdoj.gov>; Marc Agnifilo <marc@agilawgroup.com>; Teny Geragos <teny@agilawgroup.com>; Alexandra Shapiro <ashapiro@shapiroarato.com>; Jason A. Driscoll <jdriscoll@shapiroarato.com>; Anna Estevao <aestevao@harristrz.com>; xdonaldson <xdonaldson@aol.com>; thesteellawfirm <thesteellawfirm@msn.com>; nw@westmorelandlawgroup.com
**Subject:** 24 Cr. 542 US v Combs - Jury Question

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Judge Subramanian and Chambers:

Despite attempts to confer, the parties have been unable to reach an agreement. The Government's proposal is below. We expect the defense will respond shortly.

The Government proposes that the Court answer the jury's question with: "Yes," and refer the jury to lines 1 through 3 of the instructions on page 37 ("The word 'distribution' means actual, constructive, or attempted transfer. To distribute simply means to deliver, to pass over, or to hand over something to another person, or to cause it to be delivered, passed on, or handed over to another. Distribution does not require a sale.").

If the Court is inclined to simply point the jury to the instructions, the Government respectfully requests that the Court add the following supplemental instruction, which was approved of by the Second Circuit in *United States v. Wallace*, 532 F.3d 126, 129 (2d Cir. 2008): "Sharing drugs with another constitutes distribution."

The Government opposes any instruction that refers to any portion of the charge other than the definition of "distribution." It is clear on its face that the jury's question relates only to distribution, and any reference to the possession with intent instruction or conspiracy instruction would be misleading and confusing.

Respectfully,

**Madison Reddick Smyser**
Assistant United States Attorney
United States Attorney's Office
Southern District of New York
26 Federal Plaza
New York, NY 10278
(212) 637-2381 (office)

madison.smyser@usdoj.gov