

Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Alexandra A.E. Shapiro
ashapiro@shapiroarato.com
Direct: 212-257-4881

June 19, 2025

**VIA EMAIL**
Hon. Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Combs*, 24-cr-542 (AS)

Dear Judge Subramanian:

We write on behalf of Mr. Combs to preclude the government from ███████████ ██████████████████████████████████████████████████████, which the government seeks to offer through GX A-166, A-166-C, A-166-D, and accompanying references in its summary chart, GX 1407.

By way of background, █████████████████████████████████████████████ ██████████████████ *See* GX A-166, A-166-C, A-166-D. The government further seeks to include in GX 1407 (a summary chart) portions of these communications. A table with the relevant communications and rows from GX 1407 is provided below. The Court should exclude the communications in GX A-166, A-166-C, and A-166-D ████████████████████ ██████, and exclude the accompanying rows in GX 1407. The evidence is not probative of any issue in this case. And even if minimally probative, the evidence fails Rule 403.

The government's proffered theory of relevance is illusory. The government suggested to the defense that the evidence was relevant "[t]o show how intimately familiar and involved [Ms. Khorram] was with every aspect of [Mr. Combs's] life, increasing the likelihood she was familiar with what he was doing during hotel nights." But that is not a reasonable inference. ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Jane was not even in the same city as Mr. Combs and no "hotel night" was taking place. Of course Ms. Khorram—Mr. Combs's chief of staff—████████████████████████████. The government does not need evidence of this exchange to prove that Ms. Khorram was familiar with the ins and outs of Mr. Combs's life, and the evidence is not probative of the ultimate conclusion the government seeks to argue. To the contrary, the

Hon. Arun Subramanian
June 19, 2025

government is merely seeking "to suggest decision on an improper basis," here, "an emotional one." Fed. R. Evid. 403, advisory committee notes.

The evidence also fails Rule 403, as it carries a substantial risk of unfair prejudice and a capacity to confuse and mislead the jury. The government seeks to offer this evidence to inflame the passions of the jury and paint Mr. Combs



Indeed, the government moved to preclude the defense from offering evidence of Mr. Combs's medical treatments. Dkt.276. And the Court precluded the defense from offering any opinion about "the effect" of drugs "on Combs himself" or "the propriety of Mr. Combs being prescribed any medication." 5/5/25 Tr.12. The jury will draw a negative inference against Mr. Combs based on improper considerations and misunderstandings of ▮▮▮▮▮▮▮▮▮, and Mr. Combs will be powerless to neutralize the unfair prejudice and confusion.

There is no question that these improper risks "substantially outweigh" the limited probative value for which the government seeks to offer the evidence. Fed. R. Evid. 403. The probative value of the evidence must be determined by "comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997). The government is offering the evidence merely to demonstrate the strength of the relationship between Ms. Khorram and Mr. Combs to suggest she has knowledge of hotel nights. But it already has troves of evidence probative of her knowledge, including evidence demonstrating that she helped Mr. Combs select particular hotel rooms,[3] as well as messages offered to prove her knowledge of "cowboys" and "escort[s]" in hotels during hotel nights.[4] There is thus no legitimate role for ▮▮▮▮▮▮▮▮ to play at this trial.

Accordingly, the Court should exclude the following rows from the government's draft GX 1407 summary chart, as well as the underlying communications in GX A-166, A-166-C, and A-166-D:

---



[3] *See, e.g.*, GX 1407, rows 416-17 (citing GX A-159-M and GX A-159, p.76, wherein Ms. Khorram sends Mr. Combs a floorplan of a hotel room and states "[t]his was the best option with most space for best price").

[4] *See, e.g.*, GX 1411, rows 94-95 (citing GX C-366, wherein Ms. Khorram received a message about a cowboy and responds with four laughing emojis and states "Btw how long is he gonna stay awake ?!?"); GX 1411, row 112 (citing GX C-367 wherein Ms. Khorram writes to Mr. Combs "Paul Cowboy – wrote 'available'").

Hon. Arun Subramanian
June 19, 2025



Respectfully submitted,

/s/Alexandra A.E. Shapiro
Alexandra A.E. Shapiro
Jason A. Driscoll
SHAPIRO ARATO BACH LLP
1140 Avenue of the Americas, 17th Fl.
New York, NY 10036
(212) 257-4880
ashapiro@shapiroarato.com
jdriscoll@shapiroarato.com

Marc Agnifilo
Teny Geragos
AGNIFILO INTRATER
445 Park Ave., 7th Fl.
New York, NY 10022
646-205-4350
marc@agilawgroup.com
teny@agilawgroup.com

Anna Estevao
HARRIS TRZASKOMA LLP

Hon. Arun Subramanian
June 19, 2025

156 West 56th St., Ste. 2004
New York, NY 10019
(212) 970-6465
aestevao@harristrz.com

Brian Steel
THE STEEL LAW FIRM, P.C.
1800 Peachtree Street, Ste. 300
Atlanta, GA 30309
(404) 605-0023

Xavier R. Donaldson
136 Madison Ave, 6th Floor
New York, New York 10016
646-772-3334
Xdonaldson@aol.com

Nicole Westmoreland, Esq.
WESTMORELAND LAW, LLC
132 Cone Street, Suite A
Atlanta, GA 30303
Tel: (404) 446-2620
nw@westmorelandlawgroup.com