

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

> That's fine for now, but the parties should not expect that any submissions made in connection with the upcoming sentencing will be sealed. Everything should be filed on the public docket absent advance authorization to do otherwise.
>
> SO ORDERED.
>
> *[signature]*
>
> Arun Subramanian, U.S.D.J.
> Date: August 7, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter in response to the Court's order dated August 1, 2025, directing the Government to explain the need for redactions in its July 31, 2025 letter opposing the defendant's motion for bail ("the July 31 Letter"), given the use of pseudonyms in the unredacted version of the letter. (Dkt. No. 487, 488). For the reasons stated below, the Government submits that the redacted portion of its opposition motion should be filed under seal.

    **I.**    **Legal Standard**

    The public has a presumptive common law right to access judicial documents and the First Amendment protects the public's right to access judicial documents and proceedings. *Bernstein v. Bernstein Litowitz Berger &Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The Second Circuit has held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." *In re New York Reporters Committee Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990). The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

    "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Id.* Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject,"

and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id*. The court in *Amodeo* found that the voluntary cooperation of persons who may want or need confidentiality "is also often essential to judicial efficiency." *Id.* at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id*.

## II.    Discussion

The Government has proposed minimal redactions to the July 31 Letter, which only cover statements made by witnesses and victims to the Government and law enforcement that were not disclosed at trial. As an initial matter, the proposed redactions comport with the Protective Order entered by the Court in this case, (Dkt. 26), which governs all 3500 materials, including the instant statements by victims and witnesses. While the parties have discussed the content of some 3500 material on the record, the parties have consistently redacted statements from 3500 material from filings throughout this case.

Moreover, the Government's proposed redactions to the July 31 Letter—which total approximately four sentences in the Government's eleven-page motion—carefully balance the interests of the public in disclosure with the need to protect the privacy interests of witnesses and victims who voluntarily cooperate with the Government, particularly on topics of a sensitive nature. Although the names of relevant persons are anonymized, the redacted information, which includes approximate dates as well as other pertinent details, could nonetheless lead to the identification of victims and witnesses. Further, the redacted information describes the statements of victims to law enforcement about incidents of a highly sensitive nature. The interests in protecting these victims' privacy therefore outweighs any public interest in disclosure. *See Amodeo*, 71 F.3d at 1050.

### III. Conclusion

Accordingly, the Government respectfully requests that the Court accept the proposed redactions in the Government's July 31 Letter.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
Meredith Foster
Emily A. Johnson
Christy Slavik
Madison Reddick Smyser
Mitzi Steiner
Assistant United States Attorneys
(212) 637-2310/-2409/-1113/-2381/-2284