**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Government has justified the redaction of the names and other identifying information for non-testifying witnesses, but otherwise the information from the 3500 material can be filed without redactions.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 15, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully writes in response to the defense's September 10, 2025 letter requesting, among other things, to file certain information from witness statements of non-testifying witnesses on the docket without redaction. (Dkt. No. 501). The parties have since conferred, and the defense has agreed to redact this information pursuant to the protective order in this case. Nonetheless, given the Court's order dated August 7, 2025 (Dkt. No. 492), the Government writes to seek advance authorization for the parties to file such information under seal. For the reasons stated below, the parties' proposed redactions are narrowly tailored and appropriate under the circumstances of this case.

    **I.**    **Background**

    On October 7, 2024, the Court entered a protective order that was agreed to by the parties (the "Protective Order"). (Dkt. No. 26). The Protective Order implemented a tiered system of designations based on, among other things, the risk of privacy or safety to witnesses. Materials that posed the greatest privacy concerns were designated as Attorney's Possession Only or Attorney's Eyes Only. (*Id.* at 2). The Protective Order prohibited nonpublic material from being docketed without redactions. (*Id.* at 3-4). The Protective Order further noted that "[t]he Government's designation of material w[ould] be controlling absent contrary order of the Court." (*Id.* at 5-6).

    On March 21, 2025, pursuant to the Court's order, (*see* Dkt. No. 125), the Government produced to the defense 3500 materials for testifying witnesses on an Attorney's Eyes-Only basis. On that same date, and as a courtesy to the defense, the Government also produced the statements of non-testifying witnesses under the same designation. On April 18, 2025, pursuant to the Court's order, *see id.*, the Government de-designated 3500 materials for testifying witnesses to Attorney's

Possession Only.  The Government maintained the statements of non-testifying witnesses under an Attorney's Eyes-Only designation.[1]

On August 7, 2025, the Court informed the parties that all sentencing related materials should be filed by the parties on the public docket "absent advance authorization to do otherwise." (Dkt. No. 492).  On September 10, 2025, the defense informed the Court that it anticipated referring to witness statements of non-testifying escorts in its sentencing submission and, in light of the Court's August 7 Order, sought the Court's permission to include that information without redaction.  (Dkt. No. 501 at 1).  In making this request, the defense acknowledged that the Protective Order was still in place.  (*Id.* at 2).

## II.    Discussion

As stated above, following the submission of the defense's September 10, 2025 letter, the parties conferred, and the defense has agreed to redact any reference to statements of non-testifying witnesses in its sentencing submission.  The Court should permit these limited redactions.  This limited intrusion on the right of access is significantly counterbalanced by the significant need for privacy of non-testifying witnesses, for the reasons described below.

As the Government has previously articulated, (*see* Dkt. No. 491), the privacy interests of non-testifying third parties are significant.  The interests of the public in disclosure must be carefully balanced with the need to protect the privacy interests of witnesses and victims who voluntarily meet with the Government, particularly on topics of a sensitive nature.  The Second Circuit has held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation."  *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987).

Here, statements of non-testifying witnesses are traditionally considered nonpublic.  *See Amodeo*, 71 F.3d at 1051 ("In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public.").  Indeed, absent certain circumstances, the Government has no obligation to produce statements of non-testifying witnesses to the defense under Title 18, United States Code, Section 3500.  *See* 18 U.S.C. § 3500 (requiring the Government to produce statements only "[a]fter a witness called by the United States has *testified* on direct examination") (emphasis added); *United States v. Shyne,* 617 F.3d 103, 106 (2d Cir. 2010) (concluding that district court's denial of oral motion for production of statements made by non-testifying persons was proper because "[b]y its own terms the Jencks Act applies to a 'witness' who 'has testified on

---

[1] All the statements of non-testifying escort witnesses produced by the Government have thus far remained under an Attorney's Eyes-Only designation, except for two escorts whom the Government initially intended to call as trial witnesses and whose material was de-designated to Attorney's Possession Only along with the remainder of the Government's anticipated witnesses. On September 11, 2025, the Government informed the defense that it would consent to de-designate the remaining statements of non-testifying escorts from Attorney's Eyes Only to Attorney's Possession Only to facilitate the defense's preparation with their client in advance of sentencing.

direct examination.'").  That the Government nevertheless produced these statements as a courtesy to the defense—with the agreement that they would be maintained under the terms of the Protective Order, which prohibits disclosure of nonpublic information—should not change that analysis.

The privacy interests of third parties who did not testify at trial also warrants protection. *In re New York Times Co*., 828 F.2d at 116.  Neither party called these witnesses at trial.  The statements of these witnesses are not part of the trial record, nor are the witness's identities known to the public.  Moreover, the information contained in the statements of these non-testifying witnesses is of a highly sensitive nature.  The witnesses who provided these statements worked as paid escorts.  They provided detailed statements to law enforcement regarding their sexual encounters with the defendant and his sexual partners.  The particular "sensitivity of the information and the subject" of these statements weighs in favor of redaction. *Amodeo*, 71 F.3d at 1050.  In addition, disclosing the statements of non-testifying witnesses to law enforcement would significantly chill cooperation with law enforcement, since it would put all statements of witnesses—including those never called to testify—at risk of being publicly exposed. *See id*. (noting that "[i]f release is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access.").

Finally, the Government is cognizant of the Court's August 7 Order and the Court's expectation that all sentencing submissions should be "filed on the public docket absent advance authorization to do otherwise."  (Dkt. No. 492).  The Government understands the compelling interests in public disclosure of the parties' sentencing submissions. *See United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025).  However, for the reasons stated above, the Government respectfully submits that "targeted redactions" of statements of non-testifying witnesses to law enforcement properly balances the public's right of access with the compelling privacy interests of third-parties, particularly in light of the sensitive nature of these materials and the ongoing law enforcement interests in nondisclosure. *Id*. at 256.  The Government therefore submits that these limited redactions are justified by the specific circumstances of the case and are "narrowly tailored" to serve those interests. *Id*. at 253.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s_____
    Meredith Foster
    Emily A. Johnson
    Christy Slavik
    Madison Reddick Smyser
    Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2310/-2409/-1113/-2381/-2284