# Exhibit 70

Government's Additional Identified Cases

| Caption & Docket | Offense of Conviction | Guidelines | Sentence | Conduct Summary |
|---|---|---|---|---|
| *United States v. Bavaro*, 20-cr-115 (E.D.N.C) | Two counts of 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 31 in CHC IV, 151-188 months | 180 months | The defendant was indicted on multiple counts under 18 U.S.C. § 2421 and 18 U.S.C. § 2422 in connection with six different victims. The sentencing transcript describes multiple instances of physical abuse and coercion used against multiple victims to coerce their continued prostitution, and the defendant was sentenced under Guidelines §2A3.1(a)(2) (criminal sexual abuse) resulting in a base offense level of 30. Dkt.148. |
| *United States v. Benavidez*, 19-cr-337 (E.D.N.C) | 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 34 in CHC III, 188-235 months capped at statutory max of 120 months | 120 months | The defendant acted as a pimp and coerced victims into prostitution through physical violence and drug use, resulting in application of §2A3.1. He specifically targeted victims who were homeless and drug addicted. Dkt.82. |
| *United States v. Castaneda*, 97-cr-38 (D.N. Mar. Is.) | 18 U.S.C. § 2421 | n/a | 12 months | n/a |
| *United States v. Conwell*, 21-cr-364 (D. Colo.) | Two counts of 18 U.S.C. § 2421 | 11(c)(1)(C) agreement stipulated to Guidelines offense level 25 using §2G1.3 | 84 months | The defendant was charged with multiple sex trafficking and Mann Act counts and pleaded to two Mann Act counts. The defendant admitted to serving as a pimp for at least two victims (one a minor whom he was attempting to prostitute). The defendant admitted to conduct amounting to force, fraud, and coercion used against one of the victims, including holding the victim's property, identification, and earnings, and telling her that he had beaten up another girl who had worked for him. He kicked the woman out of her hotel into the freezing cold without shoes because she was not doing what he wanted. The parties reached an 11(c)(1)(C) agreement and stipulated to a total offense level of 25, calculated using Guidelines §2G1.3. The agreement stipulated to an 84-month sentence. Dkt.61, 63, 66, 77. |
| *United States v. Crews*, 19-cr-62 (E.D.N.C.) | 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 31 in CHC III, 135-168 months capped at statutory max of 120 months | 108 months (after resentencing on remand factoring in credit for time served on an original 120-month sentence) | The defendant-pimp prostituted multiple females through backpage.com including a women he bonded out of jail, an 18-year-old, and other women, keeping all the proceeds. The defendant was physically abusive to at least one victim and forced her participation in sex acts, resulting in application of §2A3.1. Dkt.1, 49, 65, 76, 86. |
| *United States v. Davis*, 15-cr-20436 (E.D. Mich.) | 18 U.S.C. § 2421 | Guidelines §2G1.3 applied resulting in offense level 25 in CHC VI, 110-137 months | 96 months | The defendant admitted to helping transport a minor so that the minor could work as a prostitute. The parties' Guidelines worksheet applied §2G1.3. Dkt.52, 54, 59. |
| *United States v. Doolittle*, 17-cr-275 (E.D.N.C.) | 18 U.S.C. § 2421; 18 U.S.C. § 1952 | Guidelines §2A3.1 applied resulting in a range of 168-210 months capped at the statutory max of 120 months | 120 months plus 15 months consecutive on ITAR count | The defendant was charged with sex trafficking and Mann Act offenses and pleaded guilty to the Mann Act and a 18 U.S.C. § 1952 count. The evidence was overwhelming that the defendant beat, threatened, and manipulated his victims to ensure they would keep prostituting for him and making him money, resulting in application of §2A3.1. Dkt.52. |

