

*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

September 30, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Combs*, S3 24 Cr. 542 (AS)

Dear Judge Subramanian:

    The Government respectfully submits this letter regarding victim statements at sentencing. In addition to the victim impact statements submitted by the Government in advance of sentencing, (*see* Dkt. 516, Exs. 1-6), the Government understands that the victim who testified under the pseudonym Mia at trial wishes to be heard at sentencing.

    Under the Crime Victims' Rights Acts, victims of an offense have the right to be heard at court proceedings, which includes sentencing. *See* 18 U.S.C. § 3771(a)(4) ("A crime victim has the . . . right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding"). In addition, the Court is required to consider the factors set forth in Title 18, United States Code, Section 3553(a), which include, among other things, "the history and characteristics of the defendant." Further, pursuant to Title 18, United States Code, Section 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

    The Second Circuit has held that while statutory victims have a right to speak at sentencing, there is no limit on who the district *may* permit to speak at sentencing. *See United States v. Sansone*, No. 23-6193, 2024 WL 5087518, at *1 (2d Cir. Dec. 12, 2024) ("Assuming *arguendo* that Victim-1 does not qualify as a statutory crime victim, the district court did not err in permitting her to speak during the sentencing hearing. While the CVRA provides certain victims with a statutory *right* to speak, it does not impose limits on who the district court *may* allow to speak.") (emphasis in original); *United States v. Smith*, 967 F.3d 198, 215 (2d Cir. 2020) (noting that "even if Smith is correct that KN1 did not qualify as a statutory "victim" of Smith's most recent child pornography offense . . . Congress has not placed arbitrary limits on what information a district court may consider at sentencing."). Accordingly, it is within the discretion of a district court to permit uncharged victims or non-statutory victims of a defendant to speak at a sentencing or to submit a written statement. *See, e.g.*, *United States v. Hadden*, No. 23 Cr. 6822, 2024 WL 4456203, at *5 (2d Cir. Oct. 10, 2024) (affirming district court's consideration of oral and written impact statements from uncharged victims of the defendant and noting that there is "no doubt that

the district court had broad discretion to consider the extensive harm that Hadden caused over many years to numerous uncharged victims, in the context of the sentencing factors listed in 18 U.S.C. § 3553(a)"); *Smith*, 967 F.3d at 215-16 (affirming the district court's consideration of the oral statement of a non-statutory victim at sentencing about "the damaging impact of Smith's abuse on her life" as "relevant to . . . Smith's prior conduct of sexual abuse and also several of the statutory purposes of sentencing—including just punishment, the need for deterrence, and protecting the public from further crimes.").

As noted above, Mia has requested that the Court provide her with the opportunity to be heard at sentencing. Although Mia is not a statutory victim of the defendant's offenses of conviction, she testified at length at trial about her abuse by the defendant during her employment for him from approximately 2009 through 2017. (*See* Tr. 3201-3836). Mia's counsel has informed the Government that if permitted to address the Court, her statement will be approximately five minutes in length. For the foregoing reasons, the Government respectfully requests that the Court grant Mia's request to be heard at sentencing.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: /s
Meredith Foster /
Emily A. Johnson / Christy Slavik /
Madison Reddick Smyser / Mitzi Steiner
Assistant United States Attorneys
(212) 637-2310/-2409/-1113/-2381/-2284

The Government's motion is GRANTED.

The Government cites to *United States v. Sansone*, No. 23-6193, 2024 WL 5087518, at *1 (2d Cir. Dec. 12, 2024), which held as follows:

"While the CVRA provides certain victims with a statutory *right* to speak, it does not impose limits on who the district court may allow to speak. '[D]istrict courts have broad discretion both as to the type of information they may consider in imposing sentence and the source from which that information derives.' *See United States v. Smith*, 967 F.3d 198, 216 (2d Cir. 2020) (quoting *United States v. Messina*, 806 F.3d 55, 65 (2d Cir. 2015)). In passing the CVRA, Congress 'has not placed arbitrary limits on what information a district court may consider at sentencing.' *Id.* at 215. Victim-1's testimony about the damaging effects of Sansone's conduct was relevant to the district court's consideration of the statutory purposes of sentencing and Sansone had a fair opportunity to respond in his remarks to the district court."

In response, the defense cites no authority that would support exclusion of Mia from speaking during the sentencing hearing. Though the defense argues that Mia has been discredited, it doesn't explain why she should be excluded given that the defense will of course be afforded a "fair opportunity to respond" to any remarks that Mia offers. *Id.*

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 519.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 2, 2025