UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br>                *Defendant.* | **Second Addendum to Protective Order**<br><br>**S3 24 Cr. 542 (AS)** |

Upon the joint application of the United States of America and counsel to the defendant, the Court hereby finds and orders as follows with respect to the material covered by the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Protective Order") as amended by the February 20, 2025 addendum to the Protective Order (*see* ECF No. 156) (the "Addendum"):

WHEREAS, on July 2, 2025, the defendant was convicted of Counts Three and Five of the S3 Superseding Indictment after a jury trial,

WHEREAS, on October 3, 2025, the defendant was sentenced on Counts Three and Five,

WHEREAS, the defendant forfeited the physical electronic devices that were seized from the defendant in connection with this case to the Government (the "Defendant's Devices"),

WHEREAS, the defendant received extractions of electronic devices, including the complete forensic imaging of the Defendant's Devices ("Extractions of the Defendant's Devices") as well as partial extractions of devices belonging to third parties (the "Third-Party Devices") in Rule 16 discovery in this case pursuant to the Protective Order,

2023.11.26

WHEREAS, certain of the Defendant's Devices contain content related to the individuals identified as Victim-1 and -2 in the S3 Superseding Indictment, including communications, photos, videos, and other recordings ("Victim Material"),

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  Extractions of the Defendant's Devices and partial extractions of Third-Party Devices produced by the Government to the defense shall continue to be governed by the Protective Order, as amended by the Addendum.

2.  Extractions of the Defendant's Devices, except for any portions containing Victim Material, may be used by the defense for purposes of defending against civil litigation, arbitration, or other private or alternative dispute resolution, thereby modifying Paragraphs 5, 9, and 12 of the Protective Order to permit the use of Disclosure Material (as that term is defined the Protective Order) in any discovery exchanged, and in any hearing or trial held, in any civil action involving the Defendant subject to the conditions set forth herein.[1]  Should portions of the Extractions of the Defendant's Devices containing Victim Material be discoverable in civil litigation, arbitration, or other private or alternative dispute resolution, the parties shall meet and confer in good faith on modifying the Protective Order. The Government may authorize in writing disclosure of Victim Material beyond that permitted by this Order without further order of the Court.

3.  Notwithstanding the modifications of Paragraphs 5, 9, 12 of the Protective Order in Paragraph 2, the defense shall treat the Extractions of Defendant's Devices consistent with the provisions set forth in the Protective Order, including but not limited to Paragraphs 6-8 and 11. Any disclosure of material from the Extractions of the Defendant's Devices contemplated in

---

[1] This agreement does not obligate the Government to make a witness available for the purpose of authenticating the Extractions of the Defendant's Devices in connection with any civil proceeding.

2

Paragraph 2 must be subject to a protective order in such civil action that provides protections for the use of such material in such civil proceeding similar to those protections provided by the Protective Order for the use of the material in the above-captioned case, subject to the rules, procedures, and/or orders of the presiding judge in any such civil proceeding..

4.    Consistent with the Protective Order, including Paragraph 8 and Footnote 2 of the Protective Order, the Extractions of Defendant's Devices shall be designated Attorney's Possession Only.  However, to the extent the Extractions of Defendant's Devices contain Victim Material, that Victim Material shall be designated AEO, and shall be destroyed by defense counsel after the criminal judgment in the above-captioned matter is final as contemplated by Paragraph 12 of the Protective Order.  Any material from the Extractions of Defendant's Devices produced in a civil action as contemplated by Paragraphs 2 and 3, above, must be produced with designations equivalent to the designations above.

5.    Partial extractions of Third-Party Devices continue to be governed by the Protective Order and are not subject to the modifications set forth in Paragraphs 2, 3, and 4, above.

6.    To the extent the defense, including the defendant, obtains the ability to access any cloud accounts that contain Victim Material, the defendant agrees to destroy such Victim Material within 30 days of the entry of this Order.  Defense shall inform the Government once all Victim Material has been destroyed from the defendant's cloud accounts.

3

2023.11.26

**Retention of Jurisdiction**

7. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney


by: _____                Date: ___11/19/25_____
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys


_____                Date: ___11/19/25_____
Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Brian Steel, Esq.
Nicole Westmoreland, Esq.
Counsel for Sean Combs


SO ORDERED:

Dated: New York, New York
       November ___, 2025


_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

2023.11.26