UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Movant,<br><br>    v.<br><br>SEAN COMBS,<br>    Respondent.<br><br>CLAYTON HOWARD<br>    Movant, | Case No. 24-CV-542(AS)<br><br>SUPPORTING MEMORANDUM IN SUPPORT OF MOTION TO COMPEL REGARDING EQUAL VICTIM TREATMENT UNDER 18 U.S.C. § 2421(a) |

SUPPORTING MEMORANDUM

Movant Clayton Howard respectfully submits this Supporting Memorandum demonstrating his equal legal status as a "victim" under federal law alongside Casandra Ventura, based on the Government's explicit positions and calculations in *United States v. Sean Combs*, Case No. 1:24-cr-00542-AS (S.D.N.Y.).

TABLE OF CONTENTS

Page

I. SUMMARY OF ARGUMENT...................................................................................1

II. STATEMENT OF FACTS......................................................................................2

III. LEGAL STANDARD............................................................................................5

IV. ARGUMENT..........................................................................................................6

  A. The Mann Act Contains No Consent Exception........................................6

  B. The Sentencing Guidelines Mandate Equal Treatment.............................8

  C. The Government Explicitly Classified Howard as a Victim...................11

  D. The Government Used Howard to Calculate Combs's Sentence............14

  E. Binding Precedent Requires Equal Treatment.........................................17

  F. Policy Rationales Support Equal Treatment............................................21

V. LEGAL IMPLICATIONS....................................................................................24

VI.   CONCLUSION..................................................................................................26
APPENDIX A: KEY CITATIONS........................................................................................27
APPENDIX B: RELEVANT STATUTORY PROVISIONS................................................28
CERTIFICATE OF SERVICE...............................................................................................29

## I. SUMMARY OF ARGUMENT

In *United States v. Sean Combs*, the Government explicitly stated that Clayton Howard is a "victim" under 18 U.S.C. § 2421(a) and U.S.S.G. § 2G1.1. The Government counted Mr. Howard as one of five victims of Count 3, used his victim status to create a separate sentencing "group," and obtained a five-level sentencing enhancement that significantly increased the defendant's prison sentence.

The Government stated: "all ten of these individuals are considered victims for purposes of the Guidelines" (Dkt. 516 at 69), and "Irrespective of whether the escorts consented... they clearly fall within the definition of 'victim' for purposes of U.S.S.G. § 2G1.1." (Id. at 73).

This equal treatment is mandated by:

   i.   18 U.S.C. § 2421(a) (gender-neutral; no consent exception)
   ii.  U.S.S.G. § 2G1.1, app. note 1 (victim includes those who consented)
   iii. *Stinson v. United States, 508 U.S. 36 (1993)* (Application Notes binding)
   iv.  *Caminetti v. United States, 242 U.S. 470 (1917)* (consent irrelevant)
   v.   *United States v. Booker, 543 U.S. 220 (2005)* (avoid disparities)

Having used Howard's victim status to enhance Combs's sentence, the Government must afford Howard equal victim rights and protections.

## II. STATEMENT OF FACTS

A. The Combs Prosecution

Sean Combs was convicted of two counts of violating 18 U.S.C. § 2421(a) (the Mann Act) after a seven-week trial. The jury convicted him of Counts 3 and 5 (transportation for prostitution) and acquitted him of Counts 1, 2, and 4 (racketeering and sex trafficking).

B. Count 3 Charged Transportation of Multiple Individuals

Count 3 charged Combs with transporting five individuals interstate and internationally for prostitution from 2009-2018:

1. Casandra Ventura (Combs's girlfriend)
2. Clayton Howard, a/k/a "Dave" (male commercial sex worker)
3. Jules Theodore (male commercial sex worker)
4. Julian Sapp, a/k/a "LA Strip" (male commercial sex worker)
5. Unnamed Cowboys 4 Angels escort (male commercial sex worker)

0001

All were transported for "Freak Offs"—orchestrated sexual encounters where Ventura engaged in sexual activity with male escorts while Combs watched, directed, and masturbated. Combs paid male escorts $1,500-$6,000 per encounter.

