# Exhibit F

Clayton Howard written request for Victim Verification



Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929)781-7791
Itsclaytonhoward@gmail.com

October 18, 2025

United States Attorney's Office
Southern District of New York
Victim-Witness Coordinator
One St. Andrew's Plaza
New York, NY 10007

**Re: Request for Victim Status Verification and All Victim-Related Materials Pursuant to Federal Crime Victims' Rights; Request for Assistance with Backpage Remission Program Eligibility**
**Case: United States v. Combs, 24-cr-542 (AS)**

To Whom it may concern:

I am writing to formally request victim status verification documentation and all available victim-related materials in connection with the above-referenced criminal case for use in pending civil litigation. This request is made pursuant to my rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771 ("CVRA"), and the services guaranteed under the Victims' Rights and Restitution Act of 1990, 34 U.S.C. § 20141(c) ("VRRA"). Additionally, I am requesting the U.S. Attorney's Office's assistance in establishing my eligibility for compensation under the Department of Justice Backpage Remission Program announced on July 31, 2025.

## I. BACKGROUND AND COOPERATION WITH PROSECUTION

I served as a prosecution witness in United States v. Combs from December 2023 through May 2, 2025. During this period, I provided substantial cooperation to the U.S. Attorney's Office, including flight boarding passes, ticket receipts, hotel photographs, detailed dates, times, and locations of encounters, and testimony that aided in building the prosecution's case against the defendant.

## II. CONFIRMED VICTIM STATUS UNDER FEDERAL LAW

The U.S. Attorney's Office confirmed my status as a victim of sex trafficking involving defendants Sean Combs and Cassandra Ventura. I was trafficked from New York City to Los Angeles and from New York City to Miami. Under 18 U.S.C. § 3771(e), I meet the statutory definition of a "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense."

This victim status was confirmed by the U.S. Attorney's Office prior to the criminal prosecution and was referenced during trial proceedings, including testimony given under oath by Ms. Ventura. I include a copy of a conversation regarding my confirmed status as a victim through

the assigned counsel provided to me, Ross Kramer, Esq, and the Sentencing Memorandum of the U.S. Attorney, where I am listed as a victim of Count 3, conveniently after Ms. Ventura, despite my allegations to the U.S. Attorney, which they could never disprove.

## III. FEDERAL CRIME VICTIMS' RIGHTS SUPPORTING THIS REQUEST

As a confirmed crime victim under federal law, I possess specific rights that directly support this request for documentation and materials. The Crime Victims' Rights Act, 18 U.S.C. § 3771, guarantees me the following rights relevant to this request:

### A. Right to Reasonable, Accurate, and Timely Notice

Under 18 U.S.C. § 3771(a)(2), I have "the right to reasonable, accurate, and timely notice of any public court proceeding" involving the crime. This right necessarily encompasses access to documentation of my victim status and participation in the proceedings, as such information is essential to understanding the nature and scope of court actions affecting me.

### B. Right to Confer with Government Counsel

Under 18 U.S.C. § 3771(a)(5), I have "the reasonable right to confer with the attorney for the Government in the case." Effective conferral requires access to materials documenting my role as a victim and witness, as these form the factual basis for meaningful consultation regarding my interests in the case and its outcomes.

### C. Right to Full and Timely Restitution

Under 18 U.S.C. § 3771(a)(6), I have "the right to full and timely restitution as provided in law." Access to all restitution-related documentation concerning me as a victim is essential to enforcing this right and pursuing civil remedies for the harms I suffered. The requested materials will support my pursuit of full compensation for the injuries caused by the defendants' criminal conduct.

### D. Right to Be Treated with Fairness and Respect

Under 18 U.S.C. § 3771(a)(8), I have "the right to be treated with fairness and with respect for the victim's dignity and privacy." Providing me with documentation of my victim status and the materials I contributed to the prosecution respects my dignity by acknowledging my role and enabling me to pursue justice through all available legal avenues, including civil litigation.

## IV. VICTIM SERVICES UNDER THE VRRA SUPPORTING THIS REQUEST

The Victims' Rights and Restitution Act of 1990, 34 U.S.C. § 20141(c), mandates that responsible officials provide specific services to crime victims. The following provisions directly support my request for materials and documentation:

### A. Information Regarding Relief and Restitution

Under 34 U.S.C. § 20141(c)(1)(B), responsible officials must "inform a victim of any restitution or other relief to which the victim may be entitled under this or any other law and the manner in which such relief may be obtained." This provision expressly requires the government to facilitate my pursuit of legal relief, including civil remedies. The requested documentation is essential to pursuing such relief in civil court.

## B. Status Updates During Investigation and Prosecution

Under 34 U.S.C. § 20141(c)(3)(A), responsible officials must provide victims with "the earliest possible notice of the status of the investigation of the crime, to the extent it is appropriate to inform the victim and to the extent that it will not interfere with the investigation." As the criminal investigation and prosecution have concluded, there are no interference concerns, and I am entitled to comprehensive information about the case and my role in it.

## C. Return of Victim Property and Materials

Under 34 U.S.C. § 20141(c)(6), responsible officials must "ensure that any property of a victim that is being held for evidentiary purposes be maintained in good condition and returned to the victim as soon as it is no longer needed for evidentiary purposes." This provision supports the return of all materials I provided to the prosecution, including statements, evidence, and documentation, which are my property and are no longer needed for completed criminal proceedings.

# V. REQUEST FOR ASSISTANCE WITH BACKPAGE REMISSION PROGRAM ELIGIBILITY

## A. Overview of the Backpage Remission Program

On July 31, 2025, the Department of Justice announced the launch of the Backpage Remission Program, which represents the largest federal victim compensation effort for human trafficking survivors in U.S. history. Following the April 2018 federal seizure of Backpage.com and the subsequent conviction and sentencing of its founders and executives for conspiring to facilitate unlawful commercial sex and money laundering, the DOJ forfeited over $200 million in assets traceable to Backpage's illegal profits. These forfeited assets are now being distributed to compensate victims whose sex trafficking was facilitated through advertisements posted on Backpage.com between January 1, 2004, and April 6, 2018.

The remission process is overseen by the DOJ's Money Laundering and Asset Recovery Section (MLARS), which has successfully returned over $12 billion in forfeited assets to crime victims since 2000. Epiq Global Inc. has been retained as the Remission Administrator. The petition deadline is February 2, 2026, and there are no fees to file a petition. Information and petition forms are available at backpageremission.com or by calling 1-888-859-9206 (toll-free) or 1-971-316-5053 (international).

