UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN COMBS,<br>    *Defendant*,<br><br>CLAYTON HOWARD,<br>*Crime Victim-Movant*, | Case No. 1:24-cr-00542-AKH<br><br>NOTICE OF MOTION |

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, Certificate of Service, and all prior proceedings in this matter, CLAYTON HOWARD, a documented crime victim pursuant to 18 U.S.C. § 3771, will move this Court at the earliest practicable date for an Order:

1. Granting Clayton Howard CM/ECF filing access in this criminal proceeding pursuant to SDNY Local Criminal Rule 49.1 and 18 U.S.C. § 3771(a)(4);

2. Directing expedited processing of all victim filings submitted by Clayton Howard pursuant to 18 U.S.C. § 3771(d)(3); and

3. Authorizing Clayton Howard to provide courtesy copies of filings directly to chambers following official filing through the Clerk's Office, to ensure compliance with Federal Rule of Criminal Procedure 45 and the Court's case management deadlines.

FURTHER TAKE NOTICE that pursuant to 18 U.S.C. § 3771(d)(3), this motion must be decided "forthwith" as it asserts rights protected by the Crime Victims' Rights Act.

Dated: January 7, 2026

Respectfully submitted,

*Clayton Howard*
/s/ Clayton Howard
CLAYTON HOWARD, Pro Se
Crime Victim-Movant



TO:
United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007
Emily.johnson@usdoj.gov
Mitzi.steiner@usdoj.gov

Counsel for Defendant Sean Combs
ashapiro@shapiroarato.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN COMBS,<br>    *Defendant*,<br><br>CLAYTON HOWARD,<br>*Crime Victim-Movant*, | Case No. 1:24-cr-00542-AKH |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
1. CM/ECF FILING ACCESS;
2. EXPEDITED PROCESSING OF VICTIM FILINGS; AND
3. AUTHORIZATION FOR COURTESY COPIES TO CHAMBERS

PRELIMINARY STATEMENT

Clayton Howard, a documented victim of violations of the Mann Act, 18 U.S.C. § 2421 et seq., in the above-captioned prosecution, respectfully moves this Court for procedural accommodations necessary to effectuate his statutory rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Mr. Howard seeks:

1. CM/ECF filing access to ensure timely submission of victim-related filings;
2. expedited processing of his filings by the Clerk's Office; and
3. authorization to provide courtesy copies to chambers following official filing.

These modest accommodations are necessary because current pro se filing procedures—which add 3-7 days to filing times—threaten Mr. Howard's ability to exercise his CVRA rights within court-imposed deadlines.

BACKGROUND

Mr. Howard is a listed victim in *United States v. Sean Combs*, Case No. 1:24-cr-00542-AS. He provided substantial cooperation to federal investigators from December 2023 through May 2025, including testimony, flight records, hotel documentation, and other evidence supporting Mann Act violations. Mr. Howard has diligently sought to exercise his CVRA rights throughout this prosecution, including filing motions pursuant to 18 U.S.C. § 3771(d).

As a pro se litigant without attorney representation, Mr. Howard must navigate filing procedures designed for represented parties. The SDNY's pro se intake system requires submission via email to [prose@nysd.uscourts.gov](mailto:prose@nysd.uscourts.gov), which forwards documents to the criminal division for secondary processing. Alternatively, Mr. Howard may mail filings, which require additional processing time. Both methods add substantial delays—typically 3-7 business days—between submission and official docketing.

These delays are not merely inconvenient; they threaten Mr. Howard's ability to meet filing deadlines and respond to government submissions within timeframes set by this Court. Mr. Howard has pending CVRA motions and anticipated responses requiring timely filing. Without procedural accommodations, Mr. Howard faces potential waiver of his statutory rights through no fault of his own.

ARGUMENT

I. THIS COURT MUST "VIGOROUSLY ENFORCE" MR. HOWARD'S CVRA RIGHTS AND REMOVE PROCEDURAL BARRIERS THAT THREATEN THOSE RIGHTS

A. The CVRA Mandates Robust Protection of Victim Rights

The Crime Victims' Rights Act establishes enforceable rights for crime victims, including:

"The right to be heard in any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C. § 3771(a)(4).

Congress directed that these rights "shall be asserted in the district court" and explicitly authorized victim motions:

"A victim... may assert the rights described in subsection (a)... A district court shall take up and decide any motion asserting a victim's right forthwith." 18 U.S.C. § 3771(d)(1), (d)(3) (emphasis added).

The Second Circuit has recognized that CVRA rights must be "vigorously enforced" and that courts have "an affirmative duty to ensure that crime victims are afforded their rights." *United States v. Heyer*, 740 F.3d 284, 288 (2d Cir. 2014) (citing legislative history).

