UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,                    Case No. 1:24-cr-00542 (AS)

v.

SEAN COMBS,

Defendant.

CLAYTON HOWARD,

Crime Victim-Movant, Pro Se

DECLARATION OF CLAYTON HOWARD IN SUPPORT OF MOTION FOR
1. CM/ECF FILING ACCESS;
2. EXPEDITED PROCESSING OF VICTIM FILINGS; AND
3. AUTHORIZATION FOR COURTESY COPIES TO CHAMBERS

I, CLAYTON HOWARD, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am the movant in this matter, a documented crime victim in *United States v. Sean Combs,* Case No. 1:24-cr-00542-AS, and I submit this Declaration in support of my Motion for CM/ECF Filing Access, Expedited Processing of Victim Filings, and Authorization for Courtesy Copies to Chambers.

VICTIM STATUS AND COOPERATION WITH FEDERAL AUTHORITIES

2. I am a documented victim of violations of the Mann Act, 18 U.S.C. § 2421 et seq., in the above-captioned federal prosecution of Sean Combs.

3. From approximately December 2023 through May 2025, I provided substantial cooperation to federal law enforcement authorities investigating the criminal conduct of Sean Combs, including but not limited to:

   a. Multiple interviews with federal agents and prosecutors;

    b.  Flight records documenting interstate and international travel;

    c.  Hotel records and documentation;

    d.  Testimony regarding Mann Act violations;

    e.  Other documentary evidence supporting the federal investigation.

4. I was recognized for purposes of sentencing Defendant Combs by the United States Attorney's Office for the Southern District of New York as a crime victim with rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771.

5. I have diligently sought to exercise my CVRA rights in regard to this prosecution, including filing motions pursuant to 18 U.S.C. § 3771(d).

EXPERIENCE WITH FEDERAL COURT PROCEDURES

6. I am a very inexperienced pro se litigant. I currently prosecute multiple federal civil rights cases in which I have been granted CM/ECF access and have successfully navigated complex federal procedures, including:

    a.  Howard v. City of New York, Case No. 24-cv-8316 (E.D.N.Y.) - a 42 U.S.C. § 1983 civil rights action against the City of New York and multiple NYPD defendants;

    b.  Howard v. Sean Combs et al., Case No. 2:25-cv-00631 (C.D. Cal.) - a federal civil rights action in the Central District of California.

    c.  Howard v. Essex County et al., (PENDING)

    d.  Howard v Brown et al., (Pending)

7. In these civil matters, I have demonstrated competence with:

    a.  Electronic filing via CM/ECF;

    b.  Federal Rules of Civil Procedure;

    c.  Legal research and citation format (Bluebook);

    d.  Motion practice, including motions to amend complaints;

    e.  Discovery procedures, including drafting interrogatories;

    f.  Responding to motions to dismiss; and

    g.  Service of process requirements.

8. I completed my undergraduate degree at SUNY Buffalo in 2004 and am currently a degree in Law within the State of New Jersey and have several years remaining.

9. I operate Gold Standard Contracting LLC in Newark, New Jersey, and have experience managing complex projects and documentation. I have been unable to obtain work in months in connection with my exposure in regard to this matter.

PRO SE FILING DELAYS IN THE SDNY CRIMINAL DIVISION

10. As a pro se litigant in this criminal proceeding, I do not have CM/ECF access and must file documents through alternative methods that create substantial delays.

11. The SDNY requires pro se litigants in criminal cases to submit filings via:

    a. Email to prose@nysd.uscourts.gov; or

    b. U.S. Mail (certified or overnight) to the Clerk's Office.

12. Based on my experience attempting to file documents in this case, the pro se email intake system typically results in delays of three (3) to seven (7) business days between when I submit a document and when it appears on the official docket.

13. These delays occur because:

    a. The Pro Se Office receives the email;

    b. The Pro Se Office forwards the document to the criminal division;

    c. The criminal division treats victim filings as secondary priority;

    d. The Clerk's Office processes and dockets the filing; and

    e. The filing appears on the public docket.

14. Similarly, when I file via certified mail, there are delays of:

    a. 1-2 days for delivery;

    b. Additional processing time by the Clerk's Office; and

    c. 3-7 days total before docketing.

15. On December 6, 2025, I file the initial motion seeking my rights pursuant to 18 U.S.C. § 3771(d) via email to prose@nysd.uscourts.gov,. The document was not docketed until December 14, 2026, a delay of [10] days.

16. On December 26, 2025, I submitted a letter motion requesting to file and oversized reply to memorandum via email to prose@nysd.uscourts.gov on December 26, 2025. It was never docketed, but I received a reply from chambers after and email including all parties on January 7, 2026.

