UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

SEAN COMBS,

    *Defendant*,

---

CLAYTON HOWARD,

    *Movant*,

---

Case No. 24-cr-542(AS)

NOTICE OF MOTION TO ENFORCE CRIME VICTIM RIGHTS PURSUANT TO 18 U.S.C. § 3771

**PLEASE TAKE NOTICE** that upon the annexed Declaration of Clayton Howard, dated December 7, 2025, the Memorandum of Law in Support thereof, and all prior proceedings had herein, the undersigned will move this Court at the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007, at a date and time to be determined by the Court, for an Order pursuant to 18 U.S.C. § 3771(d)(3):

1. DECLARING that Movant Clayton Howard is a crime victim entitled to the rights enumerated in the Crime Victims' Rights Act, 18 U.S.C. § 3771;

2. COMPELLING the United States Attorney's Office for the Southern District of New York to provide Movant with written confirmation of his victim status in *United States v. Sean Combs, Case No. 24-cr-542(AS)*;

3. ORDERING the United States Attorney's Office to provide Movant with all case materials, trial transcripts, exhibits, and documentation relating to his victimization, including but not limited to evidence regarding his trafficking through Backpage.com;

4. DIRECTING the United States Attorney's Office to provide Movant with complete information regarding restitution procedures, including applicable deadlines, required documentation, and enforcement mechanisms;

5. ORDERING the United States Attorney's Office to provide Movant with immediate assistance in establishing his eligibility for the Backpage Remission Program, including all necessary documentation and verification of his victim status, given the approaching deadline of February 2, 2026;

6. DIRECTING the United States Attorney's Office to provide Movant with notice of all future proceedings in this matter in which he has a right to be heard;

7. ORDERING the United States Attorney's Office to confer with Movant regarding the disposition of this case, including any plea agreements, sentencing matters, or other proceedings affecting his rights;

8. DECLARING that the United States Attorney's Office violated Movant's rights under 18 U.S.C. § 3771(a), including specifically:

    a. The right to be reasonably protected from the accused (§ 3771(a)(1));
    b. The right to reasonable, accurate, and timely notice of any public court proceeding involving the crime (§ 3771(a)(2));
    c. The right to be reasonably heard at any public proceeding in the district court involving sentencing (§ 3771(a)(4));
    d. The right to confer with the attorney for the Government in the case (§ 3771(a)(5));
    e. The right to full and timely restitution as provided in law (§ 3771(a)(6));
    f. The right to proceedings free from unreasonable delay (§ 3771(a)(7));
    g. The right to be treated with fairness and with respect for the victim's dignity and privacy (§ 3771(a)(8));

9. ORDERING such other and further relief as this Court deems just, proper, and equitable.

Dated: December 7, 2025
Manhattan, New York

Respectfully submitted,

*Clayton Howard*

DENIED. Final judgment was entered in this case two months before the Court received this notice. The Court recognizes that testimony and other evidence at trial may have supported that Clayton Howard was contacted via Backpage.com to travel across state lines to engage in prostitution. But the requested relief is now inappropriate, as the defendant's sentencing and any other proceedings have concluded. The CVRA provides rights "in the district court in which a defendant is *being* prosecuted." 18 U.S.C. § 3771(d)(3) (emphasis added). And a motion cannot be made to re-open a sentence unless "the victim has asserted the right to be heard before or during the proceeding at issue and such right was denied." *Id.* § 377(d)(5). That isn't the case here. And because this case has concluded, the Court would be unable to make the in-depth factual findings required by the CVRA. Of course, to the extent that Howard believes he has rights *outside* of the CVRA, for instance to restitution as provided by law, then Howard can make an appropriate application for such relief, if it is timely, and justified by the facts and law. As of now, Howard hasn't made any such application, and the Court expresses no view whether one would be timely and justified.

All that being said, one of Howard's requests is for the return of any documents he provided to the government, as well as any supporting evidence that might help tie him to Backpage.com. To the degree that is reasonably possible, the government should try to share those documents with Howard so that he can make a timely application to the Backpage fund if he wishes.

Howard has also filed another motion asking for CM/ECF access to file directly in this case and to send the Court courtesy copies of any future filings. That motion is denied.

The Clerk of Court is respectfully directed to terminate the motion at ECF Nos. 552, 602, and 637.

SO ORDERED.


Arun Subramanian, U.S.D.J.
Date: January 28, 2026