UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SEAN COMBS,<br>    Defendant.<br><br>---<br><br>CLAYTON HOWARD,<br>    Crime-Victim/Movant, | Case No. 1:24-cr-00542-AS<br><br>CLAYTON HOWARD'S MOTION FOR MANDATORY RESTITUTION PURSUANT TO 18 U.S.C. §§ 3664 AND 2429 |

Clayton Howard ("Movant"), a victim of the offenses for which Defendant Sean Combs was convicted, respectfully moves this Court pursuant to 18 U.S.C. §§ 3664(a) and 2429 for an Order directing Defendant to pay mandatory restitution to Movant for the full amount of Movant's losses as a proximate result of Defendant's violations of 18 U.S.C. § 2421 (Counts 3 and 5). In support of this Motion, Movant states as follows:

1. PROCEDURAL POSTURE

1. On July 2, 2025, a jury convicted Defendant Sean Combs of two counts of Interstate Transportation for Prostitution in violation of 18 U.S.C. § 2421 (Mann Act) (Counts 3 and 5).
2. On October 3, 2025, this Court sentenced Defendant Sean Combs.
3. The Government explicitly identified Movant as a victim of Count 3 in its Sentencing Memorandum filed at Docket #516, page 41, stating: "Here, there are five victims of Count Three (Ventura; Clayton Howard, a/k/a 'Dave'; Jules Theodore; Julian Sapp; and an unnamed Cowboys 4 Angels escort)."
4. The Government used Movant's victim status to secure a sentencing enhancement under U.S.S.G. § 3D1.4, resulting in approximately 32-48 additional months of imprisonment for Defendant.

5. Despite Movant's documented victim status and extensive cooperation with the prosecution, no restitution order was entered at sentencing.

## 2. STATUTORY AUTHORITY

6. Under 18 U.S.C. § 2429, mandatory restitution is required for violations of Chapter 117 of Title 18, which includes the Mann Act (18 U.S.C. § 2421).

7. Section 2429 provides that restitution orders for trafficking violations shall be issued pursuant to 18 U.S.C. § 3664 and must include "the full amount of the victim's losses."

8. Section 3664(f)(1)(A) mandates: "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court."

## 3. VICTIM STATUS ESTABLISHED

9. Movant's status as a victim of Count 3 has been conclusively established by the Government's own Sentencing Memorandum at Docket #516.

10. Between approximately 2010 and 2017, Movant was subjected to interstate transportation by Defendant for the purpose of prostitution, including transportation from New York to Los Angeles and from New York to Miami.

11. Movant suffered substantial physical, psychological, and economic harm as a direct and proximate result of Defendant's criminal conduct.

## 4. COMPENSABLE LOSSES

12. Movant has incurred and will continue to incur substantial losses as a proximate result of Defendant's offenses, including but not limited to:

    a. Medical services relating to physical, psychiatric, and psychological care;

    b. Physical and occupational therapy or rehabilitation;

    c. Necessary transportation expenses;

    d. Lost income and business opportunities;

    e. Attorneys' fees and other costs incurred;

    f. Any other losses suffered as a proximate result of the offense.

13. These losses are detailed in the accompanying Certification of Clayton Howard and supporting Memorandum of Law.

## 5. LEGAL BASIS FOR RELIEF

14. Mandatory restitution under 18 U.S.C. § 2429 is non-discretionary when a defendant is convicted of a violation of Chapter 117.

15. The Court must order restitution for the full amount of the victim's losses without regard to the economic circumstances of the defendant. 18 U.S.C. § 3664(f)(1)(A).

16. Movant has established by a preponderance of the evidence: (1) his status as a victim of Defendant's offense of conviction; (2) direct and proximate causation between Defendant's criminal conduct and Movant's losses; and (3) the nature and extent of compensable losses.

WHEREFORE, Movant respectfully requests that this Court enter an Order:

A. Determining that Clayton Howard is a victim entitled to mandatory restitution under 18 U.S.C. §§ 3664 and 2429;

B. Scheduling a restitution hearing pursuant to 18 U.S.C. § 3664(d) to determine the full amount of Movant's losses;

C. Directing Defendant Sean Combs to pay mandatory restitution to Movant for the full amount of Movant's losses as determined by the Court;

D. Ordering that such restitution be paid through the appropriate court mechanism as provided by 18 U.S.C. § 3664(m); and

E. Granting such other and further relief as the Court deems just and proper.

Dated: February 5, 2026

Respectfully submitted,

*Clayton Howard*
CLAYTON HOWARD
Movant Pro Se
24 Orchard Street
Carteret, New Jersey
Email: itsclaytonhoward@gmail.com
Telephone: (929)781-7791