# Exhibit A

Attorney Statements regarding Prosecutor Acknowledge of Victim Status of Clayton Howard

0001


**Clayton Howard** &lt;itsclaytonhoward@gmail.com&gt;

---

# Arrest
7 messages

---

**Clayton Howard** &lt;itsclaytonhoward@gmail.com&gt;           Mon, Sep 16, 2024 at 10:34 PM
To: Ross Kramer &lt;rkramer@sffny.org&gt;

Ross

   Just saw they arrest that guy so am i clear of the grand jury? Lmk

Clayton

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

---

**Ross Kramer** &lt;rkramer@sffny.org&gt;           Mon, Sep 16, 2024 at 11:14 PM
To: Clayton Howard &lt;itsclaytonhoward@gmail.com&gt;
Cc: Brigid Riedy &lt;Briedy@sffny.org&gt;

Correct, it's likely that they won't need you for a grand jury now. I'm going to reach out to the prosecutors in the morning to see where we fit into all of this. I'll keep you posted.

      - Ross

Get Outlook for iOS

**From:** Clayton Howard &lt;itsclaytonhoward@gmail.com&gt;
**Sent:** Monday, September 16, 2024 10:34:22 PM
**To:** Ross Kramer &lt;rkramer@sffny.org&gt;
**Subject:** Arrest

[Quoted text hidden]

---

**Clayton Howard** &lt;itsclaytonhoward@gmail.com&gt;           Tue, Sep 17, 2024 at 8:00 AM
To: Ross Kramer &lt;rkramer@sffny.org&gt;

Ross

   Give it a day or so it's fine. If they needed me they'd contact so maybe that means it's over on for now

Clayton H
[Quoted text hidden]

---

**Ross Kramer** &lt;rkramer@sffny.org&gt;           Tue, Sep 17, 2024 at 12:09 PM
To: Clayton Howard &lt;itsclaytonhoward@gmail.com&gt;

We're having a call with Emily tomorrow at 4 pm. We will keep you posted.

      - Ross

Get Outlook for iOS

**From:** Clayton Howard &lt;itsclaytonhoward@gmail.com&gt;
**Sent:** Tuesday, September 17, 2024 8:00:00 AM

0001

**To:** Ross Kramer <rkramer@sffny.org>
**Subject:** Re: Arrest

[Quoted text hidden]

---

**Ross Kramer** <rkramer@sffny.org>                          Tue, Sep 24, 2024 at 8:21 AM
To: Clayton Howard <itsclaytonhoward@gmail.com>
Cc: Brigid Riedy <Briedy@sffny.org>, Jennifer Friedman <jennifer@sffny.org>

Hello Clayton :

We spoke with the prosecutors. They still see you as a key witness in the case. They anticipate meeting with you again soon. We are also forwarding them the materials that you sent us.

Hold tight, and our advice remains not to talk to anyone involved in the case. If anyone tries to reach out to you, let us know.

As always, call, text or email anytime.

   - Ross

Get Outlook for iOS

---

**From:** Clayton Howard <itsclaytonhoward@gmail.com>
**Sent:** Tuesday, September 17, 2024 8:00:00 AM
**To:** Ross Kramer <rkramer@sffny.org>
**Subject:** Re: Arrest

[Quoted text hidden]

---

**Clayton Howard** <itsclaytonhoward@gmail.com>              Tue, Sep 24, 2024 at 8:47 AM
To: Ross Kramer <rkramer@sffny.org>

Ross

   Good Morning. Understood I will await their reply

Clayton

Sent from my mobile device, please excuse brevity and/or spelling mistakes.