| Caption & Docket | Offense of Conviction | Guidelines | Sentence | Conduct Summary |
|---|---|---|---|---|
| *United States v. Gaston*, 23-cr-1944 (S.D. Ca.) | Two counts of 18 U.S.C. § 2421 | Guidelines §2G1.1(a)(1) applied resulting in offense level 29 in CHC II, 97-121 months | 108 months | The defendant was charged with sex trafficking and Mann Act counts for prostituting two minor females, and pleaded guilty to two Mann Act counts. Defendant acknowledged he was aware both of his victims were minors, and stipulated to a base level offense of 34 under 2G1.1(a)(1) (sex trafficking). Dkt. 36, 43, 44, 45. |
| *United States v. Gregory*, 15-cr-189 (E.D.N.C.) | 18 U.S.C. § 2421; 18 U.S.C. § 1952 | Guidelines §2A3.1 applied resulting in offense level 27 in CHC II, 78-97 months | 78 months | The defendant was charged with sex trafficking and Mann Act offenses (among other offenses such as possession of a firearm in furtherance of a crime of violence) and pleaded guilty to the Mann Act and a 18 U.S.C. § 1952 count. He prostituted multiple victims and used threats of violence and physical violence to induce their continued participation. Dkt.150. |
| *United States v. Hernandez-Velazquez*, 19-cr-306 (E.D.N.Y.) | 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 28 in CHC I, 78-97 months | Time served (five years) | The defendant was charged with sex trafficking, racketeering, and Mann Act counts and pleaded guilty to a Mann Act violation. She assisted her three brother with their sex trafficking and human trafficking operation through which they smuggled women from Mexico and forced them to work as prostitutes. Dkt.182. |
| *United States v. Hibbler*, 21-cr-191 (W.D. Tex.) | 18 U.S.C. § 2421 | Guidelines offense level 15 in CHC I, 18-24 months; 11(c)(1)(C) agreement stipulated to 60-96 months | 96 months | The defendant was charged with sex trafficking and Mann Act counts and pleaded guilty to a Mann Act violation. The sentencing transcript indicates he sexually and financially abused multiple victims to coerce them to engage in prostitution. Dkt.47, 53. |
| *United States v. Jaimes-Moreno*, 13-cr-694 (N.D. Ill.) | 18 U.S.C. § 2421 | Guidelines §2G1.3 applied resulting in offense level 25 in CHC V, 100-125 months, capped at the statutory max of 120 months | 120 months | For years the defendant raped his girlfriend's minor child, starting from when she was about 11 years' old. Dkt.1, 90, 99, 116. |
| *United States v. Kizer*, 10-cr-20385 (W.D. Tenn.) | 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 40 in CHC IV, 360-life, capped at the statutory max of 120 months | 120 months | The defendant was charged with multiple sex trafficking and Mann Act counts for acting as a pimp for an 18 year old female, and pleaded guilty to the Mann Act. The defendant used the promise of drugs and threats of violence and death to coerce the victim into continuing prostitution. He choked and beat the victim, forced her to take hydrocodone, and raped her, and carried a gun to create a climate of fear. Dkt.68, 70, 83. |

| Caption & Docket | Offense of Conviction | Guidelines | Sentence | Conduct Summary |
|---|---|---|---|---|
| *United States v. Price*, 07-cr-61 (M.D. Pa.) | Two counts of 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 43 in CHC II, 300-life, capped at the statutory max of 120 months (recalculated on remand) | 168 months after resentencing | The defendant participated in a large scale prostitution enterprise and worked as a pimp for three minor victims. He was initially sentenced to 228 months but his sentenced was reduced after remand from the Circuit, which held that the leadership enhancement was improperly applied in calculating his Guidelines range. Dkt.36, 41. |
| *United States v. Spain*, 14-cr-21 (E.D.N.C.) | Two counts of 18 U.S.C. § 2421 | Guidelines §2A3.1 applied resulting in offense level 30 in CHC III, 121-151 months. | 151 months after resentencing | The defendant was convicted at trial of two Mann Act counts for transporting two women for purposes of prostitution. He posted Craiglist ads for the prostitution services and threatened the women with physical violence to coerce their continued participation. The defendant beat the women and threatened one with a taser. Dkt.1, 107, 155. |
| *United States v. Spencer*, 15-cr-45 (E.D.N.C.) | 18 U.S.C. § 2421; 18 U.S.C. § 1952 | Guidelines §2A3.1 applied resulting in offense level 38 in CHC V, 360-life, capped by statutory max of 180 months | 180 months (120 months on Mann Act count) | The defendant was charged with sex trafficking and Mann Act counts and pleaded guilty to a Mann Act and 18 U.S.C. § 1952 violation. He acted as a pimp for a 14-year-old, as well as two young women, and assaulted and threatened the victims. Dkt.70. |
| *United States v. Stokes Jr.*, 23-cr-258 (S.D. Cal.) | 18 U.S.C. § 2421 | Guidelines §2G1.1(a)(1) applied resulting in offense level 31 in CHC I, 108-135 months, capped at statutory max of 120 months | 120 months | The defendant was charged with sex trafficking and Mann Act counts and pleaded guilty to a Mann Act count. The defendant admitted to acting as a pimp for three females including two minors. He used violence and threats of violence to make the victims comply with his demands. The parties stipulated to a sentence between 8 and 10 years. Dkt.55, 67. |
| *United States v. Thompson*, 16-cr-75 (E.D.N.C.) | 18 U.S.C. § 2421; 18 U.S.C. § 1952 | Guidelines offense level 36 in CHC I, 188-235 months, capped by statutory max of 180 months | 180 months (120 months on Mann Act count) | The defendant was charged with sex trafficking and Mann Act counts and pleaded guilty to a Mann Act and 18 U.S.C. § 1952 violation. The defendant recruited multiple women, including at least one homeless woman, through ads of modeling opportunities. The defendant then forced the women into prostitution and filmed his own sexual encounters with them, making money from the prostitution and from selling the videos online. He was repeatedly violent. Dkt.79. |
| *United States v. Brener*, 08-cr-533 (S.D.N.Y) | 18 U.S.C. § 371 Mann Act conspiracy; 18 U.S.C. § 1956 | Guidelines offense level 17 in CHC I, 24-30 months | 30 months | The defendant ran an international escort service known as Emperors Club VIP that arranged dates and organized transportation for prostitutes in major East Coast cities. The defendant made $1 million in profits. The government's sentencing memorandum notes that co-defendants were sentenced to terms of 6 months' imprisonment and a probationary term. Dkt.44, 48. |