C. Government's Victim Classification

The Government stated: "Because the defendant transported... Ventura, Jane, and eight escorts... all ten of these individuals are considered victims for purposes of the Guidelines." (Dkt. 516 at 69).

The Government cited U.S.S.G. § 2G1.1, app. note 1, which defines victim as "a person transported... whether or not the person consented to the commercial sex act." (Id. at 68-69).

D. Use in Sentencing

The Government counted Howard as a victim: "Here, there are five victims of Count Three (Ventura; Clayton Howard, a/k/a 'Dave'; Jules Theodore; Julian Sapp; and an unnamed Cowboys 4 Angels escort).... Each of these victims is treated as a separate group." (Id. at 41).

This created:

  i.   10 total groups (5 from Count 3 + 5 from Count 5)
  ii.  +5 levels enhancement under U.S.S.G. § 3D1.4
  iii. Significantly longer sentence for Combs

E. Rejection of Consent Arguments

Combs argued escorts should not be victims because they consented. The Government rejected this: "Irrespective of whether the escorts consented... they clearly fall within the definition of 'victim' for purposes of U.S.S.G. § 2G1.1." (Id. at 73).

## III. LEGAL STANDARD

A. Application Notes Are Binding

Application Notes to the Sentencing Guidelines are "authoritative" and binding unless they violate the Constitution, federal statute, or are plainly erroneous. *Stinson v. United States, 508 U.S. 36, 42-43 (1993)*.

B. Avoid Unwarranted Sentencing Disparities

Courts must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *United States v. Booker, 543 U.S. 220, 252 (2005)*.

C. Consent Irrelevant Under Mann Act

0002

"Nor is it material that the woman may have consented to being transported, or been willing to be so transported." *Caminetti v. United States, 242 U.S. 470, 485-86 (1917)*.

## IV. ARGUMENT

### A. The Mann Act Contains No Consent Exception

18 U.S.C. § 2421(a) prohibits knowingly transporting "any individual" interstate with intent that the individual engage in prostitution. The statute:

   i. Is gender-neutral ("any individual")
   ii. Contains no consent requirement or exception
   iii. Makes no distinction between willing and unwilling participants
   iv. Applies to commercial sex workers

The Supreme Court held consent is irrelevant: "Nor is it material that the woman may have consented to being transported, or been willing to be so transported, or that she may have in fact suggested the going." *Caminetti, 242 U.S. at 485-86*.

Rationale: The Mann Act focuses on the transporter's conduct—not the victim's consent. Congress recognized that (1) "consent" in prostitution contexts is often compromised, and (2) the statute protects public morality by prohibiting interstate facilitation of prostitution.

Application: Howard's consent to travel and engage in commercial sex is legally irrelevant. He was transported interstate for prostitution—satisfying all elements of 18 U.S.C. § 2421(a).

### B. The Sentencing Guidelines Mandate Equal Treatment

#### 1. The Victim Definition

U.S.S.G. § 2G1.1, Application Note 1 provides:

> 'Victim' means a person transported... to engage in... a commercial sex act... whether or not the person consented to the commercial sex act.

The phrase "whether or not the person consented" is dispositive. It means:

   i. Consent is irrelevant to victim status
   ii. Willing participants are victims
   iii. Commercial sex workers who consent are victims
   iv. Courts cannot exclude consenting individuals

#### 2. Binding Nature

0003

In *Stinson v. United States, 508 U.S. 36 (1993)*, the Supreme Court held that Application Notes that "interpret the guideline or explain how it is to be applied" are "authoritative" and binding. Id. at 42-43.

The victim definition:

   i.   Does not violate the Constitution
   ii.  Does not violate federal statute (Mann Act has no consent requirement)
   iii. Is consistent with § 2G1.1
   iv.  Is not plainly erroneous (reflects *Caminetti*)

Therefore, courts must apply this definition and cannot exclude Howard based on consent.