## B. Eligibility Criteria and Causation Requirement

According to the DOJ's announcement and the program guidelines, victims are eligible for compensation if their sex trafficking was facilitated through advertisements posted on Backpage.com during the covered period and they incurred financial losses related to their trafficking. The eligibility requirement is based on causation—specifically, whether the victim's trafficking can be traced to content posted on Backpage.com.

Eligible losses may include medical expenses, lost income, trauma-related treatment costs, and other documented financial harms resulting from the trafficking facilitated by Backpage.com. The program recognizes that victims, their legal representatives, and estates of deceased victims may file petitions on behalf of those who suffered harm.

## C. My Eligibility Based on Trial Testimony and Backpage Advertisements

During the trial of United States v. Combs, defendant Cassandra Ventura testified under oath before the Southern District of New York that she located and recruited me for sex trafficking through advertisements containing my photographs that were posted on Backpage.com. This sworn testimony establishes the direct causal link between Backpage.com's platform and my sex trafficking victimization at the hands of defendants Sean Combs and Cassandra Ventura.

Ms. Ventura's testimony confirms that Backpage.com was the instrumentality through which she identified me as a potential trafficking victim and initiated contact that led directly to my interstate trafficking from New York City to Los Angeles and Miami. Without the Backpage.com advertisements, the trafficking conspiracy that victimized me would not have occurred in the manner that it did. This establishes the requisite causation under the Backpage Remission Program: my sex trafficking was facilitated through content posted on Backpage.com.

As a confirmed victim of sex trafficking in the Combs prosecution, and as someone whose trafficking was directly facilitated by Backpage.com advertisements as established through sworn testimony, I meet the eligibility criteria for the Backpage Remission Program. I have incurred substantial financial losses related to my trafficking, including medical expenses, lost income, costs for trauma therapy and mental health treatment, and other documented harms resulting from the trafficking that was facilitated through Backpage.com.

## D. Legal Authority Supporting Dual Victim Status

Federal law recognizes that a single victim may be entitled to multiple forms of restitution and compensation from different sources based on the same underlying criminal conduct. Under 18 U.S.C. § 3771(a)(6), I have "the right to full and timely restitution as provided in law." This right encompasses not only restitution ordered against the direct perpetrators of my trafficking (Combs and Ventura), but also compensation from forfeited assets of entities that facilitated that trafficking (Backpage.com).

The Backpage Remission Program is administered under the DOJ's Asset Forfeiture Program, which operates independently from direct restitution orders. The purpose of asset forfeiture victim compensation is to ensure that profits derived from criminal conduct are returned to those harmed by that conduct. Because Backpage.com profited from facilitating my trafficking through its advertising platform, and because those profits have been forfeited to the government, I am entitled to compensation from those forfeited assets as a victim whose trafficking was facilitated by Backpage.com.

My eligibility for the Backpage Remission Program does not diminish or replace any claims I may have against Sean Combs and Cassandra Ventura in civil litigation. Rather, it represents an additional avenue of compensation mandated by federal law to ensure that victims receive full restitution for all harms suffered, particularly when multiple entities profited from or facilitated the criminal conduct.

## E. Request for U.S. Attorney's Office Assistance

Pursuant to 34 U.S.C. § 20141(c)(1)(B), which requires responsible officials to "inform a victim of any restitution or other relief to which the victim may be entitled under this or any other law and the manner in which such relief may be obtained," I respectfully request the U.S. Attorney's Office's assistance in the following matters related to the Backpage Remission Program:

1. Provide a formal letter or certification confirming that Cassandra Ventura testified under oath during the trial of United States v. Combs that she located and contacted me through advertisements containing my photographs posted on Backpage.com;
2. Provide copies of relevant trial transcripts, exhibits, or testimony excerpts that document Ms. Ventura's sworn statements regarding her use of Backpage.com to identify and recruit me for sex trafficking;
3. Provide any evidence, records, or documentation in the case file that corroborates the connection between Backpage.com advertisements and my trafficking victimization;
4. Provide a letter confirming my status as a victim of sex trafficking in United States v. Combs, which can be submitted to support my Backpage Remission Program petition;
5. Provide information about the U.S. Attorney's Office's coordination with the DOJ's Money Laundering and Asset Recovery Section regarding victims in the Combs case who may also be eligible for Backpage remission;
6. Assist in identifying and documenting the financial losses I incurred as a result of the trafficking, to the extent such information is available in the case file.

## F. Time-Sensitive Nature of Request

The February 2, 2026 deadline for filing Backpage Remission Program petitions creates urgency for this request. I require the documentation and assistance described above to prepare and submit a complete petition that establishes my eligibility and quantifies my losses. Given that the trial testimony establishing the Backpage.com connection is contained in records held by the U.S. Attorney's Office, your assistance is essential to ensuring I can exercise my rights under the remission program before the deadline expires.

Under 34 U.S.C. § 20141(c)(1)(B), the government has a statutory duty to inform victims of relief available under "any other law" and to assist in obtaining that relief. The Backpage Remission Program constitutes such relief, and I respectfully request the U.S. Attorney's Office fulfill this duty by providing the requested assistance promptly to enable me to meet the February 2, 2026 deadline.

# VI. SPECIFIC REQUESTS FOR VICTIM STATUS VERIFICATION

Pursuant to my rights under the CVRA and the services mandated by the VRRA, I respectfully request:

- A formal letter confirming my victim status in United States v. Combs, 24-cr-542 (AS), specifically identifying me as a victim of sex trafficking under federal law;
- Documentation verifying my role as a prosecution witness and the nature of my cooperation with the U.S. Attorney's Office;
- Any records, memoranda, or official communications confirming the U.S. Attorney's Office's determination that I was a victim of sex trafficking by defendants Sean Combs and Cassandra Ventura.

# VII. REQUEST FOR ALL VICTIM-RELATED MATERIALS

Additionally, pursuant to 34 U.S.C. § 20141(c)(1)(B) and 18 U.S.C. § 3771(a)(6), which guarantee my right to pursue restitution and other relief, I request all materials related to my participation as a victim and witness, including but not limited to:

- All interview transcripts, recordings, or summaries of my statements to law enforcement;

- All correspondence between my counsel (Ross Kramer, Esq.) and prosecutors regarding this case;
- All victim impact materials I provided or that reference me;
- All restitution-related documentation concerning me as a victim;
- All victim notification letters or communications sent to me pursuant to CVRA requirements;
- All reports, memoranda, or documents that reference my victim status or witness testimony;
- Copies of all evidence I provided to the prosecution, including flight boarding passes, ticket receipts, hotel photographs, and documentation of dates, times, and locations;
- All trial transcripts, testimony excerpts, and exhibits related to Cassandra Ventura's testimony regarding Backpage.com and my trafficking;
- Any other materials in the case file that relate to me as a victim or witness.