B. Procedural Barriers Cannot Defeat Statutory Rights

Courts nationwide have held that procedural obstacles cannot be used to defeat substantive CVRA rights:

1. *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2008): "The CVRA's 'forthwith' requirement and its enforcement mechanism evince Congress's intent that victim rights be vigorously enforced."
2. *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1017 (9th Cir. 2006): District courts must ensure that "the victim is afforded a reasonable opportunity to be heard" and cannot impose "technical barriers."
3. *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008): "The Act's procedures are... designed to facilitate, not frustrate, victims' assertion of their rights."

Mr. Howard's current situation exemplifies the procedural barriers these courts condemned. Pro se filing delays—entirely beyond Mr. Howard's control—threaten his ability to exercise rights Congress explicitly guaranteed. This Court has the authority and the duty to remove these barriers.

## II. CM/ECF ACCESS IS APPROPRIATE FOR CRIME VICTIM-MOVANTS EXERCISING CVRA RIGHTS

A. Local Rules Permit CM/ECF Access for Non-Attorneys

SDNY Local Criminal Rule 49.1(b) governs electronic filing and contemplates exceptions to the general requirement of attorney-only access. While the rule does not explicitly address crime victims, courts possess inherent authority to manage their dockets and ensure access to justice. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

Numerous district courts have granted CM/ECF access to pro se litigants, particularly in civil rights cases and where the litigant demonstrates competence and necessity. See, e.g., *Jackson v. District of Columbia*, 254 F.R.D. 464, 465 (D.D.C. 2009) (granting ECF access to pro se plaintiff in civil rights case).

B. Mr. Howard Has Demonstrated Competence and Need

Mr. Howard is not an inexperienced pro se litigant. He currently litigates multiple federal civil rights cases with CM/ECF access, including:

1. Howard v. City of New York, Case No. 24-cv-8316 (E.D.N.Y.)
2. Howard v. Sean Combs et al., Case No. 2:25-cv-00631 (C.D. Cal.)
3. Howard v Essex County et al, Case No. (Pending)

In these matters, Mr. Howard has successfully navigated complex federal procedures, including filing motions to amend, responding to dismissal motions, and conducting discovery. His filings demonstrate sophistication with legal research, citation format, and procedural rules.

C. CM/ECF Access Is Necessary to Protect CVRA Rights

Without CM/ECF access, Mr. Howard cannot:

1. File documents that are immediately docketed and visible to the Court;
2. Respond timely to government submissions within short deadlines;
3. Ensure his filings are associated with the correct docket entries; or
4. Avoid technical defects caused by Clerk's Office processing errors.

These disabilities directly threaten Mr. Howard's § 3771(a)(4) right to be heard. Granting CM/ECF access eliminates these barriers while imposing no burden on the Court or other parties.

### III. EXPEDITED PROCESSING OF VICTIM FILINGS IS REQUIRED BY 18 U.S.C. § 3771(d)(3)

The CVRA's "forthwith" requirement applies not only to judicial decisions but also to procedural mechanisms that enable victims to assert their rights:

> "The district court shall take up and decide any motion asserting a victim's right forthwith." 18 U.S.C. § 3771(d)(3).

Congress's use of "forthwith"—defined as "without delay" or "immediately," Black's Law Dictionary (11th ed. 2019)—reflects the "great significance" Congress attached to victim participation. *In re Antrobus*, 519 F.3d at 1124.

Multi-day delays in processing victim filings contravene this statutory command. When a victim files a motion on Day 1, but the motion does not appear on the docket until Day 5-7, the Court cannot take up and decide the motion "forthwith." An Order directing the Clerk's Office to expedite processing of Mr. Howard's filings would ensure compliance with § 3771(d)(3).

## IV. COURTESY COPIES TO CHAMBERS ARE NECESSARY TO ENSURE COMPLIANCE WITH FILING DEADLINES

A. Federal Rule of Criminal Procedure 45 and the Mailbox Rule

Federal Rule of Criminal Procedure 45(a)(4) provides that papers filed by inmates are timely if deposited in the institution's mail system by the deadline. Courts have extended similar equitable principles to pro se litigants facing institutional barriers. *Houston v. Lack*, 487 U.S. 266 (1988).

However, the mailbox rule protects only the filing date—it does not ensure the Court actually receives the filing before critical deadlines expire or before the Court rules on pending motions. When Mr. Howard emails the Pro Se Office on Day 1, but the filing is not processed until Day 6, the Court may rule without seeing Mr. Howard's submission, effectively denying him the right to be heard.

B. Courtesy Copies After Official Filing Preserve Record Integrity

Mr. Howard does not seek to bypass the Clerk's Office or engage in ex-parte communications. Rather, he requests authorization to provide chambers with a courtesy copy AFTER he has officially filed through proper channels (Pro Se Office email and/or certified mail). This practice:

1. Ensures the Court has immediate access to victim filings;
2. Preserves the official record through the Clerk's Office;
3. Is consistent with practices many judges permit for represented parties; and
4. Imposes no burden on chambers (courtesy copies can be ignored if not needed).

Several SDNY judges explicitly authorize courtesy copies in their Individual Practices. Extending this accommodation to a crime victim exercising statutory rights aligns with the CVRA's enforcement mandate.