17. I have also filed a letter in opposition to the sealing of any documents I file with this court, as a direct result of the government's disregard of my own privacy and the

recognition they seek to protect there own misconduct and malicious prosecution of defendant Combs. That document has still not been docketed, nor have I received a reply.

## THREAT TO CVRA RIGHTS FROM FILING DELAYS

18. These multi-day delays threaten my ability to exercise my CVRA rights for the following reasons:

   a. When the Government files an opposition to my CVRA motions, I need to respond promptly to ensure the Court has my reply before ruling;

   b. If I submit my reply on Day 1, but it does not appear on the docket until Day 6-7, the Court may rule without seeing my response;

   c. Court-imposed deadlines for responses (typically 7-14 days) do not account for the additional 3-7 days required for pro se processing;

   d. I risk waiver of my statutory rights through procedural delays entirely beyond my control;

   e. The CVRA requires that victim motions be decided "forthwith," but multi-day filing delays prevent the Court from even seeing my filings promptly.

19. I currently have a letter reply in opposition to the sealing of my filings, a motion seeking sanctions for the violation of my rights pursuant to 18 U.S.C § 3771 against pro bono counsel assigned by the government – Ross Kramer, this motion seeking access to CMECF privileges, and the reply to the government's letter opposition attempting to argue against the granting of my full CVRA rights that require timely submission. Without procedural accommodations, I face potential denial of my right to be heard under 18 U.S.C. § 3771(a)(4).

## NEED FOR CM/ECF ACCESS

20. CM/ECF access would eliminate filing delays by allowing me to:

   a. File documents that are immediately docketed and visible to the Court;

   b. Respond to Government submissions within hours rather than days;

   c. Ensure my filings are properly associated with the correct docket entries;

   d. Avoid technical errors caused by Clerk's Office processing of emailed or mailed documents;

   e. Receive automatic electronic notices of docket activity.

21. I am familiar with CM/ECF procedures from my civil cases and am fully capable of complying with all technical and procedural requirements, including:

    a. Proper document formatting (PDF/A);

    b. Correct docket entry selection;

    c. Service requirements;

    d. Page limitations; and

    e. Filing deadlines.

22. Granting me CM/ECF access will impose no burden on the Court or other parties, but will ensure I can exercise my CVRA rights effectively.

## NEED FOR EXPEDITED PROCESSING

23. Even if I continue filing via email or mail while awaiting CM/ECF access, expedited processing is necessary to comply with the CVRA's "forthwith" requirement.

24. An Order directing the Clerk's Office to process my victim-related filings within one (1) business day would:

    a. Ensure the Court can take up and decide my motions "forthwith" as required by §3771(d)(3);

    b. Allow me to participate meaningfully in proceedings;

    c. Prevent waiver of my rights due to processing delays; and

    d. Impose minimal burden on the Clerk's Office.

## NEED FOR COURTESY COPIES TO CHAMBERS

25. I do not seek to bypass official filing procedures or engage in ex-parte communications with the Court.

26. However, even with expedited processing, there may be circumstances where the Court is preparing to rule on a matter before my filing has been processed and docketed.

27. Authorization to provide courtesy copies to chambers after official filing would:

    a. Ensure the Court has immediate access to my victim filings;

    b. Preserve the integrity of the official record through the Clerk's Office;

    c. Prevent the Court from ruling without seeing my submissions;

    d. Impose no burden on chambers (courtesy copies can be disregarded if not needed).

28. I understand that courtesy copies are not official filings and that I must continue to file through proper channels (Pro Se Office email, certified mail, or CM/ECF if granted).

NO PREJUDICE TO OTHER PARTIES

29. Granting the relief requested will not prejudice the Government or defendant because:

    a.  All filings will continue to be served on all parties;

    b.  Expedited processing does not alter substantive deadlines or procedures;

    c.  CM/ECF access will make my filings more transparent and immediately available to all parties;

    d.  The relief requested ensures procedural fairness, not any substantive advantage.

CONCLUSION

30. The procedural accommodations requested are modest and necessary to effectuate my statutory rights under the Crime Victims' Rights Act.

31. Without these accommodations, I face potential denial of my § 3771(a)(4) right to be heard due to procedural barriers entirely beyond my control.

32. I am a competent pro se litigant with demonstrated ability to comply with federal court procedures, and the requested relief will impose no burden on the Court or other parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 7, 2026, in Newark, New Jersey.

*Clayton Howard*
CLAYTON HOWARD
Crime Victim-Movant, Pro Se