[Quoted text hidden]

---

**Jennifer Friedman** <jennifer@sffny.org>                   Tue, Sep 24, 2024 at 1:45 PM
To: Ross Kramer <rkramer@sffny.org>, Clayton Howard <itsclaytonhoward@gmail.com>
Cc: Brigid Riedy <Briedy@sffny.org>

Dear Clayton,

Since Ross copied me on this email chain, I wanted to introduce myself to you. My name is Jennifer Friedman - I am Ross's colleague and an attorney at Sanctuary joining the team at Sanctuary serving as your counsel. My primary area of specialty is family law, but I have also been involved in many criminal cases where our clients have been witnesses and have testified against a defendant. I look forward to meeting you in the coming weeks or months.

Best,

0003

**Jennifer C. Friedman, Esq.** *She/Her*

*Senior Program Director, Family Law Project and Policy*

*Bronx, Manhattan and Queens Family Justice Centers*

Sanctuary for Families, CBWLS

NYC Family Justice Center, Bronx

198 East 161 Street, 2nd Floor

Bronx, NY 10451

T: 718-508-1250

F: 347-788-4517

F: 646-500-6178

Facebook | Twitter

sanctuaryforfamilies.org

*CBWLS - Advancing and Defending the Rights of Gender Violence Survivors*

<image001.png>

*\*Address for the purpose of receiving mail or service of process.*

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message which arise as a result of e-mail transmission. If verification is required please request a hard-copy version. This message is provided for informational purposes and should not be construed as legal advice or opinion.

[Quoted text hidden]

12/11/25, 10:02 PM                Case 1:24-cr-00542-AS      Document 649      Filed 02/27/26      Page 5 of 16
                                              Gmail - Question regarding protection of identity
0004

                                                  Clayton Howard <itsclaytonhoward@gmail.com>

## Question regarding protection of identity
3 messages

**Clayton Howard** <itsclaytonhoward@gmail.com>                                     Tue, Oct 8, 2024 at 7:40 AM
To: Ross Kramer <rkramer@sffny.org>, jennifer@sffny.org, Brigid Riedy <Briedy@sffny.org>

Ross

    Good Morning all, Included Jennifer and Brigid as thats been your pattern.
Im wondering if I could I ask these prosecutors assistance supporting a motion by letter, memorandum, whatever; to seal my name in my civil suit against the target of the investigation?
I've been paying attention to whats going on and do not wish my name all over publicly if it's avoidable. I know rules of court state the target and the attorneys must know my name but can we attempt to have my name sealed until i testify to protect my identity?

    Im not sure if that is possible but if it is it would allow Tyrone to file, keep me out of the spotlight, and protect my testimony so i think it could be a win all around if possible.

Please let me know

Thanks

Clayton H



Sent from my mobile device, please excuse brevity and/or spelling mistakes.

**Ross Kramer** <rkramer@sffny.org>                                                Tue, Oct 8, 2024 at 1:15 PM
To: Clayton Howard <itsclaytonhoward@gmail.com>, Jennifer Friedman <jennifer@sffny.org>, Brigid Riedy <Briedy@sffny.org>

Hello Clayton:

Good to hear from you.

First, just making sure that no one has tried reaching out to you about the case in the past couple of weeks? There have been more subpoenas going out, so I wanted to make sure no one is trying to contact you.

Second, I think that there's a bigger issue about filing a civil suit now than just having your name out there (although that is an issue too). It will make your testimony much more difficult at a criminal trial if you have already filed a civil case seeking money, because a defense lawyer will be able to cross-examine you about that lawsuit, and use all the documents there to try to show that you are biased (in other words, trying to convict the defendant just to strengthen your lawsuit), and to impeach your testimony (in other words, questioning you about any discrepancies between your testimony and what is written in a civil complaint).

Of course, you are free to take any steps that you think are necessary, but I think we should have a call to discuss strategy if you're inclined to file a lawsuit in the near future. If the statute of limitations on your civil claim isn't coming up anytime soon, my recommendation would be to hold off.

Are you free to talk either late afternoon tomorrrow (Wednesday), or anytime on Friday? (I am traveling for work on Thursday.)