| Caption & Docket | Offense of Conviction | Guidelines | Sentence | Conduct Summary |
|---|---|---|---|---|
| *United States v. Sanchez Cerdas*, 19-cr-65 (E.D. VA) | 18 U.S.C. § 1952 | Guidelines offense level 19 in CHC I, 30-37 months | 30 months | The defendant ran a prostitution business flying multiple women (at least five) from Costa Rica to the U.S. for the purpose of engaging in prostitution. When the women arrived the defendant took their passports. The defendant supplied the victims with drugs and occasionally made threats against their families. The government requested but was denied a 4-point coercion enhancement because the evidence of relevant communications demonstrated voluntariness. Dkt.37, 43, 53. |
| *United States v. Jones*, 22-cr-726 (D.S.C.) (Defendant: Brittany Danielle Cromer) | 18 U.S.C. § 1594(c) | PSR recommended 151-188 months | 60 months | The defendant assisted a co-defendant who was charged and convicted of sex trafficking. The defendant helped the co-defendant recruit and supervise his victims. The defendant received cooperation credit through a stipulated plea agreement in which the government agreed to a sentence of 1-6 years' incarceration in liue of a 5K1.1 departure. Dkt.176, 207, 208 |
| *United States v. English*, 11-cr-286 (N.D. Ohio) | 18 U.S.C. § 2422 | Guidelines offense level 14 in CHC I, 15-21 months | 21 months | The defendant recruited an 18-year-old high school student to engage in prostitution and was arrested before any prostitution occurred. The sentencing transcript notes the defendant had plans to prostitute multiple females. The Court rejected a reduction for acceptance of responsibility based on conflicting statements the defendant made to probation. Dkt. 43 |
| *United States v. Jordan*, 21-cr-423 (S.D.N.Y) | 18 U.S.C. § 371 Mann Act conspiracy | Guidelines Offense level 16 in CHC I, 21-27 months | 60 months | The defendant ran an international prostitution ring over a span of 7 years, making at least $1.4 million. The defendant recruited dozens of young vulnerable women to be prostitutes and had over a hundred clients. Three victims reported unwanted sexual advances and other forms of traumatization and abuse by the defendant, including being raped by the defendant after being drugged. The government did not seek application of the fraud/coercion enhancement. The government noted that the defendant was a recidivist and previously served 8 years in a Cuban prison for sex crimes immediately before the instant offense. Dkt. 45, 47. |
| *United States v. Stebick*, 08-cr-206 (W.D.N.Y.) | 18 U.S.C. § 371 Mann Act conspiracy | Guidelines Offense level 9 in CHC I, 4-10 months | Two years' probation | Stebick was a co-defendant of the defendants in *United States v. Trowbridge*, 1:08-cr-00074-WMS (W.D.N.Y), and *United States v. Tills*, 1:08-cr-00242-WMS (W.D.N.Y.). |