3. Multiple Victim Grouping

§ 2G1.1(d)(1) requires that each victim be treated as a separate count for grouping purposes. More victims = higher enhancement under § 3D1.4:

   i.   2 groups = +1 level
   ii.  5-8 groups = +3 levels
   iii. 9-12 groups = +4 levels
   iv.  13+ groups = +5 levels

In Combs: 10 groups (including Howard) = +5 levels.

C. The Government Explicitly Classified Howard as a Victim

1. Unambiguous Statement

The Government stated: "all ten of these individuals are considered victims for purposes of the Guidelines." (Dkt. 516 at 69). The Government did not say "some are victims" or "only non-consenting persons are victims." It said "ALL."

2. Legal Basis

The Government cited the mandatory definition: "That guideline defines 'victim' as 'a person transported... whether or not the person consented to the commercial sex act.'" (Id. at 68-69).

3. Explicit Rejection of Consent Arguments

Combs argued escorts should not be victims because they consented and were paid. The Government rejected this:

> Irrespective of whether the escorts consented... they clearly fall within the definition of 'victim' for purposes of U.S.S.G. § 2G1.1 (Id. at 73) (emphasis added).

4. Rejection of Commercial Sex Worker Exception

Combs argued escorts cannot be victims because they are commercial sex workers. The Government rejected this: "this argument is a red herring, as the definitions in the Justice Manual have no bearing on whether the individuals... fall within § 2G1.1's definition of the term 'victim.'" (Id. at 74).

D. The Government Used Howard to Calculate Combs's Sentence

1. Explicit Counting

The Government listed Howard by name as Count 3 victim #2: "Here, there are five victims of Count Three (Ventura; Clayton Howard, a/k/a 'Dave'; Jules Theodore; Julian Sapp; and an unnamed Cowboys 4 Angels escort)." (Id. at 41).

2. Enhancement Calculation

   i.   Count 3: 5 groups (including Howard)
   ii.  Count 5: 5 groups
   iii. Total: 10 groups = +5 levels under § 3D1.4

3. Direct Impact on Sentence

Without counting Howard and other escorts:

   i.   Only 2 groups total (Ventura + Jane)
   ii.  +1 level (not +5 levels)
   iii. Difference: 4 additional levels = approximately 32-48 additional months
   iv.  imprisonment

4. Mathematical Equality

   i.  Ventura = 1 victim = 1 group = contributed to +5 enhancement
   ii. Howard = 1 victim = 1 group = contributed to +5 enhancement

Both contributed EQUALLY.

E. Binding Precedent Requires Equal Treatment

1. *Stinson v. United States*, 508 U.S. 36 (1993)

Application Notes that interpret guidelines are authoritative and binding. The victim definition in Application Note 1 must be applied as written—including the "whether or not the person consented" language.

2. *United States v. Booker*, 543 U.S. 220 (2005)

Sentencing must be based on "real conduct" and ensure "similar sentences for... similar crimes in similar ways." Id. at 250, 252.

All persons transported for prostitution constitute "real conduct." If only unwilling victims counted:

    a. Defendant A transports 5 unwilling women = 5 victims = +5 levels
    b. Defendant B transports 5 willing male escorts = 0 victims = no enhancement
    c. Result: Vastly different sentences for identical conduct

This violates Booker's mandate.

3. *Caminetti v. United States, 242 U.S. 470 (1917)*

Consent is "not material" to Mann Act liability. If irrelevant to criminal liability, it must be irrelevant to victim status for sentencing.

4. *United States v. Mi Sun Cho, 713 F.3d 716 (2d Cir. 2013)*

The Second Circuit repeatedly referred to transported prostitutes as "victims" even though they were professional sex workers who voluntarily participated.

5. *United States v. Wernick, 691 F.3d 108 (2d Cir. 2012)*

The relevant conduct standard applies to multiple victim grouping. Courts must count all transported persons as victims.

F. Policy Rationales Support Equal Treatment

1. Congressional Intent

Congress used broad language ("any individual") reflecting intent that the Mann Act apply without exception for consent or commercial sex worker status.