## VIII. PURPOSE AND LEGAL JUSTIFICATION FOR CIVIL LITIGATION

This documentation is critically needed for pending civil litigation where I am pursuing claims related to the same conduct that formed the basis of the criminal prosecution. The VRRA expressly requires the government to inform victims of "any restitution or other relief to which the victim may be entitled under this or any other law and the manner in which such relief may be obtained." 34 U.S.C. § 20141(c)(1)(B) (emphasis added). This provision contemplates and supports victims' pursuit of civil remedies beyond criminal proceedings.

The information I provided to the U.S. Attorney's Office has not been disproven and is essential to supporting my pursuit of justice through the civil courts. As a confirmed victim of the crimes prosecuted in this case, I require comprehensive documentation to establish the factual foundation for my civil claims against defendants Sean Combs and Cassandra Ventura.

The CVRA's guarantee of "the right to be treated with fairness and with respect for the victim's dignity and privacy" (18 U.S.C. § 3771(a)(8)) and "the right to full and timely restitution" (18 U.S.C. § 3771(a)(6)) necessarily encompasses assistance in pursuing civil remedies when criminal restitution is insufficient or unavailable. Providing the requested materials honors these statutory guarantees and enables me to seek full compensation for the substantial harms I suffered.

## IX. RECOGNITION OF CONFIDENTIALITY AND DISCLOSURE LIMITATIONS

I understand that certain materials may be subject to confidentiality restrictions, grand jury secrecy rules pursuant to Federal Rule of Criminal Procedure 6(e), or ongoing investigative concerns. I respectfully request all materials that can be properly disclosed for civil litigation purposes under applicable law, including:

- Materials not subject to grand jury secrecy rules;
- Materials that have been introduced as evidence in public court proceedings;
- Materials I personally provided to the government;
- Materials disclosable under the Crime Victims' Rights Act and the Victims' Rights and Restitution Act.

If any requested materials cannot be provided, please specify the legal basis for withholding such materials and whether there are alternative procedures for obtaining them, including procedures under 18 U.S.C. § 3771(d) for asserting victims' rights.

## X. RIGHT TO ASSERT CVRA PROTECTIONS

Under 18 U.S.C. § 3771(d)(1), "[i]n any court proceeding involving an offense against a crime victim, the court shall ensure that the crime victim is afforded the rights described in subsection (a)." If the U.S. Attorney's Office believes that any of my CVRA rights are not applicable to this request, I respectfully assert my right to seek a ruling from the district court pursuant to 18 U.S.C. § 3771(d)(3), which provides that "[a] victim may assert the rights described in subsection (a)." I hope such action will not be necessary and that this matter can be resolved cooperatively.

## XI. CONCLUSION

As a confirmed victim of federal sex trafficking crimes whose victimization was facilitated through Backpage.com as established by sworn trial testimony, I am entitled under both the Crime Victims' Rights Act and the Victims' Rights and Restitution Act to the documentation and materials requested herein. These materials are essential to my pursuit of justice and full compensation through civil proceedings against the defendants who harmed me, as well as my petition for compensation under the Department of Justice Backpage Remission Program.

Thank you for your consideration of this request. Please contact me if you require any additional information, clarification, or verification of my identity. Given the February 2, 2026 deadline for the Backpage Remission Program, I respectfully request a response within thirty (30) days of receipt of this letter.

Respectfully submitted,

*Clayton Howard*

Clayton Howard
itsclaytonhoward@gmail.com
(929)781-7791

Clayton Howard

24 Orchard Street
Carteret, New Jersey 07008
(929) 202-3895
itsclaytonhoward@gmail.com

November 19, 2025

U.S. Attorney's Office
Southern District of New York
Attn: Victim/Witness Assistance Unit
One St. Andrew's Plaza
New York, New York 10007

**Re: United States v. Sean Combs**
     Case No. 24 Cr. 542 (AS)
     Request for Victim Status Verification and Victim Impact Statement
     Victim: Clayton Howard (Named in Count 3)

Dear Victim/Witness Coordinator:

I. INTRODUCTION AND PURPOSE

I am writing as a follow-up to my previous correspondence (See Attached: Email to USA Emily
Johnson et al, dated October 23, 2025. Sent to Emily Johnson, Madison Smyser, Mitzi Steiner,
Meredith Foster, and Mary Slavik) regarding my status as a named victim in Count 3 of the
Indictment in United States v. Sean Combs (See first request for Assitance). Despite my prior
outreach, I have not received a substantive response acknowledging my victim status, providing
me with information about my rights under federal law, or affording me the opportunity to
submit a victim impact statement.

This letter serves as a formal request for:

1. Written verification of my status as a crime victim under 18 U.S.C. § 3771;
2. Full notification of all proceedings in this matter pursuant to my statutory rights;
3. All other rights afforded to crime victims under federal law.

II. FACTUAL BASIS FOR VICTIM STATUS

I am specifically named as a victim in Count 3 of the Indictment against Sean Combs. The
conduct alleged in Count 3 directly victimized me and caused me substantial physical,
emotional, and financial harm. As a cooperating witness in this prosecution, I have provided

information and evidence to federal investigators regarding the criminal conduct of the defendant.

My experiences as a victim of Sean Combs' criminal enterprise are documented in my memoir, "Cassie: Victim or Coconspirator?", which details the systematic abuse, intimidation, and harm I suffered. I have cooperated fully with federal authorities and stand ready to continue my cooperation throughout this prosecution.

## III. LEGAL BASIS FOR RIGHTS

### A. Crime Victims' Rights Act (18 U.S.C. § 3771)

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, provides comprehensive rights to victims of federal crimes. Section 3771(a) establishes that "[a] crime victim has the following rights":

1. The right to be reasonably protected from the accused (18 U.S.C. § 3771(a)(1));

2. The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused (18 U.S.C. § 3771(a)(2));

3. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding (18 U.S.C. § 3771(a)(3));

4. The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding (18 U.S.C. § 3771(a)(4));

5. The reasonable right to confer with the attorney for the Government in the case (18 U.S.C. § 3771(a)(5));

6. The right to full and timely restitution as provided in law (18 U.S.C. § 3771(a)(6));

7. The right to proceedings free from unreasonable delay (18 U.S.C. § 3771(a)(7));

8. The right to be treated with fairness and with respect for the victim's dignity and privacy (18 U.S.C. § 3771(a)(8)); and

9. The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement (18 U.S.C. § 3771(a)(9)).

The CVRA further provides that "[t]he crime victim or the crime victim's lawful representative, and the attorney for the Government may assert the rights described in subsection (a)" and that "[a] person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C. § 3771(d)(1)-(2).