## CONCLUSION

The relief requested is modest: access to the same electronic filing system used by attorneys, expedited processing consistent with the CVRA's "forthwith" requirement, and authorization to provide courtesy copies that ensure the Court receives victim filings before ruling on related matters. These accommodations impose no burden on the Court or other parties, but are essential to protect Mr. Howard's statutory rights.

Procedural barriers that prevent crime victims from exercising their CVRA rights violate both the letter and spirit of 18 U.S.C. § 3771. This Court has the authority and the duty to remove those barriers.

For the foregoing reasons, Mr. Howard respectfully requests that this Court grant the relief requested in the annexed Proposed Order.

Dated: January 7, 2026

                                              Respectfully submitted,

                                              *Clayton Howard*
                                              /s/ Clayton Howard
                                              CLAYTON HOWARD, Pro Se
                                              Crime Victim-Movant

[personal contact information redacted]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00542-AKH |
| v. | CERTIFICATE OF SERVICE |
| SEAN COMBS, *Defendant*, | |
| CLAYTON HOWARD, *Crime Victim-Movant*, | |

I, CLAYTON HOWARD, hereby certify that on or about January 8, 2026, I caused true and correct copies of the foregoing MOTION FOR:

(1) CM/ECF FILING ACCESS;

(2) EXPEDITED PROCESSING OF VICTIM FILINGS;

(3) AUTHORIZATION FOR COURTESY COPIES TO CHAMBERS;

(4) Notice of Motion, Memorandum of Law, Certification, and Proposed Order seeking this court impose Sanctions upon former pro bono counsel Ross Kramer;

(5) Supplemental Reply Memorandum – and attached Appendix A;

to be served upon all parties by the following methods:

VIA CMECF/EMAIL:

United States Attorney's Office
Southern District of New York
Emily.johnson@usdoj.gov
Mitzi.steiner@usdoj.gov

Counsel for Defendant Sean Combs:
ashapiro@shapiroarato.com

VIA EMAIL TO PRO SE OFFICE:
prose@nysd.uscourts.gov

<u>VIA EMAIL SERVICE:</u>
Ross Kramer, Esq (Lead Pro Bono assigned counsel)
Sanctuary for Families

[redacted] (Secretary of Ross Kramer Sanctuary for Families)
[redacted] (Co Counsel with Ross Kramer – Sanctuary for Families)

VIA U.S. MAIL (Certified, Return Receipt Requested) TO CLERK:

Clerk of Court
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2026.

*Clayton Howard*
_____
/s/ Clayton Howard
CLAYTON HOWARD, Pro Se
Crime Victim-Movant

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN COMBS,<br>    *Defendant*,<br><br><br>CLAYTON HOWARD,<br>*Crime Victim-Movant*, | Case No. 1:24-cr-00542-AKH<br><br>ORDER GRANTING MOTION<br>FOR CM/ECF ACCESS,<br>EXPEDITED PROCESSING, AND<br>AUTHORIZATION FOR<br>COURTESY COPIES |

Upon consideration of CLAYTON HOWARD's MOTION FOR

(1) CM/ECF FILING ACCESS;

(2) EXPEDITED PROCESSING OF VICTIM FILINGS; AND

(3) AUTHORIZATION FOR COURTESY COPIES TO CHAMBERS, and for good cause shown, it is hereby

ORDERED that Clayton Howard's motion is GRANTED as follows:

1. CM/ECF Filing Access: The Clerk of Court shall provide Clayton Howard with a CM/ECF login and password for purposes of filing documents in this criminal proceeding. Mr. Howard shall comply with all requirements of SDNY Local Criminal Rule 49.1 and the CM/ECF User's Manual. Mr. Howard's CM/ECF access is limited to Case No. 1:24-cr-00542-AKH and any related victim proceedings.

2. Expedited Processing: The Clerk's Office shall process all filings submitted by Clayton Howard via the Pro Se Office email (prose@nysd.uscourts.gov) or U.S. Mail within one (1) business day of receipt, to ensure compliance with 18 U.S.C. § 3771(d)(3)'s requirement that victim motions be decided "forthwith."

3. Courtesy Copies to Chambers: Clayton Howard is authorized to provide courtesy copies of filings to chambers via email at (chambersemail) AFTER he has officially filed such documents through the Clerk's Office (either via CM/ECF, Pro Se Office email, or U.S. Mail). Courtesy copies shall include a cover sheet stating: "COURTESY COPY - Official filing submitted via [method] on [date]." Chambers may disregard courtesy copies in its discretion.

4. Mailbox Rule: For any filing submitted by Clayton Howard via U.S. Mail (certified, return receipt requested), the date of mailing as evidenced by the certified mail receipt shall constitute the filing date for purposes of Federal Rule of Criminal Procedure 45.

SO ORDERED.

Dated: _____, 2026
New York, New York

_____
HON. ARUN SUBRAMANIAN
United States District Judge