0004

- Ross

**From:** Clayton Howard <itsclaytonhoward@gmail.com>
**Sent:** Tuesday, October 8, 2024 7:40 AM
**To:** Ross Kramer <rkramer@sffny.org>; Jennifer Friedman <jennifer@sffny.org>; Brigid Riedy <Briedy@sffny.org>
**Subject:** Question regarding protection of identity

[Quoted text hidden]

**Clayton Howard** <itsclaytonhoward@gmail.com>  Tue, Oct 8, 2024 at 6:05 PM
To: Ross Kramer <rkramer@sffny.org>

Ross

    Understood and yes we can speak Wednesday afternoon let me know?

Clayton

Sent from my mobile device, please excuse brevity and/or spelling mistakes.
[Quoted text hidden]



Clayton Howard <itsclaytonhoward@gmail.com>

## Request for call with SDNY

**Ross Kramer** <rkramer@sffny.org>                                                              Tue, Feb 18, 2025 at 1:21 PM
To: Clayton Howard <itsclaytonhoward@gmail.com>, Jennifer Friedman <jennifer@sffny.org>, Brigid Riedy <Briedy@sffny.org>

Hello Clayton:

Jennifer and I will be speaking with the prosecutors later today, and we will let you know how that goes.

One thing I wanted to clear up is that the government <u>does</u> see you as a victim. The term they use for a victim who may also testify is "victim-witness," which is how they categorize you. They certainly see you as a victim of the defendant's actions.

Regarding Cassandra, in many cases a victim can also be someone who engaged in criminal behavior. That is likely how they view Cassandra. She was victimized by the defendant, but she also took steps that endangered others, including you.

I am going to reach out to Tyrone to try to set a call. I think that Jennifer and I should speak with him to understand exactly what his plan is. Obviously, it is completely your decision how to proceed in the civil matters. But, I can foresee a situation where your choice may make it impossible for the government to proceed with you as a victim-witness in the criminal case (which I think would not help your civil claims). That's why best practice is usually to wait for the criminal case to play out, before moving to allegations through civil complaints.

We will keep you posted.

Best,

Ross

Ross M. Kramer, Esq.

Director

Incarcerated Gender Violence Survivors Initiative

Sanctuary for Families

12/11/25, 10:08 PM    Case 1:24-cr-00542-AS    Document 649    Filed 02/27/26    Page 8 of 16
Gmail - Request for call with SDNY
0007
CBWLS

30 Wall Street, 8th Floor

New York, NY 10005

T: 212-349-6009

F: 212-566-0344

Facebook | Twitter

sanctuaryforfamilies.org

*CBWLS - Advancing and Defending the Rights of Gender Violence Survivors*



[Quoted text hidden]

**Ross Kramer** <​>  
To: Clayton Howard <​>  
Tue, Feb 18, 2025 at 1:21 PM

Hello Clayton:

Jennifer and I will be speaking with the prosecutors later today, and we will let you know how that goes.

One thing I wanted to clear up is that the government *does* see you as a victim. The term they use for a victim who may also testify is "victim-witness," which is how they categorize you. They certainly see you as a victim of the defendant's actions.

Regarding Cassandra, in many cases a victim can also be someone who engaged in criminal behavior. That is likely how they view Cassandra. She was victimized by the defendant, but she also took steps that endangered others, including you.

I am going to reach out to Tyrone to try to set a call. I think that Jennifer and I should speak with him to understand exactly what his plan is. Obviously, it is completely your decision how to proceed in the civil matters. But, I can foresee a situation where your choice may make it impossible for the government to proceed with you as a victim-witness in the criminal case (which I think would not help your civil claims). That's why best practice is usually to wait for the criminal case to play out, before moving to allegations through civil complaints.

We will keep you posted.

Best,

Ross

Ross M. Kramer, Esq.