2. Sentencing Guidelines Rationale

The Guidelines deliberately include consenting persons to:

    a. Avoid subjective determinations about "true" consent
    b. Prevent manipulation by defendants claiming consent
    c. Ensure uniform application
    d. Recognize exploitation exists on a spectrum

3. Avoiding Arbitrary Distinctions

Excluding consensual commercial sex workers would require courts to:

    a. Determine subjective levels of consent
    b. Distinguish "true victims" from "willing participants"

    c.   Create arbitrary lines about coercion

    d.   Enable victim-blaming

The Guidelines avoid these problems with a bright-line rule: all transported persons are victims.

## V. LEGAL IMPLICATIONS

Having established Howard's equal victim status for sentencing purposes, the Government must afford Howard equal treatment for all purposes, including:

A. Crime Victims' Rights Act (18 U.S.C. § 3771)

    i.   Right to be reasonably protected from the accused

    ii.   Right to notice of proceedings

    iii.   Right to be heard at sentencing

    iv.   Right to confer with prosecutor

    v.   Right to restitution

B. Federal Victim Protections

    i.   Protection from harassment

    ii.   Confidentiality protections

    iii.   Victim assistance and services

C. Standing and Participation

    i.   Standing to seek enforcement of victim rights

    ii.   Right to participate in proceedings

    iii.   Right to object to violations of victim rights

The Government cannot use Howard to enhance Combs's sentence while denying Howard equal victim rights and protections.

## VI. CONCLUSION

The Government explicitly classified Clayton Howard as a "victim" under federal law, counted him as a victim to enhance Sean Combs's sentence, and rejected arguments that consent or commercial sex worker status affects victim classification.

This equal treatment is mandated by statute, Guidelines, and binding precedent. Any rights afforded to Casandra Ventura as a "victim" must be equally afforded to Clayton Howard.

WHEREFORE, Clayton Howard respectfully requests that this Court grant the relief sought in the Motion to Compel.

Respectfully submitted,

*Clayton Howard*

Clayton Howard
Movant
245 Mill Rd
4A
Staten Island, New York 10306
(929)781-7791
Itsclaytonhoward@gmail.com

Dated: December 7, 2025

# APPENDIX A

# KEY CITATIONS

FEDERAL STATUTES:

18 U.S.C. § 2421(a) - Mann Act

18 U.S.C. § 3553(a) - Sentencing Factors

18 U.S.C. § 3771 - Crime Victims' Rights Act

SENTENCING GUIDELINES:

U.S.S.G. § 2G1.1 - Mann Act Guideline

U.S.S.G. § 2G1.1, app. note 1 - Definition of "Victim"

U.S.S.G. § 2G1.1(d)(1) - Multiple Victim Grouping

U.S.S.G. § 3D1.4 - Multiple Count Adjustment

CASES:

*Stinson v. United States*, 508 U.S. 36 (1993)

*United States v. Booker*, 543 U.S. 220 (2005)

*Caminetti v. United States*, 242 U.S. 470 (1917)

*United States v. Mi Sun Cho*, 713 F.3d 716 (2d Cir. 2013)

*United States v. Wernick*, 691 F.3d 108 (2d Cir. 2012)

SOURCE DOCUMENT:

*United States v. Sean Combs, Case No*. 1:24-cr-00542-AS (S.D.N.Y.) Government's Sentencing Memorandum (Dkt. 516, Sept. 30, 2025)

0008

APPENDIX B

RELEVANT STATUTORY PROVISIONS

18 U.S.C. § 2421(a):

"Whoever knowingly transports any individual in interstate or foreign commerce... with intent that such individual engage in prostitution... shall be fined under this title or imprisoned not more than 10 years, or both."

U.S.S.G. § 2G1.1, Application Note 1:

"'Victim' means a person transported... to engage in... a commercial sex act... whether or not the person consented to the commercial sex act."

U.S.S.G. § 2G1.1(d)(1):

"If the offense involved more than one victim, Chapter Three, Part D (Multiple Counts) shall be applied as if... each victim had been contained in a separate count of conviction."

CERTIFICATE OF SERVICE

I certify that on December 9, 2025, I served a copy of this document on all counsel of record via ECF.

*Clayton Howard*
Clayton Howard

0009