B. Definition of "Crime Victim"

Under 18 U.S.C. § 3771(e), a "crime victim" is "a person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia."

I meet this definition because:

1. I am specifically named as a victim in Count 3 of the Indictment;
2. I was directly harmed by the defendant's criminal conduct;
3. The harm I suffered was proximately caused by federal offenses charged in the Indictment;
4. I have provided information and evidence to federal investigators; and
5. I am prepared to cooperate further in the prosecution of this matter.

C. Justice for All Act (18 U.S.C. § 3771 Note)

The Justice for All Act of 2004, Pub. L. No. 108-405, § 102, 118 Stat. 2260, 2261 (2004), establishes that crime victims' rights are to be liberally construed and enforced. The legislative history makes clear that Congress intended victims to have a meaningful role in the criminal justice process and that their rights should be afforded substantial weight.

D. Attorney General Guidelines for Victim and Witness Assistance

The Attorney General's Guidelines for Victim and Witness Assistance, 2011 Edition (updated May 2012), provide detailed procedures for implementing victims' rights, including:

1. Notification of victims about case status and proceedings;
2. Opportunity for victims to provide input at critical stages;
3. Consultation with victims regarding plea agreements;
4. Victim impact statements at sentencing; and
5. Information about restitution and other remedies.

E. Federal Rules of Criminal Procedure

Federal Rule of Criminal Procedure 32(i)(4) specifically provides for victim allocution at sentencing: "Before imposing sentence, the court must...address the victim personally if the victim is present at the sentencing hearing and determine if the victim wishes to make a statement or present any information about the sentence."

IV. SPECIFIC REQUESTS

Based on my statutory rights under federal law, I respectfully request the following:

A. Verification of Victim Status

Please provide written verification that I am recognized as a crime victim under 18 U.S.C. § 3771 in United States v. Sean Combs. This verification should specify:

1. That I am named as a victim in Count 3 of the Indictment;
2. That I am entitled to all rights under the Crime Victims' Rights Act;
3. The name and contact information of the designated Victim/Witness Coordinator for this case; and
4. Procedures for asserting my rights throughout the prosecution.

B. Notice of Proceedings

Pursuant to 18 U.S.C. § 3771(a)(2), I request reasonable, accurate, and timely notice of:

1. Any changes in custody status of the defendant, including release or bail conditions;
2. The final disposition of the case.

Please provide this notice by email to itsclavtonhoward@gmail.com and by U.S. Mail to my address above.

C. Right to Be Reasonably Heard - Victim Impact Statement

Pursuant to 18 U.S.C. § 3771(a)(4) and Fed. R. Crim. P. 32(i)(4), I request the opportunity to be reasonably heard at sentencing through:

1. A written victim impact statement to be filed with the Court and considered by the sentencing judge;
2. The opportunity to make an oral statement at the sentencing hearing if I choose to do so; and
3. Advance notice of the sentencing date with sufficient time to prepare my statement.

Please provide me with:

1. Guidelines or instructions for preparing a victim impact statement;
2. Any forms or templates used by the U.S. Attorney's Office;
3. The deadline for submitting my written statement;
4. Information about the procedure for oral allocution at sentencing; and
5. The name of the Assistant U.S. Attorney who will be handling victim allocution.

D. Consultation Regarding Plea Agreement

Pursuant to 18 U.S.C. § 3771(a)(9), I had the right to be informed in a timely manner of any plea bargain or deferred prosecution agreement. I request:

1. Advance notice of any plea negotiations;
2. The opportunity to provide input before any plea agreement is finalized;
3. Information about the terms of any proposed plea agreement;
4. The opportunity to confer with the attorney for the Government regarding my views on the plea agreement; and
5. Notice of any hearing at which a plea agreement will be presented to the Court.

I would have been strongly opposed to any plea agreement that did not include:

1. A significant term of imprisonment commensurate with the serious nature of the offenses;
2. Full restitution to all victims;
3. A requirement that the defendant admit to the specific conduct that victimized me; and
4. Protections against future contact or harassment by the defendant or his associates.

However, I was not considered with regard to sentencing nor have I been contacted. Only my story used to validate Mrs. Ventura despite having been victimized by her.

E. Right to Confer with Government Counsel

Pursuant to 18 U.S.C. § 3771(a)(5), I request the opportunity to confer with the Assistant U.S. Attorney assigned to this case. I would like to discuss:

1. My cooperation in the investigation and prosecution;
2. My concerns about safety and protection from the defendant;
3. The impact of the defendant's conduct on my life;
4. Restitution for the harm I suffered.

Please provide me with the name and contact information of the lead prosecutor and schedule a time for us to confer.

F. Restitution

Pursuant to 18 U.S.C. § 3771(a)(6), I have the right to full and timely restitution as provided in law. I request information about:

1. The procedure for claiming restitution under 18 U.S.C. § 3663 et seq.;
2. The types of losses for which I may seek restitution;
3. Documentation required to support my restitution claim;
4. The deadline for submitting restitution information; and
5. The process for enforcing any restitution order.

My losses as a result of the defendant's criminal conduct include:

1. Economic losses (lost wages, business opportunities, property);
2. Medical and mental health treatment expenses;
3. Security expenses to protect myself from the defendant;
4. Legal fees incurred as a result of the defendant's conduct; and
5. Other out-of-pocket expenses.

I am prepared to provide detailed documentation of these losses.

G. Protection from the Accused

Pursuant to 18 U.S.C. § 3771(a)(1), I have the right to be reasonably protected from the accused. I request:

1. Information about the defendant's current custody status;
2. Notice of any release or change in bail conditions;
3. Appropriate conditions of release or bail that protect me from contact or harassment;
4. Information about available protective measures.

I have ongoing concerns about my safety given:

1. The defendant's substantial financial resources and ability to intimidate witnesses;
2. The defendant's history of using his influence to harm those who oppose him;
3. Threats and harassment I have received from the defendant's associates; and
4. The defendant's demonstrated willingness to abuse process and manipulate the legal system.