0008

# APPENDIX A: ATTORNEY MISCONDUCT
## DETAILED EVIDENCE AND TIMELINE
### I. CATEGORIES OF MISCONDUCT

1. Manipulation of Witness Testimony: Assigned government-controlled counsel (Ross Kramer), suppressed testimony about Ventura, fabricated "mental health" excuse, maintained protection order during trial
2. Brady Violations: Withheld exculpatory testimony about Ventura's coconspirator role, prevented Combs from presenting complete defense
3. Giglio Violations: Allowed Ventura to testify as pure victim when prosecutors knew she was coconspirator
4. Selective Enforcement: Applied "victim" definition for sentencing enhancement, denied same definition for CVRA protections
5. Witness Tampering: Used government-provided counsel to control Howard's narrative, pressured Howard not to publish memoir

### II. CRITICAL TIMELINE

December 2023: Initial Contact

Howard first interviewed by federal prosecutors. Provided detailed account of:

   i. Participation in Freak Offs with Combs and Ventura
  ii. Ventura's active role recruiting him through Backpage.com
 iii. Ventura's coordination of encounters
  iv. Violence witnessed, payment structures

HOWARD'S CONSISTENT POSITION FROM DAY ONE: Told prosecutors Ventura was active, willing participant who recruited and coordinated encounters.

Late December 2023/Early January 2024: Government Assigns Kramer

Government "assisted" Howard in obtaining pro bono counsel Ross Kramer.

Government characterization: "Because of Howard's potential criminal liability" (Dkt. 602 at 1).

Actual purpose: Control Howard's narrative and prevent testimony damaging to Ventura.

Evidence of control: Government selected Kramer (not Howard), framed as "protection" from prosecution, created dependency relationship.

January-March 2024: Ongoing Cooperation

0010

Howard provided extensive cooperation:

i. Multiple detailed interviews
ii. Flight records documenting interstate travel
iii. Hotel pictures corroborating encounters
iv. Backpage.com advertisement evidence
v. Timeline of encounters over 7+ years
vi. Detailed descriptions of Ventura's recruiting activities
vii. Evidence of payment structures
viii. Witness to violence against Ventura by Combs

March 2025: Grand Jury Testimony

Howard testifies before grand jury. Grand jury returns indictment. Howard's testimony was material to securing indictment.

April 18, 2025: Howard Completes Memoir

Finishes "Cassie: Victim or Coconspirator - The Story of Dave." Content details Ventura's active, willing participation and coconspirator role.

EMAIL TO KRAMER (April 18, 2025):

"Finished the book and I will be releasing soon as I see no point in delay. US attorney should have no issues as Cassie did this to Sean Combs and got paid but she's still victim # 1."

"As someone who has been a victim of coercive control and of malicious prosecution. I am no longer on the side of Cassie. She's a liar just as much as a man who experienced what can happen when prosecutors ignore you in favor of a woman who appears credible."

"The truth about Cassie should not be hidden, I should not be penalized or threatened for telling it... Clearly Im credible, I was used to obtain indictment and have given multiple candid interviews where I have tried to tell them the truth they choose to ignore."

"I cannot be part of that lie. I will not be part of that lie."

ANALYSIS: Howard recognized prosecutors were protecting Ventura, identified bias, had been trying to tell prosecutors truth, prosecutors "choose to ignore" information unfavorable to Ventura.

April 2025: Alleged "Mental Health" Report

Government's claim (Dkt. 602 at 1): "In April 2025, Howard's counsel informed the Government that testifying in the Government's case at trial would be harmful to Howard's mental health and wellbeing."

Howard's sworn denial: "I never told Ross Kramer or any attorney that testifying would harm my mental health. I actively wanted to testify. I repeatedly stated my willingness and desire to confront both Combs and Ventura and tell the truth about what happened."

CRITICAL QUESTION: If Howard was telling Kramer in April he was too traumatized to testify, why was Howard simultaneously telling Kramer he wanted to publish a book and testify publicly?

ANSWER: The timeline doesn't make sense unless Kramer fabricated or misrepresented Howard's mental state to give prosecutors excuse to exclude him.