## V. SUPPORTING DOCUMENTATION

In support of this request, I can provide:

1. Documentation by the U.S. Attorney's Office. USA v Sean Combs Docket #516 pg 41 Count 3, Victim 2

Please advise if you require any of these materials.

## VI. ENFORCEMENT OF RIGHTS

I am aware that under 18 U.S.C. § 3771(d)(3), I have the right to seek enforcement of my statutory rights through a motion to the district court. While I hope that will not be necessary, I am prepared to assert my rights through all available legal mechanisms if my requests are not honored.

The statute provides that "[t]he district court shall take up and decide any motion asserting a victim's right forthwith. If the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus." 18 U.S.C. § 3771(d)(3). I trust that the U.S. Attorney's Office will honor my statutory rights without requiring court intervention.

## VII. URGENCY

Given that this prosecution is over, and I was denied the right to participate in hearings, and ultimately sentencing, it is critical that my rights be recognized and honored now. Any delay in responding to this request will prejudice my ability to meaningfully exercise my civil remedies and statutory rights.

I note that 18 U.S.C. § 3771(a)(7) provides victims with "[t]he right to proceedings free from unreasonable delay." The failure to respond to my previous correspondence and the lack of any

communication from the Victim/Witness Unit constitutes unreasonable delay in affording me my rights.

I only ask the assistance of your office in obtaining justice against the defendants that I am entitled too. I told the truth, a truth that remains unchallenged months later. I only seek some form of justice against defendants who hide for years using their power and resources. I suffer from this traumatic situation that has left lasting effects on both my physical and emotional well-being.

## VIII. CONTACT INFORMATION

Please direct all correspondence and notifications to:

Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
Email: itsclaytonhoward@gmail.com
Phone: (929) 202-3895

I prefer email communication for routine notifications and updates, but request that significant notices (such as hearing dates, plea agreements, and sentencing information) be provided by both email and U.S. Mail.

## IX. REQUEST FOR RESPONSE

I respectfully request a written response to this letter within 14 days of receipt addressing each of the specific requests set forth above. Please provide:

1. Verification of my victim status;
2. Contact information for the assigned Victim/Witness Coordinator;
3. Contact information for the lead prosecutor;
4. Schedule for consultation with government counsel;
5. Procedures and deadlines for victim impact statement submission (Probably no longer applicable);
6. Information about notification procedures for future proceedings;
7. Information about restitution claim procedures; and
8. Any other information relevant to my rights under federal law.

If there is any reason why my requests cannot be granted, please provide a detailed written explanation citing the specific legal basis for denial.

I do not expect that to be, as everything I provided was used by prosecutors during the prosecution of Mr. Combs. Everything except statements against Ms. Ventura, which were truthful but contradicted her claimed status as "Victim 1" and the "Star" or the show. Forgive the

irony as Ms. Ventura introduced herself to me under false pretenses as "Jackie Star" all those years ago.

## X. CONCLUSION

As a named victim in Count 3 of the Indictment against Sean Combs, I have endured substantial harm as a result of the defendant's criminal conduct. I have cooperated fully with federal authorities in their investigation and prosecution of this matter, and I am committed to continuing that cooperation.

I am entitled under federal law to be treated with fairness and respect, to be informed about proceedings, to be heard at critical stages of the case, and to receive restitution for my losses. These are not mere courtesies – they are statutory rights that Congress has mandated must be afforded to crime victims. I have received none of these rights. I have been ignored because I told the truth regarding a woman who defense testimony exposed to be fabricating truths. I am passing no judgement, but I too deserve respect. Especially if a witness and victim caught being untruthful still receives the respect of a victim on the back of trauma they imposed upon me.

Casandra Ventura manipulated me, not Sean Combs. Mr. Combs was most certainly involved, and his money and "romance pimping" tactics with women caused harm to those woman they will have to address for the remainder of their lives. So did the domestic violence they experienced at the hands of a toxic, abusive, drug-addicted partner. But these women were not innocent. Both made conscious decisions to engage in these encounters to please their man, and to sexually satisfy themselves. Like Mr. Combs, both Casandra and Jane were aware of the totality of events. The only parties who were not were the men those women manipulated and coerced into continued sexual contact. I was one of those men, and I would have never slept with Casandra Ventura had I known the depth of her activities. She Coerced me, she manipulated me, and manipulation and coercion vitiates consent.

I trust that the U.S. Attorney's Office will honor these rights and respond promptly and substantively to this correspondence. I look forward to working cooperatively with your office to ensure that justice is achieved in this matter. I work with both Mrs. Comey and Mrs. Johnson, who were great during the prosecution and the investigation, treating me with consideration and respect. I ask that same treatment despite a failure that is not my doing.

Thank you for your attention to this important matter.

Respectfully submitted,

*Clayton Howard*

Clayton Howard



Clayton Howard
24 Orchard Street
Carteret, New Jersey 07008
(929) 202-3895
itsclaytonhoward@gmail.com

November 30, 2025

U.S. Attorney's Office
Southern District of New York
Attn: Victim-Witness Unit Supervisor
One St. Andrew's Plaza
New York, New York 10007


SENT VIA:
- Certified Mail, Return Receipt Requested
- Email (all known addresses)
- Facsimile: (212) 637-2686
- Regular U.S. Mail


RE: FINAL DEMAND BEFORE COURT ACTION – CVRA Rights Enforcement
    United States v. Sean Combs, Case No. 24-cr-542 (AS)
    Victim: Clayton Howard (Named in Count 3, "Victim 2")


Dear Victim-Witness Coordinator and Assistant U.S. Attorneys:

## I. EXECUTIVE SUMMARY

This is my THIRD and FINAL administrative request before seeking judicial enforcement of my rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

Despite two detailed letters (October 23, 2025 and November 19, 2025) and phone contact with victim-witness advocates, the U.S. Attorney's Office has provided ZERO substantive response for over five weeks.

I am a named victim (Count 3, "Victim 2") in a completed federal prosecution. I cooperated extensively with your investigation. I am now being systematically denied every statutory right afforded to crime victims under federal law.