May 1, 2025: Howard Fires Kramer

EMAIL TO KRAMER (May 1, 2025):

"You and Tyrone are telling me not to tell them about the book so I wont and Ill hold it. Everything else I have been completely forthcoming and you know this."

"What have I not said? How haven't I tried to give them information? I got the plane tickets. I remembered the hotels using google maps and retracing my path to the stores. **I have gone above and beyond to assist them and what have they done for me? Shit Ross, and I've been framed, stalked and harassed for 3 years** as this so called lying woman."

"Everything in that book I have tried to tell them and They choose not to indulge or cut me short. You sat there as I told them about the menstrual situation (Sexual Assault of Howard). Maurine didn't care. I told them about long island, they moved on. That is not my fault, I had a claim and they ignored me and you know this."

"It unfortunate we fall out over my truth but that's ok with me if need be."

WHAT THIS EMAIL PROVES:

1. Kramer and Tyrone Blackburn pressured Howard NOT to disclose book
2. Howard provided extensive cooperation ("gone above and beyond")
3. Prosecutors deliberately cut Howard short when he tried to tell them about Ventura's conduct
4. Prosecutors ignored Howard's own victimization claims (Which they now admit too!)
5. Howard recognized he was being silenced to protect Ventura

6. Howard chose truth over government pressure

May 2, 2025: Meeting with New Counsel

Howard meets with AUSA Comey WITH NEW COUNSEL and explicitly states willingness to testify truthfully about both Combs and Ventura.

AUSA Comey promises to call Howard on May 8 for witness preparation.

May 8-July 2025: Trial Exclusion

    i. May 8: Howard never called for witness prep

    ii. May 12: Trial begins; Howard never called

    iii. Government presents Ventura as pure victim

    iv. Combs prevented from presenting evidence of Ventura's coconspirator role through Howard's testimony

    v. Jury hears incomplete, misleading narrative

### III. ROSS KRAMER: EVIDENCE OF CONFLICT

Email #1: February 18, 2025 - Protecting Ventura

Paragraph 1 - Framing Howard as Victim:

"One thing I wanted to clear up is that the government does see you as a victim. The term they use for a victim who may also testify is 'victim-witness,' which is how they categorize you."

Paragraph 2 - Immediately Pivots to Protecting Ventura:

"Regarding Cassandra, in many cases a victim can also be someone who engaged in criminal behavior. That is likely how they view Cassandra. She was victimized by the defendant, but she also took steps that endangered others, including you."

ANALYSIS: Kramer acknowledges Ventura "engaged in criminal behavior" and "took steps that endangered others, including you" BUT insists "She was victimized."

THE DOUBLE STANDARD: If Ventura can "engage in criminal behavior" AND "endanger others" while still being victim, why can't Howard—who engaged in far less culpable conduct—also be victim?

Email #2: October 8, 2024 - Discouraging Civil Action

Key excerpt:

"I think that there's a bigger issue about filing a civil suit now than just having your name out there... It will make your testimony much more difficult at a criminal trial if you have already

filed a civil case seeking money, because a defense lawyer will be able to cross-examine you about that lawsuit... to impeach your testimony."

"If the statute of limitations on your civil claim isn't coming up anytime soon, my recommendation would be to hold off."

ANALYSIS: This advice benefits prosecution, not Howard. The credibility concern is pretextual—Government presented multiple witnesses with active civil suits (Ventura settled civil suit, Dawn Richard had pending suit, Bryana Bongolan had pending suit).

Real purpose: Delay Howard from asserting victim rights that would expose Ventura's equal culpability and undermine prosecution's narrative.

Evidence of Actual Loyalty

FROM EMAILS AND TIMELINE:

  i. Told Howard not to tell prosecutors about book (May 1 email)
  ii. Discouraged civil suit to protect prosecution narrative (October 8 email)
  iii. Framed Ventura as victim despite acknowledging criminal conduct (February 18 email)
  iv. Allegedly fabricated "mental health" excuse without Howard's consent (April 2025)
  v. Never advocated for Howard's CVRA victim status

CONCLUSION: Kramer's loyalty was to prosecution's case strategy, not Howard's interests. Actual conflict of interest violating Howard's rights. Wood v. Georgia, 450 U.S. 261, 271 (1981); Holloway v. Arkansas, 435 U.S. 475, 490 (1978).