TIME ELAPSED: Over 37 days with NO response

MY STATUS: Named victim in Count 3 of the Indictment (Sentencing Memorandum, Docket #516, pg 41, "Victim 2")

CRITICAL DEADLINE: February 2, 2026 – Backpage Remission Program petition deadline

## II. PRIOR UNANSWERED CORRESPONDENCE

A. First Request – October 23, 2025

On October 23, 2025, I sent a comprehensive email to Emily Johnson, Madison Smyser, Mitzi Steiner, Meredith Foster, and Mary Slavik requesting:

    i.   Written victim status verification

    ii.   All victim-related materials from the case file

    iii.   Assistance establishing eligibility for the Backpage Remission Program

    iv.   Trial transcripts and evidence regarding Backpage.com

    v.   Information about restitution procedures

    vi.   Contact information for assigned Victim-Witness Coordinator

RESPONSE RECEIVED: None

B. Second Request – November 19, 2025

After receiving no response to my initial request, I sent a detailed follow-up letter on November 19, 2025, to the Victim-Witness Assistance Unit. This seven-page letter:

    i.   Referenced my prior unanswered correspondence

    ii.   Provided comprehensive legal analysis of my CVRA rights

    iii.   Reiterated all previous requests with additional detail

    iv.   Emphasized urgency due to upcoming Backpage remission deadline

    v.   Requested opportunity to submit victim impact statement

    vi.   Sought notice of proceedings and consultation with government counsel

RESPONSE RECEIVED: None

C. Phone Contact with Victim-Witness Unit

During Late September  through October 2025, I called the Victim-Witness Unit and spoke with an advocate. I explained my situation: that I am a named victim in United States v. Combs, that I had sent two letters without receiving any response, that I needed assistance exercising my victim rights, and that there was an urgent deadline approaching for the Backpage Remission Program.

The advocate acknowledged my call and promised to investigate my situation and return my call. I provided my phone number: (929) 781-7791.

CALLBACK RECEIVED: Never

D. Current Status

Over 37 days have passed since my first request. I have made three separate attempts to communicate with your office through multiple channels. I have received not even an acknowledgment that my communications were received.

This complete silence constitutes a systematic violation of my statutory rights.

## III. MY VICTIM STATUS – ESTABLISHED FACTS

I am specifically identified as a victim in this prosecution. The facts establishing my victim status are:

1. I am named as "Victim 2" in Count 3 of the Indictment against Sean Combs.

2. The government's Sentencing Memorandum, filed at Docket #516, page 41, specifically identifies me as "Victim 2" in Count 3.

3. I was directly and proximately harmed by the defendant's criminal conduct involving sex trafficking.

4. During the trial, defendant Cassandra Ventura testified under oath that she located and recruited me for sex trafficking through advertisements containing my photographs posted on Backpage.com. This sworn testimony establishes the direct causal link between Backpage.com and my trafficking victimization.

5. I cooperated extensively with federal investigators, providing:

    i. Flight boarding passes documenting interstate travel

    ii. Airline ticket receipts

    iii. Hotel photographs and reservation confirmations

    iv. Detailed dates, times, and locations of trafficking incidents

    v. Written statements regarding the defendants' criminal conduct

    vi. Documentary evidence used by prosecutors during trial

6. My cooperation was material to building the prosecution's case against the defendants.

7. I have documented my experiences in my published memoir, "Cassie: Victim or Coconspirator?", which details the systematic abuse, intimidation, and harm I suffered.

My victim status is not in dispute. It has been officially recognized by your office and documented in court filings. I am entitled to the rights Congress has guaranteed to all crime victims.

### IV. VIOLATIONS OF THE CRIME VICTIMS' RIGHTS ACT

The U.S. Attorney's Office has violated every applicable provision of 18 U.S.C. § 3771:

A. Violation of 18 U.S.C. § 3771(a)(2) – Right to Notice

The statute provides: "A crime victim has...the right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused."

VIOLATION: I received no notice whatsoever of the sentencing hearing. As a named victim who cooperated with the prosecution, I was entitled to notice of all public proceedings. Your office's failure to provide any notice violates this right.

The legislative history makes clear that notice serves critical purposes: "It enables the victim to attend proceedings, to provide input to the court and prosecutor, and to understand the progress and outcome of the case that harmed him or her." S. Rep. No. 108-191, at 8 (2003).

I was denied all of these opportunities.

B. Violation of 18 U.S.C. § 3771(a)(4) – Right to Be Heard at Sentencing

The statute provides: "A crime victim has...the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."

This right is reinforced by Federal Rule of Criminal Procedure 32(i)(4)(A), which provides: "Before imposing sentence, the court must...address the victim personally if the victim is present at the sentencing hearing and determine if the victim wishes to make a statement or present any information about the sentence."

VIOLATION: I was never given the opportunity to submit a victim impact statement or to speak at sentencing. I specifically requested this opportunity in my November 19, 2025 letter, offering to provide both written and oral statements. Your office ignored this request entirely.

The right to be heard at sentencing is one of the CVRA's core protections. I was denied this fundamental right.

C. Violation of 18 U.S.C. § 3771(a)(5) – Right to Confer with Government Counsel

The statute provides: "A crime victim has...the reasonable right to confer with the attorney for the Government in the case."

VIOLATION: I have made repeated attempts to confer with your office. I have sent two detailed letters and made phone contact with the Victim-Witness Unit specifically requesting consultation. Your office has refused to engage with me at all.

This right "allows victims to provide information to the government and to receive information from the government about the status of the case." S. Rep. No. 108-191, at 9 (2003).

Complete non-response makes conferral impossible.

D. Violation of 18 U.S.C. § 3771(a)(6) – Right to Restitution Information

The statute provides: "A crime victim has...the right to full and timely restitution as provided in law."

VIOLATION: I have requested information about restitution procedures, including:

     i.    How to document my losses

    ii.    Deadlines for submitting restitution claims

    iii.    Types of losses for which I may seek restitution

    iv.    Process for enforcing any restitution order

Your office has provided none of this information. Without it, I cannot meaningfully exercise my right to seek restitution.

Additionally, my right to "full" restitution necessarily encompasses my ability to pursue compensation through the Backpage Remission Program—a federal program specifically designed to provide restitution to trafficking victims. Your office's refusal to assist me in establishing my eligibility for this program directly violates my right to full restitution.

E. Violation of 18 U.S.C. § 3771(a)(7) – Right to Proceedings Free from Unreasonable Delay

The statute provides: "A crime victim has...the right to proceedings free from unreasonable delay."

VIOLATION: Over 37 days of complete silence in response to clear, detailed requests for victim services constitutes unreasonable delay. This delay is especially harmful given the approaching February 2, 2026 Backpage remission deadline.

The CVRA's prohibition on unreasonable delay "applies not only to court proceedings but also to the provision of victim services and information." See *In re Wild, 994 F.3d 1244, 1254 (11th Cir. 2021).*

F. Violation of 18 U.S.C. § 3771(a)(8) – Right to Fairness and Respect

The statute provides: "A crime victim has...the right to be treated with fairness and with respect for the victim's dignity and privacy."