## IV. BRADY VIOLATIONS

*Brady v. Maryland*, 373 U.S. 83 (1963) requires prosecution to disclose evidence favorable to accused.

EXCULPATORY EVIDENCE WITHHELD:

1. Ventura's recruiting role through Backpage.com
2. Ventura's "my job" statements about recruiting
3. Ventura's enthusiastic participation messages
4. Ventura's payment control demonstrating managerial authority
5. Ventura's almost weekly participation for years

MATERIALITY: This evidence was material to Combs's defense. Jury heard Ventura portrayed as purely victimized. Combs prevented from presenting Howard's testimony showing Ventura's active, willing, extensive participation and control.

0014

PREJUDICE: Had jury heard Howard's complete testimony about Ventura's role, they may have questioned her credibility, rejected coercion narrative, reached different verdict.

## V. GIGLIO VIOLATIONS

*Giglio v. United States*, 405 U.S. 150 (1972) requires prosecution to correct witness testimony creating false impression.

VENTURA'S MISLEADING TESTIMONY:

At trial, Ventura testified as if she were passive, coerced victim. She did NOT testify about:

   i. Actively recruiting Howard through Backpage.com
   ii. Sending years of enthusiastic romantic messages
   iii. Combs "forcing" freak offs on her birthday, failing to mention Howard shared the same birthday (both born August 26), or how for years she contacted Howard for freak offs
   iv. Claiming Combs forced her to have freak off after overdose with male escort, but failing to mention Howard was the male escort and Combs did not do this!
   v. Calling recruiting "my job"
   vi. Participating almost weekly for 10+ years
   vii. Controlling payment amounts and conditions
   viii. Identifying multiple escorts by name

While technically truthful, testimony created FALSE IMPRESSION she was purely victimized with no agency or control. Prosecution knew this impression was false—Howard had told them repeatedly about Ventura's active role.

PROSECUTION'S DUTY: Should have either (1) presented Howard's testimony to correct false impression, or (2) elicited complete testimony from Ventura about her active role. Government did neither.

## VI. THE SENTENCING ENHANCEMENT TRAP

AT SENTENCING (Dkt. 516):

Government argues Howard's participation demonstrates "additional victims" justifying sentencing enhancement under §2G1.1(b)(4). Used Howard to add 32-48 months to Combs's sentence.

FOR CVRA PURPOSES (Dkt. 602):

Government argues Howard is NOT victim entitled to CVRA protections.

0014

CONSTITUTIONAL VIOLATION: Government cannot use Howard as "victim" to enhance sentence while simultaneously denying him victim status and protections. Violates:

i. Due process (arbitrary, contradictory positions)

ii. Equal protection (disparate treatment without rational basis)

iii. CVRA (statutory rights for crime victims)

iv. Fundamental fairness (using victim status as sword but not shield)

## VII. CONCLUSION

Government's manipulation of Howard's testimony represents systematic prosecutorial misconduct designed to protect false narrative. The evidence is overwhelming:

i. Government selected and controlled Howard's counsel

ii. Kramer pressured Howard not to disclose truth about Ventura

iii. Government fabricated "mental health" excuse to exclude Howard

iv. Government withheld exculpatory evidence from Combs (Brady violation)

v. Government allowed misleading testimony from Ventura (Giglio violation)

vi. Government treated similarly situated individuals disparately without justification

vii. Government used Howard as "victim" for sentencing while denying victim protections

This misconduct violated Howard's rights, violated Combs's rights, and undermined proceedings' integrity.

The truth cannot remain suppressed. Howard was a victim. Ventura was a coconspirator. The Government knew it. And the Government tried to hide it.