VIOLATION: Ignoring a cooperating victim-witness for over 37 days shows fundamental disrespect. I provided substantial assistance to your prosecution, including critical evidence and cooperation throughout the investigation. To now be completely ignored when I seek to exercise my statutory rights demonstrates a lack of basic fairness and respect.

This violation is particularly egregious given that your office used my cooperation when it served your interests in prosecuting the defendants, but now refuses even to acknowledge my existence when I need assistance exercising my rights.

### V. VIOLATIONS OF THE VICTIMS' RIGHTS AND RESTITUTION ACT

In addition to CVRA violations, your office has violated the Victims' Rights and Restitution Act of 1990, 34 U.S.C. § 20141(c), which mandates that responsible officials provide specific services to crime victims.

A. Violation of 34 U.S.C. § 20141(c)(1)(B) – Duty to Inform of Available Relief

The statute mandates that responsible officials "inform a victim of any restitution or other relief to which the victim may be entitled under this or any other law and the manner in which such relief may be obtained."

VIOLATION: Your office has failed to inform me of:

      i.     Restitution procedures under 18 U.S.C. § 3663 et seq.

      ii.    Eligibility for the Backpage Remission Program

      iii.   Civil remedies available for sex trafficking victims

      iv.   Any other forms of relief

The statute's phrase "any other law" expressly encompasses relief beyond criminal restitution orders, including administrative compensation programs like the Backpage remission and civil causes of action.

Your silence violates this mandatory duty.

B. Violation of 34 U.S.C. § 20141(c)(3)(A) – Duty to Provide Status Updates

The statute requires responsible officials to provide victims with "the earliest possible notice of the status of the investigation of the crime, to the extent it is appropriate to inform the victim and to the extent that it will not interfere with the investigation."

VIOLATION: The investigation and prosecution are complete, so there are no interference concerns. Yet your office has provided me with no information about the case status, sentencing outcome, or any other matter.

C. Violation of 34 U.S.C. § 20141(c)(6) – Duty to Return Victim Property

The statute requires officials to "ensure that any property of a victim that is being held for evidentiary purposes be maintained in good condition and returned to the victim as soon as it is no longer needed for evidentiary purposes."

VIOLATION: I provided substantial evidence and documentation to your office during the investigation, including flight records, photographs, hotel documentation, and detailed written statements. The prosecution is complete, yet your office has not returned these materials or even responded to my requests for them.

These materials are my property. I need them for my civil litigation and Backpage remission petition. Your office has no legitimate basis for withholding them now that the criminal case has concluded.

## VI. VIOLATION OF "BEST EFFORTS" MANDATE

Congress made clear that the government must actively work to ensure victims receive their rights. Under 18 U.S.C. § 3771(c)(1):

"Officers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)."

Thirty-seven days of complete silence is the opposite of "best efforts." Your office has made ZERO effort—not minimal effort, not inadequate effort, but literally no effort at all.

The legislative history emphasizes that this duty requires active, affirmative conduct: "The best efforts standard...imposes a duty on Federal officials to be pro-active in protecting victims' rights." S. Rep. No. 108-191, at 16 (2003).

Your office has been the opposite of pro-active. Despite receiving three separate communications over five weeks from a cooperating victim-witness explicitly invoking his federal statutory rights, your office has not even acknowledged receipt.

## VII. THE BACKPAGE REMISSION PROGRAM – CRITICAL DEADLINE

On July 31, 2025, the Department of Justice announced the Backpage Remission Program, the largest federal victim compensation effort for human trafficking survivors in U.S. history. The program distributes over $200 million in forfeited assets to compensate victims whose sex trafficking was facilitated through Backpage.com between January 1, 2004, and April 6, 2018. The petition deadline is February 2, 2026.

I clearly meet the eligibility criteria based on Cassandra Ventura's sworn trial testimony that she used Backpage.com to locate and recruit me for trafficking.

However, without your office's assistance, I cannot obtain:

    i.    Trial transcripts documenting Ms. Ventura's testimony

    ii.    Exhibits showing the Backpage connection

    iii.    Official confirmation of my victim status

    iv.    Documentation of my cooperation and the nature of my victimization

Your office has a statutory duty under 34 U.S.C. § 20141(c)(1)(B) to inform victims of relief available under "any other law" and help them obtain it. The Backpage Remission Program is a federal victim compensation program—exactly the type of relief contemplated by this provision.

If I miss the February 2, 2026 deadline due to your office's non-response, I will lose the opportunity to seek potentially substantial compensation for my trafficking-related losses. This would be a direct result of your CVRA violations.

## VIII. HARM FROM YOUR OFFICE'S VIOLATIONS

Your office's complete failure to respond has caused me substantial harm:

1. DENIED PARTICIPATION IN SENTENCING: I was never notified of the sentencing hearing and was never given the opportunity to provide a victim impact statement, violating my right to be reasonably heard under 18 U.S.C. § 3771(a)(4).

2. NO RESTITUTION INFORMATION: I have been denied information about restitution procedures, preventing me from exercising my right to full and timely restitution under 18 U.S.C. § 3771(a)(6).

3. BACKPAGE DEADLINE JEOPARDY: I cannot obtain the trial transcripts and documentation needed to establish my eligibility for the Backpage Remission Program before the February 2, 2026 deadline, potentially causing me to forfeit substantial compensation.

4. CIVIL LITIGATION IMPAIRMENT: I cannot obtain the case materials needed to support my pending civil litigation against the defendants who harmed me, impairing my ability to seek full compensation through civil remedies.

5. PROPERTY NOT RETURNED: Your office has not returned any of the evidence and documentation I provided during the investigation. These materials are my property and I need them for my civil case and other purposes.

6. DISRESPECT AND UNFAIRNESS: I have been treated with fundamental disrespect and unfairness, in violation of 18 U.S.C. § 3771(a)(8), despite my extensive cooperation with the prosecution.

I cooperated extensively with your prosecution. I provided critical evidence including flight records, hotel documentation, photographs, detailed timelines, and testimony. My cooperation was material to building your case.

Your office used my cooperation when it served your interests in prosecuting the defendants. Now your office treats me as if I do not exist when I need assistance exercising my statutory rights.

## IX. DEMANDS

Within SEVEN (7) DAYS of receipt of this letter, I demand that your office provide:

A. Written Victim Status Verification

Written verification that I am recognized as a crime victim under 18 U.S.C. § 3771 in United States v. Sean Combs. This verification should specify:

1. That I am named as "Victim 2" in Count 3 of the Indictment;

2. That I am entitled to all rights under the Crime Victims' Rights Act;

3. The name and direct contact information (phone, email) of the designated Victim-Witness Coordinator for this case; and

4. Procedures for asserting my rights.

B. All Case Materials

All victim-related materials from the case file, including:

1. All interview transcripts, recordings, or summaries of my statements to law enforcement;

2. All correspondence between my counsel (if any) and prosecutors;

3. All victim impact materials I provided or that reference me;

4. All restitution-related documentation concerning me;

5. All reports, memoranda, or documents referencing my victim status or witness testimony;

6. Copies of all evidence I provided to your office, including flight boarding passes, ticket receipts, hotel photographs, and timeline documentation;

7. All trial transcripts, testimony excerpts, and exhibits related to Cassandra Ventura's testimony regarding Backpage.com and my trafficking; and

8. Any other materials in the case file that relate to me as a victim or witness.

C. Backpage Remission Program Assistance

Assistance with establishing my eligibility for the Department of Justice Backpage Remission Program, including:

1. Formal letter confirming that trial testimony established the Backpage.com connection to my trafficking;

2. Relevant trial transcripts and exhibits documenting this connection;

3. Any other documentation in the case file supporting my eligibility;

4. Letter confirming my victim status suitable for submission with my remission petition; and

5. Guidance on procedures for filing the petition.

D. Restitution Information

Comprehensive information about restitution procedures, including:

1. The procedure for claiming restitution under 18 U.S.C. § 3663 et seq.;

2. The types of losses for which I may seek restitution;

3. Documentation required to support my restitution claim;

4. Any applicable deadlines; and

5. The process for enforcing any restitution order.

E. Consultation with Government Counsel

A scheduled consultation with the Assistant U.S. Attorney assigned to this case to discuss:

1. My cooperation in the investigation and prosecution;

2. My concerns about safety and protection from the defendants;

3. The impact of the defendants' conduct on my life; and

4. Restitution and other remedies available to me.

Please provide the name and contact information of the lead prosecutor and schedule a time for us to confer.

F. Return of My Property

Return of all evidence and documentation I provided to your office during the investigation. The prosecution is complete. These materials are my property. I need them for my civil litigation and Backpage remission petition. Your office has no legitimate basis for withholding them.

## X. NOTICE OF INTENT TO SEEK JUDICIAL ENFORCEMENT

If I do not receive a substantive response addressing each of the demands set forth above within SEVEN (7) DAYS of receipt of this letter, I will immediately file a Motion to Enforce Crime Victims' Rights under 18 U.S.C. § 3771(d)(3) in the United States District Court for the Southern District of New York.

The statute requires the district court to "take up and decide any motion asserting a victim's right forthwith." 18 U.S.C. § 3771(d)(3).

I will also simultaneously file complaints with:

      i.    DOJ Office of Professional Responsibility

     ii.    DOJ Office for Victims of Crime

   iii.    DOJ Inspector General

   iv.    Senate Judiciary Committee

    v.    House Judiciary Committee

These complaints will detail your office's systematic violations of my statutory rights and request:

1. Investigation of this systematic denial of victim rights;
2. Findings regarding CVRA violations;
3. Disciplinary action if appropriate;
4. Measures to ensure future compliance with victim rights statutes; and
5. Assistance in compelling production of requested materials.

## XI. LEGAL AUTHORITY FOR ENFORCEMENT

The Crime Victims' Rights Act creates enforceable rights, not mere suggestions or courtesies that the government may ignore at will. See *Kenna v. U.S. Dist. Court, 435 F.3d 1011, 1016 (9th Cir. 2006) ("The Crime Victims' Rights Act accords victims rights that are enforceable...The Act*

*thus ensures that victims have a meaningful voice, and that their 'concerns for fairness, respect, and compensation' are 'taken seriously.'")*.

Congress provided victims with an enforcement mechanism—a motion to the district court under 18 U.S.C. § 3771(d)(3)—precisely because Congress recognized that some prosecutors would ignore victims' rights without judicial intervention.

The statute's command that courts act "forthwith" reflects Congress's determination that victims' rights must be vindicated promptly, without the delays that often characterize criminal proceedings. *See In re Antrobus, 519 F.3d 1123, 1124 (10th Cir. 2008)*.

I have exhausted administrative remedies. I have been patient. I have made three separate attempts to communicate with your office over more than five weeks. I have requested only what federal law guarantees to crime victims.

Your office's continued silence leaves me no choice but to seek judicial enforcement of my rights.

## XII. CONCLUSION

I am a named victim in Count 3 of the Indictment in United States v. Sean Combs. I cooperated extensively with your investigation and prosecution, providing critical evidence and testimony. I am entitled under federal law to be treated with fairness and respect, to be informed about proceedings and available relief, to receive restitution information, and to have my rights vindicated without unreasonable delay.

Your office has violated every one of these rights.

For over 37 days, despite three separate communications, your office has maintained complete silence. This is not inadvertent oversight—it is systematic disregard of statutory obligations.

I have cooperated fully with federal authorities. I told the truth, a truth that remains unchallenged. I provided evidence that aided your prosecution. I am now seeking only what federal law guarantees to all crime victims: recognition of my victim status, information about available relief, the materials I need to pursue full compensation, and basic fairness and respect.

The only difference between me and other victims in this case is that I told the complete truth—including truths about Cassandra Ventura's role that may have been inconvenient for your prosecution strategy. I was victimized by both defendants, and I deserve the same consideration as any other victim.

Your office used my cooperation when it served your interests in prosecuting Mr. Combs. Now I seek assistance exercising my statutory rights. That is not a favor—it is federal law.

I respectfully request immediate compliance to avoid judicial intervention. However, I am fully prepared to assert my rights through all available legal mechanisms if you continue to ignore my requests.

I await your response within seven (7) days.

Respectfully submitted,

*Clayton Howard*
Clayton Howard

Dated: November 30, 2025

ENCLOSURES:
• Copy of October 23, 2025 email to prosecutors
• Copy of November 19, 2025 letter to Victim-Witness Unit
• Timeline of communication attempts and non-responses

CC:
Emily Johnson, AUSA
Madison Smyser, AUSA
Mitzi Steiner, AUSA
Meredith Foster, AUSA
Mary Slavik, AUSA
Chief, Criminal Division